**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-JAM |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | |
| *Defendants*. | |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S**
**MOTION TO COMPEL DEFENDANTS' DEPOSITIONS AND FOR SANCTIONS**

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Table of Contents ................................................................................................................ ii

Table of Authorities ........................................................................................................... iv

Exhibit List ....................................................................................................................... viii

I.      Introduction ............................................................................................................ 1

II.     Relevant Facts and Procedural History ................................................................. 2

III.    Legal Standard ....................................................................................................... 6

IV.     Argument ............................................................................................................... 8

    A.  Defendants' Depositions Were Properly Noticed. ............................................. 9

    B.  Defendants' Failure to Appear at Their Depositions Is Sanctionable. ........... 12

        i.   Defendants' reasons for not filing a motion for a protective order do not
             substantially justify their non-appearance. ............................................. 13

    C.  As Sanctions this Court Should Order that Defendants Have Waived Their
        Objections to CLF's 30(b)(6) Deposition Topics and Order Defendants to Pay
        CLF's Reasonable Expenses. ......................................................................... 19

        i.   Defendants must pay CLF's reasonable expenses, including attorneys' fees. ........... 19

        ii.  Requiring Defendants to appear for depositions pursuant to CLF's Notices is a
             just and proper sanction. ......................................................................... 22

            a.   This Court has the authority to order the sanction requested. ......................... 23

            b.   Compelling Defendants' appearances is an appropriate sanction
                 because it "relates" to Defendants' Rule violation. ................................ 24

        iii. The requested sanctions are proportional to Defendants' misconduct. ..................... 27

            a.   Defendants' conduct was willful, which justifies imposition of more
                 severe sanctions than CLF seeks here. ................................................ 27

            b.   CLF is not seeking the maximum available sanction, and the sanctions
                 requested ensure Defendants will not profit from their misconduct. ............ 29

            c.   Defendants had sufficient time to seek a protective order but have
                 failed to do so. ...................................................................................... 31

            d.   Defendants knew of the consequences of their noncompliance. ................... 32

e.      CLF need not prove prejudice to justify the requested sanctions, but Defendants' noncompliance has caused CLF prejudice. ............................... 33

V.    Conclusion ......................................................................................................... 36

## TABLE OF AUTHORITIES

*Cases*

*Ali v. Dainese USA, Inc.*, 577 F. Supp. 3d 205 (S.D.N.Y. 2021) ..................................... 29, 32, 33

*Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. 23 (D.D.C. 2015) ..................................................... 18

*Argo Marine Sys., Inc. v. Camar Corp.*, 102 F.R.D. 280 (S.D.N.Y. 1984), *aff'd,*
   755 F.2d 1006 (2d Cir. 1985) ................................................................................................. 27

*Armstrong v. Martocchio*, No. 3:18 CV 580 (RMS), 2020 WL 1140859 (D. Conn.
   Mar. 9, 2020) .......................................................................................................................... 23

*Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396 (E.D.N.C. 2014), *aff'd sub
   nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 F. App'x 118 (4th Cir. 2019) ..................... 25

*Blauinsel Stiftung v. Sumitomo Corp.*, No. 99 CIV 1108 (BSJ), 2001 WL 1602118
   (S.D.N.Y. Dec. 14, 2001) ................................................................................................. 15, 29

*Burks v. Stickney*, 837 F. App'x 829 (2d Cir. 2020) ................................................................ 20

*Cerami v. Robinson*, 85 F.R.D. 371 (S.D.N.Y. 1980) ............................................................. 9, 10

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ....................................................................... 23

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d
   1062 (2d Cir. 1979) ........................................................................................................... 22, 34

*Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766 (9th
   Cir. 1995) .......................................................................................................................... 28, 30

*Conquistador v. Hurdle*, No. 3:20-CV-01658 (KAD), 2021 WL 2376361 (D.
   Conn. June 10, 2021) ....................................................................................... 13, 16, 28, 30

*Conservation Law Found., Inc. v. Shell Oil Co.*, No. 3:21CV00933(SALM), 2022
   WL 4292183 (D. Conn. Sept. 16, 2022) .................................................................................. 2

*Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94
   (E.D.N.Y. 2002) ................................................................................................................. 20, 21

*Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357
   (2d Cir. 1991) ............................................................................................................... 7, 24, 32

*DL v. Dist. of Columbia*, 274 F.R.D. 320 (D.D.C. 2011) ..................................................... 28, 35

*Dragon Yu Bag Mfg. Co. v. Brand Sci., LLC*, 282 F.R.D. 343 (S.D.N.Y. 2012) ................. passim

*Dwarven Forge, LLC v. Whitaker*, No. 3:17-CV-2053 (VAB), 2020 WL 3489407
   (D. Conn. June 26, 2020) ................................................................................................... 24, 31

*E.E.O.C. v. Thurston Motor Lines*, 124 F.R.D. 110 (M.D.N.C. 1989) ..................................... 26

*Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458 (S.D.N.Y.
   2008) ......................................................................................................................................... 8

*Equilon Enterprises LLC v. Shahbazi*, No. C 05-05102 JF (RS), 2007 WL
   2141357 (N.D. Cal. July 25, 2007) ........................................................................................ 33

*F.A.A. v. Landy*, 705 F.2d 624 (2d Cir. 1983) ............................................................. 18

*Finander v. Los Angeles Unified Sch. Dist.*, No. CV 05-6847 PA (EX), 2007 WL
9734456 (C.D. Cal. Mar. 19, 2007) ...................................................................... 18, 36

*Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 CIV. 3701
JPO JCF, 2013 WL 6439069 (S.D.N.Y. Dec. 9, 2013) ........................................... 11

*Fu v. Consol. Edison Co. of New York, Inc.*, No. 16CIV4017, 2018 WL 4373995
(S.D.N.Y. Sept. 13, 2018) ........................................................................................ 11

*Gabriel v. Albany Coll. of Pharmacy & Health Scis. - Vermont Campus*, No. 2:12-
CV-14, 2014 WL 3378629 (D. Vt. July 10, 2014) .................................................. 10

*Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205 (E.D.N.Y. 2012) .................................... 20, 31

*Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361 (VAB), 2017 WL 690179
(D. Conn. Feb. 21, 2017), *aff'd sub nom. Hannah v. Walmart Stores, Inc.*, 803
F. App'x 417 (2d Cir. 2020) ..................................................................................... 10

*Hawley v. Mphasis Corp.*, 302 F.R.D. 37 (S.D.N.Y. 2014) ........................................ 27, 30

*Hitzig v. Hubbard*, No. 1:08-CV-102, 2011 WL 5417117 (D. Vt. Nov. 9, 2011)...................... 19

*In re Fosamax Prod. Liab. Litig.*, No. 06 MD 1789 JFK, 2013 WL 1176061
(S.D.N.Y. Mar. 21, 2013) ........................................................................................ 28

*In re Gorsoan Ltd.*, No. 17-CV-5912 (RJS), 2020 WL 3172777 (S.D.N.Y. June
15, 2020) .................................................................................................................. 29

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) ................... 24

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145 (S.D.N.Y.
2014) .................................................................................................................. passim

*Keep on Kicking Music, Ltd. v. Hibbert*, 268 F. Supp. 3d 585 (S.D.N.Y. 2017) ........................ 29

*Keepers, Inc. v. City of Milford*, 807 F.3d 24 (2d Cir. 2015)......................................... 20

*L. Funder, L.L.C. v. Munoz*, 924 F.3d 753 (5th Cir. 2019), *as revised* (June 6,
2019) ........................................................................................................................ 33

*Lee v. Max Int'l, LLC*, 638 F.3d 1318 (10th Cir. 2011)................................................. 35

*Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267 (2d Cir. 2021)................................. 23

*Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*,
No. 18CIV4476LJLSLC, 2021 WL 1750866 (S.D.N.Y. Mar. 31, 2021), *report
and recommendation adopted,* No. 18-CV-4476 (LJL), 2021 WL 2827347
(S.D.N.Y. July 7, 2021) ........................................................................................... 31

*Luck v. McMahon*, No. 3:20-CV-00516 (VAB), 2021 WL 4248887 (D. Conn.
Sept. 17, 2021) ........................................................................................................ 13

*Lykins v. CertainTeed Corp.*, 555 F. App'x 791 (10th Cir. 2014)................................. 12

*Mackler Prods., Inc. v. Cohen*, 225 F.3d 136 (2d Cir. 2000) ....................................... 22

*Mahar v. U.S. Xpress Enterprises, Inc.*, 688 F. Supp. 2d 95 (N.D.N.Y. 2010)............................ 25

*Martin* v. *City of New York*, No. 09 Civ. 2280 (PKC) (JLC), 2010 WL 1948597
(S.D.N.Y. May 11, 2010) ................................................................................. 32

*Martino v. Nationstar Mortg. LLC*, No. 17-CV-1326 (KAD), 2019 WL 2223487
(D. Conn. May 23, 2019) ................................................................................. 19

*Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212
F.R.D. 178 (S.D.N.Y. 2003) ............................................................................ 29

*Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316
F.R.D. 327 (D. Nev. 2016) .......................................................................... 1, 20

*New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242
F.R.D. 164 (D. Mass. 2007) ....................................................................... 11, 34

*Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371 (2d Cir. 1981) ........................ 12

*ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679 (D. Nev. 2022) ................ 15, 25, 32

*Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253 (2d Cir. 1999) ............................................ 7

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002) ........................ 7

*RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194, 2021 WL 4974049
(C.D. Cal. Aug. 19, 2021) ............................................................................... 19

*Rodriguez v. Clark*, No. 3:16-CV-390 (CSH), 2017 WL 2369367 (D. Conn. May
31, 2017) ................................................................................. 20, 21, 22, 29

*S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) .......................... passim

*Sec. & Exch. Comm'n v. Rsch. Automation Corp.*, 521 F.2d 585 (2d Cir. 1975) ......................... 28

*Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888 (8th Cir. 2009) ...................... 33

*Societe Civile Succession Guino v. Renoir*, 305 F. App'x 334, 338 (9th Cir. 2008),
*as amended on denial of reh'g* (Apr. 1, 2009) ................................................................. 26

*Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), 2019 WL
5485266 (D. Conn. Oct. 25, 2019) .................................................................. 26

*Stanziale v. First Nat. City Bank*, 74 F.R.D. 557 (S.D.N.Y. 1977) .......................................... 27

*Tolliver v. Abuelo's Int'l, LP*, No. 2:20-CV-3790, 2021 WL 9667735 (S.D. Ohio
Dec. 17, 2021) ................................................................................................. 32

*Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1 (D. Conn. 2013) ...................................... 30, 33

*United States v. Portland Cement Co. of Utah*, 338 F.2d 798 (10th Cir. 1964) .......................... 25

**Statutes**

28 U.S.C. § 1927 ...................................................................................................................... 8

**Rules**

D. Conn. L.R. Civ. P. 37(a) ............................................................................................... 6, 21

D. Conn. L.R. Civ. P. 37(c) ................................................................................... 19

D. Conn. L.R. Civ. P. 7(a)(6) ................................................................................. 18

Fed. R. Civ. P. 26(b)(2)(C) ................................................................................... 14

Fed. R. Civ. P. 26(c)(1)(D) ................................................................................... 14

Fed. R. Civ. P. 28(a)(1)(A) ................................................................................... 10

Fed. R. Civ. P. 30(b)(4) ........................................................................................ 10

Fed. R. Civ. P. 30(b)(5) ........................................................................................ 10

Fed. R. Civ. P. 30(b)(6) .................................................................................. passim

Fed. R. Civ. P. 30(c)(2) ........................................................................................ 14

Fed. R. Civ. P. 30(d)(2) ........................................................................................... 8

Fed. R. Civ. P. 32(d)(1) ........................................................................................... 9

Fed. R. Civ. P. 37(a)(3)(B)(ii) ................................................................. 8, 20, 24

Fed. R. Civ. P. 37(b)(2)(A) ............................................................................... 6, 7

Fed. R. Civ. P. 37(d)(1)(A)(i) ....................................................................... passim

Fed. R. Civ. P. 37(d)(1)(B) ..................................................................................... 6

Fed. R. Civ. P. 37(d)(2) ................................................................................. passim

Fed. R. Civ. P. 37(d)(3) .................................................................... 6, 7, 13, 19

***Treatises***

1 Steven S. Gensler & Lumen N. Mulligan, *Federal Rules of Civil Procedure,*
    *Rules and Commentary* (Feb. 2023 Update) .......................................................... 12

**EXHIBIT LIST**

Exhibit A.      Affidavit of Attorney Ken Rumelt

Exhibit B.      February 3, 2023 Email from CLF to Defendants

Exhibit C.      March 1, 2023 Email from CLF to Defendants and Attached Letter

Exhibit D.      March 6, 2023 Email from CLF to Defendants

Exhibit E.      Plaintiff's Notice of 30(b)(6) Deposition of Defendant Shell USA, Inc.

Exhibit F.      Plaintiff's Notice of 30(b)(6) Deposition of Defendant Triton Terminaling LLC

Exhibit G.      Plaintiff's Notice of 30(b)(6) Deposition of Defendant Equilon Enterprises LLC

Exhibit H.      March 14, 2023 Email from CLF to Defendants

Exhibit I.      March 15, 2023 Email from Defendants to CLF and Attached Letter

Exhibit J.      March 20, 2023 Email from CLF to Defendants and Attached Letter

Exhibit K.      March 22–31, 2023 Emails between the Parties Regarding Defendants' Depositions

Exhibit L.      March 28, 2023 Letter from Defendants to CLF

Exhibit M.      March 27, 2023 Email from Defendants to CLF

## I.      INTRODUCTION

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") files this motion to compel deposition testimony and for reasonable expenses as sanctions under Rule 37 of the Federal Rules of Civil Procedure against Defendants Shell Oil Company ("Shell USA"), Equilon Enterprises LLC d/b/a Shell Oil Products US ("Equilon"), and Triton Terminaling LLC ("Triton"), collectively referred to in this Motion as "Defendants."[1] After substantially revising the topics for Defendants' Rule 30(b)(6) depositions in response to Defendants' objections, CLF re-noticed the depositions for Defendants with revised topics and scheduled the depositions for the week of March 27, 2023. Despite Defendants having three weeks' notice of these depositions and despite Defendants' representations to CLF that they would move for a protective order, Defendants repeatedly ignored CLF's written requests for confirmation of their intentions, did not file a motion for a protective order, and simply failed to attend their noticed depositions because they objected to some of the topics. Nor did Defendants request that CLF reschedule or defer the depositions prior to missing the first of the three scheduled depositions. But "a party is not empowered to grant itself, *de facto*, the relief it seeks from the Court by delaying in filing a motion to such an extent that it cannot be resolved prior to the scheduled event." *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336 (D. Nev. 2016). As further detailed below, Defendants' conduct is unambiguously sanctionable under Rule 37(d)(1)(A)(i). CLF requests this Court award CLF reasonable expenses and order Defendants to appear for Rule 30(b)(6) depositions as noticed, without modification to the noticed topics beyond what CLF agreed to on March 20, 2023.

---

[1] Shell Petroleum, Inc. ("SPI") and Motiva Enterprises LLC ("Motiva") are also defendants to this action, but they are not the subject of this Motion. *See* CLF Mtn. for Add'l Deps., ECF 181 at 21–22 (noting that CLF did not notice depositions for SPI or Motiva as part of its initial ten depositions).

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

CLF filed this action to halt Defendants' violations of the Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA") at Defendants' bulk petroleum storage terminal at 481 East Shore Parkway, New Haven, Connecticut (the "Terminal"). CLF has eleven CWA claims and one RCRA claim against Defendants. *See Conservation Law Found., Inc. v. Shell Oil Co.*, No. 3:21CV00933(SALM), 2022 WL 4292183, at *21 (D. Conn. Sept. 16, 2022).

The Parties have largely completed written fact discovery in this case, pending resolution of CLF's Renewed Motion to Compel document production from all Defendants. *See* ECF 149. CLF has taken seven depositions and cannot complete its three remaining depositions because of the issues raised in this Motion. *See* Affidavit of Attorney Ken Rumelt ¶¶ 3–4, attached as Exhibit A. Nor can CLF take any further depositions in this case because Defendants do not consent to CLF taking additional depositions, *see, e.g.*, Defs.' Opp. to CLF Mtn. for Add'l Deps., ECF 193, and this Court indicated it would hold CLF's Motion for Additional Depositions in abeyance pending resolution of CLF's Renewed Motion to Compel, *see* Hrg. Tr., ECF 201 at 74:4–13.

CLF served Defendants Shell USA, Equilon, and Triton with notices and 30(b)(6) topics on January 25, 2023.[2] *See* Jan. 25 Email, ECF 181-4 at 1 (serving deposition notices and topics); *id.* at 2–5 (topic list). Defendants did not respond to CLF's request for deposition dates, and CLF followed up on January 30 to ask again for Defendants' availability. *See* 30b6 Emails, ECF 169-1 at 2. In response, Defendants asked to meet and confer on the topics, which the Parties did on February 3, 2023. *Id.* at 1–2; Feb. 3 Email at 1, attached as Exhibit B. In that meeting, the Parties

---

[2] On January 10, 2023, CLF informed Defendants it intended to issue a single Rule 30(b)(6) notice to Defendants because they are represented by the same counsel and have responded to all written discovery requests as a single unit, with one person verifying all responses on behalf of all Defendants. *See* Depo. Emails, ECF 181-2 at 3; *e.g.*, Interrogatory Resp., ECF 149-5 at 25. Defendants responded that CLF was required to take an individual Rule 30(b)(6) deposition of each Defendant. Depo. Emails, ECF 181-2 at 2.

discussed Defendants' objections to several of the listed topics. Rumelt Aff. Ex. A ¶ 5. Following the meeting, CLF noticed dates for the Defendants' depositions prior to the close of fact discovery, "acknowledg[ing that] . . . Defendants intend to file a Motion for Protective Order, and that . . . CLF is willing to accommodate a reasonable extension but would need to have related deadlines extended." Feb. 3 Email, Ex. B at 1.

By order dated February 6, 2023, this Court held the close of fact discovery deadline in abeyance pending resolution of CLF's Renewed Motion to Compel. *See* ECF 176. The Parties then agreed to postpone all Parties' depositions to allow more time to meet and confer, as required under Fed. R. Civ. P. 30(b)(6). *See* Emails, ECF 181-15. On February 13, 2023, Defendants sent their first written objections to CLF's 30(b)(6) topics summarizing many of the objections discussed during the Parties' February 3rd conference. *See* Feb. 13 Ltr., ECF 181-16. Defendants raised objections based on relevance, overbreadth and vagueness, and burden, but did not interpose any objections based on privilege or work product. *Id.* In this letter, Defendants indicated that wanted to "stipulate to reserving [certain] topics for further discussion until after the court's decision on CLF's Renewed Motion to Compel." *Id.* at 1. CLF responded to Defendants' objections on March 1, 2023, declining Defendants' proposal and asserting its position that "the proper way to address [Defendants'] objections is for Defendants to seek a protective order or raise whatever objections they deem appropriate during the depositions." Mar. 1 Letter at 2, attached as Exhibit C. CLF also revised or withdrew several topics and asked Defendants to provide dates for their 30(b)(6) depositions. *Id.* at 3–12.

