CONSERVATION LAW FOUNDATION, INC.,

*Plaintiff*,

v.

SHELL OIL COMPANY, EQUILON
ENTERPRISES LLC D/B/A SHELL OIL
PRODUCTS US, SHELL PETROLEUM, INC.,
TRITON TERMINALING LLC, and MOTIVA
ENTERPRISES LLC,

*Defendants*.

Civil Action No. 3:21-cv-00933-JAM

## PLAINTIFF CONSERVATION LAW FOUNDATION'S MOTION TO SEAL

Pursuant to the Standing Protective Order (ECF 7) and Local Rule 5(e) of the District of Connecticut Local Rules of Civil Procedure, Plaintiff Conservation Law Foundation, Inc. ("CLF"), files this Motion to seal portions of its recently filed Memorandum in Opposition to Defendants' Cross-Motion for Protective Order and for Sanctions (ECF 227) ("Memorandum") and two exhibits thereto (ECFs 227-3, 227-4). CLF files this Motion because Defendants Shell Oil Company, Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum, Inc., Triton Terminaling LLC, and Motiva Enterprises LLC (collectively "Defendants") designated the documents referred to in the Memorandum (and attached thereto) as confidential. CLF does not have sufficient information to justify sealing these documents, however, and takes no position as to whether this Court should seal the referenced documents.

### I.      Background

On July 7, 2021, this court issued a Standing Protective Order. *See* ECF 7. The Standing Protective Order defines "Confidential" information as:

information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

*Id.* ¶ 3. Confidential information is considered Designated Material. *Id.* ¶ 2. The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id*. ¶ 14.

In support of its Memorandum (ECF 227), CLF quoted and cited two documents Defendants designated as confidential. CLF filed a redacted version of its Memorandum to exclude quoted portions of Designated Material, including documents that were previously filed under seal, *see, e.g.*, Memorandum, ECF 227 at 14 (citing ECF 160), and documents filed provisionally under seal, *see* CLF Mtn. to Seal, ECF 182; Memorandum, ECF 227 at 14 (citing ECF 185). Because the Court has not determined whether documents at issue in ECF 182 should be sealed or publicly filed, CLF redacted references to these documents in the Memorandum. *See* Order, ECF 195 (extending Defendants' time to respond).

In its Memorandum, CLF also cited to other documents designated by Defendants as confidential and attached them as exhibits to the Memorandum, including:

Exhibit C.    Global Trading and Supply Operation Asset Management System Manual (Pl. Dep. Ex. 1019) (SOPUS_NHVN00030239)

Exhibit D.    Investment Management Guide (SOPUS_NHVN00108538)

CLF emailed Defendants' counsel on May 18, 2023, to inform Defendants that CLF intended to rely on Exhibits C and D in its opposition to their motion for protective order. *See* Affidavit of Alexandra Jordan ¶ 7, attached to the Memorandum as Exhibit A (ECF 227-1). The Parties conferred on May 22 and May 23 regarding this Motion. *See* Jordan Aff., ECF 227-1 ¶ 8.

## II.    Legal Standard

While there is a "strong and well-established presumption of public access to judicial documents and proceedings, the public's access to court documents may 'be surmounted' in order 'to further other substantial interests, such as to preserve higher values.'" *CSL Silicones, Inc. v. Midsun Grp., Inc.*, 2017 U.S. Dist. LEXIS 189918, at \*2 (D. Conn. 2017); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20, 123–24 (2d Cir. 2006). But "[a] confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule." D. Conn. L. R. Civ. P. 5(e)(3). Instead, a document may only be sealed, upon an order from the court, if a party shows a "compelling need" to seal certain records to further "substantial interests." Order, ECF 221 at 2 (quoting *Travelers Indem. Co. v. Excalibur Reins. Corp.*, No. 3:11-cv-1209 (CSH), 2013 WL 4012772, at \*3 (D. Conn. Aug. 5, 2013)). To meet this standard, the party seeking to seal the documents must make a "particularized . . . demonstrati[on] that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." D. Conn. L. R. Civ. P. 5(e)(3) (describing required contents of sealing order); *see also DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

## III.    Argument

The Standing Protective Order authorizes a party to file Designated Materials with the Court by complying with Local Civil Rule 5. *See* ECF 7 ¶ 14. The Standing Protective Order does not require a party to first challenge a confidentiality designation before filing Designated Materials. *Id.* ¶ 12 (a party "may" challenge a designation). Similarly, there is no time limit for challenging other parties' confidentiality designations, nor a deadline to challenge designations before filing under seal. *See id.*

CLF did not designate either of the documents at issue in this Motion as confidential. Because CLF does not have the "particularized" information necessary to justify withholding these

documents from the public, *see* D. Conn. L. R. Civ. P. 5(e)(3), CLF takes no position as to whether the Exhibits or any quotations therefrom in its Memorandum (ECF 227) should be sealed.

CLF informed Defendants of its position relating to the sealing of documents in its prior motions to seal, *see* Reply, ECF 180 at 1–3; Mtn. to Seal, ECF 182. This Court did not adopt Defendants' argument that CLF's prior process for addressing designated material—replicated in this Motion—is improper under either the Protective Order or the local rules. *See* Defs.' Br., ECF 174 at 2–3 (arguing CLF failed to follow proper procedure in filing its Motion to Seal, ECF 150); Order, ECF 221 (ignoring this argument). CLF also conferred with Defendants regarding this Motion. *See* Jordan Aff., ECF 227-1 ¶ 8.

Dated: May 23, 2023

Respectfully submitted,

CONSERVATION LAW FOUNDATION, Inc., by its attorneys

*/s/ Alexandra M. Jordan*

Alexandra M. Jordan (ct31466)
Alexandra St. Pierre (ct31210)
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
Tel: (617) 850-1732
E-mail: ajordan@clf.org
E-mail: aestpierre@clf.org

Christopher Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)

Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Allan Kanner (ct31051)
E-mail: a.kanner@kanner-law.com
Elizabeth B. Petersen (ct 31211)
E-mail: e.petersen@kanner-law.com
Chancey E. Raymond (ct31311)
E-mail: c.raymond@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street New Orleans, LA 70130
Tel: (504) 542-5777
Facsimile: (504) 524-5763

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*