UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Conservation Law Foundation, Inc., | |
| Plaintiff, | Civil No. 3:21-cv-00933 (JAM) |
| v. | |
| Shell Oil Co., *et al.*, | July 24, 2023 |
| Defendants. | |

**RULING ON MOTION TO LIMIT DISCOVERY (ECF No. 250)**

The Defendants, Shell Oil Co., Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum, Inc., Triton Terminaling, LLC, and Motiva Enterprises LLC (together, "Defendants") have moved the Court for an order limiting further discovery while their Motion for Partial Summary Judgment (ECF No. 248) is pending. (Mot. to Limit Further Discovery, ECF No. 250) ("Motion"). The Plaintiff, Conservation Law Foundation ("CLF"), opposes the Motion. (ECF No. 259) ("Opp'n"). For the following reasons, the Defendants' Motion is **DENIED**.

1. **Background**

This is a citizen suit brought under the Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA"). (*See generally* Am. Compl., ECF No. 47.) CLF's "claims revolve around Defendants' bulk petroleum storage terminal . . . in the Port of New Haven, Connecticut." (Joint Rule 26(f) Rpt. of Parties' Planning Mtg., ECF No. 40, at 3.) CLF alleges, among other things, that the Defendants "are in violation of the Terminal's Connecticut Industrial Stormwater Permit" because they have "failed to amend or update their [Stormwater Pollution Prevention Plan] . . . as required by the Permit to account for the affects of climate change." (*Id.*) CLF's complaint asserted eleven causes of action under the CWA and three under RCRA. (*See*

1

*generally* Am. Compl., ECF No. 47.) The Court dismissed two of the RCRA claims in response to a Rule 12 motion, but one RCRA claim and all eleven CWA claims remain. *Conservation L. Found. v. Shell Oil Co.*, 628 F. Supp. 3d 416, 449 (D. Conn. 2022).

The parties held their Rule 26(f) conference on January 18, 2022, and the conference revealed considerable disagreement about the proper scope of discovery in this case. (*See id.* at 9-17.) CLF anticipated needing discovery on such topics as "Defendants' knowledge of climate change risks to infrastructure, including risks to the Terminal specifically and infrastructure more generally," and "Defendants' policies concerning the preparedness of its infrastructure for climate change." (*Id.* at 11.) By contrast, the Defendants contended that CLF's claims – which "allege only current or ongoing non-compliance with specific CWA permit terms or RCRA statutory or regulatory provisions" – present only "narrow questions" for the Court, and that the scope of discovery should be correspondingly narrow. (*Id.* at 10-11.) Thus, when CLF served interrogatories and requests for production of documents three months later, the Defendants objected to all eleven interrogatories and sixty-four out of sixty-five production requests. (ECF Nos. 149-4, 149-5.)

The parties nonetheless avoided significant discovery motion practice in 2022. In July, CLF moved for an order compelling compliance with its interrogatories and requests for production (ECF No. 84), but the Defendants agreed to produce additional documents in rolling productions, and they also offered to produce a New Haven Terminal engineer named James Yeates for a deposition. (*See* ECF No. 149, at 2.) The Court therefore denied the motion without prejudice to renewal because the parties had jointly reported that this "ongoing discovery . . . will likely change the character and scope" of the motion, "and may even obviate the need for it entirely." (ECF No. 96.) The Defendants then made several additional document productions,

with the last occurring on December 31, 2022 (ECF No. 149, at 5), and CLF deposed Mr. Yeates on December 22, 2022.  (ECF No. 152.)

