UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-JAM <br><br> November 22, 2023 |

**AFFIDAVIT OF ATTORNEY ALEXANDRA M. JORDAN
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

I, Alexandra M. Jordan, an attorney for Plaintiff Conservation Law Foundation, Inc., ("CLF") in this matter, state as follows:

1. I am an Attorney at CLF and have knowledge of the facts contained herein. This affidavit is based on my personal knowledge and can be verified by correspondence and other documents filed with CLF's Motion to Compel and cited in this Affidavit and in the Motion.

2. CLF has met and conferred with counsel for Defendants in an effort in good faith to resolve by agreement the issues raised by the Motion to Compel without the intervention of the Court, but the Parties have been unable to reach agreement as to Defendants' objections on the relevance, burden, and proportionality of Revised RFPs 6, 7, 9–12, 17, 18, 20, 23–29, 31–34, 36, 38–49, 51, 53, 54, 63, and 64.

3. At the license and invitation of this Court, *see* ECF 277, CLF timely re-issued Revised Requests for Production 6, 7, 9–12, 16–18, 20, 23–29, 31–34, 36, 38–49, 51–54, 57, 59, 63, 64 ("Revised RFPs") on September 5, 2023.

1

**THE PARTIES' NEGOTIATIONS OVER CLF'S REVISED RFPS**

4. The Parties jointly proposed that Defendants' deadline to respond to the Revised RFPs and produce documents would be October 5, 2023. *See* ECF 285, at 5 ("Defendants Respond to Revised Requests / Produce Documents: October 5, 2023.").

5. Pursuant to this Court's September 15, 2023 scheduling order, Defendants were ordered to "respond to the plaintiff's revised discovery requests on or before October 5, 2023." ECF 286. CLF was ordered to "file any motions to compel arising out of the revised discovery requests on or before November 6, 2023." *Id.*

6. Prior to responding or providing formal objections to the Revised RFPs, Defendants sent a redline to CLF "to align the requests with the MTC order and Judge Farrish's guidance at the 9/7 conference." Email from Reddy to CLF Counsel (Sept. 12, 2023), ECF 285-1 at 166.

7. In response to Defendants' redline, CLF requested clarification as to whether the proposed revisions were mere voluntary narrowing language or if Defendants would accept their proposed language without objections. *See* Jordan Email (Sept. 13, 2023), Ex. Q at 3.

8. Defendants clarified that their proposed language was only "to eliminate disputes where a revised RFP on its face was inconsistent with the Court's MTC order" and so Defendants could only confirm they would not object for facial overbreadth. *See* Reddy Email (Sept. 14, 2023), Ex. Q at 2. In their response, Defendants also noted that since they had "not yet had time to attempt to search for and gather documents" they could not yet say if they had additional burden objections. *Id.*

9. Upon learning that Defendants would not acceptance their own proposed language and that Defendants had not determined if their proposed language presented a burden, CLF declined to accept Defendants' redline and invited Defendants to conduct searches and reengage when the Parties could negotiate to reduce that burden. *See* Jordan Email (Sept. 15, 2023), Ex. Q

at 1. Instead of accepting removal of requests on other facilities, CLF proposed two means of narrowing CLF's "other facility" requests: either through limiting the requests to only coastal facilities that store or handle petroleum in bulk (a) within the Americas or (b) that have been assigned a Risk Assessment Matrix rating of yellow or red for weather through Defendants' risk rating process. *Id*. CLF and Defendants had previously discussed these options in the context of Defendants' Rule 30(b)(6) depositions, *id*., in which CLF explained that the risk rating option was chosen to "minimize[] inclusion of irrelevant information and prioritize[] information related to the core issues in the case." Jordan Email (Sept. 14, 2023), Ex. T at 17. CLF also reminded Defendants of their commitment to produce documents on the response deadline and their obligation to produce documents within a non-overbroad reading of the RFP. Jordan Email (Sept. 15, 2023), Ex. Q at 1.

10. The Parties met and conferred on September 19, 2023 to discuss, in part, potential resolutions of the other facilities language in CLF's RFPs. In that meet and confer, Defendants rejected CLF's second formulation on other facilities and CLF invited Defendants to come up with a counterproposal. *See* Jordan Letter (Sept. 20, 2023), Ex. R at 4.

11. Upon issuance of the Court's Order on CLF's Motion for Partial Reconsideration and/or Clarification on October 2, 2023, ECF 293, CLF agreed to some of Defendants' proposed changes to CLF's Revised RFPs on October 3, 2023 by means of withdrawing RFP 16, and accepting some of Defendants' proposed redlines to RFPs 12, 31, 32, 39, 45, 46, 47, 48, 49, and 59. Jordan Email (Oct. 3, 2023), Ex. S at 1; CLF Redline Resps. Revised RFPs (Oct. 3, 2023), Ex.

D.[1] CLF also adopted the Risk Assessment Matrix formulation for other facilities for RFPs 9, 10, 17, 23, 24, 25, 26, 27, 28, 48, and 64. *E.g.*, *id.* at 12.

12. CLF consented to an extension of one week, to October 12, 2023, for Defendants to respond and produce documents in response to CLF's Revised RFPs, while noting that such an extension should not be necessary given Defendants' obligation to search for and produce documents responsive to Defendants' reasonable constructions of the Revised RFPs, which Defendants provided via redline weeks earlier. *See* Jordan Email (Oct. 3, 2023), Ex. S at 1. Defendants requested an extension to respond until October 12, 2023, ECF 295, which this Court granted, ECF 296.

13. CLF received Defendants' responses to CLF's Revised RFPs at 12:01 a.m. on October 13, 2023.[2] *See* Defs.' Initial Resps., Ex. F. Defendants did not produce any documents. CLF inquired about the lack of production on October 13, 2023 by email, and noted that Defendants had consented to October 12, 2023, as their production deadline. Jordan Email (October 13, 2023), Ex. P at 22.

14. In joint discussions on Rule 30(b)(6) deposition topics and the Risk Assessment Matrix formulation on other facilities, Defendants stated: "Defendants' limiting principal is and has always been that there should be some nexus to the New Haven Terminal. Straying from that limiting principle and engaging with CLF's abstract questions regarding the number of facilities that would not be burdensome ignores the implications of requiring a witness to speak broadly about the characteristics and operations of any number of entirely separate facilities that have their

---

[1] This is a PDF version of a Microsoft Word document CLF attached to its email correspondence to Defendants on October 3, 2023. The PDF preserves the Parties' comments to each other. Defendants' comments are in purple and denoted by "[A#]" whereas CLF's comments are in red and denoted by "[AJ#R#]".

[2] The receipt time for Defendants' revised RFPs in CLF's outlook is after midnight on October 13, 2023.

own practices, procedures, risks, and analyses. CLF's request that Defendants simply pick a number does not address the burden concerns Defendants have identified. . . . 'Coastal facilities that store petroleum' in the Americas encompasses a large number of locations and would subject Defendants to substantial burden to identify and account for every one of the facilities implicated by that descriptor." Reddy Email (Oct. 13, 2023), Ex T at 2–3 (responses from Defendants are in red).

15. On October 17, 2023, CLF requested a meet and confer to discuss Defendants' objections to nearly every Revised RFP. Jordan Email (October 17, 2023), Ex. P at 21. The Parties scheduled the conference for October 24, 2023. On October 20, 2023, CLF stated it "would like to discuss how Defendants intend to revise their objections and when we can expect to receive additional documents," "[i]n light of Bina's comments in the hearing yesterday regarding the impact of the MPSJ order on discovery." *Id.* at 19–20.

16. Defendants noted on October 18, 2023—in response to CLF's questions regarding the timing of producing documents in response to the Revised RFPs—that Defendants "have no additional documents to produce in response to CLF's Revised RFPs." Papetti Email (Oct. 18, 2023), Ex. U at 1.

17. The Parties met and conferred on October 24, 2023, to discuss the Revised RFPs and Defendants' objections. The Parties discussed whether Defendants' positions on the Revised RFPs would be updated based on the Court's denial of the Motion for Partial Summary Judgment. *See* Jordan Email (Oct. 26, 2023), Ex. P at 18–19. Defendants stated they had no changes to make to their objections or responses. *Id.* at 19. Defendants stated, for the first time, that they would be making a production of documents in response to the Revised RFPs. *Id.* The Parties agreed to meet again the following week and Defendants agreed to propose times for October 31, 2023. *Id.*

18. CLF sent a detailed list of issues with Defendants' responses to CLF's Revised RFPs on October 27, 2023, to be discussed at the October 31, 2023 meet and confer, and requested Defendants send times for the October 31, 2023 meeting. Jordan Email (Oct. 27, 2023), Ex. P at 15–16.

19. Defendants responded on October 30, 2023, to CLF's October 27, 2023 list of issues with an email asking clarifying questions on the basis for reviewing redacted documents for information responsive to the Revised RFPs and why the Court's decision on the Motion for Partial Summary Judgement would obligate Defendants to revise objections or responses to the Revised RFPs. *See* Papetti Email (Oct. 30, 2023), Ex. P at 13–14. Defendants did not propose times to meet for October 31, 2023, but instead requested a meeting on November 3, 2023. *Id.*

20. The Parties exchanged a number of emails on October 31 and November 1 regarding an extension for the deadline on the current Motion and scheduling the meet and confer given CLF's deposition of Defendants' consultant RPMS on the same date. *See* CLF Ext. Motion, ECF 306; Order, ECF 307. The Parties agreed to a November 3, 2023 meet and confer, and CLF responded to Defendants' clarifying questions on redactions and the import of the MPSJ decision, and CLF further raised issues with Defendants' time period objections and Motiva-specific objections. *See* Meinert Email (Nov. 2, 2023), Ex. P at 11–13.

21. The Parties met and conferred on November 3, 2023, and discussed the Revised RFP language and Defendants' objections. *See* Meinert Email (Nov. 6, 2023), Ex. P at 8–9. The Parties discussed the discoverability of other facilities, and Defendants stated they may have a proposal early the following week regarding the discoverability of other facilities but had nothing to share further at this time. The Parties discussed whether prior relevance redactions would be re-

6

reviewed for responsiveness to the Revised RFPs and Defendants stated they would not review information behind the redactions.

22. In the November 3, 2023 meet and confer, the Parties discussed Defendants' vagueness objections for words such as "pollution" and "climate change," and Defendants stated they were not withholding documents based on these objections. Meinert Email (Nov. 6, 2023), Ex. P at 8. The Parties discussed time period objections and whether Motiva and RCRA information was withheld pre-2017 regarding certain RFPs. *Id.* The Parties raised but agreed no discussion was needed on longstanding disputes between the Parties such as on the propriety of general objections. Defendants stated they would produce documents the week of November 20, 2023 but did not estimate the size and stated documents were collected in Summer 2023 as part of their ongoing obligation to supplement. Defendants indicated they would include documents responsive to the Revised RFPs as well. *See id.*

23. CLF followed-up from the November 3, 2023 meet and confer by email of November 6, 2023 with a summary of discussions and agreements and by providing additional identification of Revised RFPs with time period issues due to responsiveness to CLF's RCRA claims. Meinert Email (Nov. 6, 2023), Ex. P at 9 (listing Revised RFPs and Amended Complaint allegations). Defendants responded to this list by maintaining that they could withhold documents from prior to 2017 that relate "specifically to CLF's CWA claims," claiming that this Court completely denied discovery with respect to those claims in its Discovery Order (ECF 277). *Id.* at 7.

24. On November 8, 2023, CLF requested by email a timing update on receiving Defendants' proposal on discoverability of other facilities and requested copies of search terms used for the collections in the case noting that the record seemed to show the Parties had been

relying on a copy of the search terms from the Rhode Island matter and statements that those would be adapted and used in the Connecticut matter. *See* Meinert Email (Nov. 8, 2023), Ex. V at 3.

25. On November 9, 2023, Defendants confirmed a final copy of the Connecticut search terms as applied had not been shared and agreed to provide a copy as long as such an action would not be viewed as an invitation to negotiate those terms. Papetti Email (Nov. 9, 2023), Ex. V at 2–3. Defendants stated the proposal on discoverability of other facilities was expected by the end of the week and proposed a meet and confer early the following week. CLF agreed by email to a meet and confer early the following week and noted that CLF had "requested Defendants negotiate new search terms and/or search methods regarding the revised RFPs because the old searches appeared to CLF to be both under- and over-inclusive (Emails 10/12, 10/27) and Defendants response was that new collections were not being conducted (reviews were being done within prior collections)." Meinert Email (Nov. 10, 2023), Ex. V at 2. CLF went on to state: "And I hope Defendants appreciate that any motion on this issue would likely involve discussions of the scope of searches and comparison of resulting productions with the requests." *Id.*

26. On November 13, 2023, Defendants emailed with responses on time period issues regarding RFPs flagged by CLF with clarifying statements about the objections and responses to RFPs 7, 38, 42, 46, 49, and 53, and stated they would revise their response to RFP 42. Papetti Email (Nov. 13, 2023), Ex. P at 6–7. Defendants maintained that they could withhold documents from prior to 2017 that relate "specifically to CLF's CWA claims," claiming that this Court completely denied discovery with respect to those claims in its Discovery Order (ECF 277). *Id.* at 7. Defendants also noted they would need to share the proposal on discoverability of other facilities in the meet and confer on November 14, 2023. Defendants clarified that all prior document collections had used three sets of search terms: search terms on the First Set of RFPs agreed to in

the Providence matter, the August 2022 climate change terms, and search terms derived from CLF's Second Set of RFPs. *Id.* at 6 ("With respect to Defendants' document collections, Defendants used the search terms from the Providence matter as agreed by the parties, the August 2022 climate change terms, and search terms derived from CLF's Second Set of RFPs."); *see also* Prather Email (Aug. 3, 2022), ECF 177-2 at 45–49.

27. The Parties met and conferred on November 14, 2023 regarding Defendants' objections and responses to CLF's Revised RFPs. Defendants reported they did not have a proposal to share on the discoverability of other facilities. CLF offered to discuss parameters of how discovery of other facilities could work regardless of the details of Defendants' proposal, but Defendants were unable to discuss details. *See* Meinert Email (Nov. 14, 2023), Ex. P at 5–6.

28. In the November 14, 2023 meet and confer, the Parties discussed Defendants' document production of supplemental documents and documents responsive to the Revised RFPs. Defendants estimated they would produce roughly a few hundred documents during the week of November 20. *See* Meinert Email (Nov. 14, 2023), Ex. P at 5. The Parties discussed search terms used for Defendants' document collections and Defendants confirmed they would provide a copy of search terms. Defendants confirmed the search terms based on CLF's Second Set of RFPs were used on the original document collection that generated roughly 1.7 million documents. The Parties discussed whether Defendants' prior affidavits on their document searches could cause confusion as to what search terms had generated the 1.7 million collected documents. The Parties disagreed on whether the prior affidavits could cause confusion and whether an update to the Court could be warranted. *See id* at 5.

29. In the November 14, 2023 meet and confer, the Parties also discussed Defendants' burden objections. Defendants confirmed their objections were based on the burden of designing

searches and collections, not based on searches Defendants had performed to demonstrate the volume of responsive materials for any given Revised RFP. *See* Meinert Email (Nov. 14, 2023), Ex. P at 5. Defendants confirmed they had not searched for how many coastal facilities met the Risk Assessment Matrix classification of yellow or red for weather conditions. *Id.* Defendants clarified that their objections to searching for other facilities included relevance and burden objections for documents not yet collected, but they did not wholesale dispute that documents on other facilities could be relevant. Defendants confirmed that they coded documents previously collected and reviewed that applied only to other facilities as irrelevant, such that they would need to re-review those documents to identify documents responsive to the Revised RFPs. *See id.* at 5–6. Defendants confirmed that they had not conducted any searches within previously collected documents to determine how many documents may be responsive to CLF's Revised RFPs seeking information about other facilities. *Id.* Defendants reaffirmed their position that they would not, and had not, searched for responsive information that they had previously redacted on relevance grounds. *Id.*

30. On November 17, 2023, Defendants provided Revised Responses to CLF's Revised RFPs to correct "the typographical error in the response to Revised RFP 42." *See* Papetti Email (Nov. 17, 2023), Ex. P at 3.

31. On November 21, 2023, Defendants confirmed by email that they do not have a proposal for "seeking discovery on facilities other than the New Haven terminal." Defendants noted they were "unable" to "develop a proposal that would alleviate their undue burden and proportionality concerns with respect to these RFPs." Defendants noted "it took us some time to arrive at this conclusion and we appreciate CLF's efforts to confer, notwithstanding the impasse."

**OVERVIEW OF DEFENDANTS' DOCUMENT PRODUCTIONS AND SEARCH TERMS**

32. In total, Defendants have produced 41,135 documents to CLF in this matter, 20,844 of which are unique documents and the rest are classified as exact duplicates of other produced documents by CLF's eDiscovery software. Since the Renewed MTC, Defendants produced 149 documents on February 27, 2023; 20 documents on March 28, 2023; 39 documents on September 6, 2023; and 2 documents on October 18, 2023. The 39 documents produced on September 6, 2023 were provided in compliance with the Court's Discovery Order. The 2 documents produced on October 18, 2023, were provided prior to CLF's deposition of RPMS, which occurred on November 3, 2023. Defendants clawed back 6 documents on March 22, 2023, and 13 documents on May 9, 2023.

33. Defendants provided a metadata overlay on September 5, 2023 and a supplement on September 13, 2023 that provides a new column of metadata listing which RFPs the previously produced document is responsive to. This overlay was provided in response to the Court's Discovery Order (ECF 277). Defendants' metadata overlay identifies 4,985 documents as being responsive to one or more of the original RFPs. Defendants' metadata overlay identifies zero documents responsive to original RFPs 8–17, 19–22, 24–26, 28, 60–62, and 64.

34. To resolve disputes between the Parties on the completeness of the metadata overlay and compliance with Rule 34, Defendants produced file path metadata for previously produced documents on November 9, 2023. *See* Papetti Email (Nov. 9, 2023), Ex. V at 2–4.

35. The Parties negotiated search terms based on the First Set of RFPs in the Rhode Island matter, but Defendants have never shared with CLF the list of terms that they adapted for this litigation. *See* Papetti Email (Nov. 9, 2023), Ex. V at 3. The Parties reached agreement in March 2022 on terms based on 37 of the 65 RFPs: 7–11, 23–30, 32, 34–42, 44–47, 49–54, 56–59.

Exhibit A

*See* Prather Letter (Mar. 3, 2022), Ex. W.[3] The Parties agreed in April 2022 "i) CLF maintains its right to object to the search terms and strings and propose new ones after reviewing the documents produced, but CLF will only make such a proposal after the Court issues its decision on CLF's motion to compel and Defendants' cross-motion for protective order; and ii) Defendants will provide CLF with hit reports, including custodians and repositories searched, for all searches run with the new proposed search strings. For searches already completed using the initial search strings, Defendants will provide CLF with the custodians and repositories searched." *See* Prather Email (Apr. 11, 2022), Ex. X.

36. Upon learning Defendants were "in the process of collecting and reviewing more recent documents as part of a supplemental production," Prather Letter (Oct. 11, 2023), Ex. Y at 18, CLF promptly requested that Defendants jointly create new search terms for the Revised RFPs citing the apparent numerical overbreadth of their prior searches. Jordan Email (Oct. 27, 2023), Ex. P at 15–16 (noting Defendants' lack of response to CLF's October 12, 2023 search term email and quoting the same). CLF had asked whether document collections are being conducted using the search terms Defendants previously chose and disclosed to CLF on August 3, 2022; asked for confirmation of the terms; stated CLF has concerns with the unmodified use of this list because the set of "RFPs that are not in dispute have changed," the terms apparently resulted in a large collection but few responsive documents, and thus "jointly modifying the search terms" could result in "substantial reduction in burden" and create "efficiency of future dispute resolution." *Id.*

37. Defendants replied to CLF's search term request stating: "[t]he recent document collection was conducted using the same search terms Defendants previously used for the original

---

[3] However, Defendants' counsel filed an affidavit with this Court stating that the search terms used by Defendants correspond to only 19 of CLF's initial 65 RFPs. *See* Prather Decl., ECF 177-1 ¶¶ 13, 15.

document productions," but then noted Defendants also "[i]n addition to the list of search terms Defendants provided on 8/3/2022, Defendants used additional search terms derived from the language of the RFPs to which Defendants indicated they would provide documents . . . [t]hese search terms were agreed to in connection with the Providence litigation but were equally applicable to this litigation." Papetti Email (Oct. 27, 2023), Ex. P at 18. CLF responded the same day reiterating concerns with the use of the 95 search terms and raising "that additional (unidentified) search terms were chosen creates further confusion and contradicts Defendants' prior commitments to CLF. *E.g.*, ECF 84-8 at 1." Jordan Email (Oct. 27, 2023), Ex. P at 16.

38. In a meet and confer on November 3, 2023, Defendants confirmed the additional search terms were agreed to earlier in the Rhode Island matter and related to CLF's original RFPs and the current supplemental document collection occurred mid-summer before the Revised RFPs were served. *See* Meinert Email (Nov. 6, 2023), Ex. P at 8–9.

39. On November 8, 2023, CLF requested confirmation whether Defendants' "additional terms" came from the list emailed from Defendants to CLF on March 3, 2022, Ex. W, and noted that no final version of those terms, as adapted to the Connecticut matter, appeared to have been shared with CLF and requested a copy of the final terms used. Meinert Email (Nov. 8, 2023), Ex. V at 3. Defendants confirmed that no copy of the final terms had been provided, and agreed to provide a copy of the final terms. Papetti Email (Nov. 9, 2023), Ex. V at 3.

40. On November 13, 2023, Defendants emailed to "make a few clarifications with CLF's summary" of the November 3 meet and confer, to note that "Defendants' documents collections" "used the search terms from the Providence matter," "the August 2022 climate change terms, and search terms derived from CLF's Second Set of RFPs." Papetti Email (Nov. 13, 2023), Ex. P at 6. In a meet and confer on November 14, Defendants confirmed these three sets of search

13

terms had been used to collect the ~1.7 million documents described in their prior declarations. *See* Meinert Email (Nov. 14, 2023), Ex. P at 5;.*see* 128-5 ¶ 2; 177-7 ¶ 19.

41. As of this filing, Defendants have not provided CLF copies of the search terms used in their prior document collections.

42. As of this filing, Defendants have not produced any documents responsive to the Revised RFPs. On November 19, 2023, Defendants indicated that the production originally intended to be provided the week of November 20, 2023, would likely be delayed. Papetti Email (Nov. 21, 2022).

**RELATED DISCOVERY DISPUTES**

43. The Court ordered that CLF could identify up to 50 documents where Defendants redacted their documents, and Defendants were required to produce those documents unless objecting on privilege grounds. ECF 277 at 49–50.

44. On September 5, 2023, CLF identified 50 documents to be produced without redactions. Defendants objected to CLF's document list and only produced 36 documents in unredacted form. *See* ECF 292 ¶¶ 9, 11, 13–15. Defendants did not object on privilege grounds, but instead withheld fourteen documents because they believed the redactions did not deprive the rest of the document of context. *See* Jordan Letter (Oct. 5, 2023), Ex. Y at 10–11.

45. CLF did not, and does not, agree that Defendants had any grounds to withhold those 14 documents other than privilege concerns and views Defendants' decision to withhold those documents as a violation of the Court's Discovery Order. However, the Parties were able to resolve nearly all of their other disputes regarding ECF 277 compliance and CLF chose not to file a motion for Rule 37(b)(2)(A) sanctions to enforce the Court's Discovery Order just on those 14 documents out of respect for the Court's resources.

**EXHIBITS TO THE INSTANT MOTION**

46. CLF has attached to its Motion as Exhibit K Shell plc's Form 20-F Annual Report (Mar. 22, 2022) ("SEC Disclosure"). Shell plc is the ultimate parent corporation for Defendants Shell USA, Shell Petroleum, Equilon Enterprises, and Triton Terminaling, *See* Corporate Discl. Stmts., ECFs 26, 57. CLF produced Exhibit K to Defendants in the course of this litigation. Defendants have not produced a version of Exhibit K to CLF.

47. CLF has attached to its Motion as Exhibit L a paper called *Extreme Coastal Inundation Under Different Climate Scenarios: Fourchon Junction Case Study*, authored by two individuals employed by subsidiaries of Shell plc and published in Offshore Technology Conference (Aug. 16, 2021), Ex. L. This paper was recently discovered and purchased by CLF and has not been produced to CLF by any Defendant.

48. CLF has attached to its Motion as Exhibit M a side-by-side comparison of the original redacted and unredacted versions of SOPUS_NHVN00083831, and email thread. The original email in the thread refers to a document or attachment, *see* Ex. M at 2, that was not produced to CLF by Defendants.

49. CLF included as attachments to its motion one excel spreadsheet produced by Defendants and designated by confidential by Defendants. *See* Exhibit I. Because CLF cannot file excel spreadsheets through the CM/ECF system, CLF converted the cited portions of the documents into PDFs. I attest that the PDF versions of these documents are true and correct copies of the documents Defendants produced to CLF, converted to PDF to show only the cited information. If the Court would like to view the documents in their entirety, CLF will file the documents manually.

50. CLF is filing placeholders for several exhibits produced by Defendants and marked as confidential under the Court's Protective Order (ECF 7). CLF will file a motion to seal these

documents but state that CLF has insufficient information to justify sealing. CLF informed Defendants of its position and the relevant documents immediately before filing this Motion.

**DOCUMENTS SPECIFICALLY REQUESTED BY CLF**

51. On February 2, 2023, CLF requested specific documents, by name, that CLF had identified through a review of Defendants' productions. *See* Emails, ECF 285-1 at 12–13. CLF noted that these documents were responsive to specific requests CLF had served on Defendants. *Id.* at 13. Defendants declined to produce the documents on the basis of objections to CLF's First Requests for Production and that this Court resolved in its Discovery Order (ECF 277). *Id.* at 11–12. When CLF asked for further clarification to understand why Defendants were withholding the documents, Defendants did not respond. *Id.* at 10–11.

52. CLF re-raised this issue on September 2, 2023, after the Court resolved CLF's Renewed Motion to Compel through its Discovery Order (ECF 277), *see* Emails, ECF 285-1 at 10, and again on October 5, 2023, in the context of the Parties' conferences regarding whether Defendants were complying with ECF 277, *see* Letter (Oct. 5, 2023), Ex. Y at 4–6.

53. Defendants once again refused to produce the documents requested by CLF on the basis that Defendants need not produce those documents to comply with the Court's Order on RFPs 1, 2, 3, 4, 5, 30, 35, 55, 56, 62, 65. *See* Letter (Oct. 11, 2023), Ex. Y at 17.

54. Though Defendants have produced portions of the HSSE&SP Control Framework and Terminal Operations Manual, Defendants have not produced the complete versions of these documents to CLF and have determined which chapters or subsections thereof are relevant.

55. Since responding to CLF's Revised RFPs, Defendants have not produced any of the previously requested and withheld documents in full—indeed, Defendants have not produced *any* documents in response to CLF's Revised RFPs.

Exhibit A

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 22nd day of November, 2023.

                        */s/ Alexandra M. Jordan*
                        Alexandra M. Jordan