## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>    Defendants. | Case No: 3:21-cv-00933-JAM<br><br><br><br>December 7, 2023 |

## JOINT STATUS REPORT

Pursuant to the Court's order entered September 15, 2023 (Doc. 286), counsel for Plaintiff Conservation Law Foundation ("CLF" or "Plaintiff") and Defendants Shell Oil Company[1], Equilon Enterprises d/b/a Shell Oil Products US, Shell Petroleum Inc., Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file the following joint status report:

## I. DISCOVERY CONDUCTED

### A. Written and Document Discovery

Plaintiff served Defendants with its first set of requests for production and first set of interrogatories on April 13, 2022.  Defendants served responses to Plaintiff's first requests for production and answers to Plaintiff's first set of interrogatories on May 13, 2022.

---

[1] Effective March 1, 2022, Shell Oil Company changed its name to Shell USA, Inc. (Doc. 56).

Plaintiff served Defendants with its second set of requests for production and second set of interrogatories on October 3, 2022. Defendants served responses to Plaintiff's second requests for production and answers to Plaintiff's second set of interrogatories on November 2, 2022.

Defendants have produced over 41,000 documents to Plaintiff. At the time of the joint status report on May 12, 2023 (Doc. 220), Defendants had completed their document productions to Plaintiff, except for a limited number of documents that were identified during Defendants' privilege review that remained to be produced. Those documents were produced on February 24, 2023. Defendants did not withhold any privileged documents in their first five productions. Defendants prepared a privilege log for their December 31, 2022 production of over 30,000 documents and their supplemental productions. Defendants served their privilege log on March 23, 2023. Defendants served a revised privilege log on August 9, 2023. Plaintiff has reviewed Defendants' productions thus far and, on February 2, 2023, identified specific documents that appear to be responsive to certain requests but that have not been produced by Defendants. Defendants have reviewed the list sent by Plaintiff and believe the listed documents are non-responsive, or subject to Defendants' objections and the pending discovery motions.

Since the joint status report on May 12, 2023, Defendants conducted a supplemental document collection and produced non-privileged responsive documents on November 28, 2023. For documents withheld or redacted based on privilege from this supplemental production, Defendants intend to provide a privilege log shortly.

Defendants served Plaintiff with their first set of requests for production and first set of interrogatories on May 3, 2022. Plaintiff's responses to both were received on June 9, 2022. Plaintiff sent an amended response to Request for Production No. 7 on July 5, 2022. Defendants filed a motion to compel regarding these discovery responses on August 24, 2022, which was

granted in part and denied in part on September 21, 2022 (Doc. 113). Per the Court's order, Defendants served replacement discovery requests for Request for Production No. 1 and Interrogatory No. 15 on September 23, 2022. Plaintiff responded to these replacement discovery requests on October 24, 2022. The order also directed Plaintiff to supplement certain responses to Defendants' first set of interrogatories, which Plaintiff served on October 5, 2022.

Defendants served Plaintiff with their second set of requests for production and second set of interrogatories on October 2, 2022. Plaintiff served responses to Defendants' second requests for production and second set of interrogatories on November 1, 2022.

On December 1, 2022, Defendants filed a Motion to Compel regarding certain CLF discovery responses. (Doc. 133). Following briefing and a hearing, on January 16, 2023, the Court denied Defendants' Motion to Compel without prejudice but provided guidance to the parties, and stated that in response to this guidance, if Plaintiff wished to amend its interrogatory responses it should do so by January 30, 2023. (Doc. 148). Plaintiff did not file any amendments by January 30, 2023. Pursuant to the Court's order, on January 27, 2023, Plaintiff produced an un-redacted version of a document previously produced. On June 26, 2023, Plaintiff supplemented its response to Interrogatory 20. On July 12, 2023 Defendants sent Plaintiff an email following up on this supplemental response to Interrogatory 20 inquiring whether the response was accurate in light of documents that had been produced to Plaintiff. Plaintiff responded on July 17, 2023, and sent a supplemental response on August 25, 2023.

Plaintiff provided rolling productions to Defendants, with productions on June 17, July 22, August 12, December 5, 2022, January 20, January 23, January 27, February 4, March 22, March 31, April 10, 2023, June 20, 2023, and August 4, 2023. Plaintiff provided supplemental productions, in compliance with its obligations under the Federal Rules, on August 23, 2023,

August 29, 2023, September 18, 2023, and December 5, 2023. On February 10, 2023, Plaintiff provided Defendants with a key for their productions through January 27, 2023, identifying to which Request(s) each produced document responds. On August 4, 2023, Plaintiff provided Defendants with metadata overlays for the rest of their productions from February 4, 2023, to August 4, 2023, that indicate to which Request(s) each produced document responds. Plaintiff provided a similar overlay on October 10, 2023, for its eighteenth and nineteenth productions. Plaintiff provided Defendants with privilege logs on August 24 and December 5, 2022, and January 31, March 22, and May 1, 2023.

On January 20, 2023, Plaintiff filed its Renewed Motion to Compel (Doc. 149). Defendants filed their opposition on February 10, 2023 (Doc. 177), and Plaintiff filed a reply on February 24, 2023 (Doc. 191). On July 24, 2023, the Court denied the portion of Plaintiff's Renewed Motion to Compel that sought a finding of a blanket waiver of privilege (Doc. 264). On August 22, 2023, the Court granted in part and denied in part the remainder of the Renewed Motion to Compel ("MTC Order"), ordering CLF to identify to Defendants no more than 50 documents where CLF's ability to understand unredacted information was compromised due to redactions (with Defendants to provide those documents in unredacted form), ordering Defendants to provide Rule 34 information, and ordering Defendants to comply with certain requests for production and serve a revised response to Interrogatory 11 (Doc. 277). The Court also permitted Plaintiff to revise its remaining RFPs, on which the Court did not grant the motion to compel, and issue them to Defendants. CLF filed a Motion for Partial Reconsideration and/or Clarification (Doc. 280-1), which this Court denied in part and granted in part (Doc. 293).

On September 5, 2023, Defendants provided an additional document production, Defendants' Amended Responses to CLF's First Set of Requests to all Defendants, Defendants'

Supplemental Response to CLF's Interrogatory No. 11, and Rule 34 information. After significant conferring and a series of compromises, the parties resolved most issues regarding the MTC Order compliance, and CLF did not file a motion to compel compliance by the October 27, 2023 deadline. In compliance with the MTC Order and the discovery and scheduling conference on September 7, 2023 and subsequent order (Docs. 282, 283, & 286), on September 22, 2023, Defendants believed they produced unredacted versions of 36 produced documents, but only 15 were unredacted. In Defendants' production, 21 of those documents had technical issues that retained their prior redactions. Due to those technical issues, Defendants produced the 21 documents unredacted on October 10, 2023. In serving the production, Defendants maintained their objection that at least 45 of the 50 documents requested by CLF did not satisfy the Court's requirement that the documents be instances where CLF's ability to understand the unredacted information was compromised. The parties disagreed as to whether the other 14 of 50 documents were instances where CLF's ability to understand the unredacted information was compromised by the redacted information.

Plaintiff served its revised RFPs on Defendants on September 5, 2023. Defendants served responses to Plaintiff on October 12, 2023. CLF has filed a Motion to Compel regarding Defendants' responses to the Revised RFPs (Doc. 309). Defendants' response to this Motion is due December 8, 2023 (Doc. 307). In proposing the schedule that was entered by this Court, CLF offered to forgo and did not include a deadline to submit a reply to Defendants' response to CLF's motion to compel (Doc. 285). The Court did not enter a date for CLF to submit a reply brief in the adopted Scheduling Order (Doc. 286). CLF believes that the Court did not bar it from submitting a reply brief and intends to comply with Local Rule 7 regarding reply briefs. Defendants' position is that CLF's offer to forgo a reply brief and decision not include a specified date in the proposal of the schedule that the Court ultimately entered precludes it from filing a reply brief.

Plaintiff filed a Motion to Stay pending deadlines on January 27, 2023 (Doc. 166) and an Emergency Motion to Expedite Consideration of Plaintiff's Motion to Stay on January 31, 2023 (Doc. 167). Following limited briefing on Plaintiff's Emergency Motion to Expedite Consideration of Plaintiff's Motion to Stay and a hearing to discuss the scheduling issues raised by Plaintiff's Motion to Compel, on February 6, 2023, the Court adjourned the pending deadlines for Fact Discovery (February 16, 2023) and for Expert Disclosures (March 16, 2023) (Doc. 176) stating that it would revisit these deadlines when the motion to compel was fully resolved. Plaintiff filed a consent motion to vacate and reschedule the deadline to submit requests for admission until the resolution of the numerous pending discovery motions. (Doc. 270). The Court granted the motion and adjourned the deadline for requests for admission *sine die*. (Doc. 271). Following resolution of Plaintiff's Renewed Motion to Compel (Doc. 149), the Court ordered the Parties to submit a joint status report on scheduling (Doc. 283) and entered a new scheduling order (Doc. 286).

Also on February 23, 2023, Plaintiff filed a Motion to Seal documents attached to its Motion for Additional Depositions (Doc. 182) ("Second Motion to Seal"). Defendants filed their response to this motion on May 30, 2023 (Doc. 239), and Plaintiff filed its reply on June 13, 2023 (Doc. 247). The Court granted in part and denied in part this motion, ordering some documents to be filed on the docket (Doc. 288).

Plaintiff filed an additional Motion to Compel related to Defendants' privilege log on March 27, 2023 (Doc. 199). Defendants filed their opposition on April 24, 2023 (Doc. 211), and Plaintiff filed its reply on May 8, 2023 (Doc. 218). After an *in camera* review of the documents ordered by the Court (Doc. 218), which Defendants supported with affidavits (Docs. 266, 267, 268), the Court held that the documents are all protected by the attorney-client privilege. (Doc. 275).

Defendants amended their Initial Disclosures on May 2, 2023.

**B.    Depositions**

Defendants took five fact depositions between November 7 and November 11, 2022. Defendants deposed the five CLF members offered as having Article III standing for the organization (Anstress Farwell, Chris Ozyck, David Weinreb, Jacqueline Maisonpierre, and Tiffany Lufkin).  On December 12, 2022, Defendants filed a Motion to Compel further testimony from Plaintiff's standing witnesses.  (Doc. 136).   Following briefing and a hearing, on December 27, 2022, the Court issued a Ruling and Order granting Defendants' Motion to Compel (Doc. 142). Thereafter Plaintiff provided additional documentation associated with the standing witnesses and the depositions were reopened to allow additional questions consistent with the Court's direction. Defendants continued the depositions of the five aforementioned CLF members on January 24, 2022 and January 25, 2022. On November 8, 2023, CLF informed Defendants that Ms. Maisonpierre is no longer a CLF member and is no longer participating in the lawsuit.

Defendants also took the deposition of Renee Bourdeau, a consultant with Geosyntec hired to perform a factual investigation related to this litigation, on May 25, 2023. CLF attended and cross-examined Ms. Bourdeau.

Defendants have issued a F.R.C.P. 30(b)(6) notice to CLF.  The parties are at an impasse related to the scope of some deposition topics. Plaintiff filed a Motion for Protective Order on March 30, 2023 with respect to certain 30(b)(6) deposition topics noticed by Defendants (Doc. 200). Defendants filed their opposition on April 20, 2023 (Doc. 210), and Plaintiff filed a reply on May 4, 2023 (Doc. 216). The Parties were unable to come to a resolution of this motion (*see* Doc. 285; Doc. 298). This motion is pending before the Court.

Plaintiff has thus far taken the depositions of nine witnesses.  Plaintiff has deposed the following five individuals:

- James Kent Yeates[2] (December 22, 2022)

- James Ledbetter (January 24, 2023)

- Brian Evans (February 7, 2023)

- Michael Sullivan (March 23, 2023)

- Jennifer Bothwell (December 6-7, 2023)

Plaintiff also took F.R.C.P. 30(b)(6) depositions of four of Defendants' environmental consultants who perform work at the New Haven Terminal:

- Triton Environmental, Inc. (February 16, 2023)

- Sovereign Consulting, Inc. (March 7, 2023)

- Witt O'Brien's, LLC (March 16, 2023)

- RPMS Consulting Engineers (November 3, 2023)

Before taking the consultant depositions, Plaintiff also served subpoenas duces tecum on four of Defendants' environmental consultants: RPMS Consulting Engineers, P.C., Triton Environmental, Inc., Witt O'Brien's, LLC, and Sovereign Consulting, Inc. The Rule 45 subpoenas sought documents related to work done at the New Haven Terminal. RPMS produced responsive documents on October 10, 2022, and supplemented its responses on June 2, 2023. Triton produced responsive documents on October 11, 2023. Sovereign produced responsive documents on November 16, 2023. Witt O'Brien's produced responsive documents on October 14, 2022.

---

[2] This deposition was taken consistent with the parties' proposal set forth in the August 12, 2022 Joint Status Report (Doc. 95) in response to CLF's July 27, 2022 initial motion to compel (Doc. 84), and the Court's subsequent Memorandum of Status Conference (Doc. 96). The Yeates deposition in this case follows a process ordered by the Court presiding over a fully briefed motion to compel and cross motion for protective order regarding CLF's document requests in a parallel case pending in the United States District Court for the District of Rhode Island, *Conservation Law Foundation v. Shell Oil Products US, et al.*, No. 17-cv-00396-WES-LDA (the "Rhode Island Court").

Plaintiff also issued F.R.C.P. 30(b)(6) notices to three of the Defendants in this matter (Triton Terminaling, LLC, Equilon Enterprises, and Shell USA, Inc.).  Plaintiff filed a Motion to Compel these 30(b)(6) depositions and for sanctions on April 6, 2023 (Doc. 203). Defendants filed their opposition on April 27, 2023 (Doc. 214). Defendants simultaneously filed a Cross-Motion for Protective Order on Plaintiff's 30(b)(6) deposition topics and for sanctions on April 27, 2023 (Doc. 215). Plaintiff filed a reply in support of its Motion to Compel on May 11, 2023 (Doc. 219), and its opposition to Defendants' Cross-Motion on May 23, 2023 (Doc. 227). Defendants filed their reply in support of their Cross-Motion on June 6, 2023 (Doc. 244). The Parties were unable to come to a resolution of these motions (*see* Doc. 285; Doc. 298), which are pending before the Court.

Plaintiff requested to depose nine additional witnesses, as outlined in its Motion for Additional Depositions, filed on February 23, 2023 (Doc. 181). These additional witnesses are:

- Shell Petroleum, Inc.

- Motiva Enterprises LLC

- Jennifer Bothwell

- Karen Stammer

- Marco Fantolini

- RPMS Consulting

- Dr. Paul Verlaan

- Alain Comeau

- Shell Trading & Supply

Defendants filed their opposition on March 10, 2023 (Doc. 193). Following resolution of Plaintiff's Renewed Motion to Compel (Doc. 149), the Parties resolved some of the outstanding

issues in the motion. CLF has since deposed Jennifer Bothwell and RPMS Consulting. The Parties have agreed that CLF will be able to depose the remaining two Defendants, Motiva Enterprises and Shell Petroleum, Inc., in line with this Court's resolution of the pending motions on the Rule 30(b)(6) topics for the other Defendants. The Parties have also agreed to additional Rule 30(b)(6) topics for the Defendants' depositions in lieu of a deposition of Shell Trading & Supply. The Court denied CLF's the motion without prejudice to renewal if the remaining issues could not be resolved between the Parties (Doc. 287).

### A.  Other Discovery

A site visit was conducted on December 6, 2022. Seven representatives from Plaintiff attended, including experts.

### B.  Expert Discovery

Expert discovery will begin on March 1, 2024. (Doc. 286).

### C.  Damage Analysis

Plaintiff did not serve a separate damages analysis and relies on its statement in its initial disclosure that it does not seek damages but injunctive relief and civil penalties.

## II.    REMAINING DEADLINES

On June 16, 2023, Defendants filed a motion to stay all discovery pending resolution of their motion for partial summary judgment. (Doc. 250). Plaintiff filed its opposition to the motion on September 7, 2023 (Doc. 259), and Defendants filed their reply on July 21, 2023. (Doc. 262). On July 24, 2023, the Court denied Defendants' motion. (Doc. 263). The Court vacated the deadline for Requests for Admissions on August 3, 2023 (Doc. 271).

Following resolution of Plaintiff's Renewed Motion to Compel, this Court entered a Scheduling Order (Doc. 286). The following deadlines are forthcoming:

- All fact discovery shall be completed by February 29, 2024.

- Any party intending to call an expert witness must comply with Fed. R. Civ. P. 26(a)(2). Parties must designate any trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues as to which they bear the burden of proof by March 29, 2024. Depositions of any such experts must be completed by May 31, 2024.

- Parties must designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues as to which they do not bear the burden of proof by May 31, 2024.

- Rebuttal expert reports, if any, shall be disclosed by June 28, 2024.

- All expert witness depositions shall be completed by August 16, 2024.

- Discovery will close on August 16, 2024.

- Any motion related to preclusion of an expert must be filed on or before August 30, 2024.

- Requests for admission shall be served by August 30, 2024.

- Dispositive motions shall be filed on or before December 3, 2024.

- If no dispositive motions are filed, the joint trial memorandum will be due December 17, 2024. If dispositive motions are filed, the joint trial memorandum shall be filed 30 days after a ruling.

- Joint status reports addressing all matters listed on pp. 5-6 of ECF No. 52 shall be filed every three months beginning on December 7, 2023 and continuing through the filing of post-discovery dispositive motions. Once a post-discovery dispositive motion has been filed, or a firm trial date has been set, no further status reports are required.

    o The next status report is due March 7, 2024.

The Court has further ordered the Parties to submit simultaneous briefs with seven days of the completion of the last agreed deposition, or forty-five days prior to the close of fact discovery, whichever is sooner, if the Parties cannot come to agreement regarding Plaintiff's request to depose Karen Stammer, Marco Fantolini, Paul Verlaan, and/or Alain Comeau (Doc. 287).

At this time, the Parties do not expect to seek additional extensions of these deadlines. However, the Parties may seek relief from certain deadlines based upon the timing and outcome

of the Court's determination on the Parties' cross-motions regarding the Rule 30(b)(6) depositions

of Defendants (Doc. 181; Doc. 215), Plaintiff's Motion to Compel regarding its Revised RFPs

(Doc. 309), and whether the Parties are able to resolve Plaintiff's request for additional depositions

(*see* Doc. 287).

## III.   AMENDMENTS OR ADDITIONAL PARTIES

Plaintiff initially filed this action against Defendants and Shell Trading (US) Company.

(Doc. 1). Plaintiff dropped Shell Trading (US) Company as a defendant in its Amended Complaint.

(Doc. 47).

On April 1, 2022, Defendant Shell Oil Company filed a notice of corporate name change

with this Court, noting that its name changed to Shell USA, Inc., effective March 1, 2022.  (Doc.

56). Plaintiff has not filed an amended pleading reflecting this change.

Plaintiff does not currently anticipate amending its complaint or adding additional parties,

although Plaintiff reserves its right to seek leave to amend should the evidence disclosed in

discovery indicate such amendment is necessary and appropriate.

## IV.   DISPOSITIVE MOTIONS

Defendants Shell Oil Company, Equilon Enteprises LLC d/b/a Shell Oil Products US, Shell

Petroleum, Inc., and Triton Terminaling LLC moved for partial summary judgment on Plaintiff's

Counts I-IX on June 13, 2023 (Doc. 248). Defendants argued that the permit at issue in this case

does not impose an independent requirement to consider the climate change factors identified in

the Amended Complaint, and therefore the claims that Defendants have violated such a

requirement fail as a matter of law. Plaintiff filed its opposition on July 14, 2023 (Doc. 260),

arguing, among other things, that Defendants' interpretation of the permit is incorrect because the

plain language of the permit regulating industrial stormwater requires consideration of factors that

affect stormwater—including consideration of the impact of severe weather and climate change

on the Terminal as required by best industry practice, which is a fact-specific inquiry. Defendants filed their reply in support of their motion for partial summary judgment on August 3, 2023 (Doc. 272). A hearing before Judge Meyer occurred on October 19, 2023 (Doc. 261). Judge Meyer ruled from the bench, denying Defendants' motion as to all Counts (Doc. 302).

## V.      CONSENT TO MAGISTRATE JUDGE

The parties do not consent to a magistrate judge for all purposes or for trial. This case was referred to Magistrate Judge Farrish for all pretrial matters and case management on August 8, 2022. (Doc. 92). The parties have no objection to the continued referral of pretrial matters and case management to Magistrate Judge Farrish (subsequent to the October 5, 2022 reassignment of the case to Judge Meyer (Doc. 118)).

## VI.     REFERRAL FOR SETTLEMENT CONFERENCE

The counsel for both parties have conferred with each other and their respective clients with regard to seeking a referral for a settlement conference. A first settlement conference with Judge Vatti was held on October 5, 2022, following the exchange of information between the parties, but the parties were unable to reach a settlement at that time.  Judge Vatti held a status conference on June 14, 2023, in which it was determined that it is not the appropriate time to resume settlement discussions (Doc. 249). Judge Vatti held another status conference on November 30, 2023, in which the Parties agreed to referral of this case for settlement purposes to Judge Garcia, who is managing settlement in the related matter against Gulf Oil Limited Partnership (No. 3:21-cv-932). During this conference, Plaintiff stated that its terms for settlement had changed based on information learned in discovery. Defendants stated they were open to further settlement discussions. The Parties have not engaged in subsequent settlement conversations.

Dated: December 7, 2023                              Respectfully submitted,

                                                     */s/ Alexandra M. Jordan*
                                                     Alexandra M. Jordan (ct31466)
                                                     Ana McMonigle (ct31370)
                                                     Zachary Manley (phv207600)*
                                                     Conservation Law Foundation, Inc.
                                                     62 Summer St
                                                     Boston, MA 02110
                                                     Tel: (617) 850-1748
                                                     Tel: (203) 298-7692
                                                     Tel: (617) 850-1707
                                                     E-mail: ajordan@clf.org
                                                     E-mail: amcmonigle@clf.org
                                                     E-mail: zmanley@clf.org

                                                     James Crowley (ct31319)
                                                     Conservation Law Foundation, Inc.
                                                     235 Promenade Street
                                                     Suite 560, Mailbox 28
                                                     Providence, RI 02908
                                                     Tel: (401) 228-1905
                                                     Email: jcrowely@clf.org

                                                     Christopher M. Kilian (ct31122)
                                                     Kenneth J. Rumelt (phv207130)*
                                                     Conservation Law Foundation, Inc.
                                                     15 East State Street, Suite 4
                                                     Montpelier, VT 05602
                                                     Tel: (802) 622-3020
                                                     Tel: (802) 223-5992
                                                     E-mail: ckilian@clf.org
                                                     E-mail: krumelt@clf.org

                                                     Chance Raymond (ct31311)
                                                     Chance the Lawyer, LLC
                                                     650 Poydras Street
                                                     Suite 1400 PMB #2574
                                                     New Orleans, LA 70130
                                                     Phone: 832-671-6381
                                                     E-mail: chancethelawyer@gmail.com

                                                     *Attorneys for Plaintiff*
                                                     *Conservation Law Foundation, Inc.*
                                                     **Admitted as Visiting Attorney*

14

*/s/ Anthony G. Papetti*
Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com


Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: 1.410.230.1305
rprather@bdlaw.com


James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com


John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com


Bina R. Reddy (phv20420)
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000

15

F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*