**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-JAM |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | March 27, 2024 |
| *Defendants*. | |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S**
**REQUEST FOR DISCOVERY STATUS CONFERENCE HEARING**

Plaintiff Conservation Law Foundation, Inc. ("CLF") respectfully requests the opportunity to speak with the Court regarding ongoing discovery disputes. As outlined in the March 2024 Status Report, ECF 362, CLF and Defendants have continued to conduct discovery and negotiate discovery issues while discovery motions remain pending. Three discovery issues, detailed further in the following paragraphs, have failed to progress, have implications for relief at issue in pending motions, and provide grounds for additional motions. For those reasons, CLF seeks the Court's guidance on appropriate actions. Defendants oppose this request for a status conference hearing.

First, Defendants have not provided the search terms they used to collect documents in this case despite agreeing to provide the search terms in November 2023. *See* Jordan Aff., ECF 309-1 ¶ 39. Over four months later, Defendants now claim that they are "unable to locate" the search terms they used to collect documents in this case, and also assert that they collected all documents in the possession of some key custodians without the use of any search terms. *See* Papetti Email (Mar. 21, 2024), Ex. B at 11–12. Defendants' recent statement on broad collection without search

1

terms is inconsistent with Defendants' statements in briefing and affidavits submitted to the Court on this topic, which have claimed that search terms based on some of CLF's requests for production ("RFPs") resulted in collection of 1.7 million documents, and, thus, Defendants' associated costs (and burden) were based on the breadth of CLF's RFPs. *See, e.g.*, Defs.' Opp. to CLF's MTC, ECF 325-1 at 31 ("Using the costs incurred thus far in connection with Defendants' document productions in response to CLF's First RFPs that were not in dispute is illustrative. Using the agreed-upon search terms, Defendants collected 1,747,411 documents . . . ."); Contreras Decl., ECF 324-3 ¶ 18 ("Defendants ran searches of these terms across the Outlook Exchange email and OneDrive for Business accounts of all custodians as well as three SharePoint sites."); Contreras Decl., ECF 177-7 ¶ 17 (same); Papetti Decl., ECF 128-5 ¶ 2 ("Defendants have collected approximately 1,747,411 documents in response to [CLF's First RFPs] . . . . Defendants collected these documents by . . . running search terms derived from CLF's Requests across document repositories and databases."). On this issue, CLF has grounds to file a motion to strike Defendants' statements in affidavits and briefs regarding the scope of their searches and associated undue burden objections due to Defendants inability to determine the search terms they used and the inconsistencies between Defendants' prior sworn statements and their current statements.

Second, Defendants have only today located the New Haven Terminal's Stormwater Pollution Prevention Plan ("SWPPP") created to comply with Connecticut's General Permit for the Discharge of Stormwater Associated with Industrial Activity that was operative before July 2017; but are refusing to produce the document due to their time period objections because they claim the document was created in 2012.[1] *See* Papetti Email (Mar. 27, 2024), Ex. B at 3. This

---

[1] Prior to July 2017, Defendants' SWPPP was part of the Terminal's Integrated Contingency Plan ("ICP"). Defendants have not stated whether the 2012 ICP they recently located is the version of the ICP that was in effect from January to July 2017, or whether Defendants have failed to preserve later versions of the ICP.

SWPPP was the Terminal's required Clean Water Act compliance plan for the months of January to July 2017, which all Parties agree is a relevant discovery time period for this suit. *See* McMonigle Email (Dec. 12, 2023), Ex. C at 6. CLF specifically requested this earlier SWPPP in December 2023 as follow-up to deposition testimony from Defendants' former employee Jennifer Bothwell regarding its existence within the Terminal's ICP, but Defendants initially stated they had no copies of the document. *See* Reddy Email (Jan. 16, 2024), Ex. C at 3–4. Defendants' failure to previously collect and produce this foundational document over the last two years of discovery further suggests both that a disconnect exists between Defendants' written discovery responses and their productions and that Defendants' document collections have been inadequate. *See* Defs.' Rev. Resps. to CLF's Revised RFPs, ECF 309-7 at 28 (agreeing to produce all Clean Water Act technical filings that post-date January 1, 2017, in response to RFP 29); Defs.' Am. Initial Discl., ECF 219-3 at 3 ¶ 1 (identifying the SWPPP as the first document Defendants have in their possession, custody, or control and may use to support their claims or defenses under Fed. R. Civ. P. 26(a)(1)(A)(ii)); *but see* Prather Decl., ECF 324-1 ¶ 5(i) (asserting Defendants have produced "core documents," including the SWPPP). On this issue, CLF has grounds to file a status update on its pending motion to compel (ECF 309) to ensure this essential document is included in the scope of any relief, or will have grounds to file a motion on document retention/spoliation depending on the content of this newly discovered document, see *supra* note 1.

Third, Defendants have not answered basic follow-up questions from November 17, 2023, about the origin or completeness of file path information that was provided to CLF as a compromise agreement, pursuant to which CLF agreed to forgo motion practice over its claims that Defendants had violated the Court's Discovery Order, ECF 277, and were not in compliance with Rule 34. *See* Jordan Aff., ECF 309-01 ¶¶ 33–34; Papetti Email (Nov. 8, 2023), ECF 309-22

at 4. After months of reminders from CLF, Meinert Aff., Ex. A ¶¶ 6–7, Defendants now refuse to answer CLF's questions beyond a basic statement that the produced file path information is the same as in Defendants' document repository and was not edited when documents were collected, Papetti Email (Mar. 27, 2024), Ex. B at 4. This basic statement ignores CLF's fundamental issue: that the file path information does not reflect where the documents were stored in the usual course of business. *See* Meinert Email (Nov. 17, 2023), ECF 309-16 at 4. On this issue, CLF has grounds to file motions for sanctions and to enforce the Court's Discovery Order (ECF 277), based on Defendants' original non-compliance with the RFP identification relief in that Order and Defendants' failure to complete the file path agreement between counsel.

After months of pursuing firm answers from Defendants on these topics, and after Defendants stopped responding to CLF, Meinert Aff., Ex. A ¶¶ 4–7, CLF notified Defendants that CLF would file the instant request unless resolutions were imminent, see Meinert Email (Mar. 20, 2024), Ex. B at 13. The next day, Defendants provided CLF with some additional information, Papetti Email (Mar. 21, 2024), Ex. B at 10–12, but did not resolve any of the above issues, except for an ambiguous statement that an update on the SWPPP/ICP was forthcoming, Meinert Email (Mar. 21, 2024), Ex. B at 7–10. Today, after CLF's prodding regarding the SWPPP/ICP update, Meinert Email (Mar. 26, 2024), Ex. B at 7, Defendants provided an additional response indicating they found a copy of an ICP but object to producing it and provided lengthy protest to CLF's basic discovery questions and requests, Papetti Email (Mar. 27, 2024), Ex. B at 1–4.

As noted above for each issue, CLF has grounds to file additional discovery motions, but through this request for a status conference hearing, CLF first seeks guidance from the Court on appropriate actions to ensure these issues are presented efficiently, fairly, and are appropriately combined with pending motions. CLF believes that the first two issues bear directly on CLF's

pending Motion to Compel Discovery and Responses to CLF's Revised Requests for Production (ECF 309), including the appropriate remedy. The third issue relates to noncompliance with this Court's prior discovery order (ECF 277), which CLF spent months attempting to resolve without further intervention from the Court. *See, e.g.*, ECF 292 (seeking extension of time to enforce ECF 277); ECF 299 (same).

Dated: March 27, 2024

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Meinert*

James Y. Meinert (ct31637)
Alexandra M. Jordan (ct31466)
Zachary Manley (phv207600)*
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
Tel: (617) 850-1744
Tel: (617) 850-1748
Tel: (617) 850-1707
E-mail: jmeinert@clf.org
E-mail: ajordan@clf.org
E-mail: zmanley@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992

E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

*Attorneys for Plaintiff Conservation Law
Foundation, Inc.*

*\*Admitted as Visiting Attorney*