Exhibit B

| From: | Anthony G. Papetti |
|---|---|
| To: | James Meinert; Bina Reddy; John S. Guttmann; Craven, James O.; Megan L. Morgan; Roy D. Prather III |
| Cc: | Ken Rumelt; Alexandra Jordan; Christopher Kilian; Virginia Ryan; Ana McMonigle; Zack Manley; Chance Raymond |
| Subject: | RE: CLF v. Shell (CT) -- Defendants" responses to CLF"s revised RFPs |
| Date: | Wednesday, March 27, 2024 3:57:19 PM |

CAUTION: Email from outside CLF.

Counsel,

We respond to your specific questions below, but CLF's email raises a broader issue that Defendants address here first.

CLF served its First RFPs on April 13, 2022, and its Second RFPs on October 3, 2022. There has been motions practice regarding Defendants' scope and burden objections regarding the First RFPs, but Defendants have produced tens of thousands of documents responsive to these two sets of RFPs. As CLF is aware, there is a clear process available to CLF if it believes it has not received documents Defendants said would be produced: timely raise the issue with Defendants, confer, and if the issue cannot be resolved, file a motion. Defendants collected documents potentially responsive to CLF's RFPs based on the intensively negotiated Rhode Island case search terms, and based on the text of the RFPs themselves. This is a reasonable and appropriate process and we are not aware of any major gap in Defendants' productions. In fact, CLF has only identified two documents that it believed were missing – one document that was only recently created that we promptly found and provided (the recent Remedial Action Plan), and one very old document (the Motiva-era Integrated Contingency Plan (ICP)), for which we have done extensive searches of electronic and hard copy documents to locate a 12-year-old hard copy version of an ICP (see below for further detail.) In sum, Defendants have complied with their obligations to conduct reasonable searches for documents responsive to CLF's RFPs, and there is no basis to suggest otherwise.

Notwithstanding that, James's email below is the latest in a near constant barrage of demands by CLF for information about Defendants' discovery management and processes, including regarding collections and searches conducted years ago.  Defendants have written thousands of words and spent an enormous amount of time and money in an effort to respond to these inquiries. We are not under an obligation to do this; we have done this to date to be cooperative and in the hope – perhaps naïve – that we could address CLF's questions and put issues behind us. But no answer seems to satisfy CLF, and we invariably get a laundry list of follow-up demands for more information.  For example, we are now being asked which specific custodians had their full inboxes collected as opposed to search-based collections – work done years ago – for no apparent reason. Again, Defendants have complied with our obligations under the rules and CLF has received responsive documents -- CLF is not owed a detailed accounting of our decisions about discovery management. If Defendants decided to collect a full inbox because that was more efficient than running a series of searches, or for some other reason, Defendants do not need to explain that to CLF. We believe this is fishing for the sake of fishing, and that CLF is aware that the cost of these inquiries is almost entirely borne by Defendants. We are also concerned that parties cannot make meaningful forward progress with CLF's constant churn of (often very stale) questions.

Exhibit B

To the extent that CLF believes it is entitled to audit Defendants' discovery management and processes, we strongly disagree. CLF has never substantiated any of its speculative allegations that it has not received the documents responsive to its RFPs (consistent with Defendants' objections). If CLF identifies a specific issue with Defendants' production in response to an RFP, CLF is welcome to raise it. But we ask CLF give greater consideration to costs and efficiency, consistent with FRCP 1.

**CLF's Request for a Status Conference**

CLF's request for a status conference here does not make sense to Defendants, as it is completely unclear what "guidance" CLF is seeking. Is CLF asking the Court to order some relief with respect to document collection search terms used over two years ago, or FilePath information? If CLF believes there is an issue with Defendants' document production, the parties should meet and confer, and if the parties reach an impasse, then CLF can file whatever motion it believes is legally justified. Defendants note that many of the concerns CLF continues to raise now are untimely and/or waived.

Defendants also object to CLF submitting a unilateral statement of issues. If not gleaned from the Court's order last week on CLF's motion to amend the protective order, Defendants do not believe burdening the Court with ancillary discovery issues through a one-sided submission from CLF is appropriate.

As far as the issues CLF intends to raise with the Court, the information Defendants have provided (unless otherwise indicated) is intended to be final. As noted above, CLF's incessant stream of questions, both new and re-asked, results in seemingly few answers ever becoming "final." *See* Email from J. Meinert (Nov. 8, 2023) (acceptance of File Path information as compliance with Fed. R. Civ. P. 34(b)(2)(E)); Email from A. Papetti (Nov. 13, 2023) (discussion of search terms); Decl. of F. Contreras (ECF No. 324-03) (D. Conn.) (dated Dec. 8, 2023 ) (discussion of document collection process); Decl. of C. Williams (ECF No. 79-10) (D.R.I.) (discussion of document collection process) (dated Apr. 1, 2022).

If CLF decides to request this status conference, please include this email of Defendants' position in the record.

**Search Terms**

*Search Terms re CLF's First Set of RFPs*

The spreadsheet Defendants provided on March 21 reflects the search terms for the First RFPs that Defendants used to confirm that their document collection process effectively collected potentially responsive documents.  These search terms are the broader terms proposed by CLF rather than the redlined set of terms in Defendants' March 3, 2022 letter. As explained in Defendants' March 21 email, Defendants in fact collected more documents than those captured by CLF's broader search terms.

CLF already has the August 2022 "climate change" search terms. Defendants searched for each of

these terms individually as well as string searches as part of Defendants' document collection and review process.

<u>Search Terms re CLF's Second Set of RFPs</u>

Concerning CLF's Second Set of RFPs, consistent with their objections, Defendants conducted targeted searches for the RFPs that concerned a specific document or set of documents (*e.g.*, RFP 103). For those searches, Defendants used the names of the documents or went directly to the file location of where potentially responsive documents would be. This process is evidenced in the documents that have been produced to CLF, which we assume CLF has looked at. For example, in response to RFPs 101 and 103, Defendants searched for and targeted responsive documents, including the Terminal Information Book and manuals from the Health, Security, Safety, Environment and Social Performance Control Framework, which Defendants produced on December 14, 2022. *See* SOPUS_NHVN00049646-49775.

As we have previously explained, many of the Second RFPs did not require additional document collection searches as Defendants' prior document collections encompassed the documents potentially responsive to CLF's Second Set of RFPs. For example, our document collection for the First Set of RFPs searched for documents that hit on "hurricane," which would necessarily encompass documents responsive to RFPs 86 and 87 (pertaining to Hurricanes Irene and Harvey, respectively).

<u>Document Custodians and Collection Locations</u>

Regarding the custodians collected from, CLF has long had the agreed-upon list of custodians. *See* Email from R. Prather (Aug. 3, 2022). We do not understand why CLF is asking us to chase down additional information when CLF has this list, and we have confirmed the collection searches.   We merely noted that we collected the full inboxes of Michael Sullivan and Jennifer Bothwell because they are central witnesses in the case, and we assumed CLF would appreciate knowing that.  This information was not provided as an invitation for a litany of follow-up questions that appear to be just questions for the sake of asking questions.  It is of zero consequence to CLF that we may have collected *more* documents from certain custodians.

CLF raises Defendants' prior affidavits, and the language quoted by CLF from Defendants' prior affidavits is true. Defendants searched for potentially responsive documents "across the Outlook Exchange email and OneDrive for Business accounts of all custodians as well as three SharePoint sites." ECF 324-3 ¶ 18; ECF 177-7 ¶17. As noted above, we also collected full inboxes from some custodians.

**ICP**

Defendants located one hard copy Motiva ICP for the New Haven Terminal, and it is dated from 2012. Defendants are withholding this document consistent with their timeframe objections.   We note additionally that all of CLF's Clean Water Act claims against Motiva have been dismissed.

**File Path**

As Defendants have previously communicated to CLF, Defendants respond that they have provided the File Path information for the documents that were collected. The File Path information provided to CLF is the same File Path information reflected in Defendants' document repository. Defendants did not manually edit, truncate, remove root folders, or otherwise change the File Path information when they collected the documents. As previously stated, it is possible that some of the File Path information was truncated due to limitations of the system when the documents were collected.

Best,
Anthony

**Anthony G. Papetti**
He | Him | His
Of Counsel

**BEVERIDGE & DIAMOND PC**
O +1.212.702.5442 ~ M +1.646.300.2805 ~ APapetti@bdlaw.com

---

**From:** James Meinert <jmeinert@clf.org>
**Sent:** Wednesday, March 27, 2024 2:26 PM
**To:** Bina Reddy <BReddy@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>; Anthony G. Papetti <APapetti@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>
**Cc:** Ken Rumelt <krumelt@clf.org>; Alexandra Jordan <ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>; Virginia Ryan <vryan@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>; Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

**[EXTERNAL SENDER: Use caution with links/attachments]**

---

Great, thank you.

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** Bina Reddy <BReddy@bdlaw.com>
**Sent:** Wednesday, March 27, 2024 2:24 PM
**To:** James Meinert <jmeinert@clf.org>
**Cc:** Anthony G. Papetti <APapetti@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>; Roy D. Prather III <RPrather@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; Ken Rumelt <krumelt@clf.org>; Alexandra Jordan <ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>; Virginia Ryan <vryan@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>; Chance Raymond

<chancethelawyer@gmail.com>
**Subject:** Re: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

CAUTION: Email from outside CLF.

Hello James, we will have it to you asap and no later than 4pm ET.

Bina

Bina Reddy
Managing Principal, Austin office

BEVERIDGE & DIAMOND
O +1.512.391.8045 ~ M +1.847.736.0570 ~ breddy@bdlaw.com


On Mar 27, 2024, at 1:21 PM, James Meinert <jmeinert@clf.org> wrote:


**[EXTERNAL SENDER: Use caution with links/attachments]**

Hello Bina,
Is there any update on Defendants' response? CLF will go ahead and file at 5pm ET today if we have not heard from you.

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his


**From:** Bina Reddy <BReddy@bdlaw.com>
**Sent:** Tuesday, March 26, 2024 3:21 PM
**To:** James Meinert <jmeinert@clf.org>
**Cc:** Anthony G. Papetti <APapetti@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>; Megan L. Morgan <MMorgan@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Ken Rumelt <krumelt@clf.org>; Alexandra Jordan <ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>; Virginia Ryan <vryan@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>; Chance Raymond <chancethelawyer@gmail.com>
**Subject:** Re: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

CAUTION: Email from outside CLF.

Thank you James.

Exhibit B

Bina Reddy
Managing Principal, Austin office

BEVERIDGE & DIAMOND
O +1.512.391.8045 ~ M +1.847.736.0570 ~ breddy@bdlaw.com


On Mar 26, 2024, at 2:17 PM, James Meinert <jmeinert@clf.org> wrote:

**[EXTERNAL SENDER: Use caution with links/attachments]**

Thank you Bina. Yes CLF will wait to see Defendants' response before taking any actions and will include any response.

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** Bina Reddy <BReddy@bdlaw.com>
**Sent:** Tuesday, March 26, 2024 3:12 PM
**To:** James Meinert <jmeinert@clf.org>
**Cc:** Anthony G. Papetti <APapetti@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Ken Rumelt <krumelt@clf.org>; Alexandra Jordan <ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>; Virginia Ryan <vryan@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>; Chance Raymond <chancethelawyer@gmail.com>
**Subject:** Re: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

CAUTION: Email from outside CLF.

James, we are preparing a response to your email and were expecting to send it by the morning. Can you please wait so that our response is included?

Bina Reddy
Managing Principal, Austin office

BEVERIDGE & DIAMOND
O +1.512.391.8045 ~ M +1.847.736.0570 ~ breddy@bdlaw.com

On Mar 26, 2024, at 1:33 PM, James Meinert
<jmeinert@clf.org> wrote:

**[EXTERNAL SENDER: Use caution with links/attachments]**

Counsel,
CLF intends to shortly file a request for a status
conference as indicated below. CLF will indicate that
Defendants oppose the request, but please let us know
if that is incorrect.

Were Defendants able to determine if the March 21
email included the correct search term attachment?
And is Defendants' update regarding the ICP that a
copy of the document has been located?

Thank you,
James

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** James Meinert
**Sent:** Thursday, March 21, 2024 5:59 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Megan L.
Morgan <MMorgan@bdlaw.com>; Roy D. Prather III
<RPrather@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>; John S. Guttmann
<JGuttmann@bdlaw.com>
**Cc:** Ken Rumelt <krumelt@clf.org>; Alexandra Jordan
<ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>;
Virginia Ryan <vryan@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>;
Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

Counsel,

Thank you for this response. It is unfortunate that

Exhibit B

Defendants are unable to locate the exact searches that were used to collect documents in this matter. CLF continues to be unclear how this is the case if Defendants used the same search terms to do a supplemental collection of documents last summer, any further light you can shed would be appreciated.

CLF is still inclined to move for a status conference on these three issues to seek the Court's guidance on appropriate actions. However, CLF is unclear whether Defendants' below responses are interim updates or final responses, and CLF would hold off a request with the Court if Defendants are shortly providing more information next week. As you know, the informal phone conference process Defendants proposed in September 2023 did not involve filing a request or papers on the docket and thus is quite dissimilar to this request.

Regarding Defendants' response, as an initial matter, was the correct search term spreadsheet attached to this morning's email?

The spreadsheet titled "2024-03-20 New Haven Search Terms" includes terms that Defendants had redline stricken from the proposed terms in the Rhode Island matter. For example, the spreadsheet at row 4 includes the terms global, gas*, extrem*, sever*, signific*, variab*, and risk, when Defendants' March 3, 2022 letter had stricken those terms (and other terms associated with Rhode Island First RFPs 8, 9, 10, 11, 23, 24, 25, 26, 27, 28, 29, 30, 47, 49, 51, 52, 53, 56, 57, 58, and 59) by noting that "certain search strings contained terms so common that they necessarily captured extensive amounts of wholly unrelated documents." Please also clarify if the final terms were used, or the terms attached this morning were used, in Defendants' 'replication process' of searching those terms against the already collected documents.

Second, are Defendants sending over any additional search term lists that were used to collect documents in this matter? In the meet and confer process in fall 2023, Defendants stated that two other lists of search terms were used to collect documents. CLF has never seen the list of search terms Defendants used to collect documents based on CLF's 2nd RFPs. In the November 14, 2023 meet and confer (memorialized in Meinert Email (Nov. 14, 2023)), Defendants stated they would provide a copy of the 2nd RFP search terms.

Exhibit B

While CLF has the copy of 90 climate change terms Defendants sent in August 2022, those terms are not in any sort of search string format. Are Defendants not able to determine how, or if, those search terms were ever used? It does not seem plausible that each of those 90 climate change terms was independently searched across all Shell document storage locations (e.g., Sharepoint, OneDrive), for example.

Third, please name the Sharepoint locations and custodians where Defendants collected documents using search terms, and the Sharepoint locations and custodians where Defendants collected documents without using search terms. Defendants' prior affidavits on this point stated: "Defendants ran searches of these terms across the Outlook Exchange email and OneDrive for Business accounts of all custodians as well as three SharePoint sites." ECF 324-3 ¶ 18; ECF 177-7 ¶ 17. The below response flags that search terms were not applied to Michael Sullivan or Jennifer Bothwell's Outlook/OneDrive documents. The response implies there are other custodians where similar collections occurred but does not specify whom or how many. Are Defendants unable to determine which Sharepoint sites and custodians had search terms applied to their files?

Regarding the ICP, CLF appreciates Defendants' continued efforts and looks forward to an update next week.

Regarding the file path information, thank you for providing additional file paths that had been inadvertently excluded. CLF notes that the file paths provided today for 24 documents at SOPUS_NHVN00049692 through 49763, are single folder names rather than file paths, which was one of CLF's file path question categories. And so, CLF adds those bates numbers to its as-yet-unanswered question category raised in the November 17, 2023 email of: file paths that appear to be single folder names where root folder information was removed. Regarding Defendants' character limit truncation response, CLF's initial truncation question had been over file paths that would not obviously implicate character limit constraints, such as "SharePoint1\Reports_Workpla" on SOPUS_NHVN00006295, and "SharePoint1\Working Directo" on SOPUS_NHVN00006401. Does Defendants' response mean that these two file paths

Exhibit B

are so long as to hit character limits of Defendants' production software? There are many file paths that do not appear truncated that are double and triple the character length, including in the overlay attached to Defendants' email this morning.

Finally, are Defendants planning to respond to CLF's other initial file path questions from the November 17, 2023 email?

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** Anthony G. Papetti <APapetti@bdlaw.com>
**Sent:** Thursday, March 21, 2024 10:34 AM
**To:** James Meinert <jmeinert@clf.org>; Megan L. Morgan <MMorgan@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>; Bina Reddy <BReddy@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>; John S. Guttmann <JGuttmann@bdlaw.com>
**Cc:** Ken Rumelt <krumelt@clf.org>; Alexandra Jordan <ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>; Virginia Ryan <vryan@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>; Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

CAUTION: Email from outside CLF.

Counsel,

Defendants provide the following update on the discovery follow-up raised by CLF, which should obviate the need for reaching out to the Court. Defendants note, though, that CLF's proposal to request a status conference is precisely the same type of request Defendants proposed to CLF in the fall last year in the wake of the Court's decision on CLF's Motion to Compel, which CLF vehemently resisted and directed Defendants to file a motion. *See* A. Jordan Email (dated Sept. 27, 2023). In light of Defendants' responses below, Defendants do not believe a status conference is warranted and would only burden the Court with unnecessary

discovery issues.

1. **<u>New Haven Search Terms</u>**

Defendants have conducted a comprehensive investigation both internally and with their document production vendor to confirm the document collection process from two years ago. As Defendants previously explained, this process has taken time to coordinate given the amount of time that elapsed between the running of initial collection searches and when CLF made this request, and because the Shell employee who ran the searches two years ago is no longer with the company. We have been able to confirm that to collect potentially responsive documents, Defendants did a combination of targeted searches derived from the Providence search terms, which CLF has, as well as full document collections from certain custodians, including Michael Sullivan and Jennifer Bothwell. These two components are described in further detail below.

1. For the targeted searches, Defendants are unable to locate the exact searches that were run two years ago due to the loss of years-old information following the departure of the employee who ran the searches. To verify that Defendants ran the terms used in Providence adapted for New Haven, Defendants replicated this process in Defendants' document collection repository with the attached search terms. Defendants can confirm from the results of their searches that their document collection process collected documents potentially responsive to CLF's requests (consistent with Defendants' objections). Additionally, these confirmatory searches show that Defendants' collection encompassed significantly more documents than just those that were search hits using the Providence-based search terms (see B. below).

2. For key document custodians, such as Michael Sullivan and Jennifer Bothwell, Defendants collected all of their documents over the applicable time period in the document repository. Thus, no search terms

were used for the collection of those custodians' documents since all documents were collected. Because all documents were collected for those custodians and voluminous hardcopy document collections were made, Defendants' collection was broader than just those that were identified from the search terms.

2. **ICP**

Defendants are still in the process of conducting a search for an ICP prior to July 2017 and expect to provide an update next week.

3. **File Path Information**

Defendants have identified documents for which File Path information was inadvertently excluded. Please see the attached overlay for the additional information. For the documents that appear to have abbreviated or truncated File Path information, Defendants can confirm that the File Path information provided in their document productions is the same as the File Path information that was collected. For certain documents, there is a limit to the number of characters of File Path information that can be collected because the File Path is too long, which we understand is a reason why the File Path information looks truncated. This is a limitation with the system.

Best,
Anthony


**Anthony G. Papetti**
He | Him | His
Of Counsel


**BEVERIDGE & DIAMOND PC**
O +1.212.702.5442 ~ M +1.646.300.2805 ~
APapetti@bdlaw.com

---

**From:** James Meinert <jmeinert@clf.org>
**Sent:** Wednesday, March 20, 2024 4:47 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>; Bina Reddy

Exhibit B

<BReddy@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>; John S. Guttmann
<JGuttmann@bdlaw.com>
**Cc:** Ken Rumelt <krumelt@clf.org>; Alexandra Jordan
<ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>;
Virginia Ryan <vryan@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>;
Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

[EXTERNAL SENDER: Use caution with links/attachments]

Counsel,
CLF plans to request a status conference with the
Court to discuss the below outstanding discovery
issues and ask for the Court's guidance on appropriate
actions. CLF would provide the court with a brief
statement on each issue so the Court understands the
agenda items, which would be: (1) search terms
Defendants have used in the case, (2) Defendants' file
path information provided to resolve ECF 277
compliance disagreements, and (3) copies of the ICP,
which was the SWPPP in the initial months of 2017.

If Defendants believe any of these issues will be
resolved this week such that CLF's status conference
request will be moot, please let us know.

James

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

**From:** James Meinert
**Sent:** Wednesday, March 13, 2024 3:30 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Megan L.
Morgan <MMorgan@bdlaw.com>; Roy D. Prather III
<RPrather@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>; John S. Guttmann
<JGuttmann@bdlaw.com>
**Cc:** Ken Rumelt <krumelt@clf.org>; Alexandra Jordan
<ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>;
Virginia Ryan <vryan@clf.org>; Ana McMonigle

<amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>;
Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

Counsel,
Please provide CLF an update on Defendants' efforts
(1) to provide a copy of the search terms Defendants
used to collect documents in this case, (2) to locate a
copy of the ICP, and (3) to answer CLF's questions on
the file path information that Defendants provided as a
compromise over CLF's claims of non-compliance with
ECF 277 and Rule 34.

Defendants have stated they will provide the search
terms used in this case "as soon as they can" for nearly
4 months and stated over a month ago that substantial
progress had been made. CLF has never received the
promised update on Defendants' efforts to answer
CLF's November 17, 2023 questions on file path
information.

If Defendants are no longer attempting to locate their
search terms, locate a copy of the ICP, or answer
CLF's file path questions, please inform CLF that such
work has ceased so that CLF can determine its next
course of action on these issues.

James

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** James Meinert
**Sent:** Friday, March 1, 2024 4:10 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Megan L.
Morgan <MMorgan@bdlaw.com>; Roy D. Prather III
<RPrather@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>; John S. Guttmann
<JGuttmann@bdlaw.com>
**Cc:** Ken Rumelt <krumelt@clf.org>; Alexandra Jordan
<ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>;
Virginia Ryan <vryan@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>;

Exhibit B

Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

Counsel,
Please provide CLF an update on Defendants' efforts
(1) to provide a copy of the search terms Defendants
used to collect documents in this case, (2) to locate a
copy of the ICP, and (3) to answer CLF's questions on
the file path information that Defendants provided as a
compromise over CLF's claims of non-compliance with
ECF 277 and Rule 34.

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** James Meinert
**Sent:** Thursday, February 22, 2024 3:17 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Megan L.
Morgan <MMorgan@bdlaw.com>; Roy D. Prather III
<RPrather@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>; John S. Guttmann
<JGuttmann@bdlaw.com>
**Cc:** Ken Rumelt <krumelt@clf.org>; Alexandra Jordan
<ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>;
Virginia Ryan <vryan@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>;
Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

Counsel,

Thank you for the update sent on Friday February 9,
2024 on search terms, the ICP, and RAP. There was
not an update on CLF's November 2023 file path
questions, which Defendants said would be provided
by February 9, 2024. As the file path issues have been
outstanding since November, we would appreciate a
prompt response.

Regarding the update provided on February 9, CLF
appreciates that document location and history

Exhibit B

questions can take time. Thank you for tracking down and producing the Remedial Action Plan. As you know from CLF's January 31 email, CLF did not know the May 2023 deadline had been extended and the document was not transmitted to CT DEEP until December 26 and to Defendants on January 4. CLF appreciates Defendants prompt attention to the request and production of those documents.

Regarding the ICP, CLF appreciates Defendants' continued diligence in searching for that document(s). However, Defendants' explanation that the transfer of the terminal from Motiva to Triton complicates the search is surprising. Regarding "the application of various retention policies," Defendants provided the applicable retention policies, as ordered in ECF 277, which CLF pointed to in our prior correspondence. If there are other retention policies that govern, or these are otherwise not the correct policies, please update Defendants' response to RFP 1 as quickly as possible. As CLF previously noted, none of the retention policies provided by Defendants would authorize destruction of the ICP. And though ownership of the Terminal changed, based on records provided by Defendants to CLF, the employees at the terminal did not change due to that transfer. Furthermore, it is clear from Defendants' productions that pre- and post-Motiva, Defendants' documents were stored on "Americas.shell.com" sharepoint sites. *E.g.*, SHELLNH_SOV_04949 (2012 document referring to its location as: \\Americas.shell.com\americas\Oil Products\MOTIVA Houston\Department\Dist\CMD Env Review\HSE 325\HSE 325 Terminal Monitoring Guidance V.4.doc); SOPUS_NHVN00197210 (June 29, 2017 email referring to files at: \\Americas.shell.com\americas\Oil Products\MOTIVA New Jersey Sewaren\Department\Providence\Tanks\Tank Inspections.xlsx). After the transfer from Motiva, employees continued to use and have access to the subfolders on Americas.shell.com that had Motiva in the subfolder names. *See, e.g.*, SOPUS_NHVN00026221 (2019 email referring to files at: \\americas.shell.com\Americas\Oil Products\MOTIVA Norco\Department\Process Engineering\04 MFG WORK PROCESSES\CO2 & Energy Management\Energy Efficiency Team\1-Pagers\FG LHV or H2 Recov); SOPUS_NHVN00174785 (2020 spreadsheet with formulas incorporating network locations, such as:

\\americas.shell.com\Americas\Oil Products\MOTIVA
New Jersey Sewaren\Department\New
Haven\Measurement_PQ\Stock\[NEW HAVEN SOX
Stock Tool V 2018.1.xlsm]Maintenance).

Regarding the search terms, CLF continues to be
surprised at the delay on providing these terms. CLF
does appreciate that investigating document
management can be complicated and involve multiple
individuals. However, when CLF raised questions in
October 2023 about search terms to be applied in
forthcoming/supplemental collections, Defendants
stated that the same search terms were used in the
original collections and the collection that occurred in
Summer 2023. In addition, in response to CLF's
November 2023 Motion to Compel, Defendants
submitted affidavits stating the number of search terms
used to collect documents and provided the court with
examples of those search terms being run across
outlook, onedrive, and sharepoint locations. It is hard to
understand how these representations were made to
CLF and the Court if Defendants do not/did not have
access to the search terms that were used to collect
documents in this case. Hopefully there is no need to
further discuss this issue, as Defendants noted two
weeks ago that substantial progress has been made to
identify the search terms and so presumably those will
be provided shortly. However, as CLF noted in its MTC
on this topic, the original April 2022 agreement was
that Defendants would provide search term hit reports
including the custodians and repositories searched and
the parties would revisit the adequacy of the search
terms after document collections and the court ruled on
CLF's MTC. ECF 309-1 ¶ 35; ECF 309-24.

Thank you for your continued attention to these issues,
James

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** Anthony G. Papetti <APapetti@bdlaw.com>
**Sent:** Thursday, February 15, 2024 4:26 PM
**To:** Megan L. Morgan <MMorgan@bdlaw.com>; Roy D.
Prather III <RPrather@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Craven, James O.

<JCraven@wiggin.com>; John S. Guttmann
<JGuttmann@bdlaw.com>; James Meinert
<jmeinert@clf.org>
**Cc:** Ken Rumelt <krumelt@clf.org>; Alexandra Jordan
<ajordan@clf.org>; Christopher Kilian <ckilian@clf.org>;
Virginia Ryan <vryan@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Zack Manley <zmanley@clf.org>;
Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs


CAUTION: Email from outside CLF.


I'm using Mimecast to share large files with you. Please see the
attached instructions.

---

Counsel,

Following up on last week's email, please find attached
Defendants' 15th document production in the New Haven
case. This document production includes the RAP and the
extension-related documents. A password to access the files
will follow.

Please let us know if you have any trouble accessing the
documents.

Thanks,
Anthony

**Anthony G. Papetti**
He | Him | His
Of Counsel


**BEVERIDGE & DIAMOND PC**
O +1.212.702.5442 ~ M +1.646.300.2805 ~
APapetti@bdlaw.com

---

**From:** James Meinert <jmeinert@clf.org>
**Sent:** Friday, February 9, 2024 5:01 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Roy D. Prather III
<RPrather@bdlaw.com>; Megan L. Morgan
<MMorgan@bdlaw.com>; John S. Guttmann
<JGuttmann@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>

**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt
<krumelt@clf.org>; Virginia Ryan <vryan@clf.org>;
Christopher Kilian <ckilian@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Chance Raymond
<chancethelawyer@gmail.com>; Zack Manley
<zmanley@clf.org>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

[EXTERNAL SENDER: Use caution with links/attachments]

Anthony,
Thank you for this update.  Please also provide an
update on the file path questions when you can.
Have a nice weekend,
James

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

**From:** Anthony G. Papetti <APapetti@bdlaw.com>
**Sent:** Friday, February 9, 2024 4:19 PM
**To:** James Meinert <jmeinert@clf.org>; Bina Reddy
<BReddy@bdlaw.com>; Roy D. Prather III
<RPrather@bdlaw.com>; Megan L. Morgan
<MMorgan@bdlaw.com>; John S. Guttmann
<JGuttmann@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt
<krumelt@clf.org>; Virginia Ryan <vryan@clf.org>;
Christopher Kilian <ckilian@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Chance Raymond
<chancethelawyer@gmail.com>; Zack Manley
<zmanley@clf.org>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

CAUTION: Email from outside CLF.

James,

Please find below an update regarding CLF's inquiries
concerning the New Haven search terms, Integrated
Contingency Plan (ICP), and Remediation Action Plan (RAP).

1. Search terms update
    1. We have identified the set of search terms the parties agreed to at the outset of discovery in this case and are currently verifying the searches that were run during that period. Having received your request nearly two years after the searches were run and responsive documents produced, this process has been complicated because the individual responsible for running the searches is no longer with Shell.  This has required additional work to review his files and other IT information to ensure we provide a complete and accurate response regarding the Defendants' searches. We have made substantial progress running this down but will need additional time to complete the referenced verification.

2. ICP update
    1. We are still looking into this.  You have asked questions about the application of various retention policies for a document that pre-dates the 2017 transfer of the terminal from one company (Motiva) to another (Triton). Going back seven or more years to try to fully answer all your questions will take us more time.  We are also doing another sweep of offsite hard copy files.

3. RAP update
    1. We reached out to the terminal's consultant, Sovereign, to inquire about this.  Sovereign told us the RAP was submitted directly from Sovereign to CT DEEP on December 26, 2023, and then a copy was provided to terminal personnel on or about January 4, 2024.  We were also told that an extension was approved by CT DEEP in June 2023.  We have located the RAP and production of that document should only take us a few days.  We are still checking for correspondence confirming the extension and will produce that if it is located.

Best,
Anthony

**Anthony G. Papetti**
He | Him | His
Of Counsel

**BEVERIDGE & DIAMOND PC**
O +1.212.702.5442 ~ M +1.201.953.0472 ~
APapetti@bdlaw.com

---

**From:** James Meinert <jmeinert@clf.org>
**Sent:** Thursday, February 8, 2024 2:30 PM
**To:** Bina Reddy <BReddy@bdlaw.com>; Anthony G. Papetti
<APapetti@bdlaw.com>; Roy D. Prather III
<RPrather@bdlaw.com>; Megan L. Morgan
<MMorgan@bdlaw.com>; John S. Guttmann
<JGuttmann@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt
<krumelt@clf.org>; Virginia Ryan <vryan@clf.org>;
Christopher Kilian <ckilian@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Chance Raymond
<chancethelawyer@gmail.com>; Zack Manley
<zmanley@clf.org>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

---

**[EXTERNAL SENDER: Use caution with links/attachments]**

---

Bina,
Thank you for your continued diligence in looking for copies
of the ICP. CLF did not know Defendants were taking those
steps until your email last night. CLF looks forward to seeing
Defendants' responses by the end of the week.

CLF's "accusations" are based on the information
Defendants have provided, which regarding the document
collections done to date leave many substantial gaps. As CLF
pointed out by email on November 17, 2023, there are a
handful of documents that identify their custodian as
"sharepoint" (172 out of 41,416), however, the file path
information does not show sharepoint file path information,
or the file path information is blank. Thus CLF has no way to
know, and must speculate, whether these "file paths" reflect
folders where the document is stored now after collection
for production in this litigation (and thus perhaps the
"sharepoint" custodian only means the documents are

currently stored on a shell in-house litigation sharepoint), or if the original document was, and is, stored on a Shell business sharepoint but the produced copy's metadata is a hybrid of original information and information that has been replaced by Defendants' intervening document collection actions.

CLF does note (and was noted on the follow-up spreadsheet requested and sent on November 17, 2023) that a handful of the "sharepoint" custodian documents appear to have full file path information (17 out of 172); however, even some of these appear to be file path locations that were created due to this litigation. *Compare*, SOPUS_NHVN00165725 (file path: "T&S Operations Americas\AAAAA9355\OperationsUSEast\==PreservationHoldLibrary==\"), *with*, SOPUS_NHVN00165933 (file path: "T&S Operations Americas\AAAAA9355\OpsUS\1Fa\Northern California\Y164_Stockton Terminal (356164)\ENVIRONMENTAL DOCUMENTS\A4 - OTHER MULTI-MEDIA UST\TRI\2021 submittal"). And of the few full file path locations that have been provided, those paths do not correspond with the many file path addresses that are described in produced documents and emails. *E.g.*, SOPUS_NHVN00097600 (email referring to documents at a sharepoint, or drive, location "[\\americas.shell.com\Americas\Oil](#) Products\SOPUS Houston\Dept_Dist\Dept_02\Facilities\New Haven\Tanks\Venting Calcs"). Which CLF raised in its November 17, 2023 email noting that no [shell.sharepoint.com/sites/](#) or similar style locations appeared to be present. Defendants have not yet responded substantively to CLF's November email raising these issues, which was basic follow-up on the Parties agreement regarding ECF 277 compliance.

As CLF mentioned earlier this week, and was noted in CLF's November 17, 2023 email, 41,075 of the 41,416 documents Defendants have produced in this case are emails/attachments (over 99%) rather than documents systematically collected from an internal filing system. This combined with the continued ambiguity over the use of search terms, and missing core documents, has led to speculation and concern with the adequacy of Defendants' prior searches.

CLF does appreciate that locating documents and researching document history information can take time. CLF is less sure how to interpret the delay on providing search terms, but will presumably receive clarity shortly.

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** Bina Reddy <BReddy@bdlaw.com>
**Sent:** Wednesday, February 7, 2024 6:45 PM
**To:** James Meinert <jmeinert@clf.org>; Anthony G. Papetti <APapetti@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt <krumelt@clf.org>; Virginia Ryan <vryan@clf.org>; Christopher Kilian <ckilian@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Chance Raymond <chancethelawyer@gmail.com>; Zack Manley <zmanley@clf.org>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

CAUTION: Email from outside CLF.

James —

We will have an update on the bulleted items in your email by the end of the week.

The remainder of your email — which vaguely accuses us of engaging in bad faith practices — is problematic.  First, your accusations are based on speculation and conjecture.  You contend a "basic collection of documents from a 'New Haven Sharepoint(s)', or similar file location(s), did not occur," but there is no such thing as a "New Haven Sharepoint."  CLF also knows that there have been collections from various Sharepoint folders, yet you wrote your email to suggest no such locations were searched.  If CLF is trying to create a record here, you have a duty to, at a minimum, summarize things completely and fairly.  You have

identified only two documents that CLF believes exist and have not been produced -- the Integrated Contingency Plan (ICP) and Remedial Action Plan (RAP).  Two documents hardly supports your accusation of a broad failure to conduct a reasonable inquiry.  Second, you also imply that you have never received responses on these inquires.  As you know, you have received numerous communications on these topics.  For example, we have responded multiple times to you about your request for an ICP, and have been most recently met with a response from CLF that it "must insist" we look further (which we are doing, in good faith).  Please remember that we need to coordinate with Motiva, the Shell defendants' internal discovery team, outside discovery vendors and/or third-party consultants to fully address your questions.

Regards,
Bina

**Bina Reddy**
Managing Principal, Austin office

**BEVERIDGE & DIAMOND PC**
O +1.512.391.8045 ~ M +1.847.736.0570 ~
BReddy@bdlaw.com

---

**From:** James Meinert <jmeinert@clf.org>
**Sent:** Tuesday, February 6, 2024 4:12 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>; Bina Reddy <BReddy@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt <krumelt@clf.org>; Virginia Ryan <vryan@clf.org>; Christopher Kilian <ckilian@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Chance Raymond <chancethelawyer@gmail.com>; Zack Manley <zmanley@clf.org>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

**[EXTERNAL SENDER: Use caution with links/attachments]**

Exhibit B

Counsel,

Please update CLF on Defendants' efforts on the following discovery requests:

1. The list of search terms used in this matter. *See* Meinert Email (Nov. 8, 2023); Meinert Email (Nov. 17, 2023); Meinert Email (Dec. 11, 2023); Meinert Email (Dec. 18, 2023); Meinert Email (Jan. 16, 2024).

2. Questions about file path information. *See* Meinert Email (Nov. 17, 2023); Meinert Email (Dec. 5, 2023); Meinert Email (Dec. 18, 2023); Meinert Email (Jan. 16, 2024).

3. Copies of the Integrated Contingency Plan (SWPPP). *See* McMonigle Email (Dec. 12, 2023); McMonigle Email (Dec. 21, 2023); McMonigle Email (Dec. 28, 2023); McMonigle Email (Jan. 5, 2024); Meinert Email (Jan. 26, 2024).

4. Copies of the Remedial Action Plan. *See* Jordan Email (Jan. 31, 2024).

CLF raised both the search term and file path issues with reference to a core underlying concern: that Defendants' prior efforts have significantly under-collected necessary documents. The fact that over 99% of the documents produced to date have been emails and their attachments, and the core responsive documents in this case have been produced as drafts and copies attached to emails, raises significant questions as to why a basic collection of documents from a "New Haven Sharepoint(s)", or similar file location(s), did not occur or did not result in collection of necessary documents. In addition, CLF continues to find references to, and Defendants' employees provide testimony about, basic primary documents that have never been produced, which underscores why CLF believes an adequate collection of documents has not occurred. As you know, CLF's position is that Defendants do not appear to have met their obligation under Rule 26(g) to conduct a reasonable inquiry for the documents that support CLF's claims and Defendants' defenses. Defendants' long delay in answering the initial, basic questions about file path information and taking months to locate search term lists, without any explanation on the cause of delay, has raised the prospect that Defendants' delays do not merely stem from the logistics of making inquiries.

As you know, CLF's requests for specific documents have

raised the specter that spoliation of evidence has occurred. If there is a spoliation issue, CLF trusts that Defendants will promptly explain the issue, but CLF must note that such a development may place Defendants' delays in explaining their document collection practices in a different light. Please provide the requested, and promised, documents as soon as possible. If responses are not imminent, please provide Defendants' explanation for why further delay is expected and an estimate of when these basic responses will be forthcoming.

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** Anthony G. Papetti <APapetti@bdlaw.com>
**Sent:** Thursday, January 18, 2024 12:22 AM
**To:** James Meinert <jmeinert@clf.org>; Roy D. Prather III <RPrather@bdlaw.com>; Bina Reddy <BReddy@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt <krumelt@clf.org>; Virginia Ryan <vryan@clf.org>; Christopher Kilian <ckilian@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Chance Raymond <chancethelawyer@gmail.com>; Zack Manley <zmanley@clf.org>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

CAUTION: Email from outside CLF.

Counsel,

Please find the following answers to CLF's questions on Defendants' December 19, 2023 updated privilege log:

1. **Entry 16:** This entry was unnecessarily included on this privilege log. Defendants already clawed back this document with Defendants' Clawback Log (dated May 9, 2023), specifically at Log No. 7. The clawback is why CLF does not have this document.

Exhibit B

2. **<u>Entry 17:</u>** The document described in this entry was produced with redactions (SOPUS_NHVN000243088).

3. **<u>Entries 19 & 20:</u>**
   1. For entry 19, the description of the basis for withholding/redaction is accurate. The original email in this email chain was drafted and sent by in-house counsel Monique Steele Powell. Defendants disagree with CLF's assertion that the presence of in-house counsel on the CC line of an email between lawyers and non-lawyer employees that seeks legal advice is not protected by the attorney-client privilege. Defendants believe their description provides a sufficient description of the basis for the privilege claim. For entry 20, Defendants recognize that non-privileged versions of the document may have been produced. The version of the document described in entry 20 and attached to the email chain described in entry 19 is not only part of the communication but the subject of the privileged communication and privileged legal advice, which is why Defendants have withheld it (as described in Defendants' log description).

   2. Concerning the final executed version of the Operating Agreement between Triton Terminaling LLC and Shell Pipeline Company LP, Defendants have not identified it. Defendants are not withholding that document. Defendants also disagree with CLF's citation of SOPUS_NHVN000155378 as evidence that the finalized executed version exist. The document only states that an agreement was submitted to employees to be signed. There's no indication from this email that the final executed version of the Operating Agreement existed at the time of this email or subsequent to it.

As for the file path information for the 334 documents CLF raised in its November 17, 2023 email, Defendants will follow up soon with a response to CLF's email. Defendants will also follow up regarding the search terms.

Best,
Anthony

**Anthony G. Papetti**
He | Him | His
Of Counsel

**BEVERIDGE & DIAMOND PC**
O +1.212.702.5442 ~ M +1.201.953.0472 ~
APapetti@bdlaw.com

---

**From:** Anthony G. Papetti
**Sent:** Tuesday, January 16, 2024 8:31 PM
**To:** James Meinert <jmeinert@clf.org>; Roy D. Prather III
<RPrather@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Megan L. Morgan
<MMorgan@bdlaw.com>; John S. Guttmann
<JGuttmann@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt
<krumelt@clf.org>; Virginia Ryan <vryan@clf.org>;
Christopher Kilian <ckilian@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Chance Raymond
<chancethelawyer@gmail.com>; Zack Manley
<zmanley@clf.org>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

Counsel,

Defendants are unable to provide a response today but will
endeavor to provide one to CLF tomorrow.

Best,
Anthony

**Anthony G. Papetti**
He | Him | His
Associate

**BEVERIDGE & DIAMOND PC**
O +1.212.702.5442 ~ M +1.201.953.0472 ~
APapetti@bdlaw.com

**From:** James Meinert <jmeinert@clf.org>
**Sent:** Tuesday, January 16, 2024 1:06 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Roy D.
Prather III <RPrather@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Megan L. Morgan
<MMorgan@bdlaw.com>; John S. Guttmann
<JGuttmann@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt
<krumelt@clf.org>; Virginia Ryan <vryan@clf.org>;
Christopher Kilian <ckilian@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Chance Raymond
<chancethelawyer@gmail.com>; Zack Manley
<zmanley@clf.org>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

**[EXTERNAL SENDER: Use caution with links/attachments]**

Counsel,
Please provide CLF answers to the questions on four
privilege log entries that were raised below on Jan. 4, 2024,
regarding Defendants' Dec. 19, 2023 privilege log. CLF
requests a response be given today. If Defendants cannot
respond to these issues today, and CLF later decides to move
to compel on this log, CLF will note that it has good cause to
file out of time due to Defendants lack of response to CLF's
correspondence and failure to confer on the issues CLF has
raised.

In addition, CLF must note that the issues raised with file
path issues on November 17, 2023 have never been
addressed. And Defendants have never sent the copies of
final search terms used for Defendants document collections
that have been promised for months.

Thank You,
James


**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

**From:** James Meinert
**Sent:** Thursday, January 4, 2024 6:32 PM
**To:** Anthony G. Papetti <[APapetti@bdlaw.com](mailto:APapetti@bdlaw.com)>; Roy D.
Prather III <[RPrather@bdlaw.com](mailto:RPrather@bdlaw.com)>; Bina Reddy
<[BReddy@bdlaw.com](mailto:BReddy@bdlaw.com)>; Megan L. Morgan
<[MMorgan@bdlaw.com](mailto:MMorgan@bdlaw.com)>; John S. Guttmann
<[JGuttmann@bdlaw.com](mailto:JGuttmann@bdlaw.com)>; Craven, James O.
<[JCraven@wiggin.com](mailto:JCraven@wiggin.com)>
**Cc:** Alexandra Jordan <[ajordan@clf.org](mailto:ajordan@clf.org)>; Ken Rumelt
<[krumelt@clf.org](mailto:krumelt@clf.org)>; Virginia Ryan <[vryan@clf.org](mailto:vryan@clf.org)>;
Christopher Kilian <[ckilian@clf.org](mailto:ckilian@clf.org)>; Ana McMonigle
<[amcmonigle@clf.org](mailto:amcmonigle@clf.org)>; Chance Raymond
<[chancethelawyer@gmail.com](mailto:chancethelawyer@gmail.com)>; Zack Manley
<[zmanley@clf.org](mailto:zmanley@clf.org)>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

Counsel,
After reviewing the privilege log produced below on 12/19,
CLF has some clarifying questions.

Log entry 16 references that it covers a "redacted portion of
email." However, CLF has been unable to identify any
produced email with the subject "Triton or Equilon" and a
review of emails sent by Hardcastle in that date range do not
appear to show such an email. For entry 17, which does not
specify it applies to a "redacted portion of email," there does
appear to be an email produced at SOPUS_NHVN00243088,
which is an email of the same subject and date where the
entire text is redacted. CLF would appreciate clarity on
whether log entry descriptions were swapped, or if there is
otherwise a need to revise the log.

CLF would also like clarity on a separate issue with entries 19
and 20. The privilege description for entry 20 only notes that
the document was prepared by in-house counsel, which
alone does not confer an attorney-client privilege, and that
the document has been attached to an email seeking review
and advice by in-house counsel. However, the email it is
attached to (entry 19), does not fit that description. Entry 19
only notes that in-house counsel is cc-ed, which alone does
not confer an attorney-client privilege, see ECF 264, and the
review being sought in that email appears to be between
non-legal employees. CLF does not believe non-legal

employees circulating copies of this operating agreement for discussion would create or extend any attorney-client privilege. CLF also notes that copies of what are likely the same document have previously been produced to CLF by Defendants as attachments to email threads where no counsel are included in the recipients (*see, e.g.*, SOPUS_NHVN00155417).

Entries 19 and 20 also raise a further concern for CLF: Defendants have not provided any executed agreement between Triton Terminaling and Shell Pipeline Company (SPLC) regarding the operations of the Terminal. CLF has only received the draft operating agreement and several iterations of a responsibility spreadsheet edited by various SPLC employees through 2020 (*see, e.g.*, SOPUS_NHVN00082767 and its attachment). If further iterations of this agreement or its attachments exist, including any final versions, CLF requests that Defendants promptly produce such documents. Furthermore, in the various emails previously produced to CLF that mention the lack of a final operating agreement and/or SLA between Triton and SPLC, a Shell employee notes that a such an operating agreement exists between Defendant Equilon (SOPUS) and SPLC (see SOPUS_NHVN00155378). Defendants have not produced this agreement to CLF. Please produce this agreement and any attachments.

Thank You,
James

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** Anthony G. Papetti <APapetti@bdlaw.com>
**Sent:** Tuesday, December 19, 2023 1:16 PM
**To:** James Meinert <jmeinert@clf.org>; Roy D. Prather III <RPrather@bdlaw.com>; Bina Reddy <BReddy@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt <krumelt@clf.org>; Virginia Ryan <vryan@clf.org>;

Christopher Kilian <ckilian@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Chance Raymond
<chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

CAUTION: Email from outside CLF.

Counsel,

Please find attached the updated privilege log for the New
Haven document productions.

We also want to inform CLF that Defendants are continuing
to follow up with both the File Path information and the
search terms.

Best,
Anthony

**Anthony G. Papetti**
He | Him | His
Associate


**BEVERIDGE & DIAMOND PC**
O +1.212.702.5442 ~ M +1.201.953.0472 ~
APapetti@bdlaw.com

---

**From:** Anthony G. Papetti
**Sent:** Tuesday, December 5, 2023 2:06 PM
**To:** James Meinert <jmeinert@clf.org>; Roy D. Prather III
<RPrather@bdlaw.com>; Bina Reddy
<BReddy@bdlaw.com>; Megan L. Morgan
<MMorgan@bdlaw.com>; John S. Guttmann
<JGuttmann@bdlaw.com>; Craven, James O.
<JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt
<krumelt@clf.org>; Virginia Ryan <vryan@clf.org>;
Christopher Kilian <ckilian@clf.org>; Ana McMonigle
<amcmonigle@clf.org>; Chance Raymond
<chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to
CLF's revised RFPs

Counsel,

Exhibit B

Yes, Defendants do intend to serve a privilege log in connection with the most recent document production. With respect to the File Path information and the concern about associated native content, we will look into it with our document production vendor and follow up.

Thanks,
Anthony

**Anthony G. Papetti**
He | Him | His
Associate

**BEVERIDGE & DIAMOND PC**
O +1.212.702.5442 ~ M +1.201.953.0472 ~
APapetti@bdlaw.com

---

**From:** James Meinert <jmeinert@clf.org>
**Sent:** Tuesday, December 5, 2023 1:25 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>; Bina Reddy <BReddy@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt <krumelt@clf.org>; Virginia Ryan <vryan@clf.org>; Christopher Kilian <ckilian@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

---

**[EXTERNAL SENDER: Use caution with links/attachments]**

---

Counsel,
Following up on below file path questions (from 11/17) to see if there is any clarity that can be provided.

We also wanted to raise some basic questions with the Vol 13 documents that were produced on 11/28.

1. We are seeing at least one document with privilege redactions (SOPUS_NHVN00243088). Were Defendants planning on serving a log for that document and any others withheld or redacted for

privilege?

2. There are some documents with "document produced in native format" image placeholders, but then the associated native has no content, or is corrupted?
    1. This seems to apply to at least:
       SOPUS_NHVN00243184;
       SOPUS_NHVN00243190;
       SOPUS_NHVN00244083;
       SOPUS_NHVN00244089;

Thank you,
James

**James Y. Meinert**
Attorney
Conservation Law Foundation
Pronouns: he/him/his

---

**From:** James Meinert
**Sent:** Friday, November 17, 2023 2:41 PM
**To:** Anthony G. Papetti <APapetti@bdlaw.com>; Roy D. Prather III <RPrather@bdlaw.com>; Bina Reddy <BReddy@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; John S. Guttmann <JGuttmann@bdlaw.com>; Craven, James O. <JCraven@wiggin.com>
**Cc:** Alexandra Jordan <ajordan@clf.org>; Ken Rumelt <krumelt@clf.org>; Virginia Ryan <vryan@clf.org>; Christopher Kilian <ckilian@clf.org>; Ana McMonigle <amcmonigle@clf.org>; Chance Raymond <chancethelawyer@gmail.com>
**Subject:** RE: CLF v. Shell (CT) -- Defendants' responses to CLF's revised RFPs

Thank you for the revised responses.
Attached is a spreadsheet with the bates numbers of the 282 at the top and the 50 at the bottom.

Please provide the search terms as soon as you can, CLF had assumed that providing a copy of the search terms meant, at most, copy and pasting text into a word document and attaching it to an email.

**James Y. Meinert**
Attorney