UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>Defendants. | Case No: 3:21-cv-00933-JAM<br><br>June 25, 2024 |

**DEFENDANTS' MOTION TO STAY DEADLINE FOR DEFENDANTS' MOTION TO COMPEL DOCUMENTS WITHHELD IN PLAINTIFF CONSERVATION LAW FOUNDATION'S NINTH PRIVILEGE LOG**

Pursuant to Fed. R. Civ. P. 6(b)(1) and Local Rule 7(b), Defendants Shell Oil Company (now known as Shell USA, Inc.), Shell Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Triton Terminaling LLC, and Equilon Enterprises LLC d/b/a Shell Oil Products US (collectively, "Defendants") move to stay the deadline for Defendants' Motion to Compel regarding Plaintiff Conservation Law Foundation, Inc.'s ("Plaintiff") Ninth Privilege Log. Defendants respectfully request that the Court grant their Motion to stay the deadline from Friday, June 28, 2024 to 7 days after the Court's ruling on Defendants' pending Motion to Compel regarding Plaintiff's Revised Sixth Privilege Log and Seventh Privilege Log (ECF No. 347, hereafter "Pending Motion"), or such other time ordered by the Court. Defendants anticipate

1

that Plaintiff will ultimately oppose Defendants' Motion to Compel, but Plaintiff has indicated that it does not take any position on this Motion to Stay.

Good cause exists to grant this Motion because the protections Plaintiff claims in its Ninth Privilege Log are the same or similar to those that Defendants have moved to compel with its Pending Motion (ECF No. 347). Because the issues are similar, Defendants believe the Court's decision on the Pending Motion will be instructive to the parties and potentially eliminate the need for motions practice on Plaintiff's Ninth Privilege Log. Indeed, the Court has already ordered a stay of the deadline for Defendants to file a Motion to Compel regarding Plaintiff's Eighth Privilege Log for the very same reason (ECF No. 359). Defendants file this Motion in the interest of judicial economy and minimizing further expenditure of resources. In support of this motion, Defendants rely on the attached exhibits.

In support of this motion, Defendants state:

1. On Wednesday, May 29, 2024, Plaintiff served Defendants with its 24th document production. Plaintiff simultaneously served Defendants with a corresponding privilege log. This log is Plaintiff's Ninth Privilege Log. Ex. A.

2. Defendants filed their Pending Motion regarding Plaintiff's Revised Sixth and Seventh Privilege Log on Monday, February 5, 2024, the motion's deadline. ECF No. 347.

3. Throughout this litigation, the Parties have interpreted the Scheduling Order and Case Management Plan (ECF No. 52) and operated under the practice that any motion to compel regarding a party's privilege log shall be filed within 30 days of service of said privilege log. Ex. B, June 25, 2024 Declaration of Antonio E. Lewis, ¶ 5.

4. Pursuant to this practice, Defendants' deadline to move to compel regarding Plaintiff's Ninth Privilege Log is June 28, 2024.

5. Due to the same or similar nature of CLF's privilege claims on CLF's Ninth Privilege Log as those in CLF's Corrected Sixth Privilege Log,[1] Defendants contacted CLF with a proposal to stay Defendants' deadline to file a motion to compel regarding CLF's Ninth Privilege Log until after the Court has ruled on Defendants' Pending Motion due to the potential for the ruling to eliminate the need to file a motion. Plaintiff has advised that it takes no position on Defendant's Motion to Stay. Ex. B, ¶ 6; Ex. C, June 20, 2024 E-Mail from K. Rumelt to A. Lewis Re: CLF's Priv Log 9.

6. The Ninth Privilege Log contains the same privilege claims as CLF's Corrected Sixth Privilege Log. CLF is withholding all nine of the documents on CLF's Ninth Privilege Log on the ground that they are protected by the associational privilege. Plaintiff's Ninth Privilege Log, Ex. A. These documents consist of eight emails and one fundraising document between CLF and its members and donors that discuss this case and related work by CLF. *Id*. CLF's privilege log description says that the subject matter of these emails and documents concern "CLF and its work," as well as some documents that discuss "this case and include[] characterization of the case and recent developments." *Id*.

7. This privilege claim and privilege description is substantially the same as eight privilege log entries in CLF's Corrected Sixth Privilege Log, where the communications include the same standing witnesses and the privilege description includes "communication…that discusses the litigation" or involves "attorney characterizations of the case and recent developments." Plaintiff's Corrected Sixth Privilege Log, ECF No. 352-3. The privilege

---

[1] Defendants reference CLF's Corrected Sixth Privilege Log, which is the corrected version of the Revised Sixth Privilege Log on which Defendants moved to compel. CLF served Defendants with the Corrected Sixth Privilege Log on February 15, 2024, after Defendants filed their Pending Motion. Ex. B ¶ 4. CLF filed the Corrected Sixth Privilege Log with the Court as an exhibit to its Response in Opposition to Defendants' Motion to Compel Documents Within Plaintiff's Sixth and Seventh Privilege Logs ("Opposition to Pending Motion"). ECF No. 352-3.

3

descriptions are substantially similar, and CLF is invoking the same associational privilege claim, which implicates the same facts and arguments CLF has presented previously regarding associational privilege. Ex. B ¶ 7; *see* CLF's Opposition to Defendants' Pending Motion, at 21, ECF No. 352 (citing ECF No. 200 & ECF No. 200-13).

8. CLF withholds three documents on CLF's Ninth Privilege Log on the ground of work product protection, which CLF has also claimed for six documents on its Corrected Sixth Privilege Log. The Court's decision on Defendants' Motion to Compel (ECF No. 347) will likely provide important guidance on whether CLF's withholding of this third document is proper. Ex. B ¶ 8.

9. The issues presented by Plaintiff's Ninth Privilege Log are also substantially the same as presented in Plaintiff's Eighth Privilege Log, which was served on Friday, February 2, 2024. Ex. B, ¶ 9. The Court has already granted Defendants' Motion to Stay the deadline to move to compel documents withheld in Plaintiff's Eighth Privilege Log for the same reasons set forth herein (ECF 359). In connection with that motion to stay, the Court granted a stay of the deadline for Defendants to file a motion to compel to "seven days after the Court resolving the [Pending Motion]." *Id.*

10. Good cause similarly exists for a limited stay of Defendants' deadline to move to compel on Plaintiff's Ninth Privilege Log since such motion would raise the same or similar issues as in the Pending Motion (ECF No. 347). Defendants are mindful of the number of discovery motions that have been filed in this case, and in the interest of judicial economy and the parties' resources, believe it is more efficient for Defendants (and Plaintiff) to first have the benefit of the Court's decision on Defendants' Pending Motion to inform whether a motion on CLF's Ninth Privilege Log is necessary. The Court's decision on Defendants' Pending Motion

would also help facilitate the parties' meet and confer on CLF's Ninth Privilege Log. Such a stay is in the interest of judicial economy to avoid duplicative motions practice on an already full docket.

11. Pursuant to Local Rule 7(b)(2), Defendants have inquired of all non-moving parties whether there is agreement or objection to this Motion. Ex. B ¶ 10. Plaintiff has indicated that it takes no position on this Motion. Ex. C, June 20, 2024 E-Mail from K. Rumelt to A. Lewis Re: CLF's Priv Log 9.

12. This Motion is Defendants' first motion for an extension of time related to moving to compel regarding Plaintiff's Ninth Privilege Log. Ex. B ¶ 11.

13. This Motion also complies with Local Rule 7(b)(3) that motions for extensions of time be filed three business days before the deadline sought to be extended.

14. The relief sought by this Motion is not for the purpose of delay, and the requested stay will not affect any additional pending deadlines or prejudice any party. Ex. B ¶ 12.

For the foregoing reasons, Defendants respectfully request that this Court grant the relief sought and stay the deadline for Defendants to file a motion to compel regarding Plaintiff's Ninth Privilege Log until 7 days after the Court has ruled on Defendants' Pending Motion (ECF No. 347), or such other time ordered by the Court.

Dated: June 25, 2024                                  Respectfully submitted,

                                                      /s Antonio E. Lewis
                                                      Antonio E. Lewis (phv03069)
                                                      KING & SPALDING, LLP
                                                      300 S Tryon Street
                                                      Suite 1700
                                                      Charlotte, North Carolina 28202
                                                      T: (704) 503-2600
                                                      alewis@kslaw.com

5

Rose J. Jones (phv208026)
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
T: (404) 215-5828
rjones@kslaw.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210

Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com


*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that that on June 25, 2024, the foregoing was served via the ECF system on all counsel of record.

                                         */s Antonio E. Lewis*
                                         Antonio E. Lewis (phv03069)
                                         KING & SPALDING, LLP
                                         300 S Tryon Street
                                         Suite 1700
                                         Charlotte, North Carolina 28202
                                         T: (704) 503-2600
                                         alewis@kslaw.com

                                         ***Counsel for Defendants***