UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>Defendants. | Case No: 3:21-cv-00933-JAM<br><br>June 25, 2024 |

## DECLARATION OF ANTONIO E. LEWIS

I, ANTONIO E. LEWIS, declare under penalty of perjury as follows:

1. I am a partner with the law firm of King & Spalding, LLP, counsel for Defendants Shell USA, Inc. f/k/a Shell Oil Company, Shell Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises, LLC, Triton Terminaling LLC, and Equilon Enterprises LLC d/b/a Shell Oil Products US (collectively, "Defendants") in the above-captioned action. I make this Declaration in support of Defendants' Motion to Stay Deadline for Defendants' Motion to Compel Documents Withheld in Plaintiff Conservation Law Foundation's Ninth Privilege Log, filed contemporaneously herewith.

2. On May 29, 2024, Plaintiff Conservation Law Foundation, Inc. ("CLF") served Defendants with its 24th document production. CLF simultaneously served Defendants with its Ninth Privilege Log. *See* Ex. A.

3. Defendants previously filed their Motion to Compel regarding Plaintiff's Revised Sixth and Seventh Privilege Logs on February 5, 2024. ECF No. 347.

4. On February 15, 2024, CLF served Defendants with its Corrected Sixth Privilege Log.

5. Throughout this litigation, the Parties have interpreted the Scheduling Order and Case Management Plan (ECF No. 52) and operated under the practice that any motion to compel regarding a party's privilege log shall be filed within 30 days of service of said privilege log.

6. Due to the same or similar nature of CLF's privilege claims on CLF's Ninth Privilege Log as those in CLF's Corrected Sixth Privilege Log,[1] Defendants contacted CLF with a proposal to stay Defendants' deadline to file a motion to compel regarding CLF's Ninth Privilege Log until after the Court has ruled on Defendants' Pending Motion due to the potential for the ruling to eliminate the need to file a motion. CLF has advised that it takes no position on Defendants' motion to stay. *See* Ex. C, June 20, 2024 E-Mail from K. Rumelt to A. Lewis Re: CLF's Priv Log 9.

7. All nine of the documents within CLF's Ninth Privilege log contain similar privilege claims and privilege descriptions with respect to the Plaintiff's invocation of the associational privilege in its Corrected Sixth Privilege Log.

8. CLF withholds three documents on CLF's Ninth Privilege Log on the ground of work product protection, which CLF has also claimed for six documents on its Corrected Sixth

---

[1] In this Declaration, CLF's Corrected Sixth Privilege Log is referenced, which is the corrected version of the Revised Sixth Privilege Log on which Defendants moved to compel. CLF served Defendants with the Corrected Sixth Privilege Log on February 15, 2024, after Defendants filed their Pending Motion. CLF filed the Corrected Sixth Privilege Log with the Court as an exhibit to its Response in Opposition to Defendants' Motion to Compel Documents Within Plaintiff's Sixth and Seventh Privilege Logs ("Opposition to Pending Motion"). ECF No. 352-3.

Privilege Log. The Court's decision on Defendants' Motion to Compel (ECF No. 347) will likely provide important guidance on whether CLF's withholding of this third document is proper.

9. The issues presented by Plaintiff's Ninth Privilege Log are also substantially the same as presented in Plaintiff's Eighth Privilege Log, which was served on Friday, February 2, 2024. The Court has already granted Defendants' Motion to Stay the deadline to move to compel documents withheld in Plaintiff's Eighth Privilege Log for the same reasons set forth herein (ECF 359). In connection with that motion to stay, the Court granted a stay of the deadline for Defendants to file a motion to compel to "seven days after the Court resolving the [Pending Motion]." *Id.*

10. Pursuant to Local Rule 7(b)(2), Defendants have inquired of all non-moving parties whether there is agreement or objection to the motion.

11. This Motion is Defendants' first motion for an extension of time related to moving to compel regarding Plaintiff's Ninth Privilege Log.

12. The relief sought by this Motion is not for the purpose of delay, and the requested stay will not affect any pending deadlines or prejudice any party.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 25, 2024                                    Respectfully submitted,

                                                                                                     */s Antonio E. Lewis*
                                                                                                     Antonio E. Lewis (phv03069)
KING & SPALDING, LLP
300 S Tryon Street
Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

**Counsel for Defendants**