UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., *Plaintiff*, v. SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, *Defendants*. | Civil Action No. 3:21-cv-00933-JAM July 8, 2024 |

# JOINT DISCOVERY STATUS REPORT

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") and Defendants Shell Oil Company,[1] Equilon Enterprises d/b/a Shell Oil Products US, Shell Petroleum Inc., Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file this Joint Discovery Status Report, as directed in the Court's Order of April 4, 2024. ECF 378. For the sake of brevity, the Parties incorporate by reference their prior Joint Discovery Status Reports. *See* ECF 383, 387, 402, 417, 421, 424, & 427.

*Discovery Status*

*Defendants' Efforts to Complete Document Collection and Production*

Defendants continue to make tremendous progress and devote significant resources to produce documents in compliance with the Court's Order on CLF's motion to compel (ECF 372) and comply with the Court's May 30, 2024, Order concerning interim discovery deadlines (ECF 419). Since the last filing, Defendants have collected approximately 53,000 additional potentially

---

[1] Effective March 1, 2022, Shell Oil Company changed its name to Shell USA, Inc. (ECF 56).

1

responsive documents (including document families).[2] This collection includes documents responsive to Revised RFP 9.

Defendants continue to make rolling productions of hard copy files, producing two new volumes and a supplemental production correcting issues identified with families and metadata, on June 28. Defendants anticipate making an additional production this week. As noted in previous status reports, CLF has raised issues with metadata and organizing information in these productions, Defendants have investigated CLF's questions, and to address those issues, Defendants produced additional metadata information, and located missing pages, which have been reproduced as supplements to volumes 18 and 19 in a format requested by CLF. However, CLF's hosting vendor was unable to upload the supplemental files per those specifications. CLF has requested that Defendants reproduce those volumes using a different format. Defendants are working to reproduce the volumes as requested. Further, CLF had follow-up questions on the source of the fielded data provided in the dat file for those productions. These questions were discussed and addressed on July 3rd during a meet and confer. At this time, CLF's issues with the hard copy productions in volumes 17 to 20 have been satisfactorily addressed.

*ESI*

As discussed above, the Parties held a meet and confer on July 3, 2024. During this meet and confer, the Parties were very close to finalizing the scope of custodian and subject matter exclusions for Revised RFP 9. On Friday July 5, CLF requested 2 additional Motiva custodians to be included in the Revised RFP 9 collection; and now the Parties are in agreement on collecting Revised RFP 9 documents from 40 out of 63 Shell custodians and 14 out of 21 Motiva custodians

---

[2] This collection is in addition to the approximately 500,000 documents collected as of the June 10 status report (ECF 424 at 2) and the approximately 191,000 documents collected as of the June 24 status report (ECF 427 at 2).

with subject matter and Clean Air Act keyword exclusions. The final volume for review for Revised RFP 9 for both Shell and Motiva custodians and SharePoint locations is 196,522 documents. With these final changes, the Parties have reached an agreement on the scope of collection for Revised RFP 9. Defendants have started the review of these documents and continue to work towards finalizing all productions by August 19, 2024. During the July 3 meet and confer, Defendants provided preliminary examples of categories of not responsive documents, and in the spirit of the May 29, 2024 hearing and this Court's May 30th Order (ECF 419), Defendants offered to host weekly calls with CLF to discuss responsiveness rates for the review of the Revised RFP 9 documents and categories of documents identified as not responsive to the request. CLF reiterated their previously stated position that with respect to Revised RFP 9, they believe that a review for responsiveness is not necessary, that the documents should be reviewed for privilege only, and that a production of the documents that hit on the Revised RFP 9 search terms as a complete "tranche" of documents is faster and cleaner. Defendants explained that the documents will still need to be reviewed for, at a minimum, privilege, before production, the review can be completed by the proposed August 19th deadline, and that it was in the Parties' interest to minimize the production of wholly irrelevant documents. Moreover, Defendants fully intend to comply with the spirit of the Court's Order following the May 29th hearing and to be transparent with CLF about the types of non-responsive documents that are being withheld. The parties agreed to continue discussions regarding the identification of non-responsive documents.

Simultaneously, Defendants are continuing to review documents. At the time of this filing, Defendants have currently reviewed over 109,000 documents, which includes documents reviewed as part of the first-level review and quality control.

The Parties only on-going negotiation regarding the scope of ESI collections is whether

any employees associated with Defendants Shell USA, Inc. and Shell Petroleum, Inc. would have responsive documents. Defendants first identified the employer companies of the Shell ESI custodians associated with the Revised RFPs on June 3. CLF raised in a meet and confer on June 4 why there were no custodians associated with Defendants Shell USA, Inc. and Shell Petroleum, Inc. Defendants looked into CLF's questions and provided a response on June 18 that neither entity has additional information or locations that are specific to those Defendants. The Parties met and conferred on June 21 at which time CLF noted this answer was not consistent with documents produced in the case and after the meet and confer CLF provided examples that appeared to show Shell USA employees involvement in relevant issues. Defendants are reviewing CLF's examples and will shortly follow-up on this issue.

*Schedule*

As discussed in the last joint status report (ECF 427), Defendants propose the Court reset the production deadline to August 19, 2024, with rolling productions continuing this week. Defendants have discussed this production deadline with CLF. CLF takes no position on how much time Defendants need to complete the remaining collection, review, and production of documents. CLF's primary concern with any new schedule is that CLF has an appropriate amount of time to review the produced documents and complete fact discovery, to that end CLF appreciates Defendants engagement on providing RFP responsiveness information.

**Outstanding Discovery Issues**

*Rule 30(b)(6) Negotiations*

The Parties previously reported an agreement in principle regarding 30(b)(6) deposition topics.

The Parties anticipate that the document production schedule may necessitate holding the

Rule 30(b)(6) depositions after the currently scheduled end of fact discovery.[3] The Parties do not require the Court's assistance at this time.

### *Document Production*

With respect to the "18 Shell policy documents/categories of documents" listed in CLF's Motion to Compel (ECF 326-1, at 40-42), the Parties have not reached any further resolution beyond what was reported in the Parties' Joint Status Report on May 20. *See* ECF 402. On July 3, the Parties held a meet and confer on this topic. Defendants confirm that investigation into these various documents is ongoing and expect that they will be able to continue negotiations on the production of certain outstanding categories of documents. The Parties will continue to meet and confer on this topic.

### *Settlement*

The Parties are engaging in additional settlement discussions to consider a global settlement. On July 1, 2024, the parties participated in a telephonic conference with Judge Vatti to reset the date of the settlement conference. The in-person settlement conference is scheduled for October 16, 2024. *See* ECF 434.

Dated: July 8, 2024

Respectfully submitted,

| | |
|---|---|
| */s/ James Y. Meinert*<br>James Y. Meinert (ct31637)<br>Zachary Manley (phv207600)*<br>Conservation Law Foundation, Inc.<br>62 Summer Street<br>Boston, MA 02110<br>Tel: (617) 850-1744<br>Tel: (617) 850-1707 | */s/ Rose H. Jones* (with permission)<br>Rose H. Jones<br>King & Spalding, LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>T: (404) 215-5828<br>rjones@kslaw.com |

---

[3] The Court has indicated that the current deadline for concluding fact discovery will be reset. *See* ECF 419.

E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

*Attorneys for Plaintiff Conservation Law Foundation, Inc.*

*Admitted as Visiting Attorney*

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Anthony G. Papetti (phv206982)*
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: 1.410.230.1305
rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190

jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE & DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*