UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-JAM <br><br> August 19, 2024 |

## JOINT DISCOVERY STATUS REPORT

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") and Defendants Shell Oil Company,[1] Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum Inc., Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file this Joint Discovery Status Report, as directed in the Court's Order of April 4, 2024. ECF 378. For the sake of brevity, the Parties incorporate by reference their prior Joint Discovery Status Reports. *See* ECF 383, 387, 402, 417, 421, 424, 427, 436, 443 & 447.

*Discovery Status*

*Defendants' Efforts to Complete Document Collection and Production*

Defendants have completed the collection, review and production of documents in compliance with the Court's Order on CLF's motion to compel (ECF 372) and comply with the Court's May 30, 2024, Order concerning interim discovery deadlines. ECF 419.

Defendants have made 37 rolling productions in this case, producing 314,373 documents

---

[1] Effective March 1, 2022, Shell Oil Company changed its name to Shell USA, Inc. (ECF 56).

1

relating to Revised RFPs 6, 7, 9, 10, 12, 17(b-c), 18, 20, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, 36, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 53, 54, 63 and 64.  Additionally, Defendants re-produced 16,168 documents on August 18, 2024 in volume 31 to remove redactions to address ECF 372 Section III.C and on August 19, 2024 a dat file overlay to update the All Custodian and All File Paths field to include Shell USA custodians for any previously produced documents in NHVN001 – NHVN032 productions. Defendants have now produced 272,743 documents since the Courts' ruling on March 29, 2024 (ECF 372).  Defendants produced 249,745 of these across 12 volumes over the past 10 days totaling approximately 2.3 million pages. CLF is still processing some of these volumes.

*ESI*

Defendants have collected 2,845,724 documents after global de-duplication from 214 Shell USA custodians.[2]  Approximately 460 reviewers reviewed search term hits for documents related to the Revised RFPs.  87,236 documents which hit on Revised RFP 9 search terms from 128 Shell USA custodians were produced.  An additional 6,253 documents from 132 Shell USA custodians were produced for RFPs 10, 12, 17(b-c), 23, 26, 27, 28, 31, 33, 36, 38, 39, 41, 42, 43, 45, 46, 47, 48 and 53.

The parties have agreed to a privilege log deadline of 30 days after the August 19 production (September 18, 2024).

<u>CLFs' Efforts to Complete Review of Defendants' Document Productions</u>

CLF has reviewed substantially all of the approximately 11,000 documents produced in response to ECF 372 before August 2024 and has reviewed substantially all of the documents produced

---

[2] Defendants have confirmed that Shell Petroleum, Inc. has no custodians with documents responsive to CLF's RFPs. Shell Petroleum, Inc. is a holding company.  Unlike Shell USA, Shell Petroleum, Inc. has no employees, and it does not provide any services to the facilities at issue.

2

earlier in the case. CLF anticipates it will take several months to review all documents produced by Defendants, notwithstanding any de minimus supplemental productions of privilege downgrades identified in connection with preparation of the privilege log Defendants have indicated they will produce and those supplemental productions previously disclosed and addressed separately by the Court, see ECF 446. CLF has been in consultation with document review vendors to estimate the time and cost required to review the anticipated large productions from Defendants.  On July 19th, Defendants disclosed to CLF that Revised RFP 9 search term hits, after email threading, across Shell, excluding Shell USA, and Motiva custodians, relevant share point and legacy Deer Park would be approximately 151,349 documents after two months of negotiations between the Parties on how to reasonably approach collecting such documents.  On August 9th and again on August 12th, Defendants disclosed to CLF that Defendants were in the process of collecting, reviewing and producing documents from approximately 180 Shell USA employees, including running the broad Revised RFP 9 search terms.  CLF has only learned of the exact size of these productions in the last few days and CLF expects to inform the Court soon regarding the reasonable timeframe needed for the review.

**Outstanding Discovery Issues**

*Rule 30(b)(6) Negotiations*

The Parties previously reported an agreement in principle regarding 30(b)(6) deposition topics.

The Parties anticipate that the document production schedule may necessitate holding the Rule 30(b)(6) depositions after the currently scheduled end of fact discovery.[3] The Parties do not require the Court's assistance at this time.  CLF notes that its review of the Defendants'

---

[3] The Court has indicated that the current deadline for concluding fact discovery will be reset.  *See* ECF 419.

productions may result in the narrowing of some topics, adding new topics, or both.

*Document Production Subject to Letter Briefs at ECF 393 and 394*

The Parties continued to negotiate with respect to the documents CLF contends are policy documents as listed in its Motion to Compel (ECF 326-1, at 40-42) and that were subject to the letter briefs at ECF 393 and 394. While Defendants expressly reserve their objections to producing the agreed upon documents on the basis of relevance and responsiveness, in order to resolve all open issues, Defendants have agreed to produce the requested documents. The Parties anticipate this production will fully resolve the documents subject to the letter briefs such that the Court need not rule on those briefs. However, CLF has not yet been able to review some of the produced documents and the Parties may need to further confer. As it relates to the Business Assurance Letters, Defendants explained in a meet and confer on August 15th the Business Assurance Letter process. Defendants had previously agreed to, and have produced, the Corporate Guidance prepared by the relevant assets as part of the annual review. On this same meet and confer, Defendants cited an example of a BAL Corporate Guidance document produced earlier that week in Volume 27 (SOPUS_NHVN1085817). CLF agreed to review that document, report back, and inquired as to whether Defendants were offering to produce the final Business Assurance Letters at issue with redactions. On August 19th, 2024, Defendants produced portions of the Business Assurance Letters subject to the Court's March 29 Order (ECF 326). CLF is open to receiving a redacted version of Business Assurance Letters, despite the fact that Defendants have not indicated any legal privileges apply; however, the Parties have not agreed on the scope of redactions. CLF will review the redacted Business Assurance Letters and follow-up with Defendants and the Court as necessary.

*Manual of Authorities*

The Parties held a meet and confer regarding the Shell Manual of Authorities, which is an electronic database and is specifically named in Revised RFP 6, pursuant to Section 8.1 of the New Haven ESI Agreement (ECF 211-1) and discussed the governing principles. Subsequently, Defendants provided CLF with a list of all available database fields and agreed, for the New Haven terminal manager and his chain of command, to produce all available fields except one field which disclosed employee IDs. The Parties may disagree over Defendants' production of information from the Shell Manual of Authorities. However, CLF has not yet reviewed Defendants' production, made today, from the Manual of Authorities and may again need to follow up with Defendants and the Court as necessary.

*Terminal Inspection*

On Wednesday, August 14th and Thursday, August 15th, CLF, along with several of its retained experts, participated in site inspections of the Providence and New Haven Terminals, respectively.

*Settlement*

The parties are engaging in additional settlement discussions to consider a global settlement for both the Connecticut and Rhode Island litigations. On July 1, 2024, the parties participated in a telephonic conference with Judge Vatti to reset the date of the settlement conference. The in-person settlement conference is scheduled for October 16, 2024. *See* ECF 434.

Dated: August 19, 2024

Respectfully submitted,

/s/   *James Y. Meinert*
James Y. Meinert (ct31637)
Zachary Manley (phv207600)*
Conservation Law Foundation, Inc.

/s/   *Rose H. Jones*
Rose H. Jones
King & Spalding, LLP
1180 Peachtree Street, N.E.

62 Summer Street
Boston, MA 02110
Tel: (617) 850-1744
Tel: (617) 850-1707
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

*Attorneys for Plaintiff Conservation Law Foundation, Inc.*
*Admitted as Visiting Attorney

Atlanta, GA 30309
T: (404) 215-5828
rjones@kslaw.com

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Anthony G. Papetti (phv206982)*
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: 1.410.230.1305
rprather@bdlaw.com

James O. Craven (ct18790)
Wiggin and Dana LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.

1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
Beveridge & Diamond, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*