UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-JAM <br><br> September 9, 2024 |

## JOINT STATUS REPORT

Pursuant to the Court's order entered September 15, 2023 (ECF 286), counsel for Plaintiff Conservation Law Foundation ("CLF" or "Plaintiff") and Defendants Shell Oil Company[1], Equilon Enterprises d/b/a Shell Oil Products US, Shell Petroleum Inc., Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file the following joint status report. For the sake of brevity, the Parties incorporate by reference their prior Joint Discovery Status Reports and do not repeat prior content in this filing, instead focusing on developments in the case since the Parties filed their last tri-monthly Joint Discovery Status Report on June 7, 2024. *See* ECF 423.

**I.    DISCOVERY CONDUCTED**

    **A.    Document Discovery**

        **1.    The Court's Decision on CLF's Revised RFPs and Subsequent Discovery Orders**

---

[1] Effective March 1, 2022, Shell Oil Company changed its name to Shell USA, Inc. (ECF 56).

1

On March 29, 2024, the Court issued its order (ECF 372) on CLF's motion to compel further discovery based on its revised RFPs (ECF 326-1) ("MTC Order"). The MTC Order granted CLF relief on 37 of its 39 revised RFPs. The Court also ordered Defendants to provide a list of all coastal facilities owned or operated by Defendants that store or handle petroleum in bulk and have a Risk Assessment Matrix rating of yellow or red for a specific risk category pertaining to weather conditions. The Court also set a deadline of April 29, 2024 for document productions but later extended that deadline to August 19, 2024.

On April 4, 2024, the Court ordered the Parties to submit a joint proposal to amend the scheduling order that maintained the December 3, 2024 deadline for dispositive motions. ECF 378 at 1–2. The Court also ordered biweekly submissions of joint discovery status reports beginning April 15, 2024, and biweekly discovery status conferences commencing on April 17, 2024. On April 8, 2024, the Parties filed their joint proposed amended scheduling order. ECF 380. In that proposal, the Parties agreed to complete document production in compliance with the Court's MTC Order by April 29, 2024. *Id.* at 1. The joint proposed amended scheduling order also set the close of fact discovery for June 28, 2024. *Id.*

Since the June 4, 2024 status update, the Parties have met and conferred regularly regarding the Defendants' collection and review of documents pursuant to ECF 372.

   2.     **Productions**

As of the date of this filing, Defendants have produced over 314,500 documents to Plaintiff across 37 volumes. Since the last Joint Status Report, Defendants have collected and processed 3.8 million documents and produced 266,000 across 18 volumes.

The Court has made it clear that CLF will be required to review every page of the documents produced by Defendants, and CLF is committed to doing so. CLF has been in discussions with third-party document review vendors since the first week of August. CLF has

engaged a vendor and has a kick-off meeting with its external review team later this week. CLF believes it can complete a full document review with eyes on every document in four months following the August 19, 2024 production deadline.

CLF served its 25th production on August 27, 2024. CLF does not have any significant productions outstanding outside of its obligation to make supplemental productions under the Federal Rules.

**B.      Depositions**

At the time of the March 7, 2024 Joint Status Report, the Parties were at an impasse regarding the Parties' 30(b)(6) depositions and had filed several motions with the Court seeking to resolve these disputes: CLF's motion for a protective order (ECF 200), CLF's motion to compel Defendants' depositions and for sanctions (ECF 203), and Defendants' cross-motion for a protective order and for sanctions (ECF 215). On March 30, 2024, the Court denied these three motions without prejudice. ECF 373. Using Judge Meyer's ruling on Defendants' partial summary judgment motion, the Court ordered the parties to meet and confer to attempt to resolve their disputes and report outstanding disputes during the April 4 discovery conference. *Id.* During the April 4 discovery conference, the Parties reported that they had reached an agreement in principle on nearly all 30(b)(6) deposition topics and were hopeful the Parties could resolve all disputes. ECF 378.

In their May 13, 2024 joint status report, the Parties reported to the Court that they had agreed to final 30(b)(6) topics for all the Defendants' depositions. *See* ECF 395, at 3. On May 14, 2024, CLF noticed all the Defendants' depositions for the last two weeks in June. *See* ECF 417, at 7. On May 15, 2024, Motiva Enterprises, LLC ("Motiva") requested CLF withdraw its deposition notice to allow for more narrowly tailored topics since the topics for Motiva were identical to those of the Shell Defendants and do not account for the limited claims that remain pending against

3

Motiva or the fact that Motiva is not a Shell company. *Id.* On May 28, 2024, Motiva served its objections to CLF's 30(b)(6) deposition notice. The Parties are continuing to negotiate to resolve the issues with the Motiva deposition topics.

With regard to the Rule 30(b)(6) topics proposed by Defendants for CLF, CLF responded to Defendants' proposal on April 10, 2024. On May 23, 2024, Defendants followed-up by email with CLF regarding a continuing dispute on Topic 10. On June 6, 2024, CLF responded to Defendants' follow-up, indicating that it continues to object to that topic, would object during the deposition to any questions calling for work product or expert opinion, and would prepare its witness with these objections in mind.

CLF also moved to take additional depositions, which the Court denied without prejudice. ECF 181, 287. The Court ordered the Parties to submit simultaneous briefs with seven days of completing the last agreed deposition, or forty-five days prior to the close of fact discovery, whichever is sooner, if the Parties cannot come to agreement regarding Plaintiff's request to depose Karen Stammer, Marco Fantolini, Paul Verlaan, and/or Alain Comeau. ECF 287. That deadline has been extended based on CLF's oral motion during the hearing before the Court on January 12, 2024. ECF 341, 342.

### C. Expert Discovery

Expert discovery is currently scheduled to close on October 4, 2024. ECF 382. The Parties anticipate that this deadline will need to be re-set as discussed below.

## II. REMAINING DEADLINES

Following the April 4 discovery conference, the Court entered a case schedule (ECF 382), which was subsequently modified, with the Court ordering completion of Defendants' document productions by August 19, 2024. ECF 446. As reported in the Parties' last Joint Discovery Status Report, ECF 458, the Parties have exchanged scheduling proposals and met and conferred multiple

4

times on the schedule. The Parties have not come to agreement. CLF originally proposed the following schedule:

- Deadline to produce documents pursuant to the MTC Order: August 19, 2024

- CLF will certify it has completed review of all of Defendants' productions on or before **December 19, 2024**.

- CLF will complete the remaining 30(b)(6) depositions by **January 20, 2025**.

- CLF shall Move for any additional discovery, including reopening depositions and/or additional depositions by **January 20, 2025**.

    o Defendants' Opposition to any of CLF's motions on additional discovery will be due by **February 3, 2025**, or 14 days after the date of the motion.

    o CLF's reply, if needed, will be due **February 17, 2025**, or 7 days after Defendants' Opposition.

- Fact discovery closes: **April 21, 2025**.

- Burden of proof expert designations and reports: **May 19, 2025**.

- Non-burden of proof expert designations and reports: **July 21, 2025**.

- Rebuttal export reports: **August 18, 2025**.

- Expert witness depositions completed: **October 6, 2025**.

- Close of discovery: **October 6, 2025**.

- Motions to preclude expert(s): **October 20, 2025**.

- Request for Admissions deadline: **October 20, 2025**.

- Dispositive motions: **January 20, 2026**.

- Joint trial memorandum: **February 3, 2026**.

This original proposal by CLF allowed 4 months for CLF to complete document review based on Defendants need for 4 months and 21 days to collect, review, and produce these same

5

documents. CLF's original proposal then allows one month to complete 30(b)(6) depositions, and then three months to complete fact discovery. The three months to complete fact discovery is needed for CLF to re-file its long-sought motion for additional depositions, ECF 181, denied without prejudice to later re-filing, ECF 287, and simultaneous filing of any other motions for additional discovery CLF has good cause to file at that time. As CLF has already informed Defendants, CLF believes it may have good cause to re-open fact depositions that have occurred— as Michael Sullivan's custodial file is now 24,806 documents, when at the time of his deposition it was 7,964, and for Brian Evans, his custodial file now contains 7,918 documents, when at the time of his deposition, only 1,616 documents had been produced. CLF believes it is appropriate to build in time for some limited motion practice for additional discovery after it completes document review, and that CLF should not be prejudiced by Defendants' withholding of these documents until this stage of the litigation.  The remainder of CLF's proposed schedule tracks the time periods the Court entered in the September 2023 schedule, ECF 286.

    Defendants believe that this case can be moved along more efficiently such that it would be trial-ready in 2025 and propose a schedule that tracks the time periods in the April 2024 Scheduling Order, ECF 382, while also allowing CLF three months to review a relatively small portion of the total documents that Defendants collected, processed, and reviewed in a little over four months.  Defendants believe that three months should be more than sufficient.  Defendants also note that CLF has known since the March 29, 2024 MTC Order that a voluminous production by Defendants was imminent but has not secured a document review vendor in the nearly six months since the order was entered.  Nor do the Defendants believe it is appropriate to build in a briefing schedule for the sole purpose of allowing CLF to move for even more discovery.  If CLF

comes to believe it has cause to make such a motion, it should do so at that time and without delay. Defendants' proposed schedule is as follows:

- Fact discovery closes: December 19, 2024
- Burden of proof expert designations and reports: January 20, 2025
- Non-burden of proof expert designations and reports: February 20, 2025
- Rebuttal export reports: March 13, 2025
- Expert witness depositions completed: April 3, 2025
- Close of discovery: April 3, 2025
- Motions to preclude expert(s): April 24, 2025
- Request for Admissions deadline: April 25, 2025
- Dispositive motions: June 3, 2025
- Joint trial memorandum: June 17, 2025

Following the Parties September 3, 2024 Joint Discovery Status Report, the Parties met and conferred and CLF agreed to use the expert discovery period from Defendants' proposal, which uses the date spacing from the April 2024 Scheduling Order. However, CLF still believes the longer period for the Court to consider expert preclusion motions and the Parties to pursue RFAs and prepare dispositive motions is reasonable. As such, the Parties do not have a complete joint schedule to propose at this time.

The Court also ordered the Parties to continue filing joint status reports, like this report, addressing all matters listed on pp. 5-6 of ECF No. 52 every three months through the filing of post-discovery dispositive motions. *Id.* Once a post-discovery dispositive motion has been filed, or a firm trial date has been set, no further status reports are required. *Id.* The next status report is due Monday, December 9, 2024, unless a post-discovery dispositive motion has been filed.

The Parties recognize that the following pending discovery motions may also impact the schedule: Defendants' Motion to Compel CLF's Sixth and Seventh Privilege Logs (ECF 347); any forthcoming motion from Defendants on Plaintiff's Eighth Privilege Log (ECF 359); and Plaintiff's Motion to Modify the Protective Order (ECF 349). In addition, if the Parties cannot come to agreement on CLF's request for additional depositions, CLF reserves the right to refile its motion for additional depositions under the conditions set by the Court in ECF 287.

### III.  AMENDMENTS OR ADDITIONAL PARTIES

CLF does not currently anticipate amending its complaint or adding additional parties, although CLF reserves its right to seek leave to amend should the evidence disclosed in discovery indicate such amendment is necessary and appropriate.

### IV.  DISPOSITIVE MOTIONS

Defendants Shell Oil Company, Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum, Inc., and Triton Terminaling LLC moved for partial summary judgment on Plaintiff's Counts I-IX on June 13, 2023. ECF 248. Defendants argued that the permit at issue in this case does not impose an independent requirement to consider the climate change factors identified in the Amended Complaint, and therefore the claims that Defendants have violated such a requirement fail as a matter of law. Plaintiff filed its opposition on July 14, 2023 (ECF 260), arguing, among other things, that Defendants' interpretation of the permit is incorrect because the plain language of the permit regulating industrial stormwater requires consideration of factors that affect stormwater—including consideration of the impact of severe weather and climate change on the Terminal as required by best industry practice, which is a fact-specific inquiry. Defendants filed their reply in support of their motion for partial summary judgment on August 3, 2023. ECF 272. A hearing before Judge Meyer occurred on October 19, 2023. ECF 261. Judge Meyer ruled from the bench, denying Defendants' motion as to all Counts. ECF 302. Since Judge Meyer's

ruling, Connecticut's Department of Energy & Environmental Protection's ("CT DEEP") has issued new draft permit requirement that now, for the first time, will require climate related considerations. Defendants are evaluating filing a new motion for summary judgment based on these developments.

## V.     CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to a magistrate judge for all purposes or for trial. This case was referred to Magistrate Judge Farrish for all pretrial matters and case management on August 8, 2022. ECF 92. The Parties have no objection to the continued referral of pretrial matters and case management to Magistrate Judge Farrish (subsequent to the October 5, 2022 reassignment of the case to Judge Meyer). ECF 118.

## VI.    REFERRAL FOR SETTLEMENT CONFERENCE

The counsel for the Parties have conferred with each other and their respective clients with regard to seeking a referral for a settlement conference. A first settlement conference with Judge Vatti was held on October 5, 2022, following the exchange of information between the Parties, but the Parties were unable to reach a settlement at that time. Judge Vatti held a status conference on June 14, 2023, in which it was determined that it is not the appropriate time to resume settlement discussions. ECF 249. Judge Vatti held another status conference on November 30, 2023, in which the Parties agreed to referral of this case for settlement purposes to Judge Garcia, who is managing settlement in the related matter against Gulf Oil Limited Partnership (No. 3:21-cv-932). During this conference, CLF stated that its terms for settlement had changed based on information learned in discovery. Defendants stated they were open to further settlement discussions.

On March 19, 2024, CT DEEP issued its Notice of Tentative Determination to Reissue the General Permit for the Discharge of Stormwater Associated with Industrial Activities. In light of this new regulatory development, the Parties resumed settlement discussions. The Parties

9

participated in a telephonic conference on May 24, 2024, with Judge Vatti to discuss logistics and planning for a settlement conference. An in-person settlement conference was scheduled for July 23, 2024 and then re-scheduled for October 2024 in order to contemplate a global settlement including the Rhode Island matter. However, in light of recent document productions, the Parties agreed to postpone the settlement conference to allow these newly produced documents to be considered in the settlement process. Accordingly, the Parties asked Judge Vatti to postpone settlement discussions, which were removed from the calendar on September 6, 2024, ECF 460. The Parties remain committed to settlement discussions.

Dated: September 9, 2024

Respectfully submitted,

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Zachary Manley (phv207600)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
Tel: (617) 850-1707
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B

*/s/ Antonio E. Lewis* (with permission)
Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 215-5828
rjones@kslaw.com

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

Anthony G. Papetti (phv206982)

New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowely@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
\**Admitted as Visiting Attorney*

Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: 1.410.230.1305
rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*