## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION, INC.,

        Plaintiff,

  v.

SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,

        Defendants.

Case No: 3:21-cv-00933-JAM

December 9, 2024

## JOINT STATUS REPORT

Pursuant to the Court's order entered September 15, 2023 (ECF 286), counsel for Plaintiff Conservation Law Foundation ("CLF" or "Plaintiff") and Defendants Shell Oil Company[1], Equilon Enterprises d/b/a Shell Oil Products US, Shell Petroleum Inc., Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file the following joint status report. For the sake of brevity, the Parties incorporate by reference their prior Joint Discovery Status Reports and do not repeat prior content in this filing, instead focusing on developments in the case since the Parties filed their last tri-monthly Joint Discovery Status Report on September 9, 2024. *See* ECF 461.

## I.    DISCOVERY CONDUCTED

### A.    Document Discovery

---

[1] Effective March 1, 2022, Shell Oil Company changed its name to Shell USA, Inc. (ECF 56).

1.     **The Court's Decision on CLF's Revised RFPs and Subsequent Discovery Orders**

On March 29, 2024, the Court issued its order (ECF 372) on CLF's motion to compel further discovery based on its revised RFPs (ECF 326-1) ("MTC Order"). The MTC Order granted CLF relief on 37 of its 39 revised RFPs. The Court also ordered Defendants to provide a list of all coastal facilities owned or operated by Defendants that store or handle petroleum in bulk and have a Risk Assessment Matrix rating of yellow or red for a specific risk category pertaining to weather conditions. The Court also set a deadline of April 29, 2024 for document productions but later extended that deadline to August 19, 2024.

Since the September 9, 2024 status update, the Parties have met and conferred regularly regarding the Defendants' collection and production of documents pursuant to ECF 372.

2.     **Productions**

As of the date of this filing, Defendants have produced approximately 316,253 documents to Plaintiff across 47 volumes. Since the last bi-weekly Joint Status Report, *see* ECF 493, Defendants have produced approximately 940 documents related to groundwater activities at the New Haven terminal, reproduced 2,795 of previously produced documents with additional metadata and to remove relevance redactions, reproduced twelve Business Assurance Letters with modified redactions, and have produced an additional 104 documents off privilege logs as the Parties negotiate privilege issues.

The Court ordered that CLF review every page of the documents produced by Defendants on or before December 19, 2024. *See* ECF 475 at 1. CLF is on track to meet that certification deadline. CLF may need to give a qualified certification only as to the 952 documents Defendants produced on Friday December 6, 2024.

CLF served its 26th production on November 8, 2024 along with an associated privilege log. *See* ECF 493 at 2. CLF does not have any significant productions outstanding outside of its obligation to make supplemental productions under the Federal Rules.

Following the Court's denial of CLF's motion to modify the protective order, ECF 470, CLF has initiated requests that Defendants reconsider their confidentiality designations on produced documents. As the Court noted in its denial, CLF's means for challenging Defendants' confidentiality designations is the written request process outlined in Protective Order. ECF 476 at 33:2-6 & 35:8-12. CLF raised with Defendants that the 15-day response period in the Protective Order paragraph 12 may prove difficult given CLF was going to challenge a few thousand documents designated confidential in this case. In response, Defendants requested that CLF limit its requests to 500 documents per request with requests made not more than once every two weeks. The Parties are in agreement that step-wise requests are a reasonable approach and CLF has a pending request to de-designate 500 documents that will be followed-up with subsequent later requests. Any disagreements may come before the Court.

### B.    Depositions

At the time of the March 7, 2024 Joint Status Report, the Parties were at an impasse regarding the Parties' 30(b)(6) depositions and had filed several motions with the Court seeking to resolve these disputes: CLF's motion for a protective order (ECF 200), CLF's motion to compel Defendants' depositions and for sanctions (ECF 203), and Defendants' cross-motion for a protective order and for sanctions (ECF 215). On March 30, 2024, the Court denied these three motions without prejudice. ECF 373. Using Judge Meyer's ruling on Defendants' partial summary judgment motion, the Court ordered the parties to meet and confer to attempt to resolve their disputes and report outstanding disputes during the April 4 discovery conference. *Id.* During the April 4 discovery conference, the Parties reported that they had reached an agreement in principle

on nearly all 30(b)(6) deposition topics and were hopeful the Parties could resolve all disputes. ECF 378.

In their May 13, 2024 joint status report, the Parties reported to the Court that they had agreed to final 30(b)(6) topics for all the Defendants' depositions. *See* ECF 395, at 3. On May 14, 2024, CLF noticed all the Defendants' depositions for the last two weeks in June. *See* ECF 417, at 7. On May 15, 2024, Motiva Enterprises, LLC ("Motiva") requested CLF withdraw its deposition notice to allow for more narrowly tailored topics since the topics for Motiva were identical to those of the Shell Defendants and do not account for the limited claims that remain pending against Motiva or the fact that Motiva is not a Shell company. *Id.* On May 28, 2024, Motiva served its objections to CLF's 30(b)(6) deposition notice.  The Parties reached an agreement in principle on October 7, 2024, but are continuing to negotiate to resolve the issues with the Motiva deposition topics.

With regard to the Rule 30(b)(6) topics proposed by Defendants for CLF, CLF responded to Defendants' proposal on April 10, 2024. On May 23, 2024, Defendants followed-up by email with CLF regarding a continuing dispute on Topic 10. On June 6, 2024, CLF responded to Defendants' follow-up, indicating that it continues to object to that topic, would object during the deposition to any questions calling for work product or expert opinion, and would prepare its witness with these objections in mind.

CLF requested on November 27 that the parties meet and confer to discuss scheduling of 30(b)(6) depositions. The Parties have a meet and confer planned for Tuesday, December 10, to discuss scheduling of 30(b)(6) depositions.

CLF also moved to take additional depositions, which the Court denied without prejudice. ECF 181, 287. The Court ordered the Parties to submit simultaneous briefs within seven days of

completing the last agreed deposition, or forty-five days prior to the close of fact discovery, whichever is sooner, if the Parties cannot come to agreement regarding Plaintiff's request to depose Karen Stammer, Marco Fantolini, Paul Verlaan, and/or Alain Comeau. ECF 287. That deadline has been extended based on CLF's oral motion during the hearing before the Court on January 12, 2024. ECF 341, 342. As CLF completes its review of Defendants' documents, CLF believes it will request Defendants allow the depositions of previously named individuals and Shell employees Pusp Naidu and Sergio Jaramillo. Defendants' view is that CLF should not be afforded any depositions beyond the applicable limit.

### C.    Expert Discovery

Expert discovery is currently scheduled to close on June 27, 2025. ECF 475 at 2.

## II.    REMAINING DEADLINES

Following the September 30, 2024 scheduling conference, the Court entered the current case schedule as follows. ECF 475.

1. The plaintiff, Conservation Law Foundation, Inc. ("CLF"), shall certify it has competed review of all the documents produced by the Defendants on or before December 19, 2024.

2. Depositions other than expert witness depositions shall be completed by February 14, 2025.

3. Fact discovery shall close on February 14, 2025.

4. The parties shall designate any trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues as to which they bear the burden of proof by March 17, 2025.

5. The parties shall designate any trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues as to which they do not bear the burden of proof by April 25, 2025.

6. Rebuttal expert reports, if any, shall be disclosed by May 23, 2025.

7.  All expert witness depositions shall be completed by June 27, 2025.

8.  Discovery will close on June 27, 2025.

9.  Any motion related to preclusion of an expert must be filed on or before July 18, 2025.

10. Requests for admission shall be served by July 18, 2025.

11. Dispositive motions shall be filed on or before September 19, 2025.

12. If no dispositive motions are filed, the joint trial memorandum will be due on October 1, 2025. If any dispositive motions are filed, the joint trial memorandum will be due thirty days after the Court's decision on the last such motion.

The Court ordered the Parties to continue filing joint status reports, like this report, addressing all matters listed on pp. 5-6 of ECF No. 52 every three months through the filing of post-discovery dispositive motions. ECF 382. Once a post-discovery dispositive motion has been filed, or a firm trial date has been set, no further status reports are required. *Id.* The next status report is due Monday, March 10, 2025, unless a post-discovery dispositive motion has been filed.

The Parties recognize that the following pending discovery motions may also impact the schedule: Defendants' Motion to Compel CLF's Sixth and Seventh Privilege Logs (ECF 347), and any forthcoming motion from Defendants on Plaintiff's Eighth Privilege Log (ECF 359). The Parties are still negotiating Defendants' privilege logs and may file motions on any final log revisions consistent with the Court's Order at ECF 482. In addition, if the Parties cannot come to agreement on CLF's request for additional depositions, CLF reserves the right to refile its motion for additional depositions under the conditions set by the Court in ECF 287.

## III.    AMENDMENTS OR ADDITIONAL PARTIES

On November 25, 2024, Plaintiff served a Supplemental Notice of Intent to File Suit against Defendants and Shell Pipeline Company LP ("Shell Pipeline") for Violations of the CWA and RCRA at the New Haven Terminal. Plaintiff contends that doing so is necessary to ensure all

6

parties necessary to ensure effective injunctive and other relief are joined in this litigation. After 90 days from the date noted on the return receipt card, which is the expiration of RCRA's proscribed notice period, 42 U.S.C. § 6972(b)(2)(A); 40 C.F.R. § 254.2(c), Plaintiff intends to amend the complaint to add Shell Pipeline as a necessary party pursuant to F.R.C.P. 19.

CLF's position is that the amendment to add Shell Pipeline should be allowed pursuant to F.R.C.P. 15(c)(1)(C). CLF's position is Defendants will not be prejudiced as a result of this amendment given that: (i) Shell Pipeline has already been participating in the litigation; (ii) various parent and related companies of Shell Pipeline with identical interests in the outcome of the litigation are currently parties and are active in the litigation; and (iii) Shell Pipeline is represented by the same counsel for the other already named Defendants. While Plaintiff will be seeking a 30(b)(6) deposition of a Shell Pipeline corporate representative, whether as a third party or as a party to the lawsuit subsequent to amendment, Plaintiff does not anticipate any additional discovery will be required as a result of the amendment. Thus, Plaintiff's position is this amendment will neither prejudice Defendants nor delay litigation but merely ensure the proper parties are named.

Defendants' position is that amendment to add Shell Pipeline at this late stage would be improper and prejudicial to Defendants, and Defendants intend to oppose CLF's Motion. Defendants also contend that a 30(b)(6) involving a late-added party would be anything but a simple matter and would require extensive negotiation and likely court intervention to resolve. Defendant's position is the appropriate standard for amending pleadings at this stage of an action is provided by Rule 16(b) given the deadline for amending pleadings set forth in the scheduling order for this case expired on September 5, 2021. *See* Order on Pretrial Deadlines (ECF No. 5). Defendants contend that Plaintiff cannot demonstrate the requisite "good cause" to amend its

complaint to add an additional party under Rule 16(b) because: 1) Plaintiff cannot demonstrate that it acted with the necessary diligence to timely amend its pleadings; 2) Plaintiff has been aware of Shell Pipeline's role in this litigation since at least May 2022; and 3) amending its complaint at this late stage of the litigation will cause undue burden on Defendants and inevitably lead to even more discovery that is not justified at this juncture.

## IV.    DISPOSITIVE MOTIONS

Defendants Shell Oil Company, Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum, Inc., and Triton Terminaling LLC moved for partial summary judgment on Plaintiff's Counts I-IX on June 13, 2023. ECF 248. Defendants argued that the permit at issue in this case does not impose an independent requirement to consider the climate change factors identified in the Amended Complaint, and therefore the claims that Defendants have violated such a requirement fail as a matter of law. Plaintiff filed its opposition on July 14, 2023 (ECF 260), arguing, among other things, that Defendants' interpretation of the permit is incorrect because the plain language of the permit regulating industrial stormwater requires consideration of factors that affect stormwater—including consideration of the impact of severe weather and climate change on the Terminal as required by best industry practice, which is a fact-specific inquiry. Defendants filed their reply in support of their motion for partial summary judgment on August 3, 2023. ECF 272. A hearing before Judge Meyer occurred on October 19, 2023. ECF 261. Judge Meyer ruled from the bench, denying Defendants' motion as to all Counts. ECF 302. Since Judge Meyer's ruling, Connecticut's Department of Energy & Environmental Protection's ("CT DEEP") has issued new draft permit requirement that Defendants believe, now, for the first time, will require climate related considerations. Defendants are evaluating filing a new motion for summary judgment based on these developments.

## V.    CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to a magistrate judge for all purposes or for trial. This case was referred to Magistrate Judge Farrish for all pretrial matters and case management on August 8, 2022. ECF 92. The Parties have no objection to the continued referral of pretrial matters and case management to Magistrate Judge Farrish (subsequent to the October 5, 2022 reassignment of the case to Judge Meyer). ECF 118.

## VI.    REFERRAL FOR SETTLEMENT CONFERENCE

The counsel for the Parties have conferred with each other and their respective clients with regard to seeking a referral for a settlement conference. A first settlement conference with Judge Vatti was held on October 5, 2022, following the exchange of information between the Parties, but the Parties were unable to reach a settlement at that time. Judge Vatti held a status conference on June 14, 2023, in which it was determined that it is not the appropriate time to resume settlement discussions. ECF 249. Judge Vatti held another status conference on November 30, 2023, in which the Parties agreed to referral of this case for settlement purposes to Judge Garcia, who is managing settlement in the related matter against Gulf Oil Limited Partnership (No. 3:21-cv-932). During this conference, CLF stated that its terms for settlement had changed based on information learned in discovery. Defendants stated they were open to further settlement discussions.

On March 19, 2024, CT DEEP issued its Notice of Tentative Determination to Reissue the General Permit for the Discharge of Stormwater Associated with Industrial Activities. In light of this new regulatory development, the Parties resumed settlement discussions. The Parties participated in a telephonic conference on May 24, 2024, with Judge Vatti to discuss logistics and planning for a settlement conference. An in-person settlement conference was scheduled for July 23, 2024 and then re-scheduled for October 2024 in order to contemplate a global settlement including the Rhode Island matter. However, in light of recent document productions, the Parties agreed to postpone the settlement conference to allow these newly produced documents to be

considered in the settlement process. Accordingly, the Parties asked Judge Vatti to postpone settlement discussions, which were removed from the calendar on September 6, 2024, ECF 460. The Parties remain committed to settlement discussions.


Dated: December 9, 2024

Respectfully submitted,

/s/ James Y. Meinert
Alexandra M. Jordan (ct31466)
Zachary Manley (pvh207600)*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1748
Tel: (617) 850-1707
Tel: (617) 850-1477
E-mail: ajordan@clf.org
E-mail: zmanley@clf.org
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street

/s/ Antonio E. Lewis (with permission)
Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.

Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowely@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)
Elizabeth Smith
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc*.
*Admitted as Visiting Attorney*

20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: 1.410.230.1305
rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*