UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>    *Plaintiff*,<br><br>    v.<br><br>SHELL OIL COMPANY EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>    *Defendants*. | Civil Action No. 3:21-cv-00933-JAM<br><br><br><br>January 8, 2025 |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S
<u>MOTION TO MODIFY THE STANDING PROTECTIVE ORDER</u>**

**I.    INTRODUCTION**

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Motion to Modify the Standing Protective Order. CLF filed this case against Shell Oil Company, Shell Oil Products US (Equilon Enterprises LLC), Shell Petroleum, Inc., Triton Terminaling LLC, and Motiva Enterprises, LLC ("Defendants") for endangering the people, the environment, and natural resources surrounding their New Haven bulk petroleum storage terminal by failing to comply with the Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA"). On July 7, 2021, the Court automatically entered the Standing Protective Order. *See* ECF 7 (the "SPO" or "Order").[1] The SPO allows the parties to designate discovery materials as confidential only when necessary to protect a limited category of documents that comprise confidential business information or information implicating an individual's expectation of

---

[1] Unless otherwise specified, references to ECF numbers refer to the docket in this case, *Conservation L. Found. v. Shell Oil Co. et al.*, No. 21-cv-00933 (D. Conn. 2021).

Oral Argument Requested

privacy (e.g., a social security number, home address, or other sensitive personal identifying information). *See* ECF 7. Indeed, paragraph 11 of the SPO mandates that:

> The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

ECF 7 at 3. The SPO also requires the party who objects to a confidentiality designation to seek relief from the Court after a meet and confer. ECF 7 at 3, ¶ 12.

Rather than using "reasonable care" to avoid over designation, Defendants have inappropriately designated over 98% of documents they produced in this litigation as "Confidential" or "Highly Confidential," even though most of those documents do not fall under the limited categories of "trade secrets," "proprietary business information," or an "individual's legitimate expectation of privacy." Because of Defendants' unreasonable conduct, paragraph 12 of the SPO should be modified to require that Defendants affirmatively justify their confidentiality designations in the first instance. In the absence of such a modification, Defendants' over designation of documents as confidential in this case will continue to unduly burden CLF in its ability to timely and efficiently litigate this case.[2]

More significantly, the Court will be unduly burdened as the parties move toward summary judgment and trial.[3] Under the current rubric, anytime CLF seeks to utilize a document marked

---

[2] CLF recently challenged a tranche of 500 documents it believes were inappropriately marked confidential. After a painstaking review of each of those documents by CLF, a meet and confer, and a request by CLF that the documents be de-designated, Defendants agreed to remove the confidentiality designations from a scant 31 documents. *See* ECF 503 at 2–3. Following yet another meet and confer, Defendants agreed to de-designate only 5 more documents. *Id.* Defendants refused to remove the confidentiality designation from many documents that are similar to documents the Court previously reviewed and determined were inappropriately designated as confidential.

[3] Indeed, the Court has already been burdened by numerous motions to seal. *See, e.g.*, ECF Nos. 85 (Motion to Seal 1 exhibit); 150 (Motion to Seal 12 exhibits); 182 (Motion to Seal 7 exhibits); 228 (Motion to Seal 2 exhibits); 310 (Motion to Seal 6 exhibits); 329 (Motion to Seal 6 exhibits); 350 (Motion to Seal 1 exhibit). Those motions to seal invited significant additional litigation beyond the oppositions and replies. *See, e.g.*, ECF Nos. 192 (Defs. Motion for Additional Time); 225 (Defs. Emergency Motion to Stay Unsealing); 233 (Defs. Motion for Reconsideration); 237 (CLF Motion for Clarification); 339 (Defs. Motion for Additional Time). All told, motion to seal practice in this case has involved 21 motions and responsive filings to determine the confidentiality of 35 exhibits.

confidential in open Court, the courtroom will need to be cleared, and the propriety of the confidentiality designations argued and decided before the document can be discussed or shown. The trial exhibit list in this case will include thousands of documents and it is not unreasonable to suspect that hundreds of those documents will ultimately be admitted into evidence. Halting proceedings (either the trial or summary judgment hearing) and sealing the courtroom to hear confidentiality arguments on nearly every piece of documentary evidence introduced will render the proceedings unmanageable. Because Defendants have not used "reasonable care to avoid designating as confidential documents or information that does not need to be designated as such," the SPO should be modified as set forth below.

## II.    LAW AND ARGUMENT

Protective orders entered pursuant to Rule 26(c) are subject to modification. *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 317 (D. Conn. 2009).[4] Indeed, paragraphs 19–20 of the SPO note the Order is subject to modification.[5] ECF 7 at 4. The decision "[w]hether to lift or modify a protective order is . . . committed to the sound discretion of the trial court." *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 120 (S.D.N.Y. 2015) (quoting *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 147 (2d Cir. 1987)). Here, a minor modification to the SPO is necessary because Defendants have routinely violated paragraph 11's mandate to use "reasonable care" not to over designate documents as confidential. To be

---

[4] The cases holding that a district court should not modify a protective order granted under Rule 26(c) where there has been reasonable reliance by a party absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need are not pertinent here. See, e.g., *Scanlan v. Town of Greenwich*, No. 18CV01322, 2021 WL 1352994, at *3 (D. Conn. Apr. 12, 2021) (quoting *TheStreet.Com*, 273 F.3d at 229). The minor modification CLF suggests does nothing to remove a confidential designation from a document that is filed under seal, nor does it excuse CLF from filing such a designated document under seal. The proposed minor modification merely requires Defendants to justify a confidential designation for a document filed under seal, as opposed to forcing CLF to challenge the designation in the first instance.

[5] Paragraph 19 of the SPO reads, in pertinent part, "[T]he foregoing is entirely without prejudice to the right of any party to apply to the Court for . . . modification of this Order; or to seek any other relief from the Court." ECF 7 at 4.

sure, Defendants designated over 98% of their documents as confidential or highly confidential, even though most of those documents do not plausibly fall under one of the limited categories of documents subject to that designation under the SPO. Of the 323,206 documents produced by Defendants in this case, 313,510 have been marked "Confidential" and 5,446 have been marked "Highly Confidential."[6] It is nearly impossible for 318,956 of those documents to comprise trade secrets, confidential business information, or information implicating an individual's expectation of privacy. Indeed, documents Defendants designated "Confidential" have included documents from the EPA's automatic enforcement update newsletters, despite the emails not containing any sensitive information regarding Defendants or any other entity.[7]

To rectify Defendants' abuse of the SPO, the Court should enter an order modifying the SPO to shift the burden to Defendants to justify a confidentiality designation for a document filed under seal in the first instance. An example of such a modification is as follows: (1) with regards to documents CLF files in support of a motion or other briefing, CLF will file any documents Defendants marked confidential or highly confidential provisionally under seal; (2) Defendants

---

[6] In addition, there is a common law right of public access to judicial documents that is firmly rooted in our nation's history. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). "This presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.*; *see also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) ("The Supreme Court [has] recognized that the First Amendment grants both the public and the press a qualified right of access" to judicial proceedings.). Recognizing this steadfast principle of our civil justice system, the Chief Judge of the Connecticut District Court's standing order holds that "the Court is not likely to exclude the public from any Court proceeding ***without an extraordinary demonstration of good cause***" and that "[u]ntil either party demonstrates the existence of extraordinary circumstances or a compelling need to seal from public view any particular portion of any specific document filed in this case, ***this Court will not depart from the governing strong presumption of open access***." *See* Instructions Regarding Confidentiality and Sealing Documents for the Honorable Michael P. Shea at 1–2 (emphasis added).

[7] Defendants ultimately agreed that these documents were not confidential and de-designated them on December 26, 2024, after CLF's request of December 5, 2024. However, Defendants still maintain their confidentiality designations over documents such as their copies of Semi-Annual Discharge Monitoring Reports ("DMR") submitted to CT DEEP under the permit at issue in this lawsuit, despite the fact that there are already copies of such DMRs on the public docket. *See* ECF Nos. 1-4; 1-10; 47-3; 47-9.

will then have fourteen (14) days to justify in writing, on a document-by-document basis, any confidentiality designation;[8] and (3) at the expiration of the fourteen (14) days and in the absence of an objection by Defendants to the unsealing of a specific document, the documents are to be automatically unsealed.[9]  This process has successfully been utilized in other federal cases and can work here too.  *See e.g.* ECF No. 165, *Ellis et al. v. CVS Health Corp. et al.*, No. 2:16-cv-01582-GAM (E.D. Pa. Dec. 26, 2024).

## II.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant the relief requested to modify the SPO.

Dated: January 8, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ Michael Pendell*
Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo (phv208402)
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Linda Singer (phv208339)
Elizabeth Smith (phv208361)
401 9th St. NW, Suite 630
Washington, DC 20004

---

[8] And must do so by making a particular and specific demonstration of fact showing that disclosure would result in an injury serious enough to warrant protection. *Secs. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), 2002 WL 17751444, at *2 (S.D.N.Y. Dec. 19, 2022).

[9] CLF proposed this modification to Defendants on December 20, 2024, in an effort to agree upon a resolution, and Defendants rejected the proposal.

Tel: (202) 386-9626  
Tel: (202) 386-9627  
Email: lsinger@motleyrice.com  
Email: esmith@motleyrice.com  

Alexandra M. Jordan (ct31466)  
Zachary Manley (pvh207600)*  
James Y. Meinert (ct31637)  
Conservation Law Foundation, Inc.  
62 Summer St  
Boston, MA 02110  
Tel: (617) 850-1748  
Tel: (617) 850-1707  
Tel: (617) 850-1477  
E-mail: ajordan@clf.org  
E-mail: zmanley@clf.org  
E-mail: jmeinert@clf.org  

Christopher M. Kilian (ct31122)  
Kenneth J. Rumelt (phv207130)*  
Conservation Law Foundation, Inc.  
15 East State Street, Suite 4  
Montpelier, VT 05602  
Tel: (802) 223-5992  
Tel: (802) 622-3020  
E-mail: ckilian@clf.org  
E-mail: krumelt@clf.org  

Ana McMonigle (ct31370)  
Conservation Law Foundation, Inc.  
195 Church Street  
Mezzanine Level, Suite B  
New Haven, CT 06510  
Tel: (203) 298-7692  
E-mail: amcmonigle@clf.org  

James Crowley (ct31319)  
Conservation Law Foundation, Inc.  
235 Promenade Street  
Suite 560, Mailbox 28  
Providence, RI 02908  
Tel: (401) 228-1905  
Email: jcrowely@clf.org  

Chance Raymond (ct31311)  
Chance the Lawyer, LLC  
650 Poydras Street  
Suite 1400 PMB #2574  
New Orleans, LA 70130  
Phone: 832-671-6381  
E-mail: chancethelawyer@gmail.com

*Attorneys for Plaintiff Conservation Law Foundation, Inc.*

*\*Admitted as Visiting Attorney*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 8, 2025, a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Michael Pendell*
Michael Pendell