UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-JAM <br><br><br> January 17, 2025 |

## JOINT STATUS REPORT

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") and Defendants Shell Oil Company, Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum Inc., Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file this Joint Discovery Status Report, as directed in the Court's Orders of April 4, 2024, ECF 378, and Sept. 30, 2024, ECF 476 Tr. at 28:18. For the sake of brevity, the Parties incorporate by reference their prior Joint Discovery Status Reports. *See* ECF 383, 387, 402, 417, 421, 424, 427, 436, 443, 447, 455, 457, 458, 463, 477, 479, 483, 493, 500, and 503.

The Parties first wish to acknowledge, with great sadness, the passing of Judge Meyer. Undersigned counsel is grateful to have practiced before a jurist as esteemed, impartial, and kind as Judge Meyer and offer condolences to the Court and its staff during this difficult time.

**Discovery Status**

1

*Defendants' Document Production and CLF's Document Review*

The Parties continue to meet and confer regarding any outstanding issues related to ECF 372 compliance and additional document requests or productions.

*Confidentiality Designation Dispute*

The Parties have discussed Defendants' objections to CLF's requests to withdraw confidentiality designations from two batches of 500 documents produced by Defendants. It is Defendants' position that regardless of the subcategory that these documents may fall under, the documents are protected by the express provisions of the Protective Order. The Parties have reached impasse on these disputes as follows:

1. The parties are at impasse as to whether documents and communications exchanged between government agencies and Defendants and their contractors may be deemed confidential without any evidence that such documents were produced to, or communications were made with, the government under an assurance of confidentiality.

2. The parties are at impasse as to whether documents pertaining to communications between Defendants and their contractors may be deemed confidential per se.

3. The parties are at impasse as to whether documents that self-assert their confidentiality, but are routinely shared with contractors and no harm has been shown that could result from their disclosure, may be deemed confidential.

4. The parties are at impasse as to whether documents allegedly 'compiled for law enforcement purposes' may be deemed confidential without any evidence that such documents were compiled for such a purpose.

*Motion to Modify the Standing Protective Order*

CLF filed a Motion to Modify the Standing Protective Order on Wednesday, January 8 (ECF 505). On January 15, Defendants filed an Opposition brief (ECF 508). CLF has informed Defendants their filing contains an incorrect statement of fact regarding their contention that CLF has violated the current Standing Protective Order. Defendants made the statement at 9-10 that "CLF summarized evidence produced by Defendants in this case." CLF did not do that: the E-mail referred to by Defendants' that states "Shell knows, and has known for years, that burning fossil fuels supercharges storms . . ." was not a summary of documents produced by Defendants in this case. Numerous public sources, many of which are cited in CLF's complaint, confirm this statement, including Shell's own 1991 documentary *Climate of Concern* which is found on YouTube.Defendants also quoted a blog post on CLF's website that "the evidence turned over by the company itself starkly demonstrates our point: Company photos show Shell's Providence facility flooded with water after a December 2022 storm." And then Defendants made the statement that "CLF is already disclosing the content of Defendants' confidential materials to its donors, in violation of the CPO." The photographs of the December 2022 flooding were produced in the Rhode Island matter without confidentiality designations. CLF could not be in violation of the CT protective order for use of those RI materials. Because the photos were produced without confidentiality designations, CLF could also not be in violation of the RI protective order. Furthermore, CLF filed these flooding photos on the public docket in the RI matter over a year ago. *See CLF v. Shell Oil Products US et al.*, 1:17-cv-00396-WES-LDA (ECF 115-01). Defendants have never made any assertion or claim that the lack of designation of those photos was in error or there was any issue with CLF publicly filing them in a motion. CLF expects Defendants will correct this error with the Court; however, should Defendants fail to do so, CLF requests guidance from the Court as to a short filing to correct the incorrect statement.

Defendants disagree that their Opposition to Plaintiff's Motion to Modify the Standing Protective Order contained any misrepresentation of fact. Contrary to Plaintiff's position, the subject statement in Defendants' brief does not concern the confidentiality of the "photographs" referenced by Plaintiff, but rather the broader statements by CLF that purport to characterize Defendants' document productions subject to the Standing Protective Order. Indeed, Defendants have already advised Plaintiff that it is not challenging the confidentiality of those photographs, and are confused why Plaintiff continues to press that issue. Instead, the challenged argument in Defendants' brief—as Defendants have already clarified to Plaintiff—cited two public statements made by CLF, to its prospective donors, which each purport to characterize two separate document productions including "evidence turned over by" the Defendants and Plaintiff's recent review of "2 million-plus pages of documents" that Defendants produced subject to the protective order. In doing so, Plaintiff simultaneously acknowledged the confidentiality of such documents by conceding, "[W]e can't share with you right now exactly what [the documents] contain," while nevertheless summarizing their contents ("It's clear the company knows . . . ."; "But one thing is for sure . . . ."). In the same breath, Plaintiff also improperly suggests that Defendants are either "hiding" or "fighting to conceal" documents from the public simply by producing sensitive discovery materials in accordance with this Court's Standing Protective Order. The Standing Protective Order prohibits any designated material from being "used or disclosed for any purpose other than the litigation of this action," (ECF 7) and as such, CLF's out-of-court statements in fundraising messages that either reference—or purport to characterize—Defendants' confidential materials would be a violation of the Standing Protective Order. Defendants believe this is a well supported argument based on the record, and reject the notion that they have submitted any misstatement of fact requiring either correction or Court intervention.

*Depositions*

The Court granted the Parties' Joint Motion for Extension of Discovery Deadlines, extending the deadline for depositions other than expert witness depositions to on or before March 31, 2025 (ECF 507).  As noted in the last status report, Defendants consented to the depositions of Sergio Jaramillo and Paul Verlaan with 7 hours allotted for each as well as a deposition of Pusp Naidu with a time limit of 3.5 hours.  The Parties are conferring on dates for these depositions.

CLF issued a rule 45 subpoena to Shell Pipeline Company, Inc., a non-party, for the same set of 30(b)(6) topics the Parties agreed to for the Defendant 30(b)(6) depositions following the Court's ECF 373 Order.  On January 10, Defendants objected to this subpoena.  The parties are conferring on this issue.

On January 10, Defendants designated two 30(b)(6) representatives to testify on behalf of all Defendants, who will collectively cover all listed topics, along with dates of availability for these two witnesses.[1]  The Parties are continuing to meet and confer on this topic.

Dated: January 17, 2024

Respectfully submitted,

| | |
|---|---|
| */s/ Ridge Mazingo* | */s/Rose H. Jones* |
| Alexandra M. Jordan (ct31466) | Rose H. Jones |
| Zachary Manley (pvh207600)* | Hilgers Graben PLLC |
| James Y. Meinert (ct31637) | 1372 Peachtree Street, N.E. |
| Conservation Law Foundation, Inc. | 19th Floor |
| 62 Summer St | Atlanta, GA 30309 |
| Boston, MA 02110 | T: (678) 229-1983 |
| Tel: (617) 850-1748 | rjones@hilgersgraben.com |

---

[1] The parties are currently conferring regarding whether any 30(b)(6) deposition testimony Is needed from Defendant Motiva Enterprises LLC ("Motiva") for the time period after Motiva ceased any operation or ownership of the Terminal in May 2017.  To the extent Plaintiff desires to pursue such testimony from Motiva, the parties understand this will require the deposition of at least one additional witness from Motiva.

Tel: (617) 850-1707
Tel: (617) 850-1477
E-mail: ajordan@clf.org
E-mail: zmanley@clf.org
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowely@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)
Elizabeth Smith
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627

Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: 1.410.230.1305
rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020

6

Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*

F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*