**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

CONSERVATION LAW FOUNDATION, INC.,

    *Plaintiff*,

               v.

SHELL OIL COMPANY, EQUILON
ENTERPRISES LLC D/B/A SHELL OIL
PRODUCTS US, SHELL PETROLEUM, INC.,
TRITON TERMINALING LLC, and MOTIVA
ENTERPRISES LLC,

    *Defendants*.

Civil Action No. 3:21-cv-00933-JAM

January 20, 2025

**THIRD PARTY SHELL PIPELINE COMPANY, LP'S MOTION TO QUASH**
**PLAINTIFF CONSERVATION LAW FOUNDATION, INC.'S SUBPOENA**
**<u>FOR ORAL AND VIDEOTAPED DEPOSITION</u>**

## Table of Contents

**INTRODUCTION** ................................................................................................................ 1

**RELEVANT BACKGROUND** ........................................................................................... 2

**LEGAL STANDARD** ........................................................................................................ 4

**ARGUMENT** ...................................................................................................................... 5

    I.   **CLF Has Been Aware of Non-Party SPLC's Identity and Connection to Defendants' Operations for Years.** ................................................................................................. 6

    II.  **CLF's Subpoena to Non-Party SPLC is Duplicative and Unnecessary.** ...................... 6

    III. **CLF's Subpoena is Unduly Burdensome on Non-Party SPLC.** ................................... 8

**CONCLUSION** ................................................................................................................... 9

## INTRODUCTION

At issue in this case is whether Defendants complied with the industrial stormwater permit issued by the Connecticut Department of Energy and Environmental Protection ("CT DEEP") for the New Haven Terminal.  Since filing this case on July 7, 2021, Plaintiff has served Defendants with 130 discovery requests, on top of 284 additional discovery requests served in a parallel proceeding pending in the District of Rhode Island.[1]  CLF now insists on further expanding the scope of discovery to depose non-party Shell Pipeline Company, LP ("SPLC") **over three years** after filing this case and just before discovery is scheduled to end.  Ex. A, Dec. 18, 2024 CLF Subpoena to SPLC (noticing the deposition for January 21, 2025) ("SPLC Subpoena").  The Court should quash Plaintiff's SPLC Subpoena because it is unduly burdensome, unnecessarily duplicative of other depositions, and would exceed the presumptive limit of fact witness depositions that Plaintiff is permitted to conduct in this case.

Indeed, CLF's decision to subpoena SPLC at this juncture of the case is contrary to Federal Rules of Civil Procedure, as well as this Court's rulings regarding the number of depositions permitted for each side.  *See Parimal v. Manitex Int'l, Inc.*, No. 3:19CV01910(MPS), 2021 WL 1976311, at *1 (D. Conn. May 18, 2021) (citing Fed. R. Civ. P. 30(a)(2)(A)(i)) ("Absent leave of court, Rule 30 of the Federal Rules of Civil Procedure presumptively limits the number of depositions to ten per side."); ECF 52 at p. 2.  In fact, this Court has already denied Plaintiff's first request to expand the number of fact witness depositions, holding that CLF "failed to show" why additional depositions beyond the ten-deposition limit, **would be necessary or otherwise unreasonably cumulative**."  *See* ECF No. 52 at p. 2. (emphasis added).

---

[1] *See CLF v. Equilon Enterprises LLC d/b/a Shell Oil Products, et. al.*, No. 1:17-cv-00396-WES-LDA, District Court of Rhode Island.

Now, after more than **three and a half years** since filing this lawsuit, CLF issued a subpoena to non-party SPLC seeking a corporate representative deposition on 34 separate topics ("SPLC Subpoena"). But these 34 topics are **identical** to the topics Plaintiff has noticed to depose each of the named Defendants in this action. As such, CLF will obtain the information sought in its subpoena by the less expensive and burdensome means of deposing Defendants' witnesses being produced for the corporate representative depositions. CLF also admits that no other discovery from SPLC is necessary. A corporate representative deposition of non-party SPLC would therefore be completely redundant of the other corporate representative depositions, and unlikely to lead to the discovery of any facts or evidence related to the claims and defenses in this action.

The Court should also quash Plaintiff's SPLC Subpoena because it seeks information on topics that are irrelevant, vague and ambiguous, overbroad, and not proportional to the needs of this case. Defendants and non-party SPLC have already communicated these objections to Plaintiff, but CLF has not made any changes in the SPLC Subpoena to reflect those discussions. The Court should quash Plaintiff's subpoena served on non-party SPLC accordingly.

## RELEVANT BACKGROUND

Plaintiff filed this action on July 7, 2021, approximately **three and a half years** ago**.** CLF has been aware of SPLC's connection to the Terminal since at least May 13, 2022, when Defendants served their response to CLF's First Set of Interrogatories and confirmed SPLC as the employer of the following individuals with relevant knowledge: (1) Mike Sullivan, New Haven Terminal Facilities Manager; (2) Theresa Geijer, Environmental Advisor; and (3) James Kent Yeates, Lead Facility Engineer. *See* Ex. B, Defendants' Responses to Plaintiff's First Set of

ROGs at pp. 22-23 (served May 13, 2022). Nevertheless, CLF waited over 30 months to seek a deposition of SPLC.[2]

CLF issued the SPLC Subpoena on December 18, 2024. Ex. A, Dec. 18, 2024 CLF Subpoena to SPLC (noticing the deposition for January 21, 2025). Counsel for SPLC then informed CLF of its objection to any deposition of SPLC and specifically objected to each of the 34 topics as overbroad, vague and ambiguous, and unduly burdensome. *See* Ex. C, Responses and Objections to Plaintiff Conservation Law Foundation's Notice of Oral and Videotaped Deposition of Shell Pipeline Company, LP (SPLC) (January 10, 2025).[3]

All 34 topics identified in the SPLC Subpoena are identical to the topics listed in Plaintiff's 30(b)(6) deposition notices served on each of the individually named Defendants, four of which share a common parent company as SPLC. Worse, Plaintiff served its subpoena on SPLC despite being advised that the named Defendants already intended to produce SPLC employees Brian Evans and Michael Sullivan as corporate representatives to testify on certain Defendants' 30(b)(6) topics. In any event, Plaintiff has already obtained fact witness testimony from **five** employees of SPLC. (James Kent Yeates was deposed by CLF on December 2, 2022; James Ledbetter was deposed by CLF on January 24, 2023; Brian Evans was deposed by CLF on February 7, 2023; Michael Sullivan was deposed by CLF on March 23, 2023, and Jennifer Bothwell was deposed by CLF on December 6-7, 2023. Despite multiple sources of testimony

---

[2] Defendants also object to Plaintiff's attempt to amend its Complaint to add SPLC as a party defendant, over three years after the deadline to do so. *See* Ex. E, Supplemental Notice of Intent to File Suit for Violations of the Resource Conservation and Recovery Act and Clean Water Act at the New Haven Terminal (November 21, 2024) ("Supplemental NOI"); *see also*, Order on Pretrial Deadlines (ECF No. 5) (Deadline to amend pleadings expired on Sept. 5, 2021).

[3] SPLC fully incorporates its objections made in its Responses and Objections dated January 10, 2025 (Ex. C) herein.

confirming SPLC as the employer of these individuals, CLF never sought a deposition of SPLC until now (nor made any effort to amend its Complaint to add SPLC as a party). Based on the clear record in this case, CLF's delay and the duplicative nature of its subpoena is fatal to its ability to depose SPLC. Its SPLC Subpoena, therefore, must be quashed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas issued to non-parties and instructs that "a court 'shall' quash or modify a subpoena if the subpoena 'subjects a person to undue burden.'" *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (quoting Fed. R. Civ. P. 45(c)(3)(A)(iv) (citations omitted). Another factor that courts consider is whether the subpoena seeks information that would be relevant to the claims or defenses in the case. *Jackson v. AFSCME Local 196*, 246 F.R.D. 410, 412 (D. Conn. 2007) (citing *Travellers Indem. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)). Courts are afforded "broad discretion" in deciding discovery issues, including motions to quash deposition subpoenas. *Id. See Jackson v. AFSCME Local 196*, 246 F.R.D. 410, 412 (D. Conn. 2007) (granting motion to quash where information sought was irrelevant to plaintiff's claims).

The "relevance" and "burden" standards of Rule 45 parallel the relevance and proportionality standards of Federal Rule of Civil Procedure 26. *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y., 2010) ("A subpoena issued to a non-party pursuant to Rule 45 is 'subject to Rule 26(b)(1)'s overriding relevance requirement.'") (internal citations omitted). Under Rule 26, the information sought must be "relevant to any party's claim or defense" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In weighing whether to quash a deposition subpoena, the Court must consider "the burden to the subpoenaed party against the value of information to the serving party." *Jackson*, 246 F.R.D. at 412 (D. Conn. 2007) (citing *Travellers Indem. Co.*, 228 F.R.D. at 113 (D. Conn. 2005)).

Additionally, the Federal Rules install a presumptive limit of "the number of depositions to ten per side," and require parties to obtain leave of court to exceed that number.  *Parimal v. Manitex Int'l, Inc.*, No. 3:19CV01910(MPS), 2021 WL 1976311, at *1 (D. Conn. May 18, 2021) (citing Fed. R. Civ. P. 30(a)(2)(A)(i)).  This is for good reason, as courts have found that without a deposition limit, discovery can become unruly and unsavory. *See e.g., RxUSA Wholesale, Inc. v. McKesson Corp.*, 2007 WL 1827335, at *2 (E.D.N.Y.,2007) ("The purpose of that rule is to 'enable courts to maintain a tighter rein on the extent of discovery and to minimize the potential cost of [w]ide-ranging discovery....'") (internal citations omitted); *C.K. through P.K. v. McDonald*, 345 F.R.D. 262, 267 (E.D.N.Y., 2023) ("The rule was 'enacted to control discovery costs and prevent harassment or undue delay.'") (internal citations omitted). The Rules also instruct courts to limit discovery when it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  In fact, the Second Circuit has said, "Rule 26(b)(2) permits a district court to limit '[t]he frequency or extent of use of the discovery methods otherwise permitted under [the federal] rules' if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or more readily obtainable from another source." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).

## ARGUMENT

Plaintiff should not be permitted to depose non-party SPLC at this juncture of the litigation—over **42 months** since the case was filed, and **32 months** after CLF was made aware of SPLC's identity and connection to the Terminal.  This is especially true where CLF has issued **identical** 30(b)(6) notices for corporate representative depositions to each of the named Defendants, and will depose individuals employed by SPLC on duplicative topics.  As such, CLF will suffer no prejudice if its deposition notice to SPLC is quashed.  Instead, all parties will

5

benefit from conducting this discovery from the named Defendants in a less expensive and less burdensome manner.

The Court should put an end to CLF's efforts to conduct ever-expanding discovery in this industrial permit case and quash Plaintiff's subpoena to depose non-party SPLC on identical topics for which it will already get to depose the named Defendants.

## I.    CLF Has Been Aware of Non-Party SPLC's Identity and Connection to Defendants' Operations for Years.

As early as May 13, 2022—approximately 32 months ago—CLF was made aware of Shell Pipeline's identity and connection to Defendants' operations. *See* Ex. B, Defendants' Responses to Plaintiff's First Set of ROGs at pp. 22-23 (served May 13, 2022). For years, CLF has nevertheless chosen to conduct extensive discovery into SPLC through written discovery and document productions from the named Defendants instead of seeking discovery from SPLC. And despite the limited nature of this industrial permit case, Plaintiff has already served 130 discovery requests and Defendants have produced millions of pages of records. Additionally, Defendants have already produced five employees of SPLC for fact witness depositions. (James Kent Yeates was deposed by CLF on December 2, 2022; James Ledbetter was deposed by CLF on January 24, 2023; Brian Evans was deposed by CLF on February 7, 2023; Michael Sullivan was deposed by CLF on March 23, 2023, and Jennifer Bothwell was deposed by CLF on December 6-7, 2023). Simply put, there is no legal justification for Plaintiff to seek another corporate representative deposition of non-party SPLC in light of the extensive discovery already obtained and the duplicative nature of the upcoming 30(b)(6) depositions of the Defendants.

## II.    CLF's Subpoena to Non-Party SPLC is Duplicative and Unnecessary.

When considering a motion to quash a deposition subpoena, courts must "weigh the burden to the subpoenaed party against the value of the information to the serving party."

*Travelers Indem. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).  This includes giving "'special weight' to the burden on non-parties" like SPLC.  *Id.*  In *Travelers*, the Court found that the information sought was "available from a source that is more convenient, less burdensome, or less expensive, without subjecting [the non-party] to undue burden" and therefore granted the Motion to Quash.  *Id.* at 114, 115.  *See also*, *id*. at 114 ("MetLife may seek such policies from Control, *which is also a party to the litigation*.  Because MetLife can obtain these policies from the public record *or from Control directly*, rather than placing an undue burden on a non-party, the court refrains from addressing the issues of relevancy, privilege and confidentiality." (emphasis added)).

All 34 topics identified in CLF's SPLC Subpoena are identical to the topics identified in the 30(b)(6) deposition notices issued by CLF on May 14, 2023 to Defendants Shell Petroleum, Inc., Shell USA, Inc., Equilon Enterprises LLC d/b/a Shell Oil Products US, Triton Terminaling LLC, and Motiva Enterprises LLC.  *Compare* Ex. A, SPLC Subpoena *with* Collective Ex. D, Plaintiff Conservation Law Foundation's Notice of Oral Deposition of Shell Petroleum (dated May 14, 2023); Plaintiff Conservation Law Foundation's Notice of Oral Deposition of Shell USA, Inc. (dated May 14, 2023); Plaintiff Conservation Law Foundation's Notice of Oral Deposition of Equilon Enterprises LLC d/b/a Shell Oil Products US (dated May 14, 2023); Plaintiff Conservation Law Foundation's Notice of Oral Deposition of Triton Terminaling LLC (dated May 14, 2023); Plaintiff Conservation Law Foundation's Notice of Oral Deposition of Motiva Enterprises LLC (dated May 14, 2023).  As such, CLF has essentially admitted that the information sought from SPLC is duplicative of that sought from Defendants.

There is no justification for an additional deposition to cover these same topics with non-party SPLC, especially when employees of SPLC are already being designated to testify about

them.  The Court should therefore quash the SPLC Subpoena in favor of the less expensive and less burdensome approach of conducting corporate representative depositions of the named Defendants, which are already being scheduled.

### III.    CLF's Subpoena is Unduly Burdensome on Non-Party SPLC.

Notwithstanding the fact that CLF cannot show any need to non-party SPLC on duplicative topics.  Subjecting non-party SPLC to prepare and present witnesses, including re-presenting already deposed witnesses, for a duplicative corporate representative deposition would force it to incur significant time, resources and attorney's fees that are overly burdensome and not proportional to the needs of this case.

This is especially true considering the extreme breadth of discovery already conducted by Plaintiff in this case and the fact that any corporate representative deposition of non-party SPLC would not yield any new or different information than Plaintiff would already obtain from its corporate representative depositions of the named Defendants (which will already be producing SPLC employees to testify on their behalf).  Courts have held that "[t]he deposition topics must be relevant to any party's claim or defense. [] Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26—deposition topics **should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity**." *See Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y., 2019) (internal quotation marks omitted; internal citations omitted) (emphasis added).

SPLC is not the owner or operator of the New Haven Terminal at issue in this case.  As articulated by Judge Farrish, "CLF acknowledges that to establish any Defendant's liability under the CWA or RCRA it 'must prove that the Defendant was either a permit-holder, owner, or

operator of the Terminal.'"  *See* ECF No. 277, Ruling on Motion to Compel at 28; *see also*, ECF

149, CLF's Motion to Compel at 11.  In fact, both the owner (Triton Terminaling) and operator

(Equilon Enterprises) of the Terminal are already named Defendants in this case and will be

producing corporate representatives for depositions in the near future.  These depositions will

encompass **the exact same topics, verbatim,** as those contained in CLF's subpoena to non-party

SPLC.  As such, this discovery is available to Plaintiff via a much less burdensome and

expensive route than proceeding with its deposition of non-party SPLC.  Plaintiff has already

conceded as much by admitting that no additional discovery would be needed in this case, even

if Plaintiff is permitted to add SPLC as a party.[4] *See* ECF No. 497, Dec. 9, 2024, Joint Status

Report at 7 ("Plaintiff does not anticipate any additional discovery will be required as a result of

the amendment.").

Non-party SPLC should not be required to expend resources preparing for this

duplicative and overbroad discovery that will result in a burden on SPLC that far surpasses

Plaintiff's legitimate need.  *See Travelers Indem. Co.*, 228 F.R.D. at 113 (D. Conn. 2005)

(quoting Fed. R. Civ. P. 45(c)(3)(A)(iv) (citations omitted) ("Rule 45(c)(3) commands that a

court 'shall' quash or modify a subpoena if the subpoena 'subjects a person to undue burden.'").

## CONCLUSION

Based on the foregoing, SPLC respectfully requests that the Court grant its Motion to

Quash CLF's Subpoena for Oral and Videotaped Deposition of Shell Pipeline Company, LP.

---

[4] Defendants vehemently object to any attempt by Plaintiff to amend its Complaint and add any
new party at this stage of the litigation.  Plaintiff's time to implead additional parties expired on
September 5, 2021, and Plaintiff cannot demonstrate any justification for its delay.  *See* Order on
Pretrial Deadlines (ECF No. 5).  Nor has Plaintiff even requested the requisite leave to do so.

Dated: January 20, 2025

Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@KSLAW.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E., 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100

10

Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2025 a copy of the foregoing Third Party Shell Pipeline Company, LP's Motion to Quash Conservation Law Foundation, Inc.'s Subpoena for Oral and Videotaped Deposition was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
