

**For a thriving New England**
**CLF Connecticut**
www.clf.org

January 31, 2025

The Honorable Thomas O. Farrish
United States District Court
450 Main Street
Hartford, CT 06103

**RE:** *Conservation Law Foundation v. Shell Oil Co., et al.*, No. 3:21-cv-933 (D. Conn.)

Dear Judge Farrish,

      Plaintiff Conservation Law Foundation ("CLF") submits this letter brief addressing the dispute with Defendants Shell Oil Company, Shell Petroleum Inc., Equilon Enterprises LLC, Triton Terminaling LLC, and Motiva Enterprises LLC (collectively "Defendants") regarding deposition topics for the Rule 30(b)(6) deposition of CLF, in accordance with the Court's Order, ECF 518.

      Pursuant to an Order of this Court, *see* ECF 373, CLF and Defendants spent over a year negotiating the topics for Defendants' Rule 30(b)(6) deposition of CLF. In June 2024, the Parties finalized an agreement on eleven topics for Defendants' deposition of CLF based on Defendants' original deposition notice, served on January 26, 2023 ("Original Notice"), *see* ECF 200-1. Defendants reported negotiations on their proposed topics to be complete in Joint Status Reports as early as April and May of 2024. *See* ECF 383 at 3; ECF 387 at 5; ECF 395 at 3–4; ECF 417 at 7–8. In the aftermath of new defense counsel taking over the case, CLF received a new notice of deposition from Defendants with sixty-three topics ("New Notice")[1] on January 21, 2025. Prior to this date, and despite multiple meet and confers regarding 30(b)(6) depositions, CLF received no indication from Defendants they intended to deviate from the Parties' prior agreements. As of early January, CLF had already begun preparing its designee to testify on the agreed-upon topics. Only three of the of the sixty-three topics in Defendants' New Notice reflect the agreements of the Parties.

      Because the Parties reached agreement on CLF's Rule 30(b)(6) deposition topics pursuant to an order of this Court, *see* ECF 373, and because Defendants failed to comply with Rule 30(b)(6)'s mandate to meet and confer on the topics in good faith, CLF asks that the Court issue a protective order barring Defendants from conducting a Rule 30(b)(6) deposition of CLF that exceeds the priors extensively negotiated and agreed-upon topics, *see infra* Section II ("Agreed-Upon Topics"). Such an order will avoid unnecessary delay and motions practice regarding the deficiencies of each of Defendants' sixty new deposition topics.

---

[1] CLF's understanding of the Discovery Order is that Defendants are required to file their New Notice with their letter brief and that CLF should not include any attachments to this brief. *See* ECF 473 ¶ 4.

I. *Defendants' Original Notice and CLF's Motion for Protective Order*

Defendants served their Original Notice of Deposition of F.R.C.P. 30(b)(6) Witness for Plaintiff Conservation Law Foundation, Inc., on January 26, 2023. *See* Original Notice, ECF 200-1. CLF requested to meet and confer on the topics. *See* Emails, ECF 200-5 at 2.

CLF agreed to prepare a designee as to Topics 1, 7, 11, and 12, but raised concerns during the Parties' meet and confer with Topics 2, 3, 4, 5, 6, 8, 9, and 10. *See* Feb. 2, 2023 Ltr. from CLF, ECF 200-6. After exchanging several more letters over the course of two months, the Parties resolved by agreement CLF's objections to Topics 2, 3, 4, 8, and 9 in the Original Notice. *See* Feb. 8, 2023 Ltr. from Defs., ECF 200-7; Feb. 14, 2023 Ltr. from CLF, ECF 200-8; Mar. 12, 2023 Ltr. from Defs., ECF 200-9; Mar. 15, 2023 Ltr. from CLF, ECF 200-10; Mar. 20, 2023 Ltr. from Defs., ECF 200-11.

Because the Parties were unable to come to an agreement on Topics 5, 6, and 10, CLF filed a Motion for Protective Order. *See* ECF 200. The Parties fully briefed the Motion. *See* Opp., ECF 210; Reply, ECF 216. After resolution of other discovery motions before the Court in August 2023, the Court directed the Parties to further negotiate on the Original Notice. *See* Order, ECF 279; Mem., ECF 283. The Parties were unable to resolve the disputes as to the Original Notice at that time, despite conferring several times. *See* Joint Status Report, ECF 285 at 3–4; Joint Status Report, ECF 298 at 1–2; Joint Status Report, ECF 323 at 7; Joint Status Report, ECF 362 at 8–9.

### A. The Court's Order Directing the Parties to Negotiate by April 4, 2024

In March 2024, following resolution of CLF's Motion to Compel on its Renewed RFPs, the Court denied without prejudice CLF's Motion for Protective Order, stating:

> The parties have filed three motions, comprising over five hundred pages with exhibits, disputing the propriety of each other's Rule 30(b)(6) deposition topics and their conduct with respect to the negotiations over those topics. Since the motions were filed, Judge Meyer has ruled upon the Defendants' Motion for Partial Summary Judgment, and the undersigned has issued two lengthy opinions on a wide range of document discovery topics. The Court concludes that these rulings should allow reasonable parties to resolve most if not all their Rule 30(b)(6) deposition disputes by negotiation.
>
> Counsel for each party is therefore ORDERED to "confer[], in person or by telephone, with opposing counsel and discuss[] the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution."

Order, ECF 372 (quoting D. Conn. L. Civ. R. 37(a)). The Court directed the Parties to promptly confer and report back to the Court at a hearing on April 4, 2024. *Id.*

The Parties conferred for two hours, as ordered, on April 3, 2024, and reached agreement as to Topics 5 and 6. *See* Apr. 4, 2024 Hrg. Tr., ECF 384 at 33:21–34:7, 35:2–16. But CLF noted

for the Court that "on topic 10, I think the defendants are going to send us a proposed narrowing of the topic because our position was that it was just still too broad to prepare someone for. But I think, you know, we should be able to work that out." *Id.* at 34:9–13.

To resolve the outstanding issue as to Topic 10, the Parties conferred again on April 8, 2024, and Defendants followed up by email the following day proposing revised language. *See* Joint Discovery Status Report, ECF 383 at 3. The Parties exchanged emails on Defendants' proposed language for Topic 10 on April 10, 2024, and May 23, 2024. *See* Joint Discovery Status Report, ECF 387 at 5 ("Defendants have proposed **final** topics for CLF, which are still being negotiated and discussed. The Parties do not need to discuss this issue with the Court at this time." (emphasis added)); Joint Discovery Status Report, ECF 395 at 3; Joint Discovery Status Report, ECF 417 at 7. As the Parties reported to the Court in the May 29 status conference, "there are still some ongoing discussions, and so there's no need to bring them to the Your Honor at this time. And I think we're making progress in those discussions as well." May 29, 2024 Hrg. Tr., ECF 422 at 43:3–14 (response of Defendants' counsel). Following the status conference, the Parties discussed the issue with Topic 10 in person at the courthouse.

CLF closed the Parties' negotiations on Topic 10 by email on June 6, 2024, recapping the prior negotiations and stating with specificity how CLF would prepare its designee. *See* Joint Status Report, ECF 423 at 5–6; Joint Discovery Status Report, ECF 424 at 6–7 ("With regard to the Rule 30(b)(6) topics proposed by Defendants for CLF, CLF responded to Defendants' prior proposal on April 10. On May 23 Defendants followed up by email with CLF regarding the remaining dispute regarding Topic 10. CLF responded on June 6, 2024, stating it would move forward with the current topics so long as questions concern only non-privileged and non-expert information."). CLF never received any response to that email from Defendants.

As of June 2024, CLF understood those negotiations to be complete. This understanding is reflected in every joint status report filed by the Parties since the Court's April 2024 Order (ECF 373). *See supra*; *see also, e.g.*, Joint Discovery Status Report, ECF 427 at 4; Joint Discovery Status Report, ECF 436 at 4–5; Joint Discovery Status Report, ECF 443 at 2–3; Joint Discovery Status Report, ECF 447 at 3; Joint Discovery Status Report, ECF 455 at 3; Joint Status Report, ECF 461 at 3–4; Joint Status Report, ECF 497 at 3–4; Joint Discovery Status Report, ECF 500 at 3–4; Joint Discovery Status Report, ECF 503 at 3–4.

II.   <u>The Agreed-Upon Topics</u>

In Defendants' email on May 23, 2024, following up on negotiations for Topic 10, counsel for Defendants stated:

> Defendants will be serving a new notice of 30(b)(6) deposition on CLF shortly that reflects the results of the parties' negotiations to preserve Defendants' ability to take CLF's deposition within the fact discovery period. Defendants are willing to provide an updated notice to reflect any changes needed due to witness unavailability or any other discussions between the parties.

Defendants did not, however, serve any such notice. Thus, CLF has constructed such a notice of the Agreed-Upon Topics, below, reflecting the Parties' eighteen months of negotiations through citations to the relevant statements of agreement.

### A. Topics Withdrawn by Defendants[2]

**SUBJECT AREA 2.** Your factual investigation preceding the filing of Your complaint.

### B. Topics to Which CLF Did Not Object[3]

**SUBJECT AREA 1.** Information about Your organization, including without limitation (a) Your organizational mission and purpose; (b) the criteria for membership into Your organization and members' role within Your organization; (c) and Your organizational structure.

**SUBJECT AREA 7.** The factual bases for statements posted to Your website Relating to this Litigation, including without limitation the video posted on November 5, 2021 titled "Why We're Holding Shell Oil Accountable for its Climate Change Impacts" and Your "Open Letter to the Bulk Petroleum Terminals in the Port of New Haven".

**SUBJECT AREA 11.** Your participation in the regulatory process Relating to the Connecticut General Permit for the Discharge of Stormwater Associated with Industrial Activity, or the permit issued to Equilon Enterprises, LLC under registration number GSI002800.

**SUBJECT AREA 12.** Your July 28, 2020 Notice of Intent to File Suit and February 17, 2021 Supplemental Notice of Intent to File Suit letters, and any responses thereto.

### C. Topics Agreed Upon by the Parties

**SUBJECT AREA 3.** The factual bases for Your allegations in Your amended complaint paragraphs 25, 67, a portion of 74, 106, 121, a portion of 265, 266, and a portion of 500.[4]

**SUBJECT AREA 4.** Factual observations made by You during the December 6, 2022 site inspection of the Facility.[5]

**SUBJECT AREA 5.** Your answers and responses to Interrogatory Numbers 2, 12, 13, 17, 18, 19, 20, 21, 22 and 24, and Requests for Production Nos. 45, 47, and 48.[6]

---

[2] *See* ECF 200-7 at 1 (withdrawing topic).

[3] *See* ECF 200-7 at 1 (noting agreement).

[4] *See* ECF 200-9 at 2–3 (narrowing topic); ECF 200-10 at 1–2 (agreeing to revised topic).

[5] Subject to objections, CLF agreed to designate specific person on a limited basis. *See* ECF 200-8 at 3. Defendants accepted this compromise. *See* ECF 200-11 at 2.

[6] *See* ECF 200-7 at 3 (narrowing topic); ECF 200-9 at 3–4 (narrowing topic); Apr. 4, 2024, Hrg. Tr., ECF 384 at 33:21–34:7 (noting agreement).

**SUBJECT AREA 6.** Your "Holding Shell Accountable" campaign or other non-privileged campaigns of Yours Relating to this Litigation.[7]

**SUBJECT AREA 8.** The search performed of Your files, business records, and archives for Documents responsive to Defendants' discovery requests in this Litigation.[8]

**SUBJECT AREA 9.** All relief, including without limitation injunctive relief, monetary and civil penalties, that You seek from Defendants through this Litigation.[9]

**SUBJECT AREA 10.** Your non-privileged Communications with Quest Research & Investigations LLC (QRI), consultants, organizations, people operating in their professional capacity, or individuals who have submitted declarations to support Your standing Relating to facts supporting Your claims and/or standing in this Litigation.[10]

### III. *Defendants' New Notice*

Defendants served CLF with their New Notice on January 21, 2025, without any prior communication regarding the changed topics. The New Notice contains sixty-three topics, sixty of which were not agreed upon. Only New Topics 1, 2, and 8 reflect the prior agreements of the Parties as to Agreed-Upon Topics 1, 12, and 8, respectively.

Defendants' New Notice contravenes months of negotiations between the Parties. In addition to adding dozens of topics never previously discussed or contemplated by the Parties, Defendants added in more expansive versions of topics they previously agreed to withdraw or substantially modify. For example, New Topic 3 is an exponentially more expansive version of the withdrawn Original Topic 2. Defendants also added back the original versions of topics on which CLF moved for a protective order, disregarding the results of Court-ordered negotiations. For example, New Topic 37 is identical to Original Topic 6, and New Topic 9 is identical to Original Topic 5. *See* ECF 200-1 at 4. New Topics 7, 32, 38, and 39 are similar to Agreed-Upon Topics 9, 11, 7, and 10, respectively, but they are more expansive than each of the Agreed-Upon Topics. For example, New Topic 38 seeks "The factual bases for all public statements You have made regarding this litigation," rather than "The factual bases for statements posted to Your website Relating to this Litigation."

Upon receiving the New Notice, CLF immediately requested to confer with Defendants, noting, "The notice does not reflect the Parties' months of court-ordered negotiations regarding the deposition topics for CLF, which the Parties have previously conveyed to the Court in joint status reports." CLF offered times to confer that week, but Defendants were unable to meet until January 28. During the conference, CLF reiterated its position regarding the surprise and prejudice

---

[7] *See* ECF 200-7 at 3 (narrowing topic); ECF 298 at 2 (narrowing topic); Apr. 4, 2024, Hrg. Tr., ECF 384 at 33:21–34:7 (noting agreement).

[8] *See* ECF 200-8 at 5–6 (agreeing to produce designee subject to objections).

[9] *See* ECF 200-10 at 4 (agreeing to topic subject to clarifications).

[10] *See* ECF 200-7 at 3 (revising topic); Joint Status Report, ECF 423 at 5–6; Joint Discovery Status Report, ECF 424 at 6–7.

of this New Notice. Defendants stated the New Notice was warranted by alleged changes in facts and circumstances of the case. Defendants did not, however, account for the fact that they had never advised CLF or the Court of their changed position on the deposition topics prior to serving the New Notice. Nor did Defendants address what precisely had changed since the Parties' joint status reports filed in December 2024 and January 2025, in which the Parties noted they were scheduling Rule 30(b)(6) depositions following conclusion of issues. *See, e.g.*, ECF 500 at 3–4.

IV. *Defendants' New Notice Violates This Court's Order and Places an Extraordinary Burden on CLF at the Eleventh Hour*

Defendants' New Notice undermines eighteen months of negotiations, motions practice, and rulings by this Court as to the scope of Defendants' Rule 30(b)(6) deposition of CLF. Defendants repeatedly represented to both CLF and this Court that the topics the Parties spent over a year negotiating were "final." *See, e.g.*, Joint Discovery Status Report, ECF 383 at 3 ("Defendants have proposed **final topics for CLF**, which are still being negotiated and discussed. The Parties do not need to discuss this issue with the Court at this time." (emphasis added)); Joint Discovery Status Report, ECF 387 at 5 (same). The New Notice directly contradicts that representation and imposes a substantial new burden on CLF, wiping away the significant resources CLF (and this Court) have already expended on Defendants' deposition of CLF. For these reasons and additional reasons detailed below, CLF requests this Court enter a protective order limiting the deposition of CLF to prevent annoyance and undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1)(D).

Defendants' New Notice also violates the command in Rule 30(b)(6) to "confer in good faith" "promptly" regarding the matters in the notice. *See* Fed. R. Civ. P. 30(b)(6). Defendants did not confer with CLF regarding their New Topics at any time "[b]efore" serving the New Notice. And when the Parties did confer, at CLF's request, Defendants offered no rational explanation for their abrupt about face. Defendants did not identify with specificity what changed circumstances warrant their reneging on prior agreements or the enormous expansion of the scope of CLF's deposition. The only "change" Defendants mentioned are the proposed changes to Connecticut's general industrial stormwater permit, but the draft permit was released by CT DEEP in March 2024—nearly a year ago. *See, e.g.*, *Industrial Stormwater General Permit*, CONN. DEP'T OF ENERGY & ENV'T PROT. (Jan. 9, 2025), https://portal.ct.gov/deep/water-regulating-and-discharges/stormwater/industrial-stormwater-gp. It is clear Defendants were aware of draft permit at the time it was proposed, because Defendants brought it to the Court's attention at the hearing on April 4, 2024. *See* Hrg. Tr., ECF 384 at 43:11–14. Furthermore, the permit that has been in effect at all times relevant to CLF's complaint remains in effect at the Terminal today. Nor is CLF aware of any changes since the Parties' December 2024 and January 2025 status reports and meetings on deposition scheduling that could plausibly support Defendants' New Notice.

In its Order dismissing CLF's Motion for Protective Order without prejudice, the Court directed the Parties to confer and report by April 4, 2024. ECF 373. The Court specifically stated, "If the parties report at that time that areas of disagreement persist, **they will be permitted to renew their motions** by filing a short, non-argumentative list of those areas, accompanied by a certification that they have conferred in person or by telephone for at least two hours." *Id.* (emphasis added). But Defendants reported no disagreement as to CLF's position on the Original

Notice at the April 2024 hearing, nor at any point thereafter. Thus, Defendants deprived CLF of the opportunity to promptly obtain relief from the Court on the sixty new topics in the New Notice.

Finally, should the Court deny the relief CLF requests herein, CLF will need to expend substantial time and resources (re)negotiating and (re)litigating issues in Defendants' New Notice. CLF will be entitled to raise specific objections to each of the sixty New Topics, and the Parties will be required to confer in person or by phone at least once before any motions practice. CLF believes the Parties would be unlikely to complete that process prior to the close of fact discovery. Maintaining the Parties' prior agreement on the Agreed-Upon Topics will conserve judicial resources and allow the Parties to complete fact discovery under the current schedule.

V.  <u>Requested Relief</u>

CLF requests that this Court issue a Protective Order limiting any deposition of CLF to those topics negotiated by the Parties, as detailed above in Section II.B–C, and order any other relief the Court deems appropriate, *see, e.g.*, Fed. R. Civ. P. 27(c)(3); Fed. R. Civ. P. 37(a)(5).

Sincerely,

*s/ Alexandra M. Jordan*
Alexandra M. Jordan (ct31466)
James Y. Meinert (ct31637)
Zachary Manley (pvh207600)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1748
Tel: (617) 850-1477
Tel: (617) 850-1707
E-mail: ajordan@clf.org
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020

Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Tel: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

*Attorneys for Plaintiff Conservation Law Foundation, Inc.*

*Admitted as Visiting Attorney