

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

January 31, 2025

**VIA ECF**

Hon. Judge Thomas O. Farrish
U.S. District Court
District of Connecticut
United States Courthouse
450 Main Street - Suite 262
Hartford, Connecticut 06103
Clerk's Office: (860) 240-3200

      **RE:**    *Conservation Law Foundation v. Shell Oil Products U.S., et al.*,
              **Civil Action No. 3.21-cv-00933-VDO**

Dear Judge Farrish:

      We represent all Defendants in the above-referenced action. Pursuant to this Court's January 28, 2025 Order (ECF 518) requesting briefing on this discovery impasse, in accordance with ECF 473(3.b), the Defendants respectfully submit this letter brief on the dispute over Defendants' Rule 30(b)(6) deposition notice served on CLF. *See* ECF Nos. 473 and 518.

## INTRODUCTION

      Defendants' January 21, 2025 30(b)(6) Deposition Notice of Plaintiff ("2025 Notice") seeks testimony that is relevant to the claims and defenses in this case, on key issues which Defendants are entitled to discover. The 2025 Notice has also been revised to incorporate new developments in the **over two years** since Defendants served their original 30(b)(6) Notice on January 26, 2023. The issues in this case have expanded and evolved due to CLF's discovery regarding additional facilities unrelated to the New Haven Terminal at issue in this case, requiring Defendants to produce **293,662** documents all of which CLF has indicated that they have reviewed and considered.

      In addition, significant regulatory activity has transpired over these past two years, including the publication of two separate versions of the proposed Draft General Permit for the Discharge of Stormwater Associated with Industrial Activity by the Connecticut Department of Energy & Environmental Protection ("CT DEEP") on March 27, 2024 and again on December 30, 2024.[1] CT DEEP's actions will eliminate CLF's claims by disproving its theory that the current General Permit required Defendants to consider "climate change" in its operation of the

---

[1] https://portal.ct.gov/deep/water-regulating-and-discharges/stormwater/industrial-stormwater-gp.

New Haven Terminal. Contrary to Plaintiff's theory of the case, CT DEEP has now confirmed that no such "climate change" considerations were ever required under the permit at issue here. CLF actively participated in this regulatory process, such as submitting extensive comments to the first proposed Draft Permit. CLF's involvement in the regulatory process—any comments submitted and responses thereto—are relevant to Defendants claims and defenses in this case. Defendants should be permitted to depose Plaintiff's corporate representative on all of these relevant issues. By contrast, limiting Defendants to explore only those topics considered and served in 2023 would unfairly prejudice Defendants' ability to prepare their defense for trial.

CLF ignores all of these developments and contends that Defendants should be stuck with the topics as written in their 2023 30(b)(6) Notice. Under CLF's interpretation, Defendants would have no right to depose CLF on any factual or legal issue since the 30(b)(6) draft depo notice was exchanged on January 26, 2023. No federal rule of civil procedure or case law supports CLF's new interpretation—and CLF's interpretation is fundamentally contrary to the federal rule of civil procedure.

Further, restricting Defendants' discovery to only those topics would force Defendants to defend themselves against evidence at trial that they had no opportunity to explore before trial—precisely the opposite of what discovery is for. *See, e.g., In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003) ("The discovery rules, together with pretrial procedures, make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent by requiring disclosure of *all* relevant information." (emphasis original, internal quotation omitted)).

The rules of discovery apply to both parties, and the Court should allow both sides to properly prepare for trial. And of course, the Court has broad discretion to allow additional discovery as a case develops. *See generally Western World Ins. Co. v. Architectural Builders of Westport, LLC*, 247 F.R.D. 293, 296 (D. Conn. 2008) ("The court has broad discretion in managing pre-trial discovery."). CLF has (and has had) plenty of time to identify and prepare its witnesses for this deposition before the deadline of March 31, 2025. By contrast, limiting Defendants' questioning to the topics in the January 2023 notice would severely prejudice Defendants by preventing discovery into anything that has happened in the last two years, especially if no such similar limitation is imposed on Plaintiff which has sought to depose all six Defendants on 34 30(b)(6) topics.

For all of these reasons, the Court should allow Defendants to take full discovery of CLF as provided in Defendants' 2025 (30)(b)(6) notice for the deposition of Plaintiff's corporate representative.

**BACKGROUND**

On January 26, 2023, Defendants served CLF with a 30(b)(6) Notice of Deposition ("2023 Notice"), which included 12 topics to be covered. CLF moved for a protective order on March 30, 2023. *See* ECF 200. On March 30, 2024, the Court denied CLF's motion, without prejudice, and ordered the parties to meet and confer on the scope of the deposition topics. ECF 373. The Court neither limited the scope of the depositions nor restricted Defendants' ability to amend or supplement the 2023 Notice. *Id*. As often reflected in the Joint Status Reports, the parties continued to negotiate the scope of the 30(b)(6) notices, and they recognized that ongoing

discovery could warrant "the narrowing of some topics, adding new topics, or both." *See e.g.*, ECF 395; ECF 417; ECF 424; and ECF 455.

Since 2023, extensive discovery has occurred. For instance, on March 29, 2024, the Court granted Plaintiff's request to select 15 additional coastal facilities either owned or previously owned by Defendants for further discovery. ECF 372. This Order ultimately required Defendants to produce hundreds of thousands of documents. For example also requested and Defendants agreed to an additional site inspection on August 15, 2024 of its facilities for CLF and its experts. CLF has also produced significant quantities of documents in this case since January 26, 2023. For example, on November 8, 2024, CLF produced the results of two public records requests (one to CT DEEP and another in California). In all, CLF has delivered 16 production volumes containing 2,112 documents since the 2023 Notice was served.

Starting in March 2024, CT DEEP began issuing guidance related to updating the General Permit for Industrial Stormwater, which was set to expire on September 30, 2024.[2] The guidance issued by CT DEEP contained important statements on the agency's interpretation of the existing permit—the one at issue in this case. CLF also actively participated in the regulatory process by communicating with CT DEEP and submitting comments and affidavits on this proposed new permit.

On January 21, 2025, as a result of ongoing discovery as well as new regulations, including guidance related to CT DEEP's proposed permit, Defendants served an updated version of their initial 2023 30(b)(6) deposition notice. The 2025 Notice contains topics that either (1) are substantial the same as the prior notice; (2) break the prior topics into separate categories, or (2) cover new facts, evidence, and regulatory developments relevant to this case that arose over the past two years. As before, Defendants' 2025 Notice seeks discovery that is directly relevant to the claims and defenses at issue in this case, which Defendants have the right to explore at deposition.

## ARGUMENT

### A. The Topics In Defendants' 2025 Notice Are Discoverable.

The discovery process "serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling the parties to obtain the factual information needed to prepare for trial." *Gary Plastic Packaging Corp. V. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 756 F.2d 230, 236 (2d Cir. 1985). To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Rules "should be interpreted broadly" to achieve the purposes of full disclosure before trial. *See Gary Plastic*, 756 F.2d at 236; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case").

---

[2] CT DEEP reissued its Draft CT General Permit on December 30, 2024. *See* https://portal.ct.gov/deep/water-regulating-and-discharges/stormwater/industrial-stormwater-gp

3

Accordingly, Defendants should be permitted discovery on all topics reasonably calculated to lead to admissible evidence, not just those from 2023. There is no prohibition on amending a deposition notice to revise previous topics or add new ones in light of new developments in the case. Much has changed since January 26, 2023, and Defendants have a right to take discovery on those topics as well as the topics originally identified in the 2023 Notice.

CLF's contention that Defendants are somehow stuck with the old deposition notice has no merit. Tellingly, CLF has not identified any topic in the deposition notice that is beyond the scope of permissible discovery. Instead, CLF claims that the March 30, 2024 Order (ECF 373) limits Defendants from amending their prior notice, even though the Order contained no such limitation. And even if it did, this Court retains full discretion over the scope of discovery based on the circumstances of the case. *See generally Western World*, 247 F.R.D. at 296. Simply put, the discovery Defendants seek is proper under the Rules, and there is no reason to artificially limit discovery to what Defendants identified more than two years ago.

### B. <ins>CLF Will Suffer No Prejudice From Defendants' Intended Discovery.</ins>

CLF has plenty of time to prepare witnesses for deposition before March 31st. And as explained below, all of the topics in the 2025 Notice are either fully encompassed by the 2023 Notice, or concern issues that have developed since that time. None of the topics should surprise CLF, and the Court should permit Defendants to conduct this discovery.

#### 1. The 2025 Notice Encompasses The Topics From The 2023 Notice.

Many of the topics included in the 2025 Notice are the same as—or fairly encompassed within—the topics included in the 2023 Notice.[3]

***First***, Topics 1-3, 6-10, 32, and 37-39 of the 2025 Notice are essentially identical to the 12 topics included in the original 2023 Notice. *See* Ex. 1, 2025 Notice at 1-4 and 7-8; *see also*, ECF 200-1, 2023 Notice. For example, Topic 1 in the 2023 Notice was repeated verbatim in the 2025 Notice. CLF cannot reasonably object to these repeated topics.

***Second***, many of the alleged "new" topics in the 2025 Notice also fall within the scope of the 2023 Notice. *See, e.g.*, Ex. 1, 2025 Notice Topics 4, 6, 11, 13-31, 33-36, 40-63.

The 2023 Notice included topics covering both CLF's factual bases for its allegations in the Amended Complaint (No. 3) and all of CLF's prior discovery responses (No. 5). *See* ECF 200-1 at p. 3-4. These topics are substantially similar to Topics 6 and 9 of Defendants' 2025 Notice, which again seek the factual bases for Plaintiff's allegation in specific paragraphs of the Amended Complaint, and in Plaintiff's answers and responses to various discovery responses in this action, respectively.

Next, many of the topics in the 2025 Notice cover either (1) CLF's previous discovery responses or (2) CLF's allegations in the Amended Complaint. *See, e.g.*, Ex. 1, 2025 Notice

---

[3] Defendants respect the Court's instruction not to attach exhibits to this submission, but stand ready to produce full copies of the deposition notices upon request.

Topics 4, 6, 11, 13-31, 33-36, 40-63. For example, Topics No. 23 and 24 of the 2025 Notice involve CLF's factual and regulatory basis for its contentions regarding "unpermitted discharges of non-stormwater"—topics of prior discovery in this case. *See* Ex. 1, 2025 Notice at 5. CLF would be required to present a witness on these highly relevant issues even under the 2023 Notice (No. 5), and Defendants would be severely prejudiced if they were precluded.

### 2. Additional Topics Seek Discovery On Issues That Have Arisen Since 2023.

This case has evolved dramatically since 2023, and Defendants should be permitted discovery on issues as they exist today—not in the bubble that existed in January 2023.

Topics 10, 12, 21, 31, 40-49, 51-52, 59-62. cover new developments since January 2023. *See* Ex. 1, 2025 Notice. For example, on June 26, 2023, CLF amended its interrogatory responses to identify new alleged deficiencies in how the Terminal is designed and operated. *See* Plaintiff's Supplemental Response to Defendants' Second Set of Interrogatories (served June 26, 2023), at 2-3, (revising allegations regarding tank containment specifications and regulatory requirements). As a result, in its 2025 Notice, Defendants added Topic No. 48 to request information regarding CLF's "factual knowledge or information on tanks, equipment, pipelines, valves, stormwater water management features, secondary containment, structural stability and design specifications of tanks, piping, structures, and related equipment at the New Haven Terminal." *See* Ex. 1, 2025 Notice at 9.

Defendants have also amended their 2023 Notice to request information that has become necessary after discovery was expanded in 2024—over Defendants' objections—to include 15 additional coastal facilities selected by CLF. ECF 372 (the Court stating that "[t]he key inquiry in this case is about best industry practice, and because the Defendants are of course members of the industry, *what they do at their other facilities may inform the meaning of that term*." *See* ECF No. 372 at p. 7. As a result, Defendants must now depose CLF on topics that are not strictly related to the New Haven Terminal at direct issue in this case, such as:

> "**Topic 52.** Your factual knowledge or information of any NPDES Permits, General Permit, or any other state permits related to stormwater which specifically require a formal assessment of Adverse Weather Events, including climate vulnerability risk assessments or climate resiliency considerations. . . ."

On December 30, 2024, CT DEEP issued an updated Draft General Permit.[4] The basic issue in this case is whether Defendants complied with the requirements of the existing permit, and CT DEEP's Draft Permit has now spoken on what those previous requirements were. In fact, this development is so significant that it disproves Plaintiff's claims based on any alleged failure to consider "climate change" in Defendants' operation of the Terminal, as well as moot Plaintiff's request for injunctive relief. Accordingly, Defendants have added new related topics, such Topics 12 and 44 (seeking CLF's knowledge of and opinion on the Permit requirements) and Topics 46 and 58, which concern public comments CLF has submitted to CT DEEP regarding same.

---

[4] https://portal.ct.gov/deep/water-regulating-anddischarges/stormwater/industrial-stormwater-gp

Defendants have also revised topics to capture relevant updates on the same subject. For example, the 2023 Notice in Topic No. 4 sought information on the pre-2023 site visits by CLF to the New Haven Terminal. *See* ECF 200-1 at p. 4. Defendants updated this otherwise verbatim topic in the 2025 Notice with Topic No. 10 to also include the post-2023 site visits. *See* Ex. 1, 2025 Notice at 4. By way of further example, the 2023 Notice Topic No. 6 concerning CLF's pre-2023 public statements regarding the case to its prospective donors was updated in the 2025 Notice with Topic Nos. 40, 42, and 60, which break down CLF's third-party communications into separate categories and include CLF's post-2023 statements. *See* ECF 200-1 at p. 4.; *see also*, Ex. 1, 2025 Notice at 8 and 14.

## CONCLUSION

For these reasons, Defendants respectfully request the Court permit discovery on the topics noticed in Defendants' January 21, 2025 30(b)(6) Deposition Notice.

Defendants thank the Court for its consideration and courtesies.

Sincerely,

Douglas A. Henderson

Douglas A. Henderson

KING & SPALDING, LLP


cc: Counsel of Record

6