# Exhibit 1

## II.     INSTRUCTIONS

The following instructions are to be considered applicable to all Topics of Examination. The terms used shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

1.    Each Topic set forth below should be construed independently, and not in reference to any other Topic for purposes of limitation.

2.    Unless otherwise stated, the timeframe applicable to each Topic is July 10, 2017 to the present.

3.    The terms "all," "any," and "each" shall each be construed as encompassing any, all, and each.

4.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

5.    The use of the singular form of any word includes the plural and vice versa.

## III.     TOPICS OF EXAMINATION

**TOPIC 1.**  Information about Your organization, including without limitation (a) Your organizational mission and purpose; (b) the criteria for membership into Your organization and members' roles within Your organization; and (c) Your organizational structure.

**TOPIC 2.**  Your July 28, 2020 Notice of Intent to File Suit and February 17, 2021 Supplemental Notice of Intent to File Suit letters relating to the Terminal, and any responses thereto.

**TOPIC 3.**  Your factual investigation preceding the filing of Your complaint on July 7, 2021, and Facts known to You regarding the Terminal prior to the filing of this lawsuit.

**TOPIC 4.**  Your factual knowledge or information Related to the standing of CLF as an association or its members to bring this Litigation against Defendants.

**TOPIC 5.**  The factual basis for the affidavits filed by You in this Litigation.

**TOPIC 6.**  The factual bases for Your allegations in Your Complaint, filed February 11, 2022, including without limitation, paragraphs:

| | |
|---|---|
| ¶ 25, | ¶ 400, |
| ¶ 67, | ¶ 401, |
| ¶ 73, | ¶ 402, |
| ¶ 74, | ¶ 410, |
| ¶106, | ¶ 411, |
| ¶ 121, | ¶ 417, |
| ¶ 236, | ¶ 418, |
| ¶ 259, | ¶ 424 |
| ¶ 265, | ¶ 430 |
| ¶ 266, | ¶ 438, |
| ¶ 273, | ¶ 439, |
| ¶ 292, | ¶ 440, |
| ¶ 298, | ¶ 477, |
| ¶ 303, | ¶ 493, |
| ¶ 307, | ¶ 494, |
| ¶ 314, | ¶ 495, |
| ¶ 387, | ¶ 496, |
| ¶ 393, | ¶ 497, and |
| ¶ 394, | ¶ 500. |
| ¶ 398, | |

**TOPIC 7.**  All relief, including without limitation injunctive relief, supplemental environmental projects, monetary and civil penalties, attorney fees and litigation expenses that You seek from Defendants through this Litigation.

**TOPIC 8.**  The search performed of Your files, business records, and archives for Documents responsive to Defendants' discovery requests in this Litigation.

**TOPIC 9**.  Your answers and responses to all discovery requests served on You by Defendants in this Litigation.

**TOPIC 10.**  Factual observations and photos made or taken by You or Your consultants during Your December 6, 2022 and August 15, 2024 site inspections of the Terminal.

**TOPIC 11.**  Your factual knowledge or information on the General 2018 Permit and the General 2021 Permit that applies to the Facility.

**TOPIC 12.**  Your factual knowledge, information or understanding of the Draft DEEP General Permit.

**TOPIC 13.**  Factual basis and regulatory basis for Your contention that the SWPPP for the Terminal was deficient or otherwise in violation of the General 2018 Permit.

**TOPIC 14.**  Factual basis and regulatory basis for Your contention that the SWPPP for the Terminal was deficient or otherwise in violation of the General 2021 Permit.

**TOPIC 15.**  Factual basis and regulatory basis for Your contention that the Terminal is or has been in violation of the General 2018 Permit.

**TOPIC 16.**  Factual basis and regulatory basis for Your contention that the Terminal is or has been in violation of the General 2021 Permit.

**TOPIC 17.**  Factual basis and regulatory requirements for Your understanding of what constitutes Best Management Practices ("BMPs"), Best Industry Practices ("BIPs"), and Good Engineering Practices ("GEPs") as those terms are used under the CWA for industrial stormwater permit compliance and the preparation of SWPPP under the CWA or state law for the New Haven Terminal.

**TOPIC 18.**  Factual basis and regulatory basis for your contention that BMPs, BIPs, and GEPs require analysis or consideration of Adverse Weather Events, including without limitation a 500-year flood.

**TOPIC 19.** Factual basis and regulatory basis for Your contention that Shell has not acted in accordance with BMPs, BIPs and GEPs in the design, maintenance, and operation of the SWPPP for the New Haven Terminal.

**TOPIC 20.** Factual basis and regulatory basis for Your contention that the Terminal was not designed, maintained, or operated in a manner to address conditions or risks resulting from Adverse Weather Events.

**TOPIC 21.** Factual basis and regulatory basis for Your contention that SWPPP for the Terminal is deficient or otherwise in violation of any NPDES Permit, EPA MSGP, General 2018 Permit, General 2021 Permit, or Draft DEEP General Permit.

**TOPIC 22.** Factual basis and regulatory basis for Your contention there have been unpermitted discharges of "pollutants" as that term is defined in the CWA or discharges of stormwater from the New Haven Terminal.

**TOPIC 23.** Factual basis and regulatory basis for Your contention there have been unpermitted discharges of "non-stormwater," as that term is defined and used by CLF in Your Complaint, from the New Haven Terminal.

**TOPIC 24.** Factual basis and regulatory basis for Your contention there have been unpermitted discharges of "non-stormwater," as that term is defined and used by CLF in Your Complaint, includes storm surges, sea level rise, flooding and other discharges associated with Adverse Weather Events from the Terminal.

**TOPIC 25**. Your factual knowledge, information, or criticisms of any federal, state, or local notices of violation, notices of non-compliance, citations, enforcement actions, stop work orders, or similar enforcement against the New Haven Terminal by EPA, CT DEEP, or any other federal, state, or local governmental agency or entity.

**TOPIC 26.** Your information and understanding of the "control measures that are technologically available and economically practicable and achievable in light of best industry practice" (as that phrase is used in Your Complaint, ¶ 193) to minimize the discharge of industrial stormwater at the New Haven Terminal.

**TOPIC 27.** Your information and understanding on whether CT DEEP required or requires consideration of Adverse Weather Events in the development of a SWPPP under the General 2018 Permit or General 2021 Permit.

**TOPIC 28.** Your information and understanding of the CT DEEP document, *Guidance Document for Preparing a Stormwater Pollution Prevention Plan* dated March 2011, or other CT DEEP guidance for preparing SWPPPs in accordance with CT DEEP requirements.

**TOPIC 29.** Your internal materials, documents, and information concerning climate adaptation or climate resilience measures to address Adverse Weather Events that should have been implemented but have not been implemented at the New Haven Terminal.

**TOPIC 30.** Your information, understanding, or criticisms of EPA's past, present or future regulations, guidance documents, or interpretation of BMPs, BIPs and GEPs in the context of NPDES permits, industrial stormwater permit requirements, and the preparation and implementation of SWPPPs.

**TOPIC 31**. Your factual knowledge or information on whether EPA has made any oral or written statements or issued any regulations, guidance, policies, or procedures that a permittee under any NPDES permit, any General Permit for Industrial Stormwater, or any SWPPP, should specifically address Adverse Weather Events under these permits or any SWPPP for the discharge of industrial stormwater.

**TOPIC 32.** Your participation in the regulatory process or the notice and comment period Relating to the Connecticut General Permit for the Discharge of Stormwater Associated with Industrial Activity, or the permit issued to Equilon Enterprises, LLC under registration number GSI002800.

**TOPIC 33.** Your factual knowledge, understanding and information of any policies, guidelines, guidance, standards, recommendations, policies or practices developed or adopted by the American Society of Civil Engineers, the American Society of Mechanical Engineers, the American Society for Chemical Engineers, the American Petroleum Institute or other professional society, trade organization or other standards organization which requires or recommends consideration or analysis of Adverse Weather Events in industrial stormwater permit compliance or development and implementation of SWPPPs.

**TOPIC 34.** Your factual knowledge or information on any violations of the CWA, the RCRA, the Coastal Management Act, or other federal, state or local laws, regulations or ordinances at the New Haven Terminal.

**TOPIC 35.** Your factual knowledge or information of the SPCC and FRP implemented at the Terminal.

**TOPIC 36.** Your factual knowledge or information regarding the generation, storage, or disposal of "hazardous waste," as defined in the RCRA, at the Terminal.

**TOPIC 37.** Your programs, activities, and fundraising efforts Relating to Your "Holding Shell Accountable" campaign or other campaigns of Yours Relating to this Litigation, including any statements Relating to this Litigation in Your annual reports, and Communications with non-parties.

**TOPIC 38.** The factual bases for all public statements You have made regarding this litigation, including without limitation, statements reflected on Your website such as the video posted on November 5, 2021, titled "Why We're Holding Shell Oil Accountable for its Climate Change Impacts" and Your "Open Letter to the Bulk Petroleum Terminals in the Port of New Haven."

**TOPIC 39.** Your non-privileged communications with Quest Research & Investigations LLC ("QRI), consultants, organizations, people operating in their professional capacity, or individuals who have submitted declarations to support Your standing Relating to facts supporting or undermining Your claims and/or standing in this Litigation.

**TOPIC 40.** Your communications or correspondence with third parties (e.g., media, reporters, other environmental groups, etc.) about the facts, issues, policies, and best management practices under NPDES permits or General Permits for Industrial Stormwater at the New Haven Terminal or other industrial facilities, terminals, ports, or similar facilities.

**TOPIC 41.** Your Communications or correspondence with third parties (e.g., media, reporters, other environmental groups, etc.) related to climate change, climate adaptation, climate resilience, and Adverse Weather Events to the extent they reference Defendants.

**TOPIC 42.** Your presentations, speeches, meeting outlines or transcripts of presentations given or presented by CLF or its employees, contractors, legal counsel or representatives to any third parties Related to climate change, climate adaptation, climate resilience, Adverse Weather Events, the Terminal, or this Litigation.

**TOPIC 43.** Your factual knowledge or information on any SWPPP prepared for a facility in the State of Connecticut that requires or recommends an analysis or assessment of a 100-year, 500-year flood, rising sea level rise, drought, or other Adverse Weather Event.

**TOPIC 44.** Your factual knowledge or regulatory basis on whether the New Haven Terminal was required to complete a "climate change vulnerability risk assessment" or other similar risk assessment of Adverse Weather Events at the Terminal under the Facility's General 2018 Permit, General 2021 Permit, the Draft DEEP General Permit, or any other federal, state, or local law or regulation.

**TOPIC 45**. Your factual knowledge or information of SWPPPs developed and implemented under any NPDES permit or any federal or state general permit for industrial stormwater for any other facilities or terminals that required specific consideration of Adverse Weather Events in the SWPPPs.

**TOPIC 46.** Your written comments and communications with DEEP, EPA, or any other state or federal agency or entity, and your factual knowledge and regulatory basis for Your opinions on the scope and requirements of the General 2018 Permit, the General 2021 Permit, or the Draft DEEP General Permit, including the preparation and implementation of a SWPPP required by the General 2018 Permit, the General 2021 Permit, or the Draft DEEP General Permit.

**TOPIC 47.** Your factual knowledge of CT DEEP requirements, guidance, policies, practices, or other materials related to the consideration of Adverse Weather Events under the General Permits for Industrial Stormwater for facilities in the State of Connecticut.

**TOPIC 48.** Your factual knowledge or information on tanks, equipment, pipelines, valves, stormwater water management features, secondary containment, structural stability and design specifications of tanks, piping, structures, and related equipment at the New Haven Terminal.

**TOPIC 49.** Your factual knowledge of all Documents and Communications Related to environmental monitoring, environmental testing, sample collection, measurements, surveys, equipment dimensions, equipment specifications, metes and bounds measurements and descriptions, sample locations of soil, surface water and groundwater, hazardous waste storage locations, piping diagrams, and similar technical information on the Terminal.

**TOPIC 50.** Your factual knowledge or information on the operational procedures, written procedures, and management practices developed, implemented and followed by the Terminal concerning emergency response or preparations for Adverse Weather Events.

**TOPIC 51**.  Your factual knowledge or information on the failure of or damage to oil storage tanks, above-ground storage tanks, or similar oil or petroleum storage facilities in coastal areas that were caused by Adverse Weather Events.

**TOPIC 52.** Your factual knowledge or information of any NPDES Permits, General Permit, or any other state permits related to stormwater which specifically require a formal assessment of Adverse Weather Events, including climate vulnerability risk assessments or climate resiliency considerations, in the preparation of a SWPPP.

**TOPIC 53.** Your factual knowledge or information regarding the generation, storage, or disposal of "hazardous waste," as defined in the RCRA at the New Haven Terminal.

**TOPIC 54.** Your factual knowledge or information regarding any regarding any releases or spills of "hazardous wastes," as defined in the RCRA at the New Haven Terminal.

**TOPIC 55.** Your factual knowledge or information regarding any "imminent and substantial endangerment" as defined in the RCRA at the New Haven Terminal.

**TOPIC 56.** Your factual knowledge of the EPA MSGP, including all EPA "fact sheets," "updated SWPPP template," "Sector P" requirements, and related documents and information on the EPA MSGP.

**TOPIC 57.** Your comments on and Your communications, including any conversations or correspondence, with any representative of EPA, DEEP or any other state agency, on EPA's 2020 proposed MSGP for Stormwater Discharges from Industrial Activities.

**TOPIC 58.** Your written comments and communications any representative of EPA, DEEP or any other state agency, on, and your factual knowledge and regulatory basis for Your opinions on the scope and requirements of the EPA MSGP.

**TOPIC 59.** Your factual knowledge or information on any third parties with a financial or other interest (e.g., litigation funders, lenders, and similar parties) in this Litigation against Defendants, including the details of the interest and any Related agreements.

**TOPIC 60**. Any communications with reporters, writers, media representatives or third parties that involve the issues and allegations in this Litigation or the CLF claims or allegations in this Litigation.

**TOPIC 61**. Your Communications with EPA, CT DEEP, or any other federal, state, or local governmental entity, representative, or authority concerning Defendants or the Terminal.

**TOPIC 62**. Your participation in the regulatory process, including but not limited to any Communications with federal, state, or local agencies Related to the claims asserted by You in this Litigation.

**TOPIC 63**. Your factual knowledge or information on the standing of CLF as an association to bring this lawsuit against Defendants.