For a thriving New England

CLF Connecticut

www.clf.org

February 25, 2025

The Honorable Thomas O. Farrish
United States District Court
450 Main Street
Hartford, CT 06103

RE: *Conservation Law Foundation v. Shell Oil Co., et al.*, No. 3:21-cv-933 (D. Conn.)

Dear Judge Farrish,

Plaintiff Conservation Law Foundation ("CLF") submits this letter brief regarding Defendants' deposition topics for the 30(b)(6) deposition of CLF. *See* ECF 531. Contrary to the Court's direction, Defendants' Amended Notice[1] does not meaningfully narrow the scope of information for CLF's designee to prepare for, nor does it reflect the Parties' prior written agreements. Rather, the notice seeks irrelevant and privileged information and is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Defendants served their Original Notice of Deposition for CLF on January 26, 2023. *See* ECF 200-1. After months of negotiation and Court intervention, *see* ECFs 200, 279, 283, 372, 384, 424, the Parties reached agreement as to the topics CLF would provide testimony on in June 2024. This understanding is reflected in every joint status report filed by the Parties since the Court's April 2024 Order (ECF 373). Nevertheless, Defendants served CLF with a New Notice containing sixty-three topics on January 21, 2025. *See* ECF 520-1. After letter briefing and direction from the Court, *see* ECFs 519, 520, 528, Defendants issued an Amended Notice to CLF on February 12, 2025. CLF served written objections to the Amended Topics on February 14, 2025, and February 18, 2025. Defendants responded by letter on February 20, 2025, and the Parties conferred on February 21, 2025. CLF did not object to Amended Topics 1, 8, 18, 21, 25, and 32. Defendants withdrew Amended Topic 3 and revised Amended Topics 22, 30, and 33.

   I.   The Amended Notice Is Overbroad, Unduly Burdensome, and Disproportionate.

The Court previously stated that the topics in Defendants' New Notice were "pretty clearly disproportionate and unduly burdensome" and "that it is unduly burdensome to ask a corporation to prepare a designee to present the company's entire knowledge on a topic for just seven minutes of testimony." Feb. 12, 2025 Hrg. Tr., ECF 528 at 16:12–21. In amending their notice, however, Defendants did not narrow the information sought from CLF. Instead, Defendants withdrew only one topic (New Topic 30, *see* ECF 520-1 at 6) and **combined** the remaining **sixty-two topics** into **thirty-seven** "amended" topics to give the **illusion** of reducing the number of topics.[2] The overbreadth of the Amended Notice is evident from Amended Topic 6 alone, which seeks the

---

[1] Defendants should file the Amended Notice and CLF's objection letters with their brief. *See* ECF 473 ¶ 4.

[2] *See infra*, p. 10, Plaintiff's Request for Leave to Submit an Additional Exhibit.

CLF CONNECTICUT   ·   CLF MAINE   ·   CLF MASSACHUSETTS   ·   CLF NEW HAMPSHIRE   ·   CLF RHODE ISLAND   ·   CLF VERMONT

"[f]actual and regulatory basis" for CLF's contentions that the Terminal is in violation of Connecticut's industrial stormwater permit, which is the basis for Counts 1 through 11.

Furthermore, Defendants even *enlarged* some topics. Defendants expanded the definition of "EPA MSGP" to include the proposed 2026 MSGP, which was released by EPA on December 13, 2024, and therefore known to Defendants when they served CLF with the New Notice. This expanded Amended Topics 6, 13, and 27, which correspond to New Topics 21 and 56–58. Defendants also added requests for CLF's "regulatory knowledge" to New Topics 47 and 48, renumbered as Amended Topics 10 and 11. Defendants' expansion of the New Notice is both contrary to this Court's directions and moves the ball, undermining the Parties' negotiations.

## II.  CLF's Objections to Specific Amended Topics

CLF objects to Amended Topics 5, 9, 11, 12, 13, 14, 20 23, 24, 26, 27, 28, and 31 in their entirety and objects to portions of Amended Topics 2, 4, 6, 7, 15–17, 19, 29, and 34–37.

### A. Amended Topic 4 violates the Parties' Rule 29 agreement and is unduly burdensome and disproportionate to the needs of the case.

Amended Topic 4 seeks "[t]he factual basis for" *all* allegations in Plaintiff's Complaint. This is an expanded version of Original Topic 3, which sought the "factual bases" for the allegations in 39 complaint paragraphs. *See* ECF 200-1 at 4. The Parties negotiated Original Topic 3 to a specific subset of paragraphs. *See* ECF 200-9 at 2–3 (narrowing topic); ECF 200-10 at 1–2 (agreeing to revised topic). Defendants ignore those negotiations in violation of Fed. R. Civ. P. 29.

The scope of the topic, encompassing all 514 paragraphs of the Amended Complaint, is unduly burdensome and disproportionate, particularly where Defendants propounded nineteen interrogatories on several paragraphs from the Amended Complaint and filed motions to compel on nine of those interrogatories. *See* ECF 102; ECF 133. That Defendants are not satisfied with CLF's answers, without evidence that they are incomplete, does not warrant duplicative questioning. *See* Order, ECF 148 at 2. Rule 30(b)(6) depositions "cannot be used to reinvent the wheel by asking questions that have already been completely answered." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 80 (D. Conn. 2010). Furthermore, Defendants may not invade work product protections by forcing CLF's attorneys to "marshal all of its factual proof and then provide it to [the designee] so that she could respond to what are essentially a form of contention interrogatories. Aside from any issues of privilege, this would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information." *United States v. Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, No. 90 CIV. 5722, 1992 WL 208284, at *15 (S.D.N.Y. Aug. 18, 1992).

### B. Amended Topic 23 solely seeks premature expert opinion and work product.

Amended Topic 23 asks CLF to prepare a designee on the "[f]actual observations and photos made or taken by You or Your consultants during" the site inspections of the Terminal. CLF's only attendees were counsel, paralegals, and retained experts. The only photos were taken by CLF's retained experts, and CLF has provided these to Defendants. Thus, this topic seeks premature expert testimony and intrudes upon the mental impressions of CLF's attorneys.

Defendants may not use the 30(b)(6) deposition of CLF as a means of deposing CLF's attorneys to ascertain their mental impressions, conclusions, or opinions derived from the site visits. *See* Fed. R. Civ. P. 26(b)(3)(B). Defendants were present at the site visits and observed any facts CLF's attorneys observed. Furthermore, the Defendants own and operate the Terminal and have unlimited access to the Terminal. Thus, it is plain that "[t]he only possible rationale for these questions is defendants' attempt to learn to [what] the [plaintiff]'s attorney attaches particular significance or how plaintiff intends to present its case at trial." *See Dist. Council of N.Y.C.*, 1992 WL 208284, at *10 (denying motion to compel testimony, noting such "information is classic work product"). For these reasons, courts routinely quash 30(b)(6) notices seeking information from attorneys that is inextricably intertwined with their opinions about what facts are notable or important. *See, e.g.*, *United States Sec. & Exch. Comm'n v. Ahmed*, No. 3:15CV675, 2017 WL 1347668, at *2–3 (D. Conn. Apr. 7, 2017); *New York v. Solvent Chem. Co.*, 214 F.R.D. 106, 112 (W.D.N.Y. 2003). Even if the "factual observations" of CLF's attorneys are more appropriately characterized as fact work product, Defendants cannot demonstrate any substantial need for this information given that they attended the site visits and exercise control over the Terminal. *See* Fed. R. Civ. P. 26(b)(3)(A); *cf. Clute v. Davenport Co.*, 118 F.R.D. 312, 316 (D. Conn. 1988) ("[I]t is difficult to imagine how [defendants] could possibly show a sufficient need to hear the plaintiffs recapitulate, one after another, the facts that their lawyers have told them are supportive of their claim. Here, after all, the facts at issue came originally from documents produced by the defendants themselves, rather than from sources within the plaintiffs' or some third party's control.").

Additionally, any observations made by CLF's consultants are protected work product created by a party's agent in anticipation of litigation. *See McKelvey v. DeJoy*, No. 3:20-CV-1591, 2022 WL 2314610, at *5 (D. Conn. June 28, 2022) (discussing Fed. R. Civ. P. 26(b)(3)(A)). At the time for expert disclosures, the information Defendants seek will be in the required report, *see* Fed. R. Civ. P. 26(a)(2)(B)(ii), which Defendants may probe during a deposition, *see* Fed. R. Civ. P. 26(b)(4)(A). But until the deadline for CLF to designate experts has passed, Defendants' request for the "factual observations" of CLF's consultants is premature. *See, e.g.*, Fed. R. Civ. P. 26(b)(4) advisory committee notes to 1970 amendments ("Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be."); *Lisischeff v. MasTec N. Am. Inc.*, No. 3:20-CV-1156, 2021 WL 1345623, at *3 (D. Conn. Apr. 12, 2021).

### C. Amended Topic 28 violates the Parties' Rule 29 agreement, seeks privileged information, and is overbroad and disproportionate to the needs of the case.

Amended Topic 28 includes information explicitly excluded from Original Topic 10 by the Parties' court-ordered negotiations following dismissal of CLF's Motion for Protective Order. Original Topic 10 sought, *inter alia*, "[a]ny Communications with . . . third-parties Relating to facts supporting Your claims and/or standing in this Litigation." *See* ECF 200-1 at 4. The Parties' negotiations subsequently narrowed this topic to include only "non-privileged Communications with Quest Research & Investigations LLC (QRI), consultants, organizations, people operating in their professional capacity, or individuals who have submitted declarations to support Your standing Relating to facts supporting Your claims and/or standing in this Litigation." *See* ECF 200-7 at 4 (revising topic); Joint Status Report, ECF 423 at 5–6; Joint Discovery Status Report, ECF 424 at 6–7. Amended Topic 28 ignores these written agreements by reinserting into its scope both privileged communications and also communications with "any third parties." Thus, as the Court noted in the hearing, the Parties' prior written agreement is binding, and this topic should

be quashed. *See* Feb. 7, 2025 Hrg. Tr., ECF 528 at 16:6–7 (noting it is "pretty clear to me that you guys reached an agreement on topics five, six, and ten"); Fed. R. Civ. P. 29.

Regardless of whether the Parties reached a binding agreement, Amended Topic 28 seeks irrelevant and privileged information and is so broad that it is disproportionate and unduly burdensome. The topic directs CLF to prepare a designee on all communications, "presentations, speeches, meeting outlines, transcripts of the same," or correspondence between CLF or "its officers, directors, agents, employees, representatives, attorneys, consultants [or] other Persons acting or purporting to act on Your behalf" and "any third parties . . . Related to: The Terminal; This Litigation; BMPs described by (1) any NPDES permits, (2) the General Permits for Industrial Stormwater at the New Haven Terminal, or (3) other industrial facilities, terminals, ports, or similar facilities' SWPPP; or Climate change, climate adaptation, climate resilience, and Adverse Weather Events." It is patently absurd to expect that CLF—or any entity—could prepare a prepare a designee to testify on such a sweeping and wide-ranging complex topic. *See, e.g.*, *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-09371, 2017 WL 9400671, at *1–2 (S.D.N.Y. Apr. 27, 2017) ("[T]opics that generally seek testimony as to every fact that supports a legal claim will likely fail the reasonable particularity requirement. . . . [A] Rule 30(b)(6) deposition should not be a 'memory contest' of topics better suited to a written response or a supplemental document production."). Even narrowing the topic to only those communications, etc. "Related to . . . Climate change"—which is just one of the several enumerated subtopics—would not be possible, as CLF has been advocating about climate change for decades and has an entire practice group dedicated to the expansive issue of climate change. Furthermore, much of the information encompassed in the topic is irrelevant to this litigation. For example, a presentation from CLF regarding climate superfund legislation in Vermont is responsive but CLF's statements on the same have nothing to do with the claims or defenses.

The topic is also objectionable because it explicitly seeks numerous categories of privileged communications, including (a) between CLF and its donors, in violation of the First Amendment, *see* ECF 200 at 22–39; (b) between CLF's attorneys and partner organizations and funders, which are protected by work product privilege, *see* ECF 200 at 39–42; ECF 200-13 ¶¶ 24–25; and (c) and between CLF and parties with which CLF has a common interest agreement, *see, e.g.*, ECF 200 at 43–44. As written, the topic also seeks testimony about attorney work product in the form of "meeting outlines, transcripts of the same" prepared by attorneys.

### D. Amended Topics 29 and 31 violate the Parties' Rule 29 agreement and seek information that is irrelevant and privileged.

Amended Topic 29 is identical to the original version of Original Topic 6. *See* ECF 200-1 at 4. After negotiations in 2023, Defendants narrowed Original Topic 6. *See* ECF 200–7 at 3. Though the Parties came to an agreement as to revisions on Original Topic 6 in a meet and confer on April 3, 2024, *see* Apr. 4, 2024, Hrg. Tr., ECF 384 at 33:21–34:7, 35:2–16 (noting agreement),[3] as ordered by this Court in ECF 373 and recognized by Judge Farrish in the hearing on February

---

[3] As CLF told the new counsel for Defendants on February 21, 2025, the undersigned met with Attorney Prather for Defendants on April 3, 2024, as ordered by the Court. The Parties agreed that CLF would prepare a designee to the topic as revised in ECF 298 at 2. CLF has contemporaneous notes of this agreement, which was also conveyed to the Court in the hearing the following day, *see* ECF 384 at 33:21–34:7, 35:2–16.

7, 2025, *see* ECF 528 at 16:6–7, Defendants have refused to revise Amended Topic 29, in violation of Rule 29. Relatedly, the financial information sought in Amended Topic 31 was previously negotiated out of Original Topic 6 by the Parties. *See supra* & note 3. Thus, the Parties' prior written agreement is binding and Amended Topics 29 and 31 should be quashed.

To the extent the Court finds there is no binding agreement, CLF incorporates its briefing on Original Topic 6, which challenged the relevance of the information sought in Amended Topics 29 and 31, its overbreadth, and the violation of First Amendment, attorney-client, and attorney work product protections. *See* ECF 200 at 16–44; ECF 216 at 7–13.

### E. Amended Topic 20 is overbroad and violates Rule 30(b)(6).

Amended Topic 20 seeks "[t]he factual basis" for all "affidavits filed by You in this Litigation." CLF has filed thirty-one affidavits in this case, all of which are affidavits of counsel and most of which concern discovery disputes and issues tangential to the claims and defenses. As such, this topic seeks irrelevant, duplicative information that is protected by attorney work product and unduly burdensome and disproportionate to the needs of the case. Defendants refused to specify which affidavits they would like CLF to prepare a designee on, instead pointing to a single declaration as an example (ECF 138-7), though declarations are not within the scope of the topic. Thus the topic fails to conform to Rule 30(b)(6)'s "reasonable particularity" requirement.

### F. Amended Topics 5, 13, 19, and 24 seek irrelevant information and are therefore overbroad, unduly burdensome, and disproportionate.

Amended Topics 5 and 13 request CLF's "knowledge" of several industrial stormwater permits, which is irrelevant to whether Defendants complied with the permit at issue in this case. What CLF knows about the contents of the documents in these topics is not a fact material to any claim or defense. *Cf. U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012) ("Even if the Court were inclined to deem admitted that the SEC does not know a fact, that would not be a 'fact' admissible at trial. The asserted facts at the core of this case either are true or not; the SEC's current state of knowledge is not relevant to or probative of anything."). To the extent Defendants seek CLF's *interpretation* of these documents, such topics improperly seek attorney work product, legal conclusions, and expert opinions. CLF objects to these topics in their entirety.

Amended Topic 19 seeks irrelevant information about violations of laws not at issue in this litigation, namely "the Coastal Management Act, or other federal, state or local laws, regulations or ordinances" not referenced in CLF's Amended Complaint. Amended Topic 24 seeks communications between CLF and any "governmental entity, representative, or authority concerning Defendants," including the dismissed parties, Shell Oil Company and Shell Petroleum. This topic is overly broad, as it concerns communications with no connection to the Terminal or the claims or defenses in this litigation. CLF objects to preparing a designee about violations or communications beyond the allegations in the Amended Complaint regarding the counts currently pending against each of the current Defendants.

To the extent that these topics seek information pertaining to Defendants' threatened vexatious litigation counterclaim, this Court has already ruled that such requests are not "ripe for

discovery" where Defendants have not filed such a claim against CLF. *See* Order, ECF 113; *accord Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978).

### G. Amended Topics 9, 11, 12, and 14 seek irrelevant "knowledge" and premature expert work product and the attorney work product resulting therefrom.

For the reasons addressed in Part II.F, *supra*, Amended Topics 9, 11, 12, and 14 seek irrelevant information. Amended Topics 9, 11, and 12 seek CLF's "knowledge" of the written policies, physical infrastructure, and contamination conditions at the Terminal. CLF's knowledge of this information is not relevant to whether, for example, Defendants' written policies comply with the requirements of CT DEEP's permit. Amended Topic 14 similarly seeks CLF's "understanding" of what constitutes best management practices or best industry practice, as those terms are used in the CT DEEP permit. But, again, CLF's *understanding* is not a fact nor material to whether Defendants are complying with the Permit.

Moreover, these topics ask CLF to summarize vast amounts of technical information about the Terminal, nearly all of which was provided to CLF by Defendants. Such requests seek attorney work product in the form of review, summarization, and analysis of all technical information about the Terminal, as well as expert work product. The Court previously noted that "best industry practice" will require expert testimony. *See* MPSJ Hrg. Tr., ECF 305 at 62:11–17.

### H. Amended Topics 2, 24, 26, and 27 are unduly burdensome because they are duplicative of previously fulfilled discovery obligations.

Defendants' Amended Notice is unduly burdensome because it seeks information that is already in Defendant's possession. *See Dongguk*, 270 F.R.D. at 75 (quashing deposition topic duplicative of "prior discovery requested by" defendant); *supra* Section II.A.

Amended Topic 2 requests CLF's "information Related to the standing of CLF . . . or its members." Though CLF will be prepared to speak about its membership criteria, the relevant facts of each member's standing are already in the Defendants' possession: Defendants have deposed five CLF members twice and obtained hundreds of documents from those members, including sworn affidavits, as well as CLF's answer to ROG 1, *see* ECF 103-4 at 3–6 (stating the basis for their standing). Requiring CLF to review that information to prepare a designee is duplicative and unduly burdensome. Furthermore, information about any other members in Connecticut who may have standing but were not put forward by CLF to support its associational standing is not relevant.

Amended Topics 24, 26, and 27 are duplicative of discovery requests for communications with government entities (RFPs 13, 37) and documents CLF produced regarding its comments on the 2020 proposed MSGP (PSCT045392) and 2024 proposed DEEP General Permit (PSCT052728). CLF asked Defendants to identify particular communications it would like CLF's designee to prepare to discuss, but Defendants refused to reasonably narrow this topic.

### I. Amended Topics 6, 7, 10, 12, 13, 15, 17, 27, 34, 35, and 36 request information protected by the attorney work product privilege.

CLF objects to the aspects of Amended Topics 6, 7, 10, 12, 15, 17, 27, 34, 35 and 36 that seek protected attorney work product. These requests "attempt to learn to [what] the [plaintiff]'s

attorney attaches particular significance or how plaintiff intends to present its case at trial" and must be rejected for the reasons set forth in Part II.B, *supra*.

Specifically, Amended Topic 7 implicates information protected by the attorney work product privilege, as it requests CLF's legal conclusions about whether laws and regulations require consideration of climate change. Amended Topic 10 attempts to elicit CLF's interpretation of the General Permits based on written material from CT DEEP. To the extent that Amended Topic 13 seeks information about CLF's interpretation of EPA's general permit, fact sheet and forms, that information is attorney work product and privileged. Amended Topic 15 requires CLF to summarize "the factual and regulatory basis" for its claims of permit noncompliance, a subject that not only requires legal analysis but expert opinion. Amended Topic 17 seeks CLF's understanding of trade or standards organizations' policies and guidance regarding industrial stormwater control measures.

Likewise, Amended Topic 27 explicitly requests "[CLF's] opinion on the scope and requirements of the EPA MSGP." Amended Topic 34 asks for CLF's determination as to whether the EPA has promulgated regulations or procedures requiring NPDES permittees to address Adverse Weather under the permit or within any SWPPP. Finally, Amended Topics 35 and 36 seek CLF's legal conclusion about whether any other NPDES permits, general permits or SWPPPs require consideration of adverse weather.

### J. Amended Topics 15–17 and 35–37 seek premature expert work product.

The components of Amended Topics 15, 16, 17, 35, 36 and 37 that request premature expert work product must be quashed for the reasons set forth in CLF's objection to Amended Topic 23. *See supra* Part II.B. Indeed, these requests seek CLF's understanding of Best Management Practices, Best Industry Practices, Good Engineering Practices, what the permit requires, and what is wrong with the Terminal. The Court has already noted that "best industry practice" will require expert testimony. *See* MPSJ Hrg. Tr., ECF 305 at 62:11–17.

For example, Amended Topic 16 requests CLF's "information and understanding of the 'control measures that are technologically available and economically practicable and achievable in light of best industry practice'" to minimize the discharge of industrial stormwater at the New Haven Terminal. CLF's ***understanding*** of the efficacy of stormwater control measures at the New Haven Terminal can only be based on an expert opinion formed from a review and analysis of Defendants' practices, the facility's characteristics and available technologies.

Amended Topic 37 seeks "[CLF's] factual knowledge or information on the failure of or damage to oil storage tanks, above-ground storage tanks, or similar oil or petroleum storage facilities in coastal areas that were caused by Adverse Weather Events." The cause of tank damage or failure is the province of experts, not CLF.

### III. Requested Relief

CLF requests that this Court issue a protective order limiting any deposition of CLF as described above and enter a briefing schedule on whether CLF is entitled to its reasonable expenses and attorneys' fees regarding Defendants' Original, New, and Amended Notices of Rule 30(b)(6) Deposition for CLF, *see* Fed. R. Civ. P. 37(a)(5).

Sincerely,

*s/ Alexandra M. Jordan*

Alexandra M. Jordan (ct31466)
James Y. Meinert (ct31637)
Zachary Manley (pvh207600)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1748
Tel: (617) 850-1477
Tel: (617) 850-1707
E-mail: ajordan@clf.org
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574

New Orleans, LA 70130
Tel: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Vincent Greene (phv208487) *
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903
Tel: 401.457.7730
Email: vgreene@motleyrice.com

Ridge Mazingo (phv208402)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

*Attorneys for Plaintiff Conservation Law Foundation, Inc.*

*Admitted as Visiting Attorney*

**Plaintiff's Request for Leave to Submit an Additional Exhibit**

The proposed exhibit is a table created by Plaintiff comparing the text of Defendants' Amended Topics (noticed February 12, 2025) to the text of Defendants' New Topics (noticed January 21, 2025).

The proposed exhibit will support CLF's position because it illustrates that Defendants simply combined topics to reduce the overall number of topics without reducing the scope of information sought from CLF in the notice. The proposed exhibit also allows for easy comparison to see where Defendants expanded topics in the Amended Notice.

The proposed exhibit has not been designated "Confidential" or "Confidential - Attorney's Eyes Only" under the Standing Protective Order.