
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

February 25, 2025

**VIA ECF**

Hon. Judge Thomas O. Farrish
U.S. District Court
District of Connecticut
United States Courthouse
450 Main Street - Suite 262
Hartford, Connecticut 06103
Clerk's Office: (860) 240-3200

      **RE:**   *Conservation Law Foundation v. Shell Oil Products U.S., et al.*,
              **Civil Action No. 3:21-cv-00933-VDO**

Dear Judge Farrish:

      We represent all Defendants in the above-referenced action. Pursuant to this Court's February 7, 2025 oral ruling at ECF 528, and in accordance with ECF 473(3.b), Defendants respectfully submit this letter brief on Defendants' Amended Rule 30(b)(6) deposition notice served on CLF, which seeks discoverable testimony relevant to the case on key issues. *See* ECF Nos. 473 and 528.

## INTRODUCTION

      After Judge Farrish's instructions at the February 7, 2025 hearing, Defendants served an amended notice dated February 12, 2025 (the "Amended Notice") that condensed or withdrew certain topics in their January 21, 2025 Notice ("2025 Notice"). The Amended Notice was pared down to just **37 topics,** about the same as the 34 topics in CLF's 30(b)(6) Notices.

      Defendants further narrowed the topics of examination following their meet and confer discussions with CLF, including withdrawing an additional topic (No. 3). However, despite these efforts, CLF still objects to **27 topics.** As explained below, CLF's remaining objections are without merit and should be overruled.

      The noticed topics concern the facts, beliefs, and opinions held by CLF on key issues in this lawsuit. *See, e.g., Honda Lease Tr. v. Middlesex Mut. Assur. Co.*, 2008 WL 3285242, at *3 (D. Conn. 2008) (holding FRCP 30(b)(6) permits parties to discover not only the "facts within the corporation's knowledge, but also its subjective beliefs and opinions."). All the topics in

dispute relate to issues in this case, including new developments that have occurred **over two years** since Defendants served their original Notice on January 26, 2023 (the "2023 Notice").[1]

Additionally, there will be adequate time on the record to explore each of the remaining 36 topics of examination—excluding the withdrawn topic—in the Amended Notice. "For purposes of [the seven-hour] durational limit, the deposition of **each person designated under Rule 30(b)(6) should be considered a separate deposition**." *See*, *Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2024 WL 5056111, at *3 (S.D.N.Y. Dec. 10, 2024) (emphasis added) (denying parties' motion to limit the length of a 30(b)(6) deposition to seven hours in total) (citing Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment).

Defendants, therefore, should be allowed to depose CLF's 30(b)(6) designees on each of these relevant topics in order to adequately prepare for trial. *See, e.g., In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003) ("The discovery rules, together with pretrial procedures, make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent by requiring disclosure of *all* relevant information." (emphasis original, internal quotation omitted)).

In short, the Court should allow Defendants to take full discovery of CLF as provided in Defendants' Amended Notice for the deposition of CLF's corporate representative.

## BACKGROUND[2]

On January 21, 2025 Defendants served the 2025 Notice. CLF moved for a protective order on the 2025 Notice, claiming the Parties' prior negotiations on the 2023 Notice demonstrated an agreement never to add a new topic. *See* ECF 519. At the February 7, 2025 hearing, Judge Farrish issued an oral ruling denying CLF's motion for protective order on the 2025 Notice and finding instead that there was no prior agreement between the Parties "never to add a topic." *See* ECF 528, Feb. 7, 2025 Hearing Tr., at 15:18-20 and 16:6-11.

At the hearing, Judge Farrish raised concerns with the number of topics in the 2025 Notice and directed the Parties to confer on any other remaining issues about individual topics. To address Judge Farrish's comments, Defendants revised their 2025 Notice to (1) eliminate duplication; (2) withdraw topics; and (3) conform to the spirit of the Parties' prior agreements. Defendants issued an amended notice with just 37 updated topics—compared to the 63 topics in the 2025 Notice—of examination on February 12, 2025.

After serving the Amended Notice, the Parties conferred on February 13th and February 21st. They exchanged letters outlining their positions on the 37 Amended Notice Topics. Defendants then withdrew Topic No. 3 and further narrowed Topic Nos. 4, 20, 21, 22, 24, 30, 31, and 33. Ultimately, the Parties were able to resolve disputes related to Topic Nos. 1, 3, 8, 18, 21-22, 25, 30, and 32-33. Despite Defendants' best efforts to narrow the issues, CLF continues to

---

[1] Defendants refer to their prior Letter Briefing (dated Jan. 31, 2025), ECF 520, at 1-2 regarding additional context on the discovery and regulatory developments that have occurred over the last two years.
[2] Defendants refer to their prior Letter Briefing (dated Jan. 31, 2025), ECF 520, at 2-3 for additional background related to this dispute.

object to 27 topics (Nos. 2, 4-7, 9-17, 19, 20, 23-24, 26-29, 31, and 34-37).

## ARGUMENT

### A. The Topics in Defendants' Amended Notice Are Discoverable.

Discovery is allowed into any area "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The discovery process "serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling the parties to obtain the factual information needed to prepare for trial." *Gary Plastic Packaging Corp. V. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 756 F.2d 230, 236 (2d Cir. 1985). To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Rules "should be interpreted broadly" to achieve the purposes of full disclosure before trial. *See Gary Plastic*, 756 F.2d at 236; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case").

This case is about whether Defendants complied with the industrial stormwater discharge permit issued by CT DEEP for the Shell New Haven Terminal. As the Court identified early in the case, the heart of CLF's claims is whether, as stated in the permit, "Best Management Practices requires defendants to prepare the Terminal for the immediate effects of climate change, including rising tides and catastrophic storms." *See* ECF 111, Judge Sarah Merriam Order (dated Sept. 16, 2022) at 61. All remaining 27 topics (Nos. 2, 4-7, 9-17, 19, 20, 23-24, 26-29, 31, and 34-37) in dispute are related to those main issues in this case:

- Topic No. 2 covers information related to CLF's standing in this Litigation.
- Topic Nos. 4-7, 9-13, 15-16, 18-19, 24, and 34-37 covers the facts, beliefs and opinions of CLF related to its contentions and claims in this Litigation, including: the CT DEEP General Permits at issue; regulatory guidance, policies, and requirements related to the Terminal; equipment at the Terminal; Terminal emergency response procedures or preparations; notice of violations or non-compliance at the Terminal.
- Topic Nos. 14, 15, 17, and 35-37 cover facts, beliefs and opinions of CLF related to what constitutes Best Management Practices, including any federal and state regulatory guidance and requirements or other industry guidance thereto.
- Topic No. 20 covers facts, beliefs and opinions of CLF related to the substantive affidavits filed by CLF in this Litigation.
- Topic No. 23 covers observations and photos taken by CLF or its consultants at the site inspections of the Terminal.

- Topic Nos. 26-27 covers CLF's involvement in the regulatory process, including any comments submitted to state and federal agencies such as EPA or CT DEEP.
- Topic No. 28 covers CLF's statements made to third parties, including media, reports, other environmental groups, and/or state or federal agencies.
- Topic Nos. 29 and 31 covers CLF's programs, activities, and funding related to this litigation.

CLF's position that the scope of these topics cannot adequately be covered in a 7-hour deposition is neither supported by the Rules nor CLF's own actions. First, Defendants will have 7-hours on the record with each of the 30(b)(6) deponents presented on the issues. "For purposes of [the seven-hour] durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." *See*, *Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2024 WL 5056111, at *3 (S.D.N.Y. Dec. 10, 2024) (denying parties' motion to limit the length of a 30(b)(6) deposition to seven hours in total) (citing Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment); *see also*, *Woelfle v. Black & Decker (U.S.) Inc.*, No. 1:18-CV-486, 2020 WL 1180749, at *2 (W.D.N.Y. Mar. 12, 2020) (holding plaintiff is entitled to allot seven hours of time for each witness deposition). Further, CLF's argument here is in contradiction with its own actions. CLF has treated each deposition of Defendants separate 30(b)(6) deponents covering the 34 broad topics as a separate 7-hour deposition.

Accordingly, Defendants should be permitted discovery on all 27 topics.

### B. **CLF's Objections to the Amended Notice Are Improper and Unsupported.**

CLF's objections on the remaining 27 topics in dispute (Nos. 2, 4-7, 9-17, 19, 20, 23-24, 26-29, 31, and 34-37) are not valid. First, the Court should overrule CLF's general objections on the basis of either (1) calling for premature expert testimony or privileged information, or (2) as duplicative, unduly burdensome, and disproportionate to the needs of the case. Second, CLF is wrong that certain Topics do not reflect the Parties' prior agreements. Third, CLF's complaints about the definitions of terms are misplaced. The Court should reject all of these arguments.

#### 1. **CLF's General Objections Fail.**

CLF's boilerplate objections lack merit. ***First***, CLF objects to Topic Nos. 7, 9, 10-12, 14-20, 23, 28 and 34-37 on the basis that each topic calls for premature expert testimony, or privileged information. To be clear, Defendants are not seeking disclosure of the opinions of CLF's experts at this time, nor its legal conclusions or any documents that would properly qualify as the privileged work product of CLF's counsel. Instead, the noticed topics seek the factual information and knowledge that CLF (and its corporate representative) may have on the respective subject matters, including the full extent and bases for such knowledge and information, the source where CLF obtained that information, and when such information was obtained. These factual requests are completely appropriate to explore in a 30(b)(6) deposition of CLF. *See, e.g Dealer Computer Servs., Inc. v. Curry*, 2013 WL 499520, at *6 (S.D.N.Y. Feb. 7, 2013) (holding litigants cannot prohibit a 30(b)(6) deposition by arguing in advance that each and every question would trigger the disclosure of attorney-client and work product information, and instead, counsel may protect privileged information by interposing appropriate objections on a question-by-question basis).

***Second***, CLF objects that Topic Nos. 2, 19-20, 24 and 26-27 are duplicative, unduly burdensome, and disproportionate to the needs of the case, especially to the extent "CLF or non-parties have previously provided [similar information] to Defendants in one, if not more, other formats, including through document productions, depositions, and interrogatory responses." Even if CLF has provided information related to a particular topic in its discovery responses or document production, Defendants are certainly entitled to explore those positions and statements at deposition. *See Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered."). "When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and 'any underlying factual qualifiers of those documents' (*i.e.* information which the defendant knows but is not apparent on the face of the documents)." *Id*. There is no limitation under the Federal Rules that restricts Defendants' ability to question a 30(b)(6) deponent on the discovery responses or documents produced in this litigation. Indeed, CLF questioned Defendants' corporate representatives on several prior statements made in discovery responses in this action.

## 2. The Amended Notice Incorporates The Parties' Prior Agreements.

The Amended Notice topics reflect the spirit of the Parties' prior agreements. ***First***, Topic No. 4 incorporates the Parties' prior agreement, with some additions required by CLF's own actions in the case and critically important regulatory developments. Amended Notice Topic No. 4 is similar to 2023 Notice Topic No. 3:

| **Amended Notice** | **2023 Notice** |
|---|---|
| Topic No. 4: "The factual basis for Your allegations in Your July 28, 2020 Notice of Intent to File Suit letter; February 17, 2021 Supplemental Notice of Intent to File Suit letter; and in Your Complaint, filed February 11, 2022, **including without limitation** the following paragraphs: 25, 67, 73, 74, 106, 121, 236, 259, 265, 266, 273, 292, 298, 303, 307, 314, 387, 393, 394, 398, 400, 401, 402, 410, 411, 417, 418, 424, 430, 438, 439, 440, 477, 493, 494, 495, 496, 497, and 500."[3] | Topic No. 3: "The factual bases for Your allegations in Your amended complaint paragraphs 25, 67, 73, 74, 106, 121, 236, 259, 265, 266, 273, 292, 298, 303, 307, 314, 387, 393, 394, 398, 400, 401, 402, 410, 411, 417, 418, 424, 430, 438, 439, 440, 477, 493, 494, 495, 496, 497, and 500." *See* ECF 200-1 at 4. |

CLF claims that Topic No. 4 should be limited to only 8 paragraphs from the Amended Complaint. Defendants' prior agreement on 2023 Notice Topic No. 3 was to "drop the paragraphs that were addressed in contention interrogatories." *See* ECF 200-9, B&D letter (dated March 12, 2023). Defendants have abided by that prior agreement and limited Amended Notice Topic No. 4 to the Amended Complaint paragraphs that are not addressed in CLF's responses to contention interrogatories (paragraphs are 394, 400, 410, 411, 417, 425, 430, 435, 438, 446, 456, 493, and 508).

However, CLF changed the game with its recent discovery into 15 additional facilities, which has put certain issues related to those facilities in play. Also, new regulatory activity from

---

[3] Defendants respect the Court's instruction not to attach exhibits to this submission but can produce full copies of the notices upon request.

5

CT DEEP and EPA contradict CLF's theory of the case, negating CLF's claims.  Obviously, Defendants' right to conduct discovery on these issues cannot be hamstrung merely because they occurred after the 2023 Notice was served, which the Court has recognized.  *See* ECF 528, Feb. 7, 2025 Hearing Tr., at 15:18-20 and 16:6-11.  The Court should permit discovery into these issues, along with those the Parties agreed to from the 2023 Notice.

***Second***, CLF claims Amended Notice Topic No. 29, which is identical to 2023 Notice Topic No. 6, and Amended Notice Topic No. 31 should be limited by the Parties' prior agreement.  Topic Nos. 29 and 31 state:

> **No. 29**: "Your programs, activities, and fundraising efforts Relating to Your "Holding Shell Accountable" campaign or other campaigns of Yours Relating to this Litigation, including any statements Relating to this Litigation in Your annual reports, and Communications with nonparties."
>
> **No. 31**: "Your factual knowledge or information on any third parties with a financial or other interest (e.g., litigation funders, lenders, and similar parties) in this Litigation against Defendants, including the details of the interest and any Related agreements."

CLF claims both Topic Nos. 29 and 31 should be limited by the Parties' prior agreement to withdraw financial information from Original Topic No. 6.  To be clear, Defendants are not seeking CLF to disclose information or documents that would properly qualify as privileged.  However, during meet and confer discussions, Defendants specifically identified as an example of information they intend to explore in the 30(b)(6) deposition a December 2024 email from CLF regarding fundraising efforts and discussing Defendants' recent document production, suggesting that "Shell is fighting to conceal" documents which CLF believes "the public has a right to know."[4]  *See* ECF 508, Defendants Opp. to CLF's Motion to Modify the PO at 1-2.

Under Judge Farrish's oral ruling (ECF 528), the Defendants are not barred from adding new topics to the 30(b)(6) notice.  This recent December 2024 email is the basis of Defendants incorporation of the language "programs, activities, and **fundraising efforts**" related to this Litigation in Amended Notice Topic No. 29.  The language, therefore, should be treated as a "new topic" necessitated by this new evidence instead of as Defendants returning to the original language of the 2023 Notice Topic No. 6 in contravention of prior negotiations.

### 3.  CLF's Specific Objections To Amended Notice Topic Nos. 5-7, 9, 10-12, 13, 24, 27, 31, and 34 Are Improper And Unsupported.

***First***, CLF's objections to either the relevance or the scope of the terms "knowledge" and "regulatory knowledge" in Topic Nos. 5, 7, 10-11, 13, and 34 are meritless.  For example, Topic No. 5 seeks CLF's "factual knowledge of the General 2018 Permit, the General 2021 Permit, and the Draft DEEP General Permit," that is, the relevant facts and information known to CLF

---

[4] Although the above-referenced December 19, 2024 E-Mail has not been produced by any party in this case, and is not designated as confidential, Defendants have abstained from attaching a full copy of the E-mail as an exhibit in accordance with this Court's instructions in ECF 473. Defendants will furnish a complete copy of this E-mail at the Court's request.

6

regarding these regulatory documents, which are clearly relevant and discoverable. Tellingly, CLF understood the meaning of "factual knowledge" in the 2023 Notice because it made no such objection at that time. And CLF does not object to Amended Notice Topic No. 8, which seeks "Your <u>factual knowledge</u> or information regarding the generation, storage, or disposal of 'hazardous waste' as defined in the RCRA, at the Terminal." (emphasis added).

CLF's objection to the term "regulatory knowledge" fares no better. Rule 30(b)(6) permits parties to discover not only the "facts within the corporation's knowledge, but also its subjective beliefs and opinions." *See, e.g., Honda Lease Tr. v. Middlesex Mut. Assur. Co.*, 2008 WL 3285242, at *3 (D. Conn. 2008). Further, the term "regulatory knowledge" is intended to cover CLF's knowledge obtained through its involvement in the regulatory process, including communications with state and federal regulatory authorities, as well as any opinions or interpretations that CLF may have derived from such facts. All of this is clearly discoverable.

***Second***, the Court should overrule CLF's objection to Amended Notice Topic Nos. 9 and 11-12 as requiring review, summarization, and analysis of all technical information about the Terminal, including documents produced by Defendants. Defendants understand that some of the information or knowledge that CLF now has on the noticed subject matters may have been derived from its review of discovery that Defendants have produced in this action. To the extent that all of CLF's information it now has is limited to that capacity, Defendants are entitled to that answer. Also, Defendants are entitled to explore any information CLF may have obtained from any other source, and any information CLF based this lawsuit on before CLF filed the complaint. These are relevant issues for discovery.

***Third***, CLF cannot avoid Topic Nos. 24 and 31 by objecting to the definition of the term "Defendants." Both Shell Oil Company and Shell Petroleum, Inc. were dismissed with prejudice on February 13, 2025. *See* ECF 529. Therefore, to the extent CLF conducted discovery in response to requests from either of these entities, that information is clearly relevant. For example, CLF objects to the inclusion of these entities in Topic No. 24 which covers "Your Communications with EPA, CT DEEP, or any other federal, state, or local governmental entity, representative, or authority concerning Defendants or the Terminal." If CLF had discussions with state or federal regulators regarding either Shell Oil Company or Shell Petroleum, Inc. related to the Terminal, Defendants are entitled to depose a 30(b)(6) witness on this topic.

***Fourth***, CLF's contention that the inclusion of EPA's 2026 Draft MSGP into the definition of the term "EPA MSGP" expands the definition beyond the spirit of the Court's instructions is incorrect. *See* Amended Notice Topic Nos. 6, 12, and 27. The Court held that Defendants were not limited to the scope of the topics in their original notice. And the 2026 Draft MSGP is a new development relevant to the claims and defenses in this case.

## CONCLUSION

For these reasons, Defendants respectfully request the Court permit discovery on the topics noticed in Defendants' February 14, 2025 30(b)(6) Deposition Notice. Defendants thank the Court for its consideration and courtesies.

        Respectfully submitted,

        */s/ Douglas A. Henderson*

        Douglas A. Henderson

        KING & SPALDING, LLP

cc: Counsel of Record