# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-JAM |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | February 12, 2025 |
| *Defendants*. | |

### DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF F.R.C.P. 30(B)(6) WITNESS FOR PLAINTIFF CONSERVATION LAW FOUNDATION, INC.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Shell Oil Company (now known as Shell USA, Inc.), Shell Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Triton Terminaling LLC, and Equilon Enterprises LLC d/b/a Shell Oil Products US (collectively, "Defendants"), will take the deposition upon oral examination of Plaintiff Conservation Law Foundation, Inc. on the matters for examination ("Topics") set forth in Section III, *infra*, by and through its undersigned attorneys.

The deposition shall take place on a date and time and at a location to be mutually agreed upon by counsel for all parties. The deposition shall continue from day to day until completed.

The deposition may be recorded by audio or video technology and/or by the stenographic method through instant visual display as authorized by the Federal Rules of Civil Procedure. Defendants reserve the right to use any recorded portion of the deposition testimony at a hearing

or trial in this matter. A list of all parties or attorneys for all parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

## I. DEFINITIONS

The following definitions shall apply to all Topics of Examination:

"**Adverse Weather Events,**" as used for purposes of this Notice and Deposition(s) only, refers to Plaintiff's uses of the terms "flooding" (as that term is used in ¶231 of Your Complaint, among others); "storm surges" (as that term is used in ¶¶231-266 of Your Complaint, among others); "sea level rise" (as that term is used in ¶231 and ¶¶267-292 of Your Complaint, among others); "increasing ocean temperatures" or "increasing sea surface temperatures" (as those terms are used in ¶231 and ¶¶293-303 of Your Complaint, among others); and "precipitation" (as that term is used in ¶304-314 of Your Complaint, among others).

"**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

"**Complaint**" means Conservation Law Foundation, Inc.'s Amended Complaint and Jury Demand (Dkt. 47) filed in the above-captioned action on February 11, 2022.

"**CT DEEP**" or "**DEEP**" means the State of Connecticut Department of Energy and Environmental Protection.

"**CWA**" means the Federal Water Pollution Control Act, more commonly known as the Clean Water Act, 33 U.S.C. § 1251 et seq.

"**Document**" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or nonidentical copy is a separate document within the meaning of this term. A request for production of "documents" shall encompass, and the response shall include, electronically stored information, as included in Federal Rule of Civil Procedure 34, unless otherwise specified by the requesting party.

"**Draft DEEP General Permit**" means the draft proposed CT DEEP General Permit for Industrial Stormwater that was released for public comment by CT DEEP on December 30, 2024 and the related Fact Sheets and Supplemental Fact Sheets on the draft proposed General Permit, available at: https://portal.ct.gov/deep/water-regulating-and-discharges/stormwater/industrial-stormwater-gp

"**EPA**" means the U.S. Environmental Protection Agency.

"**EPA MSGP**" means both: (1) the United States Environmental Protection Agency's ("EPA") Multi-Sector General Permit ("MSGP") for Stormwater Discharges from Industrial Activities, effective September 29, 2021, as described in https://www.epa.gov/npdes/stormwater-discharges-industrial-activities-epas-2021-msgp ; and (2) the EPA proposed 2026 MSGP that is open for public comment through April 4, 2025, as described in: https://www.epa.gov/npdes/stormwater-discharges-industrial-activities-epas-proposed-2026-msgp

"**Facility**" or "**Terminal**" (also "**New Haven Terminal**") means the terminal and property, located at 481 East Shore Parkway, New Haven, Connecticut 06512, that is the subject of this Litigation.

"**FRP**" means a Facility Response Plan required under the Oil Pollution Act of 1990, 40 C.F.R. Part 112.

"**General 2018 Permit**" means the 2018 CT DEEP General Permit for Industrial Stormwater that applied to the New Haven Terminal, on and after October 1, 2018.

"**General 2021 Permit**" means the 2021 CT DEEP General Permit for Industrial Stormwater that applied to the New Haven Terminal, on and after October 1, 2021.

"**Litigation**" means this case, *Conservation Law Foundation, Inc. v. Shell Oil Company, et al.*, Case No. 3:21-cv-00933-JAM, in the U.S. District Court of Connecticut.

"**NPDES Permits**" means any permit issued under the CWA that covers wastewater discharges, stormwater discharges or other pollutant discharges, including without limitation General Stormwater Permits for Industrial Stormwater.

"**Person**" means any natural person or any business, legal or governmental entity or association.

"**RCRA**" means the Federal Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 et seq.

"**Related to**" or "**Relating to**" means relating to, concerning, comprising, alluding to, connected with, commenting on, with respect to, about, resulting from, embodying, explaining, supporting, showing, analyzing, setting forth, in respect of, referring to, describing, evidencing, constituting, containing, identifying, stating, dealing with, reflecting, bearing upon, addressing, respecting, regarding, discussing, mentioning, responding to, pertaining to, to do with, or being in any way relevant to the given subject.

"**SPCC**" means a Spill Prevention Countermeasures and Control plan required under the Oil Pollution Act of 1990, 40 C.F.R. Part 112.

"**SWPPP**" or "**Stormwater Pollution Prevention Plan**" means a "SWPPP" as used by EPA in the EPA MSGP or as used in the General 2018 Permit Section 5(c), General 2021 Permit Section 5(c), or the Draft DEEP General Permit Section 7(c).

"**Y**o**u**," "**Your**" or "**CLF**" refers to Plaintiff CLF and its officers, directors, agents, employees, representatives, attorneys, consultants and other Persons acting or purporting to act on Your behalf.

## II. INSTRUCTIONS

The following instructions are to be considered applicable to all Topics of Examination. The terms used shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

1. Each Topic set forth below should be construed independently, and not in reference to any other Topic for purposes of limitation.

2. Unless otherwise stated, the timeframe applicable to each Topic is July 10, 2017 to the present.

3. The terms "all," "any," and "each" shall each be construed as encompassing any, all, and each.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

5. The use of the singular form of any word includes the plural and vice versa.

## III. TOPICS OF EXAMINATION

**TOPIC 1.** Information about Your organization, including without limitation (a) Your organizational mission and purpose; (b) the criteria for membership into Your organization and members' roles within Your organization; and (c) Your organizational structure.

**TOPIC 2.** Your factual knowledge or information Related to the standing of CLF as an association or its members to bring this Litigation against Defendants.

**TOPIC 3.** Your factual investigation preceding the filing of Your complaint on July 7, 2021, and Facts known to You regarding the Terminal prior to the filing of this lawsuit.

**TOPIC 4.** The factual basis for Your allegations in Your July 28, 2020 Notice of Intent to File Suit letter; February 17, 2021 Supplemental Notice of Intent to File Suit letter; and in Your Complaint, filed February 11, 2022, including without limitation the following paragraphs:

| | |
|---|---|
| ¶ 25, | ¶ 400, |
| ¶ 67, | ¶ 401, |
| ¶ 73, | ¶ 402, |
| ¶ 74, | ¶ 410, |
| ¶106, | ¶ 411, |
| ¶ 121, | ¶ 417, |
| ¶ 236, | ¶ 418, |
| ¶ 259, | ¶ 424 |
| ¶ 265, | ¶ 430 |
| ¶ 266, | ¶ 438, |
| ¶ 273, | ¶ 439, |
| ¶ 292, | ¶ 440, |
| ¶ 298, | ¶ 477, |
| ¶ 303, | ¶ 493, |
| ¶ 307, | ¶ 494, |
| ¶ 314, | ¶ 495, |
| ¶ 387, | ¶ 496, |
| ¶ 393, | ¶ 497, and |
| ¶ 394, | ¶ 500. |
| ¶ 398, | |

**TOPIC 5.** Your factual knowledge of the General 2018 Permit, the General 2021 Permit, and the Draft DEEP General Permit.

**TOPIC 6.** Factual basis and regulatory basis for Your contention that the Terminal, including but not limited to the SWPPP for the Terminal, was or is deficient or otherwise in violation of:

- The General 2018 Permit,
- The General 2021 Permit,
- The Draft DEEP General Permit
- Any NPDES Permit
- The EPA MSGP

**TOPIC 7.** Your factual knowledge of whether CT DEEP or any other federal, state, or local law or regulation required or requires consideration of Adverse Weather Events, including but not limited to, development of a "climate change vulnerability risk assessment" or other similar risk assessment of Adverse Weather Events, in the development of a SWPPP under the General 2018 Permit, General 2021 Permit, or the Draft DEEP General Permit, including the CT DEEP document, *Guidance Document for Preparing a Stormwater Pollution Prevention Plan* dated March 2011 and other CT DEEP guidance for preparing SWPPPs.

**TOPIC 8.** Your factual knowledge or information regarding the generation, storage, or disposal of "hazardous waste," as defined in the RCRA, at the Terminal.

**TOPIC 9.** Your factual knowledge or information on the operational procedures, written procedures, and management practices developed, implemented and followed by the Terminal concerning emergency response or preparations for Adverse Weather Events, including but not limited to, the SPCC and FRP implemented at the Terminal.

**TOPIC 10.** Your factual and regulatory knowledge of CT DEEP requirements, guidance, policies, practices, or other materials related to the consideration of Adverse Weather Events under the General Permits for Industrial Stormwater for facilities in the State of Connecticut.

**TOPIC 11.** Your factual and regulatory knowledge or information on tanks, equipment, pipelines, valves, stormwater water management features, secondary containment, structural stability and design specifications of tanks, piping, structures, and related equipment at the New Haven Terminal.

**TOPIC 12.** Your factual knowledge of all Documents and Communications Related to environmental monitoring, environmental testing, sample collection, measurements, surveys,

equipment dimensions, equipment specifications, metes and bounds measurements and descriptions, sample locations of soil, surface water and groundwater, hazardous waste storage locations, piping diagrams, and similar technical information on the Terminal.

**TOPIC 13.** Your factual knowledge of the EPA MSGP, including all EPA "fact sheets," "updated SWPPP template," "Sector P" requirements, and related documents and information on the EPA MSGP.

**TOPIC 14.** Factual basis and regulatory requirements for Your understanding of what constitutes Best Management Practices ("BMPs"), Best Industry Practices ("BIPs"), and Good Engineering Practices ("GEPs") as those terms are used under the CWA for industrial stormwater permit compliance and the preparation of SWPPP under the CWA or state law for the New Haven Terminal, including but not limited to, whether BMPs, BIPs, and GEPs require analysis or consideration of Adverse Weather Events.

**TOPIC 15.** Factual basis and regulatory basis for Your contention that Shell has not acted in accordance with BMPs, BIPs and GEPs in the design, maintenance, and operation of the SWPPP for the New Haven Terminal, including but not limited to, any climate adaptation or climate resilience measures to address Adverse Weather Events that You contend should have been implemented but have not been implemented at the New Haven Terminal.

**TOPIC 16.** Your information and understanding of the "control measures that are technologically available and economically practicable and achievable in light of best industry practice" (as that phrase is used in Your Complaint, ¶ 193) to minimize the discharge of industrial stormwater at the New Haven Terminal.

**TOPIC 17.** Your factual knowledge, understanding and information of any policies, guidelines, guidance, standards, recommendations, policies or practices developed or adopted by the American Society of Civil Engineers, the American Society of Mechanical Engineers, the American Society for Chemical Engineers, the American Petroleum Institute or other professional society, trade organization or other standards organization which requires or recommends consideration or analysis of Adverse Weather Events in industrial stormwater permit compliance or development and implementation of SWPPPs.

**TOPIC 18.** Your factual knowledge of any federal, state, or local notices of violation, notices of non-compliance, citations, enforcement actions, stop work orders, or similar enforcement against the New Haven Terminal by either EPA, CT DEEP, or any other federal, state, or local governmental agency or entity.

**TOPIC 19.** Your factual knowledge or information on any violations of the CWA, the RCRA, the Coastal Management Act, or other federal, state or local laws, regulations or ordinances at the New Haven Terminal.

**TOPIC 20.** The factual basis for the affidavits filed by You in this Litigation.

**TOPIC 21.** The search performed of Your files, business records, and archives for Documents responsive to Defendants' discovery requests in this Litigation.

**TOPIC 22.** Your answers and responses to all discovery requests served on You by Defendants in this Litigation.

**TOPIC 23.** Factual observations and photos made or taken by You or Your consultants during Your December 6, 2022 and August 15, 2024 site inspections of the Terminal.

**TOPIC 24.** Your Communications with EPA, CT DEEP, or any other federal, state, or local governmental entity, representative, or authority concerning Defendants or the Terminal.

**TOPIC 25.** Your participation in the regulatory process and the notice and comment period Relating to the Connecticut General Permit for the Discharge of Stormwater Associated with Industrial Activity and the permit issued to Equilon Enterprises, LLC under registration number GSI002800.

**TOPIC 26.** Your written comments and communications with DEEP, EPA, or any other state or federal agency or entity related to the claims asserted by You in this Litigation, including but not limited to, comments and communications related to Your contentions on the scope and requirements of the General 2018 Permit, the General 2021 Permit, or the Draft DEEP General Permit, including the requirements for preparing and implementing a SWPPP under the General 2018 Permit, the General 2021 Permit, or the Draft DEEP General Permit.

**TOPIC 27.** Your comments on and Your communications, including any conversations or correspondence, with any representative of EPA, DEEP or any other state agency, on EPA's 2020 proposed MSGP for Stormwater Discharges from Industrial Activities, including but not limited to, Your comments or communications related to Your opinions on the scope and requirements of the EPA MSGP.

**TOPIC 28.** Communications or correspondence (e.g., letters, presentations, speeches, meeting outlines, transcripts of the same, etc.) between You, Your employees, Your contractors, Your legal counsel, or Your representatives and any third parties (e.g., media, reporters, other environmental groups, state or federal agencies, etc.) Related to:

- The Terminal;
- This Litigation;

- BMPs described by (1) any NPDES permits, (2) the General Permits for Industrial Stormwater at the New Haven Terminal, or (3) other industrial facilities, terminals, ports, or similar facilities' SWPPP; or
- Climate change, climate adaptation, climate resilience, and Adverse Weather Events.

**TOPIC 29.** Your programs, activities, and fundraising efforts Relating to Your "Holding Shell Accountable" campaign or other campaigns of Yours Relating to this Litigation, including any statements Relating to this Litigation in Your annual reports, and Communications with nonparties.

**TOPIC 30.** The factual bases for all public statements You have made regarding this litigation, including without limitation, statements reflected on Your website such as the video posted on November 5, 2021, titled "Why We're Holding Shell Oil Accountable for its Climate Change Impacts" and Your "Open Letter to the Bulk Petroleum Terminals in the Port of New Haven."

**TOPIC 31.** Your factual knowledge or information on any third parties with a financial or other interest (e.g., litigation funders, lenders, and similar parties) in this Litigation against Defendants, including the details of the interest and any Related agreements.

**TOPIC 32.** Your non-privileged communications with Quest Research & Investigations LLC ("QRI), consultants, organizations, people operating in their professional capacity, or individuals who have submitted declarations to support Your standing Relating to facts supporting or undermining Your claims and/or standing in this Litigation.

**TOPIC 33.** All relief, including without limitation injunctive relief, supplemental environmental projects, monetary and civil penalties, attorney fees and litigation expenses that You seek from Defendants through this Litigation.

**TOPIC 34.** Your factual knowledge of whether EPA has made any oral or written statements or issued any regulations, guidance, policies, or procedures that a permittee under any NPDES permit, any General Permit for Industrial Stormwater, or any SWPPP, should specifically address Adverse Weather Events under these permits or any SWPPP for the discharge of industrial stormwater.

**TOPIC 35.** Your factual knowledge or information of any NPDES Permits, General Permit, or any other state permits related to stormwater which specifically require a formal assessment of Adverse Weather Events, including climate vulnerability risk assessments or climate resiliency considerations, in the preparation of a SWPPP.

**TOPIC 36.** Your factual knowledge or information of SWPPPs developed and implemented under any NPDES permit or any federal or state general permit for industrial stormwater for any other facilities or terminals that required specific consideration of Adverse Weather Events in the SWPPPs, including but not limited to, any SWPPPs that analyzes or assesses 100-year, 500-year flood, rising sea level rise, drought, or other Adverse Weather Event.

**TOPIC 37.** Your factual knowledge or information on the failure of or damage to oil storage tanks, above-ground storage tanks, or similar oil or petroleum storage facilities in coastal areas that were caused by Adverse Weather Events.

Dated: February 12, 2025

Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Rose J. Jones (phv208026)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600

Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
rjones@kslaw.com
CToledo@KSLAW.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, the foregoing was served via email to all counsel of record.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com