UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-VDO <br><br><br> March 3, 2025 |

**JOINT STATUS REPORT**

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") and Defendants Shell Oil Company, Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum Inc., Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file this Joint Discovery Status Report, as directed in the Court's Orders of April 4, 2024, ECF 378, and Sept. 30, 2024, ECF 476 Tr. at 28:18. For the sake of brevity, the Parties incorporate by reference their prior Joint Discovery Status Reports. *See* ECF 383, 387, 402, 417, 421, 424, 427, 436, 443, 447, 455, 457, 458, 463, 477, 479, 483, 493, 500, 503, 511, 521, and 532.

**Discovery Status**

*Defendants' Document Production and CLF's Document Review*

1

The Parties continue to meet and confer regarding any outstanding issues related to ECF 372 compliance and additional document requests or productions.

*Confidentiality Designation Dispute*

Per the Court's Orders at ECF 528 and 533, the Parties held meet and confers on February 11, 12, 13, and 25, 2025, regarding CLF's requests that Defendants withdraw their confidentiality designations on 1,492 documents. Defendants have agreed to de-designate 579 documents. From the productions made by Sovereign and Triton Environmental, an additional 114 documents have been de-designated. To date, 693 of the 1,500 documents challenged by CLF have been de-designated. CLF has agreed to withdraw the confidentiality de-designation request for 106 documents and Defendants are still analyzing an additional 41 documents for de-designation or potential confidentiality redactions.

With regard to the remaining 652 documents, the Parties are at an impasse and seek the Court's guidance. The chart below identifies Defendants' descriptive categories of documents that are currently being disputed. The Parties are in agreement that they are at impasse and no continued meet and confer is necessary and request the Court's guidance on next steps for resolution.

| Category | # of Disputed Documents |
|---|---|
| Internal Reports and Memorandums | 146<br>    Defendants – 113<br>    Consultants - 33 |
| Business Communications | 51<br>    Defendants – 43<br>    Consultants - 8 |
| Drafts | 213<br>    Defendants – 199<br>    Consultants - 14 |
| Industry Group, Associations, Cross-Business Forums | 178<br>    Defendants – 178<br>    Consultants - 0 |

| Category | # of Disputed Documents |
|---|---|
| Security | 64<br>    Defendants – 64<br>    Consultants - 0 |

The Parties seek the Court's guidance for what materials would best assist resolution of the confidentiality designation dispute. The Parties can provide a spreadsheet that lists the Bates Nos. of the 652 documents that are currently being disputed and identify the descriptive category from the chart above that each document falls into as well as the confidentiality bases previously identified between the Parties and reported to the Court, e.g. ECF 511 at 2. The Parties suggest that they each submit five exemplar documents from each category, for a total of 50 documents, for the Court's consideration, but the Parties do not have a joint proposal on how to submit exemplar documents to the Court.

CLF's proposal is that the Parties each provide the Court letter briefs and attach exemplar documents under seal. Defendants propose that the challenged documents only be submitted for in-camera review, with supporting documentation, including, for example, appropriate affidavits. Defendants believe this difference is meaningful due to the different standards for designation under the protective order versus the standard for sealing as noted by the Court previously (ECF 517). Defendants defer to the Court as to whether the Court prefers the documents printed and submitted via physical binder or a fully digital electronic submission that the Court can review directly on a laptop with hyperlinked documents and affidavits. Regardless, Defendants' position is that in-camera review, rather than letter briefing with exhibit exemplars, is the appropriate method for determining whether a document qualifies as Confidential under the Protective Order. CLF's position is that letter briefs are appropriate to present argument on business confidentiality law and apply that law to the categories of documents at issue. The applicable standard should be

3

whether the document falls within a protected provision of the Protective Order or the confidentiality standards under FRCP 45 as applied to third party consultant productions, not the standard for judicial sealing.

CLF notes that CLF has long requested the affidavit factual statements Defendants would use to support their confidentiality claims at a briefing stage and stated those factual statements would allow the Parties to more meaningfully discuss Defendants' confidentiality claims. The Parties reported in the February 14, 2025 joint status report CLF's request for such affidavit language and Defendants agreement to evaluate the request and gather some information. ECF 532 at 2. Defendants have pointed to existing affidavits that are on the docket from motion practice over motions to seal as similar to the language that will be used in new affidavits. CLF has noted to Defendants that the past affidavits provide no support for some categories. CLF believes that Defendants' refusal to provide the specific factual bases for its confidentiality claims makes it appropriate, and CLF requests, the Parties use sequential briefing where Defendants file first, so that CLF's brief can include and respond to Defendants' specific factual assertions of confidentiality, rather than be surprised by and potentially speak past those claims. Defendants disagree with CLF's position with respect to the necessity of preparing and providing affidavits in connection with the meet and confer process, and also disagree that briefing is required for the Court to address this issue.  Defendants believe in-camera submission is more appropriate, for the reasons stated above, and that affidavits of support from interested parties would be provided for the Court's consideration at that time.  To avoid a new round of motions to seal solely for the purpose of addressing a dispute over confidentiality designations Defendants' position is that, at most, it would seem more practical to submit simultaneous letter

4

briefs with affidavits and the disputed exemplary docs submitted separately for in-camera review.

The Parties agree they would apply the Court's guidance to the larger population of documents in dispute. The Parties hope that a ruling from the Court will streamline the Parties' use of the Standing Protective Order's confidentiality designation dispute process.

*Depositions*

The Parties are conferring on dates for outstanding depositions. Plaintiff conducted the 30(b)(6) deposition of Mike Sullivan on February 6, 2024, which is now complete. Plaintiff began then suspended the 30(b)(6) deposition of Brian Evans on February 12, 2025, the Parties continue to dispute whether Mr. Evans' deposition is now complete. The Parties have exchanged correspondence since the deposition detailing their positions, have met and conferred twice, and continue to confer on this matter but anticipate that Court intervention may ultimately be necessary to resolve the dispute. The Parties have scheduled March 20th and 26th for Plaintiff to take the fact witness depositions of Paul Verlaan and Pusp Naidu respectively. The Parties continue to confer on dates for the fact witness deposition of Sergio Jaramillo and the 30(b)(6) depositions of Motiva and Plaintiff.

The Parties continue to dispute the topics for Defendants' notice of 30(b)(6) deposition of CLF, after further efforts to meet and confer as directed by the Court. See ECF 528. Although the parties were able to resolve some of their disputes regarding the topics in the 30(b)(6) notice, additional topics remain disputed. The Parties submitted further letter briefs regarding this dispute on February 25, 2025, with additional supporting exhibits filed on February 26, 2025 as directed by the Court. *See* ECF 534-538. The Parties await the Court's guidance on these disputed

topics, and will be in a position to schedule the 30(b)(6) deposition of Plaintiff as soon as the Court issues its rulings.

Dated: March 3, 2025

Respectfully submitted,

| | |
|---|---|
| /s/ James Y. Meinert | /s/ Rose H. Jones (with permission) |
| Alexandra M. Jordan (ct31466) | Rose H. Jones |
| Zachary Manley (pvh207600)* | Hilgers Graben PLLC |
| James Y. Meinert (ct31637) | 1372 Peachtree Street, N.E. |
| Conservation Law Foundation, Inc. | 19th Floor |
| 62 Summer St | Atlanta, GA 30309 |
| Boston, MA 02110 | T: (678) 229-1983 |
| Tel: (617) 850-1748 | rjones@hilgersgraben.com |
| Tel: (617) 850-1707 | |
| Tel: (617) 850-1477 | Antonio E. Lewis |
| E-mail: ajordan@clf.org | King & Spalding, LLP |
| E-mail: zmanley@clf.org | 300 S Tryon Street |
| E-mail: jmeinert@clf.org | Suite 1700 |
| | Charlotte, NC 28202 |
| Christopher M. Kilian (ct31122) | (704) 503-2551 |
| Kenneth J. Rumelt (phv207130)* | alewis@kslaw.com |
| Conservation Law Foundation, Inc. | |
| 15 East State Street, Suite 4 | Douglas A. Henderson |
| Montpelier, VT 05602 | King & Spalding, LLP |
| Tel: (802) 223-5992 | 1180 Peachtree Street, N.E. |
| Tel: (802) 622-3020 | Atlanta, GA 30309 |
| E-mail: ckilian@clf.org | T: (404) 572-2769 |
| E-mail: krumelt@clf.org | dhenderson@kslaw.com |
| | |
| Ana McMonigle (ct31370) | Anthony G. Papetti (phv206982) |
| Conservation Law Foundation, Inc. | Beveridge & Diamond, P.C. |
| 195 Church Street | 825 Third Ave., 16th Floor |
| Mezzanine Level, Suite B | New York, NY 10022 |
| New Haven, CT 06510 | T: (212) 702-5400 |
| Tel: (203) 298-7692 | F: (212) 702-5442 |
| E-mail: amcmonigle@clf.org | apapetti@bdlaw.com |
| | |
| James Crowley (ct31319) | Roy D. Prather III (phv206800)* |
| Conservation Law Foundation, Inc. | Beveridge & Diamond, P.C. |
| 235 Promenade Street | 20 North Charles Street, Suite 2210 |
| Suite 560, Mailbox 28 | Baltimore, MD 21201-4150 |

Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowely@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)
Elizabeth Smith
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

*Attorneys for Plaintiff
Conservation Law Foundation, Inc*.
\*Admitted as Visiting Attorney

T: 1.410.230.1305
rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*