UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-JAM <br><br><br> March 10, 2025 |

## JOINT STATUS REPORT

Pursuant to the Court's order entered September 15, 2023 (ECF 286), counsel for Plaintiff Conservation Law Foundation ("CLF" or "Plaintiff") and Defendants Shell Oil Company[1], Equilon Enterprises d/b/a Shell Oil Products US, Shell Petroleum Inc., Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file the following joint status report. For the sake of brevity, the Parties incorporate by reference their prior Joint Discovery Status Reports and do not repeat prior content in this filing, instead focusing on developments in the case since the Parties filed their last tri-monthly Joint Discovery Status Report on December 9, 2024. *See* ECF 497.

**I.  DISCOVERY CONDUCTED**

  **A.  Document Discovery**

---

[1] Effective March 1, 2022, Shell Oil Company changed its name to Shell USA, Inc. (ECF 56).

1

1. **The Court's Decision on CLF's Revised RFPs and Subsequent Discovery Orders**

On March 29, 2024, the Court issued its order (ECF 372) on CLF's motion to compel further discovery based on its revised RFPs (ECF 326-1) ("MTC Order"). The MTC Order granted CLF relief on 37 of its 39 revised RFPs. The Court also ordered Defendants to provide a list of all coastal facilities owned or operated by Defendants that store or handle petroleum in bulk and have a Risk Assessment Matrix rating of yellow or red for a specific risk category pertaining to weather conditions. The Court also set a deadline of April 29, 2024 for document productions but later extended that deadline to August 19, 2024.

Since the December 9, 2024 status update, the Parties have continued to meet and confer, as necessary, to discuss the Defendants' collection and production of documents pursuant to ECF 372.

The deadline for written discovery in this matter was February 14, 2025 (see ECF 507). On February 14, 2025, CLF sent a request for production of documents referenced (by document title or hyperlink) in three documents produced by Defendants' on or before August 19, 2024. Defendants have reviewed the request, are preparing a response and the Parties will meet and confer to address any areas of dispute. CLF also sent document requests on January 24, 2025 and December 13, 2024.

2. **Productions**

As of the date of this filing, Defendants have produced approximately 316,350 documents to Plaintiff across 60 volumes. Since August 19, 2024, Defendants have produced approximately 1,600 documents in connection with the preparation of the privilege log and in response to additional requests from CLF. Defendants have re-produced approximately 5,200 documents in connection with CLF's color re-production requests and to resolve disputes between the Parties

relating confidentiality de-designations, privilege and relevancy redactions. Since the December 9, 2024 status update, Defendants produced 38 additional documents related to CLF's requests on groundwater documents on December 12, 2024; 3 additional DEPs on January 24, 2025; and 27 additional documents related to modeling and analysis done as part of a look back on Hurricane Ida on February 19, 2025. Other than the February 14, 2025 email request from Plaintiff's and a follow up response relating to a request for additional versions of DEPS on February 27, Defendants' position is they do not have productions outstanding outside of the obligation to supplement productions under the Federal Rules.

The Court ordered that CLF review every page of the documents produced by Defendants on or before December 19, 2024. *See* ECF 475 at 1. CLF made this certification in ECF 499.

CLF produced 1,426 documents on February 19, 2025 as part of its ongoing duty to supplement, which included documents recently received under FOIA requests related to this matter.

*Confidentiality Designation Dispute*

As detailed in the weekly joint status report filed March 3, 2025, see ECF 539, the Parties are at an impasse and seek the Court's guidance on 652 challenged documents. The Parties are in agreement that they are at impasse and request the Court's guidance on next steps for resolution.

**B.    Depositions**

Since the Parties' last tri-monthly Joint Discovery Status Report on December 9, 2024 (*See* ECF 497), the Parties have completed Rule 30(b)(6) depositions of Defendants' representatives Michael Sullivan (February 6, 2025) and Brian Evans (February 12, 2025). As reported in the March 3, 2025 weekly status report (ECF 539), Plaintiff began then suspended the 30(b)(6)

deposition of Brian Evans on February 12, 2025, and the Parties continue to dispute whether the deposition of Mr. Evans is now complete. The Parties have exchanged correspondence since the deposition detailing their positions, have met and conferred twice, and continue to confer on this matter but anticipate that Court intervention may ultimately be necessary to resolve the dispute.

The Parties are scheduled to complete fact witness depositions of non-party witnesses Paul Verlaan (on March, 20, 2025) and Pusp Naidu (on March 26, 2025). Plaintiff is scheduled to conduct the Rule 30(b)(6) deposition of Motiva on March 28, 2025. The Parties continue to confer on dates for the fact witness deposition of Sergio Jaramillo, including whether Plaintiff will elect to conduct Mr. Jaramillo's deposition after concluding the deposition of Mr. Verlaan.

As reported in the March 3, 2025 weekly status report (ECF 539). the Partes continue to dispute the topics for Defendants' Notice of Rule 30(b)(6) deposition of CLF, after further efforts to meet and confer as directed by the Court. *See* ECF 528. Although the Parties were able to resolve some of their disputes regarding the topics in the 30(b)(6) notice, additional topics remain disputed. The Parties submitted further letter briefing regarding this dispute on February 25, 2025, with additional supporting exhibits filed on February 26, 2025 as directed by the Court. *See* ECF 534-538. The Parties await the Court's guidance on these disputed topics, and will be in a position to schedule the 30(b)(6) deposition(s) of Plaintiff as soon as the Court issues its rulings. However, given the outstanding dispute regarding the deposition topics, and other depositions currently scheduled for later this month, the Parties anticipate that the Rule 30(b)(6) deposition(s) of Plaintiff may need to occur shortly after the current fact discovery deadline of March 31, 2025.

    **C.**    **Expert Discovery**

Expert discovery is currently scheduled to close on August 11, 2025. ECF 507.

**II.    REMAINING DEADLINES**

Per the January 13, 2025 text Order granting Joint Motion for Extension of discovery deadlines, the Court entered the current case schedule as follows. ECF 507.

1. The parties shall complete written discovery on or before February 14, 2025.

2. Depositions other than expert witness depositions shall be completed by March 31, 2025.

3. All fact discovery shall be completed by March 31, 2025.

4. The parties must designate any trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues as to which they bear the burden of proof by May 17, 2025.

5. The parties must designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues as to which they do not bear the burden of proof by June 9, 2025.

6. Rebuttal expert reports, if any, shall be disclosed by July 7, 2025.

7. All expert witness depositions shall be completed by August 11, 2025.

8. Discovery will close on August 11, 2025.

9. Requests for admission shall be served by August 15, 2025.

10. Any motion related to preclusion of an expert must be filed on or before September 1, 2025.

11. Dispositive motions shall be filed on or before September 19, 2025.

12. If no dispositive motions are filed, the joint trial memorandum will be due on October 1, 2025. If any dispositive motions are filed, the joint trial memorandum will be due thirty days after the Court's decision on the last such motion.

The Court ordered the Parties to continue filing joint status reports, like this report, addressing all matters listed on pp. 5-6 of ECF No. 52 every three months through the filing of post-discovery dispositive motions. ECF 382. Once a post-discovery dispositive motion has been filed, or a firm trial date has been set, no further status reports are required. *Id.* The next status report is due Tuesday, June 10, 2025, unless a post-discovery dispositive motion has been filed.

The Parties recognize that the following pending discovery motions may also impact the schedule: Defendants' Motion to Compel CLF's Sixth and Seventh Privilege Logs (ECF 347), and any forthcoming motion from Defendants on Plaintiff's Eighth Privilege Log (ECF 359). ; the Parties' Letter Briefs on Defendants' 30(b)(6) Topics of CLF (ECF 534, 535, 537, and 538); any Motions filed regarding document de-designation issues; any motions regarding CLF's 30(b)(6) deposition of Defendants through the witness Brian Evans; and any motions related to the Court's withheld decision on CLF' Motion to Compel Documents in ECF 372 at 27-28.

## II.    AMENDMENTS OR ADDITIONAL PARTIES

In their last tri-monthly status report on December 9, 2024 (ECF 497), the Parties advised the Court of a dispute regarding Plaintiff's intent to amend its complaint to add new party Shell Pipeline Company as an additional defendant. Since that time, the parties reached an agreement including, *inter alia*, that Plaintiff would not pursue such an amendment. No amendments or additional parties have been added since the Parties' last tri-monthly report, and the Parties do not anticipate any such amendment or additional parties to be added in the future.

## III.   DISPOSITIVE MOTIONS

Defendants Shell Oil Company, Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum, Inc., and Triton Terminaling LLC moved for partial summary judgment on Plaintiff's Counts I-IX on June 13, 2023. ECF 248. Defendants argued that the permit at issue in this case does not impose an independent requirement to consider the climate change factors

identified in the Amended Complaint, and therefore the claims that Defendants have violated such a requirement fail as a matter of law. Plaintiff filed its opposition on July 14, 2023 (ECF 260), arguing, among other things, that Defendants' interpretation of the permit is incorrect because the plain language of the permit regulating industrial stormwater requires consideration of factors that affect stormwater—including consideration of the impact of severe weather and climate change on the Terminal as required by best industry practice, which is a fact-specific inquiry. Defendants filed their reply in support of their motion for partial summary judgment on August 3, 2023. ECF 272. A hearing before Judge Meyer occurred on October 19, 2023. ECF 261. Judge Meyer ruled from the bench, denying Defendants' motion as to all Counts. ECF 302. Since Judge Meyer's ruling, Connecticut's Department of Energy & Environmental Protection's ("CT DEEP") has twice issued a new draft permit, which contains a requirement that Defendants' believe, now, for the first time, will require climate related considerations. Defendants are evaluating filing a new motion for summary judgment based on these developments.

## IV.     CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to a magistrate judge for all purposes or for trial. This case was referred to Magistrate Judge Farrish for all pretrial matters and case management on August 8, 2022. ECF 92. The Parties have no objection to the continued referral of pretrial matters and case management to Magistrate Judge Farrish (subsequent to the October 5, 2022 reassignment of the case to Judge Meyer, and additional reassignment to Judge Oliver). ECF 118; 510.

## V.      REFERRAL FOR SETTLEMENT CONFERENCE

The counsel for the Parties have conferred with each other and their respective clients with regard to seeking a referral for a settlement conference. A first settlement conference with Judge Vatti was held on October 5, 2022, following the exchange of information between the Parties, but the Parties were unable to reach a settlement at that time. Judge Vatti held a status conference on

June 14, 2023, in which it was determined that it is not the appropriate time to resume settlement discussions. ECF 249. Judge Vatti held another status conference on November 30, 2023, in which the Parties agreed to referral of this case for settlement purposes to Judge Garcia, who is managing settlement in the related matter against Gulf Oil Limited Partnership (No. 3:21-cv-932). During this conference, CLF stated that its terms for settlement had changed based on information learned in discovery. Defendants stated they were open to further settlement discussions.

On March 19, 2024, CT DEEP issued its Notice of Tentative Determination to Reissue the General Permit for the Discharge of Stormwater Associated with Industrial Activities. In light of this new regulatory development, the Parties resumed settlement discussions. The Parties participated in a telephonic conference on May 24, 2024, with Judge Vatti to discuss logistics and planning for a settlement conference. An in-person settlement conference was scheduled for July 23, 2024 and then re-scheduled for October 2024 in order to contemplate a global settlement including the Rhode Island matter. However, in light of recent document productions, the Parties agreed to postpone the settlement conference to allow these newly produced documents to be considered in the settlement process. Accordingly, the Parties asked Judge Vatti to postpone settlement discussions, which were removed from the calendar on September 6, 2024, ECF 460. On January 16, 2025 the Parties met with Judge Vatti and agreed to reconvene in July to discuss scheduling potential settlement discussions. *See* ECFs 509, 514, 515. The Parties remain committed to settlement discussions.

Dated: March 10, 2025

Respectfully submitted,

*/s/ James Y. Meinert*
Alexandra M. Jordan (ct31466)
Zachary Manley (pvh207600)*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1748
Tel: (617) 850-1707
Tel: (617) 850-1477
E-mail: ajordan@clf.org
E-mail: zmanley@clf.org
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowely@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street

*/s/ Rose H. Jones*
Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: 1.410.230.1305
rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower

Suite 1400 PMB #2574  
New Orleans, LA 70130  
Phone: 832-671-6381  
E-mail: chancethelawyer@gmail.com  

Linda Singer (phv208339)  
Elizabeth Smith  
401 9th St. NW, Suite 630  
Washington, DC 20004  
Tel: (202) 386-9626  
Tel: (202) 386-9627  
Email: lsinger@motleyrice.com  
Email: esmith@motleyrice.com  

Michael Pendell (ct27656)  
One Corporate Center  
20 Church St., 17th Floor  
Hartford, CT 06103  
Tel: (860) 218-2722  
Email: mpendell@motleyrice.com  

Ridge Mazingo  
28 Bridgeside Blvd.  
Mount Pleasant, SC 29464  
Tel: (843) 216-9620  
Email: rmazingo@motleyrice.com  

*Attorneys for Plaintiff*  
*Conservation Law Foundation, Inc.*  
*\*Admitted as Visiting Attorney*  

265 Church Street  
P.O. Box 1832  
New Haven, CT 06508-1832  
T: (203) 498-4400  
F: (203) 782-2889  
jcraven@wiggin.com  

John S. Guttmann (ct25359)  
BEVERIDGE & DIAMOND, P.C.  
1900 N Street, NW, Suite 100  
Washington, DC 20036  
T: (202) 789-6020  
F: (202) 789-6190  
jguttmann@bdlaw.com  

Bina R. Reddy (phv20420)*  
BEVERIDGE &DIAMOND, P.C.  
400 West 15th Street  
Suite 1410  
Austin, TX 78701-1648  
T: (512) 391-8000  
F: (202) 789-6190  
breddy@bdlaw.com  

*Counsel for Defendants*