UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Conservation Law Foundation, Inc., | |
| Plaintiff, | Civil No. 3:21-cv-00933 (JAM) |
| v. | |
| Shell Oil Co., *et al.*, | March 18, 2025 |
| Defendants. | |

**RULING AND ORDER ON DISCOVERY DISPUTE**

The Defendants, Shell Oil Co. and several related companies, served a Rule 30(b)(6) deposition notice on the Plaintiff, Conservation Law Foundation, Inc. ("CLF"), on February 12, 2025. (ECF No. 538.) The notice sought corporate designee testimony from CLF on thirty-seven different topics. (*Id.*) CLF objected to most of the thirty-seven, in whole or in part. (ECF No. 534.) The parties were unable to resolve CLF's objections through the meet-and-confer process, and accordingly they submitted them to the undersigned for resolution in simultaneous letter briefs pursuant to the process set forth in the Court's Discovery Order of October 1, 2024. (ECF Nos. 534, 535, 473.) Having considered the issues raised in the letter briefs, as well as the prior letter briefs at ECF Nos. 519 and 520, the Court rules upon the parties' disputes as follows:

1. ***Topics 2 and 26.*** CLF's objections to Topics 2 and 26 are overruled. CLF claims that these topics seek irrelevant information, and that they are duplicative and overly burdensome because they seek information that is "already in Defendants' possession." (CLF's Br., ECF No. 534, at 6.) The Court disagrees with the first objection and concludes that these topics seek relevant information. Furthermore, the Court declines to accept CLF's objection that discovery should be barred because the requested information is allegedly "already in Defendants' possession,"

1

because litigants are generally permitted to use a Rule 30(b)(6) deposition to "obtain testimony binding on the corporation even though that testimony [is] likely to essentially duplicate information . . . ." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010).

2.  ***Topic 4.***  The Court sustains CLF's undue burden and lack of proportionality objections to Topic 4 as written.  The current request for the "factual basis" underlying the entirety of CLF's complaint is overly broad and "in essence, is asking the designee to marshal the evidence and is thus improper."  *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *14 (E.D.N.Y. Feb. 11, 2022).

3.  ***Topics 5, 6, 7, 10, 13, and 34.***  CLF's objections are overruled.  CLF objects to these topics as seeking irrelevant information and attorney work product.  (CLF's Br. at 5, 6-7.)  The Court concludes that these topics seeks relevant discovery beyond attorney work product.  "If specific questions prompt objections or directions not to answer on privilege grounds, then counsel is free to interpose them."  *Dealer Computer Servs., Inc. v. Curry*, No. 12 CIV. 3457 JMF JLC, 2013 WL 499520, at *6 (S.D.N.Y. Feb. 7, 2013).

4.  ***Topics 9, 11, 12, and 14.***  The Court overrules CLF's objections.  These topics seek relevant information, and any concerns about privilege or work product can be addressed with specific objections during the deposition.  CLF protests that these topics touch upon issues that will require expert testimony, and that to explore them during the fact discovery period is to pursue expert discovery "premature[ly]."  (CLF's Br. at 6.)  But while the record on these topics will no doubt be augmented during the expert discovery phase, that is not a sufficient reason under the circumstances for withholding whatever non-privileged factual information CLF currently possesses.

5. ***Topics 15, 17, 35, and 36.*** CLF's objections to Topics 15, 17, 35, and 36 are overruled. CLF argues that these topics seek attorney work product and premature expert testimony. (CLF's Br. at 7.) The Court concludes that these topics seeks relevant information beyond attorney work product or expert testimony. CLF can interpose work product objections, to the extent they apply, during its deposition.

6. ***Topic 16.*** CLF's objection to Topic 16 is overruled. CLF argues that this topic seeks premature expert discovery. (CLF's Br. at 7.) But as with Topics 9, 11, 12, and 14, this is not a sufficient reason under the circumstances for withholding whatever non-privileged factual information CLF currently possesses.

7. ***Topic 19.*** CLF's objection to Topic 19 is overruled in part and sustained in part. It is overruled to the extent that the topic inquires about alleged violations of the Clean Water Act, the Resource Conservation and Recovery Act, and the Coastal Management Act; because violations of, or activities "inconsistent with," these statutes are alleged in CLF's Amended Complaint (*see, e.g.,* Am. Compl., ECF No. 47 ¶¶ 16, 184-85, 403), Topic 19 seeks relevant discovery to that extent. CLF's objection is sustained to the extent that Topic 19 inquires after violations of "other federal state or local laws, regulations or ordinances at the New Haven Terminal" not alleged in the Amended Complaint.

8. ***Topic 20.*** CLF's overbreadth and lack of proportionality objections to Topic 20 are sustained. As CLF points out, it has filed thirty-one affidavits in this case, many of them quite lengthy. (CLF's Br. at 5.) The Defendants state that they only want CLF to testify about the "substantive" ones, but they do not identify which those are. (Def.'s Br. at 5.) Many of the affidavits were authored by CLF's attorneys in connection with discovery disputes, and the Court is therefore constrained to conclude that this topic seeks "discovery on discovery," at least in part.

Courts often limit this kind of discovery unless the need for it has been demonstrated. *See Zeitler v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:21-cv-519 (JBA) (TOF), 2022 WL 1125397, at *2 (D. Conn. Apr. 15, 2022); *Parimal v. Manitex Int'l, Inc.*, No. 3:19-CV-01910 (MPS) (SALM), 2020 WL 6689395, at *4 (D. Conn. Nov. 13, 2020). The current record does not demonstrate Defendants' need for testimony about affidavits filed by CLF attorneys in this action.

9. **Topic 23.** CLF's objection to Topic 23 is overruled. This topic asks for CLF's factual observations during its two site visits to the New Haven Terminal. (Ex. A to Def.'s Br., ECF No. 535, at 10.) CLF represents that only "counsel, paralegals, and retained experts" attended these site visits, and it therefore contends that its "factual observations" of the terminal are either attorney work product or premature expert discovery. (CLF's Br. at 3.) To be sure, there are questions that could be asked under this topic that would implicate protected work product, including questions about CLF's attorneys' impressions of the factual conditions they observed. And the Defendants have not demonstrated a need to discover those impressions. But exclusively factual questions that do not inquire about CLF's attorneys' mental impressions are generally not protected from deposition discovery. *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 471 (S.D.N.Y. 1993) ("[T]he rule does not protect from disclosure the underlying facts known to the party or his counsel, even if acquired in anticipation of litigation."); *cf. Fed. Trade Comm'n v. Chase Nissan, LLC*, No. 3:24-cv-12 (JCH) (TOF), 2024 WL 3566205, at *4 (D. Conn. July 29, 2024) (denying defendants' motion to compel production of documents containing plaintiff's investigators' record of factual information from witness interviews, but noting that "the work product doctrine does not protect facts" and, while the document itself was protected, the facts may be obtained "through other means of discovery, such as through depositions"). Applying

4

these principles to the Defendants' Topic 23, the Court concludes that the examination should go forward, subject to CLF's right to assert any meritorious privilege or work product objection.

10.     *Topic 24.*  CLF's objection to Topic 24 is overruled in part and sustained in part. This topic inquires after CLF's communications with state and federal regulators "concerning Defendants or the [New Haven] Terminal."  CLF objects that "[t]his topic is overly broad, as it concerns communications with no connection to the Terminal or the claims or defenses in this litigation" (CLF's Br. at 5), and the Court agrees to that extent.  CLF's objection is sustained to the extent that Topic 24 inquires after those regulatory communications that "concern[] Defendants" but do not "concern[] . . . the Terminal."  The objection is overruled to the extent that Topic 24 inquires after regulatory communications that "concern[] . . . the Terminal."

11.     *Topic 27.*  CLF's objections to Topic 27 are overruled.  CLF claims that this this topic seek irrelevant information, and that it is are duplicative and overly burdensome because it seeks information that is "already in Defendants' possession." (CLF's Br. at 6.)  CLF also argues that this topic seeks work product because it explicitly requests CLF's opinion on "the scope and requirements of the EPA MSGP." (CLF's Br. at 7.)  The Court finds that these topics seek relevant and discoverable information.  CLF can interpose work product objections, to the extent they apply, during its deposition.

12.     *Topic 28.*  CLF's objections to Topic 28 are overruled in part and sustained in part. That topic sought corporate designee testimony on CLF's communications and correspondence with its employees, contractors, counsel, other representatives, and third parties relating to the New Haven Terminal, this lawsuit, best management practices, and climate change. (ECF No. 538, at 11-12.)  CLF protests that the topic violates a Rule 29 agreement, seeks privileged information, and is overbroad and disproportionate to the needs of the case.

With respect to the first objection, the Court has previously explained that to bar relevant and proportional discovery on the ground that it violates a prior agreement between the parties, that agreement must be quite clear. (Tr. of Misc. Hrg., Feb. 7, 2025, ECF No. 528, at 15:23-16:5) (citing, *inter alia*, *Kalra v. Adler Pollock & Sheehan, P.C.*, No. 3:18-cv-260 (KAD) (TOF), 2020 WL 7828790, at *4 (D. Conn. Dec. 31, 2020)). In this case, the Court does not observe an agreement of sufficient clarity to bar the Defendants from taking this discovery. With respect to the second objection, Topic 28 does not categorically seek privileged/work product information; some information within the scope of Topic 28, such as CLF's public communications with state or federal environmental agencies, are plainly not privileged. Any questions that intrude upon privilege or work product can be addressed with a specific objection at the deposition. With respect to the third set of objections—overbreadth and lack of proportionality—the Court disagrees with CLF to the extent that the topic asks for testimony about "The Terminal," "This Litigation," and best management practices, because those issues are at the core of this case and the burden of presenting a witness on them is not disproportionate. CLF's objections to those portions of Topic 28 are therefore overruled in their entirety.

The Court does, however, agree with CLF's overbreadth and lack of proportionality objections to the extent that Topic 28 asks it to designate a witness on the broad topics of "[c]limate change, climate adaptation, climate resilience, and Adverse Weather Events." *Cf. Conservation L. Found. v. Shell Oil Co.*, No. 3:21-cv-933 (JAM) (TOF), 2024 WL 1341116, at *5, 11 (D. Conn. Mar. 29, 2024) (denying CLF's motion to compel Shell to produce "all Documents concerning risks to the Terminal's physical infrastructure from climate change" because the request was "facially overbroad, unduly burdensome, and disproportionate to the needs of the case"). CLF's objection is sustained with respect to the last bullet point in Topic 28.

13. ***Topics 29 and 31.*** The Court sustains CLF's objection to Topic 29. That topic covers the same ground as Topic 6 in the Defendants' initial Rule 30(b)(6) deposition notice. In the parties' meet-and-confer sessions, the Defendants agreed to limit that topic by "withdraw[ing] financial information" from its scope. (Defs.' Br. at 6.) But the new Topic 29 in the instant deposition notice does not contain that limitation; indeed, it is identical to the Original Topic 6. In contrast to Topic 28, the parties' agreement on Topic 29 seems clear, and the Court will enforce it. *Kalra*, 2020 WL 7828790, at *4 (noting that "[p]arties are free to agree upon . . . limitations upon discovery," and that "courts ordinarily enforce them" when they are clear). CLF shall present a corporate designee on Topic 29, but only as limited by the parties' agreement; that is, CLF is not obliged to present a witness on the financial information that the parties agreed to exclude.

Topic 31, while new to the most recent deposition notice, inquires after similar financial information. CLF's objection to Topic 31 is sustained accordingly.[1]

14. ***Topic 37.*** The Court overrules CLF's objections to Topic 37. CLF argues that this topic seeks premature expert discovery because "[t]he cause of tank damage or failure is the province of experts, not CLF." (CLF's Br. at 7.) Though CLF's knowledge may be more limited than that of the experts it expects to disclose later in the case, it has alleged facts about tank failures that were "caused" by climate change (*see* Am. Compl., ECF No. 47 ¶¶ 264, 316, 322-326), and it is reasonable to ask it to testify about any factual information it may have.

---

[1] Topic 31 inquires after CLF's "knowledge or information on any third parties with a financial or other interest (e.g., litigation funders, lenders, and similar parties) in this Litigation against Defendants, including the details of the interest and any Related agreements." (ECF No. 538, at 12.) This Court has yet to consider whether litigation funding agreements are relevant discovery under Rule 26, and because it has decided CLF's objection on other grounds, it need not do so here. It is worth noting, however, that many courts have concluded that litigation funding arrangements are not discoverable. *E.g., Benitez v. Lopez*, No. 17-cv-3827 (SJ) (SJB), 2019 WL 1578167, at *1 (E.D.N.Y. Mar. 14, 2019); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-cv-9350 (VM) (KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10, 2015).

The Court has considered all the arguments and claims for relief raised in the parties' submissions. Any claim for relief not specifically addressed above is denied on the current record.

So ordered this 18th day of March, 2025, at Hartford, Connecticut.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge