UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br> March 26, 2025 |

**DEFENDANTS' RESPONSE TO PLAINTIFF CONSERVATION LAW FOUNDATION, INC.'S MOTION TO SEAL (ECF 551)**

CLF's inaptly named Motion to Seal is nothing more than an attempt to create an end-run around the Court's well-established procedures for de-designating confidential material under the Standing Protective Order ("SPO," ECF No. 7). This includes provisions in the SPO requiring that "[b]efore serving a written challenge, the objecting party **must** attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter." ECF No. 7 at ¶ 12 (emphasis added). **CLF made no efforts to meet and confer with Defendants before filing its Motion to Seal, instead suggesting that the Court deny its own Motion, effectively de-designating properly designated materials without following the required processes for doing so.** The Court should reject Plaintiff's invitation to deny its own Motion, and maintain the confidentiality of these materials, for this reason alone.

Further, while the SPO does not place any burden on the initially designating party to substantiate the reasons why such materials are confidential in the first instance, Defendants properly designated the materials as confidential, and good reason exists to maintain such

confidentiality. In fact, most of the designated material concerns testimony—and near-verbatim transcription—of deposition exhibits that consist of documents to which Defendants have always asserted confidentiality. As the Court is aware, Plaintiff has raised requests to de-designate other documents in the past, but these documents remain confidential and should not be de-designated merely because Plaintiff elected to question Defendants' witnesses about them at deposition. For these reasons, CLF's request that the Court deny its Motion to Seal must be rejected to protect the confidentiality of properly designated materials, especially where Plaintiff has not followed the proper procedure or meet-and-confer requirements to de-designate them. Defendants further attach a Declaration of Brian Evans in support of sealing the referenced materials. *See* Ex. 1, Declaration of Brian Evans (March 26, 2025).

## LEGAL STANDARD

The public's right to access court documents is not absolute and may be surmounted by a party's showing that sealing will further other substantial interests. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013). Local Rule 5(e)(3) allows for a court to seal a document filed with the Court upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.

Courts routinely find that an entity's confidential business information overcomes the "modest" presumption for unsealing confidential documents subject to discovery motions. *Id.*; *see also CSL Silicones, Inc. v. Midsun Group Inc.*, No. 3:14-CV-1897, 2017 WL 4750701, *3 (D. Conn. July 12, 2017) ("[C]onfidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing.").

For documents that are "placed before the court as an exhibit to a discovery motion, the presumption of access typically 'has only modest weight.'" *Conservation Law Found., Inc. v. Shell Oil Co.,* No. 3:21-cv-00933 (JAM), 2023 WL 5567614, at *1 (D. Conn. May 16, 2023) (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD 2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023)). For discovery documents, to which the court only presumes modest weight in sealing, Defendants can easily overcome such presumption with "competing considerations," such as the "privacy interest of the person resisting disclosure," "the degree to which the subject matter is traditionally considered private rather than public," and "the nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." *Id*. at *2-3. (internal quotation marks and citations omitted).

## ARGUMENT

I. **CLF's Motion To Seal Fails To Comply With The Standing Protective Order Procedure For Challenging Confidentiality Designations.**

Defendants properly designated portions of the Rule 30(b)(6) deposition of Brian Evans, including confidential deposition exhibits, on March 4, 2025.[1] CLFs Motion to Seal is nothing more than an attempt to circumvent the de-designation process required and upheld by this Court under the SPO. *See* Sept. 30, 2024 Hr'g Tr. at 33:2-6 (denying Plaintiff's request to modify the SPO and confirming the SPO "does provide CLF with means for addressing" concerns related to over and improper designations). Without following the proper procedure under the SPO, CLF is now challenging those properly asserted confidentiality designations under the guise of its

---

[1] Defendants hereby incorporate by reference all confidentiality designations to the deposition of Brian Evans, served on March 4, 2025, as if fully set forth herein.

Motion to Seal. This request is in direct contravention to the designation challenge procedure set forth in the SPO, which requires:

> "[b]efore serving a written challenge, the objecting party **must attempt in good faith to meet and confer with the Designating Person** in an effort to resolve the matter." ECF No. 7 at ¶12 (emphasis added).

Despite this clear requirement, CLF never even contacted Defendants to set up a meet-and-confer with Defendants before filing this Motion asking the Court to reject sealing this confidential material. CLF's request to enter unredacted versions of its Letter Brief and excerpts of Mr. Evans' deposition, including the discussion of confidential business practices and the transcription of confidential deposition exhibits, should therefore be rejected because CLF has made no efforts to comply with the required de-designation procedure of the SPO. The Court should reject Plaintiff's invitation to unseal these materials for this reason alone.

## II. The Court Should Maintain the Confidentiality of these Properly Designated Materials from the Deposition of Brian Evans.

Under the SPO, confidential information is defined as:

> "information, documents, or things that **have not been made public** by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, **(b) proprietary business information**, or (c) information implicating an individual's legitimate expectation of privacy." ECF No. 7 at ¶ 3 (emphasis added).

All of Defendants' confidentiality designations from the deposition of Brian Evans were served to protect the confidentiality of sensitive business information and documents, including the transcription of documents which are separately maintained as confidential. CLF does not even attempt to dispute that the designations relate to sensitive or proprietary business information. Instead, CLF simply states it does not have sufficient information to justify sealing those transcript sections. ECF No. 551 at 1. As such, Defendants provide in **Table A** below an explanation for each of Defendants' confidentiality designations.

4

## TABLE A

|    | **Begin Page: Line** | **End Page: Line** | **Defendants' Confidentiality Designations** |
|----|----------------------|---------------------|----------------------------------------------|
| 1. | 127:16 | 127:21 | Discussion of Defendants' proprietary business information related to the Metocean Design and Operating Conditions. |
| 2. | 128:8 | 137:17 | Discussion of Defendants' proprietary business information related to the Metocean Design and Operating Conditions. |
| 3. | 140:19 | 142:8 | Discussion of Defendants' proprietary business information related to the Metocean Design and Operating Conditions. |
| 4. | 142:16 | 180:7 | • Discussion of Defendants' proprietary business information related to the Metocean Design and Operating Conditions.<br>• Discussion of Exhibit 1243, Metocean Design and Operating Considerations, separately maintained as a confidential document at SOPUS_NHVN02407227. |
| 5. | 200:15 | 203:3 | Discussion of proprietary business information concerning the Defendants' and non-parties' confidential entity structures. |
| 6. | 204:14 | 205:21 | Discussion of proprietary business information concerning the Defendants' and non-parties' confidential entity structures. |
| 7. | 206:9 | 211:6 | Discussion of proprietary business information concerning the Defendants' and non-parties' confidential entity structures. |
| 8. | 212:17 | 222:1 | • Discussion of proprietary business information concerning the Defendants' and non-parties' confidential entity structures.<br>• Discussion of Exhibit 1244, 10/16/17 E-Mail from N. Hones to M. Sullivan re: "Providence Dredge Technical Specifications" separately maintained as a confidential document at SOPUS_NHVN00182505. |
| 9. | 222:9 | 222:14 | Discussion of Exhibit 1244, 10/16/17 E-Mail from N. Hones to M. Sullivan re: "Providence Dredge Technical Specifications" separately maintained as a confidential document at SOPUS_NHVN00182505. |
| 10. | 263:1 | 263:9 | Discussion of proprietary business information concerning the Terminal Operations Manual, separately maintained as a confidential document. |

| | | | |
|---|---|---|---|
| 11. | 264:6 | 265:10 | Discussion of proprietary business information concerning the Defendants' operating agreements, separately maintained as confidential documents. |
| 12. | 269:9 | 285:17 | • Discussion of proprietary business information concerning insurance issues related to the Terminal, including discussion of specific insurance policies separately maintained as confidential.<br>• Discussion of proprietary business information concerning Defendants' Manual of Authorities regarding Defendants' policies for capital expenditures, separately maintained as a confidential document.<br>• Discussion of Exhibit 1245, Capital Expenditure Approval Levels; Delegates for SHELL-ID-001. A copy of this document is separately maintained as a confidential document at SOPUS_NHVN02457125. |
| 13. | 285:22 | 327:22 | • Discussion of proprietary business information concerning the Defendants' confidential entity structures.<br>• Discussion of Exhibit 1246, Asset Integrity – Process Safety Management Application Manual, separately maintained as a confidential document at SOPUS_NHVN00049692. |
| 14. | 328:11 | 339:21 | • Discussion of Exhibit 1247, Defendants' Revised Supplemental Discovery Response to Rog No. 11 dated 10/20/2023, which discuss requests for information and documents regarding sensitive and proprietary business practices to which Defendants maintain confidentiality.<br>• Discussion of Exhibit 1248, Shell Organizational Chart, separately maintained as a confidential document, at SOPUS_NHVN00242871. |
| 15. | 343:1 | 368:4 | Discussion of Exhibit 1249, Written Responses to 30(b)(6) Topics 30 and 31 re: Document Storage/ Custodian Identification, which discussed several requests for information and documents regarding sensitive and proprietary business practices to which Defendants maintain confidentiality. |

As shown in **Table A**, Defendants' confidentiality designations were properly served to protect Defendants' sensitive and proprietary business information, including as referenced in many deposition exhibits to which Defendants have always maintained confidentiality (and the Court has not ordered to be de-designated).

As previously recognized by this Court, confidential business information should be (and is routinely) sealed. *Conservation Law Found., Inc. v. Shell Oil Co.*, No. 3:21-cv-00933 (JAM), 2023 WL 5567614, at *1 (D. Conn. May 16, 2023) (holding Courts routinely find that an entity's confidential business information overcomes the "modest" presumption for unsealing confidential documents subject to discovery motions.); *see also CSL Silicones, Inc. v. Midsun Group Inc.*, No. 3:14-CV-1897, 2017 WL 4750701, *3 (D. Conn. July 12, 2017) ("[C]onfidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing.").

Additionally, this Court has previously recognized that Defendants have legitimate reasons—and the legal right—to maintain the confidentiality of materials produced in discovery. Specifically, the Court found that "[w]hile I have not sustained all of Shell's confidentiality claims I have conducted a careful inquiry into those that did come before me and **I have found good cause for protection in several instances**." *See* Sept. 30, 2024 Hr'g Tr. at 33:19-22 (emphasis added). The SPO serves to protect those interests. Judge Farrish noted that "basically CLF is asking me to rule that Shell was unjustified in relying upon an order that sprung from the court in the first instance and that would be a really remarkable ruling and one that I don't think has ever been made before in this district." *Id*. at 35:1-6 (emphasis added).

For all these reasons, CLF's Motion to Seal Defendants' properly designated confidential material should be granted (despite CLF's invitation for the opposite result).

## CONCLUSION

Defendants respectfully request that the Court grant CLF's Motion to Seal portions of its Letter Brief (ECF No. 550) and Exhibit 2 thereto, which include transcript excerpts from the Rule 30(b)(6) deposition of Brian Evans, both of which contain properly designated confidential material that should remain sealed.

Dated: March 26, 2025

Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022

T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2025 a copy of the foregoing Defendants' Response to Plaintiff Conservation Law Foundation, Inc.'s Motion To Seal (ECF No. 551) was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com