# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br> March 26, 2025 |

### DECLARATION OF BRIAN EVANS

1. My name is Brian Evans. I served as Defendants' designated Rule 30(b)(6) witness for the deposition conducted on February 12, 2025 that is the subject of Plaintiff's Motion to Seal (ECF 551). I hereby submit this Declaration in support of Defendants' Response to Plaintiff's Motion to Seal, which is being submitted contemporaneously with this Declaration.

2. Through my position with Shell Pipeline Company and prior role as Distribution Operations Manager US East overseeing the New Haven Terminal that is the subject of this lawsuit, I have personal knowledge of the internal document classification terminology utilized by companies and businesses in the Shell group, including documents and information regarding sensitive and/or proprietary business practices which Defendants maintain as confidential.

3. I have reviewed Plaintiff Conservation Law Foundation, Inc.'s ("CLF") Motion to Seal portions of its Letter Brief (ECF No. 550) and Exhibit 2 thereto. Plaintiff's Letter Brief and Exhibit 2 contain references to information and documents discussed in my February 12, 2025

1

deposition which contain sensitive and/or proprietary information regarding Defendants' business practices which Defendants maintain as confidential.

4. Among other reasons, Defendants maintain certain documents and information as "confidential" when they include commercially valuable and other competitively sensitive information, intellectual property such as trade secrets and confidential technical information, and certain types of personal data. "Confidential" documents can only be shared with selected staff and selected external parties because sharing may result in value erosion, financial loss, reputational damage, harm to a party, or a breach of a law, regulation or agreement.

5. In addition, Defendants also maintain certain documents and information as "restricted" when they include information about staff roles, responsibilities and authorities and knowledge information, certain personal information, information about named people executing their roles and responsibilities, and other information not suitable for general sharing externally. "Restricted" documents can only be shared with staff, associated parties and selected external parties because sharing more broadly may result in value erosion, financial loss, reputational damage, harm to a party, or a breach of a law, regulation or agreement.

6. It is my understanding that many such "Confidential" and "Restricted" documents have been produced to Plaintiff through the written discovery process in this action, which Defendants have marked as "Confidential" in their document productions in connection with this Court's Standing Protective Order.

7. The information contained and documents referenced in my February 12, 2025 deposition, and thereafter included in CLF's Motion to Seal portions of its Letter Brief (ECF No. 550) and Exhibit 2 thereto are confidential and/or restricted, and are not publicly available. Even

within the Shell group, some of the information and documents referenced have limited circulation and are not available to all employees.

8. As described in more detail below, if the information contained in in CLF's Motion to Seal portions of its Letter Brief (ECF No. 550) and Exhibit 2 thereto were made publicly available, it would cause competitive harm to Defendants. The public disclosure of the information contained and documents referenced in CLF's Motion to Seal portions of its Letter Brief (ECF No. 550) and Exhibit 2 thereto could also increase security risks to the health and safety of the facilities to which the documents pertain.

9. I have personal knowledge of the competitive sensitivities and confidential technical information described in the chart below:

|   | **Begin Page: Line** | **End Page: Line** | **Defendants' Confidentiality Designations** |
|---|---|---|---|
| 1. | 127:16 | 127:21 | Discussion of Defendants' proprietary business information related to the Metocean Design and Operating Conditions. |
| 2. | 128:8 | 137:17 | Discussion of Defendants' proprietary business information related to the Metocean Design and Operating Conditions. |
| 3. | 140:19 | 142:8 | Discussion of Defendants' proprietary business information related to the Metocean Design and Operating Conditions. |
| 4. | 142:16 | 180:7 | • Discussion of Defendants' proprietary business information related to the Metocean Design and Operating Conditions.<br>• Discussion of Exhibit 1243, Metocean Design and Operating Considerations, separately maintained as a confidential document at SOPUS  NHVN02407227. |
| 5. | 200:15 | 203:3 | Discussion of proprietary business information concerning the Defendants' and non-parties' confidential entity structures. |
| 6. | 204:14 | 205:21 | Discussion of proprietary business information concerning the Defendants' and non-parties' confidential entity structures. |

3

| | | | |
|---|---|---|---|
| 7. | 206:9 | 211:6 | Discussion of proprietary business information concerning the Defendants' and non-parties' confidential entity structures. |
| 8. | 212:17 | 222:1 | • Discussion of proprietary business information concerning the Defendants' and non-parties' confidential entity structures.<br>• Discussion of Exhibit 1244, 10/16/17 E-Mail from N. Hones to M. Sullivan re: "Providence Dredge Technical Specifications" separately maintained as a confidential document at SOPUS_NHVN00182505. |
| 9. | 222:9 | 222:14 | Discussion of Exhibit 1244, 10/16/17 E-Mail from N. Hones to M. Sullivan re: "Providence Dredge Technical Specifications" separately maintained as a confidential document at SOPUS_NHVN00182505. |
| 10. | 263:1 | 263:9 | Discussion of proprietary business information concerning the Terminal Operations Manual, separately maintained as a confidential document. |
| 11. | 264:6 | 265:10 | Discussion of proprietary business information concerning the Defendants' operating agreements, separately maintained as confidential documents. |
| 12. | 269:9 | 285:17 | • Discussion of proprietary business information concerning insurance issues related to the Terminal, including discussion of specific insurance policies separately maintained as confidential.<br>• Discussion of proprietary business information concerning Defendants' Manual of Authorities regarding Defendants' policies for capital expenditures, separately maintained as a confidential document.<br>• Discussion of Exhibit 1245, Capital Expenditure Approval Levels; Delegates for SHELL-ID-001. A copy of this document is separately maintained as a confidential document at SOPUS_NHVN02457125. |
| 13. | 285:22 | 327:22 | • Discussion of proprietary business information concerning the Defendants' confidential entity structures.<br>• Discussion of Exhibit 1246, Asset Integrity – Process Safety Management Application Manual, separately maintained as a confidential document at SOPUS_NHVN00049692. |

4

| 14. | 328:11 | 339:21 | - Discussion of Exhibit 1247, Defendants' Revised Supplemental Discovery Response to Rog No. 11 dated 10/20/2023, which discuss requests for information and documents regarding sensitive and proprietary business practices to which Defendants maintain confidentiality.<br>- Discussion of Exhibit 1248, Shell Organizational Chart, separately maintained as a confidential document, at SOPUS_NHVN00242871. |
|---|---|---|---|
| 15. | 343:1 | 368:4 | Discussion of Exhibit 1249, Written Responses to 30(b)(6) Topics 30 and 31 re: Document Storage/ Custodian Identification, which discussed several requests for information and documents regarding sensitive and proprietary business practices to which Defendants maintain confidentiality. |

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 26, 2025

*Brian M. Evans*
Brian Evans

5