**MotleyRice** ®
LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Ridge Mazingo**
*Licensed in SC*
direct: 843.216.9620
rmazingo@motleyrice.com

March 20, 2025

The Honorable Thomas O. Farrish
United States District Court
450 Main Street
Hartford, CT 06103

Re:     *Conservation Law Foundation, Inc. v. Shell Oil Company, et al.*
        Case No.: **3:21-cv-00933-VDO**

Dear Judge Farrish,

Plaintiff Conservation Law Foundation ("CLF") writes to address the insufficiency of Defendants' 30(b)(6) designee, Mr. Brian Evans's, preparedness to testify on numerous topics clearly specified in Plaintiff's notice of deposition. The deposition occurred on February 12, 2025, at the offices of Liskow & Lewis in New Orleans, LA, a location selected by Defendants and to accommodate the witness.  Specifically, it was obvious throughout the deposition that Mr. Evans was not prepared to testify as to Topics 1, 2, 3(g), 21, 23, 24, 30, and 31. (*See* Plaintiff's Notice of Deposition, attached as Exhibit 1).  These eight topics, as with all topics found in Plaintiff's notice of deposition,[1] were known to Defendants for years, were negotiated, and were fully agreed upon by Defendants.  Plaintiff suspended the February 12, 2025 deposition approximately two and a half hours prior to the agreed-upon time limit based on Mr. Evans's lack of preparedness and unwillingness to answer questions.

Mr. Evans frequently outright refused to answer basic questions concerning agreed-upon and properly noticed topics, often opting instead to repeatedly regurgitate non-sequitur, canned phrases.  For example, Mr. Evans repeated the phrase "Shell strives to be open, and honest, and transparent in all its business dealings," *twenty* times in response to questions asked by Plaintiff's counsel. (Transcript of February 12, 2025 Deposition, attached as Exhibit 2[2] at 20:20-28:24; 70:8-72:2; 181:20-182:11).  When pressed further for an actual answer to Plaintiff's questions, Mr. Evans continued to evasively repeat the same rote phrase. *See id.*

Mr. Evans's obstructionism even extended to an initial refusal to authenticate documents he testified he was familiar with, refusing to review a document for its authenticity over a break. (Tr. 67:13-68:12).  He only ███████████████████████████████████████████████

---

[1] Defendants chose to prepare multiple witnesses for their 30(b)(6) deposition and informed CLF they would prepare Mr. Evans on a subset of fourteen topics only: Topics 1, 2, 3(b)-(e), 3(g)-(j), 21, 23, 24, 26, 27, 29, 30, 31, 32, 33, and 34. The remaining topics were prepared by another witness without any overlap of topics between the two witnesses.
[2] Exhibit 2 contains transcript excerpts from only the pages cited in this Letter Brief consistent with ECF 473.

MotleyRice®
ATTORNEYS AT LAW

March 20, 2025
Page 2

████████████████████████████ (*See, e.g.*, Tr. 62:7-66:11; 86:14-87:1; 152:23-156:14; 318:2-319:14).

As to Topics 1, 2, 3(g), 21, 23, 24, 30, and 31, the transcript of the February 12 deposition unequivocally establishes Mr. Evans' lack of preparation on these issues. Therefore, a continued 30(b)(6) deposition(s) of Defendants on the aforementioned Topics is necessary for the reasons summarized below.

## I.    Legal Standard

Rule 30(b)(6) of the Federal Rules of Civil Procedure, which governs the deposition of an organization, provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more . . . persons who consent to testify on its behalf . . . [and] [t]he persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). Under Rule 30(b)(6), a corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to ***prepare those persons in order that they can answer fully, completely, unevasively, the questions posed*** . . . as to the relevant subject matters." *Klorczyk v. Sears, Roebuck & Co.*, No. 3:13CV257 JAM, 2015 WL 1600299, at *4 (D. Conn. Apr. 9, 2015) (quoting *Sony Elec., Inc. v. Soundview Techn., Inc.*, 217 F.R.D. 104, 112 (D.Conn. 2002)) (emphasis added). "While the 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice . . . the corporation is obligated to prepare them so that they may give knowledgeable answers." *Id.* (internal quotations and citations omitted). "Accordingly, a party responding to a 30(b)(6) notice must '*prepare the designee* to the extent matters are reasonably available, whether from documents, past employees, or other sources.'" *Id.* (quoting *Scoof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC*, No. 10 Civ. 1391(LGS)(JCF), 2013 WL 1286078, at *2 (S.D.N.Y. March 28, 2013)) (emphasis added).

This Court has held that an ill-prepared corporate witness is "tantamount to a failure to appear." *Mirlis v. Edgewood Elm Hous., Inc.*, No. 3:19-CV-700 (CSH), 2023 WL 5981066, at *2 (D. Conn. Sept. 14, 2023) (internal citations and quotations omitted), and the Second Circuit is clear: "[i]f a deponent fails to satisfy Rule 30(b)(6) by refusing to designate a witness or producing an unprepared witness, the court may order sanctions . . ." *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 36 (2d Cir. 2015). Such sanctions include the reasonable expenses of having to retake the deposition. Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(c).



March 20, 2025
Page 3

### II.  **Argument**

#### A. **Mr. Evans was utterly and completely unprepared to testify regarding Topics 23 and 24 relating to Defendants' insurance policies and communications with insurers.**

Mr. Evans was noticed for Topics 23, Defendants' insurance policies covering risk of loss from hurricanes and storm damage, and Topic 24, Defendants' communications with insurers regarding risk of loss from hurricanes and storm damage. (*See* Ex. 1 at 7). Specifically, Topic 23 expressly called for testimony about "*[i]nsurance policies* regarding risk of loss to Terminal assets . . .." *Id.* (emphasis added). There is no dispute that Mr. Evans was the witness assigned this topic, as three weeks before the deposition, Defense counsel confirmed in writing that Mr. Evans would offer testimony on Topics 23 and 24. Furthermore, Mr. Evans testified at the outset of the deposition that he was prepared and expected to offer testimony on Topics 23 and 24. (Tr. 11:16-21).



Yet, when Mr. Evans was asked substantive questions on these topics, he testified

(Tr. 269:13-271:2). Given that Mr. Evans had
, CLF asked a series of questions about

(Tr. 269:17-279:16). This confirmed for CLF that Mr. Evans was unable to answer even the most basic questions about Defendants' insurance policies and communications with insurers. Thus, CLF ceased asking questions about these topics to avoid further wasted time due to Defendants' sanctionable conduct in failing to prepare their designated 30(b)(6) witness.

Following the deposition during the meet and confer process, Defendants offered to produce the declaration pages only of the insurance policies that Evans testified
and asked CLF if the Parties could resolve this issue with written questions and responses. CLF reviewed the ▮▮▮ policy declaration pages[3] Defendants produced on March 10, which had obviously not been made available to Mr. Evans. The declaration pages show

Corporate designee testimony on these policies and communications

---

[3] Defendants produced declaration pages for

MotleyRice®
LLC
ATTORNEYS AT LAW

March 20, 2025
Page 4

related to them are relevant to CLF's claims to understand these policies and how and ████
████████████████████████████████████████
████████████████████████ Plaintiff informed Defendants that the
policy declaration pages raised more questions than they answered and requested a deposition of
a new witness who is knowledgeable on these policies.  Defendants refused, stating they would
simply re-produce Mr. Evans after giving him the policies to read for the first time if so ordered
by the Court.

**B. Mr. Evans was unprepared to testify as to Topics 1 and 2 relating to Defendants' corporate structure.**

Similarly, despite being noticed, offered for, and claiming to be prepared to testify about
Topics 1 and 2 relating to Defendants' corporate structure (*See* Ex. 1 at 4; Tr. 10:10-14), Mr. Evans
was unable to provide even the most basic information about ████████████████████
████.  (Tr. 200:15-23).  When asked if he reviewed the corporate organization chart created by
Defendants' Counsel and produced by Defendants in this litigation, Mr. Evans testified he had
never reviewed anything of the sort in preparation for his deposition.  (Tr. 328:18-331:15).

Regarding Defendant Equilon, Mr. Evans stated that Equilon does not have any employees,
"[t]he people are all part of Shell Pipeline," (Tr. 227:18-19), which is inconsistent with
Defendants' response to ROG 11 that identifies an Equilon employee as working at the New Haven
Terminal.  (ECF 285-1 at 130).  Mr. Evans was not able to identify who the President of Equilon
was or how many vice presidents it had although he believed Equilon had both.  (Tr. 252:13-
253:10).  Mr. Evans was not able to identify the titles of the officers for Triton, the names of the
individuals who held those offices, or which roles within Trading & Supply had officer titles within
Triton. (Tr. 253:11-21; 268:1-13).  For Motiva, Mr. Evans testified that Motiva is not a legal entity
and so it did not have officers. (Tr. 268:15-21). Mr. Evans did not know if Triton or Equilon had
their own accounting groups or if they had a relationship with another Shell organization for such
services. (Tr. 267:7-12). Corporate designee testimony on the ownership, control, structure, and
management of Defendants themselves and within the Shell Group are essential to CLF's claims
to connect knowledge and best practices around the claims at issue in this case.

**C. Mr. Evans was unprepared to testify on Topics 3(g) and 21 involving Shell's Metocean Team.**

Mr. Evans was also unprepared to testify on Topics 3(g) and 21 involving Shell's Metocean
team.  Topic 3(g) covers the details of a specific Metocean DEP (those at ECFs 153 and 154), and
Topic 21 covers the services provided by the Metocean team to coastal facilities in the United
States, including Port Fourchon, and how those services are requested.  (*See* Ex. 1 at 4, 7).  Despite
Defendants' decision to designate Mr. Evans for these topics and Mr. Evans's statement that he

**MotleyRice®**
ATTORNEYS AT LAW

March 20, 2025
Page 5

would give testimony on these topics (Tr. 11:5-15), Mr. Evans was familiar with ███████ ████████████████████████████████████████████████████ (Tr. 141:13-143:24).

On Topic 21, CLF asked ████████████████████████████ █████████████████████████████████████ (Tr. 143:1-144:14). While Mr. Evans offered ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████ (Tr. 143:17-144:5). Mr. Evans's inability to testify further as to this issue is particularly egregious given that Topic 21 specifically pertains to the analysis done for the Port Fourchon facility regarding modeling of "vulnerability to inundation under hurricanes," a central issue in this case, that was performed by ██████████████████████ ██████████████████████ (*See* ECF 309-12 at 2). Corporate designee testimony on ██████████████████████████████████████████████████████████████ are relevant to CLF's claims as evidence of climate change knowledge and best industry practices.

**D. Mr. Evans was unable to answer any follow-up questions to Defendants' written responses to Topics 30 and 31 despite Defendants' representations he would be prepared to do so.**

Despite Defendants' agreement that Mr. Evans would be able to answer follow-up questions to Defendants' written responses to Topics 30 and 31 involving Defendants' technology infrastructure, document collection and production process, and records custodians, Mr. Evans was unable to provide even basic information about Defendants' document production process. (*See* Ex. 1 at 7–8). Mr. Evans responded to many questions that he did not know "anything beyond what I've read here in [Defendants' Counsel's written responses]." (Tr. 337:22-338:6; 339:13-18). Mr. Evans likewise was unable to answer basic questions about ████████████████ ████████████████████████████████████████████████████████████ ████████████ (Tr. 334:9-335:12). Corporate designee testimony on the process Defendants' use to identify document custodians and locations of documents are relevant to CLF's claims regarding Defendants' knowledge of documents and practices across the Defendants and Shell Group and related to pending motions on the adequacy of Defendant's document searches in this case.

**III.    Request for Relief**

Because Defendants did not meet their obligation under Rule 30(b)(6) to produce a knowledgeable corporate witness to provide binding testimony on properly noticed topics, and

March 20, 2025
Page 6

because Mr. Evans outright refused to answer many questions asked, Plaintiff is entitled to answers to questions Mr. Evans should have been able to answer but either refused or was not well enough prepared to do so. *See Sony Elecs., Inc. v. Soundview Techs., Inc.*, 217 F.R.D. 104, 112 (D. Conn. 2002) (holding additional 30(b)(6) deposition is warranted where designee's "testimony reveals gaps in his knowledge as well as evasive (and at times obnoxious) answers regarding specific topics.").

Plaintiff therefore hereby moves the Court to compel Defendants to produce a fully prepared witness to testify on Topics 1, 2, 3(g), 21, 23, 24, 30, and 31 found in Plaintiff's Notice of Deposition. (*See* Ex. 1 at 4, 7–8). Plaintiff agrees to limit the deposition to the specific areas of inquiry that Mr. Evans should have been able to discuss but was not well enough prepared to do so. In addition, Plaintiff is amenable to a Zoom deposition in order save costs. It is expected that Mr. Evans or an alternate witness will, among other things, review Defendants' corporate files and speak to any necessary individuals in order to provide binding corporate testimony on these properly noticed and agreed-upon topics. Finally, as this deposition has been necessitated by Defendants' lack of adequate preparation of its corporate designee, Plaintiff asks that Defendants bear the costs, including attorneys' fees, incurred as a result of this additional deposition.

Sincerely,


s/*Ridge Mazingo*

Ridge Mazingo (phv208402)*
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

*Attorneys for Plaintiff, Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*