UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Conservation Law Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Shell Oil Co., *et al.*, <br><br> Defendants. | Civil No. 3:21-cv-00933 (VDO) <br><br><br> April 15, 2025 |

**RULING AND ORDER ON DISCOVERY DISPUTE (ECF Nos. 549, 562)**

The plaintiff, Conservation Law Foundation, Inc. ("CLF"), served a Rule 30(b)(6) deposition notice on the defendants, Shell Oil Co. and several related companies, covering thirty-four topics. (ECF No. 550-1.) CLF contends that the defendants failed to prepare their designee to testify adequately on eight of the thirty-four. (Pl.'s Ltr. Br., ECF No. 562.) It therefore moved the Court for an order compelling the defendants "to produce a fully prepared witness to testify" on those eight topics, and for an award of fees. (*Id.* at 6.) In accordance with the undersigned's October 1, 2024 Discovery Order (ECF No. 473), the parties submitted their dispute for resolution in simultaneous letter briefs. (ECF Nos. 549, 550, 562.) For the following reasons, CLF's motion will be granted in part and denied in part.

**1. Applicable legal standards**

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, a corporation may designate a deponent to testify on its behalf. A corporation that receives a deposition notice under Rule 30(b)(6) "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the noticing party] and to prepare those persons in order that

1

they can answer fully, completely, unevasively, the questions posed . . . . as to the relevant subject matters." *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) (citation omitted). Producing an unprepared witness is "tantamount to a failure to appear." *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)).

At the same time, a Rule 30(b)(6) deposition is not "designed to be a memory contest." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *10 (E.D.N.Y. Feb. 11, 2022) (citation omitted). In other words, there is a "limit to the specificity of the information the deponent can reasonably be expected to provide." *U.S. ex rel. Fago v. M & T Mort. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006). Thus, a missed answer here or there does not constitute a failure to appear; but when the designee's failures are so profound as to leave him "wholly unable to render testimony" as to the corporation's knowledge on a noticed topic, sanctions can be appropriate. *Bank of New York*, 171 F.R.D. at 151-52.

**2. Application to this case**

Topics 1 and 2. Topic 1 from CLF's Notice of Deposition sought testimony on the "corporate structure, hierarchy, and management of each Defendant." (Pl.'s Ex. 1, ECF No. 550-1 at 4.) Topic 2 sought testimony on the "structure, hierarchy, and management of any line of business, unit, division, or other organization within Shell group . . . ." (*Id.*) CLF contends that the defendants' designee, Brian Evans, was unprepared to testify on these topics, for three apparent reasons. First, it notes that Mr. Evans did not review one particular corporate organizational chart to prepare for the deposition. (Pl.'s Ltr. Br., ECF No. 562 at 4.) Second, it states that Mr. Evans provided responses that are inconsistent with defendants' prior discovery responses. (*Id.*) Third, it complains that Mr. Evans did not know the answers to specific questions about Equilon and

2

Triton's corporate structure. (*Id.*) For their part, the defendants argue that Mr. Evans was prepared to testify to these topics, citing detailed answers that he provided in response to some of CLF's questions. (Defs.' Ltr. Br., ECF No. 549 at 3-5.)

Having reviewed the transcript and submissions, the Court concludes that Mr. Evans was sufficiently prepared to testify on Topics 1 and 2. The deficiencies that CLF points out show that his testimony was, at worst, "lacking in desired specificity in discrete areas." *Kyoei Fire & Marine Ins. Co.*, 248 F.R.D. at 152 (quoting *Bank of New York*, 171 F.R.D. at 151). Although he did not review one particular organizational chart, the fact that "one might envision additional preparatory steps" a witness may have taken does not itself demonstrate sanctionable unpreparedness. *K.S. v. City of New York*, No. 21 CIV. 4649 (JSR) (SLC), 2025 WL 307348, at *4 (S.D.N.Y. Jan. 27, 2025). And although he may have been unable to list from memory all the elements of the defendants' corporate structures over the past fourteen years, asking him to do so would have been both unreasonable and impractical. *See Dealer Computer Servs., Inc. v. Curry*, No. 12 CIV. 3457 JMF JLC, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) (declining to order 30(b)(6) witness to memorize "the identity, position, and title of each officer, director, and employee of all corporate defendants" because "[a] deposition is not a quiz, nor is it the most practical way to obtain such information"). Finally, if any of Mr. Evans' answers were inconsistent with other evidence in the record, such inconsistencies implicate the corporation's credibility, not its preparedness. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34-35 (2d Cir. 2015) (noting that the testimony of 30(b)(6) witnesses sometimes requires "correcting, explaining, or supplementing," though "a party whose testimony 'evolves' risks its credibility"). Because Mr. Evans was sufficiently prepared to testify to Topics 1 and 2, CLF's motion to compel further testimony on these topics will be denied.

Topics 3(g) and 21. Topic 3 sought testimony on ten classes of "policies, procedures, frameworks, standards, tools and processes," lettered 3(a) through 3(j). (Pl.'s Ex. 1, ECF No. 550-1 at 4.) CLF argues that Mr. Evans was unprepared to testify about sub-topic 3(g), "Design and Engineering Practices, including any related to" the defendants' "Metocean" unit. (*Id*.) Topic 21 sought testimony on "[s]ervices provided by Metocean team" and "types of services the Metocean team offers" to the defendants' Port Fourchon Facility and to on- and near-shore facilities in the United States, including "the circumstances under which those services are offered or performed." (*Id*. at 7.) CLF claims that Mr. Evans' testimony was deficient because he was "familiar with only a single Metocean employee" and was "unable to elaborate on the expertise of Metocean employees or their roles and work within Shell." (Pl.'s Ltr. Br., ECF No. 562 at 5.) CLF also alleges that Mr. Evans "could not elaborate on what the Metocean team did" beyond a few basic facts. (*Id.*) The defendants respond that Mr. Evans was prepared and that, in any event, Metocean employees have testified or are available to testify about their work, making further testimony from Mr. Evans unnecessary and duplicative. (Defs.' Ltr. Br., ECF No. 549 at 5-6.)

The Court concludes that the defendants met their preparation obligations with respect to Topics 3(g) and 21. First, several questions to which Mr. Evans did not have answers appear to be outside the scope of the topics. Topic 3(g) is limited to Design and Engineering practices ("DEPs"), and Topic 21 concerns services provided by the Metocean team. Neither topic expressly encompasses the names, training, or specific expertise of the Metocean employees. Second, Mr. Evans appears to have been adequately prepared to testify on the topics as they were noticed. He reviewed documents, including the specific DEPs referenced by CLF; he met with a Metocean employee to discuss what the Metocean team did and how they support Shell; and he reviewed studies from the Metocean team. (Defs.' Ltr. Br., ECF No. 549 at 5-6.) As with Topics 1 and 2,

while his level of preparation might have led to less specificity than CLF desired, it did not cross the line into being "wholly unable" to present the corporation's knowledge on the noticed topic. CLF's motion to compel further testimony on these topics will be denied.

<u>Topics 23 and 24.</u>  By contrast, Mr. Evans was "wholly unable" to present the defendants' corporate knowledge on Topics 23 and 24.  Those topics respectively sought testimony on "[i]nsurance policies regarding risk of loss to Terminal assets" due to various weather-related events, and "[c]ommunications with insurers regarding risk of loss to Terminal assets" due to such events.  (Pl.'s Ex. 1, ECF No. 550-1 at 7.)  CLF argues that Mr. Evans was unprepared to testify to these topics, as he did not read the relevant insurance policies and was unable to answer "even the most basic questions" about them.  (Pl.'s Ltr. Br., ECF No. 562 at 3.)  The defendants do not assert that Mr. Evans was prepared, but instead argue that further testimony is both irrelevant and unwarranted, saying that that there is "no information that Plaintiff needs on the insurance topic that isn't answered by the materials Plaintiff already has." (Defs.' Ltr. Br., ECF No. 549 at 6-7.) They note that they produced the insurance policies to CLF after the deposition concluded, believing that CLF can glean all the information it needs from those policies.  (*Id.* at 7.)

The Court concludes that further testimony on these topics is warranted.  The time for the defendants' relevance and proportionality objections was before they agreed to present a witness on these topics; having agreed to do so, the only question now is whether the witness was adequately prepared.  And unlike with Topics 1, 2, 3(g), and 21, it does not appear that Mr. Evans was remotely prepared to discuss Topics 23 and 24.  He had not reviewed the insurance policies, he did not review communications with insurers about the insurance policies, and he had apparently not read other insurance-related documents or spoken to anyone with personal knowledge prior to the deposition.  Although there is a limit to how prepared a witness is expected

5

to be, Mr. Evans did not take even basic steps to present the defendants' corporate knowledge about these topics, as evidenced by the fact that he was unable to answer even straightforward questions about the insurance coverage.  (*See* Dep. Tr., ECF No. 562-1 at 269:13-271:19, 272:10-273:13; 276:02-07, 276:13-278:04; 278:06-24; 279:11-16.)   Though Defendants produced insurance policies following the deposition, litigants are generally permitted to use a Rule 30(b)(6) deposition to "obtain testimony binding on the corporation even though that testimony [is] likely to essentially duplicate information . . . ."  *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010).  Furthermore, the defendants' production of the insurance policies would at best only address Topic 23; CLF would still be left lacking information about communications with insurers.  For the foregoing reasons, CLF's motion to compel further testimony on Topics 23 and 24 will be granted.

Topics 30 and 31.  Topics 30 and 31 sought information about the defendants' document storage systems and custodians, and about their searches for responsive documents. (Pl.'s Ex. 1, ECF No. 550-1 at 7-8.)  CLF asserts that it is entitled to further deposition testimony on these topics because Mr. Evans was "unable to answer any follow-up questions to Defendants' written responses to Topics 30 and 31" and failed to "provide even basic information about Defendant' document production process."  (Pl.'s Ltr. Br., ECF No. 562 at 5.)  The defendants, in turn, claim that the parties reached an agreement that the defendants would respond to these topics via written responses to "obviate the need for any deposition testimony on these subjects . . . ." (Defs.' Ltr. Br., ECF No. 549 at 7.)  Accepting the defendants' counsel's representations on this point, the Court declines to award CLF any further relief on Topics 30 and 31 on the current record.  But the denial is without prejudice to CLF's right to pursue these topics through other discovery devices or through further discussions with the defendants' counsel.

6

Fees and Costs. CLF requests an award of "costs, including attorney's fees, incurred as a result of this additional deposition." (Pl.'s Ltr. Br., ECF No. 562 at 6.) This request may fall under Fed. R. Civ. P. 37(d) (party's failure to attend deposition) or Fed. R. Civ. P. 37(a)(5)(C) (payment of expenses related to motion to compel). The Court declines to award fees and costs under either provision. To impose sanctions under Rule 37(d), "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 39 (S.D.N.Y. 2009) (quoting *Kyoei Fire & Marine Ins. Co.*, 248 F.R.D. at 152). Mr. Evans' deposition lasted for six hours and produced a transcript of more than 340 pages. In the Court's estimation, he provided sufficient testimony for many of the topics—and, even in CLF's view, he provided sufficient testimony on six topics. The alleged inadequacies in his testimony are not "egregious" enough to warrant sanctions. *See Jenkins v. XpresSpa Grp., Inc.*, No. 19CIV1774 (VEC/SLC), 2020 WL 1644012, at *5 (S.D.N.Y. Apr. 2, 2020) (denying request for sanctions when the plaintiffs did not take issue with two out of the five topics, and the 30(b)(6) witness "did in fact testify for nearly four hours as reflected in the over-140-plus pages of the transcript"); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 308 (S.D.N.Y. 2019) ("A six-hour long deposition, producing a transcript over 200 pages, does not rise to the level of a failure to appear."). The Court also declines to exercise its discretion to award costs under Rule 37(a)(5)(C). Because the results of CLF's motion to compel were mixed, the Court finds it appropriate for each side to bear its own fees and expenses regarding the completion and filing of the motion. *See Success Sys., Inc. v. CRS, Inc.*, No. No. 3:21-CV-01391 (SVN), 2023 WL 2403940, at *6 (D. Conn. Mar. 8, 2023) ("Courts have . . . declined to award fees where . . . the results of the requesting party's motion were mixed." (citation and quotation marks omitted)).

### 3. Conclusion and order

For the foregoing reasons, CLF's motion to compel the defendants to produce a 30(b)(6) witness to provide further testimony is granted in part and denied in part. CLF's motion to compel further 30(b)(6) testimony from the defendants on Topics 23 and 24 is granted. The defendants are ordered to designate a witness and adequately prepare him or her to testify to the "specific areas of inquiry" under Topics 23 and 24. The deposition shall be limited to the time remaining on the record.

The Court has carefully considered all the claims and arguments made in the parties' submissions, and it concludes that CLF is entitled to no other relief on the current record. CLF's motion to compel is therefore denied to the extent that it seeks an order directing further 30(b)(6) testimony from the defendants on Topics 1, 2, 3(b), 21, 30, and 31, and to the extent that it seeks an award of fees and costs.

So ordered this 15th day of April, 2025, at Hartford, Connecticut.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge