UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>*Plaintiff*,<br>v.<br><br>SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>*Defendants*. | Civil Action No. 3:21-cv-00933-VDO<br><br>May 15, 2025 |

**CONSERVATION LAW FOUNDATION INC.'S PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S ORDER NO. 582.**

Pursuant to Fed. R. Civ. P. 72(b)(2) and Rule 72.2(b) of the Local Rules of the United States District Court for the District of Connecticut, Plaintiff Conservation Law Foundation, Inc. ("CLF"), respectfully objects, in part, to Magistrate Judge Thomas O. Farrish's May 1, 2025 Order (ECF No. 582, "the Order"), denying CLF's Emergency Motion to Amend the Scheduling Order and for Sanctions (ECF No. 569) ("Motion"). CLF's Motion presented good cause to amend the scheduling order and discovery sanctions under Rule 37(b)(2)(A) and Rule 37(c)(1), and sought, among other things, a brief continuation of the deposition of Defendants' 30(b)(6) witness. CLF objects to the denial with prejudice of the request for a deposition continuation as sanction for discovery violations under Rule 37(b)(2)(A) and Rule 37(c)(1).

CLF's case primarily concerns the vulnerability of a bulk oil storage terminal in New Haven, Connecticut ("Terminal" or "New Haven Terminal") to risks from climate change

1

including weather-related risks (e.g. floods, hurricanes, storm surge, sea level rise) including evaluations and efforts to prepare, harden, and adapt the Terminal to plan for and protect against those hazards as required by environmental laws. CLF's RFPs, ROGs, 30(b)(6) Deposition Topics, and other discovery requests in this case directly relate to the core question of whether Defendants have ever evaluated the impacts of climate change at the New Haven Terminal and other similar facilities. Yet, for inexplicable reasons, Defendants withheld documents until the eleventh hour on precisely this topic. There is no legal justification for their willful failure to timely produce these documents.

CLF filed the Motion seeking, among other things, the reopening of Defendants' 30(b)(6) witness, because Defendants, without justification, willfully withheld documents directly relevant to core issues in this case, until after the 30(b)(6) depositions. These documents were in their possession since at least July of 2024 or were later created but not timely supplemented. On Friday, April 25, 2025 at 5:32pm ET, Defendants produced 88 documents revealing that they engaged a consultant, ALL4, to conduct a climate change risk assessment at their New England terminals (a fact that Defendants previously categorically denied). (*See* ECF No. 569 at 10-12).[1] Defendants had been ordered to produce those documents by August 19, 2024, (ECF 446), Defendants prepared a 30(b)(6) witness directly on the topic of these documents, the 30(b)(6) deposition occurred on February 6, 2025, CLF specifically requested supplementation on whether these documents existed on March 26, 2025, and fact discovery closed on March 31, 2025. As a result of Defendants' inexcusable withholding of their climate risk assessment of the Terminal, and unexcused delay in supplementing under Rule 26(e), Plaintiff was denied the opportunity to question Defendants' 30(b)(6) witness regarding the Climate Risk Assessment in the February 6,

---

[1] Pin cites to docket entries refer to the ECF header page number.

2025 deposition. Plaintiff received these documents on Friday evening, April 25, and immediately moved on Monday April 28, for an emergency extension of the expert deadline and for sanctions against Defendants, including a brief continuation of the deposition of Defendants' 30(b)(6) witness to ask questions about the late-disclosed ALL4 documents and the climate assessment being conducted by ALL4. (*See* ECF No. 569). These documents were relevant to numerous topics in the negotiated 30(b)(6) deposition notice, demanding the corporate designee have "full and appropriate knowledge" of "[d]efendant's knowledge of risks to the terminal from severe weather (e.g. hurricanes, tropical storms, flooding, storm surge) whether exacerbated by climate change impacts (e.g. sea level rise) or not." (*See* CLF Notice for 30(b)(6) Dep. (Feb. 5, 2025), ECF 550-1 at 5). Although the Magistrate Judge agreed to postpone the expert report deadline for Plaintiff by one week, he denied the remainder of Plaintiff's Motion. (*See* ECF No. 582). As set forth in detail below, CLF's inability to question Defendants' 30(b)(6) witness on highly relevant documents that Defendants blatantly failed to timely produce in violation of Rule 37 rewards Defendants' gamesmanship. CLF respectfully objects to ECF No. 582 Order, in part, and requests that this Court modify the Order to permit CLF an additional two hours to re-depose Defendants' 30(b)(6) witness[2] on these untimely produced and critical documents. In addition, CLF respectfully requests that Defendants be ordered to pay Plaintiff's expenses related to this continued deposition.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court," except for certain enumerated dispositive motions.

---

[2] CLF notes that Defendants have already been ordered to re-produce a 30(b)(6) witness to testify on topics where they were not adequately prepared, see Order, ECF 566 at 8, and Michael Sullivan has been identified as the witness who will sit for that deposition the Parties are still scheduling, see Joint Status Report, ECF 589 at 2.

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  Motions for sanctions for noncompliance with discovery orders pursuant to Rule 37 are ordinarily classified as non-dispositive and are reviewable by the district court under the "clearly erroneous or contrary to law" standard.  *Id.*  "A ruling is 'clearly erroneous' if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Ungar v. City of New York*, 329 F.R.D. 8, 11 (E.D.N.Y. 2018) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).  "Similarly, under the 'contrary to law' standard of review, a district court may reverse a finding only if it finds that the magistrate failed to apply or misapplied relevant statutes, case law or rules of procedure."  *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quotation marks, alterations, and citation omitted).  The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.  *Hoar*, 900 F.2d at 525, (citing 28 U.S.C.S. § 636(b)(1)(C)).

When determining whether there was "clear error," in a Magistrate's decision on a Rule 37 motion, courts in this Circuit consider whether the Magistrate Judge weighed the relevant factors in making their decision.  *See Holick v. Cellular Sales of N.Y., LLC*, No. 1:12-cv-584(NAM/DJS), 2018 U.S. Dist. LEXIS 246076, at *6–7, 2018 WL 11420757, at *3 (N.D.N.Y. July 3, 2018) (holding Magistrate Judge did not err because he "exercised his substantial discretion in weighing the relevant factors").  When considering Rule 37(c)(1) sanctions, the relevant factors are: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Holick*, 2018 U.S. Dist. LEXIS 246076 at *7 (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)).  Where the relevant factors weigh in favor of a remedy for untimely

4

produced discovery, the re-opening of depositions to mitigate prejudice faced by a party receiving late disclosed documents is a reasonable remedy "[the Magistrate] allow[ed] the Defendants to re-open the depositions of seven of the named Plaintiffs so that they could answer questions on the untimely produced commission payments . . . This additional discovery should mitigate any prejudice to Defendants regarding [the] [untimely] damages disclosure."). *Id*. 2018 U.S. Dist. LEXIS 246076, at *9.

## **BACKGROUND**

In response to the Court's March 29, 2024, Order on Plaintiff's Motion to Compel, ECF 372, Defendants produced hundreds of thousands of documents by the Court ordered deadline of August 19, 2024. (*See* Joint Status Rpt. (ECF 455) at 1–2). The documents included an email from June 19, 2024 and a chain of emails from July 7 and 8, 2024 between Theresea Geijer, the Shell Environmental Coordinator for the New Haven terminal, and employees from consulting company ALL4, Inc. These emails showed Ms. Geijer setting up a meeting, and then sending documents after that meeting, where Shell and ALL4, Inc. discussed drafting a climate change risk analysis of the New Haven and Providence Terminals for potential inclusion in future Stormwater Pollution Prevention Plans ("SWPPPs") and other Clean Water Act permits. Given that Ms. Geijer is a core ESI custodian in this case with 3,117 documents produced from her custodial file, it appeared from Defendants' productions to that date that additional responsive documents related to ALL4, Inc. did not exist in her custodial file. As it turned out, Defendants did move forward with their retention of ALL4, Inc. and there were many more responsive emails showing the continued discussions in July 2024, and then in November and December 2024 Defendants created climate change risk analyses and assessments but never disclosed this to CLF through supplemental document productions, amending ROG responses, or otherwise. Defendants represented that their

5

document production was complete until March 31, 2025. There is no dispute that the ALL4 documents were responsive to CLF's Requests for Production. Yet, Defendants did not produce them before the close of fact discovery March 31, 2025 or, critically, before the 30(b)(6) deposition on February 6, 2025.

On February 6, 2025, CLF asked Defendants' 30(b)(6) witness Michael Sullivan at his deposition about sea level rise assessments and other climate change analyses done for the New Haven Terminal in relation to the Terminal's Clean Water Act permits. Mr. Sullivan testified, consistent with Defendants' representations to CLF at the time, that such analyses were never conducted. (ECF No. 569, Michael Sullivan 30(b)(6) Deposition (Feb. 6, 2025), ECF No. 569 Ex. #A at 106:19–25, 107:17–25, 109:10–15, 250:21–251:2, 252:21– 253:2).

On March 26, 2025, CLF requested that Defendants supplement their prior productions under Rule 26(e) and produce documents "as to the existence of" and regarding "any work being conducted by the consultant ALL4 Inc. to draft a SWPPP for the New Haven and Providence Terminals." (ECF No. 569, Email from James Meinert to Defendants (Mar. 26, 2025) ("Meinert Email"), ECF No. 569 Ex. B at 3; see also Joint Status Rpt. (ECF 558) at 2 (noting CLF's request to supplement)). That request noted the bates numbers of the few emails with ALL4 Inc. that Defendants previously produced and also noted that communications and work product with ALL4, Inc. related to drafting a SWPPP would be responsive to multiple RFPs, and therefore if they existed imposed a duty on Defendants to supplement their productions to the extent they were to that point incomplete. (*Id*., *see* Meinert Email, ECF No. 569 Ex. B at 3). CLF demanded that Defendants produce any responsive documents in time to ensure review by CLF's experts before the Court-ordered April 10th site visit. *Id.*

On March 31, 2025, Defendants wrote to confirm that they were looking into CLF's request. (*Id.*, Email from Rose Jones to CLF (Mar. 31, 2025), ECF No. 569 Ex. B at 2; *see also* Joint Status Rpt., ECF 558 at 2). Later that day, Defendants, for the first time in this extended discovery effort, surprisingly confirmed in a phone call that there were, in fact, responsive consultant materials in their possession. In response to that revelation, counsel for CLF again demanded that they be produced pursuant to this Court's past orders and Defendants' ongoing duty to supplement their productions. On April 7, 2025, Defendants notified CLF that they were working to supplement their production consistent with CLF's demand and that they were "making every effort to deliver the supplemental production by April 10." (Email from Rose Jones to CLF (Apr. 7, 2025), ECF No. 569 Ex. C at 2; *see also* Joint Status Rpt., ECF 564 at 2 (noting Defendants "are looking into the request and are working to identify responsive, not privileged documents, if any, for potential production")).

Defendants did not produce any documents by April 10. After over two weeks of silence and inaction, Defendants finally produced 88 responsive documents on Friday, April 25, 2025, at 5:32pm ET. Of these 88 documents, 25 are emails and attachments from July 2024 that should have been produced before the ECF 372 deadline of August 19, 2024. CLF emailed Defendants on Sunday, April 27, 2025 to meet and confer regarding Plaintiff's intent to file an Emergency Motion to Amend the Scheduling Order and for Sanctions, including a reopening of the deposition of Defendants' 30(b)(6) witness. (ECF 569). That meet and confer took place on Monday, April 28, 2025, wherein CLF detailed the basis for the motion including an extended discussion of which bates numbered documents should have been produced at what times, Defendants stated that they opposed the motion. In that meet and confer, Defendants asked CLF to withhold filing the motion for an hour so they could confer with their client, CLF did so, and Defendants responded an hour

7

later they still opposed the motion. The Court held a teleconference to hear arguments on ECF 569 on Thursday, May 1, and subsequently issued its Order (ECF 582) denying, in pertinent part, CLF's motion "to the extent that it seeks . . . an additional two hours to re-depose the defendants' 30(b)(6) witness." (ECF No. 582).

## ARGUMENT

The Order is erroneous and contrary to law because the Court denied Rule 37(b)(2)(A) and Rule 37(c)(1) sanctions but did not consider the relevant factors for relief argued in Plaintiff's Emergency Motion for Sanctions and to Amend the Scheduling Order. The factual bases for the requested relief included that "Defendants' produc[ed] documents after the ECF 372 deadline on core issues to the case" and that "Defendants' fail[ed] to supplement [discovery] in a timely manner as the documents were created or in response to CLF's specific demand for supplementation." (ECF No. 569 at 13). Yet none of the facts nor many of the arguments as to discovery sanctions from Plaintiff's Motion are referenced by the Magistrate Judge in the Hearing Transcript on the issue of reopening the deposition of Defendants' 30(b)(6) witness. (*See* ECF No. 588.) Rather, with regard to that issue, the Magistrate Judge cut off CLF's presentation on the basis for sanctions, and focused solely, and "briefly," on whether Defendants' 30(b)(6) witness was being "untruthful" in response to certain questions he was asked. (ECF No. 588, at 11:9-12:10). Although CLF does contend that Defendants' 30(b)(6) witness was not forthcoming in his testimony, the truthfulness of his testimony was not the basis for relief in CLF's motion and is not a relevant consideration for Rule 37(b)(2)(A) or 37(c)(1) sanctions. Indeed, the crux of CLF's argument to reopen the deposition, and for other sanctions, was that CLF was prejudiced by the late production of documents, which violated a Court Order and Rule 26(e)'s requirement to timely supplement, and the resulting inability by CLF to question Defendants' corporate representative

8

on these crucial documents. (*See* ECF No. 569).³ Thus, the Magistrate Judge failed to consider the appropriate factors or weigh the evidence relevant to Defendants' violations of the rules detailed in CLF's Motion and the prejudice to CLF in his ruling on the Motion.

CLF identified three independent grounds for finding Defendants' conduct warranted a reopening of Mr. Sullivan's 30(b)(6) deposition: (1) Defendants willfully withheld the ALL4 climate resiliency assessment documents until April 25, 2025, <u>one week before</u> CLF's deadline to disclose expert reports and despite a Court Order to produce these materials by August 19, 2024; (2) Defendants failed to timely supplement their prior productions with these responsive materials (while preparing a 30(b)(6) witness who was involved in these documents on topics exactly covering these materials); and (3) Defendants did not timely supplement their prior productions when CLF specifically identified and requested the responsive materials, instead waiting a month to produce 88 documents. The Magistrate Judge should have considered basis (1) above for the Rule 37(b)(2)(A) request, and bases (1), (2), and (3) above for the Rule 37(c)(1) request. Rule 37(c)(1) provides for an automatic preclusion sanction, but in lieu, allows any of the sanctions listed under Rule 37(b)(2)(A). See *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d. Cir. 2006) (holding that Rule 37(c)(1) is an automatic sanction that does not require a consideration or finding of bad faith). CLF requested under both Rule 37(b)(2)(A) and 37(c)(1) the Court provide the curative continuation of the Deposition as the sanction most appropriately tailored to the discovery abuse at issue.

---

³ There are two main issues in this case to be resolved at trial. The first issue is whether the reference to best industry standards in the Connecticut permit requires Defendants to consider the risks of climate change to the terminals and its SWPPP. The second issue, assuming best industry practice does require Defendants to consider the risks of climate change, is how the terminals and the SWPPPs need to be modified, if at all, to meet those standards. At a minimum, these untimely produced documents speak to that second issue.

### 1. The Magistrate Judge Did Not Consider the Correct Factors for a Rule 37(b)(2)(A) Motion for Sanctions.

When a litigant violates a court order, Rule 37(b)(2)(A) authorizes sanctions. Defendants did not contest that there are emails created before August 19, 2024 that were not produced until April 26, 2025. (*See* ECF No. 581 at 11, 14 (agreeing Defendants did not produce "more inclusive threads" of emails—meaning they produced the first few replies to an email but did not produce the later discussions on that tread—that were created before and should have been produced by the ECF 372 deadline)). Defendants also did not contest whether those recently produced emails met the Rule 26(e) standard, meaning their omission rendered the prior discovery response incorrect or incomplete in a material respect. (*See id.* at 9 (noting they reviewed a set of documents to determine if supplementation was warranted and supplemented with 88 documents)). Defendants' Opposition to CLF's Motion extensively discusses how some of the emails they failed to produce had attachments that were actually duplicates of other documents in the production of this matter or the associated RI matter. (ECF No. 581 at 11-12). This would not have been a basis to conclude the emails were not produced by their deadline, and if the Magistrate Judge had considered this argument as a reason to find no violation occurred, no sanction was warranted, or CLF's requested relief was not warranted, any of those would be a clear error of fact. Given the uncontested fact that documents in existence by the deadline (and CLF showed some appear to have been collected during the ECF 372 compliance period, ECF 369 at 15) were not produced until April 26, 2025, the Magistrate Judge should have considered the context of the case and decided whether the discovery violation warranted sanction using the factors CLF cited in its Motion. (ECF No. 569 at 9 (providing factors for determining to impose sanctions from *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010))). It was contrary to law for the Magistrate Judge to make no finding whether there was a discovery violation and then not apply the factors for

determining if a sanction should be imposed. (*See* ECF No. 588, at 11:9-12:10). The Magistrate Judge also did not consider the factors that guide the district court in selecting a sanction. (*See id.*). The district court has broad discretion in fashioning a remedy for discovery violations. *See, e.g.*, *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002); *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). The only limitations on a district court's "wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)" are "that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed." *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365–66 (2d Cir. 1991). In this instance, Defendants withheld documents pertaining to an issue at the heart of this case, despite being under a Court order to produce them. Defendants benefited from their bad faith behavior by keeping CLF in the dark as it prepared to take Defendants' 30(b)(6) deposition and as it made decisions on the necessity of additional fact deposition testimony. CLF did not request the severe sanctions listed in Rule 37(b)(2)(A)(i) through (vii), but merely requested the discovery action that would put CLF in the position it would have been in absent Defendants' discovery violation.

Rule 37(b)(2)(A) does not provide for automatic sanction, instead noting the court "may issue further just orders." CLF does not argue that the Magistrate Judge committed clear error contrary to law by denying CLF's requested relief with prejudice, as the Rule and case law would allow such discretion. However, it is contrary to law to not make the finding that the relevant factors need not be weighed. If the Court should rule the Magistrate Judge was not within his discretion to deny CLF's request with prejudice without any findings or determination on the relevant factors under Rule 37(b)(2)(A).

### 2. The Magistrate Judge Did Not Consider The Correct Factors for a Rule 37(c)(1) Motion for Sanctions.

Rule 26(e) creates a duty to supplement that applies to a party who has made a discovery response, who then "must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). The purpose of the duty to supplement under Rule 26(e) is to prevent the type of unfair gamesmanship that has occurred in this case and is the subject of CLF's Motion. The purpose of Rules 37(c)(1) is to ensure parties do not benefit from their own noncompliance, prevent prejudice to other parties in the litigation and restore them to the position they would have been absent the discovery violation, and to serve a general deterrent effect in the case and other litigation. The willfulness of a violation is a factor this Court considers when determining an appropriate sanction, and this Court has found a number of behaviors count as "willful," including: "repeated tacit non-production, inadequate production, and delays in production . . . misrepresentations of available documents, to outright and unambiguous defiance of court orders." *Roberts v. Bennaceur*, No. 3:12-CV-01222-JAM, 2015 WL 1471889, at *11 (D. Conn. Mar. 31, 2015).

Here, metadata shows that Counsel retrieved the climate risk assessment in July 2024, roughly one month before their court-mandated deadline under ECF 372 and **nine months** before they produced them. (*See* ECF 569 at 19 & n.1,2). In CLF's Motion it was shown that climate change risk assessment analyses were conducted by Defendants in November and December 2024. (*Id.* at 11–12). Those assessments were commissioned and overseen by Theresea Geiger and Michael Sullivan who are two of Defendants' primary ESI custodians and Defendant employees regularly involved in this litigation – both have submitted affidavits for Defendants' motions and

12

Mr. Sullivan sat as a 30(b)(6) witness on February 6, 2025. (*See id.* at 20–21). It is uncontested by Defendants that these documents fell squarely within Defendants' duty to supplement discovery responses under Rule 26(e). (*See* ECF No. 569 at 6-7). Rule 26(e)'s duty to supplement is not triggered by Counsel of record learning of a document's existence but rather is based on when it was known to the Party. Fed. R. Civ. Pro. 26(e)(1)(A) ("a party who has made a disclosure . . . must supplement or correct its disclosure or response: in a timely manner if the *party* learns that in some material respect the disclosure or response is incomplete or incorrect.") (emphasis added). CLF's Motion showed that the Party knew of the ALL4 engagement as it was happening and knew of each document as it was created. (*See* ECF No. 569 at 20–21). Furthermore, CLF's Motion showed that Defendants Counsel of Record almost certainly found out about these documents while preparing Mr. Sullivan for his 30(b)(6) deposition. (*Id.*). Defendants' Opposition to CLF's Motion did not disclaim knowledge of the documents from the 30(b)(6) preparation, or indeed at any point. (*See id.* at 17–22 (electing only to argue Mr. Sullivan's testimony was truthful within the questions asked and making no argument whether Mr. Sullivan or Counsel discussed the ALL4 recent climate change risk assessments). Yet, in flagrant violation of the Rule 26(e), Defendants waited until April 25, 2025 to produce these documents. Given the undeniable relevance of the documents to fundamental issues in the case, there is no excuse for Defendants' willfully late production.

Unlike Rule 37(b)(2)(A), Rule 37(c)(1) is an automatic sanction. For this aspect of CLF's Motion, the Magistrate Judge did not have discretion to decide no sanction was warranted if the Judge found there had been a violation. (*See Design Strategy, Inc. v. Davi*s, 469 F.3d 284, 296, 298 (2d Cir. 2006) (declining to read in a requirement of a showing of bad faith into Rule 37(c)(1) and holding that the automatic sanction of preclusion may include "other, less drastic, sanctions"

in addition or in lieu of preclusion)). However, the Magistrate Judge denied CLF's request for sanction without any analysis, finding, or statement whether there had been a violation of Rule 26(e)'s duty to timely supplement. This is both clear error and contrary to law as Rule 37(c)(1) requires sanction if there has been a violation, so the Court's denial without prejudice could only be supported by a finding there was no violation of 26(e), but that finding was not made by the Magistrate Judge. The Magistrate Judge's Order also failed to consider the factors outlined in CLF's Emergency Motion to Amend the Scheduling Order and for Sanctions as to which sanction to apply and is thus also clear error and contrary to law for that failure to weigh the appropriate factors. CLF requests the prejudice to CLF be remedied through modification of Order No. 582.

## CONCLUSION

In conclusion, CLF respectfully requests that this Court modify Order No. 582 to permit CLF an additional two hours to re-depose Defendants' 30(b)(6) witness on these untimely produced critical documents. In addition, CLF respectfully requests that Defendants be ordered to pay CLF's expenses related to this continued deposition.

Dated: May 15, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ Ridge Mazingo*
Ridge Mazingo (phv208402)*
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Linda Singer (phv208339)
Elizabeth Smith

14

401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

James Meinert (ct31637)
Zachary Manley (pvh207600)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
Tel: (617) 850-1707
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908

Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

*Attorneys for Plaintiff Conservation Law Foundation, Inc.*

*\*Admitted as Visiting Attorney*