## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION, INC.,

Plaintiff,

v.

SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,

Defendants.

Case No: 3:21-cv-00933-VDO

May 21, 2025

## JOINT SUBMISSION REGARDING MEET & CONFER ON EXTENSION OF EXPERT REPORT DEADLINE AND SCHEDULING ORDER

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") and Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file this Joint Submission regarding their efforts to meet and confer on the extension of Defendants' June 9, 2025 deadline to serve expert reports on issues which they do not bear the burden of proof, as directed in the Court's Order of May 19, 2025 [ECF 593].

Plaintiff served Defendants with seven expert reports on May 8, 2025. Under the terms of the current Scheduling Order [ECF 507], Defendants' expert reports regarding issues on which they do not bear the burden of proof are to be served on June 9, 2025. That schedule was based on the Parties jointly agreed upon and submitted schedule from earlier this year. *See* Joint Mot. for Extension of Dis. Deadlines (Jan. 8, 2025), ECF 506. For reasons more thoroughly explained below, on May 19, 2025, the Court stated it "is inclined to agree" Defendants should be able to see

1

deposition testimony "sufficiently in advance of their expert disclosure deadline." ECF 593. CLF offered June 3, 2025 yesterday, and the parties continue to confer on the date for that deposition. Plaintiff's position is that a June 3, 2025 deposition would allow Defendants 6 days to incorporate any testimony into their expert opinions. Defendants' position is that even a June 3, 2025 deposition, if the deposition is actually scheduled for that day, would not provide Defendants with CLF's deposition testimony "sufficiently in advance" of the deadline such that Defendants could even receive the transcript that day or be able to provide their experts with a reasonable period of time to process and respond to that testimony. The Court also ordered the Parties to "meet and confer for the purpose of agreeing on (1) a new date for CLF's 30(b)(6) deposition, and (2) a mutually agreeable extension of the June 9, 2025 expert disclose deadline," and to present any agreement "if they reach an agreement" in this joint report. ECF 593.

As discussed, the parties have met and conferred regarding Plaintiff's 30(b)(6) deposition, and Plaintiff has offered to produce its 30(b)(6) witness for deposition on June 3, 2025. The parties continue to meet and confer on the date of Plaintiff's 30(b)(6) deposition, and anticipate that they will be able to finalize an agreed date for this deposition in the coming days.

However, the parties have been unable to reach agreement on a proposed extension of the June 9, 2025 deadline for the service of expert reports on issues which do not bear the burden of proof. Accordingly, the parties submit their respective positions below, as requested by Court.

### Defendants' Position

As Defendants have already reported to Court, the June 9, 2025 deadline has become impracticable for two separate reasons.

***First***, Defendants are preparing a Motion to Strike certain claims and opinions in Plaintiff's expert reports, for which the Court has directed Defendants to file an initial letter brief on May 23,

2025, compliant with the Court's protocols outlined in ECF 473, ¶ 4.

Defendants' position is that certain claims and opinions in Plaintiff's expert reports are jurisdictionally deficient or otherwise invalid, in that: 1) they were not properly noticed in Plaintiff's required pre-suit Notice of Intent to Sue, which is a jurisdictional requirement in environmental citizen suits such as this one, and prohibits Plaintiff's ability to prosecute such new and/or additional claims in this case; 2) they include claims and opinions regarding alleged violations of other state and federal laws that are not covered under the purview of the Clean Water Act (CWA) and Resource Conservation and Recovery Act (RCRA), and therefore not included in the limited authorization for this citizen enforcement action filed pursuant to those Acts; and 3) they include claims and opinions related to Plaintiff's "climate change" and "climate adaptation" claims that do not constitute violations under either the CWA or RCRA, and have been mooted and invalidated by the new Connecticut Department of Energy and Environmental Protection ("CT DEEP") Draft Permit which is subject to Defendants' currently pending Motion to Stay Proceedings and Discovery related to such claims until the upcoming finalization of that permit by CT DEEP [ECF 584]. Defendants will substantiate these arguments with appropriate statutory, regulatory and case law in its brief that is due to be filed on May 23, 2025. However, it is well settled that the failure to identify an alleged violation in a pre-suit NOI with sufficient specificity warrants dismissal of any claim based on that alleged violation. *Catskill Mountains Ch. Of Trout Unlimited, Inc. v. City of N.Y.,* 273 F.3d 481, 488 (2d Cir. 2001).

Defendants' initial letter brief in support of its Motion to Strike is due on May 23, 2025, and Plaintiff's initial opposition brief is presently due by May 28, 2025.[1] The Court has also anticipated that more fulsome briefing and/or oral argument may become necessary following its

---

[1] Plaintiff contacted Defendants on May 20, 2025 to request an additional two days to file their opposition brief on May 30, 2025. Defendants have advised that they will not oppose this request for additional time.

review of the parties' initial letter briefing. [ECF 593]. For these reasons, it appears unlikely that Defendants' Motion to Strike will be resolved prior to June 9, 2025, much less "sufficiently in advance of their expert disclosure deadline," [ECF593] such that Defendants or their experts will know which of Plaintiff's experts' claims and opinions have survived the Motion to Strike, and which of those claims and opinions that Defendants' experts will be expected to rebut and respond to. This is significant, considering the substantial time and resources that Defendants would otherwise be required to expend to respond to claims and opinions which are jurisdictionally deficient and Defendants do not believe should be part of this case.

*Second*, Defendants have not yet been able to complete the Rule 30(b)(6) deposition of Plaintiff, which was previously scheduled for May 13, 2025 but canceled due to a medical emergency with Plaintiff's witness. The Notice of Deposition includes 33 broad topics which the Court has allowed to proceed to questioning [ECF 566], on significant issues which Defendants submit are crucial to their experts' opinions. Indeed, the Court has already issued an initial Order stating that it "is inclined to agree with the defendants that they should have the benefit of CLF's 30(b)(6) deposition testimony sufficiently in advance of their expert disclosure deadline." [ECF 593]. Defendants have a fundamental right to depose Plaintiff before serving their expert reports in this case. Indeed, Plaintiff was permitted to conduct Rule 30(b)(6) depositions on February 6, 2025 and February 13, 2025, nearly **three months** before its expert reports were served on May 8, 2025. Defendants must be afforded the same opportunity, and even if Plaintiff's deposition may be conducted on June 3, 2025, that will not provide Defendants "the benefit of CLF's 30(b)(6) deposition testimony sufficiently in advance of" the June 9, 2025 deadline. Defendants further submit that the existing scheduling order was entered in contemplation of completing Plaintiff's 30(b)(6) deposition well in advance of the June 9, 2025 expert report deadline, yet Defendants

have been unable to do so despite the Court entering its Order regarding the scope of CLF's 30(b)(6) deposition on April 15, 2025 and Defendants' request for deposition dates shortly thereafter.   [ECF 566].   For the reasons discussed herein, that deadline has now become impracticable.

For these reasons, Defendants propose that the June 9, 2025 expert report deadline be extended to 30 days after: 1) the Court's resolution of Defendants' Motion to Strike, including any motions for reconsideration and/or further challenges to Judge Oliver; or 2) the completion of Plaintiff's Rule 30(b)(6) deposition, whichever is later.   Defendants proposed this timeframe for the extension of the deadline to Plaintiff's counsel on May 20, 2025, but as of the filing of this Joint Submission, have not heard back from Plaintiff regarding its position.

**Plaintiff's Position**

Federal Rule of Civil Procedure Rule 16(b)(4) provides that a schedule may be modified only for good cause and with the Court's consent. Defendants have not shown good cause to extend this case any further or modify existing deadlines.  Defendants "motion to strike" is a dispositive motion in disguise. As explained in CLF's Motion for Reconsideration filed earlier today (ECF 595)[2] which CLF incorporates herein, the myriad of issues that Defendants raise at the eleventh hour, including their May 6, 2025 Motion to Stay based on a *draft permit* (ECF 584), would dispose of important issues that could have been raised earlier in this litigation instead of limited letter briefs on purported "discovery" issues.  Likewise, as explained below, Defendants have failed to identify any facts that testimony from CLF's

---

[2] Defendants do not believe that Plaintiff has provided sufficient grounds for its motion for reconsideration of the Court's initial Order directing the parties to meet and confer on an extension, nor that Plaintiff should essentially be permitted to brief this dispute twice.   Defendants oppose Plaintiff's request for reconsideration and will prepare an opposition brief to be submitted as soon as possible.

30(b)(6) designee could give that would impact their experts' reports. To the extent Defendants assert they need an extension they can move to supplement their expert opinions as needed.

Defendants could have raised their alleged jurisdictional and scope issues earlier in this case. As an initial matter, Defendants attempt to turn per-suit notice into a jurisdictional issue without acknowledging that the issue is not settled in the Second Circuit law is highly inappropriate. They know, or should know, that the Second Circuit has not ruled on this issue definitively and the circuits are split. *See, e.g.*, *Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth.*, 4 F.4th 63, 72–73 (1st Cir. 2021) (acknowledging the circuit split and holding the notice requirements are procedural, rather than jurisdictional).

Defendants also have not shown good cause for an extension of the expert deadlines based on alleged deficiencies in CLF's notice letters. They have not provided any legal or factual citations to show good cause, including whether any court has ever taken up these issues in the context of a motion to strike expert opinions. Moreover, CLF's discovery responses, first served in June of 2022, also set forth in detail the violations of the CWA and RCRA Plaintiff is alleging. Defendants were on notice of at least some of the issues they intend to raise regarding CLF's notice letters and should have either raised the issues then or asked this Court to build time into the scheduling order for briefing. The did neither.

Defendants also raise numerous claims that CLF's citizen suit notice letters were insufficient and that CLF's claims are outside the scope of the CWA and RCRA. However, they have been on notice of these issues since receiving CLF's NOI on July 28, 2020 (ECF 47-1). For example, Defendants alleged in their Sunday, May 18, 2025 Letter to CLF that expert opinions regarding the Connecticut Coastal Management Act (CMA) are beyond the

6

jurisdiction of this Court and are unenforceable in a Clean Water Act citizen suit. However, CLF included violations of the CMA in its nearly five-year-old NOI explaining that the Clean Water Act permit at issue in this case includes a condition that incorporates applicable goals and policies in the CMA. ECF 47-1 at 9. CLF's Amended Complaint references this permit violation as well. ECF 47 at 5, 36–38; 79–80 (Count II – Violation of the Clean Water Act – Activity Inconsistent with the Coastal Management Act and Causing Adverse Impacts to Coastal Resources). Defendants could have moved to dismiss these claims at an appropriate time as a dispositive motion but did not. *See* Defs. Mot. to Dismiss Am. Complaint (Feb. 25, 2022), ECF 50-1, at 44 (discussing compliance with the CMA but not claiming the CMA count is jurisdictionally deficient).

Defendants have also already asked this Court to stay discovery in this case based on the CT DEEP ***draft permit*** (ECF 584). Defendants are attempting to circumvent the Court's resolution of this issue via expedited discovery briefing. It is improper and an abuse of the discovery process.

Regarding Defendants' need for a 30(b)(6) deposition to complete their expert reports, CLF respectfully disagrees that Defendants' experts would require any information from CLF's designee, and Defendants fail to offer any specific topic or example of 30(b)(6) testimony that their experts might require. CLF does not own or operate the terminal, CLF is not an expert within the meaning of the Federal Rules, and CLF has already submitted its expert reports in this matter. Defendants have not identified any facts that CLF's designee could admit to that would be relevant to Defendants' expert reports. Indeed, CLF's knowledge is not at issue in a citizen suit where CLF steps into the shoes of the regulator. *Cf. U.S. S.E.C. v. Nutmeg Group., LLC*, 285 F.R.D. 403, 404–5 (N.D. Ill. 2012) (admissions about

7

a regulator's knowledge would be inadmissible at trial, the facts of the case were either true or not, and importantly the regulator's current state of knowledge is not relevant to or probative of anything).  To the extent Defendants' experts will allegedly offer opinions based on 30(b)(6) testimony, they can supplement their reports at an appropriate time rather than have additional time to review CLF's expert reports and draft their own beyond what the schedule currently allows.

### **Conclusion**

The parties thank the Court for its consideration and courtesies, and remain available to appear for a hearing or submit any additional information or briefing on these issues at the Court's request.

Dated: May 21, 2025

Respectfully submitted,

*/s/ James Y. Meinert*
Zachary Manley (pvh207600)*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1707
Tel: (617) 850-1744
E-mail: zmanley@clf.org
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle
(ct31370) Conservation
Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

*/s/ Douglas A. Henderson* (with permission)
Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowely@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)
Elizabeth Smith
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*

825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: 1.410.230.1305
rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*