UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-VDO |
| v. | |
| EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | May 23, 2025 |
| *Defendants*. | |

**DEFENDANTS' RESPONSE IN SUPPORT OF MOTION TO SEAL [ECF 570];
AND RELATED MOTION TO SEAL PARAGRAPH 10 OF
DECLARATION OF THERESA GEIGER**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut, Defendants file this Response in Support of sealing the following documents identified in Plaintiff's Motion to Seal [ECF 570] Exhibits D-H of Plaintiff's Motion to Amend the Scheduling Order and for Sanctions [ECF 569] ("Plaintiff's Motion"). Defendants further request that the Court should preserve the redacted status of all portions of Plaintiff's Motion that refer to these confidential and sensitive business records.

I.  **BACKGROUND**

On July 7, 2021, this Court issued a Standing Protective Order. *See* ECF No. 7. The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id*. at ¶ 14.

On April 28, 2025, Plaintiff filed a Motion which included eight exhibits—six of which were properly filed under seal due to their production as "Confidential" records under the

Standing Protective Order.  *See* ECF 569, Ex. A; D-H.  Plaintiff also properly redacted portions of its written motion that referenced or quoted certain portions of these confidential exhibits.

On April 28, 2025, Plaintiff also filed an attendant Motion to Seal those confidential records.  Defendants hereby submit its Response in support of such sealing to maintain the confidentiality of Defendants' non-public and sensitive business records.  In support, Defendants attach the Declaration of Theresa Geiger to substantiate the reasons why this Court should maintain certain exhibits—and the related references in Plaintiff's Motion—under seal and in their redacted form, respectively.  Due to the confidential nature of the information submitted in the Declaration of Theresa Geiger, specifically Paragraph 10, Defendants further request that Court seal Paragraph 10 of Ms. Geiger's Declaration.

## II.    LEGAL STANDARD

While there is a "strong and well-established presumption of public access to judicial documents and proceedings, the public's access to court documents may 'be surmounted' in order 'to further other substantial interests, such as to preserve higher values.'" *CSL Silicones, Inc. v. Midsun Grp., Inc.*, 2017 U.S. Dist. LEXIS 189918, at *2 (D. Conn. 2017); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 123-24 (2d Cir. 2006).  "[T]he presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment.  Thus, while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).  Under the Local Rules of the District of Connecticut, "[p]ursuant to a

2

Court order supported by a particularized showing of good cause, a filing or document may be entered on the docket simply as 'Sealed Document' …" D. Conn. L. R. Civ. P. 5(e)(3).

**III.    ARGUMENT**

Defendants respectfully request that CLF's unredacted Motion and corresponding Exhibits D-H remain under seal.[1]  There is good cause to seal each of these documents (and the corresponding portions of Plaintiff's Motion), which Defendants properly produced in discovery with CONFIDENTIAL designations and markings under the Standing Protective Order. *See* ECF No. 7 at ¶ 3 & ¶ 14.  These documents should remain sealed and confidential because they contain sensitive and non-public business information to which Defendants maintain a legitimate interest in confidentiality. *See* Ex. 1, May 15, 2025, Declaration of Theresa Geiger, at ¶ 10.

In addition, good cause exists to seal and maintain the confidentiality of the unredacted version of CLF's Motion that discusses, quotes and references the confidential portions of Exhibits D-H.  Maintaining the public version of Plaintiff's Motion in its redacted form would continue to serve the important interest of preserving the confidentiality of Defendants' sensitive and non-public business record and information, keeping only the Designated Material confidential while making the majority of CLF's Motion accessible to the public.

For all these reasons, Defendants' respectfully request that Plaintiff's Motion to Seal [ECF 570] Defendants' properly designated confidential material should be granted as to Exhibits D-H thereto, as well as all portions of Plaintiff's written Motion that reference, quote or

---

[1] Defendants do not challenge the confidentiality of the specific citations to the February 6. 2025 deposition testimony of Defendants' Rule 30(b)(6) designee, Michael Sullivan, which are contained in Exhibit A of Plaintiff's Motion.  While Defendants maintain the confidentiality of the remaining, properly designated confidential portions of Mr. Sullivan's deposition testimony, Defendants will not request the continued sealing of the specific and limited testimony included in Exhibit A of Plaintiff's Motion.

discuss such exhibits. As stated, Defendants also request that the Court seal Paragraph 10 of the Declaration of Theresa Geiger.

## IV.  CONCLUSION

Defendants respectfully request that the Court enter an Order sealing Exhibits D-H of Plaintiff's Motion (ECF. 569-4 through 8), as well as all portions of its written Motion that reference, quote or discuss such exhibits, all of which contain non-public and sensitive business information to which Defendants maintain a legitimate interest in confidentiality, and should remain sealed. Defendants further specifically request that the Court seal Paragraph 10 of the Declaration of Theresa Geiger, for the same reasons.

Dated: May 23, 2025

Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

        Anthony G. Papetti (phv206982)
        Beveridge & Diamond, P.C.
        825 Third Ave., 16th Floor
        New York, NY 10022
        T: (212) 702-5400
        F: (212) 702-5442
        apapetti@bdlaw.com

        James O. Craven (ct18790)
        WIGGIN AND DANA LLP
        One Century Tower 265 Church Street
        P.O. Box 1832
        New Haven, CT 06508-1832
        T: (203) 498-4400
        F: (203) 782-2889
        jcraven@wiggin.com

        John S. Guttmann (ct25359)
        Beveridge & Diamond, P.C.
        1900 N Street, NW, Suite 100
        Washington, DC 20036
        T: (202) 789-6020
        F: (202) 789-6190
        jguttmann@bdlaw.com

        Bina R. Reddy (phv20420)
        Beveridge & Diamond, P.C.
        400 West 15th Street Suite 1410
        Austin, TX 78701-1648
        T: (512) 391-8000
        F: (202) 789-6190
        breddy@bdlaw.com

        Megan L. Marzec Morgan (phv20623)
        Roy D. Prather III (phv206800)
        Beveridge & Diamond, P.C.
        201 North Charles Street, Suite 2210
        Baltimore, MD 21201-4150
        T: (410) 230-1305
        F: (410) 230-1389
        mmorgan@bdlaw.com
        rprather@bdlaw.com

        ***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025 a copy of the foregoing Response to Plaintiff's Motion To Seal (ECF No. 570) was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com