# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br> May 15, 2025 |

### DECLARATION OF THERESA GEIJER

1. My name is Theresa Geijer. I am currently employed as an Environmental Advisor for Shell Pipeline Company LP and provide regulatory support to the terminal in New Haven, CT owned by Triton Terminaling LLC. I have personal knowledge of the information set forth herein.

2. I hereby submit this Declaration in support of Defendants' Response to Plaintiff's Motion to Seal [ECF 570] its Emergency Motion to Amend the Scheduling Order and for Sanctions [ECF 569], which is being submitted contemporaneously with this Declaration.

3. In connection with my position with Shell Pipeline Company LP, I have personal knowledge of the internal document classification terminology utilized by companies and businesses in the Shell group of companies, including documents and information regarding non-public, sensitive and/or proprietary business practices which Defendants have a legitimate interest to maintain as confidential.

4. I have reviewed Plaintiff's Motion to Seal [ECF 570] portions of its Motion to Amend the Scheduling Order and for Sanctions [ECF 569] ("Plaintiff's Motion") and Exhibits D-H thereto

(ECF Nos.569-4-569-8).  Plaintiff's Motion, and Exhibits D-H, contain references to information and documents which contain non-public, sensitive and/or proprietary information regarding Defendants' business practices which Defendants maintain as confidential.

5. Among other reasons, Defendants maintain certain documents and information as "confidential" when they include commercially valuable and other competitively sensitive information, intellectual property such as trade secrets and confidential technical information, and certain types of personal data. "Confidential" documents can only be shared with selected staff and selected external parties because sharing may result in value erosion, financial loss, reputational damage, harm to a party, or a breach of a law, regulation or agreement.

6. In addition, Defendants also maintain certain documents and information as "restricted" when they include information about staff roles, responsibilities and authorities and knowledge information, certain personal information, information about named people executing their roles and responsibilities, and other information not suitable for general sharing externally. "Restricted" documents can only be shared with staff, associated parties and selected external parties because sharing more broadly may result in value erosion, financial loss, reputational damage, harm to a party, or a breach of a law, regulation or agreement.

7. It is my understanding that many such "Confidential" and "Restricted" documents have been produced to Plaintiff through the written discovery process in this action, which Defendants have properly marked as "Confidential" in their document productions in connection with this Court's Standing Protective Order [ECF 7].

8. The information contained in these documents, and thereafter referenced, quoted or discussed in Plaintiff's Motion to Amend the Scheduling Order and for Sanctions [ECF 570], and Exhibits D-H thereto, are confidential and/or restricted, and are not publicly available.  Even

within the Shell group of companies, some of the information and documents referenced have limited circulation and are not available to all employees.

9. As described in more detail below, if the information contained in Plaintiff's Motion, and Exhibits D-H thereto, were made publicly available, it would cause the release of non-public, sensitive and/or proprietary business information to which Defendants maintain a legitimate interest in confidentiality, and therefore cause competitive harm to Defendants. The public disclosure of the information contained, and documents referenced, in Plaintiff's Motion, and Exhibits D-H thereto, could also increase security risks to the health and safety of the facilities to which the documents pertain.

10. 

11. Due to the foregoing description in Paragraph 10 of the confidential documents at issue in this Motion to Seal, I also submit this Declaration in support of Defendants' Motion to Seal Paragraph 10 of the May 15, 2025 Declaration of Theresa Geijer.

3

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 15, 2025

*T.A. Geijer*
Name:
Theresa Geijer
Environmental Advisor
Shell Pipeline Company LP