UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-VDO |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | May 28, 2025 |
| *Defendants*. | |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S
MOTION TO SEAL**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021, ECF 7, Plaintiff Conservation Law Foundation, Inc. ("Plaintiff" or "CLF") files this motion to seal portions of its Opposition to Defendants' Motion to Stay (ECF 604) because Defendants marked these documents and deposition testimony as confidential or highly confidential. *See* Standing Protective Order, ECF 7. In addition, the report of CLF's expert Wendi Goldsmith is marked confidential by CLF only due to its discussions of and opinions on Defendants' designated documents. CLF does not have sufficient information to justify sealing those documents, transcript sections, or its own expert report and requests the Court deny this motion. CLF informed Defendants of its position in this Motion to Seal.

**I.      BACKGROUND**

On July 7, 2021, this Court issued a Standing Protective Order. *See* ECF 7. The Standing

1

Protective Order defines "Confidential" information as: "information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy." *Id.* ¶ 3. Confidential information is considered Designated Material. *Id.* ¶ 2. The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id*. ¶ 14.

In its Opposition to Defendants' Motion to Stay, CLF quoted and discussed exhibits and transcript sections that Defendants marked as confidential as part of CLF's required demonstration of good cause for the Motion. In CLF's Opposition to Defendants' Motion to Stay, CLF redacted the designated information accordingly.

## II.    LEGAL STANDARD

While there is a "strong and well-established presumption of public access to judicial documents and proceedings." *CSL Silicones, Inc. v. Midsun Grp., Inc.*, No. 3:14-cv-1897(CSH), 2017 WL 4750701 at *1 (D. Conn. July 12, 2017). "The public's right of access to court documents may, however, be surmounted by a party's showing that sealing the documents will further other substantial interests, such as to preserve higher values." *Id.*; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 123-24 (2d Cir. 2006). But "[a] confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule." D. Conn. L. R. Civ. P. 5(e)(3). Instead, a document may only be sealed upon an order from the court that "include[s] particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *Id.*

### III. ARGUMENT

The Standing Protective Order authorizes a party to file Designated Materials with the Court by complying with Local Civil Rule 5. *See* ECF 7 ¶ 14. The Standing Protective Order does not require a party to first challenge a confidentiality designation before filing Designated Materials. *Id.* ¶ 12 (a party "may" challenge a designation). Similarly, there is no time limit for challenging other parties' confidentiality designations, nor a deadline to challenge designations before filing under seal. *See id.*

CLF did not designate the documents or deposition transcripts at issue in this Motion as confidential. CLF did designate its expert Wendi Goldsmith's report confidential but only based on the discussions of and opinions on Defendants' designated documents in that report. Out of an abundance of caution, CLF redacted any quotations and descriptions from the exhibits and transcripts that Defendants designated confidential or highly confidential from its Opposition to Defendants' Motion to Stay. Because CLF has neither an interest nor the "particularized" information necessary to justify withholding these from the public, *see* D. Conn. L. R. Civ. P. 5(e)(3), CLF does not advocate for sealing the unredacted Opposition to Defendants' Motion to Stay and its accompanying exhibits designated as confidential by Defendants, and CLF cannot meet the sealing standard for any of the related statements or information. CLF requests the Court deny this motion and direct the clerk to enter the unredacted motion and unredacted exhibits on the public docket.

Dated: May 28, 2025                                    Respectfully submitted,

                                                       CONSERVATION LAW
                                                       FOUNDATION, Inc., by its attorneys

                                                       */s/ James Y. Meinert*

3

James Y. Meinert (ct31637)
Zachary Manley (pvh207600)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
Tel: (617) 850-1707
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*

Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903
Tel: (401) 457-7730
Email: vgreene@motleyrice.com

*Attorneys for Plaintiff Conservation Law Foundation, Inc.*

**Admitted as Visiting Attorney*