## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>                Defendants. | Case No: 3:21-cv-00933-VDO<br><br>May 29, 2025 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S PARTIAL
### OBJECTION TO THE MAGISTRATE JUDGE'S ORDER NO. 582

      Magistrate Judge Farrish's denial of Plaintiff's Emergency Motion to Amend the Scheduling Order and for Sanctions was correct, and the Court need not disturb Judge Farrish's ruling. In its Motion, Plaintiff sought to reopen the deposition of Defendants' corporate representative, Michael Sullivan, based on Defendants' supplemental document production of 88 documents, many of which Plaintiff already had. Plaintiff filed its "emergency" motion seeking sanctions including two more hours of deposition time, supposedly because Defendants' production constituted a discovery violation and an extreme, yet wholly unsupported, claim that Mr. Sullivan's testimony was somehow untruthful. *See* ECF 569 at 3. After careful consideration of the evidence and arguments, Judge Farrish—who has four years of experience resolving a litany of discovery disputes in this case—correctly denied Plaintiff's request.

      Now, Plaintiff seeks to overturn that ruling without any evidence of clear error. As

explained below, there was no clear error in Judge Farrish's ruling on this simple discovery dispute, and there is no reason to change it. The Court should therefore overrule the Partial objection.

In its Partial Objection, Plaintiff misstates both the factual history and legal requirements concerning this issue. Plaintiff suggests that Judge Farrish failed to fulfill some legal requirement in reaching his decision. *See* ECF 592 at 11 ("CLF does not argue that the Magistrate Judge committed clear error contrary to law by denying CLF's requested relief with prejudice, as the Rule and case law would allow such discretion. However, it is contrary to law to not make the finding that the relevant factors need not be weighed."); *id*. at 14 ("[T]he Magistrate Judge denied CLF's request for sanction without any analysis, finding, or statement whether there had been a violation of Rule 26(e)'s duty to timely supplement. This is both clear error and contrary to law as Rule 37(c)(1) requires sanction if there has been a violation . . . ."). Plaintiff is wrong. Its entire argument depends on an underlying finding that there had been a discovery violation in the first place—and Judge Farrish did not find any such discovery violation. *See* Ex. A, May 1, 2025 Hr'g Tr. at 8-12 ("But I've read the transcript excerpt, and I do think there might be a difference [between] the questions you think you asked and the questions that you actually asked . . . . I'm not inclined to reopen the deposition on the grounds that the testimony that's been given has been revealed to be untrue by the documents that you guys are calling to my attention.").

Even if there had been some violation of Rule 26, which Judge Farrish did not find here, the determination of what relief is appropriate was entirely within Judge Farrish's discretion. *See, e.g., Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020) (affirming the district court's decision not to impose discovery sanctions and holding that "[i]f a party 'fails to obey an

order to provide or permit discovery,' a district court **may** sanction the transgressing party in numerous ways of varying severity, up to and including dismissing the action.") (emphasis added.); *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, No. 3:20-CV-1056 (OAW), 2024 WL 1270666, at *3 (D. Conn. Mar. 25, 2024) (denying plaintiff's motion for sanctions and holding district courts possess "wide discretion" in imposing sanctions under Rule 37. . . ."); *Cris v. Fareri,* No. 3:10CV1926 (RNC), 2011 WL 13228490, at *2 (D. Conn. Dec. 13, 2011) (denying the motion for sanctions and holding the court has "wide discretion in imposing sanctions under Rule 37."). Judge Farrish acted within his discretion in finding that Plaintiff's requested relief was not appropriate under the circumstances, which warranted only a one-week extension of Plaintiff's expert report deadline.

Plaintiff's Partial Objection also misstates the factual history of this issue. In its Partial Objection, Plaintiff claims that "Although CLF does contend that Defendants' 30(b)(6) witness was not forthcoming in his testimony, the truthfulness of his testimony was not the basis for relief in CLF's motion . . . ." ECT 592 at 8. This flies in the face of both Plaintiff's Motion and the argument it made to Judge Farrish, where Plaintiff focused on its incorrect contention that more deposition time was necessary because Mr. Sullivan had supposedly testified untruthfully. *See* ECF 569 at 3, 11-13; *see also*, Ex. A, May 1, 2025 Hr'g Tr. at 8-13.

Also, Plaintiff claims that on April 25, 2025, "Defendants produced 88 documents **revealing** that they engaged a consultant, ALL4, to conduct a climate change risk assessment at their New England terminals (fact that Defendants previously categorically denied)." ECF 592 at 2 (emphasis added). This statement suggests that Plaintiff had no idea before April 25, 2025 that Defendants had engaged non-party All4, Inc. ("All4") to perform work at the Terminal. What Plaintiff omits from this statement is that Defendants had already produced several

3

documents regarding All4's work at the Terminal in August 2024, including some of the documents Plaintiff complained about in its Motion.  *See infra* at 5.

A magistrate judge's rulings are given great deference and may only be overturned upon a showing of clear error—and Plaintiff admits that there was no clear error in Judge Farrish denying its requested relief.  ECF 592 at 11 ("CLF does not argue that the Magistrate Judge committed clear error contrary to law by denying CLF's requested relief with prejudice, as the Rule and case law would allow such discretion."); *see also In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citing *Winfield v. City of New York*, No. 15 Civ. 5236 (LTS), 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017)) (holding "[M]agistrate judges **are afforded broad discretion** in resolving nondispositive disputes and **reversal is appropriate only if their discretion is abused**."); *see also Tiffany T. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00626 (VAB), 2024 WL 1230256, at *2 (D. Conn. Mar. 22, 2024) (holding "[w]here the objecting party simply reiterates her original argument, the court reviews the Magistrate Judge's recommended ruling **only for clear error**.") (citing *Johnston v. Colvin,* No. 3:13-CV-00073 (JCH), 2014 WL 1304715, at *1 (D. Conn. Mar. 31, 2014)).  There was no error or abuse of discretion here, and the objection should be overruled.

I.      **BACKGROUND**

   1. **In June 20204, Defendants Engaged All4 to Assist on Anticipatory Compliance with CT DEEP's Draft Permit.**

All4 was hired in June 2024 to assist Defendants with the anticipated significant changes to the regulatory framework that will become effective when the Connecticut Department of Energy and Environmental Protection ("CT DEEP") finalizes its draft General Permit for the

4

Discharge of Stormwater Associated with Industrial Activity ("Draft Permit").[1] *See* Pl. Mot. (ECF 569), at 2-3; *see also* Pl. Mot., Ex. B, at 3 (citing Theresa Geijer's email to All4 dated June 19, 2024). Most importantly, the Draft Permit will expressly require, for the first time, that industrial stormwater permittees consider certain resilience measures in their operation of facilities such as the New Haven Terminal.

### 2. Defendants' Compliance with the Deadline for Production under ECF 372.

In connection with Defendants' compliance with the Court's March 29, 2024 Order on Plaintiff's Motion to Compel (ECF 372), Defendants collected 2,845,724 unique, potentially relevant documents from 360 Shell and Motiva custodial and non-custodial data sources. More than 460 attorneys were retained to review documents for production and more than 2.3 million pages of documents were produced on or about August 19, 2024. *See* ECF 581-1, Ex. 1, Declaration from Rose Jones ("Jones Decl.") at ¶4; *see also* August 19, 2024 Joint Status Report, ECF 455.

Indeed, Defendants previously produced documents on the very subject Plaintiff now complains about—All4's work. Defendants previously produced 25 documents regarding All4's work for Defendants, only 7 of which are documents Plaintiff references in its motion. *Id.* at ¶5; *see also*, Pl.'s Mot., at 14.

### 3. Plaintiff's Deposition of Defendants' 30(b)(6) Witness, Michael Sullivan.

Plaintiff's Notice of Rule 30(b)(6) Deposition was served nearly one full year before the Draft Permit was published, and in any event, **only included topics regarding permits that have been "in effect" since 2011.** *See* ECF 580-2, Defendants' Opp. to CLF's Motion, Ex. 2,

---

[1] CT DEEP first published the Draft Permit in March 2024, and reissued it in January 2025. CT DEEP held a final public hearing regarding the issuance of the Draft Permit on May 13, 2025, and it is currently anticipated that the Draft Permit will be finalized in the near future.

Plaintiff's May 14, 2023 Notice of Oral Deposition of Equilon Enterprises LLC d/b/a Shell Oil Products ("30(b)(6) Depo. Notice") (containing several topics of questions regarding the permit "that is **currently in effect** and any other version(s) of the General Permit that **have been in effect** since January 1, 2011") (emphasis added).

On February 6, 2025, Plaintiff deposed Mr. Sullivan, one of Defendants' 30(b)(6) corporate representatives, for over six hours of record time and 345 transcript pages.

4. **Plaintiff's Request for, and Defendants' Supplementation of, its Document Production.**

On March 26, 2025, Plaintiff requested that Defendants supplement their prior productions "as they relate to any work being conducted by the consultant ALL4 Inc. to draft a SWPPP for the New Haven and Providence Terminals." *See* Pl. Mot., Ex. B, Email Chain between J. Meinert and R. Jones dated March 26-31, 2025 at 3. In connection with this request, counsel for Plaintiff stated:

> "As of Defendants' **August 2024 productions**, the environmental coordinator for the New Haven Terminal, Theresa Geijer, **had begun a dialog[ue] with All4 to create updated SWPPPs for New Haven and Providence. Geijer Email (June 19, 2024) (SOPUS_NHVN02367774); see also Geijer Email (June 19, 2024)(SOPUS_NHVN01844896).** Any communications related to that work since that time and any work product need to be produced under Rule 26(e)."
> *Id*. (emphasis added).

Pursuant to the scheduling order, the deadline to complete fact discovery was March 31, 2025. *See* ECF 507.

On April 7, 2025, Defendants informed Plaintiff that they were working to supplement their production as Plaintiff requested. *See* ECF 569-3, Ex. C to CLF's Motion, Email from R. Jones dated April 7, 2025. During that time, Defendants worked diligently, reasonably, and in good faith to respond to Plaintiff's March 26, 2025 request. *See* ECF 581-1, Ex. 1, Jones Decl. at ¶8. Less than a month after receiving Plaintiff's request, Defendants collected, reviewed, and

6

produced 88 responsive, supplemental documents on April 25, 2025.

**5. Magistrate Judge Farrish's Order and Plaintiff's Expert Reports (ECF 582).**

Three days later, on April 28, 2025, Plaintiff filed a 20-page Emergency Motion To Amend The Scheduling Order And For Sanctions, seeking sanctions against Defendants, including an additional two hours of deposition time to question Mr. Sullivan, attorney's fees, and relief from its expert report deadline in the scheduling order. *See* ECF 569. Defendants responded on May 1, 2025. *See* ECF 580.

That same day, Magistrate Judge Farrish held a teleconference on Plaintiff's Emergency Motion to Amend the Scheduling Order and for Sanctions (ECF 569) ("Plaintiff's Motion"). At the hearing, Judge Farrish confirmed that he reviewed every page of the parties' extensive briefing on this dispute, and specifically permitted Plaintiff's counsel the opportunity to submit extensive argument on its request for additional time to depose Mr. Sullivan. *See* Ex. A, May 1, 2025, Hr'g Tr., at 14. However, Judge Farrish was clearly reluctant to do so, expressly stating that "I've read the transcript excerpts that you cited to me here, and I'm not inclined to reopen the deposition on the grounds that the testimony that's been given has been revealed to be untrue by the documents that you guys are calling to my attention. Again, I think there may be a difference between the question that you think you asked, the question that you might have hoped you asked, but maybe it got lost a little bit in the back and forth of the deposition." *Id*. at 11-12. After this conference, Judge Farrish granted Plaintiff's Motion in part and denied it in part. *See* ECF 582, Order. More specifically, Judge Farrish allowed Plaintiff one additional week—until May 8, 2025—for Plaintiff to designate its trial experts and provide expert reports on any issue to which it bears the burden of proof. *Id*. No other case deadlines were amended. *Id*. Judge Farrish denied the motion in all other respects, including Plaintiff's request for an

7

additional two hours to re-depose Mr. Sullivan. *Id*.

Plaintiff designated and produced expert reports for seven expert witnesses on May 8, 2025. Tellingly, **none** of Plaintiff's expert reports even reference the All4 documents at issue in its Motion. *See* ECF 569.[2]

## II. LEGAL STANDARD

### 1. A Magistrate Judge's Rulings is Afforded Great Deference, and May Only be Reversed for Clear Error.

The party that files an objection to a magistrate judge's order on a non-dispositive matter carries a heavy burden and must satisfy a high deferential standard. *See Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013). "[M]agistrate judges **are afforded broad discretion** in resolving nondispositive disputes and **reversal is appropriate only if their discretion is abused**." *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citing *Winfield v. City of New York*, No. 15 Civ. 5236 (LTS), 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017)). "[A] party seeking to overturn a magistrate judge's decision thus **carries a heavy burden**." *Id*. (citing *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007). Further, "[w]here the objecting party simply reiterates her original argument, the court reviews the Magistrate Judge's recommended ruling **only for clear error**." *Tiffany T. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00626 (VAB), 2024 WL 1230256, at *2 (D. Conn. Mar. 22, 2024) (citing *Johnston v. Colvin,* No. 3:13-CV-00073 (JCH), 2014 WL 1304715, at *1 (D. Conn. Mar. 31, 2014)).[3]

---

[2] Plaintiff's Expert Wendi Goldsmith does identify a single email between Defendants and All4 (SOPUS_NHVN02489740) on Appendix A, "Additional Materials Considered" to her expert report, however, this email is not actually referenced or cited in Ms. Goldsmith's expert report.
[3] Specifically, Judges of the District Court of Connecticut have routinely affirmed Magistrate Judge Thomas Farrish's Rulings and Recommendations. *See e.g., Gwendolyn H. v. Kijakazi*, No. 3:22-CV-00433 (JAM), 2023 WL 2624338, at *3 (D. Conn. Mar. 24, 2023), aff'd sub nom.

Moreover, rulings on motions for sanctions under Rule 37 are well within the discretion of the district judge or magistrate judge. *See, e.g., Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020) (affirming the district court's decision not to impose discovery sanctions and holding that "[i]f a party 'fails to obey an order to provide or permit discovery,' a district court *may* sanction the transgressing party in numerous ways of varying severity, up to and including dismissing the action.") (emphasis added.); *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, No. 3:20-CV-1056 (OAW), 2024 WL 1270666, at *3 (D. Conn. Mar. 25, 2024) (denying plaintiff's motion for sanctions and holding district courts possess "wide discretion" in imposing sanctions under Rule 37. . . ."); *Cris v. Fareri,* No. 3:10CV1926 (RNC), 2011 WL 13228490, at *2 (D. Conn. Dec. 13, 2011) (denying the motion for sanctions and holding the court has "wide discretion in imposing sanctions under Rule 37.").

**2. Discovery Sanctions Are Warranted Only in Extreme Circumstances.**

The Court may impose sanctions **only** if it finds, with a high degree of specificity, "clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes." *Raleigh v. Baribault*, 729 F. Supp. 3d 250, 254 (D. Conn. 2024); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999); *Milltex Indus. Corp. v. Jacquard Lace Co. Ltd.*, 55 F.3d 34, 38 (2d Cir. 1995); *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986).

In the context of written discovery, courts require a party moving for sanctions to first

---

*Henderson v. O'Malley*, No. 23-712-CV, 2024 WL 1270768 (2d Cir. Mar. 26, 2024) (adopting and approving the recommended ruling of Judge Farrish); *Tiffany T. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00626 (VAB), 2024 WL 1230256, at *6 (D. Conn. Mar. 22, 2024) (accepting Magistrate Judge Farrish's recommended ruling over objection.); *In re Kidd*, No. 3:20-CV-00800 (KAD), 2020 WL 5594122, at *7 (D. Conn. Sept. 18, 2020) (affirming Magistrate Judge Farrish's decision regarding subpoena duces tecum as not clearly erroneous.).

demonstrate two predicates under Rule 37(b): (1) a "court order directing compliance with discovery requests," and (2) "non-compliance with that order[.]" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 356 (S.D.N.Y. 2023) (quoting *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017)). To impose sanctions, courts must consider: "(1) the party's explanation for the failure to comply with the discovery [requirement]; (2) the importance of ... the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) (quoting *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

Even where there is an ostensible violation of Rule 26, district courts should not impose sanctions under Rule 37(c)(1) where a party's failure to comply was "substantially justified" or where the conduct was "harmless." Fed. R. Civ. P. 37(c)(1). "Substantial justification" is "'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request,' or 'if there exists a genuine dispute concerning compliance.'" *Id*. (quoting *AIG Global Asset Management Holdings v. Branch*, 2005 WL 425494, at *1 (S.D.N.Y. Feb. 18, 2005)). On the other hand, a violation is "harmless" when there is an absence of prejudice to the opposing party. *See id*. (citing *Williams v. County of Orange*, 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005)).

### III.    ARGUMENT

Plaintiff has objected only to Magistrate Judge Farrish's denial of Plaintiff's request for a sanction in the form of an additional two hours to depose Defendants' 30(b)(6) witness. *See* ECF 592, Plaintiff's Objections, at 3 (stating "CLF respectfully objects to ECF No. 582 Order, in

part, and requests that this Court modify the Order to permit Plaintiff an additional two hours to re-depose Defendants' 30(b)(6) witness on these untimely produced and critical documents."). As articulated by Judge Farrish, Plaintiff's request for additional deposition time was premised upon its allegation that the new documents somehow established Mr. Sullivan's deposition testimony had been untruthful. *See* Ex. A, May 1, 2025, Hearing Transcript, at 11.

Plaintiff failed to substantiate this serious allegation—because it was not true. After careful examination of the transcript excerpts and documents provided, Judge Farrish held that Plaintiff's request to reopen the deposition of Mr. Sullivan was not supported by the materials brought to the Court's attention. *Id*. at 11-12 (holding "I'm not inclined to reopen the deposition on the grounds that the testimony that's been given has been revealed to be untrue by the documents that you guys are calling to my attention."). Accordingly, Judge Farrish's denial of Plaintiff's request for additional time to depose Mr. Sullivan was not clear error. The Partial Objection should be overruled.

**A. Judge Farrish's Denial of Plaintiff's Request for Sanctions Was Not Clear Error.**

Judge Farrish's ruling denying Plaintiff's request for sanctions in the form of re-opening Mr. Sullivan's deposition does not constitute clear error because this decision was based upon careful consideration of the relevant factors and evidence pending before the Court. *See* Ex. A, May 1, 2025, Hr'g Tr., at 14 (Judge Farrish stated on the record that "you may not believe this, but **I actually read every word that you file.**").

To impose sanctions for a discovery violation, courts must consider: "(1) the party's explanation for the failure to comply with the discovery [requirement]; (2) the importance of ... the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y. 2012)

11

(quoting *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). Of course, to impose any sanctions at all, there must be a violation in the first place—and Judge Farrish did not find that any violation had occurred. Even if it had, Judge Farrish considered these factors appropriately.

### 1. Defendants Did Not Fail to Comply with a Discovery Requirement.

Defendants have complied with their discovery requirements in good faith. Defendants did not improperly withhold documents to gain some kind of litigation advantage—just the opposite. In fact, Defendants had previously produced documents from All4 showing the nature and scope of its work. *See* ECF 581-1, Ex. 1, Jones Decl. at ¶ 5. When Plaintiff asked Defendants to supplement their responses, they did so in a timely manner—less than a month later. There is simply no failure to meet a discovery requirement here.

### 2. The All4 Communications Relate to the Draft CT DEEP Permit.

It is undisputed that Defendants' supplemental production of just 88 documents relates solely to All4's analysis of new draft permits governing the discharge of industrial stormwater published for public comment by either CT DEEP or the Rhode Island Department of Environmental Management ("RIDEM"). It is also undisputed that the 2021 General Permit for Discharge of Stormwater Associated with Industrial Activity issued by CT DEEP (the "2021 Permit") is the operative permit at issue in this case and will continue to govern operations at the Terminal until the Draft Permit is finalized by CT DEEP. As such, the All4 documents are not relevant to Plaintiff's analysis in this case for two reasons: (1) they relate to regulatory requirements published by RIDEM that apply to the Providence Terminal that is not at issue in this case; and (2) they have nothing to do with the 2021 Permit at issue in this case (and the only permit currently "in effect" that is Permit incorporated in Plaintiff's 30(b)(6) deposition notice),

let alone whether Defendants have complied with the 2021 Permit.

The lack of importance to Plaintiff of these materials is also demonstrated by its failure to even reference any of the All4 materials in its expert reports, which had supposedly been the basis for Plaintiff's emergency motion. Plaintiff knew about the nature of All4's work because documents related to the same were produced before the ECF 372 deadline on August 19, 2024. *See* ECF 581-1, Ex. 1, Jones Decl. at ¶ 5. Despite this knowledge, Plaintiff chose not to explore these communications in Mr. Sullivan's deposition. For example, Plaintiff did not include a topic in its notice of 30(b)(6) deposition of Defendants related to All4's work or the Draft Permit. *See* ECF 580-2, Defendants' Opp. to CLF's Motion, Ex. 2, 30(b)(6) Depo. Notice (containing several topics of questions regarding the permit "that is currently in effect and any other version(s) of the General Permit that have been in effect since January 1, 2011"). Over the course of the six hours of record time, Plaintiff also did not ask any questions of Mr. Sullivan at the deposition related to All4's work or the Draft Permit—despite already having many of these documents.

Even more telling, none of Plaintiff's seven expert witnesses cites to any of the All4 materials at issue in Plaintiff's Motion (ECF 569) in their respective expert reports.[4] Accordingly, Plaintiff's own actions demonstrate the lack of importance of the All4 materials to this case.

### 3. Plaintiff Has Not Been Prejudiced.

Plaintiff has not, nor could it, demonstrate any prejudice that occurred by receiving the documents in April. For one thing, Plaintiff already knew about All4's work and could have

---

[4] Again, Defendants recognize that Wendi Goldsmith did identify an All4 email in the Appendix A: "Additional Materials Considered" to her expert report, however, this email was not actually referenced or cited in Ms. Goldsmith's expert report.

asked about it at Mr. Sullivan's deposition. It is undisputed that Plaintiff had access to All4 materials prior to this deposition and that Defendants produced documents related to All4's work in August 2024. *See* ECF 569, CLF's Motion at 13; *see also*, ECF 581-1, Ex. 1, Jones Decl. at ¶ 5. All4's work related solely to the Draft Permit, which was published in March 2024 and revised in January 2024. Plaintiff had access to all these materials well before the 30(b)(6) deposition of Mr. Sullivan on February 6, 2025.

Despite having access to these materials, Plaintiff did not include a topic in the notice of deposition or ask any questions of Mr. Sullivan during the 30(b)(6) deposition on either All4's work or the Draft Permit. Plaintiff's Notice of Rule 30(b)(6) Deposition **only included topics regarding permits that have been "in effect" since 2011.** *See* ECF 580-2, Defendants' Opp. to CLF's Motion, Ex. 2, 30(b)(6) Depo. Notice. That necessarily excludes any obligation for Defendants to have prepared a witness to testify on any draft permits that are not yet "in effect." *Falchenberg v. N.Y. State Dept. of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y.2008) (citation omitted) (holding parties conducting depositions pursuant to Rule 30(b)(6) are required to "confine the examination to the matters stated with reasonable particularity" in the topics contained in the deposition notice).

Moreover, Judge Farrish scrutinized the transcript excerpts and determined that Mr. Sullivan did not testify untruthfully in response to the questions Plaintiff asked—not the questions it wished it had asked. At the hearing, Judge Farrish gave Plaintiff the opportunity to point to any specific pages of the 345-page deposition transcript that it contended supported its claims, but unsurprising Plaintiff was unable to do so—because there were none. After careful review of the testimony and documents provided, Judge Farrish ultimately held that Plaintiff had not established sufficient grounds to re-open Mr. Sullivan's deposition. *See* Ex. A, May 1, 2025,

14

Hr'g Tr., at 11-12.  Specifically Judge Farrish held:

> "I've read the transcript excerpts that you cited to me here, and **<u>I'm not inclined to reopen the deposition on the grounds that the testimony that's been given has been revealed to be untrue by the documents that you guys are calling to my attention.</u>** Again, I think there may be a difference between the question that you think you asked, the question that you might have hoped you asked, but maybe it got lost a little bit in the back and forth of the deposition." *Id*.

As a result, Plaintiff failed to demonstrate good cause to reopen the deposition. *See* Ex. A, May 1, 2025, Hr'g Tr., at 11-12. Plaintiff's choice not to depose Mr. Sullivan while on record for over six hours—on either All4's work or the Draft Permit—cannot now be cured through an additional deposition obtained via sanctions. *See* Apr. 15, 2025 Ruling and Order on Discovery Dispute, ECF 566, at 4 (this Court ruling that challenged testimony on subjects that "appear to be outside the scope of the topics" does not support a request for sanctions).  Judge Farrish was right that no additional deposition is justified.

## IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court overrule Plaintiff's Partial Objection to the Magistrate Judge Farrish's Order No. 582.

Dated: May 29, 2025

Respectfully submitted,

/s Douglas A. Henderson
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com
ctoledo@kslaw.com

Antonio E. Lewis (phv03069)
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street

Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, the foregoing Defendants' Opposition to Plaintiff's Partial Objection to the Magistrate Judge's Order No. 582 was filed through the Court's electronic filing system ("ECF"), through which the document is available for viewing and downloading from the ECF system, and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s Douglas A. Henderson
Douglas A. Henderson (phv05547)