UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>*Plaintiff*,<br>v.<br><br>EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>*Defendants*. | Civil Action No. 3:21-cv-00933-VDO<br><br>June 4, 2025 |

**DEFENDANTS' RESPONSE TO PLAINTIFF CONSERVATION LAW FOUNDATION, INC.'S MOTION TO SEAL [ECF 605]**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021 [ECF 7], Defendants file this Response in Support of sealing the following documents identified in Plaintiff's Motion to Seal [ECF 605-616], more specifically Exhibits D-M of Plaintiff's Opposition to Defendants' Motion to Stay [ECF 604] ("Plaintiff's Motion"). Defendants further request that the Court preserve the redacted status of all portions of Plaintiff's Motion that refer to these confidential and sensitive business records.

**I.      LEGAL STANDARD**

The public's right to access court documents is not absolute and may be surmounted by a party's showing that sealing will further other substantial interests. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772, *3 (D. Conn. Aug. 5, 2013). Local Rule 5(e)(3) allows for a court to seal a document filed with the Court upon particularized findings

demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.

"[C]onfidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing." *CSL Silicones, Inc. v. Midsun Group Inc.*, 2017 WL 4750701, *3 (D. Conn. July 12, 2017). Courts in this district, including this Court in this case [ECF 622], have found that exhibits containing "confidential, proprietary, and commercially sensitive information that would cause significant competitive harm if publicly disclosed" warrant filing under seal. *Negron v. Cigna Corp.*, 2020 WL 13303130, *3 (D. Conn. May 29, 2020); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) (recognizing that the parties to an action often have "significant interest in protecting such [confidential proprietary] information from public dissemination"). Further, documents, such as those attached to discovery motions, "that play only a negligible role in the performance of Article III duties are accorded only a low presumption that amounts to little more than prediction of public access absent a countervailing reason." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

II.     **ARGUMENT**

Defendants respectfully request that CLF's unredacted Motion and corresponding Exhibits D-M remain under seal.[1]  There are clear and compelling reasons to seal each of these documents.

---

[1] Defendants do not challenge the confidentiality of the specific citations to the February 6, 2025 deposition testimony of Defendants' Rule 30(b)(6) designee, Michael Sullivan, which are

**Exhibits D, E, and G** are Design and Engineering Practices ("DEPs"). DEPs are internal standards for use in design and construction of Shell group projects. *See* Ex. A, May 23, 2023 Declaration of Matthew Penny ("Penny Decl."),[2] ¶¶ 5-6 [ECF 234]; Ex. B June 4, 2025 Declaration of Sergio Jaramillo ("Jaramillo Decl."), at ¶ 6. DEPs are internal, confidential documents that contain commercially valuable and other competitively sensitive information and confidential technical information. Each document states in the preface that its use is restricted by service or license agreements and that it contains proprietary technical information. The documents reflect the professional, technical views of Shell Global Solutions International B.V. ("Shell GSI") and are developed using the unique experience acquired in the design, construction, operation and maintenance of Shell group facilities. Penny Decl., at ¶ 6. The documents were prepared based on the business's internal knowledge from expertise in operations and project management, reflecting restricted information, that has value to the business, and significant measures are taken to guard the secrecy of the information. Access is granted to third parties only when there are appropriate contractual agreements in place that include confidentiality or non-disclosure provisions. Shell GSI grants access to these proprietary documents to third parties in exchange for compensation. As noted in the Penny Declaration, making such information available to competitors would cause two distinct types of financial and

---

contained in Exhibit C of Plaintiff's Motion. While Defendants maintain the confidentiality of the remaining, properly designated confidential portions of Mr. Sullivan's deposition testimony, Defendants will not request the continued sealing of the specific and limited testimony included in Exhibit C of Plaintiff's Motion.

[2] The Court did not consider the merits of Matthew Penny's declaration when denying Defendants' Motion for Reconsideration. *See* ECF 238 ("Defendants now attempt to fill the gaps in their original presentation with, *inter alia*, a declaration from Matthew Penny (ECF No. 234-1) and a new claim that Exhibits H and I are subject to copyright. But it is well established that litigants may not obtain reconsideration by presenting evidence and arguments that they could have, but did not, present with the original submission").

competitive harm. Ex. A, Penny Decl., at ¶ 15. "First, competitors could use this information to improve their own internal processes, which would lead to value erosion or financial loss to the Shell group." *Id.* Additionally, "potential customers could access the documents without compensation to Shell GSI, the owner of the intellectual property, causing direct financial loss to Shell GSI. *Id.* Thus, they should not be made publicly available in a court filing. There are clear and compelling reasons to seal these documents. *See* Local Rule 5(e)(3); *CSL Silicones, Inc.*, 2017 WL 4750701 at *3; *Negron*, 2020 WL 13303130 at *3.

**Exhibits H, I, J, K, and L** are documents related to Shell's internal Metocean team's work on adaptation issues and corresponding evaluations of assets. These documents are confidential, are designated internally by Shell as confidential and/or restricted, and relate to Shell's internal Metocean team's work or work commissioned by Shell related to climate adaptation and evaluations of assets. The documents reflect assessments and internal processes, expertise and know-how either of Shell itself or those commissioned to work on its behalf. They are confidential, non-public, private, maintained internally, and contain unique business information, expertise and know-how. As explained by Mr. Jaramillo, the publication of this confidential information and material regarding Shell's Metocean work is likely to cause competitive business harm to Defendants. *See* Ex. B, Jaramillo Decl., at ¶¶ 5-7, 9, 12.

**Exhibit F** contains excerpts from Mr. Paul Verlaan's 30(b)(6) deposition on March 20, 2025. Mr. Verlaan's testimony concerns non-public, private, and commercially sensitive information related to Shell's internal DEPs, including Shell's internal procedures on the development and implementation of the DEPs, and Shell's internal Metocean team's work related to climate adaptation and corresponding evaluations of assets, including work performed by consultants for Shell related to the same. *See* Ex. C, June 4, 2025 Declaration of Carmen

Toledo ("Toledo Decl.") at ¶ 4. Defendants therefore request that the portions of the transcript excerpts included in Exhibit F that relate to confidential information, and strategies, which, if revealed, may provide valuable insights into Defendants' current business practices that a competitor could seek to exploit, remain under seal as shown in Defendants' redacted version of the transcript filed concurrently with this response. *See* Ex. D, Redacted Version of Mr. Verlaan's Deposition Transcript. Thus, these documents should remain under seal.

Finally, **Exhibit M** is Plaintiff's expert report authored by expert witness Wendi Goldsmith, dated May 8, 2025. Upon its production on May 8, 2025, Plaintiff properly marked Dr. Goldsmith's report as confidential because portions of it reference and discuss in detail Defendants' non-public, confidential and commercially sensitive materials. Specifically, Dr. Goldsmith's report references and discusses Shell's internal DEPs, including Shell's internal procedures on the development and implementation of the DEPs, and Shell's internal Metocean team's work related to climate adaptation and corresponding evaluations of assets. *See* ECF 616, Ex. M to CLF's Motion to Seal ECF 606, at 16, 18-25, and 28; *see also*, Ex. C Toledo Decl. at ¶ 5. The potential publication of the portions of Dr. Goldsmith's report that references to and describes these sensitive, confidential and non-public documents related to Shell's internal DEPs and internal work performed by the Metocean team is also likely to cause competitive business harm to Shell for the reasons stated above, and Shell therefore has a legitimate business interest to maintain the confidentiality thereof. *See e.g.*, Ex. A, Penny Decl., at ¶¶ 14-15; *see also* Ex. B, Jaramillo Decl., at ¶¶ 10-12. Therefore, Defendants' request that the redacted portions of Dr. Goldsmith report as shown in Ex. E remain under seal. *See* Ex. E, Redacted Version of Dr. Goldsmith's Expert Report dated May 8, 2025.

The publication of the confidential information and material in Exhibits D-M could cause competitive business harm to Defendants. *See e.g.*, Ex. A, Penny Decl., at ¶¶ 14-15; *see also* Ex. B, Jaramillo Decl., at ¶¶ 9-13; Ex. C Toledo Decl. at ¶¶ 4-5 (confirming information in Ex. F and Ex. M relate to Shell's DEPs and Metocean team's work, which should remain confidential for the reasons stated in Mr. Penny's and Mr. Jaramillo's Declarations.). Accordingly, these documents should remain sealed and confidential because they contain sensitive and non-public business information to which Defendants maintain a legitimate interest in confidentiality.

In addition, good cause exists to seal and maintain the confidentiality of the unredacted version of CLF's Motion that discusses, quotes and references the confidential portions of Exhibits D-M, as well as all portions of Plaintiff's Motion that refer to such documents. This would continue to serve the important interest of preserving the confidentiality of Defendants' sensitive and non-public business records and information, keeping only the Designated Material confidential while making the majority of CLF's Motion accessible to the public.

For all these reasons, Defendants respectfully request that Plaintiff's Motion to Seal [ECF 605-616] Defendants' properly designated confidential material should be granted as to Exhibits D-M thereto, as well as all portions of Plaintiff's written Motion that reference, quote or discuss such exhibits. This result would be consistent with the Court's recent order granting in part and denying in part CLF's Motion to Seal. *See* ECF 622 (concluding that the documents should be filed under seal because the "documents contain private, non-public communications about Shell's ongoing business activities").

### III.   CONCLUSION

Defendants respectfully request that the Court enter an Order sealing Exhibits D-M of Plaintiff's Motion [ECF 607 through 616], as well as all portions of its written Motion that

reference, quote or discuss such exhibits [ECF 606], all of which contain non-public and sensitive business information to which Defendants maintain a legitimate interest in confidentiality and should remain sealed.

Dated: June 4, 2025                                  Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832

New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025 a copy of the foregoing Response to Plaintiff's Motion To Seal [ECF No. 605-616] was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com