# **EXHIBIT B**

Case 3:21-cv-00933-VDO   Document 630   Filed 06/04/25   Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br><br> June 4, 2025 |

### DECLARATION OF SERGIO JARAMILLO

1. My name is Sergio Jaramillo. I am currently employed as a Metocean Engineer and am responsible for managing and delivering Metocean engineering services in the Americas region. I was deposed in this matter on May 28, 2025.

2. Upon information and belief, I hereby submit this Declaration in support of Defendants' Response to Plaintiff's Motion to Seal [ECF 605] its Opposition to Defendants' Motion to Stay [ECF 604], which is being submitted contemporaneously with this Declaration.

3. In connection with my position, I have personal knowledge of the internal document classification terminology utilized by companies and businesses in the Shell group of companies, including documents and information regarding non-public, sensitive and/or proprietary business practices which Shell has a legitimate interest to maintain as confidential.

4. As part of my current responsibilities I am familiar with Shell Global Solutions International B.V. ("Shell GSI") Design and Engineering Practices ("DEPs"), as well as related Metocean reports, studies and memoranda maintained internally, and the safeguards in place

governing the use and sharing of these documents internally, among other companies in the Shell group, with Shell joint ventures, or externally with third parties.

5. Shell classifies certain documents and information as "confidential" when they include commercially valuable and other competitively sensitive information, intellectual property such as trade secrets and confidential technical information, and certain types of personal data. "Confidential" documents can only be shared with selected staff and selected external parties because sharing may result in value erosion, financial loss, reputational damage, harm to a party, or a breach of a law, regulation or agreement.

6. In addition, Shell classifies certain documents and information as "restricted" when they include information about staff roles, responsibilities and authorities and knowledge information, certain personal information, information about named people executing their roles and responsibilities, and other information not suitable for general sharing externally. "Restricted" documents can only be shared with staff, associated parties and selected external parties because sharing more broadly may result in value erosion, financial loss, reputational damage, harm to a party, or a breach of a law, regulation or agreement.

7. It is my understanding that many such "Confidential" and "Restricted" documents have been produced to Plaintiff through the written discovery process in this action, which Defendants have marked as "Confidential" in their document productions in connection with this Court's Standing Protective Order [ECF 7].

8. The information contained in these documents, and thereafter referenced, quoted or discussed in Plaintiff's Opposition to Defendants' Motion to Stay Discovery and Proceedings Related to Plaintiff's "Climate Change" Allegations in Counts I-IX of Complaint [ECF 604], and Exhibits D, E, G, H, I, J, K, and L thereto, are confidential and/or restricted, and are not publicly

available. Even within the Shell group of companies, some of the information and documents referenced have limited circulation and are not available to all employees.

9. I have reviewed Exhibits D, E, G, H, I, J, K, and L to Plaintiff's Motion to Seal [ECF 605] ("Plaintiff's Motion") (ECF Nos. 607-608 and 611-615). Upon information and belief, Exhibits D, E, G, H, I, J, K, and L, contain references to information and documents which contain non-public, sensitive and/or proprietary information, reflect the experience, expertise and technical know-how of Shell and its business practices and are maintained as restricted or confidential.

10. As described in more detail below, if the information contained in Exhibits D, E, G, H, I, J, K, and L thereto, were made publicly available, it would cause the release of non-public, sensitive and/or proprietary business information to which Shell maintains a legitimate interest in confidentiality, and therefore cause competitive harm to Defendants.

11. Exhibits D, E, and G, are Shell's internal Design and Engineering Practices ("DEPs"). I have reviewed and can attest that these DEPs are the same as the those described by Matthew Penny in his declaration in this case dated May 23, 2023. Mr. Penny has accurately described the confidential and proprietary nature of these documents and Shell's legitimate business interest in maintaining the confidentiality of them.

12. Exhibits H, I, J, K, and L relate to Shell's internal Metocean team's work or work commissioned by Shell related to climate adaptation and evaluations of assets. The documents reflect assessments and internal processes, expertise and know-how either of Shell itself or those commissioned to work on its behalf. They are confidential, non-public, private, maintained internally, and contain unique business information, expertise and know-how that, if disclosed, would cause competitive harm.

13. Due to the foregoing descriptions in Paragraphs 11 and 12 of the confidential documents at issue in this Motion to Seal, I also submit this Declaration in support of Defendants' Motion to Seal Paragraph 11 and 12 of the June 4, 2025 Declaration of Sergio Jaramillo.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 4, 2025                                    _/S/ Sergio Jaramillo_
                                                       Sergio Jaramillo