UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>　　　　　　　　　Defendants. | Case No: 3:21-cv-00933-VDO<br><br>June 9, 2025 |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO STAY DISCOVERY AND PROCEEDINGS RELATED TO PLAINTIFF'S "CLIMATE CHANGE" ALLEGATIONS IN COUNTS I-IX OF COMPLAINT (ECF 584) <u>AND MOTION TO STRIKE IMPROPER EXPERT OPINIONS (ECF 601)</u>**

Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Triton Terminaling LLC, and Motiva Enterprises LLC (collectively, "Defendants") hereby submit this limited Notice of Supplemental Authority in Support of Defendants' Motion to Stay Discovery and Proceedings Related to Plaintiff's "Climate Change" Allegations in Counts I-IX of Complaint (ECF 584) ("Motion to Stay" and Motion to Strike (ECF 601), which were presented for oral argument before Hon. Vernon D. Oliver on June 6, 2025. More specifically, Defendants submit, as **Exhibit A** to this Notice, the written transcript of the Rule 30(b)(6) Deposition of Plaintiff Conservation Law Foundation, Inc., by its corporate designee Sean Mahoney, conducted on June 4, 2025.[1]

---

[1] Defendants obtained the transcript of Mr. Mahoney's deposition on June 6, 2025.

1

The June 4, 2025 deposition of Mr. Mahoney elicited the following testimony relevant to the pending Motion to Stay (ECF 584) and Motion to Strike (601), including as referenced at the hearing held on June 6, 2025:[2]

### A. Current Permit Provisions Do Not Require "Climate Change" Considerations

- The Current Permit does not express any requirement to complete a climate change risk assessment. **Ex. A**, at 118:12-119:1. Nor does it include any defined terms for "climate change," "climate adaptation," or "climate resilience." *Id.*, at 117:3-118:11.

- Plaintiff could not identify any statement or document from EPA or CT DEEP stating that the "best management practices" or "best industry practices" language in the Current Permit requires permittees to consider climate change factors in their operations. *Id.*, at 270:6-24. Nor has Plaintiff ever inquired of CT DEEP for its interpretation of this language. *Id.*, at 144:5-14.

- CLF is aware of no other state laws that require permittees to conduct a climate change risk assessment. *Id.*, at 143:9-19.

- CLF is not aware of any requirement for fuel storage terminals to implement certain procedures in the event of adverse weather events. *Id.*, at 215:7-21.

- The Current Permit contains no requirement for permittees to consider sea level rise or storm surge in the operation of their facilities. *Id.*, at 189:13-190:8.

- Neither EPA or CT DEEP has ever stated that Defendants are not acting in accordance with the requirements of the Current Permit. *Id.*, at 268:4-269:14. Nor is Plaintiff aware whether CT DEEP has ever cited a single permittee for a permit violation that relates to "climate change" in any way. *Id.*, at 200:19-25

### B. The Draft Permit's Climate Resilience Measures Are New

- CLF acknowledged CT DEEP's guidance that the "resilience measures" in the Draft Permit are a "new component of the SWPPP." *Id.*, at 175:12-20. CLF further agreed that "Connecticut DEEP believes [the climate resilience factors are] are a new component of the SWPPP." *Id.*, at 175:21-176:1.

- CLF acknowledged that if the Draft Permit is finalized, it would impose a requirement to "factor[] in the risks posed to a facility from what you call climate assessment impacts." *Id.*, at 303:15-304:4.

---

[2] This Notice is not intended to present an exhaustive list of all testimony obtained from the Rule 30(b)(6) deposition that may be relevant to the pending Motion to Stay and/or Motion to Strike, but is submitted to substantiate Defendants' characterization of the recently obtained deposition testimony at the hearing held on June 6, 2025, and in further support of Defendants' Motion to Stay and Motion to Strike.

2

- CLF conceded that the Draft Permit's statement addressing hurricane preparedness "may well be the first time that the phrase hurricane is used in the permit." *Id.*, at 165:11-166:4.

- CLF acknowledged that CT DEEP believes its Draft Permit's requirement to prepare a corrective action plan is new. *Id.*, at 178:9-179:12.

C. **Testimony Regarding Best Industry Practices**

- Plaintiff has not identified any other Stormwater Pollution and Prevention Plan ("SWPPP") in the State of Connecticut that includes a requirement to conduct a climate change risk assessment. *Id.*, at 187:13-188:15. Mr. Mahoney was not aware of anyone at CLF even making inquiries to obtain any SWPPPs containing such language. *Id.*, at 228:25-229:16.

- CLF is not aware of any national standard or consensus for permittees to consider climate change in operating their facilities. *Id.*, at 257:3-22.

- CLF cannot name a single example of a SWPPP, at any facility, that would comply with the permit terms Plaintiff seeks to hold Defendants liable for allegedly violating. *Id.*, at 188:7-15.

- The only entity that CLF has ever obtained information from regarding what constitutes "best management practices" or "best industry practices" is from Defendants themselves. *Id.*, at 237:9-24. CLF later clarified that it has also obtained information from the Pike facility—another terminal located in New Haven Habor which Plaintiff is also suing—but actually bases its lawsuit (in part) on the Pike terminal's failure to do the same things Plaintiff alleges Defendants are not doing. *Id.*, at 239:4-240:2

D. **Concessions Regarding the Content of Plaintiff's Notices of Intent**

- The purpose of a Notice of Intent is to notify the Defendants, as well as the applicable regulatory authorities, of a plaintiff's intent to file suit to enforce alleged permit violations. *Id.*, at 51:18-52:8.

- Plaintiff confirmed that its Notices of Intent provide notice of violations under the Clean Water Act ("CWA") and Resource Conservation & Recovery Act ("RCRA"). *Id.*, at 51:23-52:3. Plaintiff confirmed that its Notices of Intent contained "the basis for all of the claims that CLF brought in the complaint." *Id.*, at 46:22-47:2.

- Plaintiff acknowledged that its Notices of Intent may not include specific references to certain claims and opinions set forth in the reports of its expert witnesses. Plaintiff repeatedly acknowledged that the Notice "speaks for itself" and that "if a word is not in the document, it's not in the document." *Id.*, at 71:11-72:6. *See also id.* at 75:10-76:6 (permeability); *id.* at 80:15-81:3 (inadequate secondary containment); *id.* at 84:6-86:8 (stormwater pond liners); *id.* at 90:8-91:4 (inadequate stormwater treatment); *id.* at 95:7-96:15 (groundwater allegations); *id.* at 96:16-97:23 (failure to implement a corrective action plan); *id.* at 98:5-21 (inadequate ingress and egress); *id.* at 104:15-105:1

(compound flood condition); *id.* at 207:17-25 (inadequate Spill Prevention Control & Countermeasures Plan ("SPCC"));

- Plaintiff never notified the Environmental Protection Agency ("EPA") or the Connecticut Department of Energy & Environmental Protection ("CT DEEP") of various claims contained in its expert reports served on May 8, 2025. *Id.*, at 87:3-24.

- Plaintiff confirmed that its Notices of Intent are the only notice that Plaintiff has ever given to EPA or CT DEEP regarding its alleged violations in this lawsuit. *Id.*, at 93:14-94:2. And while Defendants do not concede that oral notice would satisfy Plaintiff's notice obligations, Plaintiff further conceded that it had not provided any additional notice to EPA or CT DEEP by oral means. *Id.*, at 106:13-20.

* * * *

Defendants submit this Notice in further support of their Pending Motion to Stay and Motion to Strike, and respectfully request that the Court enter an Order granting both motions.

Dated: June 10, 2025

Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@KSLAW.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832

4

T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2025, a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com