UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br> June 10, 2025 |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S
OBJECTION TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Conservation law Foundation ("CLF") files this objection to Defendants' Notice of Supplemental Authority in Support of Motion to Stay Discovery and Proceedings Related to Plaintiff's Climate Change Allegations and Motion to Strike Expert Reports (ECF 637) ("Notice"), and respectfully requests that it be stricken from the record. Defendants' Notice does not contain "authority," impermissibly includes legal argument, and violates paragraph 13 of the Protective Order (ECF 7).

First, Defendants are improperly seeking to supplement the record with new evidence, not with new legal authority. A lay witness's testimony is not authoritative on any issue of law.[1] As such, Defendants' filing is improper and should not be considered.

---

[1] Black's Law Dictionary's definition of "authority" is instructive: "[A] judicial or administrative decision cited as precedent. The term includes not only the decisions of tribunals but also statutes, ordinances, and administrative rulings." *Authority*, Black's Law Dictionary (Bryan A. Garner ed., 12th ed. 2024).

1

Second, Defendants improperly purport to summarize certain cherry-picked testimony from CLF's corporate representative in a blatant attempt to improve their position. Those summaries are inaccurate, misleading, and lack both the context and nuance necessary to appreciate the witness's actual testimony. The transcript, including portions cited by Defendants in their summary, contains hearsay and other evidentiary concerns. As such, the Court's consideration on any of the testimony would first require the court to rule on CLF's objections to that testimony.

Third, the deposition transcript has yet to be reviewed and signed by the deponent, who is afforded that right under the Rules of Civil Procedure. *See* FRCP 30(e). Here, the deponent and counsel for CLF have not had a chance to review the transcript for errors and corrections, adding to its unreliability.

Fourth, Defendants' public filing of this transcript is in blatant violation of this Court's orders—both the protective order, ECF 7, and the discovery order, ECF 473, which prohibits exhibits except by leave and governs Defendants' Motion to Strike under ECF 593. Paragraph 13 of the protective order states:

> Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) ***by written notice*** to all counsel of record, ***given within ten business days after the Designating Person's receipt of the transcript*** in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. ***Pending expiration of the ten business days, the deposition transcript shall be treated as designated***.

Protective Order (ECF 7), ¶ 13 (emphasis added). CLF received this transcript today, thus currently, the entire transcript, every single page and line is confidential under the protective order, and yet, Defendants did not file it under seal. Defendants' disregard for orders of the Court is shocking and sanctionable, especially considering their excessive invocation of the protective order to insist that all of *their* documents and testimony be shielded from public scrutiny.

Finally, Defendants' Notice also violates Local Rule 5(f)(1) and (2). "Pursuant to Fed.R.Civ.P. 5(d), expert witness reports, computations of damages, ***depositions***, notices of deposition, interrogatories, requests for documents, requests for admissions, and answers and responses ***shall not be filed*** with the Clerk's Office except by order of the Court." D. Conn. Local Rule 5(f)(1) (emphasis added). Rule 5(f)(2) states that a party "seeking relief under any of the Federal Rules of Civil Procedure shall file ***only that portion of the deposition***, interrogatory, request for documents or request for admissions ***that is the subject of the dispute***."

Defendants' rank gamesmanship and cavalier flouting of the Court's orders and rules should not be allowed. There will be a proper time and procedure for Defendants to seek to admit such evidence, but it is not through a notice of supplemental authority of a non-final and inadmissible deposition transcript. Defendants' supplemental filing is evidence enough that their underlying motion is egregiously premature, the Court should seriously consider reigning in Defendants' persistent disregard for the Federal Rules and the Court's scheduling and procedural orders by sanctioning[2] Defendants.

Dated: June 10, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Zachary Manley (phv207600)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744

---

[2] The Court at all times has authority to issue sanctions *sua sponte* over violations of its own discovery orders. *See, e.g.*, *In re 60 East 80th St. Equities, Inc.*, 218 F.3d 109, 117–18 (2d Cir. 2000) (discussing the court's inherent power to issue sanctions *sua sponte*).

Tel: (617) 850-1707
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com

Email: esmith@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
Email: vgreene@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*