UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>       Defendants. | Case No: 3:21-cv-00933-VDO<br><br><br><br>June 11, 2025 |

**DEFENDANTS' NUNC PRO TUNC MOTION TO SEAL ECF 637 & 637-1**

Pursuant to the Standing Protective Order, dated July 7, 2021 (ECF 7) and Rule 5(e) of the District of Connecticut Local Rules of Civil Procedure, Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Triton Terminaling LLC, and Motiva Enterprises LLC (collectively, "Defendants") submit this Motion to seal portions of its recently filed Notice of Supplemental Authority in Support of Defendants' Motion to Stay Discovery and Proceedings Related to Plaintiff's "Climate Change" Allegations in Counts I-IX of Complaint (ECF No. 637), as well as the deposition transcript attached thereto (ECF No. 637-1).

Defendants file this Motion because Plaintiff Conservation Law Foundation, Inc. ("CLF")'s Objection objected that the deposition testimony attached to and cited in Defendants' Notice is confidential. (ECF No. 639). Defendants do not believe the information in the Notice is confidential because the recent deposition testimony discusses only public permit documents. CLF never indicated during the deposition, or since (including in ECF 639), that it thought any

1

testimony was confidential.  Nonetheless, on June 11, 2025, counsel for Defendants called CLF's counsel to discuss the issue and reach a resolution.  On the call, CLF did not identify any of the testimony contained in the Notice as confidential.  Nor would CLF agree to this Motion to Seal.  While Defendants maintain that none of the testimony cited in its Notice is confidential, Defendants move to seal the Notice out of an abundance of caution and to moot CLF's Objection.

### I.    Legal Standard

While there is a "strong and well-established presumption of public access to judicial documents and proceedings, the public's access to court documents may 'be surmounted' in order 'to further other substantial interests, such as to preserve higher values.'" *CSL Silicones, Inc. v. Midsun Grp., Inc.*, 2017 U.S. Dist. LEXIS 189918, at *2 (D. Conn. 2017); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 123-24 (2d Cir. 2006).  But "[a] confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule." D. Conn. L. R. Civ. P. 5(e)(3).  Instead, a document may only be sealed upon an order from the court that "include[s] particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  *Id*.

### II.   Argument

The Standing Protective Order authorizes a party to file Designated Materials with the Court by complying with Local Civil Rule 5. *See* ECF 7 ¶ 14. The Standing Protective Order does not require a party to first challenge a confidentiality designation before filing Designated Materials.  *Id.* ¶ 12 (a party "may" challenge a designation).  Similarly, there is no time limit for

challenging other parties' confidentiality designations, nor a deadline to challenge designations before filing under seal.  *See id.*

Plaintiff did not designate any of the transcript at issue in this Motion as confidential. Because Defendants have neither an interest nor the "particularized" information necessary to justify withholding these documents from the public, *see* D. Conn. L. R. Civ. P. 5(e)(3), Defendants did not think sealing the Exhibit or any quotations therefrom in its Notice of Supplemental Authority was necessary.  But in light of CLF's Objection and the Protective Order in this case, Defendants ask that the Court seal Defendants' Notice and the attached Exhibit out of an abundance of caution until the expiration of 10 business days from the date CLF received the deposition transcript, during which time CLF can identify the portions of the transcript it thinks are confidential and provide support for its confidentiality designations.

### III.    Conclusion

For the foregoing reasons, Defendants respectfully request the Court enter an order temporarily sealing their Notice and the attached exhibit until the expiration of 10 business days from the date CLF received the deposition transcript.

Dated: June 11, 2025                                         Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@KSLAW.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP

3

300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)

                                  Roy D. Prather III (phv206800)
                                  Beveridge & Diamond, P.C.
                                  201 North Charles Street, Suite 2210
                                  Baltimore, MD 21201-4150
                                  T: (410) 230-1305
                                  F: (410) 230-1389
                                  mmorgan@bdlaw.com
                                  rprather@bdlaw.com

                                  ***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2025, a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com