**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-VDO |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | June 23, 2025 |
| *Defendants*. | |

## JOINT STATUS REPORT

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") and Defendants Equilon

Enterprises LLC d/b/a Shell Oil Products US, Motiva Enterprises LLC, and Triton Terminaling LLC,

(collectively "Defendants") file this Joint Discovery Status Report, as directed in the Court's Orders

of April 4, 2024, ECF 378, and Sept. 30, 2024, ECF 476 Tr. at 28:18.  For the sake of brevity, the

Parties incorporate by reference their prior Joint Discovery Status Reports. *See* ECF 383, 387, 402,

417, 421, 424, 427, 436, 443, 447, 455, 457, 458, 463, 477, 479, 483, 493, 500, 503, 511, 521, 532,

539, 544, 558, 564, 578, 589, 602, and 635.

**Discovery Status**

*Confidentiality Designation and Privilege Log Dispute*

As reported in the March 3 and 17 reports (ECF 539 and 544, respectively), the Parties

remain at an impasse.

Additionally, as reported in the May 12 report (ECF 589), the Parties continue to meet and

confer regarding Defendants' deficiency letter to CLF identifying issues with CLF's document

productions and privilege logs.  The Parties also wait for the Court to provide guidance on CLF's

assertion of the associational privilege, which may result in additional challenges to the sufficiency and contents of CLF's privilege logs.  *See* ECF 469.

*Depositions*

As noted in the June 9 report (ECF 635), the Parties scheduled Defendants' 30(b)(6) deposition on Topics 23 and 24 for June 11.  That deposition occurred on June 11.

*Expert Reports*

As noted in past status reports, CLF disclosed seven expert reports on May 8 and Defendants did not disclose any at that time.  *See* ECF 589 at 3; ECF 638 at 2.  Defendants' deadline to disclose expert reports on issues where they do not bear the burden of proof was extended by two weeks to today, June 23.  *See* ECF 598.  The remaining schedule is still governed by the January 2025 scheduling order at ECF 507: CLF's deadline to disclose rebuttal reports is in two weeks on July 7, 2025, and the Parties must complete expert depositions by August 11, 2025.

On June 16, 2025, Defendants contacted CLF to request a one-week extension of the June 23, 2025 deadline to serve Defendants' expert reports and noting they were still preparing their expert reports and may serve 8 or 9 reports but were not certain at that time.  The Parties met and conferred three times regarding this request on June 16 and 17.  Defendants position was that the request was necessitated, in part, by the Court's June 13, 2025 Order denying Defendants' Motion to Strike Improper Expert Opinions (ECF 601), compelling Defendants' experts to respond to claims and opinions of which Defendants were not previously on notice and had moved to strike.[1] Defendants further explained the request was needed to avoid multiple experts and lawyers

---

[1] Another factor that caused delay to the preparation of Defendants' expert reports was Plaintiff's initial failure to provide the requisite data and calculations underlying its expert reports, which was then provided on June 4, 2025. CLF notes this was not raised in meet and confers as a basis for the extension request and CLF disagrees with any characterization it failed to provide information required under the rules or there was any disadvantage to Defendants by the timing or format of information provided. Defendants sent their request for data and references in the reports after hours on May 29 and CLF provided materials promptly.

working all day and night to serve expert reports by June 23, 2025.  On June 17, 2025, CLF said they would not agree to an across-the-board extension for Defendants given this would be their second extension and CLF believed that Defendants had not articulated good cause for needing an extension as the only stated reason was normal litigation management.  CLF also informed Defendants that two of CLF's experts could not meet the two week deadline to write rebuttal reports and would need an extension until July 25 for just those two experts.  CLF offered to allow Defendants their requested extension as to two expert reports for the two experts that aligned with CLF's experts who needed an extension.  Defendants rejected this counteroffer and Plaintiff stated it would not otherwise grant any extension.  After the Parties failed to come to agreement regarding requests for extensions, Defendants have worked tirelessly to prepare their expert reports and will be serving same today, June 23, 2025.

CLF anticipates that when it receives Defendants' expert reports later today, it will need an extension for two rebuttal reports to July 25 because CLF knows that two of its experts do not have sufficient availability between today and July 7 to consider, draft, and finalize a rebuttal report.  CLF does not currently anticipate needing an extension of the rebuttal report deadline for its five other experts.  CLF believes—and stated to Defendants in the June 17 meet and confer— that CLF has good cause for this request given that the original CMO provided a rebuttal report period of two months and nine days (ECF 52 at 4), and the current scheduling order provided 29 days (ECF 507), until Defendants were given a two-week extension that cut into CLF's rebuttal period while the Court considered Defendants' Motion to Strike.  CLF seeks to restore its rebuttal period only as to two experts and only based on their actual conflicts with the current schedule's two-week rebuttal report period.

Defendants object to Plaintiff's request to extend the deadline to serve any rebuttal expert

reports.  Defendants submit that Plaintiff should not be entitled to reject Defendants' request for the professional courtesy of a one-week extension of their expert report deadline and simultaneously request an extension of its own deadline for rebuttal reports, which has been in place since January of 2025.  In fact, Defendants had previously offered an in-kind extension of Plaintiff's rebuttal expert deadline in exchange for an extension of Defendants' deadline, but Plaintiff refused.[2]  While Defendants recognize what's good for the goose can be good for the gander, Plaintiff cannot have it both ways.  Moreover, Defendants submit that extending the deadline for Plaintiff to serve rebuttal experts to July 25, 2025 will also jeopardize the parties' ability to conduct expert depositions by the August 11, 2025 deadline.

*Judge Oliver's Omnibus Ruling*

On June 6, 2025, the parties appeared before Judge Oliver for oral argument on the following motions: 1) Defendants' Motion to Stay Discovery and Proceedings Related to Plaintiff's "Climate Change" Allegations in Counts I-IX of Complaint (ECF 584); 2) Plaintiff's Partial Objection to the Magistrate Judge's Order No. 582 (ECF 592); 3) Defendants' Motion to Strike Improper Expert Opinions (ECF 601); and 4) Plaintiff's Motion to Seal Plaintiff's Opposition to Defendants' Motion to Stay Discovery and Proceedings Related to Plaintiff's Climate Change" Allegations in Counts I-IX of Complaint.  On June 13, 2025, Judge Oliver issued an omnibus ruling denying Defendants' Motion to Stay and denying Defendants' Motion to Strike. *See* ECF 641.  The Motion to Strike was denied without prejudice to refiling under the proper rules of evidence and civil procedure.  *Id.*  Judge Oliver further vacated the ruling at ECF 582 and

---

[2] CLF notes that Defendants' offer was to move CLF's rebuttal report deadline by the same one week as Defendants' extension, meaning that CLF's rebuttal period would still be two weeks long just a different two weeks, while Defendants' deadline would be extended for a second time by an additional week. CLF noted this offer gave CLF no additional time to prepare potentially nine rebuttal reports and did not fix the timing issue with CLF's experts. CLF also notes that its rejection of that "offer" was made with a counteroffer.  Defendants rejected CLF's counteroffer.

referred the motions at ECF Nos. 605, 625, 639, and 650 to the Magistrate Judge to the extent they were not already referred. *Id.* The Parties wait for the Court to issue orders on those motions.

Dated: June 23, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ James M. Meinert*<br>James Y. Meinert (ct31637)<br>Zachary Manley (phv207600)*<br>Conservation Law Foundation, Inc.<br>62 Summer St<br>Boston, MA 02110<br>Tel: (617) 850-1744<br>Tel: (617) 850-1707<br>E-mail: jmeinert@clf.org<br>E-mail: zmanley@clf.org | */s/ Rose H. Jones* (with permission)<br>Rose H. Jones<br>Hilgers Graben PLLC<br>1372 Peachtree Street, N.E.<br>19th Floor<br>Atlanta, GA 30309<br>Tel: (678) 229-1983<br>E-mail: rjones@hilgersgraben.com |

referred the motions at ECF Nos. 605, 625, 639, and 650 to the Magistrate Judge to the extent they were not already referred. *Id.* The Parties wait for the Court to issue orders on those motions.

Dated: June 23, 2025

Respectfully submitted,

*/s/ James M. Meinert*
James Y. Meinert (ct31637)
Zachary Manley (phv207600)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
Tel: (617) 850-1707
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

*/s/ Rose H. Jones* (with permission)
Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
Tel: (678) 229-1983
E-mail: rjones@hilgersgraben.com

Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
Tel: (704) 503-2551
E-mail: alewis@kslaw.com

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-2769
E-mail: dhenderson@kslaw.com

Anthony G. Papetti (phv206982)*
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
Tel: (212) 702-5400
Fax: (212) 702-5442
E-mail: apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903
Tel: (401) 457-7730
Email: vgreene@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*Admitted as Visiting Attorney*

Tel: (410) 230 -1305
E-mail: rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
E-mail: jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
Tel: (202) 789-6020
Fax: (202) 789-6190
E-mail: jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE & DIAMOND, P.C.
400 West 15th Street, Suite 1410
Austin, TX 78701-1648
Tel: (512) 391-8000
Fax: (202) 789-6190
E-mail: breddy@bdlaw.com

*Counsel for Defendants*