**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-VDO <br><br><br> June 26, 2025 |

**MOTION TO RESTORE ORIGINAL TIMELINE FOR EXPERTS' REBUTTAL REPORTS**

Plaintiff Conservation Law Foundation, Inc. (CLF) respectfully moves this Court to restore the original 29-day period for expert rebuttal reports as contemplated under the current agreed-upon scheduling order (ECF 507) and accordingly shift the due date for rebuttal reports to July 22, 2025.[1]

**BACKGROUND**

The original Case Management Order (ECF 52) provided CLF with two months and nine days for rebuttal reports. The current agreed-upon schedule (ECF 507) reduced this to twenty-nine (29) days. However, when the Court granted Defendants a two-week extension for their expert reports (ECF 598), CLF's rebuttal deadline was not correspondingly adjusted to preserve the 29-

---

[1] For separate reasons as outlined in the June 23, 2025 Status Report, two of CLF's experts will need an additional three days, until July 25, to complete their reports. (ECF 643). For all other rebuttal reports, CLF is requesting a deadline of July 22, 2025 consistent with the original agreed upon timeline reflected in ECF 507.

1

day period. As a result, CLF's rebuttal period was cut down to essentially half of its original length, compressed to just two weeks, which includes the July 4th holiday.

While CLF had hoped to be able to submit rebuttal reports in the compressed two-week timeframe, Defendants disclosed 13 expert reports in response to CLF's 7 experts—a scope requiring substantial rebuttal work. This was unforeseeable as *just hours before* Defendants served their expert reports, Defendants represented in the Joint Status Report that they would disclose only 8 or 9 expert witnesses. (ECF 643). *See* Rumelt Decl., Ex. A. at 2.  On the date of this filing, Thursday, June 26, 2025, counsel for Plaintiff met and conferred with counsel for Defendants. Counsel for Defendants declined to consent to this request for equitable restoration of the Plaintiff's period for rebuttal.[2]

## ARGUMENT

Pursuant to District of Connecticut Local Rule 16(b):

> The schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause. The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, *for reasons that were not reasonably foreseeable*.

D. Conn. Local R. 16(b). Good cause exists to restore the original 29-day period for expert rebuttal reports for the following reasons:

1. **CLF Does Not Seek to Enlarge its Time for Rebuttal Reports, but Merely to Restore the Period Previously Ordered by the Court and Inadvertently Eroded by the Court's Decision to Extend Defendants' Expert Deadline.** Under the previous, agreed upon

---

[2] Counsel for Defendants not only declined to restore the previously agreed upon 29-day period for expert rebuttal reports but characterized this request as "overreaching" and an "extension." CLF adamantly disputes this as it is simply asking for a restoration of the previously agreed upon time to submit rebuttal reports. Additionally, CLF is proceeding with filing a Motion as this is a procedural issue asking for an amendment to the operative Case Management Order (ECF 598).

scheduling order, CLF had 29-days to submit rebuttal reports. When Defendants' request for an extension to file expert reports was granted, no corresponding extension for the submission of expert reports was granted, cutting CLF's time for rebuttal in half, from 29-days to two weeks (ECF 598). While CLF did not object at the time in order to avoid further delay, CLF understandably did not anticipate that Defendants would disclose thirteen (13) experts in response to CLF's seven (7) experts. *See* Rumelt Decl. at 2.

2. **The Scale of Expert Rebuttal Needed was Unforeseeable**: CLF could not have predicted that Defendants would disclose thirteen (13) experts in response to CLF's seven (7) experts especially given Defendants' representations up to the day of disclosure. Many of these expert reports are hundreds of pages, with the longest being 408 pages. *See* Rumelt Decl. at 3.

3. **Production Issues Requiring Resolution**: Several of the reports include complex spill models and calculations. Defendants did not provide calculations and references from their reports on the disclosure date. Additionally, some reports contain unreadable figures. CLF is in the process of requesting production of these materials, which will be necessary for experts to prepare rebuttal reports.

4. **Absence of Prejudice**: Restoring the originally agreed upon time period for disclosure of Plaintiff's rebuttal period will neither prejudice the Defendants, nor will impinge on subsequent case management deadline in any manner. On the contrary, Plaintiff is inadvertently prejudiced by Defendants' previously granted extension; fairness and equity require parity through restoration of Plaintiff's original timeline for rebuttal.

Additionally, as noted in the June 23 Joint Status Report, two of CLF's experts do not have sufficient availability to submit a rebuttal report until July 25. (ECF 643). For these experts, CLF

requests additional time to respond, by July 25th, which would add a mere three days to the Plaintiff's original and appropriate rebuttal period.[3]

## CONCLUSION

In conclusion, CLF respectfully requests that this Court restore the original 29-day period for expert rebuttal reports as contemplated under the current agreed-upon scheduling order (ECF 507), shifting the due date for rebuttal reports to July 22, 2025, and separately grant an additional three days for two of CLF's experts on the original rebuttal period to July 25, 2025.

Dated: June 26, 2025

                                                                    Respectfully submitted,

                                                                     CONSERVATION LAW
                                                                     FOUNDATION, Inc., by its attorneys

                                                                    /s/*Ridge Mazingo*

                                                                    Ridge Mazingo (phv208402)*
                                                                    28 Bridgeside Blvd.
                                                                    Mount Pleasant, SC 29464
                                                                    Tel: (843) 216-9620
                                                                    Email: rmazingo@motleyrice.com

                                                                    Zachary Manley (pvh207600)*
                                                                    James Y. Meinert (ct31637)
                                                                    Conservation Law Foundation, Inc.
                                                                    62 Summer St
                                                                    Boston, MA 02110
                                                                    Tel: (617) 850-1707
                                                                    Tel: (617) 850-1477
                                                                    E-mail: zmanley@clf.org
                                                                    E-mail: jmeinert@clf.org

---

[3] CLF offered Defendants an extension on two of their expert reports in exchange for an extension on these two rebuttal reports, but Defendants rejected this offer and were only willing to agree to it in exchange for an across-the-board extension of all expert reports. CLF did not grant Defendants' request for an across-the-board extension because (1) Defendants demonstrated no good cause for such an extension; and (2) given that it would be Defendants' second extension, CLF did not wish to further delay an already protracted litigation.

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowely@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)
Elizabeth Smith
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor

                                        Hartford, CT 06103
                                        Tel: (860) 218-2722
                                        Email: mpendell@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*

*\*Admitted as Visiting Attorney*