UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-VDO <br><br><br> July 2, 2025 |

**MEMORANDUM OF SUPPLEMENTAL INFORMATION IN SUPPORT OF MOTION TO RESTORE ORIGINAL TIMELINE FOR EXPERTS' REBUTTAL REPORTS AND REQUEST FOR EXPEDITED CONSIDERATION PURSUANT TO LOCAL RULE 7(a)**

Plaintiff Conservation Law Foundation, Inc. (CLF) respectfully provides this Memorandum of Supplemental Information in support of its recently filed Motion to Restore Original Timeline for Experts' Rebuttal Reports (ECF 646). CLF requests expedited consideration of this matter pursuant to District of Connecticut Local Rule 7(a).[1]

**BACKGROUND**

In the June 23, 2025 joint status report, the Parties first notified the Court that the Parties were at an impasse as to the due date of Plaintiff's rebuttal expert reports (ECF 643 at 2-4). On

---

[1] CLF is seeking emergency relief pursuant to Local Rule 7(a)(6). Good cause exists given the CLF only has 3 business days to submit its rebuttal reports. Plaintiff's Motion at ECF 646 was Plaintiff's first Motion regarding restoring the 29-day time period for rebuttal reports to be due July 22 for most experts, and July 25 for two experts. This is the second. Plaintiff met and conferred with Defendants last Thursday, June 26 regarding Plaintiff's Motion at ECF 646 and Defendants indicated they would oppose the motion but have yet to file an opposition despite ample time to do so. As such, Plaintiff respectfully requests the Court rule on this matter today.

June 26, 2025, Plaintiff Conservation Law Foundation, Inc. (CLF) filed a motion (ECF 646) to restore the original 29-day period for expert rebuttal reports as contemplated under the current agreed-upon scheduling order (ECF 507) and accordingly shift the due date for rebuttal reports to July 22, 2025. As noted therein, several of Defendants' expert reports included complex spill models and calculations. However, the Defendants failed to provide the underlying calculations and references along with their reports on the June 23 disclosure date. CLF indicated within its motion (ECF 646) that these supporting materials were necessary for CLF's experts to prepare meaningful rebuttal reports and that it sought production of these critical materials from the Defendants.[2]

Despite the obvious critical importance of Defendants' experts' underlying data and their knowledge that Plaintiff's timeline for rebuttal reports was halved as a consequence of Defendants disclosure extension, Defendants waited until Tuesday, July 1, 2025, at 9:51 p.m. to belatedly produce the relevant calculations and supporting data that was omitted from their expert disclosures. The late-evening production occurred a mere three (3) business days before the current July 7, 2025 deadline for CLF's expert rebuttal reports, despite the fact Plaintiff's counsel requested supplemental production of these materials on June 26 at 3:31 p.m.

## ARGUMENT

The Defendants' unexplained late production of critical materials provides additional good cause for restoring CLF's original 29-day period for expert rebuttal reports. As this Court recognized in granting Defendants' earlier extension, expert report preparation requires adequate time for thorough analysis (*See* ECF 598). The late production of complex calculations and data—

---

[2] Defendants' experts relied on complex computer models and simulations in forming their opinions. CLF's experts are still reviewing Defendants' late evening production to determine whether they produced all of the input and output files associated with these simulations. An additional complicating factor is that several models are proprietary, and CLF's experts do not have ready access to them.

leaving CLF's experts with only three business days to analyze materials integral to Defendants' expert opinions—further demonstrates that the compressed timeline is unreasonable and was not foreseeable when Defendants' request for extension was granted at ECF 598.

CLF's experts cannot reasonably be expected to conduct a meaningful analysis of multiple complex calculations and subsequently prepare substantive rebuttal reports within such a truncated timeframe, particularly when the underlying data was withheld past Defendants' already extended disclosure deadline. The unexcused late production underscores and exacerbates the unfairness of the current compressed schedule and the need to restore the originally contemplated 29-day period.

Pursuant to District of Connecticut Local Rule 16(b), good cause exists for schedule modification when "the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable." D. Conn. Local R. 16(b). Defendants' failure to produce essential supporting materials until 9:51 PM on July 1, 2025, leaving CLF with only three business days to analyze and respond, was not reasonably foreseeable and demonstrates that the current schedule cannot reasonably be met despite CLF's diligence.

## CONCLUSION

For the reasons set forth herein and in Plaintiff's Motion to Restore Original Timeline for Expert's Rebuttal Reports at ECF 646, the Court should GRANT Plaintiff's Motion at ECF 646.

Dated: July 2, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

/s/*Ridge Mazingo*

Ridge Mazingo (phv208402)*
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Zachary Manley (pvh207600)*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1748
Tel: (617) 850-1707
Tel: (617) 850-1477
E-mail: ajordan@clf.org
E-mail: zmanley@clf.org
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowely@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130

Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)
Elizabeth Smith
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc*.

*\*Admitted as Visiting Attorney*