UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br> July 2, 2025 <br><br> DECLARATION |

**DECLARATION OF DOUGLAS A. HENDERSON IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF CONSERVATION LAW FOUNDATION, INC.'S MOTION TO RESTORE ORIGINAL TIMELINE FOR EXPERTS' REBUTTAL REPORTS [ECF 646 AND 648]**

I, Douglas A. Henderson, hereby declare under penalty of perjury as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of Georgia, and am admitted to practice before this Court via *pro hac vice*. I am counsel of record for Defendants in the above-captioned matter and have personal knowledge of the facts set forth herein. I have personal knowledge of the facts contained in this Declaration and, if called to testify, I could and would competently testify to the matters stated herein.

2. I submit this Declaration in support of Defendants' Response to Plaintiff Conservation Law Foundation, Inc.'s Motion to Restore Original Timeline for Experts' Rebuttal Reports (ECF 646 and 648).

3. Plaintiff served seven expert reports on May 8, 2025, totaling nearly 600 pages of opinions. None of Plaintiff's expert reports contains any discussion of documents related to the work performed by non-party consultant All4, Inc.

4. However, Plaintiff's expert reports contained a litany of claims and opinions that were not included in Plaintiff's pre-suit Notices of Intent. These opinions were new to Defendants, who had no reasonable expectation that their experts would be required to rebut such opinions in their own reports.

5. Plaintiff's expert reports also caused failed to include the underlying facts, data and calculations relied upon by Plaintiff's experts in preparing their opinions. Defendants requested that Plaintiff provide such materials via e-mail correspondence dated May 29, 2025. Plaintiff initially disagreed that it was required to disclose the missing facts, data and calculations, but ultimately provided some additional materials via e-mails dated June 4, 2025, June 5, 2025, and June 11, 2025.

6. In light of these issues, I contacted Plaintiff's counsel via telephone call on June 16, 2025 to request an extension of their June 23, 2025 deadline and to offer an in-kind extension to Plaintiff's counsel for its rebuttal reports. On the phone call, I requested the professional courtesy of a one-week extension of Defendants' expert report deadline, and offered the same extension to Plaintiff. Plaintiff's counsel asked how many expert reports Defendants anticipated serving, and I responded that Defendants were not sure at that time, but may serve "8 or 9 or more" reports on the service deadline. I explained to Plaintiff that Defendants' work to prepare their expert reports was ongoing, and could not be sure how many reports Defendants would serve until the deadline. The parties continued discussing Defendants' request for extension on three phone calls in total, which took place on June 16 and 17, 2025.

7. The only type of extension that Plaintiff would entertain was a one-week extension of the service deadline for two of Defendants' experts, in exchange for an 18-day extension for the service of two reports of Plaintiff's rebuttal experts, who purportedly had

unrelated scheduling issues. Defendants responded that a one-week extension was needed for all of their experts to complete their reports under these circumstances, but Plaintiff's counsel refused to entertain any such extension, which would have applied to CLF's experts as well.

8. After Plaintiff rejected Defendants' request for extension, Defendants' counsel—and expert witnesses—worked tirelessly to meet the deadline of June 23, 2025 and ultimately timely served its expert reports. One of the designated experts was previously deposed in this litigation about her work and opinions, and CLF has had her materials for more than two years. Defendants' attorneys worked up to 20 hours per day, including weekends, to serve their reports on time.

9. On June 23, 2025, the parties submitted their bi-weekly Joint Status Report. ECF 643. In the report, the parties submitted their various positions on the expert discovery deadlines, and summarized their meet-and-confer discussions regarding same. During back-and-forth revisions to the Draft Joint Status Report, Plaintiff's counsel repeatedly inserted language mischaracterizing Defendants' prior representations about the number of expert reports Defendants intended to serve on the deadline. Defendants' counsel first removed this language from the Joint Status Report, but Plaintiff's counsel re-inserted it in the next round of revisions. Defendants' counsel ultimately approved this statement with the qualifying language that Defendants had expressly told Plaintiff's counsel that they were not sure how many expert reports they would serve, and likely would not know the exact number until the service deadline.

10. On June 25, 2025, Defendants contacted Plaintiff's counsel via e-mail asking for available dates to depose each of Plaintiff's expert witnesses. Plaintiff has yet to provide any available dates for the deposition of six of its seven experts.

11.     On June 26, 2025, Plaintiff requested the production of underlying calculations and data from Defendants' experts, including the Bates numbers of documents referenced in the reports.  Defendants responded with a chart of all referenced documents and Bates numbers on June 27, 2025.  This notably contrasted with Plaintiff's expert reports, many of which did not include any Bates numbers whatsoever.  On July 1, 2025, Defendants produced the requested data, spreadsheets and other materials generated and/or relied on by their experts (3 business days after Plaintiff's request for same).

12.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 2, 2025
        Atlanta, Georgia

                                    /s Douglas A. Henderson
                                    DOUGLAS A. HENDERSON