UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., *Plaintiff*, v. EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, *Defendants*. | Civil Action No. 3:21-cv-00933-VDO July 2, 2025 DECLARATION |

### DECLARATION OF RYAN T. KEARNEY IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF CONSERVATION LAW FOUNDATION, INC.'S MOTION TO RESTORE ORIGINAL TIMELINE FOR EXPERTS' REBUTTAL REPORTS [ECF 646 AND 648]

I, Ryan T. Kearney, hereby declare under penalty of perjury as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of Georgia, New York, New Jersey, Florida and Nevada, and am admitted to practice before this Court via *pro hac vice*. I am counsel of record for Defendants in the above-captioned matter and have personal knowledge of the facts set forth herein. I have personal knowledge of the facts contained in this Declaration and, if called to testify, I could and would competently testify to the matters stated herein.

2. I submit this Declaration in support of Defendants' Response to Plaintiff Conservation Law Foundation, Inc.'s Motion to Restore Original Timeline for Experts' Rebuttal Reports (ECF 646 and 648).

3. On June 25, 2025, Plaintiff's counsel contacted Defendants to request a two-week extension of its deadline for all of its rebuttal experts to submit their reports. The parties met and conferred regarding Plaintiff's request on June 26, 2025. Defendants' counsel asked Plaintiff

what had changed, if anything, since Plaintiff's representation to Court just two days prior that no extension would be needed for all but two of its experts. The only response from Plaintiff's counsel was that CLF had been operating under the assumption that Defendants would only serve "8 or 9" expert reports, and ultimately served 13. Defendants clarified that they never committed to serving any specific number of expert reports, but had merely represented Defendants' evolving understanding of the approximate number of expert reports they anticipated serving at the time of that conversation.

4.  Defendants further advised that they could not acquiesce to Plaintiff's request for an extension immediately after CLF had refused to grant Defendants any professional courtesy or extension of their own expert deadline. Defendants communicated to Plaintiff's counsel that Defendants were disappointed with Plaintiff's gamesmanship, and Plaintiff's counsel responded, "I don't care if you're upset."

5.  During the meet and confer, Defendants' counsel also informed Plaintiff that they understood the Court's Order regarding the presentation of discovery disputes applied to this Motion, and inquired whether Plaintiff's counsel intended to contact the Court and await guidance for how to proceed. *See* ECF 473. Plaintiff advised that it did not intend to comply with that Court's Order and that it would be filing this as an ordinary motion.

6.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 2, 2025
Atlanta, Georgia

/s Ryan T. Kearney
RYAN T. KEARNEY