**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

CONSERVATION LAW FOUNDATION, INC.,

*Plaintiff*,

v.

SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,

*Defendants*.

Civil Action No. 3:21-cv-00933-VDO

July 25, 2025

**PLAINTIFF CONSERVATION LAW FOUNDATION'S**
**MEMORANDUM IN SUPPORT OF THE ECF 640 RETROACTIVE MOTION TO SEAL**

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Memorandum in Support of the ECF 640 retroactive Motion to Seal regarding CLF's 30(b)(6) deposition testimony. CLF submits this memorandum despite the fact that this motion practice is an unnecessary use of judicial resources that asks the Court to rule on the confidentiality of testimony that Defendants did not cite or quote in their underlying "Notice of Supplemental Authority," which was submitted in violation of the Court's Discovery Order (ECF 473), the Court's denial of Defendants' Request for Leave to File Exhibits (ECF 601-1), and the District of Connecticut's Local Civil Rule 5(f). As CLF pointed out in its immediately filed objection to the Notice, the entire transcript was validly designated confidential, and thus Defendants' filing in open Court was a flagrant violation of the Protective Order. ECF 639 at 2. CLF renews its request that the Court strike Defendants' self-styled "Notice of Supplemental Authority" and its exhibit from the record, which would moot the ECF 640 retroactive Motion to Seal. *Id.* at 1.

## I. BACKGROUND

On June 10, 2025, Defendants filed a "Notice of Supplemental Authority in Support of Motion to Stay Discovery and Proceedings Related to Plaintiff's 'Climate Change' Allegations in Counts I-IX of Complaint (ECF 584) and Motion to Strike Improper Expert Opinions (ECF 601)" ("Notice"). ECF 637. That Notice attached the entire deposition transcript of the June 6, 2025, 30(b)(6) deposition of CLF by its corporate designee Sean Mahoney. *See* ECF 637-1. In the Notice itself, Defendants summarized or quoted information from the deposition on pages 46-47, 51-52, 71-72, 75-76, 80-81, 84-87, 90-91, 93-98, 104-106, 117-119, 143-144, 165-166, 175-176, 178-179, 187-190, 200, 207, 215, 228-229, 237, 239-240, 257, 268-269, and 303-304; but the Notice also stated that this "is not intended to present an exhaustive list of all testimony obtained from the Rule 30(b)(6) deposition that may be relevant to the pending Motion[s]," thus inviting the Court to scour the rest of the transcript as well. ECF 637 at 2-4 & n.2. The Notice does not state which parts of which motion the above citations and quotes are supplemental to or give any explanation of how CLF's 30(b)(6) deposition testimony is authority for the headered sections. *See e.g.*, ECF 637 at 2 (purporting CLF's testimony is authority for whether "The Draft Permit's Climate Resilience Measures are New"). Defendants stated that the deposition transcript was "relevant to" and "in further support" of the pending motions. ECF 637 at 2, 4. CLF immediately objected, the same day, to this Notice and requested it be stricken from the record as the Notice does not contain "authority," impermissibly included legal argument, and violated Paragraph 13 of the ECF 7 Protective Order that the Court entered in this case. *See* ECF 639.

Three days later on June 13, 2025, the Court denied Defendants Motion to Stay and Motion to Strike, only addressing the Notice in a footnote in support of the proposition that this litigation appears to be "fast-moving, fact-bound, and still-developing," without any apparent consideration of the materials in the Notice and without finding whether a deposition transcript could count as

"authority." *See* Order, ECF 641 at 2 n.2. On June 25, CLF sent to all counsel a confidentiality designation for sections of transcript on pages 21-24, 26-30, 66, 68-70, 75, 84, 87, 89-90, 95-96, 209-210, 212, 222, 256-257, 271, 290-292, 295, 305-306, and 319. Meinert Decl., Ex. A ¶ 3. On July 10, the Court provisionally sealed the Notice and Transcript and set a deadline for this filing. ECF 654. On July 21 and 23 CLF requested Defendants withdraw the Notice and exhibit or conform the filing to Local Civil Rule 5(f) to moot or limit the Parties and the Court's burden. Meinert Decl., Ex. A ¶¶ 9–10. Defendants did not agree to either request but offered they would not oppose the confidentiality designations. *Id.*

## II. LEGAL AUTHORITY

Paragraph 13 of the Protective Order states:

> Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) ***by written notice*** to all counsel of record, ***given within ten business days after the Designating Person's receipt of the transcript*** in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. ***Pending expiration of the ten business days, the deposition transcript shall be treated as designated***.

Protective Order (ECF 7), ¶ 13 (emphasis added).

As this Court has noted (ECF 221), Courts in the Second Circuit follow a three-step process in determining whether to seal documents that have been placed before them. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court determines whether the document is a "judicial document" to which a presumption of public access attaches. *Id.* at 119. Second, if the document is indeed a judicial document, the court determines the weight to be given to the presumption under the circumstances of the case. *Id.* Third, after determining the weight to be accorded to the presumption, the court "balance[s] the competing considerations against it." *Id.* at 120.

In performing the first step of this three-step process, courts regard the document at issue

as a "judicial document" if it is "relevant to the performance of the judicial function and useful in the judicial process[.]" *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). "Such documents are presumptively public so that the federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*")). "In determining whether a document is a judicial record, [courts] evaluate the 'relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the document would materially assist the public in understanding the issues before the court, and in evaluating the fairness and integrity of the court's proceedings.'" *Id.* (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013)) (brackets and ellipsis omitted).

In performing the second step of the process—the assessment of the weight to be accorded to the presumption—courts consider "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo II*, 71 F.3d at 1049). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo II*, 71 F.3d at 1049. For example, "[t]he weight of [the] presumption is of the 'highest' for 'documents used by parties moving for summary judgment,' which 'should not remain under seal absent the most compelling reasons.'" *Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, No. 3:18-cv-705 (VLB), 2020 WL 13303727, at *2 (D. Conn. Aug. 21, 2020) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)) (ellipsis omitted). Conversely, "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the

presumption's reach." *Amodeo II*, 71 F.3d at 1050.

The Second Circuit has noted retroactive sealing can have only limited effect. "We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

## III. ARGUMENT

### A. The Court Should Strike Defendants' ECF 637 Notice and Its Exhibit as Improperly Filed in Violation of the Court's Orders and Rules

Defendants' Notice and its exhibit are not authority relevant to the Court's decision on the Motion to Stay or Motion to Strike but instead were proffered by Defendants as factual information "in support" of those motions. As factual support for the motions, they are procedurally improper for three separate reasons and should be stricken from the docket as requested in CLF's ECF 639 Objection.[1]

First, the Court ordered the Motion to Strike to be filed in accordance with ECF 473. ECF 593. To comply with both ECF 593 and 473, both Parties were limited to an argumentative letter brief of 7 pages and a single additional page on which to request leave to file any exhibits providing factual support. ECF 473 ¶ 4. When filing the Motion to Strike, Defendants asked for leave to file eleven exhibits. *See* ECF 601-1. The Court did not grant leave to file those exhibits and therefore Defendants were prohibited from filing any exhibits to support the ECF 601 Motion to Strike. Thus, Defendants filing a 322-page deposition transcript in support of the ECF 601 Motion to Strike, without first seeking leave, was a violation of the Court's ECF 593 and 473 Orders. Second, the ECF 473 Order prescribes a 7-page limit on the argumentative letter brief, and by filing the 4-page ECF 637 supplemental Notice with facts and argument, Defendants turned their

[1] The District Court characterized CLF's ECF 639 Objection as "a further pending request, which appears to be a motion, by the Plaintiff to strike the Defendants' notice of supplemental authority." ECF 641 at 12–13.

Motion to Strike into an 11-page filing. A party seeking to exceed a page limit must request leave under Local Civil Rule 5, and a party seeking to supplement a pleading to include later occurring facts or events must seek leave under Federal Rule 15(d). Defendants did neither and filed an overlong argument in violation of the Court's orders and rules.[2] Third, as a factual exhibit to either the Motion to Strike or Motion to Stay, the exhibit violated each subpart of Local Civil Rule 5(f)—Rule 5(f)(1) prohibits the filing of depositions on the docket except by order of the Court; Rule 5(f)(2) requires a party seeking relief under any of the Federal Rules to "file only that portion of the deposition" that is the subject of the dispute; and Rule 5(f)(3) similarly requires that discovery material "needed for consideration of a motion" to be filed "upon application to or order of the Court" and be limited to only "the necessary portion of a discovery material." By filing the entire deposition transcript as a factual exhibit to the Motion to Strike and Motion to Stay, Defendants caused both motions to be in violation of all three subparts of Local Civil Rule 5(f).[3] There can be no dispute that the deposition transcript is "discovery material," as the rule in two places refers to depositions, and thus filing the transcript was subject to Local Civil Rule 5(f), which is titled "Filing of Discovery Materials." And there can be no dispute that Defendants did not seek leave, were not otherwise granted leave, and did not limit their filing to the necessary portions of the exhibit. For any of those three reasons the Court should rule the filing improper as violative of the Court's Orders and Rules and strike the Notice and its exhibit from the record.

Courts can strike filings that do not conform to the Court's Orders or Rules. *See United States S.E.C. v. Ahmed*, No. 3:15cv675 (JBA), 2018 WL 11458925, at *3 (D. Conn. Mar. 29, 2018)

---

[2] CLF did not do the same with its ECF 639 objection, which did not make any supplementary points or argument regarding the Motion to Strike and merely objected to Defendants' Notice.

[3] If there is any question whether the Parties are obligated to follow the Local Rules, the case management order in this case expressly states that "Any motions relating to discovery must comply fully with the Local Rules." ECF 52 at 4–5.

(describing the courts' inherent authority to manage its cases and courtrooms to "include[] the court's ability to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." (quoting *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09 Civ. 2669 (LAP), 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015))); *see generally Marcum v. Jones*, No. 1:15-cv-239, 2016 WL 1103893, at *2 (S.D. Ohio Mar. 22, 2016) (upholding Magistrate Judge's order striking a supplemental response when the Court had granted leave to file one response and the party filed two responses).

In this litigation, Defendants have regularly sought to file arguments on the docket in violation of the rules. In response to CLF's November 2023 Motion to Compel, Defendants filed a proposed sur-reply as an attachment to their request to file a sur-reply, which the Court noted was improper because it violated the Local Rules. ECF 338 ("Further, the defendants are respectfully reminded of Local Rule 7(d), which states that no 'sur-replies may be filed without permission of the Court.' Filing a 'proposed sur-reply' as an attachment or exhibit to a motion for leave to sur-reply is not permitted under this rule." (citations omitted)). In Defendants' Motion to Dismiss (ECF 50-1) they sought to exceed the page limit to include additional argument by expanding the margins of their filing beyond the limit proscribed by Local Civil Rule 10. *See* ECF 53 at 12 (CLF's opposition pointing out the rule violation); *see also* ECF 53-1 (attaching a rule compliant version of Defendants' brief to show the margin adjustment transformed the filed brief from 40 pages to 45 pages in length). Defendants claimed their expansion of the margins to include 5 additional pages of argument was "inadvertent" and claimed their non-compliance with the local rules was due to their confusion from reading "the section of Judge Merriam's Pre-Trial Preferences titled 'letter briefs,' which cross-references Local Rule 10 (pleadings) as applying only to documents filed in lieu of letters to the Court." ECF 54 at 1-2. In those past failures to follow

the rules, the Court was able to ignore Defendants' additional arguments and filings, and the only cost in the litigation was on CLF spending its own pages to point out the violations. In this instance, both CLF and the Court are now asked to analyze and determine how to clean up the consequences of Defendants continued filing of arguments and documents that are clearly prohibited by the Court's orders and rules. Instead, the Court should simply strike[4] Defendants' Notice and its exhibit because the filings are improper.

On July 21 and 23 CLF requested Defendants withdraw the Notice and exhibit or conform the filing to Local Civil Rule 5(f) to moot or limit the Parties and the Court's burden. Meinert Decl., Ex. A ¶ 9–10. Defendants did not agree to either request. *Id.*

**B. The Court Should Reject Defendants' Claim They Did Not Violate the Protective Order**

Regardless of whether the Notice is taken at face value as controlling or persuasive authority or a mis-labeled factual exhibit, there is no question the Notice filing is a violation of the Court's Protective Order. Paragraph 13 of the Protective Order makes all depositions in this matter designated confidential until 10 business days after the designating person has received the transcript. ECF 7 ¶ 13. The deposition at issue was taken on June 6, and Defendants filed the fully designated transcript on the public docket on June 10 without a motion to seal. ECF 637. CLF timely designated the transcript confidential on June 25, 2025, as to portions of pages 21-24, 26-30, 66, 68-70, 75, 84, 87, 89-90, 95-96, 209-210, 212, 222, 256-257, 271, 290-292, 295, 305-306, and 319. Meinert Decl., Ex. A ¶ 3. From June 10 until June 25 Defendants were in violation of the Protective Order as to all 332 pages of the transcript. From June 25, 2025, until the Court

[4] The Court may strike an improper filing as an exercise of its inherent authority to manage its docket. *NRDC v. United States FDA*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012). Or the Court could strike an improper filing as sanction for failure to follow a discovery order. The Court at all times has authority to issue sanctions *sua sponte* over violations of its own discovery orders. *See, e.g.*, *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117–18 (2d Cir. 2000) (discussing the court's inherent power to issue sanctions *sua sponte*).

sealed the filing on July 10, 2025, see ECF 654, Defendants were in violation of the protective order as to the designated sections on the designated 34 pages.

Rather than simply admit an error and withdraw the filing, Defendants have taken the position in the ECF 640 retroactive Motion to Seal that "Defendants did not think sealing the Exhibit or any quotations therefrom in its Notice of Supplemental Authority was necessary," because "Defendants do not believe the information in the Notice is confidential" and that "Plaintiff did not designate[5] any of the transcript at issue in this Motion as confidential." ECF 640 at 1, 3. CLF asks the Court to reject Defendants' position, as to accept it would be to render the Protective Order meaningless. Under the Protective Order, the Parties should be protected from needing to make line by line designations of confidentiality for a period of time. If the Parties cannot rely on paragraph 13 of the protective order for a reasonable period of time to designate material confidential, then, immediately upon receiving a deposition transcript, a Party would only need to state it does not believe the information is confidential and then file it fully on the docket as supplemental authority to a pending motion and force the other party to demand a retroactive motion to seal. This would publicly expose all confidential material in deposition testimony for a period of time and would force the Court to consider retroactive motions to seal on vast quantities of pages of later designated material. In the Second Circuit, retroactive sealing is noted to have only limited effect. "We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). To prevent this type of behavior, which Defendants argued in a signed filing is consistent with the Protective Order, the Court should reject Defendants' arguments

---

[5] If Defendants' claim this statement is in relation to a phone call between Defendants' counsel, Ryan Kearney, to Plaintiff's counsel, James Meinert, on June 10, CLF disputes Attorney Kearney's account of that phone call. Attorney Kearney only asked CLF if it knew which portions it would designate confidential, and Attorney Meinert stated that CLF still had time to make its designations. Meinert Decl., Ex. A ¶ 2.

and clarify whether Defendants violated the Protective Order.

**C. CLF's Testimony Contains Personal and Confidential Information**

Local Civil Rule 5(e) and the Protective Order paragraph 14 state that confidential designated material in a judicial document can only be sealed by the Court upon motion and designated materials are not automatically sealed. Prior to filing this Memorandum, CLF requested that Defendants withdraw their ECF 637 and 637-1 filings to moot the need for Court consideration of the ECF 640 retroactive Motion to Seal. Meinert Decl., Ex. A ¶ 9–10. Defendants declined to withdraw their Notice, but stated they would not oppose CLF's confidentiality designations and would agree to file a version of the transcript with redactions over CLF's designations. *Id.* While CLF appreciated the proposal, Local Civil Rule 5(e)(3) clearly states that "[n]o document shall be sealed merely by stipulation of the parties." CLF noted this to Defendants that Defendants' proposal would not reduce any burden and then CLF further proposed Defendants agree to conform their ECF 637-1 filing to Local Rule 5(f), which would reduce the Parties and the Courts work to the passages actually cited or quoted in the Notice. Meinert Decl., Ex. A ¶ 10. Defendants did not accept this second proposal. *Id.* Thus, CLF believes it must proceed assuming that even unopposed confidentiality designations should be substantiated and that the Court will adhere to the three-prong analysis and make particularized findings on the unopposed designations.

On prong one, this particular Notice of Supplemental Authority is only marginally a judicial document. CLF has not found any precedent within the Second Circuit that categorically a notice of supplemental authority, attaching a deposition transcript or not, is necessarily a judicial document for step one of the motion to seal analysis. The Court should then consider "the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 166–67 (2d Cir. 2013). When denying the Motion to Stay and Motion to Strike, the District Court

did not expressly cite to or consider the Notice except to acknowledge that it was filed and comment that it appears the litigation is fact-bound and still developing.[6] ECF 641 at 2 n.2 ("As recently as a few days ago, however, the Parties have continued to exchange filings regarding an additional 'notice of supplemental authority.' *See* ECF Nos. 637, 639. That 'supplemental authority'—a deposition that took place on June 4, 2025—emphasizes the fast-moving, fact-bound, and still-developing nature of the disputes in question."). Furthermore, the Court's substantive denials were supported on procedural and other factors unrelated to the substance of Defendants' Notice. The denial of the Motion to Strike rested on the motion's gross procedural deficiencies. *Id.* at 10. The denial of the Motion to Stay was warranted by Defendants' failure to show prejudice as their motion asked the Court to go against precedent that "is extraordinarily well-established in the Second Circuit." *Id.* at 6 (stating "[t]he lack of prejudice alone is more than sufficient to warrant the denial of the Defendants' motion," and then also finding Defendants' arguments on permit interpretation warranted denial of the motion). That the District Court did not need to engage with the content of Defendants' Notice when denying both the Motion to Stay and Motion to Strike indicates that the Notice is at most very marginally a judicial document.

Should the Court consider the Notice and its exhibit as judicial documents, CLF's confidentiality designations fall into four categories: (1) inquiries into CLF's litigation decision-making structure, (2) inquiries into where CLF staffs' family members live, (3) the content of CLF's experts reports, and (4) CLF's plans for future litigation. *See* Meinert Decl., Ex. A ¶¶ 3–8.

Category one consists of two designated passages starting on pages 21 and 23 involving inquiries into how CLF makes decisions during litigation, including which staff members make

[6] The District Court also characterized CLF's ECF 639 Objection as "a further pending request, which appears to be a motion, by the Plaintiff to strike the Defendants' notice of supplemental authority." ECF 641 at 12–13.

litigation decisions. Meinert Decl., Ex. A ¶ 4. While CLF does make the identity of its staff members public on its website, CLF does not publicly share information on how it makes litigation decisions, and this information should be considered confidential business information. *Id.*; *see generally Rodo Inc. v. Guimaraes*, No. 22-CV-9736 (VSB), 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) ("[C]ourts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations[—]are the proper subject of sealing." (quoting *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-CV-07577-KMK, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022))). This information also treads closely on CLF's attorney-client privilege,[7] and Protective Order paragraph 18 clearly indicates that such information need not be publicly exposed. ECF 7 ¶ 18 ("Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver."); *see generally AU New Haven, LLC v. YKK Corp.*, No. 15-CV-03411 (GHW)(SN), 2016 WL 6820383, at *4 (S.D.N.Y. Nov. 18, 2016) ("[T]he discussion of [legal strategy] among senior executives at a corporation represented by counsel is privileged.").

Category two consists of two designated passages starting on pages 26 and 30 where Defendants asked CLF's 30(b)(6) witness where his family members lived and there was testimony regarding whether his family members did or did not live in various states. *See* Meinert Decl., Ex. A ¶ 5. Information on where CLF's staff family members live is information that CLF does not publicize and therefore is non-public as well as personal information that is subject to a reasonable

[7] CLF objected to this line of questioning during the deposition in anticipation that it may expose any attorney-client information. Meinert Decl., Ex. A ¶ 4.

expectation of privacy. *Id.*; *see S.E.C. v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (quotations omitted)); *DaCosta v. City of Danbury*, 298 F.R.D. 37, 41 (D. Conn. 2014) ("There is a recognized privacy interest in keeping personal facts away from the public eye." (quotations omitted)). Those passages should be considered appropriately designated confidential as personal information.

Category three consists of sixteen designated passages starting on pages 66, 68, 69, 75, 84, 87, 89, 95, 209, 212, 256, 271, 290, 295, 305, and 319 with information regarding the contents of CLF's expert reports. Meinert Decl., Ex. A ¶ 6. CLF disclosed its expert reports as fully designated based only on their pervasive reliance on details, facts, and assumptions that came from or were based on Defendants' documents produced in this litigation, including those designated confidential by Defendants. *Id.* While Defendants have now waived any claim to confidentiality over parts of Dr. Wendi Goldsmith's expert report by filing an excerpt on the public docket, ECF 629-4, CLF's 30(b)(6) deposition testimony describes aspects of a number of designated reports with broad descriptions and that do not easily map on to the specific parts of Goldsmith's report that are no longer confidential. *See* Meinert Decl., Ex. A ¶¶ 6–7. As such, CLF believes the testimony regarding the reports is not an appropriate place to consider de-designating the reports themselves and confidentiality should be preserved.

Category four consists of one designated passage starting on page 222 where Defendants asked CLF's 30(b)(6) witness about CLF's plans to conduct future litigation. Meinert Decl., Ex. A ¶ 8. CLF does not publicly share information regarding future litigation and this information should be considered confidential business information. *Id.* This information also treads closely on CLF's attorney client privilege and Protective Order paragraph 18 clearly indicates that such

information need not be publicly exposed.

If the Court weighs CLF's claims of confidentiality against a presumption of public availability, CLF believes each designation should be upheld and sealed.

## IV. CONCLUSION

Instead of ruling on the ECF 640 retroactive Motion to Seal, the Court should strike the Notice of Supplemental Authority, its exhibit, and thus moot the retroactive motion. Simply put, it cannot be the norm in this litigation or any litigation in this District that a Party can file its opponents' designated materials in public after being ordered by the Court to not file such materials in support of a motion, and then the other litigants and the Court must spend their resources addressing a motion to seal on the improper filing. Furthermore, the Court should reject Defendants' claims that their action was permissible. If the Court decides to allow Defendants' filing of the entire deposition transcript on the docket, the Court should allow sealing of CLF's designated passages.

Dated: July 25, 2025

Respectfully submitted,

CONSERVATION LAW FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602

Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722

Email: mpendell@motleyrice.com

Ridge Mazingo*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Vincent Greene*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
Email: vgreene@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*