# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br> July 25, 2025 |

### DECLARATION OF JAMES Y. MEINERT IN SUPPORT OF MEMORANDUM IN SUPPORT OF THE ECF 640 RETROACTIVE MOTION TO SEAL

I, James Y. Meinert, hereby declare under penalty of perjury as follows:

1. I am an attorney licensed to practice law in the State of Massachusetts and admitted to practice before this Court. I am counsel of record for the Plaintiff in the above captioned matter and have personal knowledge of the facts set forth herein.

2. On June 11, 2025 Defendants' Counsel Attorney Ryan Kearney called me, James Meinert, to discuss CLF's ECF 639 Objection to Defendants' Notice of Supplemental Authority; this call is the one referenced in the ECF 640 retroactive Motion to Seal at 2. On that Call Attorney Kearney asked what portions of the deposition CLF believed were confidential and I told Attorney Kearney that CLF still had time to make its designations. Defendants appear to have described this in their retroactive Motion to Seal as "On the call, CLF did not identify any of the testimony contained in the Notice as confidential." Attorney Kearney also asked what action CLF wanted Defendants to take to address the Objection, and I told Attorney Kearney

1

that the ECF 637 filing was Defendants' violation of the protective order and it was up to them to figure out how to cure the violation and CLF would not somehow bless their violation with a joint action or joint motion. I further asked Attorney Kearney to not describe in their motion that CLF had a position one way or the other on whatever action they undertook, Defendants appear to have described this in their retroactive Motion to Seal as "Nor would CLF agree to this Motion to Seal."

3. On June 25, CLF sent to all counsel a timely confidentiality designation over the following passages:

| **Begin** | **End** |
|---|---|
| 21:16 | 23:02 |
| 23:18 | 24:07 |
| 26:14 | 29:15 |
| 30:9 | 30:23 |
| 66:5 | 66:13 |
| 68:11 | 68:23 |
| 69:23 | 70:2 |
| 75:4 | 75:9 |
| 84:6 | 84:14 |
| 87:4 | 87:23 |
| 89:15 | 90:7 |
| 95:7 | 96:15 |
| 209:15 | 210:16 |
| 212:12 | 212:19 |
| 222:11 | 222:25 |
| 256:21 | 257:2 |
| 271:20 | 271:24 |
| 290:18 | 292:15 |
| 295:22 | 295:23 |
| 305:10 | 306:4 |
| 319:13 | 319:18 |

4. The two designated passages starting on pages 21 and 23 involve inquiries into how CLF makes strategic decisions in litigation and which staff members make litigation decisions, this

2

is not information that CLF publicly shares on its website or otherwise. CLF objected to aspects of these lines of questioning that clearly sought to solicit attorney-client privileged information.

5. The two designated passages starting on pages 26 and 30 involve questions regarding where the witness's family members do or do not live. Where CLF staff's family members do or do not live is not information that CLF publicly shares on its website or otherwise.

6. The sixteen designated passages starting on pages 66, 68, 69, 75, 84, 87, 89, 95, 209, 212, 256, 271, 290, 295, 305, and 319 concern the contents, analysis, and conclusions of CLF's expert reports. CLF's expert reports were disclosed as fully designated confidential based only on their pervasive reliance on details, facts, and assumptions that came from or were based on Defendants' documents produced in this litigation including those designated confidential by Defendants.

7. On June 4, 2025, Defendants filed a partially redacted excerpt of CLF's expert Dr. Wendi Goldsmith's report on the public docket at ECF 629-4.

8. The designated passage starting on page 222 involves an inquiry into litigation CLF may or may not be developing. CLF does not publicly share information regarding future litigation on its website or otherwise.

9. On July 21, CLF sent an email to Defendants asking they withdraw the ECF 637 and 637-1 filings to reduce the burden on the Parties and the Court in considering and ruling on the ECF 639 and 640 Motions. The Parties discussed this request on July 22 where Defendants declined to withdraw their filings but stated they would not oppose the confidentiality designations and offered to file a redacted version of the deposition to cover all of CLF's designations, but without agreeing to all of the designations. CLF stated that the Court cannot rubberstamp an

unopposed designation by sealing without particularized findings and asked Defendants to withdraw the filings.

10. On July 23 CLF again followed up to request withdrawal of the filings and asked if Defendants would limit the exhibit to just the pages listed in the Notice to bring the Notice in compliance with Local Civil Rule 5(f) and so CLF and the Court did not need to evaluate the 27 pages with designations that Defendants had not cited in their Notice. Defendants did not respond to this additional request.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 25, 2025
Boston, Massachusetts

/s/ *James Y. Meinert*
James Y. Meinert

Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org