### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION, INC.,

*Plaintiff*,

v.

SHELL OIL COMPANY, EQUILON
ENTERPRISES LLC D/B/A SHELL OIL
PRODUCTS US, SHELL PETROLEUM, INC.,
TRITON TERMINALING LLC, and MOTIVA
ENTERPRISES LLC,

*Defendants*.

Civil Action No. 3:21-cv-00933-VDO

August 8, 2025

### DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO SEAL NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 640)

Defendants do not oppose the continued sealing of the portions of their March 21, 2025 Notice of Supplemental Authority (ECF 637) that cite to excerpts of the June 4, 2025 Rule 30(b)(6) deposition of Plaintiff Conservation Law Foundation, Inc. which were subsequently designated "confidential" by Plaintiff on June 25, 2025. Accordingly, the parties agree that these portions of the deposition should remain sealed at this time.[1] To that end, Defendants would agree to re-file a redacted version of their Notice of Supplemental Authority that redacts the very limited citations and references to testimony that Plaintiff has actually designated confidential. Defendants would also agree to re-file a redacted version of the sole exhibit to that filing, consisting of the deposition

---

[1] Defendants maintain that no confidential documents were marked at the June 4, 2025 deposition of Plaintiff, and do not necessarily agree with Plaintiff's characterizations that any of the designated testimony actually discussed information of a confidential nature that must be sealed on the public docket. However, in the spirit of cooperation, Defendants do not challenge the continued sealing or confidentiality of these materials at this time. Defendants reserve the right to request the unsealing of any of the designated testimony at a later date, in the event it becomes necessary.

1

transcript from which Plaintiff has now designated certain testimony to be "confidential," the vast majority of which does not even appear in the body Defendants' Notice of Supplemental Authority. This limited redaction of the testimony that has been designated confidential should cure all concerns over what remains on the public docket, and it is respectfully submitted that the Court need take no action beyond that.

However, Defendants submit this limited Reply to oppose Plaintiff's apparent counter-motion to strike Defendants' Notice of Supplemental Authority from the docket. That relief is both unnecessary and unjustified, especially considering the Court's ability to simply maintain redacted versions of the Notice of Supplemental Authority and associated exhibit on the public docket, redacting all references to the limited testimony that Plaintiff has designated confidential. Moreover, the motion for which the Notice of Supplemental Authority was submitted to support has already been resolved, and striking the Notice from the record—or maintaining it on the docket—will have no effect on the ruling that has already been rendered.

Defendants also disagree with Plaintiff's additional arguments for striking this pleading, including reference to administrative rules regarding page limits and the submission of deposition transcripts. *See* Pl.'s Resp., at 5-6. ***First***, Defendants' Notice of Supplemental Authority did not seek to exceed the page limit of its Motion to Strike Improper Expert Opinions (ECF 601), which complied with the Court's Order regarding page limits for briefs regarding discovery disputes. That motion was filed on May 23, 2025, and the Rule 30(b)(6) deposition of Plaintiff was completed on June 4, 2025. Defendants did not receive the transcript of that deposition until June 6, 2025. Therefore, this testimony was not available to Defendants at the time their Motion to Strike was filed, and Defendants believed that it was relevant to the Court's consideration of that Motion. More specifically, the testimony included Plaintiff's admissions that several claims and

2

opinions contained in Plaintiff's expert reports were not properly disclosed in Plaintiff's pre-suit Notices of Intent, which was the precise topic of Defendants' Motion. Against this backdrop, it was proper for Defendants to submit a Notice of Supplemental Authority to advise the Court of these newly obtained facts that were not available at the time Defendants' Motion was filed.

*Second*, Defendants submitted the deposition transcript to provide the Court with the full context of the cited testimony, and to prevent an argument from Plaintiff that Defendants may have "cherry picked" the testimony to support their pending motion. In addition, the parties had just appeared for the hearing on Defendants' Motion to Strike on June 6, 2025, during which the parties disputed what testimony had actually been elicited at the deposition, and how it should impact the Motion. Accordingly, it was Defendants' belief that submitting the entire deposition transcript was necessary to provide the full context of the testimony referenced at the hearing, so the Court could evaluate the parties' characterizations of same. *See Maynard v. Stonington Comm. Ctr.*, 2016 WL 286 (D. Conn. May 17, 2016) (holding, in a dispute regarding deposition testimony, that "the submission of less than the entire transcript would not have enabled the court to give full consideration to the parties' arguments in support of and in opposition to [the] motion to strike"). In any event, this does not provide a basis for Plaintiff's request to strike the Notice of Supplemental Authority from the record, and Plaintiff cites no authority that would support that outcome. *See* Pl.'s Resp., at 6-7 (citing inapposite cases striking "abusive" filings and sur-replies).[2]

In sum, Plaintiff has not demonstrated any justification or actual need for this pleading to be stricken from the docket, and it is respectfully submitted that this request should be denied.

---

[2] Defendants also take issue with Plaintiff's characterizations of prior filings in this case as set forth on pages 7-8 of Plaintiff's Response. However, these references and arguments are not relevant to the instant motion and should be disregarded by the Court.

**Portions of Plaintiff's Deposition Transcript that Should Remain Sealed and Confidential**

The portions of the CLF Deposition that have been marked confidential are found at the

following page/line locations of the deposition transcript:

| Begin | End |
|-------|-----|
| 21:16 | 23:02 |
| 26:14 | 29:15 |
| 30:9 | 30:23 |
| 66:5 | 66:13 |
| 68:11 | 68:23 |
| 69:23 | 70:2 |
| 75:4 | 75:9 |
| 84:6 | 84:14 |
| 87:4 | 87:23 |
| 89:15 | 90:7 |
| 95:7 | 96:15 |
| 209:15 | 210:16 |
| 212:12 | 212:19 |
| 222:11 | 222:25 |
| 256:21 | 257:2 |
| 271:20 | 271:24 |
| 290:18 | 292:15 |
| 295:22 | 295:23 |
| 305:10 | 306:4 |
| 319:13 | 319:18 |

Pursuant to the parties' agreement and the reasons set forth in Plaintiff's Response, the

above testimony should remain sealed.  Defendants will stand ready to file redacted versions of

their Notice of Supplemental Authority and the associated exhibit at the Court's request.

However, of these designations, the only "confidential" testimony that was actually cited—

in reality, paraphrased—in Defendants' Notice of Supplemental Authority were **three** page/line

designations found at 84:6-84:14; 87:4-87:23, and 95:7-96:15.  Defendants' Notice of

Supplemental Authority otherwise cited to **33** other portions of additional testimony to which

Plaintiff has **not** designated confidential: 46:22-47:2; 51:18-52:8; 71:11-72:6; 75:10-76:6; 80:15-

81:3; 87:3; 87:24; 90:8-91:4; 93:14-94:2; 96:16-97:23; 98:5-21; 104:15-105:1; 106:13-20; 117:3-

118:11; 118:12-119:1; 143:9-19; 144:5-14; 165:11-166:4; 175:17-176:1; 178:9-12; 187:13-15; 188:7-15; 189:13-190:8; 200:19-25; 207:17-25; 215:7-21; 228:25-229:16; 237:9-24; 239:4-240:2; 257:3-22; 268:4-269: 14; 270:6-24; and 303:15-304:4.  *See* ECF 637, at 2-4.  It is therefore undisputed that none of this additional testimony is confidential, and there is no reason to seal or strike it from the record.

The testimony that Plaintiff designated as confidential makes up only 37 of the 329 total lines of testimony cited by Defendants.  This represents a mere 11% of the testimony that Defendants actually referenced in their Notice of Supplemental Authority.  The other 89% of testimony cited in the body of Defendants' Notice is not confidential and should remain on the public docket.[3]  This does not constitute a basis to strike Defendants' Notice in its entirety when it can easily be redacted to resolve Plaintiff's concerns.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants do not oppose Plaintiff's request to seal the specific portions of Defendants' Notice of Supplemental Authority and associated exhibit that track the confidentiality designations that Plaintiff has served for the June 4, 2025 Rule 30(b)(6) Deposition of Plaintiff Conservation Law Foundation, Inc. as set forth herein.  However, Defendants oppose Plaintiff's unnecessary request to strike these pleadings from the record and respectfully request that the Court deny such request.

---

[3] On Page 13 of Plaintiff's Response, CLF appears to suggest that Defendants' filing of certain 30(b)(6) deposition testimony that discusses "aspects of a number of designated [expert] reports with broad descriptions" may put the continued confidentiality of those reports at issue.  To the extent Plaintiff is suggesting those expert reports should ultimately be de-designated, Defendants vehemently contest that position.  In any event, CLF correctly states that "testimony regarding the reports is not an appropriate place to consider de-designating the reports themselves and confidentiality should be preserved."  Pl.'s Resp., at 13.  Defendants will oppose any request from Plaintiff to de-designate confidential materials at the appropriate time.

Dated:  August 8, 2025

Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@KSLAW.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.

6

1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, the foregoing was filed through the Court's

electronic filing system ("ECF"), by which means the document is available for viewing and

downloading from the ECF system and a copy of the filing will be sent electronically to all

parties registered with the ECF system.

*/s/ Douglas A. Henderson*
Douglas A. Henderson (phv05547)
King & Spalding LLP
1180 Peachtree Street, NE Suite
1600 Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
