UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br> August 13, 2025 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Conservation Law Foundation ("CLF") hereby submits the following Motion for Leave to File its Second Amended Complaint. Plaintiff has sought to confer with Defendants, who have not responded. Plaintiff requests the opportunity to present oral argument.

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Motion for Leave to File Second Amended Complaint to add a state law-based claim to enforce the Connecticut Coastal Management Act. This claim is appropriate for consideration pursuant to the Court's supplemental jurisdiction. The basis of this claim was already presented in the allegations of the Amended Complaint and has been the subject of extensive discovery. For this reason, the addition of the Coastal Management Act claim will not require additional discovery by either party. Further, the resolution of this motion can be considered concurrently with other pretrial briefing and so will not delay this litigation or otherwise prejudice the Defendants.

I.  **BACKGROUND**

On February 11, 2022, CLF filed its Amended Complaint asserting claims under the citizen suit provisions of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251, et seq. ("Clean Water Act"), and the Solid Waste Disposal Act, 42 U.S.C. §§ 6901, et seq. ("Resource Conservation and Recovery Act" or "RCRA") for violations of federal law. ECF 47.[1]

Among others, the violations cited in the Amended Complaint include Shell's past and ongoing failures to comply with Connecticut Industrial Stormwater Permit (currently registered as No. GSI002800) (the "Permit") and the Clean Water Act at Shell's New Haven Terminal ("Terminal"). *Id.* The Amended Complaint includes detailed information about the Connecticut Coastal Management Act provisions incorporated into the Permit. *Id.* at ¶¶ 184-191, 197. Further, the Amended Complaint includes a count (Count II) alleging violations of the Permit and the Clean Water Act based on Shell's noncompliance with the Connecticut Coastal Management Act ("CMA"). *Id.* at paragraphs ¶¶ 396-404.

In a recent letter brief presented as a motion to strike Plaintiff's expert opinions, Shell argued for the first time since the inception of this litigation that Plaintiff does not have standing to allege violations of the Connecticut Coastal Management Act. ECF 601 at 6. Shell argued that "state regulations . . . are not enforceable through citizen suit under 33 U.S.C. § 1365." *Id.* quoting *Atl. States Legal Found., Inc. V. Eastman Kodak Co*. 12 F.3d 353, 359 (2d Cir. 1993).[2]

II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 instructs courts to "freely

---

[1] Pin cites to docket entries refer to the ECF header page number.
[2] This Court denied Defendants' motion based on procedural grounds without prejudice. ECF 641 at 10.

give leave" to amend. *Id.* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.—the leave should, as the rule requires, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962). In deciding whether to allow a plaintiff to amend its pleading, a court should "examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations." *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989).

### III. ARGUMENT

#### A. Plaintiff Seeks Leave to Amend to Add a State Law Cause of Action Enforcing the Stormwater Permit's Mandate that Defendants Activity Must be Consistent with the Connecticut Coastal Management Act.

CLF respectfully requests that the Court grant leave to file a Second Amended Complaint for the sole purpose of adding a state law-based claim pursuant to the Court's supplemental jurisdiction. Specifically, with the limited amendments set forth in the attached proposed amended complaint, CLF seeks to add the following:

**STATUTORY AND REGULATORY BACKGROUND**

. . . .

**III. Connecticut Environmental Policy Act and Coastal Management Act**

106. The Connecticut Environmental Policy Act ("CEPA"), Conn. Gen. Stat. Chapter 439, declares the State of Connecticut's environmental policy.

107. CEPA establishes that there a "public trust in the air, water and other natural resources of the state of Connecticut and that each person is entitled to the protection, preservation and enhancement of the same." Conn. Gen. Stat. § 22a-15.

108. CEPA allows any person, which includes any legal entity, to sue another person for declaratory and equitable relief "for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction." Conn. Gen. Stat. § 22a-16.

109. Pursuant to CEPA, Defendants are subject to suit to for declaratory and equitable relief, attorney's fees and costs, "for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction," Conn. Gen. Stat. § 22a-16 and § 22a-18.

110. The Connecticut Coastal Management Act ("CMA"), Conn. Gen. Stat. Chapter 444, was passed to, inter alia, "preserve and enhance coastal resources", "consider in the planning process the potential impact of a rise in sea level, coastal flooding and erosion patterns," and "to minimize the risk of oil and chemical spills at port facilities". Conn. Gen. Stat. 22a-92.

111. CMA "gives substantive content to the meaning of the word 'unreasonable' as used in the context of an independent action under [the Connecticut Environmental Policy Act or CEPA]." *City of Waterbury v. Town of Washington*, 260 Conn. 506, 557, 800 A.2d 1102, 1137 (2002). Therefore, "whether the conduct is unreasonable under CEPA will depend on whether it complies with that scheme." *Id.; Fort Trumbull Conservancy, LLC v. City of New London*, 135 Conn. App. 167, 182 n.9, 43 A.3d 679, 689 (2012).

. . . .

**COUNT II-B**

411. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

4

412. Defendants' activity at the Terminal is in violation of the goals and policies of the Coastal Management Act and of the Permit and is the cause of adverse impacts to coastal resources and water quality.

413. Defendants' activity at the Terminal puts the air, water, and other natural resources of Connecticut at risk from unreasonable pollution, impairment or destruction within the meaning of the Connecticut Environmental Protection Act.

. . . .

**RELIEF REQUESTED**

. . . .

2. declaratory and injunctive relief to protect the air, water and other natural resources of the State of Connecticut pursuant to Section 22a-16 of the Connecticut Environmental Policy Act and in accordance with the Permit and the Connecticut Coastal Management Act;

. . . .

7. an award of the costs of litigation, including reasonable attorney and expert witness fees, under Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), Section 7002(e) of RCRA, 42 U.S.C. § 6972(e), <u>and Section 22a-18 of the Connecticut Environmental Policy Act;</u>

. . . .

The Second Amended Complaint, attached hereto in both clean and redline versions, also includes other minor conforming changes not listed here.

**B. The Court Has Supplemental Jurisdiction to Adjudicate the Proposed State Law Claim.**

A district court has supplemental jurisdiction over claims that "are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). For purposes

of § 1367(a), claims form part of the "same case or controversy" if they "derive from a common nucleus of operative fact." *Clark v. Santander Bank N.A.*, No. 3:22-CV-0039 (SVN), 2023 WL 7110558, at *9–10 (D. Conn. Oct. 27, 2023) (citations omitted). In this instance, the interpretation of the Connecticut Coastal Management Act as incorporated into the Permit is integral to the claims in this case and is based on a common set of facts, namely the failure of Defendants to plan for the impacts of climate change on the Terminal.

Further, a district court "should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values ... [of] economy, convenience, fairness, and comity." *Id.* (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)) (citation omitted). Where a case has been pending for some time, "economy considerations weigh in favor of the exercise of supplemental jurisdiction, rather than requiring the parties to start over in state court." *Id.* Finally, Rule 15 provides that "[t]he court should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). *Edwards v. N. Am. Power & Gas, LLC*, No. 3:14-CV-1714 (VAB), 2016 WL 3093356, at *2 (D. Conn. June 1, 2016). A decision to require CLF to litigate the matter of Defendants' compliance with the Connecticut Coastal Management Act in state court at this stage of the litigation would be highly prejudicial, inconvenient and unfair to CLF, and would represent a significant waste of judicial resources given the time and resources expended to get the present litigation to this stage.

Instead, CLF requests that the Court grant leave to file a Second Amended Complaint to ensure the orderly and effective resolution of this matter, with full consideration given to the important question of whether Defendants have complied with the Permit and the Connecticut Coastal Management Act. As specified in the Second Amended Complaint, compliance with the CMA is a requirement for authorization under all versions of the Permit throughout the statute of

6

limitations period applicable in this litigation. CLF seeks to amend and clarify that it is seeking to enforce the Permit pursuant to Connecticut's Environmental Protection Act citizen suit provision, Conn. Gen. Stat. § 22a-16, as well as the CWA citizen suit provision. This amendment will confirm that this integral claim is properly before the Court through exercise of the Court's supplemental jurisdiction.

### C. Amendment is Appropriate Given Defendants' Recently Articulated Allegation That Compliance with the Coastal Management Act is Solely a Matter of State Law.

CLF seeks the limited proposed amendment due to Defendants' recently articulated views regarding the scope of the Court's review under the Clean Water Act. As noted above, in the Motion to Strike recently adjudicated by the Court, Defendants espoused the view that Second Circuit precedent precludes CLF from "pursu[ing] state-law claims in this case.". ECF 601 at 6 (citing *Atl. States Legal Found., Inc. v. Eastman Kodak Co.* ("*Atlantic States*"), 12 F.3d 353, 354 (2d Cir. 1993)).[3] This Second Amended Complaint and the incorporation of a claim related to enforcement of the Connecticut Coastal Management Act under state law if allowed, will avoid the need for briefing on this point and will instead clarify that the Permit is enforceable via state law as well as the Clean Water Act. In sum, the Court should allow the clarifying amendment pursuant to its supplemental jurisdiction because it will resolve the *Atlantic States* argument that Defendants have only raised at this late stage of the case. The Court's exercise of supplemental jurisdiction over CLF's claim based on Connecticut's citizen suit provision, Conn. Gen. Stat. § 22a-16, and the Connecticut Coastal Management Act, will provide a straightforward and

---

[3] Contrary to Defendants' argument the entire Permit is enforceable pursuant to Federal law. If necessary to brief this issue, CLF will explain that *Atlantic States* is inapposite, and that the *Atlantic States* ruling must be construed in light of substantial subsequent precedent.

concurrent basis for considering the issues raised in this matter in addition to the Clean Water Act citizen suit claim.

Defendants have been on notice of the Coastal Management Act issues raised in this matter since the inception of the litigation. ECF 47 at 36 ¶¶ 184-191, and 396-404. Yet, notably, the *Atlantic States* argument did not feature in Defendants' February 2022 Motion to Dismiss (ECF 50-1) or their June 2023 Motion for Partial Summary Judgment (ECF 248-01). In fact, in their Motion to Dismiss Defendants simply argued that they were in full compliance with the Coastal Management Act in a conclusory manner, arguing that Plaintiff's complaint lacked sufficient specificity, and did not argue that federal jurisdiction was improper based on *Atlantic States*. ECF 50-1 at 35.[4] Nor did Defendants specify an *Atlantic States* affirmative defense in their Answer, despite identifying fifteen other generalized defenses. ECF 120 at 92-94. Similarly, Defendants did not articulate an *Atlantic States* defense in their Motion for Partial Summary Judgement. ECF 248-1. Only in their recent Letter Brief seeking to strike virtually all of CLF's expert reports did Defendants belatedly seize upon the allegation that the Permits' requirement relating to compliance with the Coastal Protection Act was unenforceable under Federal law. ECF 601 at 6. The proposed amendment would simply clarify that CLF seeks to enforce the Permit under federal

---

[4] Defendants' entire argument for dismissal of Count 2 in the Motion to Dismiss is quoted as: "**c. Compliance with the Coastal Management Act (Count 2)** . . . CLF's claim arising under the CMA lacks sufficient specificity to allege a plausible claim. CLF alleges that Defendants' "activity at the Facility" violates the General Permit because it is inconsistent with the goals and policies of the CMA, and that the New Haven Terminal "is designed and operated in a manner that will cause adverse impacts to coastal resources". FAC ¶¶ 397, 403. CLF fails to allege what "activity" violates the Permit. While CLF alleges certain factors that Defendants have allegedly failed to consider ("rise in sea level, coastal flooding, and erosion patterns"), and certain control measures or BMPs that Defendants have allegedly failed to implement, *see id.* ¶¶ 397-402, CLF nowhere alleges that the CMA requires the consideration of those factors in development of the SWPPP. As described above, CLF has failed to plead facts sufficient to support any conclusion with respect to the plausibility of whether the Defendants considered these potential risks in creation of the SWPPP. Further, CLF's Complaint is completely devoid of allegations showing how the Terminal will cause adverse impacts to coastal resources as defined in the CMA, which refers to impacts like significant alterations of tidal patterns, significant alteration of groundwater flow, or significant alteration of shoreline configurations. *See* Conn. Gen. Stat. § 22a-93. CLF has not alleged facts giving rise to a plausible claim under Count 2 and, like the other CWA Adaptation Claims, this claim should be dismissed."

and state law, removing any question regarding the Court's jurisdiction to enforce the provisions of the Permit relating to the Connecticut Coastal Management Act.

### D. Defendants will Suffer no Prejudice Through the Addition of a State Law-based Claim and Granting Leave to Amend will not Delay Resolution of this Matter.

As stated above, Defendants have been on notice of CLF's cause of action to enforce the Coastal Protection Act since the inception of the litigation. ECF-1 at 72; ECF 47 at 35 ¶¶ 175-191, 197, and 396-404. CLF is seeking leave to file a Second Amended Complaint because Defendants only recently argued that CLF is precluded from a claim seeking to enforce the Connecticut Coastal Management Act provisions of the Permit. In considering whether to grant a litigant leave to amend, the Court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice, and futility of amendment. *Edwards v. N. Am. Power & Gas, LLC*, No. 3:14-CV-1714 (VAB), 2016 WL 3093356, at *2 (D. Conn. June 1, 2016. In the Second Circuit, "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). In this instance, CLF does not seek to delay the litigation but to expedite resolution of this matter. Allowing this amendment will avoid unnecessary motion practice regarding an issue that is easily resolved through the appropriate exercise by the Court of its supplemental jurisdiction of a state claim -- namely to enforce the Connecticut Coastal Management Act, an issue integral to the other claims raised in this litigation.

Further, allowing CLF to amend its complaint will not prejudice Defendants, who have been on notice of the relevance of the Coastal Management Act to a determination of violations of the Permit since the outset of this litigation. "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy*

9

*Servs. Gas Holding Co. v. Bank of America, N.A.,* 626 F.3d 699, 725–26 (2d Cir.2010) (internal quotation marks and citation omitted). Here, Defendants will not have to expend any additional resources relating to discovery or trial preparation as they have already engaged in extensive discovery regarding compliance with the Connecticut Coastal Management Act.

Plaintiff accepts the Record as sufficient to support its state law claims. CLF does not intend to seek any additional discovery based on the Proposed Amendment, but rather simply seeks to clarify that Connecticut state law provides an independent basis for enforcing the Permit provisions relating to the Connecticut Coastal Management Act. Discovery by both parties has addressed the subject matter of Count II of the Amended Complaint extensively. Indeed, Defendants' Motion to Strike, ECF 601, is founded in significant part on the fact that CLF's expert reports address compliance with the Connecticut Coastal Management Act. Furthermore, the Parties will be able to probe expert opinions as they relate to the substance of the goals and policies of the CMA in upcoming expert depositions.

CLF's ability to enforce the terms of the Permits under both federal and state law is a pure question of law. As such, it can be dealt with in the ordinary course of briefing on upcoming dispositive motions with no required modification of the Case Management Order and schedule. If the Court grants Plaintiff leave to file, the Proposed Amendment will simply clarify that the Court can directly enforce the Permits through the Court's supplemental jurisdiction to address state law claims as well as under Federal law.

## IV. CONCLUSION

For the foregoing reasons, CLF asks the Court to grant the relief requested in its Motion.

Dated: August 13, 2025                                       Respectfully submitted,

/s/ David K. Mears
David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, CT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Tel: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Vincent Greene*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
Email: vgreene@motleyrice.com

*Attorneys for Plaintiff
Conservation Law Foundation, Inc.
*Admitted as Visiting Attorney*