# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-VDO <br><br><br> September 3, 2025 |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Four years after this lawsuit commenced and at the thirteenth hour of discovery, Plaintiff Conservation Law Foundation ("CLF") seeks to amend its complaint to assert an entirely new state law claim: a Connecticut Environmental Policy Act ("CEPA") claim to enforce the Connecticut Coastal Management Act. CLF has never once raised CEPA in this litigation, or any state law claim to enforce the Connecticut Coastal Management Act.

The Court should deny leave to amend for four reasons. First, under this Court's scheduling order, CLF missed the deadline to amend its complaint by three years, and CLF failed to establish "good cause" for its substantial delay. Indeed, nothing has changed in the controlling law or facts that impacted CLF's ability to raise its proposed claim when it initiated this lawsuit, much less by the court-imposed deadline to amend the complaint. Second, amendment would unfairly prejudice Defendants at this late stage of the case. Allowing CLF to allege a new claim

would require that the parties restart fact discovery, which has closed, and restart expert

discovery when the parties have already exchanged expert reports and completed the majority of

expert depositions – none of which discussed a CEPA claim. Third, CLF's proposed amended

claim is futile and would not survive a motion to dismiss because CLF failed to identify any

CEPA allegations in its Notice of Intent to Sue ("Notice of Intent"), as required by statute in

Clean Water Act ("CWA") citizen suits. Fourth, CLF's proposed claim also fails on the merits;

under Connecticut law, a private party like CLF cannot assert a claim to enforce the Coastal

Management Act, either as an independent state law claim or in a CWA citizen suit.

## I.    BACKGROUND

In this citizen suit, CLF alleged violations of federal law under the CWA and Resource

Conservation Recovery Act ("RCRA") at the New Haven Terminal, almost all relating to its

claim that a 2018 industrial stormwater permit required a "climate change" risk assessment. In

the original complaint—which was filed more than **four years ago**—CLF did not assert any state

law claims, much less a claim under CEPA or the Coastal Management Act. CLF's passing

reference to the Coastal Management Act in its original complaint only refers to its claim to

enforce the permit itself, which states that permit-holders' activities should be "consistent with

all applicable goals and policies" of the Coastal Management Act. [ECF 1 at 31]. To be sure, the

complaint never mentions CEPA anywhere.

The Court's Rule 16 Scheduling Order set a deadline to amend the complaint "no later

than July 22, 2022"—more than **three years ago**. [ECF 52 at 1]. The Scheduling Order further

states that "[a]ny motion to amend the pleadings … after these dates will be governed by the

good cause standard of Fed. R. Civ. P. 16(b)." [ECF 52 at 1]. CLF amended its complaint on

February 11, 2022, before the Court-mandated deadline. [ECF 47]. Again, the amended

complaint did not mention CEPA or assert any state law claim to enforce the Coastal Management Act.

On July 22, 2020, before initiating this lawsuit, and in accordance with the pre-suit filing statutory requirements of the CWA, CLF submitted a Notice of Intent that identified certain specific standards allegedly violated. [ECF 1, Ex. A] *See* 33 U.S.C. § 1365(b)(1)(A); 40 CFR § 135.3(a). CLF's Notice of Intent identified twelve CWA claims and three RCRA claims. [ECF 1, Ex. A] In its Notice of Intent to Sue, CLF was required to expressly identify the specific sections of the regulations allegedly violated, the dates of the violations, and other specific information.

Nowhere in the Notice of Intent did CLF ever reference a CEPA claim or even mention it. The passing reference to the Coastal Management Act in the Notice of Intent was couched under the heading "Clean Water Act Violations," and like CLF's complaint, referred only to the permit itself. [ECF 1, Ex. A. at 9]. Similarly, CLF's "other claims" catch-all section in its Notice of Intent—which states, "The violations of federal law alleged herein also support pendant state law claims sounding in tort, including but not limited to, negligence and public and private nuisance"—did not apprise Defendants (or EPA or the State) of any state claims or state standard allegedly violated. [ECF 1, Ex. A. at 14]. The Notice of Intent to Sue is very specific in its requirements. CLF first inspected the Terminal on December 5 and 6, 2022, after which, CLF never included any new claims. CLF supplemented its Notice of Intent on February 17, 2021 [ECF 1, Ex. B] and on November 21, 2024 [ECF 47, Ex. A], neither of which added any state law claims.

More than four years after CLF commenced this lawsuit and three years after the deadline to amend expired under the scheduling order, Defendants have conducted discovery based on the understanding that CLF's claims were limited to causes of action under the CWA and RCRA. A

litany of depositions have been conducted, written discovery answered, and Defendants have produced millions of pages in response to Plaintiffs' requests for production with the understanding that the claims were limited in that fashion. None of CLF's interrogatories have mentioned CEPA or the Coastal Management Act. And no witnesses have provided testimony regarding claims under CEPA or the Coastal Management Act.

CLF disclosed eleven experts in this case (many of whom also served rebuttal reports), and Defendants disclosed fourteen experts. None of the parties' experts has asserted any opinion about CEPA. Of CLF's experts, only Wendi Goldsmith, and Bruno Pigott in his rebuttal report, even referenced the Coastal Management Act. In Wendi Goldsmith's report, she includes a drive-by opinion that ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████ Ex. A, Goldsmith Rpt. at 40. Wendi Goldsmith did not even provide a citation to the statute. *Id.* Notably, she also did not provide any substantive opinions about the Coastal Management Act during her deposition. *See* Ex. B, Goldsmith Dep. In Bruno Pigott's rebuttal report, he briefly cites the Coastal Management Act section referenced in the Permit itself. Ex. C, Pigott Rpt. at 16.[1] Similarly, only one defense expert, Thomas Battles, discussed the Coastal Management Act in any way, and only in the context of discussing Defendants' obligations under the permit—not as a standalone claim and certainly not in the context of a CEPA action. *See* Ex. E, Battles Rpt. at 3–5.

Defendants moved to strike CLF's expert opinions about claims not included in the Notice of Intent or complaint, including Wendi Goldsmith's reference to the Coastal

---

[1] ███████████████████████████████████████████████████████████████████ Ex. D, Pigott (Rough) Dep. at 68:17–70:16.

Management Act.[2] [ECF 601 at 6] As defendants asserted in their Motion to Strike, even if CLF

had disclosed a claim to enforce the Coastal Management Act (it did not), private citizens may

not enforce state regulations in a citizen suit. [ECF 601 at 6 (citing *Atl. States Legal Found., Inc.*

*v. Eastman Kodak Co.*, 12 F.3d 353, 354 (2d Cir. 1993)].[3] Now seeing the writing on the wall

(*i.e.*, realizing that it cannot enforce the Coastal Management Act under the CWA or RCRA),

CLF moved for leave to amend its complaint to add an entirely new state law claim under CEPA

to enforce the Coastal Management Act. [ECF 683]. CLF did not submit a revised Notice of

Intent before seeking leave to amend. CLF's proposed amended complaint names parties that

were dismissed from the suit and asserts claims against Motiva that were dismissed years ago.

CLF's motion seeking leave to amend, filed on August 13, 2025, comes more than **five**

**years** after filing the original Notice of Intent, **four years** after filing the initial complaint, and

months after the close of fact discovery. It seeks to insert a new CEPA claim to enforce the

Coastal Management Act after submitting its expert reports on May 5 and 8, 2025, and expert

rebuttal reports on July 22 and August 1, 2025. As this Court recently observed, "This long-

running and complex action is nearing the end of discovery." [ECF 641 at 1]. As of today, the

parties have completed thirty-one fact depositions. Fourteen expert depositions are complete, and

three more will be complete by the end of the week. Not a single deposition to date has discussed

Defendants' obligations under CEPA. In sum, because CLF only asserted federal claims under

---

[2] Indeed, CLF's experts include a myriad of opinions with reference to statutes and standards not included in the Notice of Intent and thus not at issue in this case. *See, e.g.,* Nairn Rpt. at 50, 68 ███████████████████████
████████████████████████████████████████ (Ex. F).

[3] This Court denied the motion to strike as "not the proper vehicle" for resolution of the issues raised, leaving open Defendants' ability for future challenges via *Daubert* motions or motions *in limine*. [ECF 641 at 10]. Notably, *Atlantic States* was also cited to CLF by Pike Fuels in its Motion to Dismiss in March of this year. [ECF 231 at 28].

the CWA and RCRA, Defendants have fashioned their expert and trial strategy in response to

those claims.

## II.    LEGAL STANDARD

After the deadline to amend a complaint under the scheduling order expires, a plaintiff

may only amend its complaint under Rule 16(b)(4) "upon a showing of good cause." *Callahan v.*

*Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024); Fed. R. Civ. P. 16(b)(4) (A scheduling order

may only be modified for "good cause and with the judge's consent."). "Whether good cause

exists turns on the diligence of the moving party." *Id.* (affirming the denial of a motion to amend

under Rule 16(b)(4) because "nothing as a matter of law barred plaintiffs from including the

claim" before the scheduling order deadline); *see also* D. Conn. L. Civ. R. 16(b).

"A party is not considered to have acted diligently where the proposed amendment is

based on information that the party knew, or should have known, in advance of the motion

deadline." *Wang v. Omni Hotels Mgmt. Corp.*, No. 3:18-CV-2000 (VDO), 2025 WL 1782264, at

*8 (D. Conn. June 27, 2025) (J. Oliver) (internal quotation omitted) (denying leave to amend a

complaint to add information that plaintiff was previously aware of, demonstrating a lack of

diligence); *see also* Ruling on Plaintiff's Motion For Leave to File an Amended Complaint at 10,

*CLF v. All-Star Transport. LLC*, Case No. 3:21-CV-00201 (JBA) (D. Conn. Nov. 4, 2022) (J.

Farrish) (denying CLF's motion to amend under Rule 16(b) because CLF "has not been diligent"

by seeking to amend nine month after it knew or should have known facts necessary to amend).

The Court may also deny leave to amend where a proposed amendment is futile, i.e., where the

proposed amendment could not withstand a motion to dismiss. *Lucente v. Int'l Bus. Machines*

*Corp.*, 310 F.3d 243, 258–60 (2d Cir. 2002) (holding that the district court abused its discretion

by allowing plaintiff to amend his complaint because his proposed claim was "barred by

substantive contract law; thus, his attempt to amend his complaint was futile."). "The burden of demonstrating good cause rests with the movant." *Ramchandani v. CitiBank Nat'l Ass'n*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022).

CLF is incorrect that only Rule 15 applies to its request to amend. "The period of Rule 15(a)(2) 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Wang*, 2025 WL 1782264 at *8 (internal quotation omitted); *see also* Ex. Rulings on Motions to Amend and Join Parties at 4, *Conn. v. Teva Pharm., Inc.*, Case No. 3:19-cv-00710-MPS, (D. Conn. Nov. 19, 2024) (J. Shea), Dkt. 450 (Rule 15 "must yield to the more rigorous good cause standard of Rule 16"). "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (affirming the district court's denial of a motion to amend under the more permissive Rule 15 where amendment to add "an entirely new claim that was being raised at a late stage in the litigation" would unfairly prejudice defendants).

### III.    ARGUMENT

At this last hour, with fact discovery complete and expert discovery closing in nine days, this Court should deny CLF's motion for leave to amend for four reasons: (1) CLF failed to demonstrate "good cause" under Rule 16(b) for missing the scheduling order deadline by three years; (2) adding a state law CEPA claim after fact discovery is closed and at the end of all discovery unfairly prejudices Defendants; (3) CLF failed to include a CEPA claim in its Notice of Intent, which is a statutory and jurisdictional prerequisite to filing suit; (4) CLF's proposed

claim is not viable because CLF cannot enforce the Coastal Management Act through a CWA

citizen suit, and no private right of action exists under the Coastal Management Act.

### A. CLF Failed to Demonstrate "Good Cause" For Missing the Court-Imposed Deadline to Amend by Three Years.

The Court's original Scheduling Order in this case set a deadline for CLF to amend its

complaint by July 22, 2022. [ECF 52 at 1]. CLF missed the deadline to amend by more than

three years, and Rule 16's more stringent "good cause" standard governs CLF's proposed new

claim. *Wang*, 2025 WL 1782264 at *8; *see also* Scheduling Order, ECF 52 at 1 ("[a]ny motion to

amend the pleadings … after these dates will be governed by the good cause standard of Fed. R.

Civ. P. 16(b)."). [ECF 52 at 1]

CLF failed to establish "good cause" for adding a CEPA claim to enforce the Coastal

Management Act at this late stage of litigation. It didn't even try. CLF's motion does not

reference "good cause" or Rule 16 in its motion at all. [ECF 683].

Further, like in the *Callahan* case, "there was no change in controlling law that impacted

plaintiffs' ability to raise their proposed claim at the start of this litigation." *Callahan*, 96 F.4th at

370. CLF's pretext for this late motion to amend is that it seeks amendment "due to Defendants'

recently articulated views" that CLF may not enforce state-law regulations through a citizen suit.

[ECF 683 at 7]. Notwithstanding that Defendants' "articulated views" are merely accurate

statements of the law, in no event does CLF's explanation constitute "good cause." In its Motion

to Strike, Defendants objected to numerous expert opinions that far exceeded the scope of CLF's

**claims** in this case, including opinions about the Coastal Management Act. [ECF 601 at 6]. If

anything, CLF's motion to amend should be viewed as a concession that its experts' opinions are

outside the bounds of a citizen suit under the CWA and RCRA. CLF's "ignorance of the law"

about the legal parameters of a citizen suit is an unsatisfactory excuse. *Goss v. Revlon, Inc.*, 548

F.2d 405, 407 (2d Cir. 1976) ("ignorance of the law" is "an insufficient basis for leave to amend."). CLF should not be permitted to assert state law claims to encompass its' experts' sprawling opinions at the close of discovery. *See McCarthy*, 482 F.3d at 201.

Indeed, CLF offers no reason why, "exercising reasonable diligence," it could not have asserted its CEPA claim when it submitted its original Notice of Intent five years ago, when it filed its original complaint four years ago, or at the latest, before the pleading amendment deadline three years ago. *See* Ruling and Order on Plaintiff's Motion to Amend at 18, *CLF v. Gulf Oil Limited Partnership*, Case No. 3:21-CV-00932 (SVN) (D. Conn. June 23, 2023) (J. Nagala) (denying CLF's motion to add a new claim after the scheduling deadline for failure to demonstrate good cause under Rule 16).

Further, CLF made no effort to demonstrate that it did not know or could not have known the underlying facts supporting its new CEPA claim. In fact, CLF participated in multiple site visits to the Terminal dating back to 2022, after which it never amended its claims. CLF failed to act diligently because CLF was aware of the facts supporting its allegations years ago. *Wang*, 2025 WL 1782264 at *8 (denying leave to amend a complaint to add information that plaintiff was previously aware of, demonstrating a lack of diligence). Simply put, CLF "did not move with the diligence needed to satisfy the good cause standard of Rule 16(b)." *Callahan*, 96 F.4th at 370. The Court should deny CLF's motion seeking leave to amend.

**B.      Adding a New Claim Four Years After This Litigation Commenced Unfairly Prejudices Defendants.**

Allowing CLF to introduce a brand new claim at the close of discovery and in the middle of expert depositions would unfairly prejudice Defendants. CLF's proposed amendment would add a state law claim under CEPA to enforce the Coastal Management Act. [ECF 683 at 3]. Yet,

"CEPA" has not been raised or mentioned **once** in this years-long litigation—not in discovery requests, not in CLF's expert reports, not in a single deposition.

Now, after the production of thousands of documents, thirty-one fact depositions, twenty-nine expert reports, and fourteen expert depositions, adding a new state law claim would be highly prejudicial to Defendants. Contrary to CLF's unsupported assertion, amendment would **not** "avoid the need for briefing on this point" or "expedite resolution on this matter." [ECF 683 at 7, 9]. Quite the opposite, as allowing this late amendment would necessarily lead to unnecessary briefing on a new motion to dismiss and require the parties to reopen fact and expert discovery, potentially retain new experts, issue new expert reports, conduct new depositions, and complete discovery and document productions regarding CEPA and the Coastal Management Act. As this Court held and the Second Circuit affirmed in the *McCarthy* case, "to allow an entirely new claim at this point in the litigation would be unfair to the defendants." *See McCarthy v. Dun & Bradstreet Corp.*, 372 F. Supp. 2d 694, 701 (D. Conn. 2005) (denying leave to add a new claim more than two years after the original complaint and where, if allowed, "the same experts [would] likely need to produce new reports and be re-deposed"), *aff'd*, 482 F.3d 184 (2d Cir. 2007).

CLF's contention that "Defendants have been on notice of Coastal Management Act issues" [ECF 683 at 8] is misleading and in no way remedies the prejudice of asserting a CEPA claim. Although CLF's Notice of Intent and operative complaint contain passing references to the Coastal Management Act (merely quoting the permit or in the context of its CWA claim), CLF did not assert any cause of action under the Coastal Management Act in its Notice of Intent, complaint, or amended complaint, nor did it ever mention CEPA. And as discovery progressed, CLF did not request a single document related to the Coastal Management Act, seek written

discovery about the Coastal Management Act, or include the Coastal Management Act as a

30(b)(6) topic. None of the third-party engineers or other fact witnesses were deposed on the

Coastal Management Act, and the parties did not conduct discovery from the municipality related

to its enforcement of the Act. Even Wendi Goldsmith and Bruno Pigott, CLF's only experts out

of eleven to reference the Coastal Management Act in their reports, did not discuss the Coastal

Management Act in sufficient detail to support CLF's suggestion that Defendants were on notice

of any claim. Wendi Goldsmith only provided a hasty one-line opinion about the Coastal

Management Act and **did not cite the statute**. Ex. A, Goldsmith Rpt. at 40. And Bruno Pigott

merely cited the Coastal Management Act section referenced in the Permit itself in his rebuttal

report. Ex. C, Pigott Rpt. at 16. Even if CLF's experts had raised issues regarding the Coastal

Management Act, it is not enough. And CLF's suggestion that it is not a big deal to add this

claim is not true. A new CEPA claim to enforce the Coastal Management Act is a huge

undertaking with significant legal implications.

Regardless, it is "[a] **complaint** [that] provides a defendant with notice of what the

plaintiff's **claim** is and the grounds upon which it rests." *McCarthy*, 482 F.3d at 201 (emphasis

added) (internal quotation omitted) (rejecting the argument that issues raised in an expert's

declaration and deposition put defendants on notice of a proposed claim in the case). "Having

received such notice, a defendant may conduct his trial preparation accordingly, and is not

required, based on the plaintiff's subsequent conduct in the litigation, to anticipate future claims

that a plaintiff might intend to pursue." *Id.* It follows that Defendants were not on "notice" of any

claim to enforce the Coastal Management Act, especially under CEPA, which CLF has never

raised. Indeed, Defendants have constructed their entire discovery strategy and trial preparation

based on the claims noticed in CLF's Notice of Intent and complaint, namely, federal claims

under the CWA and RCRA.

The Court should also deny CLF's motion for leave to amend because, after unjustified

delay and as discovery is nearly complete, CLF's attempt to assert a state law CEPA claim

unfairly prejudices Defendants.

**C.      Amendment Would Be Futile Because CLF Failed to Identify a CEPA Claim in its Notice of Intent, As Required by Statute in CWA and RCRA Citizen Suits.**

The Court should also deny leave to amend because amendment would be futile. CLF

failed to include any CEPA claim in its Notice of Intent, which is a statutory and jurisdictional

prerequisite.

Citizen suits, like this one, are on different footing than other civil lawsuits. A plaintiff is

prohibited from filing a citizen suit under the CWA or RCRA until sixty days after submitting a

Notice of Intent. *See* 33 U.S.C. § 1365(b)(1)(A); 44 U.S.C. § 6972(a)(1); 40 CFR § 135.3(a). The

pre-suit Notice of Intent is intended to afford the EPA, the state regulating agency, and the

alleged violator an opportunity to correct any issues before a citizen suit is initiated. *See, e.g.,*

*Brod v. Omya, Inc.*, 653 F.3d 156, 166 (2d Cir. 2011) (explaining that "the content of a NOI must

serve the purpose of giving the appropriate governmental agencies an opportunity to act and the

alleged violator an opportunity to comply."). Accordingly, a Notice of Intent:

> "shall include sufficient information to permit the recipient to **identify the specific standard, limitation, or order alleged to have been violated**, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the

full name, address, and telephone number of the person giving notice."

40 CFR § 135.3(a) (emphasis added).

This is not optional. Submission of a Notice of Intent, specifying the specific standards allegedly violated, is a jurisdictional requirement before filing suit. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 29, 25 (1989) ("[C]ompliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit."); *Nat. Res. Def. Council v. Sw. Marine, Inc.,* 236 F.3d 985, 995 (9th Cir. 2000) ("If a party seeking to bring a citizen enforcement action has not complied with the CWA's notice requirement, then the district court in which that action is brought lacks subject matter jurisdiction and must dismiss the action."). Accordingly, district courts must dismiss any claim based on alleged violations not identified in the Notice of Intent, even if those claims are later raised in a complaint. *See Catskill Mountains Ch. of Trout Unlimited, Inc. v. City of N.Y.*, 273 F.3d 481, 487 (2d Cir. 2001) (affirming dismissal of thermal discharge claims not adequately identified in the Notice of Intent).

CLF's original Notice of Intent disclosed its intent to pursue twelve CWA claims and three RCRA claims. [ECF 1, Ex. A]. CLF supplemented its Notice of Intent twice but did not identify any additional claims. [ECF 1, Ex. B; ECF 47, Ex. A] No Notice of Intent includes any reference to CEPA. The Notice of Intent's passing reference to the Coastal Management Act is under the heading "Clean Water Act Violations," and therefore, it did not include "sufficient information" to apprise Defendants of any state law claim to enforce the Coastal Management Act. 40 CFR § 135.3(a) [*See* ECF 47, Ex. 2 at 9] CLF's "catch all" state tort provision in the Notice of Intent (that the federal law violations alleged also support state law claims) is also deficient because it fails to identify **what** "specific standard" was allegedly violated or the "activity alleged" to constitute any state law violation. 40 CFR § 135.3(a); [ECF 1, Ex. A. at 14].

**13**

The Notice of Intent requirement is exacting. If CLF's motion for leave to amend were to be granted, Defendants would find themselves unexpectedly having to defend against allegations never before mentioned in the original or amended Notices of Intent.

CLF's failure to include any CEPA claim to enforce the Coastal Management Act in its Notice of Intent is fatal to its motion. CLF's proposed amendment is jurisdictionally defective as a matter of law and would not withstand a motion to dismiss. *Nat. Res. Def. Council*, 236 F.3d at 995; *Catskill Mountains*, 273 F.3d at 487. Thus, amendment would be futile, and the court should deny leave to amend. *Lucente*, 310 F.3d at 258–60 (holding the district court abused its discretion by allowing plaintiff to amend his complaint because his proposed claim was "barred by substantive contract law; thus, his attempt to amend his complaint was futile.").

**D. Amendment is Futile Because CLF Cannot Sue to Enforce the Coastal Management Act, Either In a CWA Citizen Suit or as a Separate State Claim**

**1.      CLF Cannot Inject State Law Claims Into a Citizen Suit**

At the outset, CLF is prohibited from enforcing the Coastal Management Act in this CWA citizen suit. *See* Defendants' Motion to Strike Improper Expert Opinions, ECF 601 at 5–6.

As the Second Circuit has made clear, although "states' standards may be enforced under the CWA by the states or EPA … **private citizens have no standing to do so**." *Atl. States Legal Found., Inc*, 12 F.3d at 354 (emphasis added) (holding that New York environmental permitting regulations broader than the CWA "are not enforceable through a citizen suit"). In other words, "state regulations … which mandate a greater scope of coverage than that required by the federal Clean Water Act and its implementing regulations are not enforceable through a citizen suit under 33 U.S.C. § 1365." *Id.* at 359; *see also Long Island Soundkeeper Fund, Inc. v. New York City Dep't of Env't Prot.,* 27 F. Supp. 2d 380, 385 (E.D.N.Y. 1998) (dismissing a citizen suit claim that defendant violated a state permitting requirement because private citizens cannot sue

**14**

"to enforce permit provisions imposed under state law that are stricter than those required under federal law."); Brief for the United States as Amicus Curiae at 3, *Port of Tacoma v. Puget Soundkeeper Alliance*, No. 24-350, 2025 WL 1787738, at *1 (cert. denied) ("consistent with EPA's longstanding regulations, the Second Circuit has correctly held that, if a state permit program has a greater scope of coverage than federal law requires, private citizens cannot invoke Section 1365 to enforce the additional coverage in federal court.").

There is no question that CLF is no seeking to enforce permit requirements under the Coastal Management Act, purportedly imposed under Connecticut state law and not required under federal law. Thus, CLF cannot enforce the Coastal Management Act via a federal CWA citizen suit. *Atl. States Legal Found., Inc*, 12 F.3d at 354. CLF seemingly concedes in its motion seeking leave to amend that *Atlantic States* precludes it from alleging violations of the Coastal Management Act in a CWA citizen suit. [EFC 683 at 8–9 ("The proposed amendment would simply clarify that CLF seeks to enforce the Permit under federal and state law, removing any question regarding the Court's jurisdiction to enforce provisions of the Permit relating to the Connecticut Coastal Management Act."]. CLF now attempts to rectify its own mistake by seeking amendment to couch the Coastal Management Act in a new state law claim.

### 2. The Coastal Management Act Does Not Permit Private Rights of Action

As CLF's motion makes clear, the entire purpose of its proposed amendment is "to add a state law-based claim to enforce the Connecticut Coastal Management Act." [ECF 683 at 1]. However, CLF's amendment is futile because no private right of action exists to enforce the Coastal Management Act.

Under Connecticut law, courts presume "that a private right of enforcement does **not** exist unless expressly provided in a statute." *Provencher v. Town of Enfield*, 284 Conn. 772, 777

15

(2007) (emphasis added) (holding that a private citizen had no private right of action to enforce a

statute making officers eligible for the police retirement system). To overcome that presumption,

"plaintiff bears the burden of demonstrating that such an action is created implicit in the statute."

*Id*. at 777. The Supreme Court of Connecticut uses the "Napoletano factors" to assess whether a

statute implicitly grants a private of right of action:

1) "Is the plaintiff one of the class for whose benefit the statute was enacted?"
2) "Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?"
3) "Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?"

*See Napoletano v. CIGNA Healthcare*, 238 Conn. 216, 249 (1996) (citing *Cort v. Ash*, 422 U.S.

66, 78 (1975)). Plaintiff must meet the threshold showing that "**none** of the three factors weight

against recognizing a private right of action." *Provencher*, 284 Conn. at 777 (emphasis added).

This is a stringent test. As the Connecticut Supreme Court explained, "it is a rare occasion that

we will be persuaded that the legislature intended to create something as significant as a private

right of action but chose not to express such an intent in the statute." *Id.*

The Coastal Management Act, codified at Conn. Gen. Stat. §§ 22a–90 to 22a–111, does

not explicitly create any private right of action. As for whether a private action is implicit, the

*Paes* case is directly on point. *See Paes v. East Haven*, 1990 Conn. Super. LEXIS 1365, *1, *4

(Conn. Super. Ct. 1990). There, a private citizen sued defendant landowners, alleging that their

violation of the Coastal Management Act constituted a public nuisance. *Id.* at *2. The Coastal

Management Act itself deems violations of the Act "a public nuisance." Conn. Gen. Stat. § 22a–

108. Defendants moved to strike plaintiff's Coastal Management Act claim, arguing that the

Coastal Management Act "does not create a private right of action," and "instead, this statute

specifically permits only municipalities and the attorney general to abate public nuisances as

defined by the Coastal Management Act." *Paes*, 1990 Conn. Super. LEXIS 1365 at \*2–3. Indeed,

for violations of the Coastal Management Act, the statute provides that "municipalities have the

authority to exercise all enforcement remedies legally available to them" and "the commissioner

may request the Attorney General to institute proceedings to enjoin or abate" a violation of the

statute. Conn. Gen. Stat. § 22a–108. The Court agreed, concluding that under section 22a–108,

the Coastal Management Act "**does not authorize private individuals to bring civil actions** for

abatement of the statutory public nuisance defined therein[.]" *Id.* at \*4 (emphasis added).

 Although the *Paes* case was decided before the Connecticut Supreme Court adopted the

Napoletano factors, the court's reasoning still rings true. If there was any doubt, under the second

*Napoletano* factor, the fact that the Coastal Management Act explicitly permits municipalities

and the Attorney General to enforce the Coastal Management Act under section 22a–108 (but not

private parties like CLF) is a clear indication that the legislature did **not** intend to create a private

right of action. *See, e.g., Asylum Hill Problem Solving Revitalization Ass'n v. King*, 277 Conn.

238, 257–59 (2006) (no implied private right of action under a state fair housing provision

because the statutory scheme reserved enforcement authority for the legislative and executive

branches); *Eder Bros., Inc. v. Wine Merchants of Connecticut, Inc.*, 275 Conn. 363, 373 (2005)

(no implied private right of action under Liquor Control Act because the statutory scheme vested

executive enforcement of the act in the department of consumer protection). Accordingly, it isn't

true that "**none** of the three factors weight against recognizing a private right of action" in this

case. *Provencher*, 284 Conn. at 777. CLF has no private right of action to enforce the Coastal

Management Act.

 In a final effort to salvage its Coastal Management Act allegations, CLF's proposed

amendment seeks to shoe-horn a Coastal Management Act claim into a private right of action

under CEPA. CLF cited no authority authorizing a CEPA claim to enforce the Coastal

Management Act. Nothing in the Coastal Management Act (enacted in 1978) provides a private

right of action **pursuant to** CEPA (enacted in 1971), nor does CEPA confer an umbrella private

right of action over every Connecticut environmental statute. *See*, *e.g.*, *Windels v. Env't Prot.*

*Comm'n of Town of Darien*, 284 Conn. 268, 299 (2007) (holding that the Connecticut Inland

Wetlands and Watercourses Act allows private rights of action under § 22a-44(b), separate and

apart from any private right under CEPA). In fact, other Connecticut environmental statutes

explicitly allow private rights of action to enforce their mandates. *See id.* The Coastal

Management Act does not.

* * *

In sum, CLF's proposed claim to enforce the Coastal Management Act is not legally

viable, either in a CWA citizen suit or as a state law private right of action. Thus, the Court must

also deny leave to amend because CLF's proposed claim would not survive a motion to dismiss.

*Lucente*, 310 F.3d at 258–60 (holding the district court abused its discretion by allowing plaintiff

to amend his complaint because his proposed claim was "barred by substantive contract law;

thus, his attempt to amend his complaint was futile.").

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny CLF's

Motion Seeking Leave to Amend Second Amended Complaint.


Dated: September 3, 2025                    Respectfully submitted,

                                            /s/ *Douglas A. Henderson*
                                            Douglas A. Henderson (phv05547)
                                            Carmen R. Toledo (phv20194)
                                            KING & SPALDING LLP
                                            1180 Peachtree Street, NE Suite 1600

**18**

Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2025 a copy of the foregoing Defendants' Opposition to Plaintiff's Motion For Leave to File Second Amended Complaint (ECF No. 689) was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com

**20**