UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>      Defendants. | Case No: 3:21-cv-00933-VDO<br><br>September 3, 2025 |

## DEFENDANTS' MOTION TO SEAL

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021 [ECF 7], Defendants move to seal Defendants' Opposition to Plaintiff's Motion For Leave to File Second Amended Complaint [ECF 690] and Exhibits A–F thereto as confidential. Defendants also request that the Court preserves the limited redacted status of its Opposition Motion that references these confidential exhibits.

### BACKGROUND

On July 7, 2021, this court issued a Standing Protective Order ("SPO"). See ECF No. 7. The SPO defines "Confidential" information as:

> "information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy."

*Id.* at ¶ 3.  Confidential information is considered Designated Material.  *Id.* at ¶ 2.  The SPO requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal."  *Id*. at ¶ 14.  In particular, Defendants respectfully request that their unredacted Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and corresponding Exhibits A–F are filed under seal pursuant to the procedure set forth in Local Rule 5 (e)(1)(b)(4)(b).

In support of Defendants' Opposition to Plaintiff's Motion For Leave to File Second Amended Complaint [ECF 689], Defendants cited documents and attached them as exhibits as follows:

> Exhibit A – Excerpts of the Expert Report of Wendi Goldsmith
>
> Exhibit B – Deposition Transcript of Wendi Goldsmith[1]
>
> Exhibit C – Excerpts of the Expert Report of Bruno Pigott
>
> Exhibit D – Excerpts of Deposition Transcript of Bruno Pigott
>
> Exhibit E – Excerpts of the Expert Report of Thomas Battles
>
> Exhibit F – Excerpts of the Expert Report of Robert Nairn

In their Opposition, Defendants have redacted a direct quote from the expert report of Wendi Goldsmith (Exhibit A), a summary of deposition testimony from Bruno Pigott (Exhibit D), and a reference to the expert report of Robert Nairn (Exhibit F).

---

[1] Defendants recognize that Local Civil Rule 5(f)(2) directs that only excerpts of depositions transcripts should ordinarily be attached to the motion filing. However, Defendants are attaching the complete Goldsmith deposition transcript for the point that, during her deposition, Ms. Goldsmith did not offer any substantive opinions about the Coastal Management Act and because Defendants consider it necessary to provide the full context of the testimony referenced so the Court can evaluate the parties' characterizations of the same.  *See Maynard v. Stonington Comm. Ctr.*, 2016 WL 286 (D. Conn. May 17, 2016) (holding in a dispute regarding deposition testimony that "the submission of less than the entire transcript would not have enabled the court to give full consideration to the parties' arguments in support of and in opposition to [the] motion to strike.").

The Parties previously marked their respective expert reports (Exhibits A, C, E, and F) as confidential due to their significant and substantive citation to documents and/or information that is similarly marked confidential in this case (much of which this Court has already ordered sealed in connection with other motion practice).  The depositions of these experts then discussed the contents of those confidential reports in detail, including the confidential information and documents discussed therein.  Therefore, expert deposition transcripts that discuss these confidential reports, documents and information (Exhibits B and C), must also remain confidential.  In addition, the deposition transcripts should also be kept confidential due to the fact that ten business days have not passed since the respective transcripts were furnished, automatically rendering the transcripts Designated Material under the SPO.  *See* ECF 7 ¶ 13.  Therefore, and at a minimum, Exhibits B, and C, should remain sealed until at least the time allowed for the parties to designate their testimony as confidential has expired.

**LEGAL STANDARD**

The public's right to access court documents is not absolute and may be surmounted by a party's showing that sealing will further other substantial interests. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013). Local Rule 5(a)(3) allows for a court to seal a document filed with the Court upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(e)(3).

Courts in this district, including this Court in this case [ECF 622], have found that exhibits containing "confidential, proprietary, and commercially sensitive information that would cause significant competitive harm if publicly disclosed" warrant filing under seal.  For example, on July 11, 2025, this Court granted a similar motion to seal finding that "the documents contain

3

private, non-public information about Shell's ongoing business activities." ECF 656 at 2. *Negron v. Cigna Corp.*, 2020 WL 13303130, *3 (D. Conn. May 29, 2020); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) (recognizing that the parties to an action often have "significant interest in protecting such [confidential proprietary] information from public dissemination").

## ARGUMENT

Defendants move to seal the unredacted copy of its Opposition and Exhibits A–F thereto. There are clear and compelling reasons to seal each of these documents and the redacted portions of the Opposition Motion that reference such exhibits.

Exhibits A, C, E, and F are excerpts from the Parties' expert reports. *See* Defendants' Opposition [ECF 690] at Ex. A, Expert Report of Wendi Goldsmith at 40; Defendants' Opposition [ECF 690] at Ex. E, Expert Report of Thomas Battles at 3-5; Defendants' Opposition [ECF 690] at Ex. C, Expert Report of Bruno Pigott at 16; and Defendants' Opposition [ECF 690] at Ex. F, Expert Report of Robert Nairn at 50, 68. Each of these expert reports have been designated as CONFIDENTIAL by the producing parties under the SPO, because the reports reference—and discuss in detail—Defendants' non-public, confidential, and commercially sensitive materials (many of which the Court has already ordered sealed in connection with other motion practice). *See* ECF No. 7 at ¶ 3 & ¶ 14. As articulated in Defendants' June 4, 2025 Response to CLF's Motion to Seal [ECF 629], the potential publication of the parties' expert reports, which reference and describe these sensitive, confidential and non-public documents, including internal Design Engineering Practices ("DEPs") and other work performed by the Shell group of companies that is likely to cause competitive business harm to Defendants. As articulated in Defendants' June 4, 2025 Response to CLF's Motion to Seal [ECF 629], the

potential publication of the parties' expert reports, which reference and describe these non-public, confidential and commercially sensitive documents, including internal Design Engineering Practices ("DEPs") and other work performed by the Shell group of companies that is likely to cause competitive business harm to Defendants. *See* ECF No. 629 at 5.

DEPs are internal standards for use in design and construction of Shell group projects. *See* ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], May 23, 2023 Declaration of Matthew Penny ("Penny Decl."), ¶¶ 5-6 [ECF 234]; ECF No. 630, Ex. B to Defendants' Response to CLF's Motion to Seal [ECF 629], June 4, 2025 Declaration of Sergio Jaramillo ("Jaramillo Decl."), at 16. These are internal, confidential business records that contain commercially valuable and other competitively sensitive information, as well as confidential technical information related to Defendants' business activities. Each document states in the preface that its use is restricted by service or license agreements and that it contains proprietary technical information. The documents reflect the professional, technical views of Shell Global Solutions International B.V. ("Shell GSI") and are developed using the unique experience acquired in the design, construction, operation and maintenance of Shell group facilities. ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], Penny Decl., at ¶ 6. The documents were prepared based on the business's internal knowledge from expertise in operations and project management, reflecting restricted information that has value to the business, and significant measures are taken to guard the secrecy of the information. As noted in the Penny Declaration, making such information available to competitors would cause two distinct types of financial and competitive harm. ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], Penny Decl., at ¶ 15. "First, competitors could use this information to improve their own internal processes, which would

lead to value erosion or financial loss to the Shell group." *Id*. Additionally, "potential customers could access the documents without compensation to Shell GSI, the owner of the intellectual property, causing direct financial loss to Shell GSI." *Id*.

Likewise, documents related to the Shell group of companies' internal Metocean team's work on adaptation issues and corresponding evaluations of assets are confidential and are designated internally by Shell as confidential and/or restricted. Likewise, documents related to the Shell group of companies' internal Metocean team's work on adaptation issues and corresponding evaluations of assets are confidential and are designated internally as confidential and/or restricted. These documents reflect assessments and internal processes, expertise and know-how either of the Shell group of companies itself or those commissioned to work on its behalf. They are confidential, non-public, private, maintained internally, and contain unique business information, expertise and know-how. As explained by Mr. Jaramillo, the publication of this confidential information and material regarding the Metocean work is likely to cause competitive business harm to Defendants. *See* ECF No. 630, Ex. B to Defendants' Response to CLF's Motion to Seal [ECF 629], Jaramillo Decl., at ¶¶ 5-7, 9, 12.

Further, this Court previously granted a motion to seal portions of Ms. Goldsmith's expert report and documents and/or deposition testimony referencing or relating to DEPs and internal work by the Metocean team. *See* ECF No. 656. Therefore, Defendants respectfully request that these documents also be sealed in accordance with this Court's prior order on the same or similar materials. *Id*.

Defendants also seek to seal the unredacted portions of its Opposition Motion that directly quote the expert report of Wendi Goldsmith (Exhibit A), and reference to the expert report of Robert Nairn (Exhibit F), which were marked by Plaintiff as CONFIDENTIAL, and the

6

portions which summarize the deposition testimony from Plaintiff's expert Bruno Pigott(Exhibit C), which contains confidential material and must be treated as Designated Material under the terms of the SPO. This would continue to serve the important interest of preserving the confidentiality of Defendants' sensitive and non-public business records and information, keeping only the Designated Material confidential while making the majority of Defendants' Opposition accessible to the public.

Additionally, Defendants move to seal Exhibit B and D to their Opposition, consisting of the excerpted deposition transcripts of Plaintiffs' experts, Wendi Goldsmith and Bruno Pigott, which reference confidential material, including their respective confidential reports, and must also, at a minimum, be treated as Designated Material under the SPO. *See* Defendants' Opposition [ECF 690] at Ex. B, Goldsmith Depo., at 7-286; *see also*, Defendants' Opposition [ECF 690] at Ex. D, Rough Draft of Pigott Depo., at 68-70. As explained above, the expert reports contain non-public, confidential, and commercially sensitive materials and should be sealed from the public record.

For all these reasons, Defendants respectfully request that the Court grant this Motion to Seal the designated confidential material in Defendants' Opposition, in accordance with the SPO. This result would also be consistent with the Court's previous Order of July 11, 2025, which granted CLF's Motion to Seal Defendants' properly designated confidential material on similar grounds [ECF No. 656].

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter an Order sealing Exhibits A–E to Defendants' Opposition, and maintaining the redacted portions of Defendants' Opposition to Plaintiff's Motion For Leave to File Second Amended Complaint.

Dated: September 3, 2025                    Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025 a copy of the foregoing Defendants' Motion to Seal (ECF No. 690) was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com