UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br><br>     v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No.: 3:21-cv-00933-VDO <br><br><br> September 18, 2025 |

**<u>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT</u>**

Plaintiff, Conservation Law Foundation ("CLF"), stands by the arguments raised in its initial Motion to Amend the Complaint (ECF No. 683) and submits this Reply Brief to address several factual and legal mischaracterizations set forth in Defendants' Opposition filed on September 3, 2025 (ECF No. 691).

**I. CLF Has Demonstrated Good Cause for Amending the Complaint.**

CLF has shown good cause for amending the Complaint. Contrary to Defendants' assertions otherwise, granting the leave CLF requested is consistent with the Court's scheduling order (ECF No. 52), FRCP Rule 16(b), and FRCP Rule 15(a)(2); *see also Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (the standard under Rule 15 must be balanced against the requirements under Rule 16); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003), ("[w]here a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under

1

Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"). CLF's initial Motion for Leave sets forth facts that establish the "good cause" necessary for the Court to grant leave to amend.  (*See* ECF No. 683).

## II.     Defendants Have Failed to Articulate Any Legitimate Prejudice.

Nowhere in Defendants' brief do they articulate any legitimate prejudice to the proposed amendment.  In trying to manufacture a claim of prejudice, (*see* ECF No. 691 at 9–12), Defendants intentionally ignore the fact that both the Amended Notice of Intent[1] and the operative Complaint include references to and allegations involving the CMA. Indeed, the Amended Notice of Intent (ECF No. 47-1; 47-2), provides, in pertinent part:

> Shell has failed to design its Terminal to minimize the risk of oil and chemical spills at the Terminal and therefore its activities at the Terminal are inconsistent with the applicable goals and policies in the Coastal Management Act.

CLF's CMA claim arises from Connecticut General Permit's express incorporation of the CMA into the permit as an enforceable standard:

> This general permit authorizes the activity listed in the "Eligible Activities" section (Section 3(a)) of this general permit provided: (2) Coastal Management Act. Such activity must be consistent with all applicable goals and policies in section 22a-92 of the Connecticut General Statutes, and must not cause adverse impacts to coastal resources as defined in section 22a-93(15) of the Connecticut General Statutes.

(ECF 47 at 36 ¶ 184) (quoting the General Permit). The factual allegations of Count II in the operative Complaint setting forth CLF's Clean Water Act claim already set forth the basis of a claim for violation of the CMA under CEPA.  So, although CLF did not separately set forth a count

---

[1] CLF's discusses the NOI here as relevant to the question of whether Defendants are prejudiced by allowing the CMA claim to be added given that they had notice of the CMA issues at the outset of the litigation. Defendants, however, also cite to the NOI to argue that the NOI does not comply with the requirements of the Clean Water Act citizen suit provision (ECF 691 at 12-14), ignoring that CLF's motion seeks the Court's exercise of supplemental jurisdiction, which does not depend upon compliance with the Clean Water Act citizen suit notice requirements but is instead an independent basis for the Court's jurisdiction. *See infra* discussion at page 4-5.

2

for violation of the CMA, Defendants have been on notice that their alleged conduct was also a violation of the CMA since the filing of that Complaint. Defendants have had ample opportunity to discover information relevant to the CMA claim and retain the ability to argue the merits of the state law Connecticut Environmental Policy Act ("CEPA")[2] and CMA claims. Moreover, because the facts underlying the proposed Count for violations of the CMA are the same facts that underly CLF's other claims, Defendants have already discovered everything necessary to defend against this claim. Additional discovery would not aid Defendants in contesting this claim.

### III. CLF was Diligent in Seeking Leave to Amend

CLF was diligent in seeking leave to amend. *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) ("…with respect to the Rule 16(b) standard, "'good cause' depends on the diligence of the moving party.") (quoting *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000) and FRCP 16(b)); *See also L. Z. v. BigAirBag B.V.*, 721 F. Supp. 3d 169, 178 (D. Conn. 2024). CLF is seeking the amendment, in part, in response to a jurisdictional argument Defendants' raised for the first time in May 2025. The fact that CLF's request for leave to amend comes at this point in the litigation is not dispositive, or even significant. *See, e.g.*, *Roessner v. Employee Term Life*, 589 F. Supp. 2d 174 (D. Conn. 2008) (permitting amendment late in the litigation where Defendants failed to show prejudice); *Olaf Sööt Design, LLC v.*

---

[2] In contrast to Defendants arguments (ECF 691 at 16-18), the Connecticut Environmental Policy Act ("CEPA") provides the procedural and jurisdictional basis for the CMA claim. *City of Waterbury v. Town of Washington*, 260 Conn. 506, 557-559, 800 A.2d 1102, 1137-1138 (2002) ("In order to read our environmental protection statutes so as to form a consistent and coherent whole, we infer a legislative purpose that those other enactments are to be read together with CEPA, and that, when they apply to the conduct questioned in an independent action under CEPA, they give substantive content to the meaning of the word 'unreasonable' in the context of such an independent action."). The reference to CEPA in the proposed Second Amended Complaint is therefore not, as Defendants suggest in their Opposition (ECF 691 at 11-12), a separate or independent claim from the underlying and substantive claim based on the CMA, but instead serves as the procedural vehicle for that claim. For this reason, Defendants are not prejudiced by the fact that CLF did not expressly reference CEPA in the NOI or Amended Complaint. There are no additional factual or legal allegations beyond those relating to the CMA provisions referenced in the Permit and already included in the Amended Complaint necessary to invoke CEPA as the basis of the Court's supplemental jurisdiction over the CMA allegations in the proposed Second Amended Complaint.

*Daktronics*, Inc., 299 F. Supp. 3d 395, 398–99 (S.D.N.Y. 2017) (granting leave to amend approximately three months after receiving new discovery). CLF filed its motion for leave to amend on August 13, less than three months after Defendants raised a new defense in their letter brief to the Court on May 23.

**IV. *Atlantic States* is not Relevant to the Exercise of Supplemental Jurisdiction.**

Defendants' argument that *Atlantic States* is relevant to the Court's exercise of supplemental jurisdiction is wrong  *See State v. PVS Chemicals, Inc.*, 50 F.Supp.2d 171, 182 (W.D.N.Y. 1998) (rejecting argument by defendants that *Atlantic States* precluded supplemental jurisdiction over state law claims in a citizen suit case based on the Clean Water Act and Resource Conservation and Recovery Act). For this reason, and while CLF does not agree that *Atlantic States* applies to this matter in any event, resolution of this question is not necessary or relevant to the present Motion.

The question of whether the Court should exercise supplemental jurisdiction depends entirely on whether the claim at issue derives from a common nucleus of operative fact, and that the exercise of supplemental jurisdiction would "promote the values ... [of] economy, convenience, fairness, and comity." *Shahriar v. Smith & Wollensky Restaurant Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (citation omitted); *see Vaden v. Discover Bank*, 556 U.S. 49 n.18 (2009) ("Federal Courts routinely exercise supplemental jurisdiction over state-law claims."). The facts underlying Count II of the operative complaint that have been the subject of intense discovery throughout this litigation are the same underlying facts that will determine Defendants' liability under the proposed state law CMA claim.  No further discovery is necessary to litigate this claim.

Indeed, whether Defendants violated the Permit turns in part on whether they violated the CMA. A violation of the CMA is a violation of the Permit and involves the same legal analysis.

4

The factual question of whether Defendants' activities align with the CMA's goals and policies and whether their activities at the Terminal would harm coastal resources is therefore identical to the question of whether Defendants violated the General Permit and the federal Clean Water Act. The Permit expressly references the CMA. *Supra* at 3-4. Other courts in the Second Circuit have exercised supplemental jurisdiction under similar circumstances. *See, e.g., PVS Chemicals, Inc.*, 50 F.Supp.2d at 181-82 (court exercised supplemental jurisdiction over state-based claim for discharge of cooling water alleged to be in citizen suit alleging violation of the Clean Water Act and Resource Conservation and Recovery Act where both claims arose out of same set of operative facts); *Patterson v. Barden & Robeson Corp.*, No. 04-cv-083E(sc), 2007 WL 542016 at *8 (W.D.N.Y. Feb. 16, 2007) (Court exercised supplemental jurisdiction over state trespass and nuisance claims related to construction activities alleged to be in violation of stormwater permit in a citizen suit based on the Clean Water Act).

The facts necessary to prove violations of both the Permit and the CMA in this matter are not simply intertwined but identical and include the New Haven Terminal's history and physical attributes, its stormwater management and spill control systems, and related soil and groundwater contamination at the site. In addition, there is no doubt that exercising supplemental jurisdiction here would promote "economy, convenience, fairness, and comity," *see Shahriar*, 659 F.3d at 245. The Court and the Parties to this litigation have expended years of time and significant expense litigating CLF's claims. It is more logical to allow CLF to amend the complaint to set forth a separate CMA claim that requires no additional fact or expert discovery than it is to force CLF to file a separate state court action to pursue that single claim. *See Van Duser v. Tozzer Ltd.*, No. 23-cv-9329(AS), 2024 WL 4635495 (S.D.N.Y. Oct. 31, 2024) ;*Shibetti v. Z Restaurant, Diner and Lounge, Inc.*, No. 18-cv-856(BMC), 2022 WL 103639 (E.D.N.Y. Jan. 10, 2022).

**Conclusion**

Granting leave to CLF to amend the Complaint to add a cause of action based on state law will avoid unnecessary parallel litigation on the same matter in state court, and is a simple step that resolves the question presented by Defendants regarding this Court's jurisdiction without disrupting the discovery process or the efficient pathway of this case to full resolution of the issues already presented in CLF's Amended Complaint (ECF No. 47). For the reasons articulated herein and in Plaintiff's initial Motion (ECF No. 683), the Court should Grant Plaintiff's Motion to File a Second Amended Complaint.

Dated: September 18, 2025

Respectfully submitted,

_____
David K. Mears (phv 208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Tel: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

Vincent Greene*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
Email: vgreene@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2025 a copy of the foregoing Plaintiff's Reply In Support of Motion For Leave to File Second Amended Complaint was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ David K. Mears
David K. Mears (phv 208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

9