## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., *Plaintiff*, v. SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, *Defendants*. | Civil Action No. 3:21-cv-00933-VDO  October 3, 2025 |

**[REDACTED] MEMORANDUM IN SUPPORT OF PLAINTIFF CONSERVATION LAW FOUNDATION'S *DAUBERT* MOTION TO PRECLUDE EXPERT TESTIMONY OF MS. SUSAN BODINE**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

EXHIBIT LIST ............................................................................................................................. iv

INTRODUCTION .......................................................................................................................... 1

LEGAL STANDARD..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

*Cases*

*Daubert v. Merrell Dow Pharmaceuticals*,
   509 U.S. 589 (1993) .................................................................................................. 2

*Hygh v. Jacobs*,
   961 F.2d 359 (2d Cir. 1992) ...................................................................................... 3

*In re Initial Pub. Offering Sec. Litig.*,
   174 F. Supp. 2d 61 (S.D.N.Y. 2001) ......................................................................... 3

*Nimely v. City of New York*,
   414 F.3d 381 (2d Cir. 2005) ...................................................................................... 2

*Old Gate Partners v. Paddock Enter., LLC*,
   No.. 3:18-CV-01657 (JCH), 2024 WL 3520168 (D. Conn. May 30, 2024) ......................... 2, 3

*SLSJ, LLC v. Kleban*,
   277 F. Supp. 3d 258 (D. Conn. 2017) ................................................................... 2, 3

*Snyder v. Wells Fargo Bank, N.A.*,
   594 F. App'x 710 (2d Cir. 2014) ............................................................................... 3

*Rules*

Fed. R. Evid. 702 ................................................................................................................ 2

## EXHIBIT LIST

Exhibit A.      Expert Report of Susan Bodine*

Exhibit B.      Expert Deposition Transcript of Susan Bodine

\* Documents denoted with an asterisk are being filed under seal pursuant to this Court's Protective Order (ECF 7)

**INTRODUCTION**

The law in the Second Circuit requires the exclusion of expert testimony that expresses legal opinions or legal conclusions. This clear and binding authority requires the exclusion of opinion testimony that Defendants seek to elicit from one of the attorneys they retained as an expert. Susan Bodine's report acknowledges that she is being offered in this case as an expert ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████ Bodine Report, Ex. A, at ¶ 1. Specifically, she ███████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████ *Id.* at ¶ 2. Although she claims that she ██████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████ *Id.* She goes on to opine that ████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████ *Id.* at ¶ 4.

Rather than making any of these legal arguments in their motion to dismiss, their motion for partial summary judgment, their motion to stay, or any other pleading in the last four years of litigation, Defendants have chosen to present these legal arguments for the first time in the form of the purported expert opinion of Ms. Bodine. For the following reasons, the Court should grant CLF's motion and exclude Ms. Bodine as an expert in this matter because her opinion is irrelevant and improper as it states nothing more than legal conclusions and therefore cannot be of any help to the trier of fact.

## LEGAL STANDARD

The proper scope of an expert's testimony is delineated by Federal Rule of Evidence 702. That rule provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702. The United States Supreme Court held in *Daubert v. Merrell Dow Pharmaceuticals* that Rule 702 governs the district court's responsibility to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 589, 589 (1993). Since *Daubert*, the Second Circuit has noted that "[t]he shift under the Federal Rules to a more permissive approach to expert testimony . . . did not represent an abdication of the screening function traditionally played by trial judges." *Nimely v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005).

"Per *Daubert* and its progeny, a court's Rule 702 inquiry involves the assessment of three issues: (1) the qualifications of the expert, (2) the reliability of the methodology and underlying data employed by the expert, and (3) the relevance of that about which the expert intends to testify." *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 264 (D. Conn. 2017) (quoting *Washington v. Kellwood Co.*, 105 F. Supp. 3d 293, 304 (S.D.N.Y. 2015)).

The standard for determining whether the expert's testimony is relevant is whether it will 'help the trier of fact.'" *Old Gate Partners v. Paddock Enter., LLC*, No.. 3:18-CV-01657 (JCH), 2024 WL 3520168, at *7 (D. Conn. May 30, 2024) (quoting *In re Mirena IUD Prod. Liab. Litig.*,

169 F. Supp. 3d 396, 413 (S.D.N.Y. 2016)). "[E]xpert testimony is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (quoting Fed. R. Evid. 403).

In applying the *Daubert* standard to expert testimony that amounts to a legal opinion or conclusion, the Second Circuit "is in accord with other circuits requiring exclusion of expert testimony that expresses a legal conclusion." *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) (citations omitted). Experts are barred from offering legal opinions or conclusions as such opinions are unhelpful to the trier of fact and thus violate the relevance prong of *Daubert*. *See SLSJ, LLC*, 277 F. Supp. 3d at 267 ("Specifically, with respect to relevance, Rule 702, Fed. R. Evid., requires the district court to decide whether the expert's testimony will 'help the trier of fact.'"); *Old Gate Partners,* 2024 WL 3520168, at *7 ("However, expert testimony that 'usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it' does not aid the jury in making a decision.") (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)).

Indeed, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is so well-established that it is often deemed a basic premise or assumption of the evidence law — a kind of axiomatic principle . . . In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (internal quotations and citations omitted); *see also Bilzerian*, 926 F.2d at 1294 (holding that, while an expert "may opine on an issue of fact within the jury's province", he "may not give testimony stating ultimate legal conclusions based on those facts"); *Snyder v. Wells Fargo Bank, N.A.*, 594 F. App'x 710, 714 (2d Cir. 2014) (same).

## ARGUMENT

Ms. Bodine is ███████████████████████████████████████ Bodine Report, Ex. A, at ¶ 1.  Ms. Bodine's statement of expertise and the scope of her opinion in this case is ████████████████████████████████████████████████████████████████ ███████████████████████████████████ *Id*.  A lawyer's legal argument as to why an agency allegedly lacks the authority to regulate the key issue in this case under the applicable federal laws serves no purpose except as lawyer testimony on a pure issue of law, which would usurp the role of the judge and/or jury.  Offering an opinion based on the application of law to facts also improperly invades the court's province.  Therefore, such opinions are irrelevant, of no help to the trier of fact, and cannot be offered as an expert opinion in this matter.

Ms. Bodine's report argues, using D.C. Circuit case law, that ████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████ *Id.* at ¶¶ 18-19.  She further concludes that ██████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████ and ██████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ *Id.*

4

at ¶¶ 27, 34. All of these recitations from Ms. Bodine culminate in her legal conclusion that ▮ ▮ ▮ which is nothing more than attorney argument about ▮ ▮ and therefore of no use or relevance whatsoever to the trier of fact. *Id.* at ¶ 35. She comes to similar legal conclusions about ▮ ▮ , arguing that ▮ ▮ *Id.* at ¶¶ 36, 37, 42, 51. Again, this is nothing more than legal argument—not expert opinion.

Further, when asked if it would matter to her if the allegations in CLF's Complaint were true, Ms. Bodine in her deposition clarified that "as I understand the allegations in the complaint, I don't actually understand how they could be true, as a matter of, you know. Again it's a – a question of both -- both fact and law mixed together." Bodine Dep. Tr., Ex. B, at 21:15-22:8. Ms. Bodine also confirmed that she is not an engineer or an expert in any subject area besides the Clean Water Act, RCRA, the Superfund Cleanup Program, the Brown Field Cleanup Program, and the Army Corps of Engineers Civil Works Program. *Id.* at 22:13-23:4. Ms. Bodine's deposition testimony appears to be that CLF's claims cannot be true either because of an issue of law, an issue of fact, or both, but she is not an expert in anything other than issues of law. Indeed, Ms. Bodine

5

acknowledged that she has not even reviewed the stormwater pollution prevention plan for the New Haven Terminal. *Id*. at 25:17.

This Court should not permit Defendants to offer Ms. Bodine's purely legal argument against the viability of CLF's claims by holding her out as an expert in whether this Court should dismiss CLF's claims, especially where Defendants have never made such arguments in any of their pleadings, including their Answer, which notably lacks any affirmative defenses on the basis that the CWA and RCRA exclude CLF's claims for any of the reasons Ms. Bodine's report posits.

## CONCLUSION

For the foregoing reasons, CLF respectfully requests that the Court grant the above *Daubert* motion to preclude the opinion testimony of Defendants' expert witness, Ms. Susan Bodine.

Dated: October 3, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna Tadio*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org

6

E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Devin Williams*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103

7

Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo*
Shalom Jacks*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc*.
**Admitted as Visiting Attorney*