# Exhibit G

Page 1

```
 1                                    PAGES:    1-331
                                      EXHIBITS: 1-15
 2            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF CONNECTICUT
 3                  NO. 3:21-cv-00933-JAM
 4     _____
 5     CONSERVATION LAW FOUNDATION, INC.,  )
 6                     Plaintiff,          )
 7              vs.                        )
 8     SHELL OIL COMPANY, EQUILON          )
 9     ENTERPRISES LLC D/B/A SHELL OIL     )
10     PRODUCTS US, SHELL PETROLEUM INC.,  )
11     TRITON TERMINALING LLC, and MOTIVA  )
12     ENTERPRISES, LLC,                   )
13                     Defendants.         )
14     _____)
15                VIDEOTAPED DEPOSITION OF
16     CONSERVATION LAW FOUNDATION, INC. BY SEAN M.
17     MAHONEY, called as a witness by and on behalf of
18     the Defendants, pursuant to the applicable
19     provisions of the Federal Rules of Civil Procedure,
20     Rule 30(b)(6) before P. Jodi Ohnemus, RPR, RMR,
21     CRR, CA-CSR #13192, NH-LSR #91, MA-CSR #123193, and
22     Notary Public, within and for the Commonwealth of
23     Massachusetts, at Conservation Law Foundation, 62
24     Summer Street, Boston, Massachusetts, on Wednesday,
25     June 4, 2025, commencing at 8:06 a.m.
```

```
                                                              Page 2
 1     APPEARANCES:
 2                       MOTLEY RICE LLC
 3                       BY:  Vincent L. Greene, IV, Esq.
 4                       (Via Videoconference)
 5                       Michael J. Pendell, Esq.
 6                       40 Westminster Street, 5th Floor
 7                       Providence, RI  02903
 8                       Vgreene@motleyrice.com
 9                       Mpendell@motleyrice.com
10                              -and-
11                       CONSERVATION LAW FOUNDATION
12                       BY:  Zachary Manley, Esq.
13                       (Via Videoconference)
14                       Ken Rumelt, Esq.
15                       (Via Videoconference)
16                       Anna Tadio, Esq.
17                       Ana McMonigle, Esq.
18                       62 Summer Street
19                       Boston, MA  02110-1016
20                       617 350-0990
21                       Zmanley@clf.org
22                       Krumelt@clf.org
23                       Atadio@clf.org
24                       Amcmonigle@clf.org
25                       For the Plaintiff
```

```
 1    APPEARANCES:  (CONT'D)
 2
 3
 4                   KING & SPALDING
 5                   By:  Douglas A. Henderson, Esq.
 6                        Ryan T. Kearney, Esq.
 7                   1180 Peachtree Street, N.E.
 8                   Atlanta, GA  30309
 9                   404 572-4656
10                   Dhenderson@kslaw.com
11                   Rkearney@kslaw.com
12                   For the Defendants
13
14    ALSO PRESENT:
15                   Geoffrey Bassett, Video Operator
16
17                   CONSERVATION LAW FOUNDATION
18                   SUMMER INTERNS:
19                   Joshua Marion
20                   James Hammond
21                   Abigail George
22
23
24
25
```

```
                                                             Page 4
 1                            I N D E X

 2

 3       TESTIMONY OF:                                       PAGE

 4

 5       SEAN M. MAHONEY

 6

 7       (By Mr. Henderson)                                    15

 8       (By Mr. Greene)                                      325

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  complaint reflects the notice -- reflects or is
2  based on the issues that were noticed in the notice
3  of intent letters that were sent to your clients
4  and to the EPA and to Connecticut DEEP, D-E-E-P.
5       Q.   Thanks.
6            MR. HENDERSON:  And for the record, Jodi,
7  we're just going to use DEEP or D-E-E-P just to say
8  that.  It's a mouthful to say Connecticut D-E-E-P.
9            COURT REPORTER:  Okay.
10      Q.   Now, does -- so -- just so we're clear,
11 CLF is not making any claims that are not in the
12 complaint; correct?
13           MR. GREENE:  Objection.  Document speaks
14 for itself.
15           You can answer to the extent that you're
16 able.
17      A.   The complaint speaks for itself.  Those
18 are the claims that CLF has brought.
19      Q.   So if it's not in the complaint, they're
20 not bringing a claim for it?
21           MR. GREENE:  Objection.
22      A.   Not as I sit here today.
23      Q.   Excuse me?
24      A.   Not as I sit here today.
25      Q.   So if it's not in the complaint, they are

Page 64

1    go ahead.
2         A.   Yeah, I can't answer that question.
3         Q.   So there's no nuisance claims that are
4    being brought in this case?
5              MR. GREENE:  Same objection.
6         A.   I'm -- I'm not aware of any nuisance
7    claims that are set forth in the complaint --
8    amended complaint.
9         Q.   No fraud counts -- claims?
10        A.   I'm not --
11             MR. GREENE:  Object -- hold on.  Object.
12   Calls for a legal conclusion.  The complaint speaks
13   for itself.
14             To the extent that you can answer -- oh,
15   and beyond the scope of the notice.
16             But you can answer.
17        A.   I'm not aware of any fraud claims.
18        Q.   No unfair business practices or deceit
19   claims or anything like that in this case?
20             MR. GREENE:  Objection.  The complaint
21   speaks for itself.  Beyond the scope of the
22   deposition notice.  Calls for a legal conclusion.
23             You can answer.
24        A.   I'm not aware of any unfair business
25   practice claims.