UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-VDO |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | October 3, 2025 |
| *Defendants*. | |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S MOTION TO SEAL**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021, ECF 7, Plaintiff Conservation Law Foundation, Inc. ("Plaintiff" or "CLF") files this Motion to seal portions of its Memorandum in Support of its *Daubert* Motion to Preclude the Expert Testimony of Dr. Craig Jones ("Motion"), and Exhibits A, B, and D of the exhibits thereto, because Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Triton Terminaling LLC, and Motiva Enterprises LLC marked the documents referenced in the Motion and attached thereto as confidential. *See* Standing Protective Order, ECF 7. CLF does not have sufficient information to justify sealing these documents and asks the Court to deny the motion to seal.

**I.    BACKGROUND**

On July 7, 2021, this court issued a Standing Protective Order. *See* ECF 7. The Standing Protective Order defines "Confidential" information as:

1

information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

*Id.* ¶ 3. Confidential information is considered Designated Material. *Id.* ¶ 2. The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id.* ¶ 14.

In support of its Motion, CLF quoted or discussed the following documents in its Motion, which were marked as confidential by Defendants, and attached them as exhibits to that motion:

Exhibit A: Dr. Craig Jones CV from his Original Expert Report

Exhibit B: Dr. Craig Jones Amended Expert Report

Exhibit D: French-McCay Expert Report Appendix B

## II. LEGAL STANDARD

As this Court has noted, *see* ECF 221, courts in the Second Circuit follow a three-step process in determining whether to seal documents that have been placed before them. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court determines whether the document is a "judicial document" to which a presumption of public access attaches. *Id.* at 119. Second, if the document is indeed a judicial document, the court determines the weight to be given to the presumption under the circumstances of the case. *Id.* Third, after determining the weight to be accorded to the presumption, the court "balance[s] the competing considerations against it." *Id.* at 120. Local Rule 5(a)(3) allows for a court to seal a document filed with the Court upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. L. R. Civ. P. 5(a)(3). Unlike exhibits to discovery motions, which this Court has noted are only afforded a "presumption of access" of

"modest weight," ECF 221 at 4, exhibits to a motion to preclude expert testimony are given a "strong presumption" of public access. *See Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859, at *5 (D. Conn. Mar. 28, 2013) (ruling that exhibits attached to a motion to preclude expert testimony "are used to determine litigants' substantive legal rights," and so are "entitled to a strong presumption of public access) (quoting *Lugosch*, 435 F.3d at 121)); *see also Lugosch*, 435 F.3d at 121-23 (noting weight of presumption of access is governed by the nature of a motion not by the ultimate outcome of the motion).

## III. ARGUMENT

The confidential designations on the Craig Jones Original Expert Report, Ex. A, and Craig Jones Amended Expert Report, Ex. B, and the French-McCay Expert Report Appendix B are due to information from, and references to, documents Defendants produced in this case with confidential designations. CLF did not designate the documents and information at issue in this Motion as confidential. CLF redacted any quotations and descriptions from the exhibits that Defendants designated confidential or highly confidential. The documents at issue directly affect the Court's adjudication of this Motion. Because CLF has neither an interest nor the "particularized" information necessary to justify withholding these from the public, *see* L. R. Civ. P. 5(e)(3), CLF does not advocate for sealing the unredacted Motion and its accompanying exhibits designated as confidential by Defendants, and CLF cannot meet the sealing standard for any of the related statements or information. Additionally, CLF received the deposition transcript on September 18, 2025. CLF believes Defendants received the deposition transcript on September 18, 2025. Defendants had 10 days to designate the transcript as confidential. Defendants have not completed this designation.

## IV. CONCLUSION

For the foregoing reasons, CLF requests the Court deny this motion and direct the clerk to enter the unredacted motion and unredacted exhibits on the public docket.

Dated: October 3, 2025                                          Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

/ s/ Anna Tadio
Anna Tadio (phv208827)*
Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3009
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: atadio@clf.org
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Y. Meinert (ct31637)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org


Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908

Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Devin Williams (phv208827)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC

5

40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff
Conservation Law Foundation, Inc.*

**Admitted as Visiting Attorney*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2025, the foregoing motion was filed through the Court's electronic filing system ("ECF"), through which the document is available for viewing and downloading from the ECF system, and a copy of the filing will be sent electronically to all parties registered with the ECF System.

                                                */s/ Anna Tadio*
                                                Anna Tadio