UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., *Plaintiff*, v. SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, *Defendants*. | Civil Action No. 3:21-cv-00933-VDO October 3, 2025 |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S MOTION TO SEAL**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021, ECF 7, Plaintiff Conservation Law Foundation, Inc. ("Plaintiff" or "CLF") files this Motion to seal portions of its Memorandum in Support of its *Daubert* Motion to Preclude the Expert Testimony of Mr. David Uhlmann ("Motion"), and two of the exhibits thereto, because Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Triton Terminaling LLC, and Motiva Enterprises LLC marked the documents and information referenced in the Motion and attached thereto as confidential. *See* Standing Protective Order, ECF 7. CLF does not have sufficient information to justify sealing these documents and asks the Court to deny the motion to seal.

**I.  BACKGROUND**

On July 7, 2021, this court issued a Standing Protective Order. *See* ECF 7. The Standing Protective Order defines "Confidential" information as:

information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

*Id.* ¶ 3. Confidential information is considered Designated Material. *Id.* ¶ 2. The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id*. ¶ 14.

In support of its Motion, CLF quoted or discussed the following documents in its Motion, which were marked as confidential by Defendants, and attached them as exhibits to that motion:

Exhibit A: Expert Report of David Uhlmann

Exhibit B: Expert Deposition Transcript of David Uhlmann

## II.   LEGAL STANDARD

As this Court has noted, *see* ECF 221, courts in the Second Circuit follow a three-step process in determining whether to seal documents that have been placed before them. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court determines whether the document is a "judicial document" to which a presumption of public access attaches. *Id.* at 119.  Second, if the document is indeed a judicial document, the court determines the weight to be given to the presumption under the circumstances of the case.  *Id.*  Third, after determining the weight to be accorded to the presumption, the court "balance[s] the competing considerations against it."  *Id.* at 120.  Local Rule 5(a)(3) allows for a court to seal a document filed with the Court upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.  L. R. Civ. P. 5(a)(3).  Unlike exhibits to discovery motions, which this Court has noted are only afforded a "presumption of access" of "modest weight," ECF 221 at 4, exhibits to a motion to preclude expert testimony are given a

"strong presumption" of public access. *See Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859, at *5 (D. Conn. Mar. 28, 2013) (ruling that exhibits attached to a motion to preclude expert testimony "are used to determine litigants' substantive legal rights," and so are "entitled to a strong presumption of public access) (quoting *Lugosch*, 435 F.3d at 121)); *see also Lugosch*, 435 F.3d at 121-23 (noting weight of presumption of access is governed by the nature of a motion not by the ultimate outcome of the motion).

## III. ARGUMENT

The confidential designations on the Expert Report, Ex. A, and Expert Deposition Transcript, Ex. B, are purportedly due to information from, and references to, documents Defendants' produced in this case with confidential designations. CLF did not designate the documents and information at issue in this Motion as confidential. CLF redacted any quotations and descriptions from the exhibits that Defendants designated confidential or highly confidential. The documents at issue directly affect the Court's adjudication of this Motion. Because CLF has neither an interest nor the "particularized" information necessary to justify withholding these from the public, *see* L. R. Civ. P. 5(e)(3), CLF does not advocate for sealing the unredacted Motion and its accompanying exhibits designated as confidential by Defendants, and CLF cannot meet the sealing standard for any of the related statements or information.

## IV. CONCLUSION

For the foregoing reasons, CLF requests the Court deny this motion and direct the clerk to enter the unredacted motion and unredacted exhibits on the public docket.

| | |
|---|---|
| Dated: October 3, 2025 | Respectfully submitted,<br><br>CONSERVATION LAW<br>FOUNDATION, Inc., by its attorneys<br><br>*/s/ James Y. Meinert*<br>James Y. Meinert (ct31637)<br>Conservation Law Foundation, Inc.<br>62 Summer St<br>Boston, MA 02110<br>Tel: (617) 850-1744<br>E-mail: jmeinert@clf.org<br><br>Christopher M. Kilian (ct31122)<br>Kenneth J. Rumelt (phv207130)*<br>Anna M. Tadio (phv208827)*<br>Conservation Law Foundation, Inc.<br>15 East State Street, Suite 4<br>Montpelier, VT 05602<br>Tel: (802) 223-5992<br>Tel: (802) 622-3020<br>Tel: (802) 622-3009<br>E-mail: ckilian@clf.org<br>E-mail: krumelt@clf.org<br>E-mail: atadio@clf.org<br><br>Ana McMonigle (ct31370)<br>Conservation Law Foundation, Inc.<br>195 Church Street<br>Mezzanine Level, Suite B<br>New Haven, CT 06510<br>Tel: (203) 298-7692<br>E-mail: amcmonigle@clf.org<br><br>James Crowley (ct31319)<br>Conservation Law Foundation, Inc.<br>235 Promenade Street<br>Suite 560, Mailbox 28<br>Providence, RI 02908<br>Tel: (401) 228-1905<br>Email: jcrowley@clf.org<br><br>Chance Raymond (ct31311)<br>Chance the Lawyer, LLC<br>650 Poydras Street<br>Suite 1400 PMB #2574 |

New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

                                            David K. Mears (ct208829)
                                            Tarrant, Gillies, & Shems LLP
                                            44 East State Street
                                            Montpelier, VT 05602
                                            Tel: (802) 223-1112
                                            E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *James Y. Meinert*
James Y. Meinert