UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-VDO <br><br> October 3, 2025 |

## **DEFENDANTS' MOTION TO SEAL**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021 [ECF 7], Defendants move to seal portions of certain Memorandums of Law in Support of and/or exhibits to Defendants' Motions to Exclude the following CLF Expert Witnesses: Matthew Barlow (ECF 732), Wendi Goldsmith (ECF 743), Richard Horner (ECF 734), Edwin Levine (ECF 711), Joshua Macey (ECF 729), Robert Nairn (ECF 744), James O'Donnell (ECF 713), Naomi Oreskes (ECF 741), Jacqueline Michel (ECF 712), and Bruno Pigott (ECF 726) as confidential. Defendants also request that the Court preserves the limited redacted status of its Opposition Motion that references these confidential exhibits.

# BACKGROUND

Defendants seek to exclude the opinions of eleven of Plaintiffs' expert witnesses. The supporting memoranda for each of those motions relies on exhibits that contain information that is considered confidential pursuant to the operative Standing Protective Order in this case.

On July 7, 2021, this court issued a Standing Protective Order ("SPO"). See ECF No. 7. The SPO defines "Confidential" information as:

> "information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy."

*Id.* at ¶ 3. Confidential information is considered Designated Material. *Id.* at ¶ 2. The SPO requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id*. at ¶ 14.

Defendants respectfully request that the unredacted Memorandums in Support of Their Motions to Exclude each of Plaintiff's Expert Witnesses: Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Robert Nairn, James O'Donnell, Naomi Oreskes, Jacqueline Michel, and Bruno Pigott that were filed concurrently herewith be filed under seal pursuant to the procedure set forth in Local Rule 5 (e)(1)(b)(4)(b). Likewise, Defendants request that certain exhibits to the Memorandums in Support of Their Motions to Exclude Plaintiff's Expert Witnesses: Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Robert Nairn, James O'Donnell, Naomi Oreskes, Jacqueline Michel, and Bruno Pigott also be filed under seal pursuant to the procedure set forth in Local Rule 5 (e)(1)(b)(4)(b). In particular, the documents sought to be sealed include the following:

1) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Matthew Barlow

    - Exhibit C – Expert Report of Matthew Barlow
    - Exhibit D – Excerpts of the Deposition Transcript of Matthew Barlow

2) Unredacted "Corrected" Memorandum in Support of Motion to Preclude CLF's Expert Wendi Goldsmith

    - Exhibit A – Excerpts of the Deposition Transcript of Wendi Goldsmith
    - Exhibit F – Expert Report of Wendi Goldsmith

3) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Richard Horner

    - Exhibit B – Expert Report of Richard Horner
    - Exhibit C – Excerpts of the Deposition Transcript of Richard Horner

4) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Edwin Levine

    - Exhibit A – Excerpts of the Expert Report of Deborah French-McCay
    - Exhibit B - Excerpts of the Expert Report of Dagmar Etkin
    - Exhibit C – Excerpts of the Deposition Transcript of Ed Levine
    - Exhibit D – Rebuttal Expert Report of Ed Levine

5) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Joshua Macey

    - Exhibit A – Expert Report of Joshua Macey
    - Exhibit B – Rebuttal Expert Report of Joshua Macey
    - Exhibit C – Excerpts of the Deposition Transcript of Joshua Macey

6) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Jacqueline Michel

- Exhibit A – Excerpts of the Deposition Transcript of Jacqueline Michel
- Exhibit B – Rebuttal Expert Report of Jacqueline Michel
- Exhibit C – Excerpts of the Expert Report of Dagmar Etkin
- Exhibit D – Excerpts of the Expert Report of Deborah French-McCay
- Exhibit E – Excerpts of the Expert Report of Ann Morrison

7) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Robert Nairn

- Exhibit A – Expert Report of Robert Nairn
- Exhibit B – Rebuttal Expert Report of Robert Nairn
- Exhibit C – Excerpts of the Deposition Transcript of Robert Nairn

8) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert James O'Donnell

- Exhibit A – Expert Report of James O'Donnell
- Exhibit B – Excerpts of the Deposition Transcript of James O'Donnell

9) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Naomi Oreskes

- Exhibit A – Expert Report of Naomi Oreskes
- Exhibit B – Rebuttal Expert Report of Naomi Oreskes
- Exhibit C – Excerpts of the Deposition Transcript of Naomi Oreskes
- Exhibit J – Excerpts of the Expert Report of David Uhlmann

10) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Bruno Pigott

- Exhibit A – Excerpts of the Expert Report of Susan Bodine
- Exhibit B – Excerpts of the Expert Report of David Uhlmann
- Exhibit C – Rebuttal Expert Report of Bruno Pigott
- Exhibit D – Excerpts of the Deposition Transcript of Bruno Pigott

The Parties previously marked their respective expert reports as confidential due to their significant and substantive citation to documents and/or information that is similarly marked confidential in this case (much of which this Court has already ordered sealed in connection with other motion practice).

Further, the depositions of these experts discussed the contents of those confidential reports in detail, including the confidential information and documents discussed therein. Therefore, expert deposition transcripts that discuss these confidential reports, documents and information, must also remain confidential.

## LEGAL STANDARD

The public's right to access court documents is not absolute and may be surmounted by a party's showing that sealing will further other substantial interests. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013). Local Rule 5(a)(3) allows for a court to seal a document filed with the Court upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(e)(3).

Courts in this district, including this Court in this case [ECF 622], have found that exhibits containing "confidential, proprietary, and commercially sensitive information that would

cause significant competitive harm if publicly disclosed" warrant filing under seal. For example, on May 16, 2023, this Court granted in part a similar motion to seal Defendants' confidential documents on the basis that "the Defendants' claims outweigh the relatively low weight that attaches to the presumption of access in this discovery dispute." ECF 221 at 13. Again, on September 23, 2023, this Court granted in part another motion to seal concerning defendants' material designated confidential upon the rationale that "the defendants' security and competitive disadvantage concerns, even if not as weighty as in some other cases, outweigh the low public interest in access to this information." ECF 288 at 2. And most recently on July 11, 2025, this Court granted a similar motion to seal finding that "the documents contain private, non-public information about Shell's ongoing business activities." ECF 656 at 2. *Negron v. Cigna Corp.*, 2020 WL 13303130, *3 (D. Conn. May 29, 2020); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) (recognizing that the parties to an action often have "significant interest in protecting such [confidential proprietary] information from public dissemination").

## ARGUMENT

Defendants now move to seal the unredacted copy of their Memorandums in Support of Motions to Exclude the following Plaintiff's Expert Witnesses: Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Robert Nairn, James O'Donnell, Naomi Oreskes, Jacqueline Michel and Bruno Pigott that were filed concurrently herewith. Defendants also move to seal certain exhibits to their Memorandums in Support of Motions to Exclude Plaintiff's Expert Witnesses: Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Robert Nairn, James O'Donnell, Naomi Oreskes, Jacqueline Michel, and Bruno Pigott. As described below and in the referenced declarations, should these

materials be made publicly available, Defendants would suffer significant competitive harm, in the form of value erosion or financial loss. Thus, there are clear and compelling reasons to seal each of these documents and the redacted portions of the Motions that reference such Exhibits.

## I. The Expert Reports Are Designated Materials Under the SPO.

The Expert Reports of O'Donell, Barlow, Oreskes, Nairn, Horner, Macey, and Goldsmith, as well as the Rebuttal Expert Reports of Levine and Horner have been designated as CONFIDENTIAL by the producing parties under the SPO, because the reports reference—and discuss in detail—Defendants' non-public, confidential, and commercially sensitive materials (many of which the Court has already ordered sealed in connection with other motion practice, including this Court's Orders at ECF Nos. 221, 288, and 656). *See* ECF No. 7 at ¶ 3 & ¶ 14. As articulated in Defendants' June 4, 2025 Response to CLF's Motion to Seal [ECF 629], the potential publication of the parties' expert reports, which reference and describe these sensitive, confidential and non-public documents, including internal Design Engineering Practices ("DEPs") and other work performed by the Shell group of companies that is likely to cause competitive business harm to Defendants. And the potential publication of the parties' expert reports, which reference and describe these non-public, confidential and commercially sensitive documents that this Court has Ordered must remain sealed, including internal Design Engineering Practices ("DEPs") and other work performed by the Shell group of companies that is likely to cause competitive business harm to Defendants. *See* ECF No. 629 at 5.

DEPs are internal standards for use in design and construction of Shell group projects. *See* ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], May 23, 2023 Declaration of Matthew Penny ("Penny Decl."), ¶¶ 5-6 [ECF 234]; ECF No. 630, Ex. B to Defendants' Response to CLF's Motion to Seal [ECF 629], June 4, 2025 Declaration of Sergio

Jaramillo ("Jaramillo Decl."), at 16. These are internal, confidential business records that contain commercially valuable and other competitively sensitive information, as well as confidential technical information related to Defendants' business activities. Each document states in the preface that its use is restricted by service or license agreements and that it contains proprietary technical information. The documents reflect the professional, technical views of Shell Global Solutions International B.V. ("Shell GSI") and are developed using the unique experience acquired in the design, construction, operation and maintenance of Shell group facilities. ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], Penny Decl., at ¶ 6. The documents were prepared based on the business's internal knowledge from expertise in operations and project management, reflecting restricted information that has value to the business, and significant measures are taken to guard the secrecy of the information. As noted in the Penny Declaration, making such information available to competitors would cause two distinct types of financial and competitive harm. ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], Penny Decl., at ¶ 15. "First, competitors could use this information to improve their own internal processes, which would lead to value erosion or financial loss to the Shell group." *Id*. Additionally, "potential customers could access the documents without compensation to Shell GSI, the owner of the intellectual property, causing direct financial loss to Shell GSI." *Id*.

Likewise, documents related to the Shell group of companies' internal Metocean team's work on adaptation issues and corresponding evaluations of assets are confidential and are designated internally by Shell as confidential and/or restricted. Likewise, documents related to the Shell group of companies' internal Metocean team's work on adaptation issues and corresponding evaluations of assets are confidential and are designated internally as confidential

and/or restricted. These documents reflect assessments and internal processes, expertise and know-how either of the Shell group of companies itself or those commissioned to work on its behalf. They are confidential, non-public, private, maintained internally, and contain unique business information, expertise and know-how. As explained by Mr. Jaramillo, the publication of this confidential information and material regarding the Metocean work is likely to cause competitive business harm to Defendants. *See* ECF No. 630, Ex. B to Defendants' Response to CLF's Motion to Seal [ECF 629], Jaramillo Decl., at ¶¶ 5-7, 9, 12.

Further, as set forth in both Mr. Brian Evans' February 3, 2023 declaration (ECF 174-1) and Mr. Michael Sullivan's May 30, 2023 declaration (ECF 239-1), if the information contained in the Shell group of company's internal policies, procedures, and operations, which have been designated as confidential in this case, were made publicly available, it would cause competitive harm to Defendants. *See* ECF 174-1; *see also*, ECF 239-1.

Moreover, this Court has consistently granted prior motions to seal Defendants' confidential materials. *See e.g.*, ECF 221; ECF 288, and ECF 656. This Court has also already recently granted a similar motion to seal portions of Ms. Goldsmith's expert report and documents and/or deposition testimony referencing or relating to DEPs and internal work by the Metocean team. *See* ECF No. 656. Therefore, Defendants respectfully request that these documents also be sealed in accordance with this Court's prior order on the same or similar materials. *Id*.

## II. **Deposition Testimony Discussing Designated Materials Must Remain Confidential.**

Additionally, Defendants move to seal certain Exhibits to their Memorandum in Support of Motions to Exclude consisting of the excerpted deposition transcripts of Plaintiffs' experts, Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Robert

Nairn, James O'Donnell, Jacqueline Michel, Naomi Oreskes, and Bruno Pigott, which reference confidential material, including their respective confidential expert reports and/or rebuttal reports, and must also, at a minimum, be treated as Designated Material under the SPO.  As explained above, the expert reports contain non-public, confidential, and commercially sensitive materials and should be sealed from the public record.

For all these reasons, Defendants respectfully request that the Court grant this Motion to Seal the designated confidential material in Defendants' Memorandum in Support of Motions to Exclude the following CLF Expert Witnesses: Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Jacqueline Michel, Robert Nairn, James O'Donnell, Naomi Oreskes, and Bruno Pigott, and certain Exhibits thereto, in accordance with the SPO. This result would also be consistent with the Court's previous Order of July 11, 2025, which granted CLF's Motion to Seal Defendants' properly designated confidential material on similar grounds [ECF No. 656].

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter an Order sealing unredacted copies of Defendants' Memorandum in Support of Motions to Exclude the following CLF Expert Witnesses: Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Jacqueline Michel, Robert Nairn, James O'Donnell, Naomi Oreskes, and Bruno Pigott, and certain Exhibits thereto.

Dated: October 3, 2025                                    Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
King & Spalding, LLP
1180 Peachtree Street, N.E.

Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com
ctoledo@kslaw.com

Antonio E. Lewis (phv03069)
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

11

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2025 a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com