UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-VDO <br><br> October 8, 2025 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO SEAL [690]**

Defendants file this brief reply in support of their Motion to Seal Defendants' Opposition to Plaintiff's Motion For Leave to File Second Amended Complaint and Exhibits A–F thereto as confidential [ECF 690] in order to address the issues raised in Plaintiff Conservation Law Foundation's ("CLF's or Plaintiff's") Opposition thereto [ECF 702].

I.   **INTRODUCTION**

Plaintiff's opposition urges wholesale unsealing of exhibits that contain, quote, or closely paraphrase confidential, non-public business information and technical materials, including expert reports that incorporate Defendants' proprietary standards and internal analyses previously ordered sealed in this very case. This includes deposition testimony that discusses exhibits, expert reports and documents produced in discovery that are themselves marked confidential. As such, Plaintiff's position is at odds with the governing standards of confidentiality, the Standing Protective Order ("SPO") entered by the Court, and the Court's prior sealing rulings addressing

substantially similar material. Consistent with Local Rule 5(e)(3), the SPO, and this Court's prior orders, the Court should maintain sealing of the properly designated expert reports [Exhibits A (Wendi Goldsmith Expert Report Excerpts), E (Thomas Battle Expert Report Excerpts), and F (Robert Nairn Expert Report Excerpts)] and the deposition testimony that reveals or describes those confidential materials [Exhibit B].[1]

In addition, CLF has previously broadcasted its motivation to publicize these materials based on a desire to solicit fundraising contributions from its donors—not in pursuit of any public need for the documents to be in the public domain. *See* ECF 508, Defendants' Opp. to Plaintiff's Motion to Modify the SPO, at 1-2. Indeed, CLF's fundraising email to its donors explicitly referenced a large document review of confidentially designated documents, and tied the public disclosure of Defendants' materials to CLF's solicitation of donations, raising the question, "What are they hiding?" *Id*. (further suggesting that "Shell is fighting to conceal" documents which CLF believes "the public has a right to know"). That email to CLF's donors reveals its true intentions to de-designate Defendants' confidential documents for its own fundraising purposes, not for any public need or the adjudication of any issues before the Court. CLF's clear intent is flatly inconsistent with the SPO's command that Designated Material be used only for this litigation. Further, as is the case here, where a litigant signals it will leverage court-filed materials for extra-judicial publicity and fundraising, the risk of misuse and competitive harm is heightened.

## II.    LEGAL STANDARD

Courts in the Second Circuit, including this Court in this case, have found that exhibits containing "confidential, proprietary, and commercially sensitive information that would cause

---

[1] Upon further review, Defendants agree that Exhibits C [Excerpts of Bruno Pigott's Report] and D [Excerpts from Bruno Pigott's Depo Transcript] need not be sealed.

significant competitive harm if publicly disclosed" warrant filing under seal.  ECF 622.  For example, on May 16, 2023, this Court granted in part a similar motion to seal Defendants' confidential documents on the basis that "the Defendants' claims outweigh the relatively low weight that attaches to the presumption of access in this discovery dispute."  ECF 221 at 13.  Again, on September 23, 2023, this Court granted in part another motion to seal concerning Defendants' confidential materials upon the rationale that "the defendants' security and competitive disadvantage concerns, even if not as weighty as in some other cases, outweigh the low public interest in access to this information."  ECF 288 at 2.  And most recently on July 11, 2025, this Court granted a similar motion to seal, finding that "the documents contain private, non-public information about Shell's ongoing business activities."  ECF 656 at 2.  *Negron v. Cigna Corp.*, 2020 WL 13303130, *3 (D. Conn. May 29, 2020); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) (recognizing that the parties to an action often have "significant interest in protecting such [confidential proprietary] information from public dissemination").

Likewise, in the companion case pending in the District of Rhode Island, the court has consistently found Defendants' similarly confidential documents, upon representations from counsel that the documents contain non-public and sensitive information that would present a likelihood of harm to Defendants' business interests if published, necessitated sealing.  *See e.g.*, Ex. A, Aug. 25, 2025 Text Order granting Motion to Seal [RI ECF 264] (sealing internal processes and analyses); Ex. B, Aug. 18, 2025 Text Order granting Motion to Seal [RI ECF 258]; Ex. C, Aug. 14, 2025 Text Order granting Motion to Seal [RI ECF 255] (sealing deposition excerpts); Ex. D, July 18, 2025 Text Order granting Motion to Seal [RI ECF 247] ("[n]oting

3

CLF's request that the motion be denied and based on the informal advisory of Defendants that they believe the materials implicated by the motion are confidential and should be sealed.").

**III.    ARGUMENT**

    **A. Consistent With This Court's Prior Rulings, the Properly Designated Expert Reports [Exhibits A, E, and F] Must Remain Sealed.**

The Parties, including CLF, have marked their respective expert reports "CONFIDENTIAL" under the SPO. Contrary to Plaintiff's assertions (ECF 702 at 3 and 8-11), the expert reports at issue—Exhibit A (Goldsmith excerpt), Exhibit E (Battles excerpt), and Exhibit F (Nairn excerpts)—were properly designated Confidential because they incorporate and discuss non-public, proprietary materials, including Defendants' internal Design Engineering Practices ("DEPs") and Metocean adaptation work product, as well as facility-specific analyses and sensitive technical parameters. There is no dispute that all these cited materials are marked confidential, as set forth in the table below:

**TABLE A – SUMMARY OF CONFIDENTIAL MATERIAL:**

| Exhibit | Confidential Nature of Material Contained in the Exhibit |
|---|---|
| Exhibit A – Excerpt of Expert Report of Wendi Goldsmith (page 40) | Undisputedly, the excerpts discuss confidential communications between Defendants and its consultant, Triton Environmental, concerning the innerworkings of Terminal operations and engineering decisions made by Defendants' employees. *See e.g.*, ECF 692; ECF 702, CLF's Opp. To Motion to Seal, at 4.<br><br>The excerpts incorporate and rely on non-public, facility-specific information regarding Defendants' plans and evaluations, including references to the Emergency Response Action Plan, which was properly designated as confidential.<br><br>The excerpt further discusses sections of the deposition transcript of Defendants' facilities manager, Michael Sullivan, which were properly designated as confidential, including his confidential communications with Defendants' consultant regarding non-public business activities. |
| Exhibit E – Excerpts of Expert Report | The excerpts incorporate and rely on non-public, facility-specific information regarding Defendants' plans and evaluations, including references to the confidential Facility Response Plan, confidential Business |

| Exhibit | Confidential Nature of Material Contained in the Exhibit |
|---|---|
| of Thomas Battles (pages 3–5) | Continuity Plan, and elevation survey, as well as confidential technical judgments about compliance and resiliency measures.<br><br>As such, these passages disclose sensitive operational approaches, internal assessments, and site-specific characteristics far beyond what appears in public sources, thereby revealing Defendants' internal business and risk management strategies previously recognized by the Court as warranting protection.  ECF 630, Ex. B to Defendants' Response to CLF's Motion to Seal, June 4, 2025 Declaration of Sergio Jaramillo ("Jaramillo Decl.") at ¶ 12 (testifying that "work commissioned by Shell related to climate adaptation and evaluations of assets" "reflect assessment and internal processes, expertise and know-how either of Shell itself or those commissioned to work on its behalf," and "if disclosed would cause competitive harm."); ECF 656 (this Court granted a prior motion to seal on similar materials). |
| Exhibit F – Excerpts of Expert Report of Robert Nairn (pages 50, 68) | The excerpts disclose non-public, facility-specific technical parameters and calculations, including pipe configuration details, assumed hydraulic conditions, stability criteria, berm performance, wave/flow interaction, and protective stone sizing under storm conditions, drawn from or applied to internal sources and site data, which based upon information and belief were derived from confidential materials produced in this case.<br><br>As stated in prior declarations, public disclosure would enable competitors or third parties to infer internal engineering standards, performance thresholds, and vulnerabilities, and would expose proprietary analytical methods and security-sensitive infrastructure information.  ECF 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], May 23, 2023 Declaration of Matthew Penny ("Penny Decl."), at ¶15 ("competitors could use this information to improve their own internal processes, which would lead to value erosion or financial loss to the Shell group, as it utilizes these proprietary practices."). |

Further, this Court has already granted sealing of the same or closely related categories of materials in this case, including portions of Dr. Goldsmith's report and materials referencing DEPs and internal Metocean work, finding they "contain private, non-public information about Shell's ongoing business activities."  *See e.g.*, ECF 221; ECF 288, and ECF 656.  The declarations previously submitted explain that DEPs are proprietary technical standards subject to license restrictions and that Metocean work comprises confidential assessments and processes

developed from unique internal expertise. *See e.g.*, ECF 629-1, Penny Decl., at ¶¶ 5-6; ECF 630, Jaramillo Decl. at ¶¶ 9-13; ECF 174-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 174], Feb. 3, 2023 Declaration of Brian Evans at ¶¶ 9-19; ECF 239-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 239], May 30, 2023 Declaration of Michael Sullivan at ¶¶ 4-12. Public disclosure would cause competitive harm in two distinct ways: enabling competitors to copy Defendants' business practices and operations without compensation, and disclosing proprietary content and know-how with direct financial and competitive consequences. *Id*.

Plaintiff's arguments largely ignore the fact that this Court has already weighed these interests in the context of substantively similar materials and ordered sealing. ECF 702 at 3 and 8-11. Nor does Plaintiff identify any reason to depart from those prior findings now. The presumption of access is not absolute; the Court may and should give determinative weight to the well-substantiated confidentiality interests and the risk of competitive harm. Plaintiff now contends, despite initially designating its own expert reports as confidential for the very same reasons, that the expert report excerpts at Exhibits A, E and F "do not reference confidential materials" or supposedly reflect only public information. *Id*. As shown in **Table A** above, that is incorrect.

Further, even though the expert report excerpts may otherwise refer to some public materials, the excerpts clearly and undisputedly cover non-public, confidential materials, including Terminal-specific design standards, site-specific capacities, and risk tolerances. ECF 702 at 4 (acknowledging Exhibit B references confidential communications with Shell group consultants), 8 (acknowledging Exhibit E references the confidential Terminal FRP and BCP), and 10-11 (acknowledging Exhibit F contains confidential stormwater pipe dimensions). The

Court has already recognized the sensitivity of secondary-containment analyses and related parameters, as well as internal adaptation work, and ordered sealing of similar content. *See e.g.*, ECF 221; ECF 288, and ECF 656. Plaintiff's general suggestion that prior public filings referencing certain topics broadly eliminates confidentiality is mistaken. ECF 702 at 3 and 8-11. The mere fact that certain information appears in the public domain does not strip confidentiality from other, related, or accompanying compilations, analyses, or additional non-public, commercially sensitive information that are cited in these reports.

### B. Testimony Related to Proper Designated Confidential Materials in Dr. Goldsmith's Deposition Transcript Must Remain Sealed.

CLF's opposition invites the Court to disregard the Parties' Standing Protective Order and the Court's prior sealing rulings by seeking wholesale unsealing of the complete Goldsmith deposition transcript [Exhibit B] notwithstanding that the transcript contains, quotes from, and discusses materials properly designated as Confidential under the SPO. ECF 702 at 6-7.

The SPO squarely governs how deposition testimony covering Designated Material must be treated. Specifically, the SPO expressly states that when Designated Material is used as a deposition exhibit, "the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material." ECF 7 at ¶13. In this case, Exhibit B, Dr. Goldsmith's deposition transcript includes and discusses her expert report, which as stated above has properly been marked confidential, and other exhibits that were designated Confidential under the SPO because they cite and synthesize Defendants' non-public, commercially sensitive materials (including internal technical standards and Metocean team work that this Court has already determined warrant protection). Because the transcript reveals and quotes from those Designated Materials, the corresponding pages of the transcript are themselves Designated

7

Materials and must remain sealed. As such, Defendants propose sealing the portions of Dr. Goldsmith's Deposition Transcript described in Exhibit E.

Additionally, CLF's contention regarding the ten-business-day provisional designation misses the point. ECF 7 at 6-7. The confidentiality designation here does not depend on the provisional default alone. It flows from the underlying confidential status of the exhibits themselves and the transcript testimony that describes, quotes, and analyzes them—precisely the situation contemplated by the SPO's directive that "the exhibit and related transcript pages receive the same confidentiality designation" as the underlying Designated Material. ECF 7, SPO at ¶ 13. That automatic transportation of confidentiality status from the document to the deposition ensures that parties can use confidential exhibits in deposition practice without forfeiting protection over the pages that reveal the substance of those materials. *See Sourgoutsis v. United States Capitol Police*, No. 116CV1096KBJRMM, 2018 WL 4680206, at *3 (D.D.C. Sept. 29, 2018) (rejecting the argument that treating all deposition testimony and exhibits as confidential would constitute an "over designation" recognizing that "some deposition testimony and exhibits may implicate the types of concerns identified" in the Protective Order.). CLF's approach would nullify that safeguard and would defeat the SPO's core function.

Further, CLF's reliance on the fact that Defendants filed the complete transcript (under seal) does not diminish the need for sealing. ECF 7 at 5-6. As Defendants noted in their Motion to Seal, the filing of the complete transcript of Dr. Goldsmith's deposition was necessary to provide the full context of the testimony referenced so the Court could evaluate the parties' characterizations of Dr. Goldsmith's testimony in its entirety. ECF 690 at 2. Defendants now propose the continued sealing of Dr. Goldsmith's deposition as shown in **Exhibit E**, proposing the sealing of only the portions that deal with Defendants' confidential material and information,

along with discussion of Dr. Goldsmith's opinions as reflected in her confidentially designated report.

Finally, in line with its prior ruling, this Court should reject CLF's attempt to weaponize ordinary motion practice as an end-run around of the SPO's de-designation process. *See* ECF 517, Jan. 27, 2025, Court Order (denying CLF's Motion to Amend the SPO and rejecting Plaintiff's modifications on the basis that the proposal would require the Court to "embroil itself in the[] disputes" concerning whether the material "merited the confidentiality designation in the first place."). As previously recognized by this Court, the SPO provides a specific mechanism for challenging confidentiality designations: 1) a written request to the Designating Person; 2) a good-faith meet-and-confer; and 3) only if necessary, a motion placing the burden on the Designating Person to show the designation is proper. ECF 7 at ¶ 12. CLF has taken none of those steps with respect to the Designated Materials that are embedded in Exhibit B. Instead, CLF now simply seeks a blanket unsealing of the entire transcript, including all its references to the confidential materials embedded therein, without following the process that the SPO requires. The Court should decline CLF's invitation to skirt that process, enforce the SPO, and reject CLF's repeated attempts to litigate its desire to de-designate Defendants' confidential materials within every routine motion filing.

### C. Defendants Agree Exhibits C and D Need Not Be Sealed.

Upon further review, Defendants agree that Exhibit C (Pigott Rebuttal Expert Report Excerpts) and Exhibit D (Pigott Depo Transcript Excerpt) need not be sealed.

### IV. CONCLUSION

For all these reasons, Defendants respectfully request that the Court seal Exhibits A, B E, and F to its Opposition to Plaintiff's Motion to File Second Amended Complaint [ECF 689].

Dated: October 8, 2025

Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com
ctoledo@kslaw.com

Antonio E. Lewis (phv03069)
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889

jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025 a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

                                           /s/ *Douglas A. Henderson*
                                           Douglas A. Henderson (phv05547)
                                           KING & SPALDING LLP
                                           1180 Peachtree Street, NE Suite 1600
                                           Atlanta, GA 30309
                                           T: (404) 572-4600
                                           dhenderson@kslaw.com