## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-VDO |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | October 15, 2025 |
| *Defendants*. | |

## PLAINTIFF CONSERVATION LAW FOUNDATION'S
## SUR-REPLY TO DEFENDANTS' MOTION TO SEAL [ECF 690]

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Sur-Reply to Defendants' Reply [ECF 787] to their Motion to Seal [ECF 690] associated with Defendants' Opposition to CLF's Motion for Leave to File Second Amended Complaint. CLF files this Sur-Reply, as authorized by ECF 792, to address three issues newly raised and proposed in Defendants' Reply ("Reply"). First, Defendants' Reply attaches and presents as a "legal standard" four rulings from the District of Rhode Island. ECF 787 at 3–4; ECF 787-1 to 787-4. Defendants fail to note the First and Second Circuits are spilt on the standard for sealing confidential documents with the First Circuit holding there is no public access to confidential exhibits to discovery motions. Second, Defendants offer an interpretation of the protective order that deposition testimony on designated documents or information is self-designating. ECF 787 at 8. This interpretation is not in the plain language of the protective order and is practically unworkable. Third, Defendants propose a retroactive designation and sealing of Dr. Goldsmith's deposition

testimony. *See* ECF 787 at 8–9 & ECF 787-5. Not only do Defendants not provide the information necessary to support sealing even validly-designated information, but Defendants mischaracterize the passages covered by Reply Exhibit E as discussing confidentially designated documents when they also cover testimony not about any document or Dr. Goldsmith's expert reports.

## A.  The Rhode Island Rulings Are Not Precedental or Persuasive

Defendants' Reply attached four text orders from the District of Rhode Island grating motions to seal. Reply Exhibits A and B are rulings on motions to seal associated with CLF's Motion to Compel documents in the possession of Dr. Paul Verlaan who is a senior metocean engineer at Shell, and Defendants' opposition to that motion. Reply Exhibits C and D are rulings on motions to seal associated with CLF's Statement of Additional Facts Not In Dispute and Defendants' opposition, which were filed in response to Defendants' motion for partial summary judgement. None of these sealing rulings were based on the expert reports or deposition transcripts in the Shell CT matter, nor were they on motions to seal associated with a motion to amend a pleading, such is at issue here. Just based on these differences in the underlying motions and underlying materials, the Rhode Island rulings should not be persuasive here because this Court's decision will be based on the weight of the particular confidentiality claims against the public interest based on the filing's relationship to the judicial function.

Furthermore, the First and Second Circuits do not apply the same legal tests to decisions to seal documents. The First Circuit has repeatedly said the common-law/First Amendment rights of access do not extend to discovery materials. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11–13 (1st Cir. 1986) ("[T]here is no right of public access to documents considered in civil discovery motions . . . . [W]e decline to extend to materials used only in discovery the common law presumption that the public may inspect judicial records."). As this Court knows, the Second Circuit operates under a robust presumption of public access to judicial documents and mandates

that courts weigh the public interest and claims of confidentiality as to each document and claim of confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–23 (2d Cir. 2006). In fact, the Rhode Island Court's summary granting of these motions to seal without any particularized findings or analysis is indicative to the drastically lower weight given to public access in litigation in the First Circuit. Regarding Exhibits C and D, which apply to statements of undisputed facts on a motion for partial summary judgment, the Rhode Island Court noted its grant to seal was just a generalized decision and CLF was free to individually challenge the confidentiality of any specific document or information. *See* ECF 787-4. Defendants claim that these four rulings were based on findings the underlying materials are confidential is incorrect, as the Court merely rubber stamped representations the materials had been designated. Such cursory rulings have no relevance or persuasive value to practice in the District of Connecticut.

**B.  Deposition Testimony Cannot Be Self-Designating**

Defendants offer a new interpretation of protective order paragraph 13 that deposition testimony about designated documents or information is self-designated. ECF 787 at 8. Defendants' partial quotation from the protective order is misleading. The protective order states that transcripts may be designated one of two ways, "(a) when the testimony is recorded, or (b) by written notice to all counsel of record." ECF 7 ¶ 13. The protective order does not say there is a third option. The sentence Defendants partially quote relates to whether a designated exhibit may be used and shown to a witness, and that sentence stands for the proposition that the witness may need to sign the protective order to view such a document and the party whose confidential material is at issue should designate that portion of the testimony at the same designation level as the underlying document. The purpose of that sentence is to ensure that confidential designation of a document does not interfere with a party's ability to use the document in a deposition. It is not a secret third way to designate transcripts. Defendants cite a case purportedly in support of their

reading of the protective order, however, that case dealt with a protective order that stated: "All testimony, exhibits, or other materials provided pursuant to Rules 30 or 31 of the [FRCP] shall be treated as Confidential." *Sourgoutsis v. U.S. Capitol Police*, No. 1:16-cv-1096(KBJ/RMM), 2018 WL 4680206, at *3 (D.D.C. Sept. 29, 2018). The court then considered if this meant quotations from the testimony and exhibits should be confidential and ruled, yes, that was the plain language of the protective order and so enforced it. *Id.*

That Defendants could not find case support for their proposition anywhere within the Second Circuit and indeed could not find any case providing for self-designated transcripts is telling, as it would be an unworkable reading of any protective order. In this matter, this reading is unworkable because it could mean different Parties could have different understandings of what passages are confidential. And it would mean that any use of a transcript would require provision of a copy of each exhibit, so a reader would know if the transcript passage discussed material from a confidential part of a designated document. For example, this Court cannot tell from the face of the transcript under consideration which sections are "self-designated confidential" because the Court does not have all of the exhibits. Furthermore, even if the Court had each exhibit, it would then need to know the contents of each exhibit sufficiently well to know when the testimony was referencing information from the exhibit and when a discussion of an exhibit had evolved to a discussion of the general topic and when the testimony stopped "self-designating." Even if the Court determined where this line was, different readers could have different views on this, which makes Defendants interpretation unworkable and the Court should reject it.

## C.  Defendants Retroactive Designation Is Untimely, Overbroad in Scope, and Unsupported

Defendants' Reply does not argue that Dr. Goldsmith's deposition testimony was timely designated by any Party. Instead, Defendants propose that the Court allow a retroactive designation and simultaneously rule the designations meet the sealing standard. ECF 787 at 8–9. The Court

should rule that no timely designation has occurred, and insufficient information has been provided to support sealing the Reply Exhibit E passages. If the Court were to seal these passages, the Court would need to base the particularized findings required by Local Rule 5(e)(3) off the single sentence Defendants offered in their Reply: that each passage "deal[s] with Defendants' confidential material and information, along with discussion of Dr. Goldsmith's opinions." *See* ECF 787 at 8–9. This sentence is incorrect. As an initial matter, Defendants' only introduced the expert reports on page 70 and testimony before that page is mostly about her knowledge of and involvement in the case but is not specifically about pages of her reports or any other document. Second, the rebuttal report was not designated confidential, and Defendants have never raised any issue since its August 1 disclosure about a designation. Third, the testimony listed in Reply Exhibit E also covers discussions of the Terminal unrelated to any specific document and includes discussions of non-Shell standards where Defendants already waived any claim of confidentiality on those aspects of Dr. Goldsmith's report. At ECF 616 a 16-page excerpt from Dr. Goldsmith's expert report was filed under seal and Defendants argued that portions contained confidential information, but other portions did not. *See* ECF 629 at 5. Defendants filed a redacted version of the excerpt at ECF 629-4, thereby waiving claims of confidentiality over the un-redacted portions, such as those on standards by The American Society of Civil Engineers ("ASCE"). *See* ECF 629-4 at 5–6. But now, Defendants' Reply Exhibit E proposal would seal testimony related to these same opinions, such as those at 126–34, covering discussions of ASCE materials.

On these three issues the Court should not follow Defendants' proposals to follow the District of Rhode Island, follow an unworkable interpretation of the protective order, or retroactively designate and seal unsupported passages of Dr. Goldsmith's deposition testimony.

Dated: October 15, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna M. Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574

New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*