K&S King & Spalding

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

October 21, 2025

Hon. Judge Thomas O. Farrish
United States Courthouse, U.S. District Court, District of Connecticut
450 Main Street - Suite 262
Hartford, Connecticut 06103

Dear Judge Oliver:

      Our office represents Defendant Motiva Enterprises LLC ("Motiva") in this matter and in accordance with the Court's prefiling orders, Motiva requests a Prefiling Conference on its Motion for Summary Judgment.  *See* ECF 797.  This letter summarizes the grounds for Defendant Motiva's Motion for Summary Judgment on Plaintiff's only remaining claim as to it in Count XIII, which is a Resource Conservation and Recovery Act ("RCRA") claim.[1]

      The basis for the Motion For Summary Judgment is that Plaintiff has failed to prove that a "waste" at the Terminal constituted a real and immediate risk of harm during Motiva's operation of the Terminal.  For background, Motiva owned and operated the Terminal between 2000 and 2017.  It has not had any involvement with the operation of the Terminal since 2017.  It transferred all rights and obligations regarding the Terminal in May 2017.

      In Count XIII, Plaintiff claims that the petroleum products stored at the Terminal are "solid or hazardous waste" under RCRA, and that they pose an "imminent and substantial endangerment" to Plaintiff's members.  Specifically, Plaintiff alleges that "[t]he petroleum products stored at the Terminal qualify as 'solid waste' under RCRA," and that due to risks associated with "severe precipitation, extreme weather, storm surge, and sea level rise," some harm may occur at an unknown future date. Am. Compl. ¶ 491.  There is no evidence to support those claims.

      This Count should be dismissed for multiple reasons.  **First,** the products stored at the Terminal are not regulated by RCRA because they are not a "solid or hazardous waste."  RCRA regulates only "solid or hazardous wastes."  It does not regulate products, like the products at the Terminal.

      **Second,** summary judgment is warranted because Plaintiff has never identified a "real and immediate threat of future injury" to any of its members.  Plaintiff contends that future, hypothetical discharges—which the evidence suggests are unlikely to occur—violate RCRA.  While the Court previously denied Defendants' Motion to Dismiss Plaintiff's RCRA claim, it recognized that "imminence" under RCRA is limited to present risks of harm.  *See* ECF 111 at 54-55.  There is no evidence of any such risks here.  Without **evidence** of such an imminent injury, Plaintiff cannot prove a "real and immediate threat of future injury" to its members.  All it

---

[1] Motiva incorporates the arguments made by Defendants Equilon Enterprises LLC and Triton Terminaling LLC in their Motion for Summary Judgment, to the extent those arguments apply to this Count as well.  And Motiva retains right to provide additional arguments in the complete Motion for Summary Judgment.



King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

has done is allege there are general, long-term impacts of "climate change." That is not sufficient.

**Third,** Plaintiff's expert reports barely mention Motiva, let alone what RCRA violations occurred during the time Motiva operated the Terminal. Plaintiff is required to present a genuine issue of material fact based on evidence that there was an imminent and substantial threat of harm during the time Motiva owned and operated the Terminal. Plaintiff has produced no such evidence, and judgment should be entered in favor of Motiva on that claim.

Motiva requests a briefing schedule on its Motion as follows:

(a) require dispositive motions to be filed within thirty (30) days after the Court has ruled on all pending Rule 702 motions;

(b) responses to dispositive motions should be due twenty-one (21) days after the motions are filed.

(c) Replies should be due ten (10) days after responses are filed.

Respectfully submitted,

*/s/ Douglas A. Henderson*

Douglas A. Henderson
Counsel for Defendants

2