UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>Defendants. | Case No: 3:21-cv-00933-VDO<br><br>October 21, 2025 |

**DRAFT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS MOTIVA ENTERPRISES, LLC'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Under Local Rule Civil 56(a) and this Court's Order [ECF 797], Defendant Motiva Enterprises LLC ("Motiva"), respectfully submits the following DRAFT[1] Statement of Undisputed Facts[2] in support of its Motion for Summary Judgment.

1. This case concerns stormwater permit compliance at an onshore petroleum bulk storage and distribution terminal located at 481 East Shore Parkway, New Haven, Connecticut (the "Terminal"). ECF 47, Plaintiff's Amended Complaint ("Am. Compl.") at ¶ 2.

2. Motiva owned and operated the New Haven Terminal between 2000 and 2017. *Id.*, at ¶ 34.

3. In May 2017, Motiva ceased ownership and operation of the Terminal. *Id.* ¶ 35.

---

[1] Defendants serve this Draft Statement in connection with the Court's Order requiring same. *See* ECF 797 and Judge Oliver's Pretrial Preferences.
[2] To avoid duplication, Motiva hereby incorporates by reference, as if set forth fully herein, the statements and supporting record citations contained in the Statements of Undisputed Facts filed by the other Defendants in connection with their respective motions for summary judgment.

4.      Since May 2017, Triton Terminaling LLC has owned, and Equilon Enterprises LLC has operated the Terminal pursuant to the General Permit for Discharge of Stormwater Associated with Industrial Activity issued by the Connecticut Department of Energy and Environmental Protection ("CT DEEP").  *Id*. at ¶¶ 29-32.

5.      At the time Plaintiff filed this action in July 2021, the permit at issue was the 2018 General Permit No. GSI002800.  *Id*. at ¶ 28.

6.      The 2018 Permit was extended in October 2021 without any substantive changes (hereafter collectively, "the 2018/2021 Permit").  *Id*. at ¶ 175.

7.      Plaintiff's only remaining count against Motiva is Count XIII in the Amended Complaint.  *See* ECF 111, Judge Sarah Merriam's Ruling on Defendants' Motion to Dismiss (dated Sept. 16, 2022) (the "MTD Ruling") at 62.

8.      Plaintiff's only remaining count against Motiva, Count XIII, alleges a "violation of the Resource Conservation and Recovery Act ["RCRA"]– Imminent and Substantial Endangerment to Human Health and the Environment."  *See* ECF 47, Plaintiff's Am. Compl. at ¶¶ 486-502.

9.      Plaintiff alleges that "[t]he petroleum products stored at the Terminal qualify as 'solid waste' under RCRA."  *Id*. at ¶ 491.

10.     The crux of Plaintiff's allegations is that "[t]here is a substantial and imminent risk of the Terminal discharging and/or releasing pollutants because the Terminal has not been properly engineered, managed, operated, or fortified to protect against "climate change" factors."  *Id*. at ¶ 493.

11.     Plaintiff defines these "factors" to include "climate change" induced "changes in precipitation events, and flooding, in part because warmer air holds more moisture, higher sea

surface temperatures cause stronger storms and higher storm surges, and melting sea ice raises sea levels." *Id*. at ¶ 209.

12. RCRA applies only to solid and hazardous "waste" and does not apply to petroleum-containing "products" stored in bulk storage tanks. *See* 42 U.S.C. § 6903 (defining "solid waste" and "hazardous waste"); *Characterization of Remediation Waste* Presentation, CT DEEP, "Characterization of Remediation Waste" Presentation (Oct. 17, 2017), https://portal.ct.gov/-/media/deep/ waste_management_and_disposal/hazardous_waste/ characterizationofremediationwastepdf.pdf?rev=f5e69d4274b240fa8848d774d49be444&hash=C2DE548FFF026D496AB103DC952531FE (hereafter "Characterization of Remediation Waste Presentation").

13. To bring a claim under 42 U.S.C. § 6972(a)(1)(B), Plaintiff must show that (1) a "past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility"; (2) "has contributed" or "is contributing"; (3) "to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste"; and (4) "which may present an imminent and substantial endangerment to health or the environment."

14. CT DEEP has explained that: "A waste that is placed into storage or disposal prior to the effective date of RCRA is not a waste until it is removed from storage or disposal. As a result: Environmental media that was contaminated with hazardous waste before the effective date of RCRA is not hazardous waste as long as it is in the ground. Once it is removed from the ground (e.g., dug up or pumped out), it is 'generated' and becomes a waste – and potentially a hazardous waste." Characterization of Remediation Waste Presentation.

15. There is no evidence of any RCRA violations occurring at the Terminal during the relevant time period. *See generally* Ex. A, Kovich Report; *see generally* Ex. B, Goldsmith Report; *see generally* Ex. C, Horner Report.

16. None of Plaintiff's experts supply any evidence to support Plaintiff's RCRA claim in Count XIII against Motiva. *See generally* Ex. B, Goldsmith Report; *see generally* Ex. C, Horner Report.

17. The Terminal was properly engineered, managed, and operated during Motiva's ownership and operation. Ex. D, Pace & Bayles Report at 43-44; Ex. E, Jones Report at 4-7; Ex. F, Zeeb Report at 15-18; Ex. A, Kovich Report at 1-2.

18. The Terminal is located 1,500 feet from the nearest shoreline and is surrounded by a secondary containment dike wall. Ex. D, Pace & Bayles Report at 43.

19. Neither Plaintiff nor its experts have identified any changes that could be made at the Terminal to address its concerns regarding future hypothetical discharges that are technologically available and economically practicable and achievable in light of industry practice. *See generally* Ex. B, Goldsmith Report; *see generally* Ex. C, Horner Report.

20. There is no evidence in the record that Motiva's operations of the Terminal present an imminent and substantial endangerment to human health and the environment. *See* Ex. D, Pace & Bayles Report at 44; *see also*, Ex. A, Kovich Report at 45; Ex. G, Morrison Report at 2-3; Ex. H, Tsuji Report at 35. Nor is there any evidence that there is an imminent and substantial risk of harm to any of Plaintiff's members.

21. The Terminal complies with RCRA and complied during Motiva's ownership and operation. *See* Ex. A, Kovich Report at 45.

22. Plaintiff's expert witnesses have also failed to identify any objective evidence that Motiva or any other Defendant violated the 2018/2021 Permit.  Indeed, Plaintiff's expert reports barely mention Motiva at all.  And Plaintiff's own expert witness, Dr. Wendi Goldsmith, admitted that "legacy contamination" does not constitute a violation of the 2018/2021 Permit. *See* Ex. I, Goldsmith Depo. at 39:8-18; 41:3-10. (emphasis added).

23. Plaintiff admitted that neither EPA nor CT DEEP has ever stated that Defendants violated the 2018/2021 permit.  Ex. J, June 4, 2025 Depo. of CLF's 30(b)(6) deponent Mr. Mahoney at 268:4-269:14.

24. In December 2022, EPA inspected the Terminal and its SPCC Plan and confirmed it complies with the SPCC regulations and the Clean Water Act.  Ex. K, U.S. EPA SPCC Field Inspection and Plan Review Checklist – SOPUS_NHVN00527912.

25. The discharge pollutant concentrations, monitored and reported to CT DEEP, have all been below permit benchmark concentrations since the Terminal's implementation of the 2017 SWPPP.  *See* Ex. L, Parkman Report at 46.

26. The 2018/2021 Permit, the 2025 Permit, and the 2021 MSGP have not incorporated ASCE24-14 or ASCE24-24 or their "critical infrastructure" definition.  Ex. I, Goldsmith Depo. at 166:15-167:4; 167:4-9.

27. Connecticut has not defined or required specific permeability (hydraulic conductivity) standards and has not required stormwater pond liners in secondary containment. *See* Ex. M, CLF's Responses to Defendants' First Set of RFAs (dated Oct. 16, 2025) at 14-15.

28. CT DEEP has never issued a Notice of Violation relating to the Terminal's secondary containment areas, berms, or permeability.  *See* Ex. K U.S. EPA SPCC Field Inspection and Plan Review Checklist – SOPUS_NHVN00527912.

29. CT DEEP has never issued a Notice of Violation of RCRA to the Terminal.

30. EPA has never issued a Notice of Violation of RCRA to the Terminal.

31. Contrary to Plaintiff's suggestion, neither a 100-year or a 500-year flood analysis is required by the 2018/2021 Permit. Also, the 2018/2021 Permit does not mention sea level rise, storm surge, flooding, hurricanes, increasing frequency or severity of storm events, or other adverse weather events, let alone a purported requirement to conduct a climate change risk assessment as alleged by Plaintiff.

32. Neither Plaintiff nor its experts have come forward with objective evidence that the Terminal tanks are likely to fail under any particular weather event introduced by Plaintiff or by its experts, or identified a mechanism of failure.

33. The Terminal is compliant with the Connecticut Transfer Act, which is a program administered by CT DEEP that regulates soil and groundwater investigation corrective action and closure. Ex. F, Zeeb Report at 15-18.

34. Neither Plaintiff nor its experts have come forward with objective evidence that the Terminal has released "pollutants" in violation of RCRA.

Dated: October 21, 2025                              Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
CToledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP

6

300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower 265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

Rose J. Jones (phv208026)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com