K&S King & Spalding

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

October 21, 2025

Hon. Judge Thomas O. Farrish
United States Courthouse, U.S. District Court, District of Connecticut
450 Main Street - Suite 262
Hartford, Connecticut 06103

Dear Judge Oliver:

      Defendants Equilon Enterprises, LLC and Triton Terminaling LLC request a Prefiling Conference on their Motion for Summary Judgment on all of Plaintiff's claims under the Court's order dated October 14, 2025, ECF [797]. This letter summarizes the grounds for Defendants' Motion. The bases for the Motion are anticipated to be the following[1]:

**I.    The Court should dismiss Counts I-IX (alleging that the Permit requires Defendants to conduct a "Climate Change Risk Analysis") for multiple reasons.** Counts I-IX assert claims based on alleged violations of the Clean Water Act due to the Defendants' supposed failure to consider "climate change" in their operation of the Terminal. **First**, it is undisputed that the 2018/2021 Permit did not expressly require consideration of the "Climate Change Conditions" Plaintiff describes at length in the Amended Complaint. As a result, Plaintiff argues that it is implied by the Permit's general requirement that the Terminal implement best management practices that are "technologically available and economically practicable and achievable in light of best industry practice," and that this general language required Defendants to implement dozens of unstated control measures found nowhere in the Permit or the CWA.

**Second**, CT DEEP has issued a New Permit, which includes requirements related to these "climate change" factors for the first time. CT DEEP has stated that the requirements related to "climate change" are new—*i.e.,* not part of the 2018/2021 Permit—and granted permittees six months to implement changes. This shows CT DEEP's understanding that the 2018/2021 Permit never required these "climate change" considerations. CT DEEP's interpretation controls—it is not up to Plaintiff to impose an alternative and unsupported interpretation of the Permit.

**Third**, Plaintiff has come forward with no objective evidence showing that "best industry practice" requires consideration of "climate change" in developing a SWPPP. Of course, there must be an objective industry practice before it can be determined what the "best industry standard" is. And the evidence is the opposite of what Plaintiff claims—CT DEEP never required any facility to consider "climate change" in its SWPPP before the New Permit. Nor is there any evidence that any company in the petroleum bulk storage industry (or any other industry) considered "climate change" in developing its SWPPP under the 2018/2021 Permit. Plaintiff has never performed any independent research to support its interpretation of the Permit.

**Fourth,** Plaintiff cannot bring a CWA citizen suit to enforce conditions that do not violate an express "effluent standard or limitation" in the Permit.

---

[1]  Defendants are still reviewing the evidentiary record, and discovery is still ongoing.



King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

**Fifth,** run-on flows of water—whether from rising sea levels, storm surges, or floods—from "waters of the United States" onto or beneath the Terminal are not "discharges" of "pollutants," which is what the CWA regulates. For those discharges regulated by the CWA, the 2018/2021 Permit provided a specific process for a permittee to address any impacts of rising sea level, storm surges, or similar weather conditions. It also spelled out when a permittee was or was not in compliance regarding stormwater discharges. Plaintiff's claims attempt to bypass this process that was already part of the Permit.

**II.    Most of Counts I-IX and XIII should be dismissed because the alleged violations are not included in the pre-suit Notice of Intent ("NOI"), and Plaintiff never notified CT DEEP of the "specific" violations.** Many alleged violations in Plaintiff's Expert Reports were not identified in the NOI. A party intending to file a citizen suit under the CWA or RCRA **must** specify in its NOI the "specific" standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons responsible, the location, the date or dates, and the full name, address, and telephone number of the person giving notice. The party must provide notice of all this information to CT DEEP. Failure to do so renders the claims defective. Many of the alleged violations in the Expert Reports on which Counts I-IX and XIII are based are not found in the NOI or the Amended Complaint, and CT DEEP was never notified about these alleged violations. The same is true for the additional opinions set forth in Plaintiff's Expert Reports that do not appear in its NOI (for example, permeability and inadequate secondary containment), all of which should be precluded or dismissed.

**III.    Summary judgment is warranted on Plaintiff's claims for injunctive relief and statutory penalties in Counts I-IX and XIII should be dismissed because the New Permit has mooted these requests, and the evidence does not support them.** As of October 1, 2025, the New Permit is final. The New Permit requires permittees to consider, for the first time, certain climate "resilience" measures. According to CT DEEP, these are "new" and "significant" requirements, and accordingly, permittees will have 180 days to bring their facilities into compliance. The New Permit has, in other words, spelled out what the requirements are going to be going forward in its New Permit. Plaintiff's requests for injunctive relief and statutory penalties are therefore moot, and other evidence did not support these requests.

**IV.    The Court should enter summary judgment on Count II because the alleged violations fall outside of the matters Plaintiff can enforce in a citizen suit.** Any provision not included in 33 U.S.C. § 1365(f) cannot be enforced in a citizen suit. In Count II, Plaintiff alleges that because the SWPPP does not ensure that petroleum discharges from "climate change" do not occur, Defendants have violated the Permit. Am. Compl. ¶¶ 399, 402. However, Section 1365(f) excludes the enforcement of matters related to "oil and hazardous substances." The Terminal has a Spill Response Plan under the CWA, a Facility Response Plan under the Oil Pollution Act, a Risk Management Plan under the CWA, and a Business Continuity Plan specific to the Terminal to address hurricanes, spills, and accidents. Similarly, Plaintiff cannot enforce standards from other federal statutes, like the National Highway Traffic Safety Act, in this CWA citizen suit.

**V.    The Court should enter summary judgment on Count II because the Connecticut Coastal Management Act ("CMA") is not included within the CWA, and Plaintiff does not**



King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

**have standing to pursue alleged violations of the CMA.**  First, binding law from the Second Circuit compels summary judgment on this count (and any other counts that dependent on alleged violations of state law) because the CMA is not included within the CWA, and Plaintiff cannot enforce this state law claim through a citizen suit.  Second, the CMA does not permit a private right of action.

**VI.    Counts I-XI should be dismissed because there is no evidence Defendants are in continuing violation of the CWA.**  The CWA's citizen-suit provision allows a private plaintiff to pursue an action **only** "against any person . . . who is alleged **to be in violation of** (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation."  There is no evidence of any continuing violation of the CWA.  Instead, Plaintiff asserts claims concerning only theoretical harms that might occur decades in the future.  In fact, the Terminal is in compliance with all benchmark environmental thresholds in the Permit, a fact Plaintiff's expert concedes.  Indeed, EPA inspected the Terminal in 2022 and found no violations of the CWA or the Permit.  Without such a violation, Plaintiff lacks standing, and the Court lacks subject matter jurisdiction over the case.

**VII.   Counts X and XI should be dismissed because there is no evidence that the Terminal discharges into an impaired waterbody.**  Counts X and XI allege that Defendants failed to identify and monitor discharges to impaired waters in their SWPPP.  The Permit requires permittees to identify a discharge to an impaired water and monitor for "indicator pollutants" only if the permittee discharges directly to an impaired water.  The Terminal does not discharge directly to an impaired water, and none of CLF's experts provided evidence to support this claim.

**VIII.  Counts I-IX should be dismissed because Defendants had no fair notice of Plaintiff's interpretation of the Permit.**  It would be unconstitutional to impose liability for not considering "climate change" because the "best industry practices" language does not provide fair notice of what conduct was required.  Nor has EPA, CT DEEP, other regulatory body, scientific association, or industry group ever notified Defendants that "best industry practice" requires what Plaintiff claims.  That term does not mention any required conduct, let alone provide fair notice that the conduct contained in Plaintiff's Amended Complaint was mandated.

**IX.    The Court should enter summary judgment on Count XIII because RCRA does not regulate the petroleum products at the Terminal and because Plaintiff has failed to show any imminent and substantial threat of harm to its members.**[2]

    Defendants request a briefing schedule requiring: (1) dispositive motions be filed within 30 days after the Court has ruled on all pending Rule 702 motions; (2) responses to dispositive motions be due 21 days after the motions are filed; and (3) replies be due 10 days after responses are filed.  Given the technical complexities and breadth of the record, Defendants respectfully request the Court's leave to file a brief with an additional 15 pages beyond the page limit set by the local rules, including 5 additional pages for the Statement of Undisputed Material Facts.

---

[2]  Defendants reserve the right to file separate motions for each party.  Defendants incorporate Defendant Motiva Enterprises LLC's Motion for Summary Judgment and Motiva's pre-filing letter as if fully recited in this letter.



King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

Respectfully submitted,

*/s/ Douglas A. Henderson*

Douglas A. Henderson
Counsel for Defendants