**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., *Plaintiff*, v. SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, *Defendants*. | Civil Action No. 3:21-cv-00933-VDO November 3, 2025 |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S**
**OPPOSITION TO DEFENDANTS' MOTION**
**TO EXCLUDE THE TESTIMONY OF MATHEW BARLOW, PH.D.**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

I.  Introduction ................................................................................................................. 1

II.  Background .................................................................................................................. 1

III.  Legal Standard ............................................................................................................ 3

IV.  Argument ..................................................................................................................... 4

    A.  Defendants' Characterizations of CLF's Claims and Dr. Barlow's Opinions are Incorrect and Self-Serving, and his Opinions Cannot be Excluded Simply Because Defendants Purport to Misunderstand CLF's Claims .......................................... 4

    B.  Defendants' Summary Judgment Legal Arguments in their *Daubert* Motion are Irrelevant ............................................................................................................... 5

    C.  Dr. Barlow's Opinions are Relevant to the Fact Finder ........................................ 7

    D.  Defendants' Mootness Arguments are Misplaced in *Daubert* Motion Practice and where the Court has Ruled Expert Testimony is Necessary ................................... 9

    E.  Defendants' Interpretation of FRE 403 Would Preclude any Expert Testimony on Climate Change ................................................................................................... 10

V.  Conclusion ................................................................................................................. 11

# TABLE OF AUTHORITIES

*Cases*

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002) ................................................................................................ 4

*City of New York v. Anglebrook Ltd. P'ship*,
   891 F. Supp. 908, 922–24 (S.D.N.Y. 1995), *aff'd*, 58 F.3d 35 (2d Cir. 1995) ..................... 10

*Cortes-Irizarry v. Corporacion Insular De Seguros*,
   111 F.3d 184 (1st Cir. 1997) ................................................................................................ 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   43 F.3d 1311 (9th Cir. 1995) ........................................................................................ *passim*

*Kirksey v. Schindler Elevator Corp.*,
   No. CV 15-0115-WS-N, 2016 WL 5213928 (S.D. Ala. Sept. 21, 2016). ............................. 7

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999) ............................................................................................................. 4

*New Manchester Resort & Golf, LLC v. Douglasville Dev., LLC*,
   734 F. Supp. 2d 1326 (N.D. Ga. 2010) .............................................................................. 10

*Old Gate Partners, LLC v. Paddock Enters., LLC*,
   No. 3:18-CV-01657 (JCH), 2024 WL 3520168 (D. Conn. May 30, 2024) ...................... 3, 4

*Santa Monica Baykeeper v. Kramer Metals, Inc.*,
   619 F. Supp. 2d 914 (C.D. Cal. 2009) ................................................................................ 10

*SLSJ, LLC v. Kleban*,
   277 F. Supp. 3d 258 (D. Conn. 2017) ............................................................................... 3, 4

*Snyder v. Wells Fargo Bank, N.A.*,
   594 F. App'x 710 (2d Cir. 2014) .......................................................................................... 8

*Stilwell v. Smith & Nephew, Inc.*,
   482 F.3d 1187 (9th Cir. 2007) ............................................................................................. 7

**Rules**

Fed. R. Evid. 702 ................................................................................................................ 3, 6, 7

I.   INTRODUCTION

Dr. Mathew Barlow is an expert retained by CLF in this litigation to opine on the state of climate change and corresponding risks in New Haven, CT. His opinions about the consequences of climate change in New Haven, CT go directly to the central dispute of this case – whether Defendants are required under their permit to consider and adapt to risks posed to their New Haven, CT terminal as a result of climate change. While CLF has retained other experts to opine on how the permit requires such consideration and adaptation of climate change-related risks, Dr. Barlow opines on the substance and consequences of the risks themselves. Dr. Barlow's testimony helps the trier of fact understand that climate change has, is, and will continue to impact New Haven, CT, which helps the jury understand why those impacts should be considered in the permit for Defendants' New Haven, CT terminal.

Defendants argue that Dr. Barlow's opinion should be excluded because his testimony about the effects of climate change on the New Haven area, in Defendants' opinion, does not fit the facts of this climate change permit compliance case and therefore can be of no use to the fact finder. But the standard for admissibility of an expert opinion is not whether the opinion fits within the narrow and self-serving definition of the case that Defendants have attempted to impose on it, but rather whether it would help the fact finder decide the issues that are actually before it as pled in the Complaint. As a result, Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Opposition to Defendants' Motion to Exclude the Testimony of Mathew Barlow, Ph.D., ECF 732[1].

II.   BACKGROUND

███████████████████████████████████████████████████████

---

[1] Pin cites to docket entries refer to the ECF header page number.

2

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

Barlow Rpt., ECF 747 at 1. ████████████████████

████████████████████████████████████ *Id.* ██

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████ *Id.* ██

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████. *Id.*

        █████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████ *Id.* at

7–10.

## III.   LEGAL STANDARD

"Per *Daubert* and its progeny, a court's Rule 702 inquiry involves the assessment of three issues: (1) the qualifications of the expert, (2) the reliability of the methodology and underlying data employed by the expert, and (3) the relevance of that about which the expert intends to testify." *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 264 (D. Conn. 2017) (quoting *Washington v. Kellwood Co.*, 105 F. Supp. 3d 293, 304 (S.D.N.Y. 2015)). "A witness is qualified where he or she has 'superior knowledge, education, experience, or skill with the subject matter of the proffered testimony.'" *Old Gate Partners, LLC v. Paddock Enters., LLC*, No. 3:18-CV-01657 (JCH), 2024 WL 3520168, at *6 (D. Conn. May 30, 2024) (quoting *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004)). "One may become qualified as an expert based on practical experience, so that professional education is not a prerequisite." *SLSJ, LLC*, 277 F. Supp. 3d at 266 (citing *United States v. Angelilli*, 660 F.2d 23, 39–40 (2d Cir.1981)). "Alternatively, formal education may also suffice to qualify a witness as an expert in a particular field, and the lack of extensive practical experience directly on point does not necessarily preclude the expert from testifying." *Id.* (internal quotation and citation omitted). "When considering an expert's 'practical experience and educational background as criteria for qualification, the only matter the court should be concerned with is whether the expert's knowledge of the subject is such that his opinion will likely assist the trier of fact in arriving at the truth.'" *Id.* at 265 (citing *Valentin v. New York City*, No. 94-CV-3911 (CLP), 1997 WL 33323099, at *14 (E.D.N.Y. Sept. 9, 1997)).

"If an expert meets the threshold requirement of qualification, the court must determine whether the expert's testimony itself is reliable." *Old Gate Partners, LLC*, 2024 WL 3520168, at *6. In *Daubert*, the Supreme Court identified four factors that may be considered in assessing

reliability:

> (1) whether a theory or technique "can be (and has been) tested," (2) "whether the theory or technique has been subjected to peer review and publication," (3) a technique's "known or potential rate of error," and "the existence and maintenance of standards controlling the technique's operation, " and (4) whether a particular technique or theory has gained "general acceptance" in the relevant scientific community.

Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002) (quoting *Daubert*, 509 U.S. at 593–94 (internal quotations and citations omitted)). These factors, however, are not a "definitive checklist or test." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) (quoting *Daubert*, 509 U.S. at 593). Instead, the inquiry is a flexible one and must be "tied to the facts of a particular case" with attention to "the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Id.* (citation omitted).

"In addition to ensuring that expert testimony is reliable, the court must decide whether the expert's testimony is relevant, i.e., whether it will 'help the trier of fact.'" *Old Gate Partners, LLC*, 2024 WL 3520168, at *7. "[E]xpert testimony is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (quoting Fed. R. Evid. 401).

"Furthermore, doubts about the usefulness of an expert's testimony, [sic] should be resolved in favor of admissibility." *SLSJ, LLC*, 277 F. Supp. 3d at 264 (quotations and citation omitted).

## IV. ARGUMENT

### A. Defendants' Characterizations of CLF's Claims and Dr. Barlow's Opinions are Incorrect and Self-Serving, and his Opinions Cannot be Excluded Simply Because Defendants Purport to Misunderstand CLF's Claims

4

As Defendants admit in their brief, Dr. Barlow's opinions relate to the fact that climate change is occurring and has made New Haven more vulnerable to severe storms and flooding. Mem. in Support of Defs.' Motion to Preclude M. Barlow ("Mem."), ECF 746 at 2. Defendants assert that because Dr. Barlow offered no opinion as to the requirements of the permit at issue in this case and whether its SWPPP was compliant with the permit, issues on which he was not asked and is not required to opine, his opinion on the issues on which he was asked to opine should be excluded. *Id.* at 2-3. Defendants offer no support for their argument that an expert should be excluded unless their testimony "fits" what Defendants think it should be based on their self-serving and nonsensical interpretations of CLF's claims.[2] This Court has repeatedly ruled that Defendants cannot create and rely on their own definition of relevance, but Defendants nevertheless seek to do so again here.

Even if the Court were to accept Defendants' reductionist view of CLF's claims as valid (it is not), Dr. Barlow's opinion is entirely relevant to Defendants' self-identified issue of the types of risks of imminent and substantial endangerment to human health or the environment that Defendants have been required to consider in their permit. There is no case law stating that a single expert must opine on every issue in the case; rather, it logically follows that where Dr. Barlow opines on the types of climate change risks that face New Haven, another expert may opine on the requirements to consider those risks in Defendants' permit. Defendants have cited no case law barring such opinions and their Motion could therefore be denied solely on this basis.

### B. Defendants' Summary Judgment Legal Arguments in their *Daubert* Motion are Irrelevant

---

[2] Defendants claim, without any basis, that the only issues for the fact finder to decide in this case are "(1) whether the 2018/2021 Permit includes a requirement to consider Climate Change Factors; and (2) whether failure to consider Climate Change Factors exactly as CLF and its experts believe they should be considered constitutes a violation of the 2018/2021 Permit and represents an 'imminent and substantial endangerment to human health or the environment.'" Mem. at 6.

Defendants seek to preclude the expert testimony of Dr. Barlow as irrelevant based on their contention that the 2018/2021 permits for the New Haven Terminal do not require Defendants to consider the effects of climate change. Mem. at 1. Because the issue of what those permits require is a contested issue in this case, however, the fact that Dr. Barlow's expert opinions do not "fit" Defendants' legal theories does not provide a basis for excluding Dr. Barlow's opinions under Rule 702 and *Daubert*. Instead, in assessing whether an expert opinion testimony is "relevant to the task at hand" under Rule 702, the court considers whether the proffered testimony "logically advances a material aspect of *the proposing party's case*." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (emphasis added). That test is met here, and Defendants' motion should be denied.

First, the question of whether the permits for the New Haven terminal require Defendants to consider the effects of climate change is a core issue in this case. In 2023, Judge Meyer denied Defendants' motion for summary judgment, which was premised on the argument that the current permit for the terminal did not require consideration of climate change, either explicitly or as a best industry practice. Order Denying Mot. for Partial Sum. J., ECF 302 at 1. In so doing, Judge Meyer "held that whether consideration of climate change was an 'industry best practice' remained an issue of material fact *that could not be resolved as a matter of law*." Order Denying Mot. to Stay, ECF 641 at 4 (emphasis added). In a more recent Order denying Defendants' motion to stay, the Court described Plaintiff's "central claim in this action" as "[t]hat the now-governing General Permit required the Defendants to consider the effects of climate change in developing and implementing the Stormwater Pollution Prevention Plan ("SWPPP") for Defendants' New Haven bulk fuel storage terminal, and that the Defendants' failed to comply with this requirement." Order Denying Mot. to Stay, ECF 641 at 2. Notably, Defendants are now proposing to (again) address

6

this central claim in a motion for summary judgment. *See* Defs.' Mot. for Summ. J. Letter, ECF 806. Briefing on the parties' anticipated cross-motions for summary judgment has not yet been set.

Second, a *Daubert* motion is an evidentiary motion, not a dispositive motion. The standard for determining questions of law at summary judgment under Rule 56 is different from the evidentiary standard that governs the admissibility of expert testimony under Rule 702 and *Daubert*. For that reason, courts are instructed to be "cautious" when issues that must be addressed at summary judgment intersect with *Daubert* motions. *Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 188 (1st Cir. 1997). The court should not, for example, decide the validity of a party's claim in the context of ruling on an evidentiary issue. *See, e.g., Kirksey v. Schindler Elevator Corp.*, No. CV 15-0115-WS-N, 2016 WL 5213928, at *11 (S.D. Ala. Sept. 21, 2016). As applied here, the Court should reject Defendants' invitation to either accept the validity of their legal position on the interpretation of the permits or, alternatively, to decide that contested issue in the context of a *Daubert* motion without affording the parties an opportunity to fully brief that issue (and others) on cross-motions for summary judgment under Rule 56. Instead, because there is "a link between the expert's testimony and the matter *to be proved[,]*" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (citation omitted), the relevance test is met for purposes of Rule 702 and Dr. Barlow's testimony is admissible.

Finally, to the extent Defendants' motion to exclude Dr. Barlow's testimony is premised on the outcome of their anticipated motion for summary judgment, their motion is premature and should be denied at this time.

### C. Dr. Barlow's Opinions are Relevant to the Fact Finder

Defendants argue that "Prof. Barlow makes no attempt in his report to help the jury understand Defendants' obligations under the 2018/2021 Permit" as though no expert in this case

7

can be qualified to give relevant testimony on anything but that specific issue. Mem. at 6. Dr. Barlow is not being offered in this case as an expert on SWPPPs, but regardless, whether or not Defendants complied with their SWPPP is irrelevant to his opinion about whether and how climate change is and will impact New Haven, CT. Instead, as noted above, Dr. Barlow's expert opinion addresses the necessary predicates about the impacts of climate change on the Connecticut coast where the New Haven terminal is located. These opinions serve as the basis for other CLF experts who opine on the very permit-related issue on which Defendants fixate here (and whose opinions Defendants have also universally sought to exclude despite their relevance to this issue). Further, whether Dr. Barlow has reviewed the SWPPP in this case is irrelevant to his opinion about the state of climate change in the New Haven area, and Defendants' insistence that his opinion contain only what they feel is relevant is not only unsupported by any case law, but soundly rejected by it. *See* Order Denying Mot. for Partial Summ. J., ECF 302; *see also* Order Denying Mot. to Stay, ECF 641 at 2.

Dr. Barlow's opinion is about what climate change actually is as it pertains to and impacts New Haven. Defendants here seek to impede CLF's other experts from opining that Defendants must consider climate change by striking CLF's expert who is testifying on what that is. If expert opinion as to whether Defendants' permit requires consideration of climate change is relevant, as they themselves argue, then so is expert opinion as to how climate change is "consider[ed]."[3] *See Snyder v. Wells Fargo Bank, N.A.*, 594 F. App'x 710, 713 (2d Cir. 2014) (explaining that relevancy of expert opinion requires "a relation" between the evidence "and a matter properly provable in

---

[3] "As explained above, the only issues in this case for the Court or the jury to decide (and for experts to weigh in on) are: (1) whether the 2018/2021 Permit includes a requirement to consider Climate Change Factors; and (2) whether failure to consider Climate Change Factors exactly as CLF and its experts believe they should be considered constitutes a violation of the 2018/2021 Permit and represents an 'imminent and substantial endangerment to human health or the environment.'" Mem. at 6.

8

the case") (quotations and citation omitted). Further, by analyzing the impacts of climate change on New Haven, CT, Dr. Barlow is applying the reliable practice in the field of climate scientists, which is to analyze the impacts of climate change on the region in which the infrastructure at issue sits. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Barlow Rpt., ECF 747 at 17–18. Excluding Dr. Barlow's opinion would be tantamount to excluding CLF's ability to argue its Complaint that has after four years survived every attempt at dismissal, stay, and summary judgment – which alleges that Defendants' permit requires them to consider the impacts of climate change.

Further, Dr. Barlow's work is merely an example of what Defendants' permit has required them to do all along – study the impacts of climate change at their Terminal and account for those risks in their permit. Simply because Defendants refuse to perform the work Dr. Barlow has done to understand climate change and its impacts in New Haven should not bar the fact finder from understanding what the field of climate science has to say about something directly relevant to all of CLF's claims. For these reasons, Defendants' Motion should be denied.

### D. Defendants' Mootness Arguments are Misplaced in *Daubert* Motion Practice and where the Court has Ruled Expert Testimony is Necessary

Defendants cite a decision by Judge Nagala in the Pike case in large part denying that defendant's motion to dismiss CLF's claims as a basis for Defendants' argument that CLF's claims as to certain categories of storm are moot. Mem. at 14–15 (citing *Conservation L. Found., Inc. v. Gulf Oil Ltd. P'ship*, No. 3:21-CV-00932 (SVN), 2022 WL 4585549, at *6 (D. Conn. Sept. 29, 2022)). This Court, however, has not dismissed any of CLF's claims based on mootness, so Defendants' argument not only has no place in a *Daubert* motion, but would likely not even find success in additional dismissal motions, which Defendants have not made. And Defendants' reliance on a separate case to make this argument is inapposite to what this Court has noted: that

CLF "ultimately [is] going to have to get, I presume, probably expert testimony . . . to say this is what best industry practice is."  Mot. for Partial Summ. J. Tr., ECF 628-2 at 62:11–15.

Furthermore, courts interpreting NPDES permits like the Permit regularly rely on expert testimony when interpreting control measure requirements, such as "good engineering practices." *See, e.g., City of New York v. Anglebrook Ltd. P'ship*, 891 F. Supp. 908, 922–24 (S.D.N.Y. 1995) (crediting expert testimony in consideration of whether defendant employed "good engineering practices" in development of SWPPP), *aff'd*, 58 F.3d 35 (2d Cir. 1995); *New Manchester Resort & Golf, LLC v. Douglasville Dev., LLC*, 734 F. Supp. 2d 1326, 1336 (N.D. Ga. 2010) (holding that plaintiff "presented sufficient evidence that the Defendants failed to maintain best management practices" through expert testimony); *Santa Monica Baykeeper v. Kramer Metals, Inc.*, 619 F. Supp. 2d 914, 931–32 (C.D. Cal. 2009) (granting summary judgment to plaintiff, based in part on expert testimony, regarding defendant's failure to include best management practices in SWPPP). The Court should therefore give no weight to Defendants' speculative, out of place, and misleading-at-best arguments when denying Defendants' Motion.

### E. Defendants' Interpretation of FRE 403 Would Preclude any Expert Testimony on Climate Change

Defendants argue that because they do not interpret their permit to require them to consider climate change, any expert opinion on this topic will confuse jurors and is unnecessarily cumulative.  Mem. at 17 ("as discussed, Defendants have no obligation under the Permit to consider such risks").  Not so.  The issue of whether climate change is or will in the future have an impact on natural hazards which the New Haven Terminal as a coastal facility is subject to, including rainfall, sea level rise, and storm surge, is a foundational issue in this case on which expert testimony is both necessary and highly relevant.  Notably, Defendants are not challenging Dr. Barlow's qualifications to render an opinion on these issues.  Instead, Defendants once again

10

rest on their self-serving argument about their permit as a purported basis for excluding Dr. Barlow's testimony. For all of the reasons set out above establishing the relevance of Dr. Barlow's climate change opinion to every one of CLF's climate change claims, the Court should reject Defendants' argument under Rule 403 and deny Defendants' Motion.

V. **CONCLUSION**

For the foregoing reasons, CLF asks the Court to deny Defendants' Motion.

Dated: November 3, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ Chance Raymond*
Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna Tadio*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org

11

E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Devin Williams*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo*
Shalom Jacks*

        Motley Rice LLC
        28 Bridgeside Blvd.
        Mount Pleasant, SC 29464
        Tel: (843) 216-9620
        Tel: (843) 216-9013
        E-mail: rmazingo@motleyrice.com
        E-mail: sjacks@motleyrice.com

        Vincent Greene*
        Motley Rice LLC
        40 Westminster St., 5th Floor
        Providence, RI 02903 US
        Tel: (401) 457-7730
        E-mail: vgreene@motleyrice.com

        David K. Mears (ct208829)
        Tarrant, Gillies, & Shems LLP
        44 East State Street
        Montpelier, CT 05602
        Tel: (802) 223-1112
        E-mail: david@tarrantgillies.com

        *Attorneys for Plaintiff*
        *Conservation Law Foundation, Inc.*
        **Admitted as Visiting Attorney*