# EXHIBIT A

**to Plaintiff Conservation Law Foundation's Opposition to Defendants' Motion to Exclude the Testimony of Joshua C. Macey**

```
                                                          Page 1

 1           UNITED STATES DISTRICT COURT
 2          FOR THE DISTRICT OF CONNECTICUT
 3
 4
        ----------------------------x
 5    CONSERVATION LAW              :
      FOUNDATION, INC.,             :
 6                                  :
              Plaintiff             :
 7                                  :CASE NO.
         -versus-                   :3:21-CV-00933-VDO
 8                                  :
      EQUILON ENTERPRISES LLC       :
 9    d/b/a SHELL OIL PRODUCTS      :
      US, TRITON TERMINALING LLC    :
10    and MOTIVE ENTERPRISES LLC,   :
                                    :
11             Defendants           :
        ----------------------------x
12
13
14
15    Videotaped Deposition of JOSHUA MACEY, taken
16    pursuant to Rule 30 of the Federal Rules of Civil
17    Procedure, held at the law offices of WIGGIN AND
18    DANA, LLP, One Century Tower, 265 Church Street,
19    New Haven, Connecticut, before Julia Flynn
20    Cashman, RPR, CSR and Notary Public in and for the
21    State of Connecticut, on Tuesday, September 2,
22    2025, at 9:00 a.m.
23
24
25
```

Page 240

1    Q. Okay.  Have you been asked by CLF to do any
2    additional work on this case?
3    A. No.
4    Q. Outside of participating at trial.
5    A. Yep, no.
6    Q. And are you currently planning to do any
7    additional analysis regarding your opinions in
8    this case --
9    A. No.
10   Q. -- other than what is included in your
11   expert reports?
12   A. No.
13   Q. Okay.
14       MR. KEARNEY:  For now, those are all
15   the questions that I have for you.  Thank you very
16   much for your time.  I may have additional
17   questions after Mr. Pendell asks you; I may not.
18   But thank you very much.
19       THE DEPONENT:  Thanks for talking to me
20   today.
21   CROSS-EXAMINATION
22   BY MR. PENDELL:
23   Q. Professor, I'll be brief.  Can you hear me
24   okay?
25   A. Yes.

1   Q. Going back to the beginning of the
2   deposition, counsel asked you a question about
3   Bestfoods. ████████████████████████████████
█   ████████████████████████████████████████████
█   █████████████████████████████████
█       ████████
█       █████████████████████████████████
█   ████████████████████████████████████████████
█   ███████████████████████████████
█       ████████
█       █████████████████████████████
█   ████████████████████████████████████████████
█   ████████████████████████████████████████████
█   ███████████████████████████████████████████
█   ████████████████████████████████████████████
█   ██████████████████████████████████
█           ██████████████████████████████
█       ██████████████████████████████████████
█   ████████████████████████████████████████
█   █████████████████████████████████████
█   █████████████████
█           █████████████████████████████████
█   █████████████████████████████████████████
24  Q. But you did not -- did you endeavor to take
25  the facts as you found them here -- well, strike

1   that.  I don't mean that.
2          Did you endeavor to take, after looking at
3   the corporate documents in this case to understand
4   the corporate structure, did you then endeavor to
5   take that analysis and apply the Bestfoods
6   standard to make a determination as to whether or
7   not it met the Bestfoods standard?
8              MR. KEARNEY:  Objection to form.
9       A. I did not make -- I described the facts as I
10  would think that someone would find them to be
11  relevant or useful, but I did not apply the
12  Bestfoods standard to these facts.

[lines 13-24 redacted]

25      Q. Do you have any other case as we sit here

1  today where you plan in the next 12 months to be
2  an expert witness?
3      A. Unfortunately not, no, I do not.
4      Q. So that was, that 20 percent, at least for
5  the foreseeable future, was a one-time deal?
6      A. It was a one-time deal.  And I don't
7  anticipate more consulting.
8      Q. Okay, let me ask you, counsel asked you
9  about -- he showed you Mr. Yeates' Declaration, I
10 think that that was exhibit -- well, I mean you
11 can pull it out if you have it.  I don't know what
12 exhibit number it was, but his Declaration.
13         You understand that that Declaration was
14 created in the course of this litigation in
15 support of a legal argument that was being made by
16 counsel?
17             MR. KEARNEY:  Objection.
18     Q. Do you understand that?
19     A. Yes, I do.
20             MR. KEARNEY:  For the record, objection
21 to form.
22     Q. The documents that you received and reviewed
23 in this case, when were those created?
24     A. Those were created during the course of --