# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-VDO |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | November 3, 2025 |
| *Defendants*. | |

## PLAINTIFF CONSERVATION LAW FOUNDATION'S
## OPPOSITION TO DEFENDANTS' MOTION TO SEAL [ECF 745]

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES .............................................................................................. iii

I.    Introduction ................................................................................................................ 1

II.   Background ................................................................................................................ 1

III.  Legal Standard .......................................................................................................... 4

IV.   Argument ................................................................................................................... 5

  A.  Defendants Fail to Identify the Confidential Information at Issue in the Motions
      and Exhibits. ........................................................................................................ 6

  B.  Defendants Have Not Offered Clear and Compelling Reasons to Seal the Exhibits
      to CLF's Motion. ................................................................................................. 9

  C.  Defendants Have Already Waived Confidentiality to Many of These Documents
      and Reports. ........................................................................................................ 12

V.    Conclusion .............................................................................................................. 16

**TABLE OF AUTHORITIES**

*Cases*

*Castelluccio v. Int'l Bus. Machines Corp.*,
    No. 3:09CV1145 (DJS), 2013 WL 12319859 (D. Conn. Mar. 28, 2013) ............................... 5

*Connecticut Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*,
    No. 3:18-CV-705 (VLB), 2020 WL 13303727 (D. Conn. Aug. 21, 2020) ............................ 9

*CSL Silicones, Inc. v. Midsun Grp. Inc.*,
    No. 3:14-CV-1897 (CSH), 2017 WL 4750701 (D. Conn. July 12, 2017)............................. 10

*Jadwalean Int'l Co. For Operations & Mgmt v. United Tech Corp.*,
    No. CIVA.309-CV-00018JCH, 2009 WL 1064495 (D. Conn. Apr. 17, 2009)...................... 11

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006)............................................................................... 4, 5, 9

*In re Parmalat Sec. Litig.*,
    258 F.R.D. 236 (S.D.N.Y. 2009) .................................................................... 5, 9, 10

*Valassis Commc'ns, Inc. v. News Corp.*,
    No. 17-cv-7378 (PKC), 2020 WL 2190708 (S.D.N.Y. May 5, 2020).................................. 12

*Rules*

D. Conn. L. R. Civ. P. 5(a)(3)........................................................................................ 4, 10

## I.    INTRODUCTION

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Opposition to Defendants' Motion to Seal (ECF 745) associated with Defendants' Motions to Exclude the following CLF's Expert Witnesses: Mathew Barlow (ECF 732), Wendi Goldsmith (ECF 743), Richard Horner (ECF 734), Edwin Levine (ECF 711), Joshua Macey (ECF 729), Robert Nairn (ECF 744), James O'Donnell (ECF 713), Naomi Oreskes (ECF 741), Jacqueline Michel (ECF 712), and Bruno Pigott (ECF 726) ("Motions to Preclude").  Defendants' Motion to Seal ("Motion") concerns 41 different filings comprised of their Memoranda in Support of their Motions to Preclude and attached exhibits, which are comprised of expert reports, rebuttal reports, and expert deposition transcripts.  *See* ECF 745 at 3–5.  CLF asks the Court to deny Defendants' Motion as Defendants have not identified the specific information across these 41 filings that are purportedly confidential and have not supported any claims of confidentiality to warrant sealing.

The expert reports were designated confidential due to occasional references to Defendants' documents produced with confidentiality designations under the Standing Protective Order ("SPO").  In turn, some of the portions of expert deposition transcripts that reference opinions and materials contained in the reports were also designated confidential.  Some expert deposition transcripts were untimely designated or were not designated at all.  No Party designated the rebuttal reports confidential.  However, Defendants have not supported any of their designations with specific information and so fail to articulate valid reasons to justify sealing. Even if information has been timely and appropriately designated confidential under the SPO, Defendants' must supply specific evidence of their harm of public disclosure to allow the Court to weigh that interest against the sealing standard, which presumes public disclosure.

## II.    BACKGROUND

On July 7, 2021, this court issued a Standing Protective Order.  *See* ECF 7.  The Standing

Protective Order defines "Confidential" information as:

> information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

*Id.* ¶ 3.  Confidential information is considered Designated Material.  *Id.* ¶ 2.  The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id.* ¶ 14.

In their Motion, Defendants requested the following 41 filings be sealed:

1) **Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Mathew Barlow (ECF 746)**

   • Exhibit C – Expert Report of Mathew Barlow (ECF 747)

   • Exhibit D – Excerpts of the Deposition Transcript of Mathew Barlow (ECF 748)

2) **Unredacted "Corrected" Memorandum in Support of Motion to Preclude CLF's Expert Wendi Goldsmith (ECF 749)**

   • Exhibit A – Excerpts of the Deposition Transcript of Wendi Goldsmith (ECF 750)

   • Exhibit F – Expert Report of Wendi Goldsmith (ECF 751)

3) **Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Richard Horner (ECF 752)**

   • Exhibit B – Expert Report of Richard Horner (ECF 753)

   • Exhibit C – Excerpts of the Deposition Transcript of Richard Horner (ECF 754)

4) **Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Edwin Levine (ECF 755)**

   • Exhibit A – Excerpts of the Expert Report of Deborah French-McCay (ECF 756)

• Exhibit B - Excerpts of the Expert Report of Dagmar Etkin (ECF 757)

• Exhibit C – Excerpts of the Deposition Transcript of Ed Levine (ECF 758)

• Exhibit D – Rebuttal Expert Report of Ed Levine (ECF 759)

**5) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Joshua Macey (ECF 760)**

• Exhibit A – Expert Report of Joshua Macey (ECF 761)

• Exhibit B – Rebuttal Expert Report of Joshua Macey (ECF 762)

• Exhibit C – Excerpts of the Deposition Transcript of Joshua Macey (ECF 763)

**6) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Jacqueline Michel (ECF 764)**

• Exhibit A – Excerpts of the Deposition Transcript of Jacqueline Michel (ECF 765)

• Exhibit B – Rebuttal Expert Report of Jacqueline Michel (ECF 766)

• Exhibit C – Excerpts of the Expert Report of Dagmar Etkin (ECF 767)

• Exhibit D – Excerpts of the Expert Report of Deborah French-McCay (ECF 768)

• Exhibit E – Excerpts of the Expert Report of Ann Morrison (ECF 769)

**7) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Robert Nairn (ECF 770)**

• Exhibit A – Expert Report of Robert Nairn (ECF 771)

• Exhibit B – Rebuttal Expert Report of Robert Nairn (ECF 772)

• Exhibit C – Excerpts of the Deposition Transcript of Robert Nairn (ECF 773)

**8) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert James O'Donnell (ECF 774)**

• Exhibit A – Expert Report of James O'Donnell (ECF 775)

• Exhibit B – Excerpts of the Deposition Transcript of James O'Donnell (ECF 776)

**9) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Naomi Oreskes (ECF 777)**

• Exhibit A – Expert Report of Naomi Oreskes (ECF 778)

• Exhibit B – Rebuttal Expert Report of Naomi Oreskes (ECF 779)

• Exhibit C – Excerpts of the Deposition Transcript of Naomi Oreskes (ECF 780)

• Exhibit J – Excerpts of the Expert Report of David Uhlmann (ECF 781)

**10) Unredacted Memorandum in Support of Motion to Preclude CLF's Expert Bruno Pigott (ECF 782)**

• Exhibit A – Excerpts of the Expert Report of Susan Bodine (ECF 783)

• Exhibit B – Excerpts of the Expert Report of David Uhlmann (ECF 784)

• Exhibit C – Rebuttal Expert Report of Bruno Pigott (ECF 785)

• Exhibit D – Excerpts of the Deposition Transcript of Bruno Pigott (ECF 786)

## III.   LEGAL STANDARD

As this Court has noted (ECF 221), courts in the Second Circuit follow a three-step process in determining whether to seal documents that have been placed before them. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court determines whether the document is a "judicial document" to which a presumption of public access attaches. *Id.* at 119. Second, if the document is indeed a judicial document, the court determines the weight to be given to the presumption under the circumstances of the case. *Id.* Third, after determining the weight to be accorded to the presumption, the court "balance[s] the competing considerations against it." *Id.* at 120. Local Rule 5(a)(3) allows for a court to seal a filed document upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(a)(3). While courts may deny access to

4

records that might harm a party's competitive standing, broad allegations of competitive harm unsubstantiated by specific examples are not permitted. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). The party opposing disclosure has the burden of offering a particular and specific demonstration of fact, "distinguished from general, conclusory statements revealing . . . some . . . consequential harm", to justify protection from the court. *Id.* (quoting *Blum v. Schlegel*, 150 F.R.D. 38, 41 (W.D.N.Y. 1993)).

Unlike exhibits to discovery motions, which this Court has noted are only afforded a "presumption of access" of "modest weight," ECF 221 at 4, exhibits to a motion to preclude expert testimony are given a "strong presumption" of public access. *See Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859, at *5 (D. Conn. Mar. 28, 2013) (ruling that exhibits attached to a motion to preclude expert testimony "are used to determine litigants' substantive legal rights," and so are "entitled to a strong presumption of public access) (quoting *Lugosch*, 435 F.3d at 121)); *see also Lugosch*, 435 F.3d at 121–23 (noting weight of presumption of access is governed by the nature of a motion not by the ultimate outcome of the motion).

## IV.    ARGUMENT

Defendants' Motion asks the Court to seal 41 filings based on four pages of conclusory argument. Mot. at 7–10. The Court should deny Defendants' Motion in full because: (1) Defendants did not identify the confidential information at issue across the filings with any specificity; (2) the general information provided by Defendants was not supported with the particularized explanations of harm required by the high sealing standard for these motions; and (3) Defendants' Motion fails to distinguish the significant amounts of information across these filings where no party ever made a claim of confidentiality or where any claim to confidentiality

was already waived.  For these three reasons, the Court should deny Defendants' Motion and order all unredacted supporting memoranda and exhibits placed on the public docket.

## A. Defendants Fail to Identify the Confidential Information at Issue in the Motions and Exhibits.

Defendants' Motion claims that the expert reports "have been designated as CONFIDENTIAL by the producing parties under the SPO, because the reports reference—and discuss in detail—Defendants' non-public, confidential, and commercially sensitive materials." Mot. at 7.  Defendants argue that because excerpted deposition transcripts reference these reports and confidential materials, they must also be sealed from the public record.  *See id.* at 9-10. However, Defendants failed to identify the confidential information at issue in their supporting memoranda and exhibits with any specificity, preventing the Court from knowing which pages of the reports contain any sensitive information and what that sensitive information entails. Defendants' Motion generally references that the filings contain business confidential information but only affirmatively identifies the Design Engineering Practices ("DEPs") documents and documents created by Shell's metocean team.  Mot. at 7–9.  Beyond the DEPs and metocean documents, Defendants generally refer to the 2023 declarations from Brian Evans and Michael Sullivan to claim those declarations support the idea that "information contained in the Shell group of company's internal policies, procedures, and operations" that are present in the expert reports should be sealed.  Mot. at 9; *see generally* Evans Declaration, ECF 174-1; Sullivan Declaration, ECF 239-1.

However, upon scrutiny of the excerpts, there is limited reference to the confidential documents Defendants described.  It is also unclear which of the other documents produced by Defendants and referenced in the exhibits are claimed to have confidential information.  In the 21

expert reports and rebuttal reports Defendants filed in conjunction with their Motions to Preclude, which span over 1400 pages, the DEPs and Shell's Metocean team are only mentioned on 21 of those pages. In the deposition transcript excerpts, there are no mentions to Shell's internal Metocean team, and only one mention of the DEPs—yet Defendants did not designate that transcript passage confidential, *see* ECF 729-4 at 51. There are no references to the DEPs or Shell's Metocean team in Defendants' supporting memoranda at all. Furthermore, the only reason Defendants give for finding the DEPs confidential is the information provided by the Penny Declaration, ECF 234, which the Court has already deemed insufficient to justify sealing two DEPs ordered unsealed. *See* Order on Motion to Seal, ECF 221; Order Denying Defs.' Motion for Reconsideration, ECF 238.

The 2023 Sullivan and Evans declarations claimed that some documents CLF had cited in motions to compel discovery were confidential and warranted sealing. *See* ECF 174-1 & ECF 239-1. However, the Court found that not all documents warranted sealing in a discovery motion context. *See* Orders, ECF 221, 238, and 288. The Evans declaration claimed the following documents contained confidential information: Hazard Management Sheet (SOPUS_NHVN00038398), Project Development Request Form (SOPUS_NHVN0056587), 2022 Internal Audit (SOPUS_NHVN00049778), Hazard Determination Worksheet (SOPUS_NHVN00159713), Tank Stripping Emails (SOPUS_NHVN00084393), Terminal Operations Manual (SOPUS_NHVN00015501) (chapter 9), Tank Stripping Presentation (SOPUS_NHVN00032014), Safety and Environmental Performance Presentation (SOPUS_NHVN00023705). ECF 174-1 at 3–9. The Evans declaration admitted that one of CLF's exhibits, a Business Continuity Plan (SOPUS_NHVN00000663), does not warrant sealing because "the document contains general steps that the New Haven Terminal would take to prepare for a

severe weather event" and "[t]hese processes are not detailed enough to be unique to the Terminal

or Shell group of companies." *Id.* at 5. The Sullivan Declaration claimed the following documents

had some confidential information in them, but also admitted certain pages or sections did not, or

need not be sealed: RPMS Tank Containment Calculations (SHELLNH_RPMS_00001–00007),

RPMS Tank Dike Containment Proposal and Memo (SHELLNH_RPMS_00023–00029), July 27,

2019 Emails (Evans Deposition Exhibit 1054).  ECF 239-1.

       Across the eight documents identified in the Evans and Sullivan declarations as containing

confidential information, there are no references to any of these documents across the expert

reports, deposition transcripts, or supporting memoranda at issue. Across the four documents listed

in the declarations that contain some confidential information but do not warrant full sealing, there

are 11 references across the expert reports, deposition transcripts, and memoranda. All are to the

Business Continuity Plan, which the Evans declaration admits should not be sealed. *See* Nairn

Rebuttal Rpt., ECF 772, at 67; Uhlmann Rpt., ECF 784, at 19–20; Levine Dep. Tr., ECF 758,

94:24-95:14; Michel Dep. Tr., ECF 765, 49:13-50:20; Goldsmith Dep. Tr., ECF 750, at 131:24;

Macey Dep. Tr., ECF 763, at 194:17-21; Mem. in Support of Defs.' Motion to Preclude J. Macey,

ECF 760, at 13; Mem. in Support of Defs.' Motion to Preclude J. Michel, ECF 764, at 13, 19.

       Defendants' Motion cites the Evans and Sullivan declarations as if they support the general

proposition that all Shell internal documents are confidential and warrant sealing.  This is

misleading both as to the content of the declarations, and to the relevance they have for the 41

filings Defendants seek to seal.  The Evans and Sullivan declarations do not stand for any general

proposition that Shell internal documents warrant sealing and only purport to describe confidential

interests in a handful of documents that are rarely, if ever, cited across the 41 filings at issue.

Defendants' Motion claims that the filings at issue contain references to "Defendants' non-public,

confidential, and commercially sensitive materials." ECF 745 at 7. However, nowhere in the Motion or in the referenced declarations is there any description as to what that information is or where it is found across the 41 filings except for few references to DEPs, metocean documents, and the Business Continuity Plan (which Defendants admit does not warrant sealing).

Some of the expert reports contain general confidentiality designations because they cite many documents that Defendants produced with designations. However, Defendants designated nearly every document they produced confidential and have since declined to support that many would warrant sealing. *See generally* ECF 349-1 at 2 (describing Defendants' over-designation of documents and prejudicial use of the protective order). Even if the Court were to grant sealing based on Defendants' Motion, it is unclear what pages of which reports and transcripts would be supported by even the most generous credit given to Defendants' Motion. By CLF's count above, Defendants' reasoning could, at most, support sealing a few dozen pages out of the over 2,000 pages at issue. In general, Defendants failed to even identify what information was confidential. The Court should not engage with the wild goose hunt Defendants have proposed by requesting sealing of 41 documents based on 4 pages of general argument.

**B. Defendants Have Not Offered Clear and Compelling Reasons to Seal the Exhibits to CLF's Motion.**

Even if the Court were to find that Defendants' Motion put forward credible facts that some information is confidential, the Court would then need to consider the specific allegations of financial and business harm to Defendants and weigh that against the presumption of public access to judicial documents. *Lugosch*, 435 F.3d at 119. The fact that business documents are not shared publicly, or are designated under the SPO, does not by itself warrant sealing. *See In re Parmalat*, 258 F.R.D. at 244; *Connecticut Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, No. 3:18-CV-705 (VLB), 2020 WL 13303727, at *3 (D. Conn. Aug. 21, 2020) ("[T]he fact that business documents

are secret . . . does not warrant sealing absent a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection."); *CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *2 (D. Conn. July 12, 2017) (finding that a party's designation of a document as "confidential" under a protective order does not grant a presumption that sealing is appropriate where the order "grant parties 'open-ended and unilateral deference' to protect whichever discovery materials they choose" (citations omitted)).  Here, Defendants did not support their claims of confidentiality over the expert reports, deposition transcripts, and memoranda with anything but conclusory statements that there generally exists information that could cause commercial harm in primary documents produced by Defendants. Defendants have an obligation to explain why the dozen or so passages of the 41 filings (which are not the primary business documents described in the Motion and referenced declarations) that purportedly contain confidential information would cause commercial harm and they failed to provide that specific information as to any portion of any of the 41 filings.  *See CSL Silicones, Inc*, 2017 WL 4750701, at *3 ("The party seeking to preclude disclosure . . . has the burden to show that the information in fact constitutes a trade secret, that disclosure would harm [their] competitive position and that the asserted harm outweighs the presumption of public access." (citations and quotations omitted)).  Local Rule 5(a)(3) allows for a court to seal a filed document only upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.  D. Conn. L. R. Civ. P. 5(a)(3).  Defendants have not met their burden to supply evidence for the Court's particularized findings.

Furthermore, the situations where courts allow business confidential information to be sealed in relationship to motions that adjudicate a party's rights require direct competitive harm akin to actionable commercial information or a trade secret.  *In re Parmalat*, 258 F.R.D. at 245 (describing analysis to "determin[e] whether information is sufficiently valuable and secret to afford an actual

or potential economic advantage over others . . . [i]n order to be sufficiently valuable and secret, the information must not be commonly known to the trade in which the putative trade secret owner is engaged." (internal quotations omitted)).  Defendants operate an oil company whose primary business is locating crude oil underground, drilling for crude oil, refining that oil into products such as chemicals and gasoline, then shipping those products around the world and selling them.  The information at issue in the dozen or so passages where Defendants purport to have a commercial interest have no trade secrets or actionable commercial information and instead would be general information about environmental compliance known to any regulated entity and certainly any oil company.  The information in the DEPs is regularly provided to third parties and therefore cannot be considered a trade secret.  *See* ECF 221.  Information about the Metocean team's analysis is publicly available in research papers by Defendants' scientists and described in their public SEC filings.  ECF 326-1 at 25-26; *see* ECF 309-11 & 309-12.  Simply put, the examples of documents Defendants describe in the Motion are not valuable commercial information but instead are documents any oil company would know or could easily obtain. There is no allegation the expert reports expose secret locations of new oil fields or gasoline pricing or profit information.

Defendants have not put forward evidence that any information in the 41 filings at issue are akin to trade secrets and thus could warrant sealing associated with motions that adjudicate a party's rights.  A court will order the sealing of documents for only "limited circumstances and upon a showing of compelling circumstances."  *Jadwalean Int'l Co. For Operations & Mgmt v. United Tech Corp.*, No. CIVA.309-CV-00018JCH, 2009 WL 1064495, at *1 (D. Conn. Apr. 17, 2009).  "[A] judge must carefully and skeptically review sealing requests to insure [sic] that there really is an extraordinary circumstance or compelling need" because "this court will not depart from the governing strong presumption of open access" of documents filed in a case.  *Id.* (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).  While valid business needs may outweigh the presumption of public

access, *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020), Defendants must provide a particular and specific demonstration of fact to connect the information in the memoranda and exhibits to such a business need. Here, Defendants' conclusory claims by counsel that information in primary documents, not directly at issue, is commercially sensitive, fails to carry their burden to seal the 41 filings at issue in their Motion.

### C.  Defendants Have Already Waived Confidentiality to Many of These Documents and Reports.

Defendants' Motion claims there is confidential business information across all 41 filings at issue. Defendants' Motion ignores the basic reality that much of the information placed under seal and redacted from briefs and deposition transcript excerpts were not designated confidential by any Party at any time. Compounding this issue, Defendants are inconsistent with redactions and filings documents under seal: they have placed reports not designated by any Party fully under seal, and quoted, but not redacted, from sealed documents in their public memoranda. Some reports and information have been designated confidential, but Defendants then later publicly filed that information and affirmatively waived their claim to confidentiality. Defendants' failure to track their own claims of confidentiality now places a significant burden on CLF and the Court to determine where Defendants have both appropriately designated information, supported those claims with specific evidence of harm, and have not already waived claims to confidentiality. Defendants' declined to clean up these issues in their four pages of argument in the Motion making this process far more complicated than it needs to be, and potentially in the hope that this Court would find this process too convoluted to sort out and decide to just leave all the documents under seal. The case law surrounding public access to judicial documents must warrant the opposite action, which is to place all of the filings unredacted on the public docket.

The following expert reports were never designated by any Party: Levine Rebuttal Report (ECF 759), Macey Rebuttal Report (ECF 762), Michel Rebuttal Report (ECF 766), Nairn Rebuttal Report (ECF 772), Oreskes Rebuttal Report (ECF 779), and Pigott Rebuttal Report (ECF 785). Defendants already waived any confidentiality to portions of the Goldsmith Expert Report. *See* ECF 629 & 629-4; *see also* ECF 702 at 3–5. Defendants have already waived any confidentiality to their Business Continuity Plans and therefore any references to those in expert reports. *See* ECF 174-1 at 5. The Court has also ruled that certain DEPs did not meet the sealing standard when associated with a discovery motion. *See* ECF 221 & 238. Defendants' claims that information about the facts of the Terminal are generally confidential are significantly undercut by the fact that environmental permits associated with this litigation have been on the public docket for years. Those permits, produced under the Freedom of Information Act without redactions, and the 30(b)(6) depositions transcripts of Defendants' consultants that were publicly filed by Defendants discuss facts about the Terminal and its environmental compliance history. *See generally* ECF 702 at 8–11 (describing the facts about the Terminal including tank sizes and locations and engineering parameters of stormwater and containment structures that have long been public).

Defendants also failed to designate portions of the deposition transcript excerpts of Wendi Goldsmith (ECF 750), Richard Horner (ECF 754), Jacqueline Michel (ECF 765), Naomi Oreskes (ECF 780), and Bruno Pigott (ECF 786) as confidential. Defendants have also failed to timely designate the deposition transcript excerpts of Edwin Levine (ECF 758), and Robert Nairn (ECF 773) and have failed to justify why any part of those transcripts can be retroactively designated. Under the SPO, the Parties have ten business days after receiving the transcript to serve confidentiality designations. ECF 7 ¶ 13. Though Defendants do not state the day they received the transcripts of Edwin Levine and Robert Nairn, CLF received the transcripts on September 26th

and 11th, respectively. The ten-business-day deadline to serve confidentiality designations, for CLF, therefore expired on October 10th and September 25th. CLF did not receive Defendants' designations until October 14th for Dr. Levine's transcript and until October 1st for Dr. Nairn. Absent a demonstration from Defendants that they received the transcripts after CLF, which would delay their designation deadline, the Court should deny Defendants' motion as to Dr. Levine's deposition transcript (ECF 758) and Dr. Nairn's deposition transcript (ECF 773). Defendants did timely designate the deposition transcripts of Mathew Barlow (ECF 748), Joshua Macey (ECF 763), and James O'Donnell (ECF 776). However, regardless of whether or not the designations are timely under the SPO, as noted above, Defendants have not provided adequate justification for why those designations must now be sealed.

Confusing the facts described above—that many expert materials have never been designated by any Party or were already waived—Defendants both filed non-designated material under seal and filed designated material in public. Defendants filed CLF's expert and rebuttal reports in their entirety under seal, when none of the rebuttal reports, Levine (ECF 759), Macey (ECF 762), Michel (ECF 766), Nairn (ECF 772), Oreskes (ECF 779), and Pigott (ECF 785), were designated confidential by either Party. Those rebuttal reports were served on July 22, 2025 and August 1, 2025. At no time since that disclosure have Defendants served a confidentiality designation for those reports and thus, they have not been designated. Further, Defendants' redactions on briefs and deposition transcripts both fail to redact the references to or quotes from confidentially designated documents and include references to reports that were not designated by any Party. For example, Defendants cite to and quote in their redacted Memorandum in Support of their Motion to Exclude Dr. Michel passages from her report and deposition, that she "concludes that 'potential spills' from the Terminal pose an 'imminent and substantial endangerment to ecological resources in the area,' even if only one tank were to release . . . Michel 07/22/25 Rpt. at 17; Ex. A, Michel

14

Dep. at 130:13–131:12." ECF 712-1 at 10. This quote, and others, from Defendants' memoranda publicly file an unredacted quotation from Dr. Michel's expert report, despite the fact they had filed it under seal, and a citation to a redacted portion of her deposition transcript. These inconsistencies confuse the record, but at the very least constitute waiver to any confidentiality of those portions.

In the deposition transcript excerpts filed publicly, Defendants again have not used any consistent practice. Defendants' claim that the transcripts "reference confidential material, including their respective confidential expert reports and/or rebuttal reports," and that the expert reports "contain non-public, confidential, and commercially sensitive materials." Mot. at 10. Yet, a closer look at the deposition transcript excerpts reveals that there are no mentions to Shell's internal Metocean team, and only one mention of the DEPs, which Defendants did not designate confidential. *See* ECF 729-4 at 51. Instead, redacted portions in the transcript excerpts largely discuss overall opinions, not confidentially designated facts, contained in the expert report and their analysis of public documents. *See, e.g.*, Goldsmith Dep. Tr., ECF 748, at 66:5-24; Horner Dep. Tr., ECF 754, at 72:1-25; Levine Dep. Tr., ECF 758 at 167:1-25; Macey Dep. Tr., ECF 763, at 11:8-25. To the extent that confidential documents are discussed in the transcript excerpts, it is Defendants' burden to make a specific showing of fact to explain the injury that would result from disclosure of those references. Such details are wholly absent from Defendants' brief and they have failed to provide any sworn affidavits explaining confidentiality claims in the expert reports and depositions.

Redacted references to the expert reports in Defendants' memoranda also confusingly largely cover expert opinions, methodologies, and public documents without any mention of Defendants' confidential documents or purported trade secrets. *See, e.g.*, ECF 749 at 24-25; ECF 774 at 1; ECF 777 at 2. For example, Defendants' Motion to Exclude Mathew Barlow (ECF 746) redacts one of Prof. Barlow's opinions on the NOAA Atlas 14, a publicly available regulatory

15

document.  ECF 746 at 7-8.  Defendants have also redacted references to the expert rebuttal reports

that were not designated by any Party.  *See, e.g.*, ECF 752 at 34; ECF 760 at 9; ECF 770 at 29.

Defendants' inconsistency with filing documents under seal but then failing to redact direct

quotes from those documents in their briefs creates prejudice on CLF as CLF must file its counter

arguments under seal while Defendants have their arguments out in public immediately. This

selective attention to sealing practices creates a significant drain on CLF's and the Court's

resources. Significant briefing and judicial attention must be devoted to identifying which

passages of which documents Defendants actually claim as confidential and whether they have

treated that information accordingly, which forces CLF and the Court to crawl over a morass of

deposition transcripts and rebuttal reports never designated but now filed under seal and documents

filed under seal but then whole passages quoted in public by Defendants creating small passages

of waiver.  The Court should decline to sift through this record for Defendants and instead order

all filings and exhibits associated with these Motions, which Defendants' put at issue through their

own Motions, unsealed due to a failure to provide the specific information needed to support

sealing.

## V.    CONCLUSION

For the foregoing reasons, CLF asks the Court to deny Defendants' Motion to Seal (ECF

745).

Dated: November 3, 2025                        Respectfully submitted,

                                               CONSERVATION LAW
                                               FOUNDATION, Inc., by its attorneys

                                               */s/ James Y. Meinert*
                                               James Y. Meinert (ct31637)
                                               Conservation Law Foundation, Inc.
                                               62 Summer St
                                               Boston, MA 02110

Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna M. Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630

17

Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*

18

*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*