UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>Defendants. | Case No: 3:21-cv-00933-VDO<br><br>November 3, 2025 |

## DEFENDANTS' MOTION TO SEAL

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021 [ECF 7], Defendants move to seal portions of its Response In Opposition to Plaintiff's Motion to Preclude the following Expert Witnesses: Dr. Deborah French-McCay (ECF 830); Mr. David Uhlmann (ECF 833); Ms. Susan Bodine (ECF 834); and Dr. Jones (ECF 835); as confidential. Defendants also request that the Court preserves the limited redacted status of its Opposition Motions that reference these confidential exhibits.

### BACKGROUND

Defendants have filed Responses In Opposition to Plaintiffs' Motions to Preclude Defendants' expert witnesses Dr. French-McCay (ECF 830); Mr. David Uhlmann (ECF 833); Ms. Bodine (ECF 834); and Dr. Jones (ECF 835) . Defendants' Oppositions rely on exhibits that contain information that is considered confidential pursuant to the operative Standing Protective Order in this case.

On July 7, 2021, this court issued a Standing Protective Order ("SPO"). See ECF No. 7. The SPO defines "Confidential" information as:

> "information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy."

*Id.* at ¶ 3. Confidential information is considered Designated Material. *Id.* at ¶ 2. The SPO requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id.* at ¶ 14.

Defendants respectfully request that the unredacted Oppositions to Plaintiff's Motions to Exclude the following Expert Witnesses Dr. French-McCay (ECF 830); Mr. Uhlmann (ECF 833); Ms. Bodine (ECF 834); and Dr. Jones (ECF 835); that were filed concurrently herewith be filed under seal pursuant to the procedure set forth in Local Rule 5 (e)(1)(b)(4)(b). Likewise, Defendants request that certain exhibits to their Oppositions also be filed under seal pursuant to the procedure set forth in Local Rule 5 (e)(1)(b)(4)(b). In particular, the documents sought to be sealed include the following:

1) Defendant's Response In Opposition to Plaintiff's Motion to Preclude Dr. Craig Jones (ECF 835)
    - Exhibit 1 – Dr. Jones' Expert Report
    - Exhibit 8 – Appendix B of Dr. French-McCay's Expert Report
    - Exhibit 9 – Excerpts of Dr. French-McCay's Deposition Transcript
2) Defendant's Response In Opposition to Plaintiff's Motion to Preclude Dr. Deborah French-McCay (ECF 830)
    - Exhibit 1 – Dr. French-McCay's Expert Report
    - Exhibit 4 – Excerpts of Dr. French-McCay's Deposition Transcript

2

3) Defendant's Response In Opposition to Plaintiff's Motion to Preclude Mr. David Uhlmann (ECF 833)
    - Exhibit 1 – Mr. Uhlmann's Expert Report
    - Exhibit 4 – Excerpts of Mr. Uhlmann's Deposition Transcript

4) Defendant's Response In Opposition to Plaintiff's Motion to Preclude Ms. Susan Bodine (ECF 834)
    - Exhibit 2 – Ms. Bodine's Expert Report

The Parties previously marked their respective expert reports as confidential due to their significant and substantive citation to documents and/or information that is similarly marked confidential in this case (much of which this Court has already ordered sealed in connection with other motion practice).

Further, the depositions of these experts discussed the contents of those confidential reports in detail, including the confidential information and documents discussed therein. Therefore, expert deposition transcripts that discuss these confidential reports, documents and information, must also remain confidential.

Therefore, consistent with Local Rule 5(e)(3), the SPO, and this Court's prior orders, the Court should maintain sealing of the properly designated expert reports and the deposition testimony that reveals or describes those confidential materials, as well as, the portions of the Oppositions that cite, quote, or reference these confidential materials.

## LEGAL STANDARD

The public's right to access court documents is not absolute and may be surmounted by a party's showing that sealing will further other substantial interests. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013). Local Rule 5(a)(3) allows for a court to seal a document filed with the Court upon

particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.  D. Conn. L. R. Civ. P. 5(e)(3).

Further, courts in the Second Circuit, including this Court in this case, have found that exhibits containing "confidential, proprietary, and commercially sensitive information that would cause significant competitive harm if publicly disclosed" warrant filing under seal.  ECF 622. For example, on May 16, 2023, this Court granted in part a similar motion to seal Defendants' confidential documents on the basis that "the Defendants' claims outweigh the relatively low weight that attaches to the presumption of access in this discovery dispute."  ECF 221 at 13. Again, on September 23, 2023, this Court granted in part another motion to seal concerning Defendants' confidential materials upon the rationale that "the defendants' security and competitive disadvantage concerns, even if not as weighty as in some other cases, outweigh the low public interest in access to this information."  ECF 288 at 2.  And most recently on July 11, 2025, this Court granted a similar motion to seal, finding that "the documents contain private, non-public information about Shell's ongoing business activities."  ECF 656 at 2; *Negron v. Cigna Corp.*, 2020 WL 13303130, *3 (D. Conn. May 29, 2020*); see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) (recognizing that the parties to an action often have "significant interest in protecting such [confidential proprietary] information from public dissemination").

### I. ARGUMENT

Defendants now move to seal the unredacted copy of their Oppositions to Plaintiff's Motions to Exclude the following Expert Witnesses Dr. Deborah French-McCay (ECF 830); Mr. David Uhlmann (ECF 833); Ms. Susan Bodine (ECF 834); and Dr. Jones (ECF 835) that were filed concurrently herewith, along with, certain exhibits thereto.  As described below and in the

referenced declarations, should these materials be made publicly available, Defendants would suffer significant competitive harm, in the form of value erosion or financial loss. Thus, there are clear and compelling reasons to seal each of these documents and the redacted portions of the Oppositions that reference such materials.

      **A. Consistent With This Court's Prior Rulings, the Properly Designated Expert Reports Must Be Sealed.**

The Expert Reports of Dr. Jones, Dr. French-McCay, Mr. Uhlmann, and Ms. Bodine have been designated as CONFIDENTIAL under the SPO, because the reports reference—and discuss in detail—Defendants' non-public, confidential, and commercially sensitive materials (many of which the Court has already ordered sealed in connection with other motion practice, including this Court's Orders at ECF Nos. 221, 288, and 656). *See* ECF No. 7 at ¶ 3 & ¶ 14.

As articulated in both Defendants' October 4, 2025 Motion to Seal (ECF 745) and Defendants' November 3, 2025 Response to Plaintiff's Motion to Seal (ECF 825), the potential publication of the parties' expert reports, which reference and describe these sensitive, confidential and non-public documents, including internal Design Engineering Practices ("DEPs") and other work performed by the Shell group of companies that is likely to cause competitive business harm to Defendants. And the potential publication of the parties' expert reports, which reference and describe these non-public, confidential and commercially sensitive documents that this Court has Ordered must remain sealed, including internal Design Engineering Practices ("DEPs") and other work performed by the Shell group of companies that is likely to cause competitive business harm to Defendants. *See* ECF No. 745 at 7-9; *see also*, ECF 825 at 5-12.

The declarations previously submitted explain that DEPs are proprietary technical standards subject to license restrictions and that Metocean work comprises confidential

assessments and processes developed from unique internal expertise. *See e.g.*, ECF 629-1, Penny Decl., at, ¶¶ 5-6; ECF 630, Jaramillo Decl. at, ¶¶ 9-13; ECF 174-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 174], Feb. 3,2023 Declaration of Brian Evans at, ¶¶ 9-19; ECF 239-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 239], May 30, 2023 Declaration of Michael Sullivan at, ¶¶ 4-12. Public disclosure would cause competitive harm in two distinct ways: enabling competitors to copy Defendants' business practices and operations without compensation, and disclosing proprietary content and know-how with direct financial and competitive consequences. *Id*.

Moreover, this Court has consistently granted prior motions to seal Defendants' confidential materials. *See e.g.*, ECF 221; ECF 288, and ECF 656. Further, this Court has already granted sealing of the same or closely related categories of materials in this case, including portions of Dr. Goldsmith's report and materials referencing DEPs and internal Metocean work, finding they "contain private, non-public information about Shell's ongoing business activities." *See e.g.*, ECF 221; ECF 288, and ECF 656. Therefore, Defendants respectfully request that these documents also be sealed in accordance with this Court's prior order on the same or similar materials.

### B. Deposition Testimony Related to Properly Designated Confidential Materials Must Also Be Sealed.

Additionally, Defendants move to seal certain Exhibits to their Oppositions to Plaintiff's Motions to Exclude the following Expert Witnesses Dr. Jones (ECF 835), Dr. French-McCay (ECF 830), and Mr. Uhlmann (ECF 833) consisting of the excerpted deposition transcripts of Dr. French-McCay and Mr. Uhlmann, both of which reference confidential material, including their respective confidential expert reports, and must also, at a minimum, be treated as Designated Material under the SPO.

*First*, Defendants served targeted, page-and-line confidentiality designations for both of these expert witness deposition transcripts pursuant to the Standing Protective Order (SPO). *See e.g.,* ECF 825-1, Defendants' Conf. Designations of French-McCay Transcript (dated Oct. 1, 2025) ("French-McCay Designations"); ECF 825-2, Defendants' Conf. Designations of Mr. Uhlmann's Transcript (dated Oct. 1, 2025) ("Uhlmann Designations"). Those designations were tailored to pages that quote, reveal, or analyze Designated Materials—namely, the expert reports and other exhibits that themselves incorporate Defendants' non-public standards and technical work.

*Second*, the SPO resolves how deposition testimony must be treated when covering Designated Material. Specifically, the SPO expressly states that when Designated Material is used as a deposition exhibit, "the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material." ECF 7 at, ¶ 13. In this case, the deposition transcript excerpts include and discuss each experts' respective reports, which as stated above have properly been marked confidential, and other exhibits that were designated Confidential under the SPO because they undisputedly cite and synthesize Defendants' non-public, commercially sensitive materials (including internal technical standards and Metocean team work that this Court has already determined warrant protection).

Thus, because certain pages of the transcripts reveal and quote from those Designated Materials, the corresponding pages are themselves Designated Materials and must remain sealed. The confidentiality designations here flow from the underlying confidential status of the exhibits themselves and the transcript testimony that describes, quotes, and analyzes them-precisely the situation contemplated by the SPO's directive that "the exhibit and related transcript pages receive the same confidentiality designation" as the underlying Designated Material. ECF 7,

SPO at, ¶ 13. That automatic transportation of confidentiality status from the document to the deposition ensures that parties can use confidential exhibits in deposition practice without forfeiting protection over the pages that reveal the substance of those materials. *See Sourgoutsis v. United States Capitol Police*, No. 116CV1096KBJRMM, 2018 WL 4680206, at *3 (D.D.C. Sept. 29, 2018) (rejecting the argument that treating all deposition testimony and exhibits as confidential would constitute an "over designation" recognizing that "some deposition testimony and exhibits may implicate the types of concerns identified" in the Protective Order.). CLF's approach would nullify that safeguard and would defeat the SPO's core function.

Accordingly, the Court should respectfully maintain the sealing of the transcript excerpts that reveal Designated Materials, as well as the portions of Defendants' Response In Opposition that quote or closely paraphrase them.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter an Order sealing unredacted copies of Defendants' Oppositions to Plaintiff's Motions to Exclude the following Expert Witnesses Dr. Deborah French-McCay (ECF 830); Mr. David Uhlmann (ECF 833); Ms. Susan Bodine (ECF 834); and Dr. Jones (ECF 835) filed concurrently herewith, along with, certain Exhibits thereto.

Dated: November 3, 2025

Respectfully submitted,

*/s/ Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

ctoledo@kslaw.com

Antonio E. Lewis (phv03069)
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.

9

400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2025 a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
