

For a thriving New England
CLF Connecticut
www.clf.org

conservation law foundation

November 14, 2025

The Honorable Vernon D. Oliver
United States District Court
450 Main Street
Hartford, CT 06103

**RE:** *Conservation Law Foundation v. Shell Oil Co., et al.*, No. 3:21-cv-933 (D. Conn.),
Plaintiff's Response to Motiva's Request for a Pre-Filing Conference on Motion for
Summary Judgment

Dear Judge Oliver,

Plaintiff, Conservation Law Foundation, Inc. ("CLF") respectfully submits this letter brief
in response to Defendant Motiva Enterprises LLC's ("Motiva") Request for a Pre-Filing
Conference on its Motion for Summary Judgment (ECF 804) in accordance with the Court's
Pretrial Instructions, and Orders (ECFs 790 and 797).

**Defendant Motiva's Purported Bases for Summary Judgment**

Motiva argues it is entitled to summary judgment on CLF's Resource Conservation and
Recovery Act ("RCRA") claims for three reasons, but none of them rest on undisputed issues of
fact and Motiva has no argument they are entitled to succeed as a matter of law.

*Motiva's Argument on the RCRA Definitions is Unrelated to Any Issue in this Litigation*

Motiva erroneously argues the products stored at the Terminal are not regulated by RCRA
because they are not "solid or hazardous waste." Motiva's argument ignores that any purported
useful product "exception" for hazardous substances ceases when the product is discarded.
Improper disposal and discard of hazardous products are fully within RCRA's definition of "solid
waste," and this issue is presented in CLF's Complaint. The fact that hazardous substances brought
to the Terminal can be useful products is irrelevant because Motiva has discarded hazardous
substances into the environment. Before, during, and after Motiva's period of ownership, the
hazardous substances stored at the Terminal leaked and spilled into the soil and groundwater at
the site. Those pollutants remain and cause and contribute to imminent and substantial
endangerment. Motiva made these same arguments at the Motion to Dismiss phase, ECF 50-1 at
31–33, which the Court denied, ECF 111 at 46–49. The Court need not authorize a motion on this
issue because it is unrelated to Motiva's liability under RCRA, and the Court's ruling would not
streamline any issue at trial.

*Motiva's Request to Re-Litigate the Motion to Dismiss Arguments Ignores the Long History of
Contamination and Improper Disposal at the Site*

Motiva's past "disposal" of hazardous substances at the Terminal and failure to prepare the
site for climate change risks may present an "imminent and substantial endangerment to health or
the environment." 42 U.S.C. § 6972(a)(1)(B). Motiva's argument that harms will occur in the

future or are hypothetical is irrelevant for the liability under RCRA and has already been rejected by the Court. ECF 111 at 18-23. As Judge Merriam ruled, that additional damages may occur in the future is not dispositive of a RCRA imminent and substantial endangerment claim. *Id.* Judge Merriam also ruled that RCRA clearly allows claims for Motiva's past failures that contribute to conditions that "may present" a current imminent and substantial endangerment. *See id.*at 48–55. Motiva admits it generated and stored hazardous waste from the Terminal, and the Terminal's soils and groundwater are fully permeated with hazardous pollutants well above Connecticut's remediation thresholds. Despite the widespread contamination on a site that is bordered by residential backyards along its fenceline, Motiva did not take action to remedy or protect against further contamination or catastrophic discharges. Instead, Motiva contributed to past handling, storage, transportation, and disposal of solid and hazardous waste that may present an imminent and substantial endangerment due to deficiencies and failure to prepare against increased risk from climate change at the Terminal that have and continued to allow hazardous pollutants to infiltrate the soils and groundwater. Further, Motiva considered installing walls around the site to prevent flooding and discharge of hazardous substances from the site, but decided it was too expensive and did not install those walls. Motiva offers no reason why the questions of law already addressed by the Court on Defendants' Motion to Dismiss should be relitigated, and the remaining issues are ones that should be resolved at trial, rather than with disputed facts at the summary judgment stage.

*Motiva is Not Entitled to Summary Judgment as a Matter of Law Based on CLF's Expert Reports*

Motiva's claim that CLF's experts should have dedicated more pages on RCRA issues their reports is a misreading and has no bearing on the facts in existence nor on how these matters would be adjudicated against Motiva. Motiva argues that CLF's expert reports "barely mention Motiva." The Court need not allow this as a summary judgment motion as it does not present a matter of law on which Motiva could succeed or otherwise streamline the issues left for trial. It is undisputed that Motiva generated and stored hazardous waste from the Terminal and it is undisputed the site's soils and groundwater are fully permeated with hazardous pollutants well above Connecticut's remediation thresholds. CLF's experts offer opinions about the extensive history of pollution at the Terminal and the migration and transport of that pollution to the already-impaired water quality of the New Haven Harbor. Because of Motiva's failure to address this pollution or act to prevent harm, it is liable for contributing to an imminent and substantial endangerment. Any issue that turns in part on expert testimony is not suitable for resolution at summary judgment.

**Proposed Briefing Schedule**

Defendants propose briefing after the Court has ruled on expert exclusion motions. That proposal is inappropriate and inefficient. The limited issues that are suitable for resolution at summary judgment are not dependent upon expert testimony and do not need the full contours of the experts' testimony to be adjudicated before those issues can be briefed or resolved. In fact, having expert and dispositive motions pending at the same time would better enable the Court to determine where overlapping issues are best resolved, as Defendants made the same arguments in their exclusion motions as they requested leave to file here, and CLF has opposed aspects of the expert motions on grounds they raise dispositive issues. Furthermore, the Court could also gain efficiency by hearing and ruling on dispositive motions before ruling on experts, as grants on summary judgment issues could fully moot entire expert reports.

----

Sincerely,

*s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)

Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730

E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*