# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION, INC.,

    *Plaintiff*,

                 v.

SHELL OIL COMPANY, EQUILON
ENTERPRISES LLC D/B/A SHELL OIL
PRODUCTS US, SHELL PETROLEUM, INC.,
TRITON TERMINALING LLC, and MOTIVA
ENTERPRISES LLC,

    *Defendants*.

Civil Action No. 3:21-cv-00933-VDO

November 14, 2025

## PLAINTIFF CONSERVATION LAW FOUNDATION'S PRELIMINARY LOCAL RULE 56(a)(2) STATEMENT OF FACTS IN OPPOSITION TO MOTIVA ENTERPRISES, LLC'S MOTION FOR SUMMARY JUDGMENT

## I.    TABLE OF CONTENTS

I.    TABLE OF CONTENTS ........................................................................................ ii

I.    Introduction .................................................................................................... 1

II.    Plaintiff's Responses to Motiva's Rule 56(a)(1) Statement ................................. 1

III.    Plaintiff's Statement of Additional Material Facts ............................................. 17

I.    **INTRODUCTION**

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment," to Defendant Motiva Enterprises, LLC's Preliminary Statement of Undisputed Material Facts (ECF 805) pursuant to Judge Oliver's Pre-Trial Instructions and Federal Rule of Civil Procedure 56. CLF reserves its rights to amend, add to, and otherwise change its statement of facts in opposition when filing any authorized motions. Depending on the Court's grant of motions for summary judgment, CLF may need to request leave to exceed pages for this opposition statement pursuant to Local Civil Rule 56(a)(2).

II.    **PLAINTIFF'S RESPONSES TO MOTIVA'S RULE 56(A)(1) STATEMENT**

1.    This case concerns stormwater permit compliance at an onshore petroleum bulk storage and distribution terminal located at 481 East Shore Parkway, New Haven, Connecticut (the "Terminal"). ECF 47, Plaintiff's Amended Complaint ("Am. Compl.") at ¶ 2.

**Response:** Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F. R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits.

2.    Motiva owned and operated the New Haven Terminal between 2000 and 2017. *Id.*, at ¶ 34.

**Response:** Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v.*

*Ethyl Gasoline Corp.* 2 F. R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits.

3.      In May 2017, Motiva ceased ownership and operation of the Terminal. Id. ¶ 35.

   **Response**: Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F. R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits.

4.      Since May 2017, Triton Terminaling LLC has owned, and Equilon Enterprises LLC has operated the Terminal pursuant to the General Permit for Discharge of Stormwater Associated with Industrial Activity issued by the Connecticut Department of Energy and Environmental Protection ("CT DEEP"). Id. at ¶¶ 29-32.

   **Response**: Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F. R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible

at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits.

5.      At the time Plaintiff filed this action in July 2021, the permit at issue was the 2018 General Permit No. GSI002800. *Id.* at ¶ 28.

   **Response**: Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F.R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits, although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permit.

6.      The 2018 Permit was extended in October 2021 without any substantive changes (hereafter collectively, "the 2018/2021 Permit"). Id. at ¶ 175.

   **Response:**   Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence.  See Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F.R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permit.

7.      Plaintiff's only remaining count against Motiva is Count XIII in the Amended Complaint.

3

See ECF 111, Judge Sarah Merriam's Ruling on Defendants' Motion to Dismiss (dated Sept. 16, 2022) (the "MTD Ruling") at 62.

    **Response:**  Plaintiff admits.

8.    Plaintiff's only remaining count against Motiva, Count XIII, alleges a "violation of the Resource Conservation and Recovery Act ["RCRA"]– Imminent and Substantial Endangerment to Human Health and the Environment." See ECF 47, Plaintiff's Am. Compl. at ¶¶ 486-502.

    **Response:** Plaintiff admits.

9.    Plaintiff alleges that "[t]he petroleum products stored at the Terminal qualify as 'solid waste' under RCRA." Id. at ¶ 491.

    **Response:** Plaintiff admits.

10.    The crux of Plaintiff's allegations is that "[t]here is a substantial and imminent risk of the Terminal discharging and/or releasing pollutants because the Terminal has not been properly engineered, managed, operated, or fortified to protect against "climate change" factors." Id. at ¶ 493.

    **Response:**  Plaintiff objects that the word "crux" is vague, and CLF's allegations speak for themselves. Plaintiff objects that the quoted citation to ¶ 493 does not end with the words "against 'climate change' factors." Instead, the cited paragraph states "against the factors discussed in Section IV. A. *supra*." Subject to this objection, Plaintiff admits, although Motiva's description of this passage as "[t]he crux" is immaterial.

11.    Plaintiff defines these "factors" to include "climate change" induced "changes in precipitation events, and flooding, in part because warmer air holds more moisture, higher sea surface temperatures cause stronger storms and higher storm surges, and melting sea ice raises sea levels." Id. at ¶ 209.

**Response:** Plaintiff admits that the quoted paragraph of the Amended Complaint includes some factors.

12.    RCRA applies only to solid and hazardous "waste" and does not apply to petroleum-containing "products" stored in bulk storage tanks. See 42 U.S.C. § 6903 (defining "solid waste" and "hazardous waste"); Characterization of Remediation Waste Presentation, CT DEEP, "Characterization of Remediation Waste" Presentation (Oct. 17, 2017), https://portal.ct.gov/-/media/deep/waste_management_and_disposal/hazardous_waste/characterizationofremediationwastepdf.pdf?rev=f5e69d4274b240fa8848d774d49be444&hash=C2DE548FFF026D496AB103DC952531FE (hereafter "Characterization of Remediation Waste Presentation").

    **Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to this objection, Plaintiff denies as this is a legal conclusion not a fact and is a mischaracterization and misquote of 42 U.S.C. § 6903 and the CT DEEP online powerpoint presentation, neither of which contains any reference to petroleum or products.

13.    To bring a claim under 42 U.S.C. § 6972(a)(1)(B), Plaintiff must show that (1) a "past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility"; (2) "has contributed" or "is contributing"; (3) "to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste"; and (4) "which may present an imminent and substantial endangerment to health or the environment."

    **Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that

would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to this objection, Plaintiff admits that the quoted sections can be found in 42 U.S.C. § 6972, Plaintiff denies as this is a legal conclusion not a fact.

14. CT DEEP has explained that: "A waste that is placed into storage or disposal prior to the effective date of RCRA is not a waste until it is removed from storage or disposal. As a result: Environmental media that was contaminated with hazardous waste before the effective date of RCRA is not hazardous waste as long as it is in the ground. Once it is removed from the ground (e.g., dug up or pumped out), it is 'generated' and becomes a waste – and potentially a hazardous waste." Characterization of Remediation Waste Presentation.

> **Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving this objection, Plaintiff admits in part, Plaintiff denies in part. Plaintiff admits that this quote is found in an online CT DEEP powerpoint, Plaintiff denies as this is a legal conclusion not a fact.

15. There is no evidence of any RCRA violations occurring at the Terminal during the relevant time period. See generally Ex. A, Kovich Report; see generally Ex. B, Goldsmith Report; see generally Ex. C, Horner Report.

> **Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff objects as irrelevant and immaterial to Motiva's Letter, as liability for an imminent and substantial endangerment claim does not require proof of violating RCRA regulations. *Compare* 42 U.S.C.

6

§ 6972(a)(1)(A) *with* (a)(1)(B). Subject to and without waiving this objection, Plaintiff denies, the cited CLF expert reports all note the history of hazardous substances improperly disposed into the site soils and groundwater and failure to design the terminal to address increased risks from climate change, which have caused or created an imminent and substantial endangerment. Defendants are allegedly in violation of RCRA at the terminal for causing and contributing to an imminent and substantial endangerment for discarding hazardous substances into the Terminal's soil and groundwater and failing to contain and design the site to account for risks from climate change. *See* NOI, ECF 47-2.

16.  None of Plaintiff's experts supply any evidence to support Plaintiff's RCRA claim in Count XIII against Motiva. See generally Ex. B, Goldsmith Report; see generally Ex. C, Horner Report.

  **Response**: Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3).  Subject to and without waiving this objection, Plaintiff denies, the cited expert reports all note the history of hazardous substances improperly disposed into the site soils and groundwater and failure to design the terminal to address increased risks from climate change, which have caused or created an imminent and substantial endangerment.

17.     The Terminal was properly engineered, managed, and operated during Motiva's ownership and operation. Ex. D, Pace & Bayles Report at 43-44; Ex. E, Jones Report at 4-7; Ex. F, Zeeb Report at 15-18; Ex. A, Kovich Report at 1-2.

  **Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff has also filed

Motions to Preclude some of the opinions of Jones, which has not yet been ruled upon. Subject to and without waiving these objections, Plaintiff denies, CLF's expert Horner documents the extensive design failures at the Terminal that caused extensive contamination of the soils and groundwater, do not account for increased risks from climate change, and have caused or created an imminent and substantial endangerment.

18.    The Terminal is located 1,500 feet from the nearest shoreline and is surrounded by a secondary containment dike wall. Ex. D, Pace & Bayles Report at 43.

    **Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff denies. The Terminal's SWPPP is clear there is no dike wall surrounding the Terminal and the Terminal is closer to the shoreline than 1,500 feet. *See* ECF 47-7 at 8 & 15–16; Horner Report at 25.

19.    Neither Plaintiff nor its experts have identified any changes that could be made at the Terminal to address its concerns regarding future hypothetical discharges that are technologically available and economically practicable and achievable in light of industry practice. See generally Ex. B, Goldsmith Report; see generally Ex. C, Horner Report.

    **Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff denies. Both CLF's experts and Defendants' consultants have identified significant numbers of design changes required to bring the Terminal into compliance with known risks to the Terminal and regulatory requirements. *See generally* Nairn Report; Letter

8

from Triton Envtl. to Michael Sullivan (July 28, 2021) (SOPUS_NHVN00190740); Defendants'
Responses to CLF's Requests for Admission 9 & 17 (Oct. 16, 2025).

20.    There is no evidence in the record that Motiva's operations of the Terminal present an
imminent and substantial endangerment to human health and the environment. See Ex. D, Pace
& Bayles Report at 44; see also, Ex. A, Kovich Report at 45; Ex. G, Morrison Report at 2-3; Ex.
H, Tsuji Report at 35. Nor is there any evidence that there is an imminent and substantial risk of
harm to any of Plaintiff's members.

    **Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph,
in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects because this fact does not provide
a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or
(2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3).
Subject to and without waiving these objections, Plaintiff denies. The citations to Defendants'
expert reports do not appear to state this fact. CLF's experts Horner, Nairn, and Goldsmith
documents the extensive design failures at the Terminal that caused extensive contamination of
the soils and groundwater, do not account for increased risks from climate change, and have
caused or created an imminent and substantial endangerment. Horner Report, Nairn Report,
Goldsmith Report.

21.    The Terminal complies with RCRA and complied during Motiva's ownership and
operation. See Ex. A, Kovich Report at 45.

    **Response:** Plaintiff objects because this fact does not provide a specific citation to: (1)
the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that
would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without
waiving these objections, Plaintiff denies. Page 45 of the Kovich report does not appear to address

RCRA or Motiva's ownership. CLF's experts Horner, Nairn, and Goldsmith documents the extensive design failures at the Terminal that caused extensive contamination of the soils and groundwater, do not account for increased risks from climate change, and have caused or created an imminent and substantial endangerment. Horner Report, Nairn Report, Goldsmith Report.

22.    Plaintiff's expert witnesses have also failed to identify any objective evidence that Motiva or any other Defendant violated the 2018/2021 Permit. Indeed, Plaintiff's expert reports barely mention Motiva at all. And Plaintiff's own expert witness, Dr. Wendi Goldsmith, admitted that "legacy contamination" does not constitute a violation of the 2018/2021 Permit. See Ex. I, Goldsmith Depo. at 39:8-18; 41:3-10. (emphasis added).

    **Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects to the phrase "objective evidence" as vague. Subject to and without waiving these objections, Plaintiff denies, although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permit. Whether "legacy contamination" is a violation of the 2018/2021 Permit is a legal conclusion, not a fact. Defendants misrepresent the deposition testimony of Dr. Goldsmith. When asked about whether legacy conditions are violations of RCRA, Dr. Goldsmith stated: "I believe you're asking me a legal question that I'm not sure of the answer to." Goldsmith Dep. at 39:14–18. She also testified "No.  I believe the Industrial General Permit contemplates the reality that many sites have legacy contamination, and that's, in itself, not a violation, as I understand it." *Id*. at 41:7–10.

23.    Plaintiff admitted that neither EPA nor CT DEEP has ever stated that Defendants violated the 2018/2021 permit. Ex. J, June 4, 2025 Depo. of CLF's 30(b)(6) deponent Mr. Mahoney at 268:4-269:14.

**Response:** Plaintiff objects that this is a legal conclusion, not a fact. Plaintiff further objects that his is hearsay as to what EPA or CT DEEP has stated to Defendants. Subject to and without waiving these objections, Plaintiff denies, although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permit. This fact misrepresents the testimony. Mr. Mahoeny testified that he did not believe "EPA or Connecticut DEEP has communicated to CLF that the Defendants are not operating the facility in – – in compliance with the permit." Mahoeny Dep. at 268:4–16. Mr. Mahoney did not know if either "EPA or [CT] DEEP has ever indicated to defendants that defendants are not acting in accordance with best management practices." *Id.* at 268:17–22.

24.   In December 2022, EPA inspected the Terminal and its SPCC Plan and confirmed it complies with the SPCC regulations and the Clean Water Act. Ex. K, U.S. EPA SPCC Field Inspection and Plan Review Checklist – SOPUS_NHVN00527912.

**Response:** Plaintiff objects as this is a legal conclusion, not a fact.  Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits in part and Plaintiff denies in part. Plaintiff admits that EPA performed an inspection of the Terminal in December 2022, but Plaintiff denies that the citation to the evidence confirms that Terminal "was in compliance with SPCC regulations and the CWA."

25.   The discharge pollutant concentrations, monitored and reported to CT DEEP, have all been below permit benchmark concentrations since the Terminal's implementation of the 2017 SWPPP. See Ex. L, Parkman Report at 46.

**Response**: Plaintiff objects as this is a legal conclusion, not a fact. Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits in part and Plaintiff denies in part. Plaintiff admits as to the set of monitoring reports evaluated in the Parkman Report at 46, which states: "The discharge pollutant concentrations monitored and reported to the CT DEEP according to their permit requirements through Discharge Monitoring Reports (Exhibit 11) have all been below permit benchmark concentrations since implementation of the 2017 SWPPP." Plaintiff denies as to a fact that the Terminal "has not exceeded" in any monitoring at any time. Defendants have exceeded benchmark water quality standards in sampling for nitrogen. *E.g.*, ECF 47-9.

26.   The 2018/2021 Permit, the 2025 Permit, and the 2021 MSGP have not incorporated ASCE24-14 or ASCE24-24 or their "critical infrastructure" definition. Ex. I, Goldsmith Depo. at 166:15-167:4; 167:4-9.

**Response:** Plaintiff objects that this is a legal conclusion of law, not a fact. Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects that "have not incorporated" is vague. Subject to and without waiving these objections, Plaintiff denies, although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permits or EPA Multisector General Permit. This fact misrepresents the deposition testimony. Dr. Goldsmith stated that she was "not aware" as to whether EPA has adopted the ASCE Policy 360 as an example of best industry practice". Goldsmith Dep. at 166:4-17. The cited evidence of deposition testimony also does not refer ASCE24-14, ASCE-24, or "critical infrastructure" definitions, the Permit, the 2025 Permit, or the

2021 MSGP. Therefore, as to these terms, this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3).

27.     Connecticut has not defined or required specific permeability (hydraulic conductivity) standards and has not required stormwater pond liners in secondary containment. See Ex. M, CLF's Responses to Defendants' First Set of RFAs (dated Oct. 16, 2025) at 14-15.

   **Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects that this is a legal conclusion of law, not a fact.  Subject to and without waiving these objections, Plaintiff denies. Connecticut's permeability requirement is stated in the Permit, that standard requires an "impermeable secondary containment area."

28.   CT DEEP has never issued a Notice of Violation relating to the Terminal's secondary containment areas, berms, or permeability. See Ex. K U.S. EPA SPCC Field Inspection and Plan Review Checklist – SOPUS_NHVN00527912.

   **Response:** Plaintiff objects as this is a legal conclusion, not a fact.  Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits in part and Plaintiff denies in part. Plaintiff admits that EPA performed an inspection of the Terminal in December 2022, but Plaintiff denies that the citation to the evidence shows that CT DEEP never issued a Notice of Violation relating to the Terminal's secondary containment areas, berms, or permeability.

29.   CT DEEP has never issued a Notice of Violation of RCRA to the Terminal.

**Response:** Plaintiff objects that this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff objects as irrelevant and immaterial to Motiva's Letter, as liability for an imminent and substantial endangerment claim does not require proof of violating RCRA regulations. *Compare* 42 U.S.C. § 6972(a)(1)(A) *with* (a)(1)(B). Subject to and without waiving these objections, Plaintiff denies. Motiva's history of spills and leaks into the soils and groundwater are well documented. ECF 47-6 at 18.

30.    EPA has never issued a Notice of Violation of RCRA to the Terminal.

**Response:** Plaintiff objects that this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff objects as irrelevant and immaterial to Motiva's Letter, as liability for an imminent and substantial endangerment claim does not require proof of violating RCRA regulations. *Compare* 42 U.S.C. § 6972(a)(1)(A) *with* (a)(1)(B). Subject to and without waiving these objections, Plaintiff denies. Motiva's history of spills and leaks into the soils and groundwater are well documented. ECF 47-6 at 18.

31.    Contrary to Plaintiff's suggestion, neither a 100-year or a 500-year flood analysis is required by the 2018/2021 Permit. Also, the 2018/2021 Permit does not mention sea level rise, storm surge, flooding, hurricanes, increasing frequency or severity of storm events, or other adverse weather events, let alone a purported requirement to conduct a climate change risk assessment as alleged by Plaintiff.

**Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects that this is not fact, but a legal conclusion. Subject to and without waiving these objections, Plaintiff denies, although immaterial

to Motiva's Letter, which contains no reference or concept related to the General Permit. Whether the Permit requires consideration of "climate change" "storm surge," "sea level rise," "increased precipitation," a "100-year" or "500-year" flood standard, or use of secondary containment berms as flood barriers are included in the 2018 or 2021 Permit is a question of fact. The Permit contains a number of requirements tied to 100-year metrics. Judge Meyer has already ruled on the permit interpretation issue that the Best Industry Practice requirement includes consideration of climate change factors if "the best industry practice is to require consideration of climate change factors." ECF 305, at 86:8–16.

32.    Neither Plaintiff nor its experts have come forward with objective evidence that the Terminal tanks are likely to fail under any particular weather event introduced by Plaintiff or by its experts, or identified a mechanism of failure.

    **Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects to the phrase "objective evidence" as vague. Plaintiff objects that this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff denies. Both Parties' expert reports discuss scenarios where tanks at the Terminal may fail and spills and discharges of hazardous substances will occur into the environment.

33.    The Terminal is compliant with the Connecticut Transfer Act, which is a program administered by CT DEEP that regulates soil and groundwater investigation corrective action and closure. Ex. F, Zeeb Report at 15-18.

    **Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph,

in violation of D. Conn. L.R. Civ. P. 56(a)(1). This fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff denies. The citation to pages 15-18 of the Zeeb Report does not state that the "Terminal is compliant." Page 15 of the Zeeb report states: "Impacts to soils and groundwater at the Terminal are being investigated and remediated under oversight of CT DEEP in compliance with state regulation."

34.     Neither Plaintiff nor its experts have come forward with objective evidence that the Terminal has released "pollutants" in violation of RCRA.

**Response:** Plaintiff objects that this fact is a legal conclusion, not a fact. Plaintiff objects that this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff objects as irrelevant and immaterial to Motiva's Letter, as liability for an imminent and substantial endangerment claim does not require proof of violating RCRA regulations. *Compare* 42 U.S.C. § 6972(a)(1)(A) *with* (a)(1)(B). Plaintiff objects to the phrase "objective evidence" as vague. Subject to and without waiving these objections, Plaintiff denies. Motiva's history of spills and leaks into the soils and groundwater are well documented. ECF 47-6 at 18.

### III.    PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

35.    Motiva admits it generated hazardous waste at the Terminal. Answer, ECF 120 ⁋⁋ 143, 144.

36.    Motiva admits it stored hazardous waste at the Terminal. Answer, ECF 120 ⁋ 145.

37.    Motiva admits the 2017 Environmental Condition Assessment Form shows a history of spills and contamination during its period of ownership and operation. Answer, ECF 120 ⁋⁋ 149, 151.

38.    Motiva's "New Haven Terminal HSE Case" determined that "Construct flood walls around facilities that are located in low lying areas" is a "credible/practicable" measure for addressing weather hazards such as flooding at the Terminal but was not implemented because "disproportionate resources required to implement." New Haven Terminal HSE Case, H-08.1 Weather – High Winds, Flooding (June 2016) (SOPUS_NHVN00249686); Motiva's Response to CLF's Requests for Admission 19 (Oct. 16, 2025).

39.    The Terminal's Remedial Action Plan divides the Terminal site into nine AOCs designated: 1, 2, 3, 4/5, 6, 7, 8, 9, 10. Sovereign Consulting, Inc. Remedial Action Plan Shell New Haven Terminal. Prepared for Shell Oil Products US at 7, 64 Fig. 3 (Dec. 18, 2023) ("2023 Remedial Action Plan") (SOPUS_NHVN00247004)

40.    Pollutants in soil and groundwater are above remediation thresholds in each AOC. 2023 Remedial Action Plan at 9–13, 15–18.

41.    The Terminal's Remedial Action Plan proposes removing contaminated soil in AOC 1 and 2. 2023 Remedial Action Plan at 28–29.

42.    The Terminal's Remedial Action Plan proposes to not remove contaminated soil in AOCs 3-10, but instead hold removal "in abeyance until the terminal is decommissioned and all equipment is removed." 2023 Remedial Action Plan at 27–31.

43.    The Terminal is abutted by residential backyards containing children's playsets. Deposition Transcript of Defendants' 30(b)(6) Witness Michael Sullivan (Feb. 6, 2025) at 191:1–16.


Dated: November 14, 2025                          Respectfully submitted,

                                                  CONSERVATION LAW
                                                  FOUNDATION, Inc., by its attorneys

                                                  */s/ James Y. Meinert*
                                                  James Y. Meinert (ct31637)
                                                  Conservation Law Foundation, Inc.
                                                  62 Summer St
                                                  Boston, MA 02110
                                                  Tel: (617) 850-1744
                                                  E-mail: jmeinert@clf.org


                                                  Christopher M. Kilian (ct31122)
                                                  Kenneth J. Rumelt (phv207130)*
                                                  Anna Tadio (phv208827)*
                                                  Conservation Law Foundation, Inc.
                                                  15 East State Street, Suite 4
                                                  Montpelier, VT 05602
                                                  Tel: (802) 223-5992
                                                  Tel: (802) 622-3020
                                                  Tel: (802) 622-3009
                                                  E-mail: ckilian@clf.org
                                                  E-mail: krumelt@clf.org
                                                  E-mail: atadio@clf.org


                                                  Ana McMonigle (ct31370)
                                                  Andrea Leshak (phv208945)*
                                                  Conservation Law Foundation, Inc.
                                                  195 Church Street
                                                  Mezzanine Level, Suite B
                                                  New Haven, CT 06510
                                                  Tel: (203) 298-7692
                                                  Tel: (203) 902-2157
                                                  E-mail: amcmonigle@clf.org
                                                  E-mail: aleshak@clf.org

18

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

19

Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Plaintiff admits as Visiting Attorney*