# clf

conservation law foundation

**For a thriving New England**

**CLF Connecticut**

www.clf.org

November 14, 2025

The Honorable Vernon D. Oliver
United States District Court
450 Main Street
Hartford, CT 06103

**RE:** *Conservation Law Foundation v. Shell Oil Co., et al.*, No. 3:21-cv-933 (D. Conn.),
**Plaintiff's Response to Equilon and Triton's Request for a Pre-Filing Conference on their
Motions for Summary Judgment**

Dear Judge Oliver,

Plaintiff, Conservation Law Foundation, Inc. ("CLF") respectfully submits this letter brief in response to Defendants Equilon Enterprises, LLC ("Equilon") and Triton Terminaling LLC ("Triton")'s Request for a Pre-Filing Conference on their Motions for Summary Judgment (ECF 806) in accordance with the Court's Pretrial Instructions, and Orders (ECF 790 and 797).

**Defendants Equilon and Triton's Purported Bases[1] for Summary Judgment**

*Judge Meyer Held the "2018/2021 Permit" Requires Addressing Climate Change Risks if that is the Best Industry Practice*

Judge Meyer ruled that the plain language of the 2018/2021 General Permit ***does require climate change factor analysis*** when designing Best Management Practices ("BMPs") to minimize pollutants to the best industry practice if that is indeed a practice in the industry. ECF 305 at 86:8–16. In that ruling, the Court already denied Defendants' legal arguments, at Sections I(1), I(3), and I(5), that 1) the 2018/2021 General Permit lacked express requirements for consideration of climate change, ECF 248-01 at 8–13, 2) only the "expressly enumerated" BMPs are required, *id.* at 13–19, and 3) there was no evidence that the Connecticut Department of Energy and Environmental Protection ("CT DEEP") ever required addressing climate change risks in a SWPPP, *id.* at 22–27. CLF responded to these arguments; Judge Meyer denied them in full. ECF 305 at 77:5–8 & 84:3–12. The Court should not allow Defendants to litigate these arguments again.

*Defendants' New Permit Arguments Overlap with Decided Issues and Rely on Disputed Facts*

CT DEEP's new General Permit does not affect the Court's denial of Defendants' 2023 MPSJ. Judge Meyer ruled that extrinsic evidence of CT DEEP's practices or interpretation was not needed because the plain language of the 2018/2021 General Permit ***is unambiguous*** in its requirement to include climate change factors if it is an industry practice. ECF 305 at 76:24–77:4

---

[1] Defendants appear to request summary judgment on 9 to 13 different bases. CLF opposes each but has aggregated them for the Court into six fundamental arguments. Defendants' letter does not cite to their Statement of Facts ("SOF") and refers to "precedent" without citation. This forces CLF and the Court to guess what each proposed Summary Judgment basis actually entails and raises a question whether their letter complies with the Court's instructions for "a detailed letter . . .setting forth the basis" of the requested motion.

& 84:3–12. The Court also recognized that "the parties seem to dispute, as a factual matter, whether best industry practice requires consideration of climate change for a facility like the Shell facility that sits adjacent to the New Haven Harbor." ECF 305 at 84:17–22 & 86:14–16. The issuance of the New Permit does not resolve this factual dispute, but Defendants' own documents do.

Defendants' arguments at Sections I(2) and III rely on disputed facts to argue that the New Permit's now universal requirement to document "resiliency measures" analysis in SWPPPs is extrinsic evidence that moots CLF's entire suit. CLF disputes 1) Defendants' characterizations that the resiliency measures requirement constitutes a "statement" by CT DEEP that the requirement is "new" and 2) that various interim draft fact sheets are interpretations by CT DEEP of the 2018/2021 permit. The resiliency measures requirement does not change the General Permit's continuing requirement to evaluate best industry practice when designing and implementing BMPs. CLF has moved for summary judgment on the fact that Defendants are continuously violating the best industry practice requirement, as proven by Defendants' own documents that show how the Shell Group requires evaluation of climate change risks.

*Defendants' Arguments on Deficient Pre-Suit Notice are Incorrect, Ignore the Plain Language of the NOI and Complaint, and Overlap with Expert Motions*

CLF's NOIs were more than "sufficient," which is all the Clean Water Act ("CWA") requires. 40 C.F.R § 135.3. Defendants' demands for relief do not follow from their arguments and are unrelated to summary judgment. Defendants' Section II asks that "[m]ost of Counts I-IV and XIII should be dismissed," but is based on an argument that CLF did not notice or plead some set of violations in any of those specific Counts. Defendants cannot have it both ways. If the violations were not plead in those Counts, dismissal of those Counts is not warranted. Regardless, the Parties had previously briefed a circuit split on whether sufficiency of NOI issues is jurisdictional, ECFs 601 & 620. Since then, the Second Circuit has ruled NOI issues are not jurisdictional. *Mid-N.Y. Env't & Sustainability Promotion Comm. v. Dragon Springs Buddhist, Inc.*, 152 F.4th 413, 422 (2d. Cir. 2025). Thus, Defendants' NOI arguments would not entitle them to the relief they seek. The Court need not allow such a motion. Based on the same arguments, Defendants ask for preclusion of CLF's experts, which is specific relief in currently pending motions and need not be addressed again.

In addition, Defendants do not connect their generalized allegations to any specific issue or claim in this litigation. The Court need not allow such an amorphous motion. The only specific issues Defendants identify are two examples given in a brief parenthetical: impermeability and secondary containment. These issues overlap with CLF's grounds for summary judgment and Defendants' arguments that those were not properly noticed and plead are a distraction at best. As explained in CLF's ECF 620 Letter Brief, CLF's NOI provided notice of these exact issues. Count 5 of the Amended Complaint addresses failures to implement sufficient control measures and Count 7 addresses failures to minimize leaks/spills. Both Counts describe and cite to the General Permit sections that require impermeability and sufficient secondary containment volume. Both Counts say Defendants are in violation of those Permit sections.

*Defendants' Arguments on Enforcement of "Other Federal Statutes" and State Law in Citizen Suit Cases are Irrelevant and/or a Misapplication of* Atlantic States

CLF's Count 2 seeks to enforce the Permit's plain terms, which is fully allowed via CWA citizen suits and is not inconsistent with *Atlantic States Legal Foundation v. Eastman Kodak Company* (assuming this is the precedent Defendants refer to without citation). 12 F.3d 353 (2d

Cir. 1993). Defendants' contrary arguments in Sections IV and V are not supported by *Atlantic States*, and this issue is pending in the Motion for Leave to File a Second Amended Complaint (ECF 683). As described in that briefing, Defendants cannot dismiss Count 2 with *Atlantic States*—which they could have but failed to present in their Motion to Dismiss—and CLF has sought to fully close the door on this argument taking up time at trial through its Motion for Leave. Defendants also appear to claim Count 2 seeks to enforce requirements from other federal laws beyond the scope of a CWA citizen suit. Count 2 does not refer to the National Highway Traffic Safety Act, or the other statutes, and Defendants would not succeed on Count 2 even if the Court ruled Defendants are in compliance with those other laws.

*Defendants' Jurisdictional Arguments on Continuing Violation and Fair Notice under the Constitution were Denied by Judges Merriam and Meyer*

Defendants' arguments at Sections I(4), VI and VIII were presented to the Court in Defendants' first MPSJ, ECF 248-01 at 19–21, 24–27, and Motion to Dismiss, ECF 50 at 24–29. Those arguments have already been fully rejected by the Court. *See* ECF 111 at 28; ECF 305 at 83:16–84:12. The Court should not allow Defendants to litigate these arguments again.

*Defendants' Arguments on Discharges to Impaired Waters Relies on Contested Evidence*

Defendants' arguments at Section VII attempt to dismiss CLF's Counts 10 and 11 on the claim the Terminal does not discharge to an impaired water. The Terminal discharges to New Haven Harbor, which is an impaired waterbody. Defendants' SWPPP does not identify or monitor for the relevant indicator pollutants. The Court should not allow motions on Counts 10 or 11 as the material facts are disputed, and Defendants would not succeed as a matter of law.

*Defendants Fail to Include a RCRA Motion and their Purported Incorporation is Unintelligible*

Defendants' Section IX only provides a subheading for a RCRA-based motion without any accompanying argument and purports to fully incorporate the Motiva letter by reference. The arguments and facts presented in the Motiva letter are specific to Motiva and are therefore unintelligible if presented on behalf of Triton and Equilon. Triton and Equilon admit they generate and store hazardous waste from the Terminal. From years of discarding hazardous pollutants at the Terminal, the site's soils and groundwater are fully polluted well above Connecticut's remediation thresholds. Defendants appear to have included only a single fact in their SOF that could relate to this basis (Equilon & Triton SOF ¶ 65), which CLF disputes and is not relevant. The number of violations alleged by CT DEEP or EPA is irrelevant for CLF's citizen suit. The Court need not allow Equilon and Triton a summary judgment motion on RCRA grounds.

**Proposed Briefing Schedule**

Defendants propose briefing after the Court has ruled on expert exclusion motions. That proposal is inappropriate and inefficient. The limited issues that are suitable for resolution at summary judgment are not dependent upon expert testimony and do not need the full contours of the experts' testimony to be adjudicated before those issues can be briefed or resolved. In fact, having expert and dispositive motions pending at the same time would better enable the Court to determine where overlapping issues are best resolved, as Defendants made the same arguments in their exclusion motions as they requested leave to file here, and CLF has opposed aspects of the expert motions on grounds they raise dispositive issues. Furthermore, the Court could also gain efficiency by hearing and ruling on dispositive motions before ruling on experts, as grants on summary judgment issues could fully moot entire expert reports.

----

Sincerely,

*s/ James Y. Meinert*

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC

650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*