UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br><br> November 14, 2025 |

**DEFENDANTS' MOTION TO SEAL DEFENDANTS' LOCAL RULE 56(A)(1) OPPOSITION LETTER AND STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S PREFILING MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021 [ECF 7], Defendants move to seal limited portions of Defendants' Opposition Letter [ECF 878] to Plaintiff's Preliminary Local Rule 56(a)(1) Letter Motion for Summary Judgment (ECF 808) ("Plaintiff's Preliminary MSJ") and Defendants' corresponding Statement of Facts in Opposition to Plaintiff's Prefiling Motion for Summary Judgment [ECF 879], together with the specific exhibits and transcript pages that quote, reveal, or closely paraphrase Designated Material.

**INTRODUCTION**

Plaintiff's Preliminary MSJ relies on the same categories of Defendants' confidential materials that Defendants must cite to and address in their Opposition [ECF 878] and corresponding Statement of Facts [ECF 879]. Those categories include proprietary Design and Engineering Practices (DEPs), internal metocean/adaptation work product, facility-specific technical parameters and operational details, confidential communications with consultants and

internal deliberations, and deposition transcript pages that quote or analyze Designated Material. Defendants' Opposition and Statement of Facts necessarily reference and respond to Plaintiff's arguments and citations to these materials; accordingly, limited sealing is required to protect the same or related confidential content already at issue in Plaintiff's filings.

The Court has previously granted motions to seal in this action covering materially similar categories of information embedded in summary-judgment and expert-related filings and has recognized that tailored sealing preserves meaningful public access while preventing competitive harm and misuse of non-public, proprietary technical standards and facility-specific operational details. *See e.g.*, ECF 221; ECF 288, ECF 656.

## **LEGAL STANDARD**

Courts in the Second Circuit, including this Court in this case, have found that exhibits containing "confidential, proprietary, and commercially sensitive information that would cause significant competitive harm if publicly disclosed" warrant filing under seal. ECF 622. For example, on May 16, 2023, this Court granted in part a similar motion to seal Defendants' confidential documents on the basis that "the Defendants' claims outweigh the relatively low weight that attaches to the presumption of access in this discovery dispute." ECF 221 at 13. Again, on September 23, 2023, this Court granted in part another motion to seal concerning Defendants' confidential materials upon the rationale that "the defendants' security and competitive disadvantage concerns, even if not as weighty as in some other cases, outweigh the low public interest in access to this information." ECF 288 at 2. And most recently on July 11, 2025, this Court granted a similar motion to seal, finding that "the documents contain private, non-public information about Shell's ongoing business activities." ECF 656 at 2. *Negron v.*

*Cigna Corp.*, 2020 WL 13303130, *3 (D. Conn. May 29, 2020); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) (recognizing that the parties to an action often have "significant interest in protecting such [confidential proprietary] information from public dissemination").

As previously explained in Defendants' Reply ISO its Motion To Seal (ECF 787), in the companion case pending in the District of Rhode Island, the district court has consistently found Defendants' similarly confidential documents, upon representations from counsel that the documents contain non-public and sensitive information that would present a likelihood of harm to Defendants' business interests if published, necessitated sealing. *See e.g.*, ECF 787-1, Ex. A, Aug. 25, 2025 Text Order granting Motion to Seal [RI ECF 264] (sealing internal processes and analyses); ECF 787-2, Ex. B, Aug. 18, 2025 Text Order granting Motion to Seal [RI ECF 258]; ECF 787-3, Ex. C, Aug. 14, 2025 Text Order granting Motion to Seal [RI ECF 255] (sealing deposition excerpts); ECF 787-4, Ex. D, July 18, 2025 Text Order granting Motion to Seal [RI ECF 247] ("[n]oting CLF's request that the motion be denied and based on the informal advisory of Defendants that they believe the materials implicated by the motion are confidential and should be sealed.").

## ARGUMENT

**A. Defendants Properly Designated Confidential Materials Must Remain Sealed.**

Defendants incorporate by reference the legal and factual showings in Defendants' Response to Plaintiff's Motion to Seal (ECF 809) for Order Sealing Plaintiff's Preliminary Local Rule 56(a)(1) Letter Motion for Summary Judgment ("Preliminary MSJ") (ECF 808) and corresponding preliminary State of Undisputed Facts ("Statement") (ECF 808-1), including the **Appendix A** detailing item-by-item confidentiality rationales and page-and-line designations.

*See* ECF 880-880-2. The same confidentiality categories identified there are implicated here because Defendants' Opposition and Statement of Facts address, quote, and analyze the very materials Plaintiff embedded in its filings.

First, **proprietary technical standards (DEPs)** cited or paraphrased in Plaintiff's filings are non-public internal standards developed by Shell Global Solutions International B.V. ("Shell GSI") and shared externally only under license or service agreements with confidentiality protections. ECF 629-1, Defs' MTS Ex. A, May 23, 2023 Declaration of Matthew Penny ("Penny Decl."), ¶¶ 5-6 [ECF 234]. Disclosure would allow competitors to replicate Shell GSI's know-how without compensation and would cause value erosion and direct financial loss. *Id*. at ¶15. Prior sworn declarations, including the Penny Declaration, and this Court's prior sealing rulings have recognized DEPs as proprietary and non-public warranting protection. *Id*.

Second, **internal metocean team adaptation work product**—such as internal guidelines, risk assessment methods, hazard matrices, and asset-specific adaptation analyses—is confidential, restricted, and maintained internally. ECF 629-2, Defs' Mot. To Seal Ex. B June 4, 2025 Declaration of Sergio Jaramillo ("Jaramillo Decl.") at ¶¶ 5-**7,** 9, 12. Public disclosure would reveal internal processes, thresholds, and strategies, creating competitive and security risks. *Id*. The Jaramillo Declaration and prior sealing orders protect materially identical internal adaptation work.

Third, **facility-specific technical parameters and operations**—including containment volumes, pipe configurations, hydraulic assumptions, berm performance, permeability assessments, and non-public plans (SWPPP/SPCC, Business Continuity Plans, and Facility Response Plans)—are security-sensitive operational details. *See* ECF 629-2, Defs' MTS Ex. B June 4, 2025 Jaramillo Decl. at ¶ 12. "Shell's internal . . . work commissioned by Shell related

to . . . evaluations of assets" should remain confidential because "the documents reflect assessments and internal processes, expertise and know-how either of Shell itself or those commissioned to work on its behalf." *Id*.  Disclosure risks misuse, reveals vulnerabilities, and exposes proprietary engineering judgments. *Id*.  This Court has previously granted sealing for ongoing business activities and non-public operational documents on similar showings.

Fourth, **confidential communications with consultants and internal deliberations**—including consultant reports and emails, internal evaluations, certification scopes and limitations, and remedial investigation materials—constitute private business analyses and strategy communications.  Prior sealing rulings and the Standing Protective Order recognize that protecting these materials prevents competitive disadvantage and preserves legitimate privacy interests. Further, multiple documents at issue were produced by Defendants' consultants subject to non-party subpoenas. *See* Ex. 880-2, November 11, 2025 Decl. of P.Simonetta ("Simonetta Decl."), at ¶¶ 2 and 6.  These documents were properly marked confidential by the producing non-party because the documents "discuss[] and assess[] confidential information related to [Defendants'] business operations and permitting requirements." *Id*. at ¶¶ 8-9.  As such, any disclosure of these materials would cause competitive business harm to both Defendants and the producing non-parties. *Id*. at ¶¶ 10-12.

Finally, **expert reports and related deposition transcript pages discussing Designated Material** must be afforded the same confidentiality designation as the underlying exhibits and reports.  The SPO expressly directs that transcript pages discussing Designated Material carry the same designation, and prior orders endorse targeted, page-and-line sealing to avoid overbreadth. Specifically, the SPO expressly states that when Designated Material is used as a deposition exhibit, "the exhibit and related transcript pages receive the same confidentiality designation as

the original Designated Material." ECF 7 at ¶ 13. Because the transcript reveals and quotes from Designated Materials, the corresponding pages of the transcript are themselves Designated Materials and must remain sealed.

### B. Sealing of Defendants' Confidentially Designated Materials Is Consistent with This Court's Prior Rulings.

This Court has repeatedly entered tailored sealing orders protecting the very categories of information embedded in Plaintiff's filings—namely proprietary DEPs, internal metocean/adaptation work product, and facility-specific operational and technical details—upon particularized showings of competitive harm and confidentiality grounded in the Standing Protective Order and Local Rule 5(e)(3). *See e.g.*, ECF 221; ECF 288, ECF 656. Those orders recognize that disclosure would enable competitors to appropriate proprietary standards and internal know-how and expose security-sensitive parameters of ongoing operations, and that targeted redactions preserve meaningful public access while preventing misuse. *Id*.

This Court's prior decisions likewise protected non-public operational documents and security-sensitive facility content, finding that such information reflects ongoing business activities and confidential engineering judgments warranting protection under Local Rule 5(e)(3). The relief Defendants seek here mirrors those rulings.

The District of Rhode Island has taken the same approach in the companion case, issuing multiple text orders sealing materially identical categories of Defendants' confidential materials—including internal processes, adaptation analyses, and deposition excerpts—upon counsel's particularized representations of confidentiality and risk of harm. Those consistent rulings, across two courts and overlapping records, confirm that the interests asserted here are legitimate, substantial, and sufficient to overcome the presumption of access, especially where tailored redactions preserve public access to non-confidential content.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and enter an order maintaining under seal the unredacted versions of Defendants' Opposition Letter and corresponding Statement of Facts in Opposition.

Dated: November 14, 2025                                                  Respectfully submitted,

/s/ Douglas A. Henderson
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com
ctoledo@kslaw.com

Antonio E. Lewis (phv03069)
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com