UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EQUILON ENTERPRISES LLC, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-VDO <br><br><br> November 17, 2025 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO PRECLUDE
THE EXPERT TESTIMONY OF PHILLIP PASTERIS, M.S.**

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ........................................................................................................................ 2

    A. Mr. Pasteris' Opinions Are Procedurally Improper Under Rule 26 ........................ 2

        1. Mr. Pasteris Does Not Rebut the Opinions of Defendants' Experts ........... 2

        2. Mr. Pasteris Withheld Key Materials He Considered ................................ 3

        3. CLF Waived Any Response to Defendants' Rule 37 Arguments ............... 4

    B. CLF Applies an Outdated Version of Rule 702 ....................................................... 5

    C. CLF Fails to Meet Its Burden to Show Mr. Pasteris' Testimony Is Admissible .... 6

        1. Mr. Pasteris Is Not Qualified to Offer his Opinions ................................... 6

        2. Mr. Pasteris' Methodology Is Premised on Unsupported Speculation and Subjective Experience ......................................................................... 7

        3. Mr. Pasteris' Testimony Does Not Fit the Case and Is Unhelpful .............. 8

    D. Mr. Pasteris' Late-Disclosed Opinions are Needlessly Cumulative ....................... 9

III. CONCLUSION .................................................................................................................... 10

I.      INTRODUCTION

Plaintiff Conservation Law Foundation ("CLF") designated Phillip Pasteris—a meteorologist—to testify that performing climate change assessments constitutes "best industry practice" for bulk oil terminals under the 2018/2021 General Permit[1] based on his experience consulting for a single oil and gas company (for whom he did not even do the analysis he asserts Defendants should have performed). As Defendants explain in their Memorandum in Support of Motion to Preclude Mr. Pasteris' testimony ("Memo."), his testimony must be excluded on multiple grounds, including Federal Rule of Civil Procedure 26 and Federal Rules of Evidence 702 and 403. *See generally* ECF 742-1, Memo.

In its Opposition, ECF 831 ("Opp."), CLF demonstrates a now-familiar belief that if it continues to insist that what constitutes "best industry practice" can be unmoored from the 2018/2021 Permit, it can contort a straightforward CWA permit compliance case into a debate about climate change. In the process, CLF ignores the bulk of the cases cited by Defendants, choosing instead to offer conclusory and unsupported assertions about Mr. Pasteris' opinions, frequently in direct contradiction with not only the law, but also his own testimony. In short, admissibility is not presumed, and CLF bears the burden of proving—by a preponderance of the evidence—that Mr. Pasteris is qualified, and that his opinions are reliable and relevant. CLF fails to meet its burden. Accordingly, the Court should exclude his testimony in its entirety.

---

[1] The applicable permit when CLF filed this lawsuit was the 2018 General Permit, which was renewed without substantive changes in 2021. That Permit was terminated by the Connecticut Department of Energy & Environmental Protection ("CT DEEP") when the agency issued a new revised permit on October 1, 2025. The new Industrial Stormwater Permit for the facility became effective on November 1. The 2025 Permit, for the first time, includes a new requirement that permittees consider climate change factors. ECF 807, Defendants' Statement of Undisputed Facts, at ¶ 13.

## II.     ARGUMENT

### A.     Mr. Pasteris' Opinions Are Procedurally Improper Under Rule 26

#### 1.     Mr. Pasteris Does Not Rebut the Opinions of Defendants' Experts

In its Opposition, CLF does not (and cannot) deny Mr. Pasteris' demonstrated lack of knowledge or opinions regarding the experts and opinions he purportedly rebuts. Instead, CLF argues that Mr. Pasteris is, indeed, rebutting the testimony of Ms. Bodine, Mr. Uhlmann, Dr. Jones, and Mr. Kovich merely because his testimony (that "it is best industry practice to perform a climate risk assessment" at the Terminal) is proper rebuttal since it "contradicts the opinions of Defendants' experts" that "conducting a climate risk assessment for coastal facilities is not best industry practice." ECF 831, Opp. at 7. However, CLF's argument cannot be squared with *Jakobovits as Trustee of Lite Trust I v. PHL Variable Ins.*, which holds that where a report "only 'rebuts' [the opposing experts] in the broad sense" of disagreeing with the other side's general theories, those opinions should be excluded as improper rebuttal. 645 F.Supp.3d 95, 106 (E.D.N.Y. 2022). CLF does not distinguish this case. And CLF's reliance on *In re Keurig* is inapposite, as that case does not address the distinction between proper and improper rebuttal. ECF 831, Opp. at 9.

In a last-ditch effort to salvage Mr. Pasteris' testimony, CLF again asserts that "[t]he issues raised by Defendants go to weight rather than admissibility and may be explored on cross-examination." ECF 831, Opp. at 9. However, as the Court is aware, compliance with the discovery procedures set out in Rule 26 and with the case management order set by this Court are not issues that may be resolved in front of a fact-finder at trial.

Because Mr. Pasteris' opinions run afoul of Rule 26 and this Court's case management order, his testimony is inadmissible. These are threshold requirements for the Court, not matters for cross-examination. The Court should exclude his testimony in its entirety.

## 2. Mr. Pasteris Withheld Key Materials He Considered

CLF asserts Mr. Pasteris had no obligation to produce the materials he referenced in his deposition. ECF 831, Opp. at 9-10. It is wrong on the law.

CLF first argues that Mr. Pasteris "did not rely upon the particular documents Defendants complain were not produced to form his opinion." *Id*. at 9. However, Rule 26 imposes an affirmative duty on CLF to "disclos[e] [] any material *considered* by [a] [testifying] expert, from whatever source, that contains factual ingredients." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig*., 293 F.R.D. 568, 577 (S.D.N.Y. 2013) (emphasis added) ("It is irrelevant whether the expert ultimately relies upon the facts or data in forming her expert opinion[.]"). Moreover, courts apply "an objective test that defines 'considered' as anything received, reviewed, read, or *authored* by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed." *Employees Committed for Justice v. Eastman Kodak Co.*, 251 F.R.D. 101, 104 (W.D.N.Y. 2008) (citation omitted) (emphasis in original). This test applies "[e]ven if the expert avers under oath that he did not actually consider certain materials in forming his opinions." *Id*. (explaining that an expert saying he did not consider something "will not control"). Mr. Pasteris' testimony made clear that he had reviewed or prepared the PowerPoint and attendance list he described and that these materials related to his "best industry practice" opinions. ECF 742-1, Memo. at 13-14. Thus, as a matter of clear law, Mr. Pasteris "considered" these materials and must produce them or else be excluded.

Moreover, neither CLF nor Mr. Pasteris have, to date, produced any evidence to confirm their assertion that the materials are confidential. ECF 831, Opp. at 9-10. Indeed, their position appears to be that because Mr. Pasteris believes they might be confidential, that suffices to counter any disclosure obligation. *Id*. However, it does not. *See In re Mirena IUD Prods. Liab. Litig.*, 169 F.Supp.3d 396, 472-73 (S.D.N.Y. 2016) (excluding testimony regarding expert's

3

experience at FDA when expert refused to disclose information about that experience on confidentiality grounds because proponent party failed to satisfy "burden to show that its failure to disclose its expert's basis is substantially justified in the context of this case").

CLF additionally argues that the failure to disclose and produce does not violate Rule 26 because Defendants' counsel did not "negotiate a compromise" or "seek Court intervention to try and obtain these materials." ECF 831, Opp. at 10. But, again, Rule 26 requires disclosure of materials considered by a testifying expert. Fed. R. Civ. P. 26(a)(2)(B)(ii). By withholding these documents, CLF improperly shifts the burden to Defendants to chase down evidence they are entitled to receive. Without access to the actual content and context of the materials underlying Mr. Pasteris' "best industry practice" opinion, Defendants cannot test reliability, challenge accuracy, or expose limitations. This is precisely what Rule 26 and the Federal Rules of Evidence are designed to prevent. The Court should not countenance this gamesmanship. Because CLF failed to produce the materials Mr. Pasteris relied upon, his opinions could not be adequately scrutinized and should be excluded.

### 3. CLF Waived Any Response to Defendants' Rule 37 Arguments

CLF's Opposition fails to address Defendants' Rule 37 arguments regarding preclusion for nondisclosure of materials considered by Mr. Pasteris. This silence is dispositive. Courts routinely hold that when a party does not respond to an argument in opposition, that party waives the issue and the argument is conceded. *See Skyline Risk Mgmt., Inc. v. Legakis*, 733 F.Supp.3d 316, 325 (S.D.N.Y. 2024) ("A plaintiff effectively concedes a defendant's arguments by [its] failure to respond to them.") (collecting cases). CLF's failure to engage with Rule 37 and its burden to show substantial justification or harmlessness means the Court should treat these arguments as conceded and grant Defendants' requested relief.

B.   **CLF Applies an Outdated Version of Rule 702**

The December 2023 amendments to Rule 702 make clear that admissibility of expert testimony is not presumed; rather, the proponent of expert testimony must prove—by a preponderance of the evidence—that all four requirements of the rule are met. *See Gursslin v. City of Rochester*, No. 6:20-CV-06508 (EAW), 2025 WL 26669, at *2 (W.D.N.Y. Jan. 3, 2025); *see also* Fed. R. Evid. 702 Adv. Comm. notes to 2023 amendment.

CLF's Opposition, however, relies on the outdated three-prong test, and suggests that any concerns about Mr. Pasteris' methodology or foundation are matters for cross-examination, not exclusion. *See* ECF 831, Opp. at 2-4. That approach is no longer tenable. Indeed, the amendments were adopted to "clarify [Rule 702] to provide guidance to district courts that were misapplying it." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2025 WL 354671, at *1 (S.D.N.Y. Jan. 30, 2025); *see also In re Valsartan, Losartan, & Ibersartan Prods. Liab. Litig.*, MDL No. 19-2875, 2025 WL 3141002, at *12 (D. N.J. Nov. 10, 2025) (rejecting plaintiff's suggestion that flaws in expert's testimony could be addressed by "vigorous cross-examination" because "this would amount to a total abdication of [the court's] gatekeeping responsibility").

Recent decisions applying the amended rule emphasize that reliability and relevance must be established before expert opinions are presented to the jury. *See Fleming v. Vill. of Rockville Ctr.*, No. 2:19-CV-5435 (JS)(LGD), 2025 WL 2774808, at *6 (E.D.N.Y. Sept. 24, 2025); *In re Terrorist Attacks on September 11, 2001*, No. 03-MD-01570 (GBD)(SN), 2025 WL 2383768, at *2 (S.D.N.Y. Aug. 18, 2025). An "attack by the opponent" goes "to the weight of the evidence" ***only if*** the "court has found it more likely than not that" an expert is qualified and that his testimony is reliable and relevant. Fed. R. Evid. 702, Adv. Comm. Notes, 2023 Amendments.

This gatekeeping function is not optional. Courts must exclude expert opinions that lack a

5

reliable foundation or do not fit the facts of the case. CLF's failure to address the current Rule 702 standard, and its reliance on superseded precedent, underscores why Mr. Pasteris' testimony should not be admitted.

### C.  CLF Fails to Meet Its Burden to Show Mr. Pasteris' Testimony Is Admissible

#### 1.  Mr. Pasteris Is Not Qualified to Offer his Opinions

Mr. Pasteris is unqualified to offer expert testimony in this case because his expertise does not align with the central regulatory issues before the Court.[2] While he may possess general knowledge about climate change, this litigation is not about general climate science or even risk consulting. The central issue here concerns whether Defendants complied with specific regulatory obligations under the 2018/2021 Permit and the requirements of the SWPPP. And the inquiry under Rule 702 is not whether the witness possesses general expertise, but whether the expert's specialized knowledge fits the precise subject matter of the offered testimony. *See U.S. v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004) ("To determine whether a witness qualifies as an expert, courts compare the area in which the witness has superior knowledge, education, experience, or skill with the subject matter of the proffered testimony."); *Malletier v. Dooney & Bourke, Inc.*, 525 F.Supp.2d 558, 642 (S.D.N.Y. 2007) ("An expert qualified in one subject matter does not thereby become an expert for all purposes."). Because Mr. Pasteris' expertise is fundamentally disconnected from the regulatory and permitting questions at issue, his opinions are inadmissible.

---

[2] CLF cites *United States v. Patel*, No. 3:21-CR-220, 2023 WL 2643815 (D. Conn. Mar. 27, 2023), and *Dominion Res. SVC, Inc. v. Alstom Power, Inc.*, No. 3:16-CV-544, 2018 WL 3752878 (D. Conn. Aug. 8, 2018), to suggest that Mr. Pasteris is qualified to opine on matters concerning the oil and gas industry generally. *See* ECF 831, Opp. at 4-5. This argument is misplaced. Defendants' argument is not that experience working for oil and gas companies cannot qualify an expert to discuss the practices of those industries. Instead, Defendants argue that Mr. Pasteris' **lack** of experience (as well as knowledge, training, or, indeed, opinions) regarding the 2018/2021 Permit make him unqualified to testify about the meaning of "best industry practice" **within the context of that Permit**. ECF 742-1, Memo. at 16–17.

### 2. Mr. Pasteris' Methodology Is Premised on Unsupported Speculation and Subjective Experience

CLF claims Mr. Pasteris' opinions rest on reliable method but they do not. In support of its position, CLF attempts to apply *Munn* against Defendants, asserting that "Mr. Pasteris' methodology clearly meets [the] threshold" set out by that Court. ECF 831, Opp. at 5. However, in doing so, CLF ignores most of the threshold requirements established by the *Munn* Court: "[D]istrict judges must determine that proffered expert testimony is ***well-reasoned, not speculative***, and properly grounded in an accepted body of learning or experience in the expert's field before admitting such testimony, ***and they must exclude testimony that uses the scrim of expertise to obscure a lay impression about a case***." *Munn v. Hotchkiss School*, 24 F.Supp.3d 155, 202 (D. Conn. 2014) (emphasis added). In *Munn*, the Court found that an expert's testimony was based only on "the scrim of expertise" where he based his opinions on "anecdotal conversation with only a handful of" industry members. *Id*. at 203. Here, as explained in Defendants' Motion, Mr. Pasteris' experience is based on his work with only one member of the relevant industry. ECF 742-1, Memo. at 19-20. CLF attempts to deflect this flaw by noting that Mr. Pasteris had involvement with several bulk storage terminals operated by that industry member, but the practices of a single industry member do not establish industry standards.

Moreover, CLF does not dispute that while Mr. Pasteris uses his limited experience to opine that "best industry practice" "for bulk oil and gas storage terminals includes performing climate change analyses that include assessments of extreme precipitation risks, ***his prior analyses did not actually include any such assessment***." *Id*. at 20 (emphasis added).

In sum, CLF's reliance on *Munn* is misplaced. The *Munn* court required expert testimony to be well-reasoned, grounded in accepted principles, and free from speculation—not based on anecdotal experience with a single industry member. Mr. Pasteris' opinions fail that standard. His

7

limited experience does not establish industry norms, and his own prior work contradicts the practices he now claims are "best industry practice." For these reasons, his methodology is unreliable, and his testimony should be excluded.

### 3. Mr. Pasteris' Testimony Does Not Fit the Case and Is Unhelpful

CLF argues that Mr. Pasteris' "best industry practice" and precipitation risk opinions both "fit" the case. ECF 831, Opp. at 5-7. However, these arguments fail.

*First*, CLF does not (and cannot) dispute that Mr. Pasteris disregarded the 2018/2021 Permit completely when developing his "best industry practice" opinion. *See* ECF 742-1, Memo. at 22-23. While CLF prefers to pretend this is a common law negligence case with a broad and undefined standard of "reasonable care," CLF chose to file this case a CWA stormwater permit compliance case, where the term "best industry practice" must be viewed within the context of the Permit. Accordingly, Mr. Pasteris' admission that he has never reviewed the 2018/2021 Permit or related materials means that, by definition, his opinions do not "fit" this case.

*Second*, Mr. Pasteris' precipitation risk opinion cannot help the jury because it is not specific to the Terminal. CLF asserts without citation to any authority that Mr. Pasteris' inability to identify site-specific risks (or, indeed, to find the Terminal on a map) does not impact the relevance of his opinion. ECF 831, Opp. at 6-7. However, CLF does not challenge that, as Defendants raised in Mr. Pasteris' deposition and their Motion, flood and precipitation risks across New Haven—even just around the Harbor—are not uniform and, indeed, can differ significantly depending on location. ECF 742-1, Memo. at 25-26. Moreover, as Mr. Pasteris neglected to assess any actual flooding events and had no knowledge of any actual releases, his testimony cannot help the jury. *Waterkeeper Alliance, Inc. v. U.S. E.P.A.*, 399 F.3d 486, 505 (2d Cir. 2005) ("[T]he Clean Water Act gives the EPA jurisdiction to regulated and control only *actual* discharges—not potential discharges and certainly not the point sources themselves.")

8

(emphasis in original) (citing *Nat. Res. Defense Council v. U.S. E.P.A.*, 859 F.2d 156, 169-70 (D.D.C. 1988) ("EPA's jurisdiction under the [CWA] is limited to regulating the discharge of pollutants. Thus, just as EPA lacks authority to band construction of new sources pending permit issuance, so the agency is powerless to impose permit conditions unrelated to the discharge itself.")). Accordingly, Mr. Pasteris' non-specific precipitation risk opinions cannot actually help the fact-finder.

***Third***, CLF does not respond to Defendants' argument that Mr. Pasteris' opinions do not fit because he could not tailor his opinions to "near term risks during the time period of the 2018/2021 Permit." ECF 742-1, Memo. at 26-27. Once more, by failing to respond, CLF concedes the argument. *See Skyline Risk Mgmt.*, 733 F.Supp.3d at 325.

As Mr. Pasteris' opinions not "fit" the case, they should be precluded.

### D. Mr. Pasteris' Late-Disclosed Opinions are Needlessly Cumulative

CLF asserts that Mr. Pasteris' opinions cannot be needlessly cumulative because his testimony is "unique," pointing only to the fact that he is the only one of CLF's experts who "directly rebuts Defendants' experts' testimony that, based on their experience consulting with the oil and gas industry, climate change risk assessments are not 'best industry practice.'" ECF 831, Opp. at 10-11. However, there is one major problem with that assertion—Mr. Pasteris ***does no such thing***. Indeed, as explained above, Mr. Pasteris does not rebut any expert at all, let alone "directly." *See supra* Section II(B)(1). If Mr. Pasteris is challenging other experts' testimony regarding "best industry practice" specifically with regards to their industry experience, this is likely news to him. Mr. Pasteris did not even know what Defendants' experts' opinions or backgrounds were and admitted to having no opinions on their qualifications or reports. ECF 742-3, Ex. B Pasteris Dep. at 19:23-20:12 (admitting he does not know what kind of experts Mr. Kovich and Mr. Uhlmann are, the substance of their reports, what their opinions were, the bases

9

of their opinions, or their background and training), *id*. at 96:22-97:6 (admitting he did not know Ms. Bodine's background or qualifications and that he had "[n]o opinion" on her report), *id*. at 98:10-22 (admitting he had no opinions regarding Dr. Jones' qualifications or methodologies). Thus, as the only "quality" that makes Mr. Pasteris' report "unique" is entirely nonexistent, by CLF's own measure, Mr. Pasteris' testimony is irrelevant and needlessly cumulative and should be excluded under Rule 403.

CLF additionally asserts with no citation to authority that cumulativeness cannot be grounds for exclusion at the Rule 702 briefing stage. ECF 831, Opp. at 11. However, as a matter of clear law cited by Defendants, CLF is wrong. *See Nimely v. City of New York*, 414 F.3d 381, 388-89 (2d Cir. 2005) (excluding expert testimony pursuant to a motion to exclude on Rule 702 and 403 grounds and explaining that "the Supreme Court, echoed by members of our own court, has noted the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberation."); *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F.Supp.2d 53, 96-97 (S.D.N.Y. 2001) (excluding expert testimony as needlessly cumulative pursuant to a motion to exclude under Rule 702 and 403 and explaining that "[e]xpert testimony presents no exception to [the] general rule" that "[a] district judge has discretion to exclude evidence if it is cumulative of evidence already in the record"). Accordingly, the Court can and should exclude Mr. Pasteris' late disclosed affirmative opinions as needlessly cumulative.

### III.    CONCLUSION

Because CLF cannot show that Mr. Pasteris' opinions are timely, qualified, reliable, or relevant, his testimony fails under Rules 26, 702, and 403, they should be excluded in their entirety.

Dated: November 17, 2025                                    Respectfully submitted,

/s/ Douglas A. Henderson
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com
ctoledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
HILGERS GRABEN PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
BEVERIDGE & DIAMOND, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com


James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

11

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
BEVERIDGE & DIAMOND, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will effect service on all counsel of record by sending a Notice of Electronic Filing.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com