# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| Plaintiff, | Case No: 3:21-cv-00933-VDO |
| v. | |
| EQUILON ENTERPRISES LLC, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | November 17, 2025 |
| Defendants. | |

# DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO PRECLUDE THE EXPERT TESTIMONY OF JOSHUA C. MACEY

**TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................ | 1 |
| II. | ARGUMENT ........................................................................................................ | 1 |
| | A. CLF Relies on an Inapplicable Evidentiary Standard............................. | 1 |
| | B. Mr. Macey Offers Improper Legal Conclusions ...................................... | 2 |
| |     1. An expert's legal opinion about "control" is inadmissible ......... | 2 |
| |     2. Mr. Macey offers improper legal conclusions and opinions...... | 3 |
| | C. Mr. Macey's Opinions Cannot Assist the Jury......................................... | 4 |
| | D. CLF Failed to Establish that Mr. Macey's Methodology Is Reliable ..... | 5 |
| |     1. Mr. Macey Relied Solely on Documents Selected by Counsel ................. | 5 |
| |     2. Mr. Macey Relied on Documents with No Connection to the Terminal..... | 6 |
| |     3. Mr. Macey Ignored Relevant Evidence ..................................... | 7 |
| | E. CLF Failed to Establish Mr. Macey is Qualified in the Relevant Subjects ............ | 8 |
| | F. The Court Should Exclude Mr. Macey's Opinions Under Rule 403 ...................... | 9 |
| III. | Conclusion ........................................................................................................... | 10 |

I.  **INTRODUCTION**

CLF argues that of Mr. Macey's opinions "concern Defendants' corporate structure, governance, and responsibility/authority to operate the New Haven Terminal as set forth in various contracts and agreements." ECF 828, Opp. at 1. But rather than assisting the jury understand evidence or determine a fact in issue, Mr. Macey offers improper legal opinions and conclusions based on his application of legal standards to the facts, which is not proper expert testimony. CLF has failed to establish that Mr. Macey's opinions satisfy the prerequisites for admissibility under Rule 702, and they are therefore inadmissible.

Mr. Macey's third opinion, which states, "Defendants have the financial ability to pay any civil penalties in this case," ECF 828, Opp. at 1, is also improper. First, while Mr. Macey's reports offered the opinion that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ he did not disclose any opinion about Defendants Triton, Equilon, or Motiva, as required by 26. ECF 729-2, Macey Rpt. ("Rpt.") at ▇▇ (emphasis added). Mr. Macey's rebuttal report offers his opinion regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ECF 729-3, Reb. Rpt. at 1, but this opinion again applies to ▇▇▇▇▇▇▇▇▇▇▇ not Defendants'. *id.* at 2. Mr. Macey's rebuttal report does not mention any named Defendant. *See generally id.* CLF's attempt to modify or add to Mr. Macey's disclosed opinions is not allowed under the Rules. Procedural deficiencies aside, CLF has also failed to establish that his opinions are admissible under Rule 702, and they should be excluded.

II. **ARGUMENT**

   A.  **CLF Relies on an Inapplicable Evidentiary Standard**

As the proponent of his testimony, CLF bears the burden of demonstrating "that it is more likely than not that [Mr. Macey's] proffered testimony meets the admissibility requirements set forth in the rule." *Gursslin v. City of Rochester*, No. 6:20-CV-06508 EAW, 2025 WL 26669, at *2

1

(W.D.N.Y. Jan. 3, 2025) (quoting Fed. R. Evid. 702 Adv. Comm. note, 2023 amendment); *see also Post Univ. v. Learneo, Inc.*, 3:21-CV-01242 (VDO), 2025 WL 2709370, at *2 (D. Conn. Sept. 23, 2025). Disregarding the applicable standard and ignoring its burden, CLF offers conclusory assurances that Mr. Macey's opinions are admissible, while dismissing Defendants' objections as questions concerning "the weight … that can be addressed via cross examination at trial." *See, e.g.*, ECF 828, Opp. at 2; *see also id.* at 9, n.3. This is plainly "an incorrect application of Rules 702 and 104(a)." *See* 2023 Adv. Comm. Notes §1.

Contrary to CLF's suggestion, "it is not enough to 'presume' expert testimony is admissible" and "relegate issues of reliability to cross-examination." *United States v. Diaz*, No. 24-cv-0032, 2024 WL 758395, at *4 (D.N.M. Feb. 23, 2024) (citations omitted). Indeed, "there are only so many questions of weight that can be tolerated." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2025 WL 354671, at *4 (S.D.N.Y. Jan. 30, 2025) (citations omitted); *see also In re Valsartan, Losartan, & Ibersartan Prods. Liab. Litig.*, MDL No. 19-2875, 2025 WL 3141002, at *12 (D. N.J. Nov. 10, 2025) (rejecting suggestion that flaws in expert's testimony could be addressed by "vigorous cross-examination" because "this would amount to a total abdication of [the court's] gatekeeping responsibility").

      **B.**    **Mr. Macey Offers Improper Legal Conclusions**

            **1.**    **An expert's legal opinion about "control" is inadmissible**

Mr. Macey's opinions concerning Defendants' alleged "operational control over the New Haven Terminal," ECF 828, Opp. at 1, are legal conclusions that go beyond the proper scope of expert testimony. *See Densberger v. United Technologies Corp.*, 297 F.3d 66, 74 (2d Cir. 2002) ("The law is clear that expert witnesses may not instruct the jury on the law, apply legal standards to the facts, or offer ultimate legal conclusions."). CLF claims Mr. Macey's opinion concerning alleged operational control "is not the same" as an opinion on the "viability of legal

2

claims," ECF 828, Opp. at 8,[1] but it remains an inadmissible legal opinion.

CLF's reliance on *United States v. Hoskins*, ECF 828, Opp. at 9, is misplaced. There, the court held that an expert's opinion that "purports to explain or define the concept of control" is inadmissible. *See United States v. Hoskins*, No. 3:12cr238 (JBA), 2019 WL 5556092, at *5 (D. Conn. Oct. 28, 2019) ("Because 'control' is a critical element of the definition of agency which the Court will provide to the jury, permitting a witness to define control or opine as to what constitutes control in a corporate setting would infringe on the Court's role and is likely to confuse the jury."). Mr. Macey's opinions are inadmissible under this precedent.

### 2.    Mr. Macey offers improper legal conclusions and opinions

CLF attempts to rebrand Mr. Macey's conclusions as "legal analysis required to analyze corporate structure and governance," as opposed to "any opinion regarding *Bestfoods* or its applicability to this case." ECF 828, Opp. at 8. A qualified expert's opinion concerning certain legal concepts may arguably be admissible, but Mr. Macey takes it further, providing opinions based on his understanding and application of the legal standards set forth in *Bestfoods*. This type of legal conclusion is an impermissible expert opinion. *See Densberger v. United Techs. Corp.*, 297 F.3d 66, 74 (2d Cir. 2002); *SLSJ, LLC v. Kleban*, 277 F.Supp.3d 258, 284 (D. Conn. 2017) (precluding expert opinion that sought to apply corporate governance to the facts of the case).[2]

CLF's claim that "[e]xperts like Professor Macey are routinely qualified to testify at trial," ECF 828, Opp. at 5-6, is unavailing. The relevant inquiry for the Court is whether CLF can establish that, more likely than not, Mr. Macey's opinions are admissible in this case. "Other courts' assessments of other expert witnesses in other cases are irrelevant to the case at bar." *In re*

---

[1] CLF's claim that Defendants have attempted to confuse the Court, ECF 828, Opp. at 8, is unfounded and improper. Defense counsel have at all times acted with professionalism and decorum and followed the rules of professional conduct and the rules of this Court. They will continue to do so and expect CLF's counsel to do the same.
[2] Mr. Macey's testimony that he is not offering legal opinions, ECF 828, Opp. at 6, is inadmissible *ipse dixit*.

3

*Terrorist Attacks on September 11, 2001*, No. 03-MD-01570, 2025 WL 2383768, at *9 (S.D.N.Y. Aug. 18, 2025) (noting "standard under Rule 702 no longer remains the same").

Finally, the cases that CLF cites, both of which predate the most recent amendments to Rule 702, do not support its arguments. For example, in *United States v. Rankin*, No. 3:18-CR-272, 2021 WL 5563996 (D. Conn. Nov. 27, 2021), Judge Meyer clarified the distinction between testimony concerning "background" legal concepts—which may be admissible—and legal conclusions—which are not. *Id.* at *2, *6 (making clear that "overwhelmingly, courts specifically preclude the expert from offering either legal conclusions or opinions that apply corporate governance concepts to the case's specific facts"). Under *Rankin*, Mr. Macey's opinions about "operational control" are inadmissible. *Id.*[3]

### C. Mr. Macey's Opinions Cannot Assist the Jury

The sole issue in this lawsuit is whether the Terminal complies with the Permit.[4] Mr. Macey is not offering opinions relevant to this compliance issue. ECF 828, Opp. at 1, 5, 8.

Mr. Macey's opinions concerning any corporate entities not named as defendants, their alleged financial condition or viability, and/or ability to pay a penalty, have no bearing on the central issue in this case: whether Defendants (Triton, Equilon, and Motiva) violated any of the provisions of the 2018/2021 Permit. But as CLF necessarily acknowledges, Shell plc is not a defendant in this lawsuit. ECF 828, Opp. at 10. Mr. Macey's opinions concerning nonparties, including Shell plc, Shell USA, and Shell Petroleum, Inc., are irrelevant to CLF's claims against the Defendants in the case.[5]

---

[3] *Rochester Gas & Elec. Corp. v. GPU, Inc.*, 355 F. App'x 547, 551 (2d Cir. 2009), is similarly inapposite. There, the Second Circuit applied New York law and found that "[o]n [that] record" there was no manifest error in allowing the expert to provide opinions on corporate structure and whether a corporation could pierce its own corporate veil.
[4] The applicable permit (the 2018/2021 Permit) was terminated on October 1, 2025, by a permit effective November 1, 2025. The new permit now requires consideration of "climate change." *See* https://portal.ct.gov/deep/water-regulating-and-discharges/stormwater/industrial-stormwater-gp#Permit%20Documents.
[5] Mr. Macey's opinions about the "operational control" of the Terminal are beyond the scope of this lawsuit because

To the extent he intends to offer testimony concerning ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ Mr. Macey's opinions are irrelevant because there is no evidence that ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 1, Macey Dep. at 102:19-21. Mr. Macey also could cite no evidence that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓ *Id.* at 102:22-103:2.

Should Mr. Macey seek to offer opinions concerning the imposition and scope of penalties, that is an issue for the Court. *See FAA v. Landy*, 705 F.2d 624, 632 (2d Cir. 1983). CLF's assertion that experts are routinely permitted to testify about a defendant's financial condition, ECF 828, Opp. at 1-2, is unsupported by the cases it cites. *Advance Pharm., Inc. v. United States*, 391 F.3d 377, 400 (2d Cir. 2004), found only that "the district court did not clearly err in finding that defendants' financial condition evidenced an ability to pay a $2 million penalty." It does not even reference Rule 702—or indicate that there was even an objection to the expert. The second case, *In re Refco Sec. Litig.*, No. 07 CIV. 8165, 2012 WL 13060288 at *1 (S.D.N.Y. July 30, 2012), is a summary order that includes one sentence granting a motion in part with no explanation of the basis of the ruling allowing the expert to testify.

### D. CLF Failed to Establish that Mr. Macey's Methodology Is Reliable

#### 1. Mr. Macey Relied Solely on Documents Selected by Counsel

CLF's assertion that Professor Macey's selection of documents represents a standard approach to evaluating corporate relationships, ECF 828, Opp. at 9, is curious, given his testimony that CLF's counsel selected and provided with all the documents he reviewed. *See* ECF 729-4, Ex. C Macey Dep. ("Dep.") at 67:5-15 ("I told the attorneys from Motley Rice that

---

CLF failed to plead facts to pierce the corporate veil. *See DeLeonardis v. Subway Sandwich Shops, Inc.,* 35 Conn. App. 353, 358, 646 A.2d 230 ("[P]iercing the corporate veil is difficult and appropriate only under exceptional circumstances."), *cert. denied*, 231 Conn. 925, 648 A.2d 162 (1994).

5

these are the kinds of documents that would be useful for my report. … [O]n the basis of the documents they furnished … I prepared my report."). An expert opinion that "relie[s] upon the plaintiff's attorney to provide him with the relevant" information does not satisfy the requirements of Rule 702. *Prohaska v. Sofamor, S.N.C.*, 138 F.Supp.2d 422, 437 (W.D.N.Y. 2001) (citation omitted); *see also Scentsational Techs., LLC v. Pepsi, Inc.*, No. 13 Civ. 8645, 2018 WL 1889763, at *3-4 (S.D.N.Y. Apr. 18, 2018) (expert may not "act as a vehicle to present a factual narrative of interesting or useful documents for a case, in effect simply accumulating and putting together one party's 'story.'").

CLF has not met its burden to show Mr. Macey's methodology is reliable and that his opinion reflects a reliable application of the methods to the facts of the case is another reason why the Court should exclude Mr. Macey's opinions. *See Cleaveland v. Home Depot USA Inc.*, 788 F.Supp.3d 325, 336-37 (D. Conn. 2025) (Nagala, J.) (excluding expert opinion when the plaintiff "ha[d] not put forth any evidence or argument that" the expert's methodology was "a reliable methodology from which to draw conclusions") (citations omitted).

### 2. Mr. Macey Relied on Documents with No Connection to the Terminal

Mr. Macey's opinions are "insufficiently connected to the facts of the case" and are inadmissible. *See In re Zyprexa Prods. Liab. Litig.,* No. 04-MD-1596, 2009 WL 1357236, at *2 (E.D.N.Y. May 12, 2009). CLF's claim that Mr. Macey "focus[ed] on the most relevant materials that demonstrate actual operational practices," ECF 828, Opp. at 9, is belied by his testimony, where he conceded repeatedly that ███████████████████████████████████████████████████████████████████████████████████████████████ Ex. 1, Macey Dep. at 119:15-120:4, 132:23-133:9, 134:15-135:4. Mr. Macey was also ███████████████████████████████████████ ███████████████

6

Instead, Mr. Macey reviewed and relied on documents concerning extraneous facilities. *See, e.g.*, *id.* at 133:10-135:4 and Ex. 11 (discussing a spreadsheet that does not mention the Terminal); ECF 729-4, Dep. at 120:5-121:11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* at 121:12-25, 123:2-16 (testifying that he reviewed "very important" service agreements, but he is not aware of whether any identifies the operator of the Terminal). Mr. Macey did not even attempt to explain how his opinions relying on those documents are relevant to CLF's claims in this case. Without evidence that there is some connection between the evidence he relied upon and his opinions, his conclusions are inadmissible. *See U.S. v. Donald*, No. 3:21-cr-8, 2023 WL 6958797, at *17 (D. Conn. Oct. 23, 2023) (courts must "examine not only the validity of the expert's methodology, but also the analytical connection between the application of the expert's proffered theory to the facts at issue in the case").

### 3. Mr. Macey Ignored Relevant Evidence

Mr. Macey also disregarded relevant evidence that did not support his conclusions, which further indicates that his opinions are unsupported and unreliable. *See U.S. v. Smith*, No. 25 Cr. 4, 2025 WL 2802860, at *15 (S.D.N.Y Oct. 2, 2025) (expert opinion inadmissible based on failure to consider and address contradictory evidence); *see also In re Rezulin Prods. Liab. Litig.*, 369 F. Supp. 2d 398, 425 (S.D.N.Y. 2005) ("[A]n expert 'should address evidence that contradicts [her] conclusions.'") (citation omitted).

For example, Mr. Macey did not review any of the following: transcripts of depositions in the case (ECF 729-4, Dep. at 65:16-66:18; Ex. 1, 193:19-194:6); sworn witness declarations, including some listed in his reliance materials (ECF 729-4, Dep. at 66:19-22, 146:10-13; Ex. 1, 196:7-12); relevant Terminal documents such as the Business Continuity Plan (ECF 729-4, Dep. at 194:7-195:12); Permits applicable to the Terminal or related documents (*id.* at 61:3-19); the

draft 2024-2025 CT DEEP permit (*id.* at 61:20-22); the Terminal's SWPPP and SPCC (*id.* at 61:23-62:10); and discovery responses (Ex. 1, 184:13-185:2).

Contrary to CLF's assertion, ECF 828, Opp. at 9, it is not Defendants' burden "to identify any specific documents that would contradict his findings." CLF's attempt to shift its burden to Defendants is improper. *See Cayuga Indian Nation of N.Y. v. Pataki*, 83 F.Supp.2d 318, 322 (N.D.N.Y. 2000) ("[I]t is the proponent's burden … to establish admissibility, rather than the opponent's burden to establish inadmissibility."); *cf. Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 554 F.Supp.3d 606, 618 (S.D.N.Y. 2020) (holding that a party "cannot shift the evidentiary burden" onto its opponent "to escape its own failure to provide" admissible evidence), *aff'd*, 839 Fed. Appx. 545 (Fed. Cir. 2021).

### E. CLF Failed to Establish Mr. Macey is Qualified in the Relevant Subjects

CLF argues that Mr. Macey's academic career "in the field of corporate law, structure, and governance … uniquely prepares him to testify about Defendants' corporate structure, the roles and responsibilities, … and their financial position." ECF 828, Opp. at 3. This is not an accurate description of the standard.

Even under the proper legal standard, CLF's conclusory endorsement of Mr. Macey's purported qualification is insufficient to satisfy its burden under Rule 702. *See Max Zach Corp. v. Marker 17 Marine*, 3:23-CV-01088 (VDO), 2024 WL 4614487, at * 4 (D. Conn. Oct. 30, 2024) (this Court found the witness "not qualified to be an expert" when his "qualification and experience … [were] not demonstrated"). In fact, Defendants objected that Mr. Macey lacks the requisite qualifications to provide expert opinions concerning certain entities' financial condition and viability, accounting, and/or economics, ECF 729-1, Memo. at 17-19, but CLF failed to respond, effectively conceding this point. *See Devito v. Smithkline Beecham Corp.*, No. 02–CV–0745NPM, 2004 WL 3691343 (N.D.N.Y. Nov. 29, 2004) (finding that plaintiff's failure to

respond to a specific challenge to an expert "amounts to a concession by plaintiff that the court should exclude [the expert's] testimony."); *see also Anti–Monopoly, Inc. v. Hasbro, Inc.*, 958 F.Supp. 895, 907 n.11 (S.D.N.Y.), *aff'd*, 130 F.3d 1101 (2d Cir. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."), *cert. denied,* 525 U.S. 813, 119 S.Ct. 48 (1998).[6] By electing not to respond to Defendants' argument regarding Mr. Macey's lack of qualifications, CLF has waived this issue.

Finally, regardless of his purported background in "corporate law, structure, and governance," ECF 828, Opp. at 3, Mr. Macey "is not qualified to compete with the judge in the function of instructing the jury." *Levinson v. Westport Nat'l Bank*, No. 3:09-CV-1955 VLB, 2013 WL 3280013, at *4 (D. Conn. June 27, 2013) (precluding expert testimony about "meaning of legal terms").

### F. The Court Should Exclude Mr. Macey's Opinions Under Rule 403

Again relying on its own version of the Rules of Evidence, and without support from any legal authority, CLF claims that Mr. Macey's opinions are not unfairly prejudicial because they do not appeal to anger or emotion. ECF 828, Opp. at 12. But Rule 403 provides for exclusion of evidence, such as Mr. Macey's opinions and legal conclusions, because allowing them "raises the risk of confusing the jury with a potentially incorrect legal standard." *See Fleming v. Vill. of Rockville Ctr.*, No. 2:19-cv-5435, 2025 WL 2774808, at *8 (E.D.N.Y. Sept. 24, 2025). Even assuming the jury "were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard— explicit or implicit—to the jury." *Hygh v. Jacobs*, 961 F.2d 359, 363–64 (2d Cir. 1992).

---

[6] *See also Cafasso v. Nappe*, No. 3:15-CV-920, 2017 WL 4167746, at *5 (D. Conn. Sept. 20, 2017) ("Plaintiff does not respond directly to Defendants' argument … and so the court considers the point to be conceded."); *accord Pal v. Canepari*, No. 3:20CV13, 2023 WL 2712371, at *23, n.45 (D. Conn. Mar. 30, 2023) (finding plaintiff abandoned claim by failing to oppose defense argument), *aff'd*, No. 23-730, 2024 WL 4341360 (2d Cir. Sept. 30, 2024)).

CLF's conclusory assertion that Mr. Macey's "testimony is highly probative of several [unidentified] issues in this case," ECF 828, Opp. at 12, is insufficient and unsubstantiated. While CLF argues Mr. Macey's opinions are directly relevant to "the claims at issue," *id.* at 2, it concedes that Mr. Macey's opinions do not concern compliance with or an alleged violation of the Permit applicable to the Terminal, *id.* at 5. And while CLF maintains that Mr. Macey's opinions are directly related to penalty assessments, if any, *id.* at 2, the Court is capable of resolving that issue without Mr. Macey's irrelevant and unsupported opinions.

Finally, because CLF has failed to satisfy its burden of showing that Mr. Macey's opinions are admissible under Rule 702, allowing it to present his improper legal opinions and unqualified, unreliable, and unsupported opinions can only mislead the jury and result in confusion of the issues and unfair prejudice to Defendants, given the substantial risk that the jury might base its verdict, at least in part, on Mr. Macey's unfounded "expert" opinions. This risk is particularly acute in a case such as this one, where the testimony concerns issues that are complex in nature and is coming from an expert affiliated with prestigious institutions, such as Yale, Cornell, and Chicago law schools. *See U.S. v. Frazier*, 387 F.3d at 1263 (11th Cir. 2004) ("Simply put, expert testimony may be assigned talismanic significance in the eyes of lay jurors."); *Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 DJS, 2012 WL 5408420, at *7 (D. Conn. Nov. 6, 2012) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses."). Mr. Macey's unduly prejudicial testimony should be excluded.

### III.  CONCLUSION

For these reasons stated here and in Defendants' initial motion, the Court should exclude the opinions of CLF's expert, Joshua C. Macey.

Dated: November 17, 2025                              Respectfully submitted,

/s/ Douglas A. Henderson
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com
ctoledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
T: (704) 503-2551
alewis@kslaw.com

Rose H. Jones
HILGERS GRABEN PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
BEVERIDGE & DIAMOND, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE & DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
BEVERIDGE & DIAMOND, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will effect service on all counsel of record by sending a Notice of Electronic Filing.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com