# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------x
CONSERVATION LAW :
FOUNDATION, INC., :
:
Plaintiff :
:CASE NO.
-versus- :3:21-CV-00933-VDO
:
EQUILON ENTERPRISES LLC :
d/b/a SHELL OIL PRODUCTS :
US, TRITON TERMINALING LLC :
and MOTIVE ENTERPRISES LLC,:
:
Defendants :
---------------------------x

Videotaped Deposition of JOSHUA MACEY, taken pursuant to Rule 30 of the Federal Rules of Civil Procedure, held at the law offices of WIGGIN AND DANA, LLP, One Century Tower, 265 Church Street, New Haven, Connecticut, before Julia Flynn Cashman, RPR, CSR and Notary Public in and for the State of Connecticut, on Tuesday, September 2, 2025, at 9:00 a.m.



Page 120



[Page content redacted]

[redacted]

A. I don't recall.

Q. There's another document that you cite in your expert report. This, we'll mark as Macey Exhibit 11.

(DEFENDANT'S EXHIBIT 11 FOR IDENTIFICATION Received and Marked.)

Q. Have you seen this document before?

A. Yes, I have.

Q. This is one of the documents that you relied on in performing --

A. It is.

Q. -- preparing your expert opinions?

A. It is.

Q. I'll note that this is a -- in its native format, a spreadsheet. And this appears to be a printout of that spreadsheet, fair?

A. Yes.

Q. This spreadsheet is undated, correct?
A. It is undated. There are dates in the third column. I'm just trying to -- I mean, that's not the date of the document. But the document itself is undated.
Q. So for the record, there is a column here that shows revision dates of the document, correct?
A. Yes.
Q. But there's no date on this document that will tell you when the document itself or the spreadsheet itself was created; fair?
A. I would need to review the document carefully again, but I am not aware of any.
Q. Are there any references in this document to the New Haven Terminal whatsoever?
A. I do not believe that there are, but I would -- am happy to look through it.
[redacted]



MR. KEARNEY: This will be Macey Exhibit 12.

(DEFENDANT'S EXHIBIT 12 FOR

A. Correct.

Q. And do you know that when a party submits Answers to Interrogatories, that those answers are served under oath?

A. Yes.

Q. That means that the person signing the answers has to certify that they are telling the truth under penalty of perjury, correct?

A. Correct.

Q. Just like you've sworn to tell the truth in your testimony today?

A. Correct.

Q. I'm going to hand you a copy of your Interrogatory answers in this case. Bear with me.

You could put aside the Yeates Declaration. So this next exhibit will be Macey Exhibit 15.

(DEFENDANT'S EXHIBIT 15 FOR IDENTIFICATION Received and Marked.)

MR. KEARNEY: For the record, I'll state this is a copy of "Defendant's Second Supplemental Response to Plaintiff Conservation Law Foundation Interrogatories to All Defendants" with this case is captioned up top. And if you go to the back, it was served on October 11, 2024.

Q. Professor Macey, I assume you've not seen

this document before today?

A. No, I have not.

Q. If you turn your direction to page 8, you can see it's a part of a response to Interrogatory Number 9. Is that correct, if you look from page 6, it flows forward and then we're on page 8.

A. Okay.

Q. Direct your attention to the first paragraph on the page, which starts with, reading,

[redacted]



Joshua Macey September 2, 2025
Conservation Law Foundation, Inc. v. Shell Oil Com

Page 194

[redacted]

Q. Would that have been relevant to your points in this case?

MR. PENDELL: Objection to form.

A. Again, I would need to look at the deposition.

Q. And this document, again, states that the [redacted]

Q. And you haven't reviewed the SEAM standards either?

A. I have not.

Veritext Legal Solutions
800.808.4958 770.343.9696

MR. KEARNEY: I'll mark this as Macey Exhibit 16 and say for the record it's a copy of the February 12, 2025, 30(b)(6) videotaped deposition of Brian Evans.

(DEFENDANT'S EXHIBIT 16 FOR IDENTIFICATION Received and Marked.)

Q. So Professor Macey, we were just discussing the Yeates Declaration and then the Interrogatory answer which you had not reviewed. But this deposition transcript is on your list of materials considered, correct?

A. Yes.

Q. And it's your understanding that Mr. Evans was sitting for a deposition on this date, February 12, 2025, just like you're sitting here today, correct?

A. Correct.

Q. In fact, he was actually a Rule 30(b)(6) deposition deponent. Do you understand what that means?

A. I believe so. As we discussed, my civil procedure is not ideal. If you wouldn't mind reminding me, I'd be grateful.

Q. Do you understand that Mr. Evans was designated to testify on behalf of defendants for

C E R T I F I C A T E

I hereby certify that I am a Notary Public in and for the State of Connecticut duly commissioned and qualified to administer oaths.

I further certify that the deponent named in the foregoing deposition was by me duly sworn and thereupon testified as appears in the foregoing deposition; that said deposition was taken by me stenographically in the presence of counsel and transcribed by means of computer-aided transcription by the undersigned, and the foregoing is a true and accurate transcript of the testimony.

I further certify that I am neither of counsel nor attorney to either of the parties to said suit, nor of either counsel in said suit, nor related to or employed by any of the parties or counsel to said suit, nor am I interested in the outcome of said cause.

Witness my hand and seal as Notary Public this 28th day of September, 2025.

NOTARY PUBLIC

My commission expires: 11/30/2027