# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION, INC.,

    *Plaintiff*,

              v.

SHELL OIL COMPANY, EQUILON
ENTERPRISES LLC D/B/A SHELL OIL
PRODUCTS US, SHELL PETROLEUM, INC.,
TRITON TERMINALING LLC, and MOTIVA
ENTERPRISES LLC,

    *Defendants*.

Civil Action No. 3:21-cv-00933-VDO

November 17, 2025

## REPLY IN FURTHER SUPPORT OF PLAINTIFF'S *DAUBERT* MOTION TO PRECLUDE THE EXPERT TESTIMONY OF <u>DEBORAH FRENCH-MCCAY, PH.D.</u>

**ORAL ARGUMENT REQUESTED**

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION** ..................................................................................................... 1

**BACKGROUND** ...................................................................................................... 1

**ARGUMENT** ........................................................................................................... 2

    A.   Integral's Consultant Who Ran the Delft3D FM Model Upon Which Dr. French-McCay Relied Was Not Properly Disclosed. ...................................................... 2

    B.   Dr. French-McCay Opinions That Rely on the Delft3d FM Model Are Unreliable And Should Be Excluded. .............................................................................. 5

    C.   SIMAP Does Not Rest On A Reliable Foundation Under *Daubert* And Should Be Excluded. ............................................................................................... 6

    D.   Dr. French-McCay's Testimony Should be Excluded Under Rule 403. ........................... 8

**CONCLUSION** ......................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
  303 F.3d 256 (2d Cir. 2002) .................................................................................... 7, 8

*Auto. Ins. Indus. Supplier Emp. Stock Ownership Plan v. Snapp Sys., Inc.*,
  No. 03-74357, 2008 WL 5383372 (E.D. Mich. Dec. 23, 2008) ................................ 6

*Clayton v. Katz*,
  No. 1:10-CV-5755 ALC, 2015 WL 1500248 (S.D.N.Y. Mar. 31, 2015) ................... 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ................................................................................................ 7, 8

*Davis v. Carroll*,
  937 F. Supp. 2d 390 (S.D.N.Y. 2013) ....................................................................... 5

*In re Mirena IUD Products Liability Litigation*,
  169 F. Supp. 3d 396 (2016) ................................................................................... 4, 5

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994) ........................................................................................ 8

*Nimely v. City of New York*,
  414 F.3d 381 (2d Cir. 2005) ...................................................................................... 8

*Rodriguez v. Vill. of Port Chester*,
  535 F. Supp. 3d 202 (S.D.N.Y. 2021) ....................................................................... 5

*Saginaw Chippewa Indian Tribe of Michigan v. Blue Cross Blue Shield of Michigan*,
  745 F. Supp. 3d 524 (E.D. Mich. 2024) .................................................................... 6

*State Farm Fire & Cas. Co. v. Omega Flex, Inc.*,
  No. 3:20-CV-00648 (SVN), 2023 WL 2666676 (D. Conn. Mar. 28, 2023) ............. 4

**Rules**

Federal Rule of Civil Procedure 37(c)(1) .............................................................................. 4

Federal Rule of Civil Procedure 26(a)(2)(B)(i) ................................................................. 3, 4

## <u>INTRODUCTION</u>

Plaintiff Conservation Law Foundation ("CLF") stands by arguments raised in its Motion to Preclude the Expert Testimony of Dr. Deborah French-McCay, Ph.D. ("Dr. French-McCay") (ECF 714) and respectfully submits this reply to Defendants' Response in Opposition to Plaintiff's Motion to Preclude the Expert Testimony of Deborah French-McCay, Ph.D. (ECF 830). As explained below, Defendants' Opposition fails to establish that: (1) the expert consultant for Integral's Delft3D FM hydrodynamic model on which Dr. French-McCay relied was properly disclosed, or which of his opinions she relied on; (2) Dr. French-McCay's opinions that are based on the Delft3d FM model are reliable, considering that she is not a flood modeler; and (3) the Spill Impact Application Model ("SIMAP") has been properly validated for the storm surge conditions run at the New Haven Terminal.

## <u>BACKGROUND</u>





**ARGUMENT**

**A.  Integral's Consultant Who Ran the Delft3D FM Model Upon Which Dr. French-McCay Relied Was Not Properly Disclosed.**

Dr. French-McCay should be precluded from offering opinions that rely on the Delft3D FM model, because the witness for the Delft3d FM model was not properly disclosed according to the Federal Rule of Civil Procedure 26(a)(2)(B)(i).

Dr. French-McCay did not disclose Dr. Jones as Integral's expert on the Delft 3d FM model in either her expert report or deposition.



The Federal Rule of Civil Procedure 26(a)(2)(B)(i) mandates that expert reports include "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming" those opinions. Dr. Jones[1] clearly did not do that. Moreover, when CLF requested the data supporting the Delft3d FM model, Defendants only provided the output data not the input data. *See* ECF 720, Nairn Rebuttal at 18. Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *In re Mirena IUD Products Liability Litigation*, 169 F. Supp. 3d 396, 470 (2016); *see also State Farm Fire & Cas. Co. v. Omega Flex, Inc.*, No. 3:20-CV-00648 (SVN), 2023 WL 2666676 at 5. (D. Conn. Mar. 28, 2023). Allowing Dr. French-McCay to testify without having fully disclosed the source and basis for her opinions is harmful to CLF because it will deny the Plaintiff an opportunity to properly and fully cross-examine the person responsible for the Delft3d FM model at trial. *See In re Mirena IUD*, 169 F. Sup. 3d at 472. Thus, Defendants should not be able to introduce the Delft3d FM model as evidence at trial.

██████████████████████████████████████████

████████████████████████████████████████ However, in *Rodriguez*, the court found that an expert who failed to include the "basis and reasoning" for his conclusions in his expert report but later testified to such basis in his deposition, did not satisfy Rule 26 ("It is well settled... that an expert's deposition testimony cannot cure a party's failure to disclose opinions in their expert's report under Rule 26." *Rodriguez v. Vill. of Port Chester*, 535

---

[1] See Reply to Opp. Motion, Dr. Craig Alexander Jones Ph.D. (ECF 888).

F. Supp. 3d 202, 211 (S.D.N.Y. 2021) (*quoting Clayton v. Katz*, No. 1:10-CV-5755 ALC, 2015

WL 1500248 at \*5 (S.D.N.Y. Mar. 31, 2015)). ██████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████

**B. Dr. French-McCay's Opinions That Rely on the Delft3d FM Model Are Unreliable And Should Be Excluded.**

Dr. French-McCay is admittedly not a flood modeler and cannot offer opinions outside the

scope of her expertise. *Davis v. Carroll*, 937 F. Supp. 2d 390, 413 (S.D.N.Y. 2013) ("expert

testimony should be excluded if the witness is not actually applying [their] expert methodology").

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

While an expert's reliance on the facts and data of another expert may be permissible under Rule

703, Dr. French-McCay is not permitted to wholesale adopt an undisclosed expert's analysis of

storm surge and resulting flooding impacts on the New Haven Terminal to develop her

conclusions. *See Saginaw Chippewa Indian Tribe of Michigan v. Blue Cross Blue Shield of

Michigan*, 745 F. Supp. 3d 524, 534–535 (E.D. Mich. 2024). In *Saginaw Chippewa*, an expert

named Cornelius testified that another expert, Myrick, authored MLR-repricing sections, which

were incorporated into her expert report and upon which she relied for her calculations and

conclusions. Cornelius testified that she was not a re-pricing expert like Myrick, but she could

read, interpret, and explain the re-pricing information. *See Id*. at 533.  The court found that

Cornelius "would simply regurgitate" the "calculations and conclusions" of the re-pricing expert.

5

*Id* at 535. In precluding Cornelius from testifying as to the work or conclusions that were not her own, the court noted that "acceptance of another's work and incorporating it into a report simply does not meet the reliability component necessary for expert testimony." *Id*. (quoting *Auto. Ins. Indus. Supplier Emp. Stock Ownership Plan v. Snapp Sys., Inc.,* No. 03-74357, 2008 WL 5383372, at *5 (E.D. Mich. Dec. 23, 2008)).



Dr. French-McCay's acceptance of Integral's undisclosed expert's work and incorporating it into her report simply does not meet the reliability component under *Daubert* and her opinions that rely on the Delft3d FM model should be excluded.

**C. SIMAP Does Not Rest On A Reliable Foundation Under *Daubert* And Should Be Excluded.**

Dr. French-McCay took storm surge data input from a model she did not run and cannot testify as to, and plugged that data into a second proprietary model, the reliability of which has not been tested or confirmed for the conditions run at the New Haven Terminal through peer review or publication. Defendants dispute Dr. Michel's testimony that SIMAP has not been validated under the storm surge conditions as run at the New Haven Terminal. ████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████ However, a key test under *Daubert*

is whether a particular technique or theory has gained "general acceptance" in the relevant

scientific community. *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002)

(quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593–94 (1993)).   Dr.

Michel, who has over forty-five (45) years of experience in oil spill planning, response, and

assessment, states of SIMAP:

> Dr. French-McCay['s] models are useful, and she has validated the biological
> effects model for multiple spills. Much, if not all, of the model has been published
> in literature in various algorithms and pieces, but the actual model itself is not peer
> reviewed or published. Furthermore, this is the first time that I have seen SIMAP
> used for modeling oil fate and behavior under extreme storm surge flooding and
> hurricane-force winds, and it has not been validated or peer reviewed for this
> application.
>
> ECF 719, Michel Rpt. at 12.

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Thus, CLF could not question Dr. French-McCay about them or ascertain their relevance here.

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

Accordingly, under *Daubert,* Dr. French-McCay has not demonstrated "good grounds for

each step in [her] analysis… any step that renders the analysis unreliable under the *Daubert* factors

renders the expert's testimony inadmissible." *Amorgianos*, 303 F.3d at 265 (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)).

**D.  Dr. French-McCay's Testimony Should be Excluded Under Rule 403.**

In addition to the issues as set forth under Rule 702, even if Defendants could overcome the procedural and evidentiary flaws in Dr. French-McCay's opinions, the Court should nevertheless exclude Dr. French-McCay's unhelpful opinions under Federal Rule of Evidence 403. The Court must take great care with Dr. French-McCay's expert testimony under Rule 403 "given the unique weight such evidence may have in a jury's deliberations." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (citing *Daubert*, 509 U.S. at 595). The prejudice created by Dr. French-McCay's opinions is clear given the likelihood that the jury will be confused by her unreliable testimony concerning the Delft3d FM model which requires testimony outside of her expertise. *Nimely*, 414 F3d at 399 n.13. There is a substantial risk that jurors will ascribe undue weight to Dr. French-McCay's unreliable opinions because she will be introduced to them as an expert with an esteemed reputation.

Therefore, Dr. French-McCay's testimony that relies on SIMAP and Integral's Delft3d FM model data should be excluded to avoid unduly prejudicing the Plaintiff and confusing the jury— specifically opinions ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████



Furthermore, the testimony of Defendants' experts that relied on Dr. French-McCay's opinions should also be excluded.

### CONCLUSION

For the foregoing reasons, CLF respectfully requests that the Court grant Plaintiff's *Daubert* Motion (ECF 714) to preclude the testimony of Defendants' expert witness Dr. Deborah French-McCay.

Dated: November 17, 2025          Respectfully submitted,

CONSERVATION LAW FOUNDATION, Inc.,
by its attorneys

*/s/ Shalom D. Jacks*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9013
E-mail: sjacks@motleyrice.com

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*

9

Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street, Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street, Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street, Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: dwilliams@motleyrice.com

10

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
E-mail: rmazingo@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*

*\*Admitted as Visiting Attorney*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, the foregoing motion was filed through the Court's electronic filing system ("ECF"), through which the document is available for viewing and downloading from the ECF system, and a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Shalom D. Jacks*
Shalom D. Jacks

12