## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| Plaintiff, | Case No: 3:21-cv-00933-VDO |
| v. | |
| EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | November 17, 2025 |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO PRECLUDE THE EXPERT TESTIMONY OF BRUNO PIGOTT

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 2

        A.     CLF Relies on an Outdated Version of Rule 702.................................... 2

        B.     Mr. Pigott's Opinions Are Improper and Untimely .............................. 4

        C.     Mr. Pigott's Opinions Are Irrelevant and Based on Unreliable Methodology........ 5

        D.     Mr. Pigott's Opinions Are Not Helpful to the Fact Finder...................... 7

        E.     Mr. Pigott's Opinions Are Inadmissible Under Rule 403 ...................... 9

        F.     Defendants' Arguments Based on the Relevance Are Not Premature ................... 9

III.    CONCLUSION.................................................................................................. 10

I.      **INTRODUCTION**

Plaintiff's Opposition (ECF 824) confirms exactly why Mr. Pigott's opinions must be excluded. The only issues in this case for the Court or the jury to decide (and for experts to weigh in on) are: (1) whether the 2018/2021 Permit[1] includes a requirement to consider climate change factors; and (2) whether failure to consider climate change exactly as CLF and its experts believe they should be considered constitutes a violation of the 2018/2021 Permit and represents an "imminent and substantial endangerment to human health or the environment." None of Mr. Pigott's opinions relates to either of these two discrete issues.[2]

In its Opposition, CLF ignores the 2023 amendments to Rule 702 and fails to meet its burden to demonstrate, by a preponderance of the evidence, that Mr. Pigott's opinions are admissible. Mr. Pigott is an affirmative expert dressed up as a "rebuttal" expert—his opinions are not proper rebuttal under Rule 26 because they advance CLF's affirmative theory on the core issues rather than contradict any of Defendants' experts on the same subject. Mr. Pigott's opinions are also irrelevant and unreliable under Rules 401 and 702 because they are premised on facts not at issue in this case. His opinions (1) are based on his understanding of ***EPA's*** stormwater permit—which is not at issue here; and (2) reflect no reliable application of methods to the facts. Mr. Pigott's opinions are completely disconnected from the 2018/2021 Permit and the Terminal's operations. His testimony would not assist the trier of fact and would instead risk unfair prejudice and confusion in violation of Rule 403, particularly given his policy-driven

---

[1] The stormwater permit at issue in this lawsuit was terminated by CT DEEP on October 1, 2025, and the Terminal is regulated by a new permit that became effective on November 1, 2025. The new permit now requires for the first time consideration of "climate change" factors. *See* ECF 807, Def. SUF at ⁋ 13; ECF 585-1-6.

[2] Mr. Pigott admitted that he has no opinions regarding RCRA or about Defendants' compliance with the Permit. ECF 726-5, Pigott Dep. ("Dep.") at 77:23-25 (" ███████████████████████████████████████████ █████████ "); Ex. 1, Pigott Dep. at 78:24-79:6 ("Q. Are you offering an opinion as to whether the terminal is complying with the applicable industrial stormwater permit? A. I do not, in this report, argue that they are out of compliance or have evaluated any compliance activities in the – at this facility, no.").

conclusions untethered to any statute or regulation. The Court should exclude Mr. Pigott's testimony in its entirety.

## II.    ARGUMENT

### A.    CLF Relies on an Outdated Version of Rule 702

CLF dismisses Defendants' concerns about Mr. Pigott's testimony arguing that "Defendants' arguments are best viewed as challenges to weight … and so go to the scope of his testimony, not whether his testimony should be precluded entirely." ECF 824, Opp. at 9. However, the cases it cites predate the rule change. *See id*.[3] The Advisory Committee and courts applying the new Rule 702 have rejected CLF's rationale and emphasized the need for stricter admissibility requirements. *See* 2023 Adv. Comm. Notes §1 ("Some challenges to expert testimony will raise matters of weight … But this does not mean, as certain courts have held, that arguments about the sufficiency of an expert's basis always go to weight and not admissibility."); *see also, e.g., Fleming v. Vill. of Rockville Ctr.*, No. 2:19-CV-5435, 2025 WL 2774808, at *6 (E.D.N.Y. Sept. 24, 2025) ("Rule 702 was amended in 2023 'in response to court decisions that admitted expert testimony too liberally."); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01570, 2025 WL 2383768, at *2 (S.D.N.Y. Aug. 18, 2025) ("Because jurors may lack the specialized knowledge to evaluate the quality of witness's opinion and its limitations, it is not enough to presume expert testimony admissible and relegate issues of reliability to cross-examination. … Courts must withhold endorsement from expert witnesses who fail to meet Rule 702's standards—they cannot bypass this gatekeeping responsibility and pass it off to the jury.") (cleaned up); *In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*, MDL No. 19-2875,

---

[3] CLF does cite one solitary case post-dating the rule change, *Old Gate Partners, LLC v. Paddock Enters.*, LLC, No. 3:18-CV-01657 (JCH), 2024 WL 3520168, at *6 (D. Conn. May 30, 2024), but cites it for general propositions unrelated to the rule change. ECF 824, Opp. at 2-4.

2025 WL 3141002, at *12 (D.N.J. Nov. 10, 2025) (rejecting plaintiff's invitation to allow flaws in expert testimony to be addressed "through vigorous cross-examination," because that "would amount to a total abdication of its gatekeeping role").

One fundamental problem with CLF's Opposition is that it relies on the old version of Rule 702. As the Court knows well, "Rule 702 was amended in December 2023 'to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule.'" *Gursslin v. City of Rochester*, No. 6:20-CV-06508 EAW, 2025 WL 26669, at *2 (W.D.N.Y. Jan. 3, 2025) (quoting Fed. R. Evid. 702 Adv. Comm. note to 2023 amendment). CLF ignores the new four-prong rule entirely. ECF 824, Opp. at 2-3; *see also Post Univ. v. Learneo, Inc.*, 3:21-CV-01242 (VDO), 2025 WL 2709370, at *2 (D. Conn. Sept. 23, 2025) (holding that to satisfy its burden, the proponent must establish that expert testimony satisfies the ***four*** prerequisites of Rule 702).

CLF's failure to address the fourth prong of Rule 702 represents a legal error, as the amended rule requires "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(d). As described throughout Defendants' Memo of Law (ECF 726-1, "Memo."), Mr. Pigott failed to do just that because he relied upon ***facts not at issue in this case***. *See* ECF 726-1, Memo. Mr. Pigott's opinions relied upon EPA's stormwater permit ("EPA MSGP")[4]—***not*** Connecticut's 2018/2021 Permit to come to his conclusions. ECF 726-5, Dep. at 94:1-6 ("███████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████"). Whether Defendants comply with

---

[4] The EPA MSGP is a stormwater permit issued by EPA to entities under its permitting authority. The Terminal is *not* subject to this permit, as CT DEEP is the permitting authority in the instant case.

the 2018/2021 Permit is ***the*** central issue in this case. Because Mr. Pigott did not read, consider, or otherwise familiarize himself with the 2018/2021 Permit or any Terminal-related documents, he did not reliably apply his methodology to the facts of this case, as Rule 702(d) requires. *See, e.g.,* ECF 726-5, Pigott Dep. ("Dep.") at 76:13-17, 92:20-24, 178:23-179:3, 261:21-23. The Court should decline CLF's invitation to apply an erroneous evidentiary standard.

### B.     Mr. Pigott's Opinions Are Improper and Untimely

Despite its disclosure requirements under Rule 26, CLF misconstrues Mr. Pigott's opinions as proper rebuttal, which they are not. *See* ECF 824, Opp. at 4-6.[5] CLF claims that "Mr. Pigott's expert rebuttal report explains in ████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████ " *Id.* In other words, CLF itself admits that Mr. Pigott's intention is not to rebut any specific testimony, conclusion, or analysis of Defendants' experts, but rather to offer an opinion on the central issue in the case that CLF likewise bears the burden of proving. *Id.; see Wang v. Omni Hotels Mgmt. Corp.*, No. 3:18-cv-2000 (VDO), 2025 WL 1782264, at *2 (D. Conn. June 27, 2025).

Plaintiff cites no caselaw on Rule 26's requirements after summarizing Mr. Pigott's proposed opinions, likely because even CLF recognizes that no such caselaw exists. *See* ECF 824, Opp. at 5-6. Indeed, as explained in Defendants' initial motion, such generalized opinions

---

[5] CLF argues that "Defendants ignore the fact that a central premise of Mr. Uhlmann's and Ms. Bodine's testimony is their legal argument ██████████████████████████████████ " ECF 824, Opp. at 4-5. At no point, however, have Defendants' experts stated such opinions, because their opinions are not "legal arguments" but rather are opinions based on their experience as regulators and because the Permit has no such express requirement.

on the central issue of the case are not proper subject of rebuttal testimony, but were instead required to be disclosed along with Plaintiff's affirmative experts. Under Rule 26, rebuttal expert testimony is permitted "solely to contradict or rebut evidence on the same subject identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii).  Proper rebuttal is not "merely pointing out that [the opposing experts'] assumption is wrong" and then offering one's own opinion on the main issue in dispute. *See Connecticut Fair Hous. Ctr v. CoreLogic Rental Prop. Sols.*, LLC, No. 18-CV-705, 2021 WL 1186604, at *17 (D. Conn. Mar. 30, 2021) (J. Bryant) (excluding expert rebuttal opinion that was "merely pointing out that [the opposing experts'] assumption is wrong" without any independent analysis "is not helpful"). Mr. Pigott does not identify a specific opinion he is responding to, rather ████████████████████████████████████████████ ████████████████████████████████████. *See generally* ECF 726-4, Pigott Rpt. In fact, his opinions cannot be responsive to Defendants' experts, since Mr. Pigott failed to opine on (or even review) the 2018/2021 Permit that is the focus of CLF's claims and Defendants' experts' opinions. ECF 726-1, Memo. at 10, 13-14. Mr. Pigott's opinions are not proper rebuttal but rather are untimely opinions on issues as to which CLF bears the burden of proof.

## C.    Mr. Pigott's Opinions Are Irrelevant and Based on Unreliable Methodology

Mr. Pigott's opinions are irrelevant because they are premised on the EPA MSGP—which is not the permit at issue—and his experience as a regulator in Indiana with completely different stormwater permits. *See* ECF 726-5, Dep. at 94:1-6, 184:1-186:5, 195:14-21. As a matter of law, "[T]he trial court should look to the standards of Rule 401 in analyzing whether proffered expert testimony is relevant, *i.e.*, whether it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 137 F. Supp. 2d 147, 163 (E.D.N.Y. 2001), *aff'd*, 303 F.3d 256 (2d Cir. 2002) (internal quotation omitted)

(affirming exclusion of expert testimony that relied on scientific literature that did not "fit" his opinions). Mr. Pigott's opinions cannot make the existence of any fact that is of consequence in this case more or less probable because he opines on the EPA MSGP and Indiana permits which are not at issue. Comparing the EPA MSGP and the Indiana permit says little about the CT DEEP industrial stormwater permit—but that's what Mr. Pigott did, and he admits that. ECF 726-5, Dep. at 70:1-2, 161:9-162:3, 165:24-167:3.

But according to CLF, Mr. Pigott's opinions should still be admitted despite his failure to read arguably the most important document in this case because of his experience. ECF 824, Opp. at 6-7. This argument overlooks the obvious flaw in Mr. Pigott's opinions. The case CLF cites, *Manzo v. Stanley Black & Decker, Inc.*, No. 13-CV-3963, 2024 WL 5319230 (E.D.N.Y. Mar. 20, 2024), is inapposite. *Manzo* stands for the proposition that an ***expert's experience*** need not be "precisely tailored to the subject matter." But in this case, *Manzo* provides no traction. To have Mr. Pigott offer opinions about the EPA MSGP and an Indiana permit that differ fundamentally from CT DEEP's 2018/2021 Permit factually and legally, is a textbook example of not being relevant. *Manzo* is not a signal to let anything in. That case does not absolve an expert of the responsibility to examine facts or records that are essential to the matter at hand. If an expert believes his experience may not be directly aligned with the subject matter, he should no provide opinions or qualify them to address any gaps.

Here, however, Mr. Pigott not only did not review the relevant 2018/2021 Permit, but he also overlooked Terminal-specific documents that would have given him valuable insight into the Terminal's best management practices and best industry standards that it diligently applies. ECF 726-1, Memo. at 10-11. Mr. Pigott cherry-picked from the available documents, and failed to consider any sources that were contrary to his predetermined opinions. *See In re Mirena Ius*

*Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 341 F. Supp. 3d 213, 298 (S.D.N.Y. 2018) (excluding expert whose "cherry-picking approach is at odds with principles of sound science").

CLF also claims that "Mr. Pigott's methodology is well accepted for the type of expert testimony he provides … [because] he reviewed relevant guidance documents, memoranda, **permits**, [etc.]." ECF 824, Opp. at 8 (emphasis added). Not so—Mr. Piggot offered no methodology at all, nor did he review the truly relevant documents. He testified without knowing anything about the 2018/2021 Permit or about the Terminal. Defendants' regulatory experts, Mr. Uhlmann and Ms. Bodine, employed a methodology that involved thorough review of and reliance on the 2018/2021 Permit. ECF 726-2, Bodine Rpt. at 12-13; ECF 730-2, Ex. A, Uhlmann Rpt. at 16-21. Since he purportedly "rebuts" Defendants' experts' reports, Mr. Pigott was well aware of the documents they relied upon and their methodology. Rather than using a similar methodology, one that is "well accepted" in his field, he instead—as CLF put it— "relie[d] on his **general** experience." ECF 824, Opp. at 7. CLF's argument that Mr. Pigott reviewed "relevant" "permits" is unfounded, as he neglected to review the applicable 2018/2021 Permit—and arguably the only truly relevant permit in this matter.[6] ECF 726-5, Dep. at 92:20-24.

Because Mr. Pigott did not evaluate the pertinent facts or documents, his opinions are irrelevant under Rule 702.

### D.    Mr. Pigott's Opinions Are Not Helpful to the Fact Finder

To push back, CLF argues that Mr. Pigott can help make sense of "complex federal and state regulatory programs," because his experience will provide "important context regarding the

---

[6] Of note, CLF argued earlier in this case, and the Court agreed, that "the record is not so clear that the EPA's alleged interpretation [of its MSGP] is necessarily conclusive in this case involving a state permit." ECF 305 at 86:4-7.

interpretation and implementation of the [CWA] by state regulatory agencies and EPA." ECF 824, Opp. at 9. Not so.

As a general rule, "courts will not admit expert opinions that are without factual basis." *See Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) (interpreting the pre-2023 version of Rule 702). The problem with CLF's position is that any testimony Mr. Pigott could offer to the jury would be unhelpful—or worse, prejudicial to Defendants—because he has no factual basis for anything relating to the Terminal or its compliance with the Permit. Mr. Pigott candidly admitted that he had no knowledge about the Terminal, about the Connecticut Permit, about Defendants' compliance with the Permit, or about CT DEEP or its regulations. ECF 726-5, Dep. at 92:20-24; 165:24-167:3; 178:23-179:3. Nor could he provide any factual support for his opinion that the 2018/2021 Permit required permittees to consider climate change. *See e.g.,* ECF 726-5, Dep. at 187:23-188:1 ("███████

███████████████████████████████████████

███████████████████); *id.* at 236:6-10 ███████████████████

███████████████████████████████████████

███████████████████████████████████; *id.* at 135:11-136:5 ("███████████████████████████████

███████████████████████████████████████

███████████████████████"). 

Allowing Mr. Pigott to provide opinions about the EPA MSGP will confuse the jury and Court over what is the proper interpretation of 2018/2021 Permit because the language in each of these two permits is significantly different.

Mr. Pigott's opinions lack a factual basis, so his testimony would be unhelpful to a jury in

evaluating the merits of this case.

###### E. Mr. Pigott's Opinions Are Inadmissible Under Rule 403

Rule 403 "afford[s] ample assurances against the admission of opinions which would merely tell the jury what results to reach." *Hygh v. Jacobs*, 961 F.2d 359, 363-64 (2d Cir. 1992). CLF claims "Defendants have failed to articulate any significant risk of unfair prejudice." ECF 824, Opp. at 11. Not so. In Section II.D, Defendants showed Mr. Pigott's opinions are wholly unsupported by factual evidence. Mr. Pigott's testimony poses a significant risk of unfair prejudice, juror confusion, and misleading the jury due to his prior senior government roles and policy-driven legal conclusions. Because of Mr. Pigott's former roles, a jury is likely to be swayed towards the outcome he presents despite any support for the results he advocates, which renders his opinions inherently prejudicial. *See In re Valsartan*, 2025 WL 3141002, at *12 ("How could the Court ever 'unring' the proverbial bell after the jury had listened to hours of unreliable expert testimony? The prejudice to Defendants would be insurmountable.").

###### F. Defendants' Arguments Based on the Relevance Are Not Premature

In a last-ditch effort to persuade the Court, CLF argues it is premature to preclude Mr. Pigott's testimony, claiming Defendants seek to strike Mr. Pigott as an expert because his "opinions do not support Defendants' legal theories." ECF 824, Opp. at 11. Notably, this argument has no bearing on Rule 702's four-pronged analysis to determine an expert's admissibility, nor can CLF cite any case law in the Second Circuit to support it.

While Defendants admit they do not agree with Mr. Pigott's testimony, Defendants provided numerous examples in their Motion underscoring the various issues with Mr. Pigott's opinions. At bottom, Mr. Pigott (1) did not consider the 2018/2021Permit, ECF 726-5, Dep. at 92:20-24; (2) he did not consider any Terminal-specific document, *id.* at 178:23-179:3; (3) he could not point to a date or document supporting when he believes the 2018/2021 Permit started

requiring permittees to consider climate change, *id.* at 187:13-188:1, 236:6-10; (4) he did not know if the Terminal was subject to a general or individual permit, *id.* at 205:9-14; (5) he did not know that the term "good engineering practices" that he opined "considers climate change" factors does not appear in the 2018/2021 Permit, *id.* at 160:11-15; (6) he could not cite an enforcement action that involved climate-change related considerations, *id.* at 168:17-170:25; 235:20-236:3; (7) he could not remember a time in his tenure at any agency where the agency took enforcement action for failure to incorporate climate change into a Stormwater Pollution Prevention Plan, *id.* at 119:15-120:11; and (8) he could not cite an enforcement proceeding that was alleged based on a failure to put in place good engineering practices, *id.* at 135:24-136:23. Mr. Pigott came up empty-handed to question after question presented to him during his deposition, offering no factual support for his positions.

Defendants do not seek to preclude Mr. Pigott for his conclusions—Defendants seek to preclude Mr. Pigott because he does not meet the standard imposed by Rule 702, as amended in 2023, and because his opinions are untimely and improper rebuttal. Nothing about Defendants' request to exclude is "premature."

## III.    CONCLUSION

For the reasons stated in this reply and in Defendants' opening brief, the Court should exclude Mr. Pigott's opinions in their entirety.

Dated: November 17, 2025                    Respectfully submitted,

                                            */s/ Douglas A. Henderson*
                                            Douglas A. Henderson (phv05547)
                                            Carmen R. Toledo (phv20194)
                                            KING & SPALDING LLP
                                            1180 Peachtree Street, N.E.
                                            Atlanta, GA 30309
                                            T: (404) 572-2769
                                            dhenderson@kslaw.com
                                            ctoledo@kslaw.com

                                            Antonio E. Lewis (phv03069)
                                            KING & SPALDING LLP
                                            300 S Tryon Street
                                            Suite 1700
                                            Charlotte, NC 28202
                                            T: (704) 503-2551
                                            alewis@kslaw.com

                                            Rose H. Jones
                                            HILGERS GRABEN PLLC
                                            1372 Peachtree Street, N.E.
                                            19th Floor
                                            Atlanta, GA 30309
                                            T: (678) 229-1983
                                            rjones@hilgersgraben.com

                                            Anthony G. Papetti (phv206982)
                                            BEVERIDGE & DIAMOND, P.C.
                                            825 Third Ave., 16th Floor
                                            New York, NY 10022
                                            T: (212) 702-5400
                                            F: (212) 702-5442
                                            apapetti@bdlaw.com

                                            James O. Craven (ct18790)
                                            WIGGIN AND DANA LLP
                                            One Century Tower
                                            265 Church Street
                                            P.O. Box 1832
                                            New Haven, CT 06508-1832
                                            T: (203) 498-4400
                                            F: (203) 782-2889
                                            jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE & DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
BEVERIDGE & DIAMOND, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2025, a true and correct copy of the foregoing was

filed with the Clerk of the Court through the Court's CM/ECF system, which will effect service

on all counsel of record by sending a Notice of Electronic Filing.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com

13