**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

CONSERVATION LAW FOUNDATION, INC.,

    *Plaintiff*,

        v.

EQUILON ENTERPRISES LLC D/B/A SHELL
OIL PRODUCTS US, , TRITON
TERMINALING LLC, and MOTIVA
ENTERPRISES LLC,

    *Defendants*.

Civil Action No. 3:21-cv-00933-VDO

November 17, 2025

**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE
DEFENSE EXPERT ATTORNEY DAVID UHLMANN**

## TABLE OF CONTENTS

**INTRODUCTION**............................................................................................................ 1

**ARGUMENT** .................................................................................................................. 1

    A.   ATTORNEY ULHMANN'S OPINIONS ARE THINLY VEILED LEGAL

        ARGUMENTS.......................................................................................... 1

    B.   AGENCY INACTION OR DISAGREEMENT IS IRRELEVANT ................................. 3

    C.   UNFAIR PREJUDICE AND JURY CONFUSION ............................................. 4

**CONCLUSION** ............................................................................................................ 6

## <u>TABLE OF AUTHORITES</u>

**Cases**

*DeGregorio v. Metro-North R. Co.*,
  No. 3:05cv533(JGM), 2006 U.S. Dist. LEXIS 89282, 2006 WL 3462554 (D. Conn. Nov. 1,
  2006) ................................................................................................................................... 2
*Friends of the Earth v. Consol. Rail Corp.*,
  768 F.2d 57 (2d Cir. 1985).................................................................................................... 3
*Gwaltney of Smithfield, Ltd. V. Chesapeake Bay Found., Inc.*,
  484 U.S. 49 (1987)................................................................................................................ 4
*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
  643 F. Supp. 2d 482 (S.D.N.Y. 2009).................................................................................. 5
*Old Gate Partners, LLC v. Paddock Enters., LLC*,
  No. 3:18-CV-01657 (JCH), 2024 WL 3520168 (D. Conn. May 30, 2024)............................ 2
*SLSJ, LLC v. Kleban*,
  277 F. Supp. 3d 258 (D. Conn. 2017)................................................................................... 2
*Soundkeeper, Inc. v. A&B Auto Salvage, Inc.*,
  19 F. Supp. 3d 426 (D. Conn. 2014)..................................................................................... 3
*Starlink Logistics, Inc. v. ACC, LLC*,
  101 F.4th 431 (6th Cir. 2024) ............................................................................................... 4
*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991)................................................................................................ 2
*United States v. Scop*,
  846 F.2d 135 (2d Cir. 1988),
  *rev'd in part on reh'g on other grounds*, 856 F.2d 5 (2d Cir. 1988) ....................................... 2
*Utility Air Regulatory Group v. EPA*,
  573 U.S. 302 (2014).............................................................................................................. 3

**Other Authorities**

78 Fed. Reg. 12477 (2013) ......................................................................................................... 3

**Rules**

Federal Rule of Evidence 401.................................................................................................... 1
Federal Rule of Evidence 403.................................................................................................... 1
N.Y. Rule of Professional Conduct 3.4...................................................................................... 5

## INTRODUCTION

Defendants' Opposition to the Motion to Preclude the Testimony of Attorney David Uhlamnn only confirms that his proffered testimony is improper.  Defendants have acknowledged that they plan to elicit testimony from Attorney Uhlmann about how the Environmental Protection Agency ("EPA") exercised, or would exercise, its enforcement discretion.  For example, Attorney Uhlmann writes in his report that ██████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████  Uhlmann Rpt., ECF 735, ¶ 32.  Such testimony is not only irrelevant to the factual and legal issues of this case, but any probative value it has is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  As such, it should be excluded pursuant to Fed. R. Evid. 401 and 403.

## ARGUMENT

### A.  ATTORNEY ULHMANN'S OPINIONS ARE THINLY VEILED LEGAL ARGUMENTS

Attorney Uhlmann's proffered testimony should be precluded in its entirety because his opinions regarding "industry standards," how the EPA exercised, or would exercise, its enforcement discretion, and the "complex regulatory framework" of the Clean Water Act, RCRA, and permits at issue in this case are, fundamentally, Defense Counsel's legal arguments.  Defendants' sophisticated legal counsel is fully capable of explaining their legal arguments.  Attorney Uhlmann's testimony would provide no unique factual or scientific insight, serving merely to restate or interpret the law, which is the exclusive purview of the judge and

attorneys.  If Attorney Uhlmann wants to make Defendants' legal arguments for them, he should file an appearance in the case and do it from the well – not the witness stand.

It is hornbook law that expert testimony is admissible only when it assists the trier of fact in understanding evidence or determining a fact in issue that requires specialized knowledge.  Explaining the law is not a "fact in issue" requiring an expert. "[A]n expert should not be permitted to express an opinion that is merely an interpretation of federal statutes or regulations, as that is the sole province of the Court." *DeGregorio v. Metro-North R. Co.*, No. 3:05cv533(JGM), 2006 U.S. Dist. LEXIS 89282, 2006 WL 3462554, at *3 (D. Conn. Nov. 1, 2006); *see  United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988) ("[Expert witness] statements embodying legal conclusions exceed[] the permissible scope of opinion testimony under the Federal Rules of Evidence."), *rev'd in part on reh'g on other grounds*, 856 F.2d 5 (2d Cir. 1988); *Old Gate Partners, LLC v. Paddock Enters., LLC*, No. 3:18-CV-01657 (JCH), 2024 WL 3520168, at *7 (D. Conn. May 30, 2024) ("[E]xpert testimony that usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it does not aid the jury in making a decision.") (internal quotations and citation omitted).

Legal counsel, by definition and training, are the proper conduits for legal arguments, and the judge provides instructions on the law.  Attorney Uhlmann's opinions about the Clean Water Act and RCRA are barred by Federal Rule of Evidence 403, as they would be confusing to the jury to hear "competing interpretations of the law."  *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 264– 65 (D. Conn. 2017) (citation omitted).  To be sure, an expert may in some cases testify as to the customs and practices of an industry, but Attorney Uhlmann's industry is law, not science, or

engineering, or petroleum terminals.  Attorney Uhlmann is not comparing Defendants' New Haven Terminal to other coastal facilities or to guidance promulgated by the leading authorities in coastal facility design and engineering.  And even if he tried to do that, Attorney Uhlmann would be wholly unqualified to do so.

Because Attorney Uhlmann's proposed expert testimony is indistinguishable from the arguments of Defendants' legal counsel, it fails the basic admissibility test for relevance and helpfulness. His testimony would be a legal argument disguised as expert opinion, and the court should preclude it to ensure a fair trial where legal arguments are made by counsel, and proclamations as to what the law is are handled by the court.

## B.  AGENCY INACTION OR DISAGREEMENT IS IRRELEVANT

Defendants make clear in their opposition brief that through the testimony of Attorney Uhlmann they intend to elevate the EPA's (and by extension, CT DEEP) enforcement discretion and historical practices as somehow dispositive or persuasive of the scope of the permit at issue in this case and the meaning of "best industry practice."  *See, e.g.*, Defs. Opp. at 9–10, 22–23.  But testimony about how the EPA exercised, or would exercise, its enforcement discretion is not relevant to any determination as to the scope of the permit or the meaning of "best industry practice" as a matter of law.  *See Utility Air Regulatory Group v. EPA*, 573 U.S. 302, 326 (2014) ("[T]he 'independent enforcement authority' furnished by the citizen-suit provision cannot be displaced by a permitting authority's decision not to pursue enforcement.") (citing 78 Fed. Reg. 12477, 12486–12487); *Friends of the Earth v. Consol. Rail Corp.*, 768 F.2d 57, 63 (2d Cir. 1985) ("The citizen suit provision of the Clean Water Act was explicitly modeled on the similarly worded section 304 of the Clean Air Act"); *see also Soundkeeper, Inc. v. A&B Auto Salvage, Inc.*, 19 F. Supp. 3d 426, 433–34 (D. Conn. 2014) (recognizing citizen suits are permitted even when EPA or

3

DEEP decide against taking action). Congress established citizen suit provisions precisely to ensure that private parties can enforce environmental laws independent of agency action or inaction. *Gwaltney of Smithfield, Ltd. V. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 62 (1987); *Starlink Logistics, Inc. v. ACC, LLC*, 101 F.4th 431, 447 (6th Cir. 2024); Order Denying Mot. to Strike, ECF 641, at 6 ("Agencies are afforded no veto power over citizen suits . . . Instead, the citizen suit provision is perhaps at its most force when an agency disagrees with the suits theory of recovery.") Thus, whether the EPA, or CT DEEP, have previously enforced CLF's asserted interpretation of "best industry practice" or required a climate vulnerability risk assessment does not resolve any legal or factual issue. Attorney Uhlmann concedes in his own report that EPA and/or CT DEEP's failure to bring an enforcement action based on a regulated entity's failure to perform a climate assessment or to incorporate climate resiliency measures into a compliance program is not dispositive. Uhlmann Rpt., ECF 735, ¶ 32. As such, Attorney Uhlmann's testimony on this issue is irrelevant and should be excluded.

## C. UNFAIR PREJUDICE AND JURY CONFUSION

Even if some marginal relevance could be ascribed to Attorney Uhlmann's speculation about agency enforcement discretion or the "complex statutory and legal regimes" of the Clean Water Act, RCRA, and permits at issue in this case, that relevance is substantially outweighed by the risk of unfair prejudice. Attorney Uhlmann's testimony invites the jury to conflate the legal requirements of the permit and the meaning of "best industry practice" with the enforcement choices of regulatory agencies. This is precisely the danger Rule 403 is designed to prevent. There is a substantial risk that lay jurors will give undue weight to the fact that the EPA or CT DEEP did not bring prior enforcement actions, viewing this as proof that no violation exists or that CLF's theory is invalid—contrary to the citizen suit's purpose as an "independent enforcement authority."

Moreover, Attorney Uhlmann's status as a former senior EPA official and his detailed recitation of agency policy and priorities (including the Climate Enforcement Strategy and the Water Enforcement Memo) may further magnify this prejudice. The jury may be misled into believing that the agency's enforcement priorities are synonymous with the legal requirements imposed by statute and permit, when, as a matter of law, they are not.

In addition, permitting Attorney Uhlmann to testify to these matters risks leaving the jury with the impression that he is authorized to speak and is speaking on behalf of the EPA. He is not. There is no indication that Attorney Uhlmann has consulted with anyone at the EPA prior to providing his written report and deposition testimony in this matter, much less received approval, so any testimony purporting to offer opinions on behalf of the EPA should not be countenanced. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 482, 490–91 (S.D.N.Y. 2009) (prohibiting expert witness who was former EPA employee from offering opinions about EPA's motives or intent).[1]

The jury's task is to determine what "best industry practice" is, not to defer to the suggested enforcement philosophies of EPA or CT DEEP as imagined by a former EPA official. The Judge's job is to tell the jury what the law is. He does not need Attorney Uhlmann's assistance with that. Accordingly, under Federal Rule of Evidence 403, Attorney Uhlmann's testimony regarding the "complex regulatory framework" of the CWA and RCRA, agency enforcement discretion, patterns of enforcement, or agency disagreement with CLF's theory should be excluded. Such exclusion is

---

[1] The fact that Attorney Uhlmann has not been authorized to speak on the EPA's behalf (nor has EPA been provided with a copy of his report) coupled with the fact that he is being paid ███████████ by Defendants' (an exorbitant hourly rate by any measure), seriously calls into question the objectivity of his opinions. *See, e.g.* N.Y. Rules of Professional Conduct Rule 3.4 (permitting as an exception to the prohibition on offering an inducement to a witness, a reasonable fee for the professional services of an expert witness). Moreover, Attorney Uhlmann held the position of EPA Assistant Administrator for Enforcement and Compliance Assurance for a mere 17 months. Uhlmann Rpt., ECF 735, ¶ 9. Thus, even if it were appropriate for him to opine on the EPA's motives or intent, his personal knowledge about the EPA's motives or intent is limited.

necessary to ensure the verdict is based on the law and facts, not on the perceived authority or preferences of regulatory agencies, especially for agencies Attorney Uhlman is not authorized to testify for.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks this Court to Grant Plaintiff's *Daubert* Motion to Exclude David Uhlmann at ECF 730.

Dated: November 17, 2025                  Respectfully submitted,

CONSERVATION LAW FOUNDATION, Inc.,
by its attorneys

*/s/ Ridge Mazingo*
Ridge Mazingo (phv208402)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
E-mail: rmazingo@motleyrice.com

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)

Conservation Law Foundation, Inc.
195 Church Street, Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street, Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street, Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

7

Tel: (843) 216-9013
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*

*\*Admitted as Visiting Attorney*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, the foregoing motion was filed through the Court's electronic filing system ("ECF"), through which the document is available for viewing and downloading from the ECF system, and a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Ridge Mazingo*
Ridge Mazingo