UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., *Plaintiff*, v. SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, *Defendants*. | Civil Action No. 3:21-cv-00933-VDO  November 17, 2025 |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S
MOTION TO SEAL REPLIES IN FURTHER SUPPORT OF
MOTIONS TO PRECLUDE DEFENDANTS' EXPERTS**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021, ECF 7, Plaintiff Conservation Law Foundation, Inc. ("Plaintiff" or "CLF") files this Motion to Seal portions of its Reply Briefs in Further Support of CLF's *Daubert* Motions to Preclude Defendants' experts, including Susan Bodine (ECF 706), Deborah French-McCay (ECF 714), Craig Jones (ECF 722), David Uhlmann (ECF 730), Renee Bourdeau (ECF 737), and the exhibits thereto. This Motion to Seal also covers CLF's Reply to Defendants' Responses [ECF 825] to Plaintiff's Motions to Seal its Motions to Preclude Defendants' Experts [ECF 707, 715, 723, 731]. CLF files the unredacted versions of these Reply Briefs under seal because Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Triton Terminaling LLC, and Motiva Enterprises LLC marked the documents referenced in the Motion and attached thereto as confidential. *See* Standing Protective Order, ECF 7. CLF does not have sufficient information to justify sealing these

1

documents and asks the Court to deny this Motion to Seal.

I.  **BACKGROUND**

On July 7, 2021, this court issued a Standing Protective Order. *See* ECF 7. The Standing Protective Order defines "Confidential" information as:

> information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

*Id.* ¶ 3. Confidential information is considered Designated Material. *Id.* ¶ 2. The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id.* ¶ 14.

In support of its Replies to Defendants' Oppositions to CLF's Motions to Preclude Defendants' Experts, CLF quoted or discussed Defendants' opposition memoranda and exhibits, which have been filed under seal. The following documents are filed under seal through this Motion:

- Unredacted Reply in Further Support of CLF's *Daubert* Motion to Preclude Susan Bodine;
- Unredacted Reply in Further Support of CLF's *Daubert* Motion to Preclude Renee Bourdeau;
- Unredacted Reply in Further Support of CLF's *Daubert* Motion to Preclude Deborah French-McCay;
- Unredacted Reply in Further Support of CLF's *Daubert* Motion to Preclude Craig Jones;
- Unredacted Reply in Further Support of CLF's *Daubert* Motion to Preclude David Uhlmann; and
- Unredacted Reply to Defendants' Responses [ECF 825] to Plaintiff's Motions to Seal its

Motions to Preclude Defendants' Experts [ECF 707, 715, 723, 731].

## II.     LEGAL STANDARD

As this Court has noted, *see* ECF 221, courts in the Second Circuit follow a three-step process in determining whether to seal documents that have been placed before them. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court determines whether the document is a "judicial document" to which a presumption of public access attaches. *Id.* at 119. Second, if the document is indeed a judicial document, the court determines the weight to be given to the presumption under the circumstances of the case. *Id.* Third, after determining the weight to be accorded to the presumption, the court "balance[s] the competing considerations against it." *Id.* at 120. Local Rule 5(a)(3) allows for a court to seal a document filed with the Court upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. L. R. Civ. P. 5(a)(3). Unlike exhibits to discovery motions, which this Court has noted are only afforded a "presumption of access" of "modest weight," ECF 221 at 4, exhibits to a motion to preclude expert testimony are given a "strong presumption" of public access. *See Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859, at *5 (D. Conn. Mar. 28, 2013) (ruling that exhibits attached to a motion to preclude expert testimony "are used to determine litigants' substantive legal rights," and so are "entitled to a strong presumption of public access) (quoting *Lugosch*, 435 F.3d at 121)); *see also Lugosch*, 435 F.3d at 121-23 (noting weight of presumption of access is governed by the nature of a motion not by the ultimate outcome of the motion).

## III.    ARGUMENT

The confidential designations on Defendants' documents that were referenced and at times incorporated into Defendants' experts' reports and referenced in their depositions and now CLF's Replies in Further Support of CLF's Motions to Exclude Expert Testimony were not designated

3

confidential by CLF. Those designations are due to information from, and references to, documents Defendants' produced in this case with confidential designations. CLF redacted any quotations and descriptions from the Reply briefs and exhibits that Defendants designated confidential or highly confidential. The documents at issue directly affect the Court's adjudication of this Motion. Because CLF has neither an interest nor the "particularized" information necessary to justify withholding these from the public, *see* L. R. Civ. P. 5(e)(3), CLF does not advocate for sealing the unredacted Reply briefs and its accompanying exhibits designated as confidential by Defendants, and CLF cannot meet the sealing standard for any of the related statements or information.

As indicated in the Background section of this Motion, CLF's Reply Briefs are being filed under seal only due to references to documents and information that are already at issue in CLF's ECF 707, 715, 723, and 731 Motions to Seal. CLF believes the Court's ruling on the those Motions to Seal should reference this Motion and state that the rulings from those exhibits apply to the associated portions of the filings under seal through this Motion. If Motions to Seal at ECF 707, 715, 723, and 731 are denied in any respect, the filings under seal in this Motion should be put on the public docket or unredacted to the extent those Motions are denied.

## IV.  CONCLUSION

For the foregoing reasons, CLF requests the Court deny this motion and direct the clerk to enter the unredacted motion and unredacted exhibits on the public docket.

Dated: November 17, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna M. Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)

5

Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor

Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*