## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-VDO |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | November 17, 2025 |
| | **FILED UNDER SEAL** |
| *Defendants*. | |

## [UNREDACTED] REPLY IN FURTHER SUPPORT OF PLAINTIFF CONSERVATION LAW FOUNDATION'S *DAUBERT* MOTION TO PRECLUDE THE EXPERT TESTIMONY OF MS. SUSAN BODINE

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iii

Introduction.................................................................................................................... 1

Argument ........................................................................................................................ 1

Conclusion ...................................................................................................................... 8

# TABLE OF AUTHORITIES

***Cases***

*Friends of the Earth v. Consol. Rail Corp.*,
768 F.2d 57 (2d Cir. 1985)..........................................................................................3

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
484 U.S. 49 (1987)......................................................................................................3

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
643 F. Supp. 2d 482 (S.D.N.Y. 2009).........................................................................6

*Soundkeeper, Inc. v. A&B Auto Salvage, Inc.*,
19 F. Supp. 3d 426 (D. Conn. 2014)............................................................................3

*Starlink Logistics, Inc. v. ACC, LLC*,
101 F.4th 431 (6th Cir. 2024) .....................................................................................3

*Util. Air Regul. Grp. v. Env't Prot. Agency*,
573 U.S. 302 (2014).....................................................................................................3

**INTRODUCTION**

Plaintiff, Conservation Law Foundation ("CLF"), respectfully files this Reply to Defendants' Response in Opposition to Plaintiff's *Daubert* Motion to Preclude the Expert Testimony of Ms. Susan Bodine.  ECF 834 & 851 ("Opp.").  Defendants spend the majority of their Opposition quoting Ms. Bodine's report and highlighting her qualifications as a former Environmental Protection Agency (EPA) official rather than discussing how her opinion—that CLF's claims are not legally permissible—is anything but legal conclusion that Defendants could have argued in any of their dismissal and summary judgment motions they have filed in this case, or in their upcoming Motion for Partial Summary Judgment ("MPSJ").[1]  For the reasons already laid out in CLF's underlying *Daubert* Motion, ECF 706, the Court should grant CLF's Motion and exclude Ms. Bodine as an expert in this matter because her opinion is irrelevant and improper as it states nothing more than legal conclusions and therefore cannot be of any help to the trier of fact.

**ARGUMENT**

The Court should exclude the testimony of Ms. Bodine as an expert because the expert opinion that she ultimately seeks to offer is a legal opinion that invades this Court's province.  In an effort to overcome that flaw, Defendants argue that Ms. Bodine's opinions "provide critical context for understanding the technical meaning[2] and practical application of the industrial stormwater permitting requirements at issue."  Opp., ECFs 834 and 851, at 7.[3]  The purportedly critical context being provided, according to Defendants, is "how EPA and state agencies have historically interpreted and implemented these requirements" and that "neither EPA nor state

---

[1] Defendants' MPSJ letters, ECFs 805 and 806, do not cite Ms. Bodine's conclusions about the Clean Water Act (CWA) and Resource Conservation and Recovery Act (RCRA) not contemplating CLF's claims as support for any of their bases for moving for summary judgment on CLF's claims.

[2] Defendants do not define "technical meaning," but to the extent Defendants are using it as a stand-in for "legal meaning," Ms. Bodine's opinion cannot usurp the Judge's role in this matter and should be excluded.

[3]  Pin cites refer to the ECF header stamp.

1

agencies have required or interpreted industrial stormwater permits to mandate climate change vulnerability assessments or adaptation measures." *Id.* In other words, Ms. Bodine's opinion in this case is that Defendants' permit cannot require Defendants to conduct climate vulnerability assessments because the EPA administrations for which Ms. Bodine worked did not historically enforce the permit condition at issue. That is an argument as to agency interpretation of the permit at issue—an argument these Defendants have attempted and lost. *See* Order Denying Mot. to Stay, ECF 641 at 5–6 ("[T]he citizen suit provision is perhaps at its most force when an agency disagrees with the suit's theory of recovery."). Further, an agency's failure to enforce a permit's provisions is irrelevant in citizen suits and any probative value it has is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. As such, it should be excluded pursuant to Rules 401 and 403.

Fundamentally, Ms. Bodine's opinion is pure legal argument. EPA's enforcement practices do not control, and are irrelevant to, defining the scope of Defendants' permit. Judge Meyer held that what best industry practice entails in Defendants' permit is a matter of fact based on the actual practices of the industry. *See* Mot. for Partial Summ. J. Hr'g Tr., ECF 305, at 85:13-16 &.86:14–16. Defendants cannot wave away this ruling by putting on an expert to say best industry practice is not actually defined by what the industry does, but rather what the EPA elects to enforce during any particular administration. Ms. Bodine has no ability to offer any testimony as to any relevant decision being made by the fact finder. She cannot opine what the industry does with regard to best industry practice as to performing climate vulnerability assessments—she can only say that the administrations for which she worked did not enforce that term of Defendants' permit. Even if Ms. Bodine's opinion as to what EPA administrations require with regard to permits was relevant to any issue in this case (it is not), her opinion's value shrinks even further

2

when one realizes she can say nothing about recent EPA administration's enforcement of requirements since her last role was in 2012, so it is not current and therefore not relevant on that basis on top of all the others.

Testimony about how the EPA exercised, or speculation as to how the agency would exercise, its enforcement discretion is not relevant to any determination as to the scope of the permit or the meaning of "best industry practice" as a matter of law. *See Util. Air Regul. Grp. v. Env't Prot. Agency*, 573 U.S. 302, 326 (2014) ("[T]he 'independent enforcement authority' furnished by the citizen-suit provision cannot be displaced by a permitting authority's decision not to pursue enforcement." (citations omitted); *Friends of the Earth v. Consol. Rail Corp.*, 768 F.2d 57, 63 (2d Cir. 1985) ("The citizen suit provision of the Clean Water Act was explicitly modeled on the similarly worded section 304 of the Clean Air Act."); *see also Soundkeeper, Inc. v. A&B Auto Salvage, Inc.*, 19 F. Supp. 3d 426, 433-34 (D. Conn. 2014) (recognizing citizen suits are permitted even when EPA or DEEP decide against taking action). Congress established citizen suit provisions precisely to ensure that private parties can enforce environmental laws independent of agency action or inaction. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 62 (1987); *Starlink Logistics, Inc. v. ACC, LLC*, 101 F.4th 431, 447 (6th Cir. 2024); Order Denying Mot. to Stay, ECF 641, at 6 ("Agencies are afforded no veto power over citizen suits . . . Instead, the citizen suit provision is perhaps at its most force when an agency disagrees with the suits theory of recovery."). Thus, whether the EPA, or CT DEEP, have previously enforced CLF's asserted interpretation of "best industry practice" or required a climate vulnerability risk assessment does not resolve any legal or factual issue. For these reasons, Ms. Bodine's testimony should be excluded.

3

Defendants make much of Ms. Bodine's experience that makes her purportedly "qualified to opine on the technical requirements and regulatory practices at issue in this case" to argue that an expert can testify as to the ultimate legal conclusions of the case in the guise of "expert testimony." Opp. at 8. But it does not matter how qualified a person is if their opinion bears no relation whatsoever to what the fact finder will be asked to decide—whether climate vulnerability assessments are part of best industry practice, not whether the EPA has historically taken enforcement actions based on an interpretation that climate vulnerability assessments are required in certain permits as a best industry practice. The result of Defendants' position would be that an agency's interpretation of the permit, as an issue for expert opinion in this case, would be given to the fact finder. And that fact finder could ultimately decide how much deference to apply to a hypothetical EPA position on what was intended by the phrase "best industry practice." The would render the Court powerless to rule the level of deference to be given to an agency's opinion, despite the fact this is clearly and classically a provenance of the Courts to determine as a matter of law.

For these reasons, Ms. Bodine's opinion is much like that of Defendants' other expert, Ms. Bourdeau, whose opinion is that the documents she read say what they say. *See* CLF's Mot. to Preclude Renee Bourdeau, ECF 737; *see also* Bourdeau Rpt., ECF 737-2. Defendants admit that "Ms. Bodine's principal opinion is that Connecticut Department of Energy & Environmental Protection's ('CT DEEP') 2018 and 2021 General Permit for the Discharge of Stormwater Associated with Industrial Activity, as delegated to CT DEEP by EPA, does not require the climate change assessments and adaptation measures advocated by CLF." Opp. at 10. And it is her principal opinion that "a 'climate assessment' and proposed measures to adapt to increased flood risks that may result from climate change do not meet the CWA definition of 'effluent limits or standards' and 'are not limitations on a discharge,' which are critical, technically defined terms

4

'central to establishing the practical scope of CWA authority.'" *Id.* In other words, Ms. Bodine's opinion solely considers the definitions of terms in a permit as interpreted by the particular EPA administrations for which she worked. Even if this Court were to allow the expert opinion and argument that prior EPA administrations' speculative interpretations of current permits should be given deference (an argument absent from any of Defendants' past or proposed dispositive motions), that argument would only make sense to be considered as a matter of law by the Judge and would be entirely misplaced in front of a jury.

The Court should also reject Defendants' argument that an expert opinion can be premised on that expert's lack of awareness of certain facts or practices. Here, Defendants oppose CLF's exclusion motion by arguing that Ms. Bodine's opinion consists of the fact that "[s]he is also unaware of any consensus technical guidelines for complying with a CWA stormwater permit that address climate change considerations or require modifications to structures to protect against flooding caused by climate change." Opp. at 11. Ms. Bodine is an attorney. She is not offered here as a technical expert, and, therefore it is not surprising that she is "unaware" of consensus technical guidelines. But this is not an expert opinion, and Defendants should not be permitted to put Ms. Bodine on for her opinion that she is unaware of the existence of guidelines. Any lay person could also testify truthfully as to their "unawareness," but that does not mean it bears on any issue in the case or possesses any relevance whatsoever to the disputed issues. Like Ms. Bourdeau, Ms. Bodine's opinion boils down to stating whether or not written words exist: "Ms. Bodine's technical opinions [are] that EPA has never issued any written or oral guidance to that effect." *Id.* Moreover, Defendants have put forth multiple other experts to testify on their view of the technical guidelines at issue in Defendants' permit, so Ms. Bodine's testimony on that point,

5

if she was credentialed to give it, would be cumulative with those opinions and would therefore serve only to prejudice CLF.

Ms. Bodine's testimony invites the jury to conflate the legal requirements of the permit and the meaning of "best industry practice" with the enforcement choices of regulatory agencies. This is precisely the danger Rule 403 is designed to prevent. There is a substantial risk that lay jurors will give undue weight to the fact that the EPA or CT DEEP did not bring prior enforcement actions, viewing this as proof that no violation exists or that CLF's theory is invalid—contrary to the citizen suit's purpose as an independent enforcement authority.  Moreover, Ms. Bodine's status as a former senior EPA official may further magnify this prejudice.  The jury may be misled into believing that the agency's enforcement priorities are synonymous with the legal requirements imposed by statute and permit, when, as a matter of law, they are not.  In addition, permitting Ms. Bodine to testify to these matters risks leaving the jury with the impression that she is authorized to speak and is speaking on behalf of the EPA. She is not.  There is no indication that Ms. Bodine has consulted with anyone at the EPA prior to providing her written report and deposition testimony on this matter, much less received approval, so any testimony purporting to offer opinions on behalf of the EPA should not be allowed. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 482, 489-90 (S.D.N.Y. 2009) (prohibiting expert witness who was former EPA employee from offering opinions about EPA's motives or intent). The jury's task is to determine what "best industry practice" is, not to defer to the suggested enforcement philosophies of past EPA or CT DEEP administrations as imagined by a former EPA official. The Judge's job is to tell the jury what the law is. They do not need Ms. Bodine's assistance with that. Accordingly, under Federal Rule of Evidence 403, Ms. Bodine's testimony regarding the "complex regulatory framework" of the CWA and RCRA, agency enforcement

discretion, patterns of enforcement, or agency disagreement, *see* Opp. at 13, with CLF's theory should be excluded. Such exclusion is necessary to ensure the verdict is based on the law and facts, not on the perceived authority or preferences of regulatory agencies, especially agencies for which Ms. Bodine is not authorized to testify.

Defendants falsely state that CLF does not, and cannot, in good faith, challenge the relevance of Ms. Bodine's experience, but CLF's motion does just that throughout every one of its pages. *See generally*, Mem. in Support of CLF's Motion to Preclude Susan Bodine, ECF 706-1. Defendants are making a red herring argument when they assert that expert testimony based on agency experience can be helpful for a fact finder because they fail to note that the agency experience must still be relevant to an actual issue to be resolved at trial. *See* Opp. at 12–13. It is curious that Defendants spill so much ink arguing for Ms. Bodine's qualifications when they acknowledge that CLF's exclusion motion is based on the irrelevance of those qualifications and opinions. As a result, the Court should give no weight to Defendants' opposition to arguments CLF did not make, like their claim that CLF is arguing Ms. Bodine cannot properly rely on case law. Opp. at 28. Indeed, Defendants misstate CLF's motion papers to argue that CLF seeks Ms. Bodine's exclusion because her legal conclusions are based on case law. *See* Opp. at 35. CLF seeks Ms. Bodine's exclusion because her conclusions have no relevance to the fact finder determining what best industry practice means. Whether she uses case law or other information to support her opinion does not convert it into a relevant one.

Tellingly, Defendants spend only half a page at the end of their Opposition disputing CLF's core argument—that Ms. Bodine's opinion has no relevance whatsoever to what the fact finder will be tasked with deciding in this case. Opp. at 40. CLF does not dispute that former agency employees' expert testimony may generally be helpful on certain issues. But Ms. Bodine's

proposed testimony does not fall into any of those categories. Specifically, the determination of what "best industry practices" does or does not include may turn on factual evidence and testimony from experts with knowledge and experience regarding industry practices. Ms. Bodine offers no such technical, industry-specific expertise. Defendants' attempt to offer a former agency lawyer and official to provide "expert" testimony on the agency's interpretation of this standard should be rejected.

## CONCLUSION

For the foregoing reasons, CLF respectfully requests that the Court grant the underlying *Daubert* motion to preclude the opinion testimony of Defendants' expert witness, Ms. Susan Bodine.

Dated November 17, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna M. Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

8

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)

9

Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*Admitted as Visiting Attorney*

10