# **<u>EXHIBIT 3</u>**

Case 3:21-cv-00933-VDO   Document 904-3   Filed 11/17/25   Page 2 of 5

Richard R. Horner , Ph.D.                                August 11, 2025
Conservation Law Foundation, Inc. v. Shell Oil Company, Et Al.

```
                                                          Page 1

 1              UNITED STATES DISTRICT COURT
 2            FOR THE DISTRICT OF CONNECTICUT
   _____
 3
     CONSERVATION LAW FOUNDATION,     )
 4   INC.,                            )
                  Plaintiff,          )
 5                                    )
          vs.                         )
 6                                    ) Case No.
     EQUILON ENTERPRISES LLC D/B/A    ) 3:21-cv-00933-VDO
 7   SHELL OIL PRODUCTS US, TRITON    )
     TERMINALING LLC, and MOTIVA      )
 8   ENTERPRISES LLC,                 )
                                      )
 9                Defendants.         )
   _____
10
        VIDEO-RECORDED DEPOSITION UPON ORAL EXAMINATION OF
11
                    RICHARD R. HORNER, Ph.D.
12 _____
13
14                  MONDAY, AUGUST 11, 2025
15                       9:05 A.M. PST
16
17                   Veritext - Seattle, WA
18               1200 Sixth Avenue, Suite 610
19                     Seattle, WA 98101
20
21
22
23
24   JOB No. ATL 7530788
25   REPORTED BY:  JUDY BONICELLI, RPR, CSR 9091, CCR 2322
```

Richard R. Horner, Ph.D.                                August 11, 2025
Conservation Law Foundation, Inc. v. Shell Oil Company, Et Al.

Page 79

1      Q.   Yes.
2      A.   His name is Ted Deshler.
3      Q.   Is he at the University of Washington?
4      A.   No.
5      Q.   Do you work with him in your consulting
6   business?
7      A.   Yes.
8      Q.   Is that in litigation?
9      A.   No.
10     Q.   Is he located in Seattle?
11     A.   Yes.
12     Q.   You have never been employed at a
13  manufacturing facility, correct?
14     A.   Well, Exxon was a manufacturing -- is a
15  manufacturing facility.  I was not employed in the
16  manufacturing arm but rather in the preliminaries of
17  design of manufacturing facilities.
18     Q.   You've never been employed at a bulk petroleum
19  storage terminal, correct?
20     A.   Correct.
21     Q.   And you have not overseen the operations of a
22  bulk petroleum storage terminal, correct?
23     A.   Correct.
24     Q.   Have you ever designed a bulk petroleum
25  storage terminal?

Case 3:21-cv-00933-VDO   Document 904-3   Filed 11/17/25   Page 4 of 5

Richard R. Horner, Ph.D.                                August 11, 2025
Conservation Law Foundation, Inc. v. Shell Oil Company, Et Al.

Page 80

1    A.  I did design basis work in that industry.  I
2    think, as I recall, it was really production, not bulk
3    storage.
4        Q.  Have you ever designed above-ground storage
5    tanks?
6        A.  No.
7        Q.  You're not a member of API, correct?
8        A.  Correct.
9        Q.  And you do know what API is?
10       A.  Yes, I do.
11       Q.  Do you have any experience in environmental
12   compliance management at a bulk petroleum storage
13   terminal?
14       A.  No.
15       Q.  Have you ever worked for EPA?
16       A.  I've never been employed by EPA.
17       Q.  Have you done projects for EPA?
18       A.  I've had some funding from EPA, research
19   funding.
20       Q.  Have you been retained by EPA to do any
21   projects aside from research?
22       A.  No.
23       Q.  Have you worked for the State of Washington
24   Department of Ecology?
25       A.  I have had research funding from the

Case 3:21-cv-00933-VDO   Document 904-3   Filed 11/17/25   Page 5 of 5

Richard R. Horner , Ph.D.                                    August 11, 2025
Conservation Law Foundation, Inc. v. Shell Oil Company, Et Al.

Page 243

1                REPORTER'S CERTIFICATE

2

3        I, JUDY BONICELLI, the undersigned Certified

4   Court Reporter, pursuant to RCW 5.28.010 authorized to

5   administer oaths and affirmations in and for the State

6   of Washington, do hereby certify:

7        That the sworn testimony and/or proceedings, a

8   transcript of which is attached, was given before me at

9   the time and place stated therein; that any and/or all

10  witness(es) were duly sworn to testify to the truth;

11  that the sworn testimony and/or proceedings were by me

12  stenographically recorded and transcribed under my

13  supervision, to the best of my ability; that the

14  foregoing transcript contains a full, true, and

15  accurate record of all the sworn testimony and/or

16  proceedings given and occurring at the time and place

17  stated in the transcript; that I am in no way related

18  to any party to the matter, nor to any counsel, nor do

19  I have any financial interest in the event of the

20  cause; that a review was requested.

21        WITNESS MY HAND and DIGITAL SIGNATURE this 29th

22  day of August, 2025.

23        *Judy Bonicelli*

24        JUDY BONICELLI, RPR, CCR
     Washington Certified Court Reporter, CCR 2322

25