## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION, INC.,

               Plaintiff,

   v.

EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,

               Defendants.

Case No: 3:21-cv-00933-VDO

November 17, 2025

## DEFENDANTS' MOTION TO SEAL

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order, dated July 7, 2021 [ECF 7], Defendants move to seal portions of certain Replies in Support of Defendants' Motions to Preclude and certain exhibits thereto for the following CLF Expert Witnesses: Wendi Goldsmith (ECF 893 and 893-1), Richard Horner (ECF 904), Edwin Levine (ECF 905), Joshua Macey (ECF 887 and 887-1), Robert Nairn (ECF 907), Naomi Oreskes (ECF 903), Jacqueline Michel (ECF 906 and 906-1), and Bruno Pigott (ECF 890) as confidential. Defendants also request that the Court preserves the limited redacted status of its Replies that references these confidential exhibits.

## BACKGROUND

Defendants seek to preclude the opinions of Plaintiffs' expert witnesses. On October 3, 2025, Defendants filed Motions to preclude these eleven expert witnesses. Defendants have

contemporaneous filed their Replies in Support of their Motions to Preclude. These Replies rely on the same categories of confidential materials that were cited to and addressed in their Motion to Seal the Memorandums in Support of Defendants' Motions to Preclude (ECF 745). As such, those arguments are incorporated herein by reference.

On July 7, 2021, this court issued a Standing Protective Order ("SPO").  See ECF No. 7. The SPO defines "Confidential" information as:

> "information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy."

*Id.* at ¶ 3.  Confidential information is considered Designated Material.  *Id.* at ¶ 2.  The SPO requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal."  *Id*. at ¶ 14.

Defendants respectfully request that the unredacted Replies in Support of Their Motions to Preclude each of Plaintiff's Expert Witnesses: Wendi Goldsmith (ECF 893), Richard Horner (ECF 904), Edwin Levine (ECF 905), Joshua Macey (ECF 887), Robert Nairn (ECF 907), Naomi Oreskes (ECF 903), Jacqueline Michel (ECF 906), and Bruno Pigott (ECF 890) that were filed concurrently herewith be filed under seal pursuant to the procedure set forth in Local Rule 5 (e)(1)(b)(4)(b).  Likewise, Defendants request that certain exhibits to their Replies in Support of Their Motions to Exclude Plaintiff's Expert Witnesses: Wendi Goldsmith (ECF 893-1), Joshua Macey (ECF 887-1), and Jacqueline Michel (ECF 906-1), also be filed under seal pursuant to the procedure set forth in Local Rule 5 (e)(1)(b)(4)(b).  In particular, the documents sought to be sealed include the following:

1) Unredacted Reply in Support of Motion to Preclude CLF's Expert Wendi Goldsmith

- Exhibit 1 – Excerpts of the Deposition Transcript of Wendi Goldsmith

2) Unredacted Reply in Support of Motion to Preclude CLF's Expert Richard Horner

3) Unredacted Reply in Support of Motion to Preclude CLF's Expert Edwin Levine

4) Unredacted Reply in Support of Motion to Preclude CLF's Expert Joshua Macey

- Exhibit 1 – Excerpts of the Deposition Transcript of Joshua Macey

5) Unredacted Reply in Support of Motion to Preclude CLF's Expert Jacqueline Michel

- Exhibit 1 – Excerpts of the Deposition Transcript of Jacqueline Michel

6) Unredacted Reply in Support of Motion to Preclude CLF's Expert Robert Nairn

- Exhibit 1 – Excerpts of the Deposition Transcript of Robert Nairn

7) Unredacted Reply in Support of Motion to Preclude CLF's Expert Naomi Oreskes

8) Unredacted Reply in Support of Motion to Preclude CLF's Expert Bruno Pigott

The Parties previously marked their respective expert reports as confidential due to their significant and substantive citation to documents and/or information that is similarly marked confidential in this case (much of which this Court has already ordered sealed in connection with other motion practice).

Further, the depositions of these experts discussed the contents of those confidential reports in detail, including the confidential information and documents discussed therein. Therefore, expert deposition transcripts that discuss these confidential reports, documents and information, must also remain confidential.

The Court has previously granted motions to seal in this action covering materially similar categories of information embedded in summary-judgment and expert-related filings and has recognized that tailored sealing preserves meaningful public access while preventing

competitive harm and misuse of non-public, proprietary technical standards and facility-specific operational details.  *See e.g.*, ECF 221; ECF 288, ECF 656; ECF 702.

## LEGAL STANDARD

The public's right to access court documents is not absolute and may be surmounted by a party's showing that sealing will further other substantial interests.  *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013).  Local Rule 5(a)(3) allows for a court to seal a document filed with the Court upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.  D. Conn. L. R. Civ. P. 5(e)(3).

Courts in the Second Circuit, including this Court in this case, have found that exhibits containing "confidential, proprietary, and commercially sensitive information that would cause significant competitive harm if publicly disclosed" warrant filing under seal.  ECF 622.  For example, on May 16, 2023, this Court granted in part a similar motion to seal Defendants' confidential documents on the basis that "the Defendants' claims outweigh the relatively low weight that attaches to the presumption of access in this discovery dispute."  ECF 221 at 13.  Again, on September 23, 2023, this Court granted in part another motion to seal concerning Defendants' confidential materials upon the rationale that "the defendants' security and competitive disadvantage concerns, even if not as weighty as in some other cases, outweigh the low public interest in access to this information."  ECF 288 at 2.  And most recently on July 11, 2025, this Court granted a similar motion to seal, finding that "the documents contain private, non-public information about Shell's ongoing business activities."  ECF 656 at 2.  *Negron v. Cigna Corp.*, 2020 WL 13303130, *3 (D. Conn. May 29, 2020); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) (recognizing that the

parties to an action often have "significant interest in protecting such [confidential proprietary] information from public dissemination").

## ARGUMENT

Defendants now move to seal the unredacted copy of their Memorandums in Support of Motions to Exclude the following Plaintiff's Expert Witnesses: Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Robert Nairn, James O'Donnell, Naomi Oreskes, Jacqueline Michel and Bruno Pigott that were filed concurrently herewith. Defendants also move to seal certain exhibits to their Memorandums in Support of Motions to Exclude Plaintiff's Expert Witnesses: Matthew Barlow, Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Robert Nairn, James O'Donnell, Naomi Oreskes, Jacqueline Michel, and Bruno Pigott. As described below and in the referenced declarations, should these materials be made publicly available, Defendants would suffer significant competitive harm, in the form of value erosion or financial loss. Thus, there are clear and compelling reasons to seal each of these documents and the redacted portions of the Motions that reference such Exhibits.

### I.     **The Expert Reports Are Designated Materials Under the SPO.**

As explained in Defendants Motion to Seal (ECF 745), the Expert Reports and Rebuttal Expert Reports have been designated as CONFIDENTIAL by the producing parties under the SPO, because the reports reference—and discuss in detail—Defendants' non-public, confidential, and commercially sensitive materials (many of which the Court has already ordered sealed in connection with other motion practice, including this Court's Orders at ECF Nos. 221, 288, and 656). *See* ECF No. 7 at ¶ 3 & ¶ 14. As articulated in Defendants' June 4, 2025 Response to CLF's Motion to Seal [ECF 629], the potential publication of the parties' expert reports, which reference and describe these sensitive, confidential and non-public documents,

including  internal Design Engineering Practices ("DEPs") and other work performed by the

Shell group of companies that is likely to cause competitive business harm to Defendants.  And

the potential publication of the parties' expert reports, which reference and describe these non-

public, confidential and commercially sensitive documents that this Court has Ordered must

remain sealed, including internal Design Engineering Practices ("DEPs") and other work

performed by the Shell group of companies that is likely to cause competitive business harm to

Defendants.  *See* ECF No. 629 at 5.

DEPs are internal standards for use in design and construction of Shell group projects.

*See* ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], May 23,

2023 Declaration of Matthew Penny ("Penny Decl."), ¶¶ 5-6 [ECF 234]; ECF No. 630, Ex. B to

Defendants' Response to CLF's Motion to Seal [ECF 629], June 4, 2025 Declaration of Sergio

Jaramillo ("Jaramillo Decl."), at 16.  These are internal, confidential business records that

contain commercially valuable and other competitively sensitive information, as well as

confidential technical information related to Defendants' business activities.  Each document

states in the preface that its use is restricted by service or license agreements and that it contains

proprietary technical information.  The documents reflect the professional, technical views of

Shell Global Solutions International B.V. ("Shell GSI") and are developed using the unique

experience acquired in the design, construction, operation and maintenance of Shell group

facilities. ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629],

Penny Decl., at ¶ 6.  The documents were prepared based on the business's internal knowledge

from expertise in operations and project management, reflecting restricted information that has

value to the business, and significant measures are taken to guard the secrecy of the information.

As noted in the Penny Declaration, making such information available to competitors would

cause two distinct types of financial and competitive harm.  ECF No. 629-1, Ex. A to Defendants' Response to CLF's Motion to Seal [ECF 629], Penny Decl., at ¶ 15.  "First, competitors could use this information to improve their own internal processes, which would lead to value erosion or financial loss to the Shell group."  *Id*.  Additionally, "potential customers could access the documents without compensation to Shell GSI, the owner of the intellectual property, causing direct financial loss to Shell GSI."  *Id*.

Likewise, documents related to the Shell group of companies' internal Metocean team's work on adaptation issues and corresponding evaluations of assets are confidential and are designated internally by Shell as confidential and/or restricted.  Likewise, documents related to the Shell group of companies' internal Metocean team's work on adaptation issues and corresponding evaluations of assets are confidential and are designated internally as confidential and/or restricted.  These documents reflect assessments and internal processes, expertise and know-how either of the Shell group of companies itself or those commissioned to work on its behalf.  They are confidential, non-public, private, maintained internally, and contain unique business information, expertise and know-how.  As explained by Mr. Jaramillo, the publication of this confidential information and material regarding the Metocean work is likely to cause competitive business harm to Defendants.  *See* ECF No. 630, Ex. B to Defendants' Response to CLF's Motion to Seal [ECF 629], Jaramillo Decl., at ¶¶ 5-7, 9, 12.

Further, as set forth in both Mr. Brian Evans' February 3, 2023 declaration (ECF 174-1) and Mr. Michael Sullivan's May 30, 2023 declaration (ECF 239-1), if the information contained in the Shell group of company's internal policies, procedures, and operations, which have been designated as confidential in this case, were made publicly available, it would cause competitive harm to Defendants.  *See* ECF 174-1; *see also*, ECF 239-1.

Moreover, this Court has consistently granted prior motions to seal Defendants' confidential materials. *See e.g.*, ECF 221; ECF 288, and ECF 656. This Court has also already recently granted a similar motion to seal portions of Ms. Goldsmith's expert report and documents and/or deposition testimony referencing or relating to DEPs and internal work by the Metocean team. *See* ECF No. 656. Therefore, Defendants respectfully request that these documents also be sealed in accordance with this Court's prior order on the same or similar materials. *Id.*

## II.    Deposition Testimony Discussing Designated Materials Must Remain Confidential.

Additionally, Defendants move to seal certain Exhibits to their Replies in Support of Motions to Exclude consisting of excerpted deposition transcripts of Plaintiffs' experts, Wendi Goldsmith (ECF 893-1), Joshua Macey (ECF 887-1), and Jacqueline Michel (ECF 906-1), which reference confidential material, including their respective confidential expert reports and/or rebuttal reports, and must also, at a minimum, be treated as Designated Material under the SPO. As explained above, the expert reports contain non-public, confidential, and commercially sensitive materials and should be sealed from the public record.

For all these reasons, Defendants respectfully request that the Court grant this Motion to Seal the designated confidential material in Defendants' Exhibits to their Replies in Support of Motions to Preclude the following CLF Expert Witnesses: Wendi Goldsmith and Joshua Macey, in accordance with the SPO. This result would also be consistent with the Court's previous Order of July 11, 2025, which granted CLF's Motion to Seal Defendants' properly designated confidential material on similar grounds [ECF No. 656].

**CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court enter an Order sealing unredacted copies of Defendants' Replies in Support of Motions to Exclude the following CLF Expert Witnesses: Wendi Goldsmith, Richard Horner, Edwin Levine, Joshua Macey, Jacqueline Michel, Robert Nairn, Naomi Oreskes, and Bruno Pigott, and certain Exhibits thereto.

Dated: November 17, 2025                    Respectfully submitted,

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com
ctoledo@kslaw.com

Antonio E. Lewis (phv03069)
KING & SPALDING LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
T: (704) 503-2551
alewis@kslaw.com

Rose H. Jones
HILGERS GRABEN PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
BEVERIDGE & DIAMOND, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE & DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (phv20623)
Roy D. Prather III (phv206800)
BEVERIDGE & DIAMOND, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2025, a copy of the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
