# EXHIBIT 1

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION,

INC.,

                Plaintiff,          Case No.

                vs.              3:21-cv-00933-VDO

EQUILON ENTERPRISES LLC d/b/a

SHELL OIL PRODUCTS US, TRITON

TERMINALING LLC, and MOTIVA

ENTERPRISES LLC,

                Defendants.

VIDEOTAPED

DEPOSITION OF:  JACQUELINE MICHEL, PhD

DATE:           August 22, 2025

TIME:           9:11 AM

LOCATION:       Nelson Mullins Riley &

                Scarborough, LLP

                1320 Main Street, 17th Floor

                Columbia, SC

REPORTED BY:    Sandra K. Bjerke, RDR, CRR, CBC

Page 64

reviewed Dr. Nairn's expert report in this case; right?

A.    Yes.

Q.    Is it your understanding that Dr. Nairn reviewed the adequate nature of the secondary containment volume at the terminal?

A.    I do, but I don't recall the details.

Q.    Okay.  Do you have any reason to dispute that Dr. Nairn cites the secondary containment volume calculations and concluded that they exceed the minimum required?

A.    That's correct, yes.

Q.    Correct that they -- that Dr. Nairn at least concludes that they exceed the minimum amount required for secondary containment; right?

A.    Yes.

Q.    Okay.  So then this section of the regulation is what would apply to the terminal, is what I'm trying to get at; right?  Because we agree that the aboveground storage tanks have adequate secondary containment.

MS. JACKS:  Objection.

BY MR. KEARNEY:

Q.    Correct?

MS. JACKS:  Calls for a legal

Page 65

conclusion, outside the scope.

THE WITNESS:  You know, their calculations do, but, you know, my experience at spills at facilities, you know, shows that that's not, you know, adequate secondary containment.

BY MR. KEARNEY:

Q.   What do you understand secondary containment to serve the purpose for?

A.   Dikes around the tanks in order to contain releases from the tanks.

Q.   Right.  And there needs to be, under the law -- and we don't need to get into the details of it, but there needs to be enough volume to contain a certain amount of product if it were released?

A.   Yes.

Q.   So at least for purposes of the question in A.2.2 and, again, where we had talked about that second sentence regarding aboveground oil storage tanks that have adequate secondary containment, would you agree that the output for this would be zero for that part?

MS. JACKS:  Objection.  Objection to the extent that this calls for a legal conclusion and it's outside the scope.

Page 113

A.    No.

Q.    And to be sure, you've obviously referenced certain characteristics of prior spills that have occurred in Louisiana following Hurricane Katrina and Hurricane Rita, in your report; correct?

A.    And Harvey and Superstorm Sandy.

Q.    You've referenced the demonstrated spill modeling that occurred in those prior events; correct?  Or spill characteristics.

A.    Characteristics, yes.

Q.    Okay.  And I just want to make sure. You're not offering an opinion in this case that if there were a storm event that impacted the New Haven Terminal, that any potential spill would have the same characteristics as those prior events, are you?

MS. JACKS:  Objection; calls for speculation, vague.

THE WITNESS:  No.

BY MR. KEARNEY:

Q.    No, you're not offering that opinion.

A.    Yeah.

Q.    I want to turn to your rebuttal to Dr. McCay's -- Dr. French-McCay's expert report,

Jacqueline Michel , PhD                          August 22, 2025
Conservation Law Foundation, Inc. v. Shell Oil Company, Et Al.

Page 134

CERTIFICATE OF REPORTER

I, Sandra K. Bjerke, Registered Professional Reporter and Notary Public for the State of South Carolina at Large, do hereby certify that the foregoing transcript is a true, accurate, and complete record.

I further certify that I am neither related to nor counsel for any party to the cause pending or interested in the events thereof.

Witness my hand, I have hereunto affixed my official seal this 29th day of August, 2025, at Charleston, Charleston County, South Carolina.

Sandra K. Bjerke, RDR, CRR, CBC

My Commission Expires

May 6, 2030