UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br><br> November 24, 2025 |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S**
**OPPOSITION TO DEFENDANTS' MOTION TO SEAL [ECF 836]**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

I.     Introduction ........................................................................................................................ 1

II.    Background ........................................................................................................................ 2

III.   Legal Standard ................................................................................................................... 4

IV.    Argument ........................................................................................................................... 5

    A.  Defendants Fail to Identify the Confidential Information at Issue in the Motions
        and Exhibits. ................................................................................................................. 6

    B.  Defendants' Interpretation of the SPO Regarding Deposition Transcripts is
        Unworkable and Irrelevant for the Sealing Standard. ................................................... 9

    C.  Defendants Have Not Offered Clear and Compelling Reasons to Seal the Exhibits
        to Defendants' Opposition Briefs. ............................................................................... 10

V.     Conclusion ....................................................................................................................... 13

**TABLE OF AUTHORITIES**

*Cases*

*Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859 (D. Conn. Mar. 28, 2013) ................................................................................... 5

*Connecticut Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, No. 3:18-CV-705 (VLB), 2020 WL 13303727 (D. Conn. Aug. 21, 2020) ...................................................... 11

*CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701 (D. Conn. July 12, 2017) ........................................................................................ 11

*In re Parmalat Sec. Litig.*, 258 F.R.D. 236 (S.D.N.Y. 2009) ............................................. 5, 11, 12

*Jadwalean Int'l Co. For Operations & Mgmt v. United Tech Corp.*, No. 3:09-CV-00018(JCH), 2009 WL 1064495 (D. Conn. Apr. 17, 2009) ............................................. 12, 13

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ................................... 4, 5, 11

*Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708 (S.D.N.Y. May 5, 2020) ........................................................................................ 13

*Rules*

D. Conn. L. R. Civ. P. 5(a)(3) ................................................................................................ 5, 11

I.      INTRODUCTION

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Opposition to Defendants' Motion to Seal (ECF 836). Defendants' Motion asks the Court to seal Defendants' Opposition Briefs to CLF's Motions to Preclude Experts Dr. Craig Jones, Dr. Deborah French-McCay, Mr. David Uhlmann, and Ms. Susan Bodine. In addition to these four Opposition Briefs, the Motion covers eight exhibits, four expert reports, one appendix of an expert report, and three excerpts of expert depositions. The Court already has pending Motions to Seal all, or substantially all, of the five expert report sections in front of it. Those are ECFs 707, 715, 723, and 731, which move to seal the ECF 721 and 727 filings of Dr. Jones' Expert Report; ECFs 718 and 728 filings of Dr. French-McCay's Expert Report; ECF 735 filing of Mr. Uhlmann's Expert Report; and the ECF 709 filing of Ms. Bodine's Expert Report. Because Defendants made the same arguments in their underlying Motion at issue here, as they did in opposition to the ECF 707, 715, 723, and 731 Motions, CLF submits it would be appropriate for the Court's decision on the former to control the overlapping exhibits here. *Compare* ECF 836 at 5–8 *with* ECF 825 at 11–15 (making the same arguments, under the same subheadings, based on citations to the same set of declarations). CLF asks the Court to deny Defendants' Motion as Defendants have not identified the specific information across these filings that are purportedly confidential and have not supported any claims of confidentiality with particularized evidence of harms to warrant sealing.

The expert reports were designated confidential due to occasional references to Defendants' documents produced with confidentiality designations under the Standing Protective Order ("SPO"). In turn, some of the portions of expert deposition transcripts that reference opinions and materials contained in the reports were also designated confidential. However, Defendants have not supported any of their designations with specific information and so fail to articulate valid reasons to justify sealing. Even if information has been timely and appropriately

1

designated confidential under the SPO, Defendants must supply specific evidence of their harm of public disclosure to allow the Court to weigh that interest against the sealing standard, which presumes public access to Judicial Documents. In their Motion, Defendants fail to specifically connect the information at issue across their Opposition Briefs and exhibits to any business or financial harm and the Court should deny the Motion to Seal.

## II.    BACKGROUND

On July 7, 2021, this court issued a Standing Protective Order. *See* ECF 7. The Standing Protective Order defines "Confidential" information as:

> information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

*Id*. ¶ 3. Confidential information is considered Designated Material. *Id*. ¶ 2. The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id*. ¶ 14.

In their Motion, Defendants requested the following 12 filings be sealed (*See* ECF 836 at 2–3):

1) **Defendant's Response In Opposition to Plaintiff's Motion to Preclude Dr. Craig Jones (ECF 835)**

    - Exhibit 1 – Dr. Jones' Expert Report (ECF 835-1)
    - Exhibit 8 – Appendix B of Dr. French-McCay's Expert Report (ECF 835-8)
    - Exhibit 9 – Excerpts of Dr. French-McCay's Deposition Transcript (ECF 835-9)

2) **Defendant's Response In Opposition to Plaintiff's Motion to Preclude Dr.**

2

**Deborah French-McCay (ECF 830)**

- Exhibit 1 – Dr. French-McCay's Expert Report (ECF 830-1)
- Exhibit 4 – Excerpts of Dr. French-McCay's Deposition Transcript (ECF 830-4)

3) **Defendant's Response In Opposition to Plaintiff's Motion to Preclude Mr. David Uhlmann (ECF 833)**

- Exhibit 1 – Mr. Uhlmann's Expert Report (ECF 833-1)
- Exhibit 4 – Excerpts of Mr. Uhlmann's Deposition Transcript (ECF 833-4)

4) **Defendant's Response In Opposition to Plaintiff's Motion to Preclude Ms. Susan Bodine (ECF 834)**

- Exhibit 2 – Ms. Bodine's Expert Report (ECF 834-2)

The five expert reports subject to Defendants' Motion have been fully or substantially placed on the docket already and are subject to other pending Motions to Seal. Dr. Jones' Expert Report (ECF 835-1) was filed under seal by Defendants at ECF 838 as a 176-page document containing the 110-page report, Appendix A of Dr. Jones CV, and Dr. Jones materials considered. The 110-page report was filed under seal by CLF at ECF 727, and Dr. Jones' CV was placed on the docket at ECF 725, the later of which Defendants agreed need not be sealed. ECF 825 at 3 n.2. The decision on these two aspects of Dr. Jones' Report is pending under CLF's ECF 723 Motion to Seal. Neither Party had yet put the materials considered list on the docket until this Motion.

Dr. French-McCay's Expert Report (ECF 830-1) was filed under seal by Defendants at ECF 844 as a 405-page document containing the 40-page report and Appendixes A through L. Appendix B of Dr. French-McCay's report was separately filed under seal as exhibit 8 of Defendants' Opposition Brief on Dr. Jones at ECF 839. Both of these documents were already

3

filed under seal by CLF at ECFs 718 (Report) and 728 (Appendix B), and those decisions to seal are pending under CLF's ECF 715 and 723 Motions to Seal.  Dr. French-McCay's full report was also previously filed under seal by Defendants' at ECF 768, with that decision to seal pending under Defendants' ECF 745 Motion to Seal.

Mr. Uhlmann's Expert Report (ECF 833-1) was filed under seal by Defendants at ECF 848 as a 28-page report with its two exhibits: a CV and a materials considered list.  This document has been filed under seal by CLF as the full report at ECF 735 and a 3-page excerpt at ECF 869, and those decisions to seal are pending under CLF's ECFs 731 and 845 Motions to Seal.  This document was already filed under seal by Defendants as a 3-page excerpt at ECF 781 and a 9-page excerpt at ECF 784, with those decisions to seal pending under Defendants' ECF 745 Motion to Seal.

Ms. Bodine's Expert Report (ECF 834-2) was filed by Defendants under seal at ECF 852 as a 19-page document.  A 9-page excerpt of this document was already filed under seal by CLF at ECF 709 and is subject to CLF's ECF 707 Motion to Seal, a 5-page excerpt by Defendants' at ECF 783 subject to Defendants' ECF 745 Motion to Seal, and a 2-page excerpt was filed under seal at ECF 868 subject to CLF's ECF 845 Motion to Seal.  All told, across these five expert reports and report sections subject the underlying Motion, only the Dr. Jones report materials considered list and the full report of Ms. Bodine are newly under consideration, while the remainder are subject to a number of pending motions to seal.

### III. LEGAL STANDARD

As this Court has noted (ECF 221), courts in the Second Circuit follow a three-step process in determining whether to seal documents that have been placed before them.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  First, the court determines whether the document is a "judicial document" to which a presumption of public access attaches.  *Id.* at 119.

4

Second, if the document is indeed a judicial document, the court determines the weight to be given to the presumption under the circumstances of the case. *Id.* Third, after determining the weight to be accorded to the presumption, the court "balance[s] the competing considerations against it." *Id.* at 120. Local Rule 5(a)(3) allows for a court to seal a filed document upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(a)(3). While courts may deny access to records that might harm a party's competitive standing, broad allegations of competitive harm unsubstantiated by specific examples are not permitted. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). The party opposing disclosure has the burden of offering a particular and specific demonstration of fact, "distinguished from general, conclusory statements revealing . . . some . . . consequential harm", to justify protection from the court. *Id.* (quoting *Blum v. Schlegel*, 150 F.R.D. 38, 41 (W.D.N.Y. 1993)).

Unlike exhibits to discovery motions, which this Court has noted are only afforded a "presumption of access" of "modest weight," ECF 221 at 4, exhibits to a motion to preclude expert testimony are given a "strong presumption" of public access. *See Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859, at *5 (D. Conn. Mar. 28, 2013) (ruling that exhibits attached to a motion to preclude expert testimony "are used to determine litigants' substantive legal rights," and so are "entitled to a strong presumption of public access) (quoting *Lugosch*, 435 F.3d at 121)); *see also Lugosch*, 435 F.3d at 121–23 (noting weight of presumption of access is governed by the nature of a motion not by the ultimate outcome of the motion).

IV. **ARGUMENT**

Defendants' Motion asks the Court to seal 12 filings based on four pages of conclusory argument. Mot. at 4–8. The Court should deny Defendants' Motion in full because: (1)

5

Defendants did not identify the confidential information at issue across the filings with any specificity; (2) Defendants' claims that deposition transcripts are self-designating and self-sealing are unworkable and irrelevant and the transcripts do not put Defendants' internal documents at issue; and (3) the general information provided by Defendants was not supported with the particularized explanations of harm required by the high sealing standard for these motions. Because Defendants made the same arguments in their underlying Motion at issue here, as they did in opposition to the ECF 707, 715, 723, and 731 Motions, CLF submits it would be appropriate for the Court's decision on the former to control for the overlapping exhibits here. *Compare* ECF 836 at 5–8 *with* ECF 825 at 11–15 (making the same arguments, under the same subheadings, based on citations to the same set of declarations). For these three reasons, the Court should deny Defendants' Motion and order the Opposition Briefs to be unredacted and the exhibits placed on the public docket.

### A. Defendants Fail to Identify the Confidential Information at Issue in the Motions and Exhibits.

Defendants' Motion claims that the expert reports "have been designated as CONFIDENTIAL under the SPO, because the reports reference—and discuss in detail—Defendants' non-public, confidential, and commercially sensitive materials." Mot. at 5. Defendants also argue that because excerpted deposition transcripts reference these reports and confidential materials, they must also be sealed from the public record. *See id.* at 6–8. However, Defendants failed to identify the confidential information at issue in their Opposition Briefs and exhibits with any specificity, preventing the Court from knowing which pages of the reports contain any sensitive information and what that sensitive information entails. Defendants' Motion generally references that the filings contain business confidential information but only

6

affirmatively identifies the Design Engineering Practices ("DEPs") documents and documents created by Shell's metocean team. Mot. at 5–6. Beyond the DEPs and metocean documents, Defendants generally invoke the idea that there is at issue "other work performed by the Shell group of companies that is likely to cause competitive business harm to Defendants" without specifying what documents or work is at issue. *Id.* at 5. While Defendants cite to the 2023 declarations from Brian Evans and Michael Sullivan, they only do so in support of the idea that the DEPs and Metocean work is confidential. *Id.* at 6 (citing to the Evans and Sullivan declarations only in connection to DEP and Metocean related assertions); *see generally* Evans Declaration, ECF 174-1; Sullivan Declaration, ECF 239-1. The general reference to "other work performed by the Shell group of companies," is made without citation. Mot. at 5.

Upon scrutiny of the expert reports at issue, there are almost no references to the confidential documents Defendants described in their Motion. Across the 702 pages of expert reports subject to Defendants' Motion, the DEPs are only referenced on 2 pages, Dr. Jones report pages 93 and 96, and those references only note that CLF's expert Dr. Goldsmith had evaluated certain DEPs in her report, but then with Dr. Jones not providing any quotes or details from the DEPs except for opinions paraphrasing and disagreeing with Dr. Goldsmith's opinions. ECF 838 at 103, 106. There are no references to, or discussions of, the word "metocean" across the 702 pages of expert reports except for the word used in titles of two documents on Dr. Jones' list of materials considered. *Id.* at 155, 162. There are no references to the DEPs or Shell's Metocean team or work in Defendants' Opposition Briefs at all. Furthermore, the only reason Defendants give for finding the DEPs confidential is the information provided by the Penny Declaration, ECF 234, which the Court has already deemed insufficient to justify sealing two DEPs ordered unsealed. *See* Order on Motion to Seal, ECF 221 at 6–8 (noting that the DEPs make clear on their

7

face "that the Defendants share them with 'other companies'" including contractors and subcontractors, and therefore they do not appear to be business competitive or trade secret); Order Denying Defs.' Motion for Reconsideration, ECF 238.

Defendants do not explain what the "other work performed by the Shell group of companies" might entail and thus CLF and the Court would be hard pressed to scour the expert reports at issue for evidence of Defendants' purported harm. That Defendants declined to even explain in their Motion what internal documents could pose a confidentiality risk indicates that protecting the information at issue is low on the list of Defendants' concerns. As CLF has pointed out in past briefing, the 2023 Sullivan and Evans declarations do not stand for the proposition that all Shell authored or Shell internal documents are confidential such that their exposure could result in business harm. *See* ECF 832 at 10–12. Both declarations only refer to a few specific documents and neither claim that each part of those documents would warrant sealing. In fact, the Evans declaration admitted that one of CLF's exhibits on a discovery motion, a Business Continuity Plan (SOPUS_NHVN00000663), did not warrant sealing because "the document contains general steps that the New Haven Terminal would take to prepare for a severe weather event" and "[t]hese processes are not detailed enough to be unique to the Terminal or Shell group of companies." *Id.* at 5. This Business Continuity Plan is in fact one of the few Shell-produced documents referenced and discussed across the expert reports at issue as it appears on six different pages. Jones Rpt. at 5, 36, 41, 94; Uhlmann Rpt. at 19, 20. Defendants' failure to identify what aspects of these reports might pose risk of business harm if made public, and Defendants' own admissions that many of their internal documents would not warrant sealing, make it so CLF and the Court are to unable to scour these reports on their own to find instances of information that should be considered for sealing.

Some of the expert reports contain general confidentiality designations because they cite documents that Defendants produced with designations. However, Defendants designated nearly every document they produced confidential and have since declined to support that many would warrant sealing. *See generally* ECF 349-1 at 2 (describing Defendants' over-designation of documents and prejudicial use of the protective order). Even if the Court were to grant sealing based on Defendants' Motion, it is unclear what pages of which reports would be supported by even the most generous credit given to Defendants' Motion. By CLF's count above, Defendants' reasoning from its Motion could, at most, support sealing a few pages out of the roughly 700 pages of expert reports at issue. The Court should not scour Defendants' expert reports on its own to identify information for sealing and should simply deny Defendants' Motion to Seal for a failure to meet their burden.

### B. Defendants' Interpretation of the SPO Regarding Deposition Transcripts is Unworkable and Irrelevant for the Sealing Standard

As CLF has pointed out in previous filings, Defendants' argument that deposition transcripts should be self-designating, and now argue should be self-sealing, ECF 836 at 6–8, are not supported by the text of the SPO and are unworkable. *See* ECF 799 at 3–4. The protective order states that transcripts may be designated one of two ways, "(a) when the testimony is recorded, or (b) by written notice to all counsel of record." ECF 7 ¶ 13. The protective order does not say there is a third option. Defendants claim that paragraph 13 automatically makes deposition testimony confidential where a confidentially designated exhibit is used and discussed. ECF 836 at 7–8. The sentence from the SPO that Defendants partially quote relates to whether a designated exhibit may be used and shown to a witness. The purpose of that sentence is to ensure that confidential designation of a document does not interfere with a party's ability to use the document

9

in a deposition. It is not a secret third way to designate transcripts. Regardless, Defendants only make this argument seemingly as a justification for the designations they made in writing. ECF 836 at 7; *see* ECF 825-1 and 825-2.

What Defendants fail to include in their Motion is an actual argument or even assertion that making the deposition transcript excerpts public would cause any harm to Defendants. Even the most cursory review of these passages will show why Defendants did not put forward significant argument on harm as the transcripts simply do not discuss in detail Defendants' documents or information that has been designated confidential. As CLF noted in prior filings, the depositions of Mr. Uhlmann and Dr. French-McCay, simply do not discuss any of Defendants' documents produced with confidentiality designations, they only discuss the opinions of various experts and issues about the creation of the expert reports, such as who performed certain calculations or expert compensation rates. *See* ECF 895 at 12–13. Even if there was an aspect of an expert's billing or details of a model that were in some general sense private, Defendants' Motion only asks the Court to seal based on references to Shell's own documents that were produced with confidential designations. *See* ECF 836 at 7. And there are no passages in the transcripts that reference such documents. The Court should not endorse Defendants' claim that deposition transcripts are self-designated or self-sealing and should deny the Motion to Seal as failing to meet Defendants' burden.

**C. Defendants Have Not Offered Clear and Compelling Reasons to Seal the Exhibits to Defendants' Opposition Briefs.**

Even if the Court were to find that Defendants' Motion put forward credible facts that some information is confidential, the Court would then need to consider the specific allegations of financial and business harm to Defendants and weigh that against the presumption of public access

10

to judicial documents. *Lugosch*, 435 F.3d at 119. The fact that business documents are not shared publicly, or are designated under the SPO, does not by itself warrant sealing. *See In re Parmalat*, 258 F.R.D. at 244; *Connecticut Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, No. 3:18-CV-705 (VLB), 2020 WL 13303727, at *3 (D. Conn. Aug. 21, 2020) ("[T]he fact that business documents are secret . . . does not warrant sealing absent a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection."); *CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *2 (D. Conn. July 12, 2017) (finding that a party's designation of a document as "confidential" under a protective order does not grant a presumption that sealing is appropriate where the order "grant parties 'open-ended and unilateral deference' to protect whichever discovery materials they choose" (citations omitted)). Here, Defendants did not support their claims of confidentiality over the expert reports, deposition transcripts, and Opposition Briefs with anything but conclusory statements that there generally exists information that could cause commercial harm in primary documents produced by Defendants. Defendants have an obligation to explain why the few passages of the 12 filings (which are not the primary business documents described in the Motion and referenced declarations) that purportedly contain confidential information would cause commercial harm and they failed to provide that specific information as to any portion of any of the 12 filings. *See CSL Silicones, Inc*, 2017 WL 4750701, at *3 ("The party seeking to preclude disclosure . . . has the burden to show that the information in fact constitutes a trade secret, that disclosure would harm [their] competitive position and that the asserted harm outweighs the presumption of public access." (citations and quotations omitted)). Local Rule 5(a)(3) allows for a court to seal a filed document only upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(a)(3). Defendants have not met their burden to supply evidence for the Court's particularized findings.

11

Furthermore, the situations where courts allow business confidential information to be sealed in relationship to motions that adjudicate a party's rights require direct competitive harm akin to actionable commercial information or a trade secret. *In re Parmalat*, 258 F.R.D. at 245 (describing analysis to "determin[e] whether information is sufficiently valuable and secret to afford an actual or potential economic advantage over others . . . [i]n order to be sufficiently valuable and secret, the information must not be commonly known to the trade in which the putative trade secret owner is engaged." (internal quotations omitted)). Defendants operate an oil company whose primary business is locating crude oil underground, drilling for crude oil, refining that oil into products such as chemicals and gasoline, then shipping those products around the world and selling them. The information at issue in the few passages where Defendants purport to have a commercial interest have no trade secrets or actionable commercial information and instead would be general information about environmental compliance known to any regulated entity and certainly any oil company. The information in the DEPs is regularly provided to third parties and therefore cannot be considered a trade secret. *See* ECF 221 at 6–8. Information about the Metocean team's analysis is publicly available in research papers by Defendants' scientists and described in their public SEC filings. ECF 326-1 at 25-26; *see* ECF 309-11 & 309-12. Simply put, the examples of documents that Defendants describe in the Motion are not valuable commercial information but instead are documents any oil company would know or could easily obtain. There is no allegation the expert reports expose secret locations of new oil fields or gasoline pricing or profit information.

Defendants have not put forward evidence that any information in the 12 filings at issue are akin to trade secrets and thus could warrant sealing associated with motions that adjudicate a party's rights. A court will order the sealing of documents for only "limited circumstances and upon a showing of compelling circumstances." *Jadwalean Int'l Co. For Operations & Mgmt v. United Tech Corp.*, No. 3:09-CV-00018(JCH), 2009 WL 1064495, at *1 (D. Conn. Apr. 17, 2009). "[A] judge must

carefully and skeptically review sealing requests to insure [sic] that there really is an extraordinary circumstance or compelling need" because "this court will not depart from the governing strong presumption of open access" of documents filed in a case. *Id.* (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). While valid business needs may outweigh the presumption of public access, *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020), Defendants must provide a particular and specific demonstration of fact to connect the information in the memoranda and exhibits to such a business need. Here, Defendants' conclusory claims by counsel that information in primary documents, not directly at issue, is commercially sensitive, fails to carry their burden to seal the 12 filings at issue in their Motion.

## V.     CONCLUSION

For the foregoing reasons, CLF asks the Court to deny Defendants' Motion to Seal (ECF 836).

Dated: November 24, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna M. Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020

13

Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff
Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*