After receiving no response to its March 1st letter, CLF sent Defendants revised deposition notices five days later reflecting the several compromises between the Parties. *See* Mar. 6 Email, attached as Exhibit D. CLF noticed Defendant Shell USA's deposition for March 27, Defendant

Triton's deposition for March 29, and Defendant Equilon's deposition for March 31. *See* Shell USA Notice at 1, attached as Exhibit E; Triton Notice at 1, attached as Exhibit F; Equilon Notice at 1, attached as Exhibit G. In serving the revised notices with dates for Defendants' depositions, CLF offered to reschedule the depositions for another time that was more convenient for Defendants. Mar. 6 Email, Ex. D at 1. Defendants did not respond, and (eight days later) on March 14th CLF followed up to ask for the designees, locations, and preferred start times for the depositions. *See* Mar. 14 Email at 1, attached as Exhibit H (offering once more to accommodate Defendants' reasonable scheduling needs). Defendants did not respond with the names of designees, their locations, or a request to reschedule the deposition dates. Instead, Defendants stated that they "intend to move for a protective order to resolve the parties' dispute over the deposition topics." *See* Mar. 15 Email at 1, attached as Exhibit I; *id.* at 3 ("Defendants believe that the Court's decision on the topics subject to CLF's Renewed Motion to Compel will be dispositive of the propriety of the implicated topics for a 30(b)(6) deposition and plan to move for a protective order that includes those topics on similar relevance and proportionality grounds."). Defendants also asked CLF to respond "within 7 calendar days of receipt of this letter," *id.* at 3, though Defendants had repeatedly ignored CLF's correspondence and had not engaged on the issues since February 13th.

CLF complied with Defendants' request and timely responded (within five calendar days) on Monday, March 20, further revising the topics in response to Defendants' objections in an attempt to narrow the issues for presentation to the Court and confirming where the Parties were at an impasse. *See* Mar. 20 Email at 4, attached as Exhibit J. At that point, CLF believed that the Parties had finished conferring and that Defendants' motion for protective order was imminent because Defendant Shell USA's deposition was scheduled for one week later. *See* Rumelt Aff.,

4

Ex. A ¶ 7. When CLF did not hear back from Defendants by March 22nd (less than one week before the Shell USA deposition), CLF's counsel raised the issue in an unrelated conference with Defendants. *See* Mar. 23 Email, ECF 199-6 at 1. During the conference, Defendants indicated that they "intend to file for a protective order and will not produce witnesses next week." ECF 199-6 at 1. Defendants' counsel also indicated that CLF should confer with Attorney Prather, whom CLF emailed the same day seeking confirmation. *See* Deposition Emails at 6, attached as Exhibit K. As detailed below, Defendants did not respond in writing until after the scheduled deposition of Defendant Shell USA.

This Court held a hearing on two of CLF's discovery motions on Friday, March 24, 2023, in Hartford, Connecticut. *See* Minute Entry, ECF 198. At the hearing, CLF provided an update to the Court on the Parties' deposition progress, stating "our understanding is defendants intend to file a motion for protective order." Hrg. Tr., ECF 201 at 26:3–6; *see also id.* at 72:11–15. After the hearing concluded, CLF's counsel conferred with Defendants' counsel, attempting to confirm that Defendants would move for a protective order and would not produce witnesses at the depositions the following week. Rumelt Aff., Ex. A ¶ 6 (requesting Defendants send CLF written confirmation). CLF did not agree to withdraw the notices, understanding that doing so would be unnecessary once Defendants filed their promised motion for protective order. *Id.* ¶¶ 6–8.

Defendants did not file a motion for a protective order prior to any of the scheduled depositions. Rumelt Aff., Ex. A ¶¶ 9–11. On March 28, 2023, one day after Shell USA's deposition and one day before Triton's deposition, Defendants' counsel responded to CLF's March 22nd email and asked, for the first time, that CLF withdraw the deposition notices. *See* Dep. Emails, Ex. K at 5; *id.* at 2 (summarizing). This was also the first time in any of the correspondence or conversations that Defendants stated their intention "to move for a protective order . . . ***after*** . . .

5

issuance" of the Court's ruling on CLF's Renewed Motion to Compel. *See* Mar. 28 Letter at 2, attached as Exhibit L (emphasis added). CLF responded noting that Defendant Shell USA violated the Federal Rules of Civil Procedure by failing to appear at its deposition or else move for a protective order, and that CLF viewed Defendants' new position and request to withdraw the notices as untimely. *See* Dep. Emails, Ex. K at 4–5; *see also id.* at 2 (subsequent response sent on March 30, 2023).

CLF conferred with Defendants on April 3, 2023, and informed Defendants of CLF's position as to the appropriate sanctions. *See* Rumelt Aff., Ex. A ¶ 15; D. Conn. L.R. Civ. P. 37(a); Fed. R. Civ. P. 37(d)(1)(B). At that time, Defendants altered their position as to the timing of their filing of a motion for a protective order, and stated they would no longer wait to file a motion or, as they had previously represented, "simply raise their issues to the court in response to CLF's motion," *see* Dep. Emails, Ex. K at 3; Rumelt Aff., Ex. A ¶ 16.

## III.   LEGAL STANDARD

A party may move for an award of sanctions if "a party . . . or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37 specifically authorizes the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed; . . . [or]

> (vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A); *see* Fed. R. Civ. P. 37(d)(3) (noting a party who fails to appear for a deposition may be sanctioned per Rule 37(b)(2)(A)(i)–(vi)). In addition to these enumerated

sanctions, the district court has broad discretion in fashioning other sanctions for discovery violations. *See, e.g.*, *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002); *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999).

The only limitations on a district court's "wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)" are "that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed." *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365–66 (2d Cir. 1991) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982)). In considering whether a court abused its discretion to impose a just sanction, appellate courts consider "several factors," "including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (brackets, citation, and internal quotation marks omitted).

Instead of or in addition to the enumerated sanctions in Rule 37(b)(2)(A), the court "must require" the party who failed to appear for the deposition, "the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The party resisting the award of reasonable expenses carries the burden to prove that such an award would be unjust. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)). Failure to appear for a deposition "is not excused on the ground that the discovery sought

was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

In addition to the express authority to sanction a party who fails to appear for its deposition under Rule 37(d), several other Rules and statutes authorize the Court to impose sanctions for discovery misconduct. *See* Fed. R. Civ. P. 37(a)(3)(B)(ii) (allowing court to compel a deposition if "a corporation or other entity fails to make a designation under Rule 30(b)(6)"); Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent."); 28 U.S.C. § 1927 (authorizing court to sanction any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously"). Additionally, "[a] district court may sanction an attorney or a party pursuant to its inherent power to manage is own affairs[,] . . . 'for conduct which abuses the judicial process.'" *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 472 (S.D.N.Y. 2008) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991)).

## IV.   ARGUMENT

CLF gave Defendants two months' notice of the topics of their depositions and three weeks' notice of the deposition dates when it reissued revised Notices with topics as negotiated by the Parties. *See* Jan. 25 Email, ECF 181-4; Mar. 6 Email, Ex. D; Notices, Exs. E–G. Defendants chose not to attend their depositions because they objected to some of the Noticed topics. Instead of filing a motion for a protective order, as is required by the Rules and as Defendants told CLF they would do, Defendants simply did not appear for their depositions. Because of this willful violation of their obligations under the Federal Rules of Civil Procedure, Defendants are subject to the mandatory sanction of paying CLF's reasonable expenses, as well as whatever discretionary sanctions this Court deems appropriate. CLF urges the Court to order, as a sanction, Defendants

Shell USA, Equilon, and Triton to appear for their Rule 30(b)(6) depositions as noticed, holding that all objections to the revised noticed topics have been waived by Defendants' noncompliance with Rule 30(b)(6) and failure to timely move for a protective order.

### A. Defendants' Depositions Were Properly Noticed.

Rule 37 states that sanctions are permissible where a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). A deposition notice must be served within a "reasonable time" and "state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). A Rule 30(b)(6) notice must include the topics to be covered with "reasonable particularity." Fed. R. Civ. P. 30(b)(6).

As an initial matter, no Defendant has ever objected that CLF's deposition notices were improper. Nor did Defendants file a motion for protective order alleging insufficiency of the deposition notices. Thus, Defendants have waived any argument that CLF has failed to satisfy Rule 37(d)'s prerequisite regarding proper notice. *See* Fed. R. Civ. P. 32(d)(1) ("An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice."); *e.g.*, *Cerami v. Robinson*, 85 F.R.D. 371, 372 (S.D.N.Y. 1980) ("[D]efendant waived any irregularity in the notice by failing to object in timely fashion.") (citing *Peitzman v. City of Illmo*, 141 F.2d 956, 961 (8th Cir. 1944)). Nonetheless, CLF's notices to Defendants complied with the Rules.

After not receiving any preferred dates from Defendants, CLF noticed the Defendants' depositions to be taken remotely via eLitigate software, three weeks from the date of serving the Notices. *See* Mar. 6 Email, Ex. D at 1; *e.g.*, Shell USA Notice, Ex. E at 1. This length of time is presumptively reasonable notice for a deposition, and Defendants have not argued otherwise. *E.g.*, *Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361 (VAB), 2017 WL 690179, at *6 (D. Conn. Feb. 21, 2017) (citing cases stating four or eight days' notice was sufficient), *aff'd sub nom.*

9

*Hannah v. Walmart Stores, Inc.*, 803 F. App'x 417 (2d Cir. 2020); *Gabriel v. Albany Coll. of Pharmacy & Health Scis. - Vermont Campus*, No. 2:12-CV-14, 2014 WL 3378629, at *4 (D. Vt. July 10, 2014) (finding notice timely where deponent did not "argue that the date (or the time or location, for that matter) will inconvenience him in any way").

When Defendants did not respond to CLF's invitation to confer regarding the dates in the notices, CLF asked whether Defendants needed CLF "to re-notice the depositions to include a start time, which consistent with most of our depositions would be 10am eastern." Mar. 14 Email, Ex. H at 1. Defendants never responded to CLF's question, instead stating they intended to move for a protective order. *See* Mar. 15 Email, Ex. I at 1, 3. In light of Defendants' representations, CLF did not re-notice the depositions with start times. Though Rule 30(b)(1) requires a Notice to include the time of the deposition, Defendants refusal to respond to CLF's request and indication that they did not intend to appear for their depositions waived this requirement. *E.g.*, *Cerami*, 85 F.R.D. at 372 (overruling defendant's objection "that the original notice of deposition was improper because it left blank the date of the deposition" where "the notice was accompanied by a letter asking defendant to specify a date, and defendant ignored the letter").

CLF also requested, as has been its practice with all prior depositions, the names and locations of Defendants' designees. *See* Mar. 14 Email, Ex. H at 1. Defendants never provided the requested details to CLF, *see* Mar. 15 Email, Ex. I at 1, 3, so CLF could not update the deposition notices with the physical or virtual location (web address) for the depositions. Without designee location information, CLF could not book court reporters for the virtual depositions, because the Rules require that the officer administering the oath be licensed "in the place of examination," *see* Fed. R. Civ. P. 28(a)(1)(A), which is the "place where the deponent answers the questions," Fed. R. Civ. P. 30(b)(4). *See also* Fed. R. Civ. P. 30(b)(5) ("[A] deposition must be conducted before

an officer appointed or designated under Rule 28."). Thus CLF complied with the Rule 30(b)(1) notice requirement to include the "place" of the deposition in light of Defendants' refusal to provide designee information. *E.g.*, *Fu v. Consol. Edison Co. of New York, Inc.*, No. 16CIV4017, 2018 WL 4373995, at *5 (S.D.N.Y. Sept. 13, 2018) (holding that plaintiff was not excused in failing to appear for her deposition, even if "defendant's notice of deposition [was] deficient," because "it is well established that any defect in the notice of deposition does not excuse a witness' attendance unless a timely objection is made" (citing cases)).

Finally, CLF issued a notice to each corporate Defendant listing "with reasonable particularity the matters for examination." *See* Fed. R. Civ. P. 30(b)(6). Each Notice includes a list of 31 specific topics. *E.g.*, Shell USA Notice, Ex. E at 3–6. Though Defendants have objected to the specificity of some of the noticed topics, *see, e.g.*, Mar. 15 Ltr., Ex. I at 4 (objecting to topics 1 and 2 as "overbroad and vague"), that does not mean CLF failed to issue "proper notice" as the term is used in Rule 37(d)(1)(A)(i). As Rule 37(d)(2) makes clear, and as courts have repeatedly held, if Defendants believed the notice was so insufficiently specific as to fail to meet the requirements of Rule 30(b)(6), it was incumbent upon Defendants to either appear for the depositions and object or else file a motion for a protective order.[3] *See infra* Part IV.B.i; *e.g.*, *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) ("[A] party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order."); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 CIV. 3701 JPO JCF, 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) ("The weight of the authority holds that a party believing it has received a flawed 30(b)(6) notice may not merely

---

[3] CLF did so with respect to Defendants' notice. *See* CLF Mtn. for Protective Order, ECF 200 at 17, 44–45 (moving for protective order on grounds that notice was insufficiently specific).

rest upon its objections, but must move for a protective order.") (collecting cases).[4] Because Defendants did not file a motion for a protective order alleging insufficient specificity with the Notices, and because CLF conferred extensively with Defendants prior to the dates of the depositions, CLF has shown that it complied with the notice requirements of Rule 30(b)(6). *See* Rumelt Aff. Ex. A ¶ 2 (detailing the several topics on which the Parties conferred and reached agreement); Feb. 3 Email, Ex. B (summarizing Parties' conference); Mar. 1 Letter, Ex. C at 3–11 (revising and withdrawing topics in response to Defendants' objections); Mar. 20 Ltr., Ex. J at 6–7 (same).

### B. Defendants' Failure to Appear at Their Depositions Is Sanctionable.

"Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond, that is, to present himself for the taking of his deposition . . . and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation." *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 390 (2d Cir. 1981). "The party to be deposed cannot unilaterally cancel the deposition or refuse to appear. This is true even if the party to be deposed communicates specific objections to the noticing party and clearly states an intent not to appear." 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 30 (Feb. 2023 Update); *see also* Fed. R. Civ. P. 37(d)(2). Defendants did not appear for their depositions and therefore violated the plain text of the Rule. *E.g.*, *Dragon Yu Bag Mfg. Co. v. Brand Sci., LLC*, 282 F.R.D. 343, 344 (S.D.N.Y. 2012) (holding that where party

---

[4] The only case the *Fort Worth* court cites holding otherwise was reversed on appeal. *See Lykins v. CertainTeed Corp.*, 555 F. App'x 791, 797 (10th Cir. 2014) (reversing district court's decision not to impose sanctions against Defendants, who failed to provide a 30(b)(6) designee on some topics, "because Defendants' objections fell outside of the[] three exceptions [in Rule 30(c)(2)]" and therefore "Defendants were required to limit discovery by seeking a protective order under Rule 26(c), moving to limit the scope of the deposition under Rule 30(d), or moving to limit the extent of discovery under Rule 26(b)(1)(C)").

"knowingly failed to appear for noticed depositions," it was "clear that sanctions are warranted under Rule 37(d)").

Despite the lack of ambiguity in the Rules regarding their obligations, Defendants neither filed the motion for protective order (as they repeatedly stated they would), appeared for their depositions, or responded to CLF's multiple offers to reschedule the depositions to accommodate Defendants' reasonable scheduling needs. Nor have Defendants offered any other substantial justification for this misconduct. *See* Fed. R. Civ. P. 37(d)(3) (allowing a court to withhold awarding expenses as sanctions only upon a showing of substantial justification by the offending party). Therefore Defendants' actions are sanctionable.

### i. *Defendants' reasons for not filing a motion for a protective order do not substantially justify their non-appearance.*

"Rule 37 places the burden of proof on the disobedient party to show that his failure is justified or that special circumstances make an award of expenses unjust." *Luck v. McMahon*, No. 3:20-CV-00516 (VAB), 2021 WL 4248887, at *20 (D. Conn. Sept. 17, 2021) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 37(d)(3). "Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Conquistador v. Hurdle*, No. 3:20-CV-01658 (KAD), 2021 WL 2376361, at *3 (D. Conn. June 10, 2021) (quoting *John Wiley & Sons*, 298 F.R.D. at 148) (brackets omitted).

The question here is not whether Defendants' objections to CLF's deposition notices are "substantially justified," but instead whether Defendants' choices not to appear at their depositions, not to file a motion for a protective order prior to their depositions, and not to notify CLF about their intentions with respect to the timing of that motion were justified. None of these choices were substantially justified.

A party's failure to attend its deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Given that the rules clearly state the "straight-forward" path Defendants *should have* taken, their failure to seek a protective order prior to their depositions is not justified. *See* Fed. R. Civ. P. 37(d)(2) advisory committee's note to 1970 amendment ("A provision is added to make clear that a party may not properly remain completely silent even when he regards a notice to take his deposition . . . as improper and objectionable. If he desires not to appear or not to respond, he must apply for a protective order.").

Defendants have not suggested that the remedy afforded by the Rules would have been insufficient to protect their interests. *Cf.* Fed. R. Civ. P. 37(d) advisory committee's note to 1970 amendment (stating Rule 26(c) provides "a fair and effective procedure whereby [the deponent] can challenge the request made"). Defendants' objections to the topics—which cover relevance, overbreadth, vagueness, and burden, *e.g.*, Feb. 13 Ltr., ECF 181-16—may be resolved through a motion under Rule 26. *See* Fed. R. Civ. P. 26(c)(1)(D) (allowing party to move for an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters"); Fed. R. Civ. P. 26(b)(2)(C) (allowing a party to move to "limit the frequency or extent of discovery" on relevance and burden grounds). Indeed, Rule 30 *mandates* that a deponent wishing to avoid questions on the grounds raised by Defendants first seek a protective order. *See* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, *to enforce a limitation ordered by the court*, or to present a motion under Rule 30(d)(3)." (emphasis added)). CLF understood Defendants' repeated statements that they would seek a protective order to be in alignment with these Rules. *See* Rumelt Aff., Ex. A ¶ 7; Mar. 15 Email, Ex. I at 1 ("Defendants intend to move for a protective order to resolve the parties' dispute

over the deposition topics."); Dep. Emails, Ex. K at 6 (asking Attorney Prather to confirm "that Defendants are not going to produce designees for the 30b6 depositions next week and instead will be filing a motion for a protective order"); Mar. 23 Email, ECF 199-6 at 1 (summarizing Attorney Morgan's statement that Defendants "intend to file for a protective order and will not produce witnesses next week").

Given that all of Defendants' objections to CLF's notices were first articulated in the Parties' conference on February 3, 2023, and that CLF gave Defendants' three weeks' notice of the depositions, Defendants had more than enough time to file a motion for a protective order before Defendant Shell USA's deposition on March 27, 2023. *Accord ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 683 (D. Nev. 2022) ("Defendant had three weeks' notice of the deposition, but in direct contradiction of governing law and common-sense Defendant filed a motion for protective order after hours the night before the deposition was set to take place and then did not show up for the deposition."), *objections overruled*, No. 220CV02035JADNJK, 2022 WL 2275185 (D. Nev. June 22, 2022). Defendant Shell USA's failure to seek such an order is particularly problematic, because it never informed CLF, prior to its deposition, that it would not act consistent with its prior representations. *Cf. Blauinsel Stiftung v. Sumitomo Corp.*, No. 99 CIV 1108 (BSJ), 2001 WL 1602118, at *7 (S.D.N.Y. Dec. 14, 2001) (awarding sanctions where the party's designees "not only failed to appear at their scheduled depositions in London, but also neglected to inform defense counsel that they did not plan to attend these depositions"); *ProDox*, 341 F.R.D. at 683 ("Making matters worse, Defendant engaged in this tactic despite repeatedly agreeing that Plaintiff could finish this deposition after the discovery cutoff.").

To the extent Defendants now allege for the first time that they *could not* file a motion for a protective order because "there were still ongoing negotiations regarding deposition topics," *see*

Dep. Emails, Ex. K at 3, Defendants have never asked CLF to reschedule *any* of the depositions to allow for additional time to confer, despite repeated offers from CLF to reschedule if necessary. Instead, Defendants ignored CLF's emails from March 20th and March 22nd and, the day after Shell USA's deposition was scheduled, asked CLF to withdraw its deposition notices so they could file their motion at some later, undetermined date. *See* Dep. Emails, Ex. K at 5. When CLF refused, Defendants Triton and Equilon—whose depositions had not yet passed—did not ask to continue conferring. *Id.* at 3.

Nor does CLF agree that the Parties were still conferring such that Defendants "would have [been] prevented" from moving under Rule 26(c). *See* Dep. Emails, Ex. K at 3 (email from Attorney Prather). CLF confirmed the Parties' impasses by letter on March 20, one week prior to Defendant Shell USA's deposition and eleven days prior to Defendant Equilon's deposition. *See* Mar. 20 Email, Ex. J at 4–7. If Defendants were concerned that a week would be insufficient time to draft their motion, they should have responded to CLF's March 20th email or its March 22nd email and asked for more time. *See* Dep. Emails, Ex. K at 4 (noting CLF "expressed its willingness to meet the reasonable scheduling needs of these Defendants" but that "Defendants never requested different dates"); *accord Conquistador*, 2021 WL 2376361, at *3 (imposing sanctions where plaintiff "failed to respond to any of Defendants' emails," "clearly knew how to contact Defendants' counsel yet chose not to do so," and did not appear for his deposition). Defendants did not respond to CLF's pre-deposition correspondence until one day *after* Defendant Shell USA's deposition. *See* Dep. Emails, Ex. K at 5. In that email, Defendants did not state the need for more time but instead stated their *preference* to hold off on filing their motion in the hopes that this Court would save them some effort. *See* Dep. Emails, Ex. K at 5 ("Defendants will wait to file their motion for protective order until after the court's ruling on CLF's pending Renewed Motion

to Compel . . . [because] a number of the disputed issues *may* be resolved by the court's decision." (emphasis added)); Mar. 28 Ltr., Ex. L at 2 ("Given the court's forthcoming ruling on CLF's Renewed Motion to Compel, Defendants intend to move for a protective order consistent with that decision after its issuance."). Defendants' preference to reduce their workload does not substantially justify their noncompliance with their properly noticed depositions.

Defendants' belated decision to defer seeking a protective order is unjustified, in part because the issues in the Renewed Motion to Compel are not wholly dispositive of Defendants' objections to CLF's deposition topics. As CLF repeatedly stated, several of the topics Defendants object to are not related to the pending motion. *See, e.g.*, Mar. 1 Email, Ex. C at 2; Mar. 20 Email, Ex. J at 4. Defendants' correspondence acknowledges this lack of complete overlap. *See* Mar. 15 Email, Ex. I at 3 (asserting that "Topics 3–7, 23, 28, 29, 31, and 33" are "implicated by CLF's Renewed Motion to Compel"); *id.* at 4–7 (noting Parties are also "at an impasse" regarding topics 1, 2, 8, 12, 14, 15, 17, 18, 25, 26, 32, and 34, without reference to the Renewed Motion to Compel); Rumelt Aff., Ex. A ¶ 2. And even where the 30(b)(6) topics relate to a document request at issue in the Renewed Motion to Compel, "whether the Court orders Defendants to produce documents is not coextensive with whether Defendants are obligated to prepare a witness to testify," particularly where "Defendants' undue burden arguments rely substantially on the cost of reviewing and producing all responsive documents" that relate to a topic and not the burden of preparing a designee to speak to a related topic. Mar. 1 Email, Ex. C at 2.

Furthermore, Defendants' last-minute tactic was unjustified because a party may not ignore a valid deposition Notice because some other, pending motion *might* resolve some of their

objections.[5] *E.g.*, *F.A.A. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) (holding "that it is not the filing of such a motion that stays the deposition, but rather a court order") (citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)). Defendants had time to seek a court order, on an expedited basis if necessary, *see* D. Conn. L.R. Civ. P. 7(a)(6), but chose not to.

Finally, a request to withdraw the deposition notices—which CLF promptly declined to do—is also insufficient to excuse Defendants Triton and Equilon's failure to either file a motion for protective order or attend their depositions. "[I]t is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations . . . ." *John Wiley & Sons*, 298 F.R.D. at 148 (granting plaintiff's motion for sanctions where defendant's counsel "cancelled the second day of his deposition the night before it was scheduled to occur"); *id.* at 149 n.1 ("The outcome of these events might have been different had defendants announced well in advance . . . that they planned to cancel the . . . deposition . . . . No such notice was provided, however, and thus defendants must bear the risk that their cancellation was not justified."); *see also Finander v. Los Angeles Unified Sch. Dist.*, No. CV 05-6847 PA (EX), 2007 WL 9734456, at *17 & n.18 (C.D. Cal. Mar. 19, 2007) (sanctioning plaintiffs under Rule 37(d) when, twelve days before the deposition, "Plaintiffs informed Defendants they would engage in no discovery pending the outcome of their appeal," and holding that plaintiffs had "no right unilaterally to impose a stay on discovery"); *Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. 23, 33 (D.D.C. 2015) (holding "defendants cannot avoid the compulsion of a properly noticed deposition merely by offering alternative future dates" the day before their depositions). "If the noticing party refuses to reschedule a properly noticed deposition,

---

[5] When CLF was in a similar position as Defendants (regarding their privilege log), CLF *timely* requested an extension of time, *see* Mar. 23 Email, ECF 199-6 at 1 ¶ 7, and when Defendants did not consent, CLF did not flout the Court's deadlines in hopes that resolution of a related motion would result in a windfall. *See* Mar. 27 Email at 1, attached hereto as Exhibit M (declining CLF's request for an extension on the day of the deadline). Instead, CLF timely filed its motion to preserve its rights. *See* Mtn. to Compel, ECF 199.

it is incumbent on the party whose deposition is noticed to move for a protective order." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194, 2021 WL 4974049, at *6 (C.D. Cal. Aug. 19, 2021) (citation and brackets omitted).

Per Rule 37(d), an award of sanctions is warranted. *E.g.*, *Dragon Yu*, 282 F.R.D. at 344 ("[Defendant] does not dispute that [its officers] knowingly failed to appear for noticed depositions. . . . It is thus clear that sanctions are warranted under Rule 37(d)."); *Hitzig v. Hubbard*, No. 1:08-CV-102, 2011 WL 5417117, at *2 (D. Vt. Nov. 9, 2011) ("Plaintiff has an obligation to appear for a properly noticed deposition or face sanctions.").

### C. As Sanctions this Court Should Order that Defendants Have Waived Their Objections to CLF's 30(b)(6) Deposition Topics and Order Defendants to Pay CLF's Reasonable Expenses.

Defendants must pay CLF's reasonable expenses and fees for making this Motion, conferring with Defendants about this Motion, and, if appropriate, enforcing any related orders of this Court. Whether additional sanctions are appropriate is within this Court's discretion. The only limitations on such sanctions are that they must be just and related to Defendants' misconduct. CLF urges the Court to order, as a sanction, Defendants Shell USA, Equilon, and Triton to appear for their Rule 30(b)(6) depositions as noticed, holding that all objections to the noticed topics have been waived by Defendants' willful noncompliance and failure to timely move for a protective order.

#### i.   *Defendants must pay CLF's reasonable expenses, including attorneys' fees.*

Because Defendants' failure to appear at their depositions was not substantially justified, the court "must require" the party who failed to appear for the deposition, "the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(d)(3); *see also* D. Conn. L.R. Civ. P. 37(c); *Martino v. Nationstar Mortg. LLC*, No. 17-CV-1326 (KAD), 2019 WL 2223487, at *1 (D. Conn. May 23, 2019) (emphasizing the

same).[6] CLF takes no position as to who should be ordered to pays its expenses and attorneys' fees —Defendants, their counsel, or both—as CLF was not privy to the discussions that led to Defendants' noncompliance with the deposition notices. *Cf. Flamingo Trails*, 316 F.R.D. at 338 ("[T]he Court will order that the sanctions are imposed jointly and severally on Mr. Hardin, SFR, and SFR's counsel, since the court is otherwise unable to tell from the current record who is more blameworthy for Mr. Hardin's non-appearance."); *Rodriguez v. Clark*, No. 3:16-CV-390 (CSH), 2017 WL 2369367, at *6 (D. Conn. May 31, 2017) (ordering plaintiff's counsel to "submit a sworn declaration describing any efforts he made to comply with Defendants' notices of deposition on his client and any efforts he made to locate his client to appear at said depositions" to "show why it would be 'unjust' to order him to pay the movant's reasonable expenses in making the motion to compel and/or setting up his client's deposition").

"Reasonable expenses" include any "extra costs," including attorneys' fees, that "were 'caused' by the opposing party's discovery violation." *John Wiley & Sons*, 298 F.R.D. at 149–50 (citation omitted). These "include attorney's fees and costs in connection with filing a motion for sanctions," *Burks v. Stickney*, 837 F. App'x 829, 832–33 (2d Cir. 2020), plus any "costs incurred . . . in seeking to have the orders that flowed from those motions enforced." *Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 103 (E.D.N.Y. 2002); *accord John Wiley & Sons*, 298 F.R.D. at 151 (collecting cases); *Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 216 (E.D.N.Y. 2012) (awarding defendant "reasonable attorney's [fees] and costs associated

---

[6] Because Defendants also failed to designate persons to testify under Rule 30(b)(6), CLF is similarly entitled to a mandatory award of expenses in bringing a motion to compel Defendants' Rule 30(b)(6) depositions. *See* Fed. R. Civ. P. 37(a)(3)(B)(ii) ("A party seeking discovery may move for an order compelling [discovery] . . . if . . . a corporation or other entity fails to make a designation under Rule 30(b)(6) . . . ."); Fed. R. Civ. P. 37(a)(5)(A) (requiring court to impose "reasonable expenses incurred" in moving to compel if the motion is granted; *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 32 n.30 (2d Cir. 2015) (describing the parallels between the sanctions provisions in Rule 37(a)(3)(B)(ii) and Rule 37(d)(1)(A)(i)).

with the portion of the motion for sanctions relating to sanctions against Niblett and Luster Cote for failure to appear at their depositions pursuant to Rule 37(d)").

Here, CLF seeks expenses, including attorneys' fees, related to (a) conferring with Defendants prior to filing this Motion (in compliance with D. Conn. L.R. Civ. P. 37(a), *see* Dep. Emails, Ex. K at 1); (b) drafting and filing this Motion; (c) drafting and filing any reply in support of this Motion; and (d) preparing for and engaging in oral argument on this Motion, if ordered by the Court. *See* Rumelt Aff., Ex. A ¶ 17. If the Court orders any of the relief requested in this Motion, CLF also seeks attorneys' fees for the time required to implement those orders, including CLF's time in rescheduling Defendants' depositions. *Accord Rodriguez*, 2017 WL 2369367, at *6 (awarding as sanctions under Rule 37(d) expenses incurred "due to Plaintiff's failure to appear and/or make himself available for his deposition (*e.g.*, repeatedly noticing and/or arranging his deposition)"). These expense categories are reasonable, particularly where "the plaintiff was forced to expend wholly unnecessary time and effort in its unsuccessful attempts to get the defendants to comply with their discovery obligations. This waste of time and resources was caused by the defendants' bad conduct, which required the plaintiff to make motions to compel and motions for sanctions." *Creative*, 212 F.R.D. at 102 (awarding discovery sanctions).

CLF does not, however, seek expenses or fees for Defendants' depositions themselves, as such costs "would have been incurred in the course of normal discovery." *Creative*, 212 F.R.D. at 104. Additionally, CLF does not seek reimbursement for any "expense [that] could reasonably have been avoided," which are "not recoverable." *John Wiley & Sons*, 298 F.R.D. at 149. To avoid such expenses, CLF's counsel did not book court reporters and appear for the virtual depositions once Defendants informed CLF (first in their March 15th letter, and then again at the Parties' meetings on March 22nd and March 24th) that Defendants intended to move for a protective order.

Rumelt Aff., Ex. A ¶¶ 7, 18. Furthermore, any such act would have been futile without the designee and start time information Defendants failed to provide to CLF. *See supra* Part IV.A. Thus CLF worked to "mitigate any prejudice" caused by Defendants' nonappearance. *See John Wiley & Sons*, 298 F.R.D. at 150 (quoting *Travel Sentry, Inc. v. Tropp*, No. 06-CV-6415, 2008 WL 2097613, at *6 (E.D.N.Y. May 15, 2008)).

Because the full scope of CLF's expenses related to this Motion are not yet known, CLF requests that this Court enter an order directing CLF to submit "a sworn affidavit, of its claimed attorney's fees and expenses," following resolution of this Motion. *See Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 146 (2d Cir. 2000). At that time, Defendants will "have an opportunity to challenge the accuracy of such submissions and the reasonableness of the requested fees and expenses." *Id.* Though "a party facing compensatory sanctions is *not* necessarily entitled to an evidentiary hearing with respect to the amount of proposed sanctions," the proposed process is the minimum required by due process. *Id.* (internal citation omitted); *accord Rodriguez*, 2017 WL 2369367, at *6 (granting defendants' motion for sanctions, compelling plaintiff to appear at a deposition, and setting deadline for defendants to submit time records).

### ii.   *Requiring Defendants to appear for depositions pursuant to CLF's Notices is a just and proper sanction.*

Simply awarding CLF reimbursement for this Motion and related expenses is an insufficient sanction. Reimbursement is the *minimum* sanction *required* by the Rules. *Cf. Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) ("[U]nder Fed. R. Civ. P. 37[,] . . . [t]he mildest [sanction] is an order to reimburse the opposing party for expenses caused by the failure to cooperate."). As explained in more detail below, because Defendants' willful disregard for the Rules necessitated this Motion in the first instance, and because Defendants' only justification for misleading CLF and delaying discovery

is their objections to the Notice, a more severe sanction is not only justified but a necessary deterrent to additional misconduct. "Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." *Cine Forty-Second St. Theatre*, 602 F.2d at 1068 (holding default judgment was a reasonable discovery sanction). CLF therefore requests that this Court order Defendants to appear for their depositions as they are Noticed, with a finding that Defendants have waived their objections regarding relevance, overbreadth and vagueness, and burden, which Defendants could have preserved had they timely moved for a protective order.

### a. This Court has the authority to order the sanction requested.

Though compelled attendance at a deposition and waiver of Defendants' objections to the Rule 30(b)(6) topics are not listed in Rule 37(b), this does not preclude the Court from entering such sanctions. "Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party . . . ." *Armstrong v. Martocchio*, No. 3:18 CV 580 (RMS), 2020 WL 1140859, at *2 (D. Conn. Mar. 9, 2020) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1130 (2d Cir. 1986)). As the Supreme Court noted in *Chambers v. NASCO, Inc.*, Article III courts have "inherent powers" to sanction "conduct which abuses the judicial process." 501 U.S. 32, 44–45 (1991); *see also, e.g.*, *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 280 (2d Cir. 2021) ("District courts have inherent, statutory, and rule-based powers to sanction lawyers for conduct that impedes the efficient administration of justice."). It is important to note that such sanctions include "outright dismissal of a lawsuit"; accordingly, "'less severe sanction[s]' . . . [are] undoubtedly within a court's inherent power as well. *Chambers*, 501 U.S. at 45 (referring to attorneys' fees as the less severe inherent power) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980)). And where the Supreme Court has also held that a court may impose, as Rule 37 sanction, a "finding of a constructive waiver" of jurisdictional elements, there is no doubt that a court may also find

constructive waiver of discovery objections. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982) (holding personal jurisdiction may be "waived like other rights"). Furthermore, Rule 37 explicitly permits this Court to compel Defendants to appear for a deposition where, as here, they "fail[ed] to make a designation under Rule 30(b)(6)." Fed. R. Civ. P. 37(a)(3)(B)(ii); *see also supra* note 6.

### b. Compelling Defendants' appearances is an appropriate sanction because it "relates" to Defendants' Rule violation.

Compelling Defendants to appear at their depositions, prepared to testify as to the topics in CLF's revised Notices, is an appropriate sanction because it "relate[s] to the particular claim" of misconduct at issue in this Motion. *Daval Steel*, 951 F.2d at 1366 (citation omitted).

During the hearing before the Court on February 6, 2023, the Court directed the Parties to get any discovery motions filed as quickly as possible. *E.g.*, Joint Status Report, ECF 178 at 5–6 & n.3. CLF has followed the Court's directive, filing appropriate discovery motions where the Parties have reached an impasse. *E.g.*, Mtn. for Add'l Depos., ECF 181; Mtn. to Compel Privileged Docs., ECF 199; Mtn. for Protective Order, ECF 200. CLF also scheduled Defendants' depositions with the explicit intent to move along the process for Defendants to file a motion for protective order. *E.g.*, Mar. 1 Email, Ex. C at 2 (asserting that "the proper way to address [Defendants'] objections is for Defendants to seek a protective order or raise whatever objections they deem appropriate during the depositions"). Defendants chose not to file the appropriate motion, despite leading CLF to believe they would do so, and then also unjustifiably failed to appear at their depositions. Holding Defendants to that strategic choice as a sanction is a directly related remedy. *E.g.*, *Dwarven Forge, LLC v. Whitaker*, No. 3:17-CV-2053 (VAB), 2020 WL 3489407, at *8 (D. Conn. June 26, 2020) (sanctioning plaintiff's CEO who, "despite instruction from the Court that the parties 'may file the appropriate motion' for a discovery dispute . . . did not move to quash

[the] deposition until . . . after the close of discovery," by compelling his deposition and awarding defendant costs) (internal citations omitted)).

Furthermore, where Defendants failed to timely raise their objections to CLF's Notices, those objections are waived. *See supra* Part IV.A & note 4; *e.g.*, *United States v. Portland Cement Co. of Utah*, 338 F.2d 798, 803 (10th Cir. 1964) (holding a party must seek a protective order prior to "the taking of the depositions"); *ProDox*, 341 F.R.D. at 684 ("The failure to seek a protective order in a timely manner will 'preclude later objection.'") (quoting 8A Wright, Miller, & Marcus, Federal Practice and Procedure § 2035 (2010)); *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) ("The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." (citations omitted)), *aff'd sub nom. Beach Mart, Inc. v. L&L Wings, Inc.*, 784 F. App'x 118 (4th Cir. 2019); *Mahar v. U.S. Xpress Enterprises, Inc.*, 688 F. Supp. 2d 95, 113 (N.D.N.Y. 2010) ("[M]otions for a protective order must be made in a timely manner, which ordinarily means that the motion must be made by the date set for the discovery or production unless there was no opportunity to so move."). An order imposing such a waiver by compelling Defendants' attendance at their noticed depositions would therefore closely relate to Defendants failure to conform to the Rules.

This is the same strategy other courts have applied in similar cases. For example, in *ProDox, LLC v. Professional Document Services, Inc.*, the defendant "had three weeks' notice of the deposition" and waited until the night before its deposition to move for a protective order. 341 F.R.D. at 683. The court denied the Motion as untimely the following morning, before the deposition, and then awarded sanctions for failing to appear at its deposition that day. *Id.* at 683–84. As sanctions, the court ordered the defendant to pay expenses and to sit for a Rule 30(b)(6) deposition, overruling the defendant's "several procedural objections . . . because they should have

been addressed in a timely motion for protective order before the deposition." *Id.* at 685. In doing so, the Court noted that where a party "knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and *the request for relief may be denied outright.*" 341 F.R.D. at 684 (emphasis in original) (citation omitted). Here, Defendants *never* filed a motion for a protective order, and this Court should hold that any future right to do so has been waived by Defendants' intentional delay.

In *Equal Employment Opportunity Commission v. Thurston Motor Lines*, when one of the corporate defendants, Brown, "made no prior motion to the Court for a protective order, but unilaterally took the position that it would not be deposed," the Court "order[ed] that the Rule 30(b)(6) deposition (and 30(b)(5) production of documents) of Brown be conducted in accordance *with such notice as the Commission may give.*" 124 F.R.D. 110, 114 (M.D.N.C. 1989) (emphasis added). The court further ordered Brown to pay "attorney's fees and expenses of the Commission." *Id.* at 115 (noting "[s]uch a failure to provide discovery cannot be tolerated and warrants the imposition of sanctions under Rules 37(d) and 37(a)(4)").

Finally, in *Societe Civile Succession Guino v. Renoir*, the Ninth Circuit affirmed the district court's sanction "refusing to consider Societe's arguments" that it could not be deposed pursuant "to the Hague Convention and French law" where Societe did not move for a protective order and had previously agreed to the deposition dates. 305 F. App'x 334, 338 (9th Cir. 2008), *as amended on denial of reh'g* (Apr. 1, 2009); *accord Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), 2019 WL 5485266, at *4 (D. Conn. Oct. 25, 2019) (ordering plaintiff to produce employees for depositions at the location of the defendant's choosing, overruling the objection that the deponents resided in Israel, where the plaintiff failed to "*first* seek[] an order of the court

changing the location" (citing Fed. R. Civ. P. 37(d)(2))). The appeals court also affirmed the award

of attorneys' fees along with the other sanctions. *Societe Civile*, 305 F. App'x at 338.

### iii.    *The requested sanctions are proportional to Defendants' misconduct.*

Courts in this Circuit consider several factors in determining whether a sanction is

appropriate, including "(1) the willfulness of the non-compliant party or the reason for

noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance, and (4) whether the non-compliant party had been warned of the consequences of

noncompliance." *S. New England Tel. Co.*, 624 F.3d at 144 (citation omitted); *see also Dragon*

*Yu*, 282 F.R.D. at 344–45 (applying factors to Rule 37(d) sanctions). "However, 'these factors are

not exclusive, and they need not each be resolved against the party' opposing sanctions." *Hawley*

*v. Mphasis Corp.*, 302 F.R.D. 37, 52 (S.D.N.Y. 2014) (citation omitted). Courts also consider

"prejudice resulting from a party's noncompliance with discovery obligations." *S. New England*

*Tel. Co.*, 624 F.3d at 148–49 (citing cases). These factors weigh in favor of CLF's requested

sanctions.

### a.   Defendants' conduct was willful, which justifies imposition of more severe sanctions than CLF seeks here.

CLF need not prove willfulness to show sanctions are justified: "even a negligent failure"

is sufficient for an award of sanctions under Rule 37(d). Fed. R. Civ. P. 37(d) advisory committee's

note to 1970 amendment; *see also Argo Marine Sys., Inc. v. Camar Corp.*, 102 F.R.D. 280, 284

(S.D.N.Y. 1984) ("Courts have recognized that monetary sanctions . . . are the least severe in the

arsenal provided under Rule 37, and that therefore conduct need not rise to the level of willfulness

before monetary sanctions can be imposed."), *aff'd,* 755 F.2d 1006 (2d Cir. 1985); *Stanziale v.*

*First Nat. City Bank*, 74 F.R.D. 557, 559 n.2 (S.D.N.Y. 1977) (noting "a finding of wilfulness as

a predicate to the imposition of sanctions is no longer necessary under the Rules"). Instead, a

27

demonstration of willfulness, as opposed to "an inability to comply," justifies imposing the severest sanctions available, including default judgment. *See Sec. & Exch. Comm'n v. Rsch. Automation Corp.*, 521 F.2d 585, 588 (2d Cir. 1975).

Here, however, there is no debate that Defendants acted willfully: where Rule 37(d) "clearly states" that Defendants must appear for their depositions, "[t]here can be no doubt that [Defendants] understood this obligation. [CLF] sent several letters and emails reminding [their] counsel of it." *Cf. In re Fosamax Prod. Liab. Litig.*, No. 06 MD 1789 JFK, 2013 WL 1176061, at *2 (S.D.N.Y. Mar. 21, 2013) (finding willful noncompliance in the context of Rule 37(b) sanctions for violations of a court order). Defendants' late and unilateral decision not to seek a protective order in the hopes that this Court would save them some effort was "a calculated course of conduct" that demonstrates their willful—as opposed to inadvertent—noncompliance with the Rules. *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995) ("By eschewing any application for [a protective] order, and instead declining to make an appropriate designation of someone to testify, [corporate defendants] engaged in a calculated course of conduct. This conduct was willful." (internal citations omitted)). Such willful violations of the discovery rules are sufficient to warrant waiver of Defendants' objections to CLF's deposition topics—notably none of which are on the basis of privilege or work product. *Cf. DL v. Dist. of Columbia*, 274 F.R.D. 320, 328 (D.D.C. 2011) (sanctioning District with compelled production of all discovery not timely produced, including waiver of all privilege objections for any information not previously produced).

Even if Defendants believed their course of conduct was reasonable, sanctions are still warranted: there is no "bad faith" requirement to impose sanctions under Rule 37. *See, e.g., Conquistador*, 2021 WL 2376361, at *3; *John Wiley & Sons*, 298 F.R.D. at 149 (collecting cases);

*Blauinsel Stiftung*, 2001 WL 1602118, at *7 ("[A] finding of bad faith is not a prerequisite to the imposition of sanctions under Rule 37(d) . . . ."). A district court awarded over $50,000 in sanctions under Rule 37(d) against a party who failed to appear at their depositions on the advice of counsel, holding that "even assuming Bullock relied in good faith on the advice of her counsel . . . such good faith reliance is no defense to a request for sanctions in this context." *In re Gorsoan Ltd.*, No. 17-CV-5912 (RJS), 2020 WL 3172777, at *12 (S.D.N.Y. June 15, 2020) (citing cases). And where, as here, Defendants were untimely and misleading in their communications with CLF, no less severe a sanction is warranted. *See Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) ("In Rule 37 cases, intentional behavior . . . justif[ies] severe disciplinary sanctions.").

   **b. CLF is not seeking the maximum available sanction, and the sanctions requested ensure Defendants will not profit from their misconduct.**

   CLF's requested sanctions are proportionate to the violation and there are no lesser sanctions that would be appropriate on this record.

   Due to the willful nature of Defendants' misconduct, *see supra*, and the prejudice to CLF, *see infra*, "monetary sanctions are not sufficient" and "more stringent orders" should be issued. *See Ali v. Dainese USA, Inc.*, 577 F. Supp. 3d 205, 223–24 (S.D.N.Y. 2021) (quoting *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15 Civ. 3533 (CM) (BCM), 2017 WL 2840279, at *10 (S.D.N.Y. June 27, 2017)). As detailed above, courts addressing similar misconduct have repeatedly held that ordering a defendant to appear for a deposition as noticed is a proportionate sanction. *See supra* Part IV.C.ii.b; *see also, e.g.*, *Keep on Kicking Music, Ltd. v. Hibbert*, 268 F. Supp. 3d 585, 589 (S.D.N.Y. 2017) (ordering, as sanctions for failure to attend a deposition, "[m]onetary sanctions, 'coupled with an order requiring [Hibbert] to sit for depositions'" (citation omitted)); *Rodriguez*, 2017 WL 2369367, at *5 (sanctioning plaintiff under Rule 37(d) by ordering

him to appear for a  deposition and "direct[ing him] to cooperate fully in the taking of his deposition").

CLF's requested deposition sanction is also proportionate because, unlike most of the enumerated sanctions in Rule 37(b), CLF seeks only to compel deposition testimony to establish the truth and resolve this case on the merits—not a form of default judgment. *Cf. Commodity Futures Trading Comm'n*, 67 F.3d at 771–72 (affirming sanction—establishing  allegations in the complaint as proven—under Rule 37(d) where defendant failed to designate deponents, because defendant should have addressed its professed inability to find a designee by seeking a protective order). Thus concerns about the severity of those sanctions are not at play with CLF's requested sanction. *Cf. Hawley*, 302 F.R.D. at 53 (denying request to preclude deposition testimony as sanction for failure to appear for deposition where exclusion of such evidence would undermine the purpose of a trial to "search for the truth" (internal citation omitted)). Indeed, compelling Defendants to testify regarding information reasonably available to them on topics that relate to the claims and defenses will not, for example, "effectively amount to default judgment . . . and a disposition without an adjudication of the merits of the parties' arguments." *Cf. Dragon Yu*, 282 F.R.D. at 345 (declining to impose, as a Rule 37(d) sanction, preclusion of corporate defendants' officers' testimony).

The requested sanctions are additionally justified because courts must weigh the *purposes* of sanctions, including "ensur[ing] that [a] party will not be able to profit from its own failure to comply." *Conquistador*, 2021 WL 2376361, at *4; *see also Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 26–27 (D. Conn. 2013) (same). CLF's deposition sanction ensures that Defendants will not benefit from their tactical choice to defer filing a motion in hopes this Court would save them the effort. Stated differently, absent this particular sanction, Defendants will clearly benefit

from their failure to seek a timely protective order: they will have delayed their depositions and forced CLF to engage in time-consuming motions practice, all while not giving up *any* ground. *Accord Gagasoules*, 286 F.R.D. at 215 ("[W]ith the Court's decision to dismiss this case for lack of subject matter jurisdiction, Niblett and Luster Cote get the dismissal without prejudice they initially sought *and* successfully avoid having to appear for a deposition. Thus, absent sanctions, Niblett and Luster Cote will clearly 'benefit from [their] own failure to comply'.") (imposing additional sanctions). On the other side of that coin, the requested sanctions will not result in "a disproportional 'windfall' for Plaintiff[]" because, as stated previously, *see supra* Parts IV.A, C.ii.b, Defendants' failure to timely move for a protective order already constitutes a waiver of their objections. *See Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, No. 18CIV4476LJLSLC, 2021 WL 1750866, at *12 (S.D.N.Y. Mar. 31, 2021) (denying request for adverse inference as disproportionate where noncompliant party produced requested information late), *report and recommendation adopted,* No. 18-CV-4476 (LJL), 2021 WL 2827347 (S.D.N.Y. July 7, 2021).

Finally, "the Court is 'not required to exhaust possible lesser sanctions . . . if such a sanction is appropriate on the overall record.'" *Dwarven Forge*, 2020 WL 3489407, at *8 (quoting *S. New England Tel. Co.*, 624 F.3d at 148). Because CLF has demonstrated that its deposition sanction is appropriate, the Court need not order lesser sanctions simply because they are less severe.

### c. Defendants had sufficient time to seek a protective order but have failed to do so.

CLF provided Defendants with the topics for their depositions in January, and Defendants served their written objections on February 13, 2023. Jan. 25 Email, ECF 181-4; Feb. 13 Ltr., ECF 181-16. Since that time, CLF has repeatedly "revised [the] 30(b)(6) topics [as] an offer of

compromise" but maintained that it "does not agree that Defendants' objections are valid or that CLF's original Topics were objectionable." Mar. 1 Email, Ex. C at 12. CLF re-noticed the depositions on March 6, giving Defendants three weeks to seek relief from this Court. This period of noncompliance, though not long enough to warrant a severe sanction, is significant enough to justify the moderate sanctions requested in this Motion. *Cf. Dainese USA*, 577 F. Supp. 3d at 222 (listing cases where "[c]ourts within the Second Circuit have found that noncompliance lasting more than a few months weighs in favor of severe sanctions"); *Martin* v. *City of New York*, No. 09 Civ. 2280 (PKC) (JLC), 2010 WL 1948597, at *2 (S.D.N.Y. May 11, 2010) (dismissing case after finding that plaintiff's failure to comply with discovery orders had delayed the litigation "for at least two-and-a-half months"). Additionally, even if the Court finds that Defendants' delay has not been significant, the Court may grant the requested sanctions as part of a pattern of noncompliance with the Rules, *see infra* Part IV.C.iii.e, and because each relevant factor "need not . . . be resolved against" Defendants. *S. New England Tel. Co.*, 624 F.3d at 144.

### d.  Defendants knew of the consequences of their noncompliance.

Although Defendants have no right to receive a warning prior to the imposition of a sanction under Rule 37, *see Daval Steel*, 951 F.2d at 1366, Defendants have had substantial notice regarding the consequences of noncompliance. First, Rule 26 provides clarity to parties on how to limit objectionable discovery, and Rule 37(d) provides explicit notice to Defendants of the consequences of failing to do so. *Cf. ProDox*, 341 F.R.D. at 687 ("Defendant was on notice that this would be the outcome . . . because of the ample case law . . . ."). Furthermore, Defendants' "attorneys are expected to know the Federal Rules of Civil Procedure." *Tolliver v. Abuelo's Int'l, LP*, No. 2:20-CV-3790, 2021 WL 9667735, at *3 (S.D. Ohio Dec. 17, 2021); *accord L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 757 (5th Cir. 2019) (affirming default judgment against defendant,

who "is an attorney who should fully understand the need to comply with the Federal Rules of Civil Procedure and the need to cooperate in discovery"), *as revised* (June 6, 2019).

Second, when CLF refused to withdraw the notices for Defendants Triton and Equilon the day before Defendant Triton's deposition, Defendants were on notice that failing to comply with the Rules would result in sanctions. *See* Dep. Emails, Ex. K at 4. (citing *Guinnane v. Dobbins*, No. CV 19-85-M-DWM, 2020 WL 4734897 (D. Mont. Aug. 14, 2020)); *see Dainese USA*, 577 F. Supp. 3d at 223 (holding plaintiff was on notice of sanctions potential where defendants filed a pre-motion letter stating their intentions "to seek discovery sanctions"). Defendants did not move to mitigate their noncompliance at that time.

Finally, Defendants are repeat players in federal litigation and have substantial experience with the Federal Rules of Civil Procedure, discovery, and the consequences of violating the Rules. *E.g.*, *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888 (8th Cir. 2009) (reversing district court's dismissal of plaintiffs' complaint as a sanction for discovery violations under Rule 37); *Equilon Enterprises LLC v. Shahbazi*, No. C 05-05102 JF (RS), 2007 WL 2141357 (N.D. Cal. July 25, 2007) (granting Equilon's motion for protective order and denying motion for sanctions). Any claim otherwise strains credulity.

### e. CLF need not prove prejudice to justify the requested sanctions, but Defendants' noncompliance has caused CLF prejudice.

Finally, in light of the deterrent purposes of Rule 37 sanctions, this Court need not find that CLF has suffered any prejudice to justify an award against Defendants. *See S. New England Tel. Co.*, 624 F.3d at 148–49 ("[W]e, along with the Supreme Court, have consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions," because "Rule 37 sanctions serve other functions unrelated to the prejudice suffered by individual litigants . . . .") (internal citations omitted); *Tucker*, 936 F. Supp. 2d at 26–27 ("Sanctions pursuant to Rule 37 are intended: (1) to

prevent a given party from benefiting from its failure to comply with discovery orders, (2) to specifically deter that party from continued violation of current and future discovery orders, and (3) to generally deter similar misbehavior by parties in other cases." (citation omitted)). However, the record here shows that Defendants' noncompliance *has* caused CLF prejudice and is part of a pattern of conduct that this Court should deter. *See S. New England Tel. Co.*, 624 F.3d at 148–49 ("Rule 37 sanctions may in some cases . . . protect other parties to the litigation from prejudice resulting from a party's noncompliance with discovery obligations . . . ." (citations omitted)).

This Court may "consider 'the full record in the case in order to select the appropriate sanction,'" including Defendants' prior noncompliance with the Federal Rules of Civil Procedure. *S. New England Tel. Co.*, 624 F.3d at 144 (citation omitted); *see also Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1068 ("[S]anctions must be weighed in light of the full record in the case." (citation omitted)). Defendants have repeatedly acted in contravention of the Rules. Indeed, there are two motions pending before this Court showing that Defendants have failed to comply with Rule 34 regarding discovery productions and with Rule 26 regarding their privilege log. *See* Mtn. to Compel Discovery, ECF 149 at 35–42; Mtn. to Compel Privileged Docs., ECF 199. CLF has also noted in its filings that Defendants have submitted incomplete and inaccurate initial disclosures, *see* ECF 181 at 42 & n.15, abused the protective order by marking nearly all of their tens of thousands of documents as confidential, *see* ECF 150 at 3, and repeatedly produced documents after promised deadlines and depositions, *see* ECF 166 at 3–5.

Defendants' pattern of noncompliance has forced CLF to, time and again, expend significant resources fighting for basic obedience to the Rules. So too in this Motion: Defendants "refuse[d] to comply with the [Rule 30(b)(6)] notice" and instead "put the burden on the party noticing the deposition to file a motion to compel." *New England Carpenters*, 242 F.R.D. at 166

(holding this "is not proper practice"); *accord Dragon Yu*, 282 F.R.D. at 345 ("[A] party having

properly given notice of a deposition should not have to seek Court intervention . . . ."). "How

many times can a litigant ignore his discovery obligations before his misconduct catches up with

him?" *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) (affirming dismissal of case as

sanction for disobeying court orders to produce discovery). Defendants have willfully refused to

comply with the discovery rules at least three times in this case, and they "should not be surprised

that [their] misconduct has caught up with" them. *DL v. Dist. of Columbia*, 274 F.R.D. at 328

(sanctioning District with compelled production of all discovery not timely produced, including

waiver of all privilege objections for any information not previously produced); *see also S. New

England Tel. Co.*, 624 F.3d at 148 (affirming sanctions where defendant's "conduct was not

isolated but rather formed a pattern of 'prolonged and vexatious obstruction of discovery'"

(citation omitted)).

Furthermore, Defendants' conduct is delaying the discovery process. *E.g.*, Fed. R. Civ. P.

37(d) advisory committee's note to 1970 amendment (noting that "the total noncompliance with

which Rule 37(d) is concerned may impose severe inconvenience or hardship on the discovering

party and substantially delay the discovery process"). As CLF noted to Defendants in response to

their late request to withdraw the notices, "CLF's window to conduct discovery is limited. Waiting

will only delay resolution of Defendants' objections and further postpone the 30(b)(6)

depositions." Dep. Emails, Ex. K. at 4–5. While Defendants delay, CLF cannot take any more

depositions. *See* Defs.' Opp. to CLF Mtn. for Add'l Deps., ECF 193 (objecting to CLF taking more

than ten depositions). "Neither the public's interest in expeditious litigation nor the court's need

to manage its docket is served by litigants who disregard their discovery obligations as

inconvenient to their litigation strategy, delay conducting discovery for legally frivolous reasons,

and repeatedly dishonor promises made . . . to opposing counsel . . . ." *Finander*, 2007 WL 9734456, at *20 (imposing sanctions).

## V.   CONCLUSION

For the foregoing reasons, CLF requests that this Court, as sanctions for Defendants' failure to attend their properly noticed depositions, enter an Order (1) compelling Defendants to pay CLF for its reasonable expenses and fees; (2) compelling Defendants to appear for Rule 30(b)(6) depositions subject to the revised notices issued by CLF; and (3) imposing any other sanctions this Court finds just and responsive to Defendants' misconduct.

Dated: April 6, 2023

Respectfully submitted,

CONSERVATION LAW FOUNDATION,
Inc., by its attorneys

*/s/ Kenneth J. Rumelt*
Kenneth J. Rumelt (phv207130)
Christopher Kilian (ct31122)
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (803) 223-5992
E-mail: krumelt@clf.org
E-mail: ckilian@clf.org

Alexandra St. Pierre (ct31210)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1732
E-mail: aestpierre@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Allan Kanner (ct31051)
E-mail: a.kanner@kanner-law.com
Elizabeth B. Petersen (ct 31211)
E-mail: e.petersen@kanner-law.com
Allison S. Brouk (ct31204)
E-mail: a.brouk@kanner-law.com
Chancey E. Raymond (ct31311)
E-mail: c.raymond@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street New Orleans, Louisiana
70130
Tel: (504) 542-5777
Facsimile: (504) 524-5763

*Attorneys for Plaintiff Conservation Law
Foundation, Inc.*