In early 2023 CLF concluded that the rolling productions and deposition had not resolved things, and a blizzard of discovery motions ensued.  CLF renewed its motion to compel in a 49-page submission accompanied by eighteen exhibits totaling 451 pages.  (ECF Nos. 149-63.)  The Defendants responded to that motion with a 46-page opposition and 183 pages of exhibits (ECF No. 177), and CLF filed 117 pages of briefing and exhibits in reply.  (ECF No. 191.)  CLF also filed a motion to exceed Rule 30's default limit of ten depositions per side, in part because it contended that the depositions of Mr. Yeates and others had been "[un]fruitful," (ECF No. 181, at 18), and the parties ultimately submitted 339 pages of briefing and exhibits in connection with that motion.  (ECF Nos. 181, 193.)  Moreover, each side objected to the other's Rule 30(b)(6) deposition notice, resulting in two additional motions totaling 284 pages with exhibits.  (ECF Nos. 200, 210, 216; 215, 227, 244.)  Each side also moved to have the other sanctioned (*see* ECF Nos. 203, 215), and the parties battled over whether several filings should be sealed from public view.  (*See, e.g.,* ECF Nos. 150, 174, 180, 182, 221, 225, 226, 233, 234, 238, 239, 247.)  The Court has resolved some of these motions, but as of this writing, seven discovery and discovery-related motions remain pending.  (ECF Nos. 149, 181, 182, 199, 200, 203, 215.)

On June 13, 2023, the Defendants filed a motion for partial summary judgment.  (Mot. for Partial Summ. J., ECF No. 248) ("MPSJ").  They seek dismissal of nine of the eleven CWA claims. (Memo. of L. in Supp. of MPSJ, ECF No. 248-1, at 1.)  The Defendants argue that "[t]hese nine claims are entirely premised on an erroneous assertion that" their stormwater discharge permit "imposes a vague requirement that permittees must 'consider' risks associated with a litany of climate change and weather-related factors[.]" (*Id.*)  In their view, this assertion is "simply wrong"

because the "unambiguous plain language" of the permit "contains no such requirement." (*Id.*) Their MPSJ does not attack the other two CWA claims, nor does it attack either RCRA claim. Thus, even if the MPSJ were to be granted in its entirety, it would not dispose of the entire case.

The Defendants filed this Motion three days after they filed their MPSJ. (ECF No. 250.) Although the Motion asks the Court for an order "limit[ing]" discovery (*id.*), the accompanying memorandum of law makes clear that they seek a complete stay. (Defs.' Memo. of L. in Supp. of Mot. to Limit Further Disc., ECF No. 250-1, at 1) ("Memo.") ("Defendants . . . respectfully move the Court to stay discovery[.]"). In substance, the Defendants have asked the Court to hold its decisions on the other discovery motions in abeyance until their MPSJ is decided. (*See id.* at 5.) They explain that they have already "made document productions comprising over many thousands of documents," "provided CLF a site visit" to the Terminal, and produced "four company representatives" and "three . . . engineering consultants" for depositions." (*Id.* at 6.) They argue that, if the Court were to decide any of the pending motions in CLF's favor, they would be subjected to an additional round of "extremely burdensome" discovery that "would be mooted if the MPSJ is granted." (*Id.* at 5.)

CLF opposes the Motion. (*See generally* Opp'n.) It begins by pointing out that, since the parties have completed the discovery upon which they agreed – and are waiting for the Court to decide the issues upon which they have not agreed – discovery is essentially stalled and "there is no need . . . for a stay of discovery at this juncture." (*Id.* at 5.) More substantively, CLF argues that the Defendants "have not shown good cause to stay the pending, fully briefed discovery motions." (*Id.*) Among other reasons, it says that "[r]esolution of the MPSJ in Defendants' favor would not dispose of the entire case against any Defendants nor alter the outcome of any pending

discovery motion." (*Id.* at 8.) CLF also urges the Court to deny the Motion for non-compliance with the meet-and-confer and affidavit requirements of D. Conn. L. Civ. R. 37(a). (*Id.* at 14-15.)

The Defendants filed a reply brief on July 21, 2023. (Reply, ECF No. 262.) Neither side requested oral argument (*see* ECF Nos. 250, 259), and accordingly the motion is ripe for decision.

**2. Discussion**

"A request for a stay of discovery is treated as a request for protective order under Rule 26(c)." *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-cv-1765 (CSH), 2018 WL 1960112, at * (D. Conn. Apr. 26, 2018). Rule 26(c) authorizes district courts, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(b)(1). Provided that the movant demonstrates good cause, "'[a] district court has considerable discretion to stay discovery' pursuant to Rule 26(c)." *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-cv-509 (VLB), 2014 WL 3895923, at *2 (D. Conn. Aug. 8, 2014) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). "The person seeking the stay bears the burden of establishing good cause for staying discovery." *Wiremold Co. v. Thomas & Betts Co.*, No. 3:16-cv-2133 (VLB), 2017 WL 11535872, at *1 (D. Conn. May 4, 2017) (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012)).

Courts in this district do not typically stay discovery upon the filing of a dispositive motion. *Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, No. 3:20-cv-593 (KAD), 2020 WL 5411484, at *1 (D. Conn. Sept. 9, 2020) ("Generally, it is not the practice of this Court to stay discovery upon the filing of a dispositive motion."). It is well established that "[t]he filing of a dispositive motion in and of itself does not halt discovery obligations," and "a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion." *Ruocchio v. Panera*

*LLC*, No. 2:20-cv-2564 (DG) (JMW), 2023 WL 2403627, at *2 (E.D.N.Y. Mar. 8, 2023). Put differently, "while discovery may in a proper case may be stayed pending the outcome" of such a motion, "the issuance of a stay is by no means automatic." *Stanley Works*, 2018 WL 1960112, at *2 (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)) (brackets omitted).

In considering whether to exercise their discretion in favor of a stay, courts typically consider three factors. *Commc'ns Gateway Co., Ltd. v. Gartner, Inc.*, No. 3:20-cv-700 (VAB), 2021 WL 1222198, at *5 (D. Con. Mar. 31, 2021) ("Courts consider three factors when determining whether a stay of discovery pending a dispositive motion is appropriate[.]"). The first is "[w]hether the defendant has made a strong showing that the plaintiff's claim is unmeritorious." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010). The second is "[t]he breadth of discovery and the burden of responding to it," and the third is "[t]he risk of unfair prejudice to the party opposing the stay." *Id.* These factors are not exclusive, *Shaw v. Hornblower Cruises & Events, LLC*, No. 21-cv-10408 (VM), 2023 WL 2330368, at *4 (S.D.N.Y. Mar. 2, 2023), and courts of course also consider the broader "circumstances and posture of each case." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72 (quoting *Alford v. City of N.Y.*, No. 1:11-cv-622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012)).

With respect to the first factor – the strength of the dispositive motion – Judge Dooley has observed that "[t]he district courts in this Circuit are not uniform in their analysis." *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-784 (KAD), 2020 WL 7232551, at *3 n.2 (D. Conn. Nov. 12, 2020). On the one hand, several courts have stated that this factor weighs in favor of a stay when the dispositive motion articulates "substantial grounds" for dismissal or "do[es] not appear to be without foundation in the law." *E.g., Brown v. Katz*, No. 3:18-cv-279 (VLB), 2018 WL 11486500,

at *1 (D. Conn. July 24, 2018); *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-cv-38 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012). On the other hand, "at least one court in this Circuit has rejected the 'without foundation in law' threshold as inappropriately 'encompassing a motion with little chance of succeeding,'" because such an "'overly lenient standard . . . is likely to result in unnecessary discovery delay in many cases.'" *Metzner*, 2020 WL 7232551, at *3 n.2 (quoting *Hong Leong*, 297 F.R.D. at 72).

In this case, the first factor does not clearly support a stay even if the Court were to use the former, more favorable formulation. In *Stanley Works*, Judge Haight applied that formula but nevertheless held that the first factor did "not weigh in favor of either party." 2018 WL 1960112, at *3. He allowed that the defendants had come forward with substantial arguments that had a foundation in the law. *Id.* But the plaintiff had opposed the dispositive motion with substantial arguments of its own, and "[b]oth sides strongly insist[ed] that their adversary's position ha[d] no merit." *Id.* Because to do more would require an "attempt to predict the outcome of the [dispositive] motion," Judge Haight deemed it "sufficient for these purposes to state that both parties have raised arguments, founded in law, and while Defendants' motion to dismiss is potentially dispositive, it is not at all clear that the Plaintiff's claims are wholly unmeritorious." *Id.* That is the case here; without attempting to predict the outcome of the MPSJ, the Court observes that both sides have raised substantial arguments that are not without a foundation in the law. (*Compare* Defs.' Memo. of L. in Supp. of MPSJ, ECF No. 248-1, *with* Pl.'s Memo. in Opp'n to MPSJ, ECF No. 259.)

Moreover, when assessing the "strength of the dispositive motion" under the more stay-friendly formula, courts have considered whether the motion is likely to dispose of the entire case. In *Johnson v. Gonzalez*, for example, Judge Haight explained that the "Defendants would need to

prevail on nearly all" of their numerous arguments "to result in the Amended Complaint being dismissed *in its entirety*," and for this reason and others, he held that the first factor did not break in favor of either party. No. 3:21-cv-585 (CSH), 2023 WL 2770684, at *3 (D. Conn. Apr. 4, 2023) (emphasis added); *accord Hachette Distrib., Inc. v. Hudson Cnty. News Co., Inc.*, 136 F.R.D. 356, 358-59 (noting that dispositive motion "would not result in the termination of this action," and observing that "[t]his is significant since discovery will proceed in the case whether or not the . . . motion is granted").[1] In this case, the Defendants concede that their MPSJ will not dispose of the entire case. (Reply at 3) (acknowledging that the MPSJ addresses only nine of the twelve remaining claims). For these reasons, the first factor is neutral at best. *Stanley Works*, 2018 WL 1960112, at *3; *Johnson*, 2023 WL 2770684, at *3.

The second factor – the breadth of discovery and the burden of responding to it – weighs against the stay that the Defendants seek. Their Motion is not the paradigmatic stay motion, in which a defendant seeks a stay at the beginning of the case to avoid all discovery expense. *See, e.g., ITT Corp.*, 2012 WL 2944357, at *1 (ruling on motion to stay that was filed on the same day that the defendant appeared). Rather, they filed their Motion after nearly two years of litigation;

---

[1] The Court does not regard *Puccinelli v. Southern Connecticut State University*, cited by the Defendants, as undercutting this principle. (Memo. at 3) (citing *Puccinelli v. S. Conn. State Univ.*, No. 3:21-cv-763, ECF No. 30 (D. Conn. Feb. 14, 2022)). In *Puccinelli*, Judge Nagala held in a brief docket text entry that the first factor weighed in favor of a stay because the moving party had made a "strong showing that Plaintiff's claims [were] unmeritorious." She added that the motion to dismiss would, "at the very least, narrow Plaintiff's claims substantially," and the Defendants evidently regard this one-sentence utterance as authority for the proposition that the first factor can break in favor of a stay even when the dispositive motion is only partial. But the motion to dismiss in *Puccinelli* was not partial. (*See* ECF No. 17 in 21-cv-763) (seeking dismissal of plaintiff's entire amended complaint). Moreover, in *Puccinelli* the defendants claimed Eleventh Amendment immunity with respect to several claims (ECF No. 18 in 21-cv-763), and in reaching her holding, Judge Nagala cited "the importance of resolving immunity questions at the earliest possible stage in the litigation." (ECF No. 30 in 21-cv-763) (citing *Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018)). This case raises no such questions.

8

after they had submitted to significant discovery; and after they had taken discovery from CLF. Courts have denied motions to stay under similar circumstances. *See, e.g., Tripathy v. Schneider*, No. 21-cv-6392 (FPG), 2023 WL 2388505, at *1 (W.D.N.Y. Mar. 7, 2023) ("If the parties have nearly completed discovery, it would be inefficient to impose a stay, which would create a risk of having to restart discovery after motion practice, thus further delaying resolution of this matter."); *Royer v. Fed. Bureau of Prisons*, 292 F.R.D. 60, 62 (D.D.C. 2013) (declining to stay discovery during the pendency of a late-stage dispositive motion because "BOP cannot now complain, after three years of litigation, that it has not had the opportunity to dispose of this case without discovery"). Furthermore, with the agreed-upon discovery completed – and with the contested discovery awaiting the Court's decision on the pending motions – the Defendants are facing no discovery burdens at this time. They predict that discovery may *become* burdensome if the Court grants any of those motions (Memo. at 5), but the Court of course can and will consider principles of undue burden and proportionality in deciding them. *See* Fed. R. Civ. P. 26(b)(1). In short, the Defendants have not shown that they will be subjected to any undue burdens in the absence of the stay that they seek.

The third factor – the risk of unfair prejudice to the opposing party – also weighs against a stay. CLF is currently under a November 17, 2023 deadline for its own summary judgment motion (ECF No. 131), and the presiding District Judge, the Hon. Jeffrey A. Meyer, recently scheduled oral argument on the Defendants' MPSJ for October 19, 2023. (ECF No. 261.) Thus, the form of stay that the Defendants seek would likely present CLF with a choice between moving for a significant scheduling order amendment in this already two-year-old case, or approaching its current dispositive motion deadline without the benefit of whatever additional discovery may result from the pending discovery motions. The Defendants appear to assume that that the schedule

9

can be reset to cure any prejudice (*see* Reply at 6-7), but this ignores that CLF is entitled to a speedy litigation just as much as the Defendants are entitled to an efficient one. *See Friedman as Tr. of Ellett Bros., LLC v. Nexien, Inc.*, No. 21-cv-3292 (DRH) (JMW), 2021 WL 5910763, at *2 (E.D.N.Y. Nov. 9, 2021) (observing that motions to stay under Rule 26(c) are subject to Rule 1's command that the Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Staying resolution of the pending discovery motions for another several months would not serve that purpose, and it would be prejudicial to CLF.

The Defendants bear the burden to show that a stay of discovery is appropriate. *Louis Vuitton Malletier S.A.*, 676 F.3d at 97. Because the first of the three factors considered by the Court is neutral at best, and because the second and third factors weigh against a stay, the Defendants have not met that burden.

3.  **Conclusion**

In closing, the Court will briefly address two other issues raised by the parties. First, CLF says that the Motion should be denied for the additional reason that the Defendants did not comply with Local Rule 37's affidavit and meet-and-confer requirements. (Opp'n at 14-15.) The Defendants respond that CLF did likewise when it moved to stay a discovery deadline earlier in the case (Reply at 2 n.2) (citing ECF No. 166), and they complain that "CLF apparently doesn't follow the proverbial 'goose and gander' rule." (*Id.*) Having decided the motion on more substantive grounds, the Court does not need to address this argument, but it reminds both sides that compliance with Local Rule 37 is not optional. Second, the Defendants requested an expedited oral argument on their MPSJ if the Court denied their request for a stay (Motion at 1), but with

Judge Meyer having set the date for argument in the meantime (ECF No. 261), that request is denied as moot.

For the foregoing reasons, the Defendants' Motion to Limit Further Discovery Pending Resolution of Defendants' Motion for Partial Summary Judgment (ECF No. 250) is **DENIED.** The Court will proceed to decide the pending discovery motions.

This is not a recommended ruling.  It is a ruling by a Magistrate Judge on "nondispositive motions . . . relating to discovery," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b).  It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge