

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

November 26, 2025

**VIA PACER/ECF**

Hon. Thomas O. Farrish
United States Courthouse
450 Main Street, Suite 262
Hartford, CT 06103

**RE:**   *Conservation Law Foundation, Inc. v. Equilon Enterprises LLC, et al.*
No. 3:21-cv-933 (D. Conn.)

Dear Judge Farrish:

      Defendants submit this letter brief in accordance with Your Honor's order in ECF 921 and ask the Court to sustain their objections to Plaintiff's Requests for Admission. The primary issue in dispute is whether Plaintiff may seek binding admissions on issues beyond the scope of permissible discovery in this case. Many of Plaintiff's requests are not reasonably calculated to lead to the discovery of admissible evidence because they ask Defendants to admit or deny issues unrelated to any claim Plaintiff can properly pursue in this case under the Clean Water Act ("CWA") and controlling regulations. *See, e.g., Conservation Law Found., Inc. v. Pike Fuels Ltd. Pship.,* No. 3:21-cv-00932, 2025 WL 2987007, at *6 n.2 (D. Conn. Oct. 23, 2025) (this Court recognizing that Rule 26's relevance standard applies to RFAs). Defendants objected to these requests (RFAs 5-7 and 9-17), and the Court should sustain those objections.[1]

      RFAs 5-7 and 9-17 concern Plaintiff's purported claims regarding the sufficiency of "secondary containment" areas at the Terminal, as well as their "impermeability." While Plaintiff never raised these issues in its complaint or in its statutorily required pre-suit Notice of Intent to Sue ("NOI"), Plaintiff's expert reports attempted to inject these issues into the case by raising them as additional alleged violations of the CWA and the permit. But regardless of what Plaintiff's experts state in their reports, Plaintiff is legally barred from pursuing these alleged violations because Plaintiff failed to adhere to the mandatory pre-suit NOI process for identifying these violations.

---

[1]     In its meet and confer letter, Plaintiff claimed that Defendants cannot respond to a Request for Admission with an objection alone. That is incorrect. As Plaintiff knows, the Rule recognizes that a party may respond with an objection. *See* Fed. R. Civ. P. 36(a)(3), (5). And if that objection is sustained, no further response is required. *See, e.g., Pike Fuels,* 2025 WL 2987007, at *7-9 (D. Conn. Oct. 23, 2025) (this Court sustaining Pike Fuels's objections in response to Plaintiff's RFAs).


Under the CWA, Plaintiff was prohibited from filing its claims until 60 days after serving an NOI. The CWA requires strict compliance with pre-suit notice for citizen suits, including **specificity** as to the alleged violation. *See* 33 U.S.C. § 1365(b)(1)(A); 42 U.S.C. § 6972(a)(1); 40 C.F.R. at § 135.3(a).

On July 28, 2020, Plaintiff filed an NOI. By statute and regulation, Plaintiff's NOI was required to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of the violations that formed the basis of its claims. *See* 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. at § 135.3(a). In its NOI, Plaintiff identified 12 CWA claims and 3 RCRA claims. Plaintiff first inspected the Terminal on December 5-6, 2022. Plaintiff filed supplemental NOIs on February 17, 2021 and November 21, 2024, which did not add any claims.

As a matter of law, Plaintiff cannot pursue claims based on alleged violations not identified in the NOI. *See, e.g., Mid-N.Y. Envtl. And Sustainability Promotion Cmte., Inc. v. Dragon Springs Buddhist, Inc.,* 152 F.4th 413, 420-21 (2d Cir. 2025) (recognizing that "a plaintiff must give a prospective defendant and relevant administrative authorities notice of their claims before filing suit"); *Catskill Mountains Ch. Of Trout Unlimited, Inc. v. City of N.Y.,* 273 F.3d 481, 487 (2d Cir. 2001) (affirming dismissal of thermal discharge claims not adequately identified in NOI); *see also Hallstrom v. Tillamook Cnty.,* 493 U.S. 20, 25 (1989) ("[C]ompliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit.").

The case law is very clear: Plaintiff has no right to raise new allegations it did not identify with specificity in the NOI or in the complaint. *See, e.g., Catskill Mountains,* 273 F.3d at 487 (to pursue a CWA citizen suit, "the prospective plaintiff must provide notice" under 40 C.F.R at § 135.3(a)).[2] Unlike in a typical lawsuit, a citizen-suit plaintiff cannot just change its claims after it has filed. Instead, the CWA requires a new NOI and an amended complaint. The time for that has long since passed here.

The purpose behind a pre-suit NOI is to afford both the regulatory agency and the alleged violator an opportunity to correct the issues before a citizen suit starts. *See, e.g.*, *Brod v. Omya, Inc.*, 653 F.3d 156, 166 (2d Cir. 2011) (explaining that "the content of an NOI must serve the purpose of giving 'the appropriate governmental agencies an opportunity to act and the alleged violator an opportunity to comply.'") (internal citations omitted); *see also New Mexico Citizens*, 72 F.3d at 833 ("[T]he purpose of pre-suit notice is to allow . . . a non-adversarial time period"

---

[2] *See also Shark River Cleanup Coal. v. Twp. of Wall,* 47 F.4th 126, 136 (3d Cir. 2022) (NOI that "left the Defendants guessing" about what section of the CWA was violated required dismissal); *Karr v. Hefner,* 475 F.3d 1192, 1203 (10th Cir. 2007) (holding notice was inadequate because it failed to adequately allege sufficient details to permit the defendant to "identify the specific standard, limitation, or order alleged to be violated"); *ONRC Action v. Columbia Plywood, Inc.*, 286 F.3d 1137, 1142 (9th Cir. 2002) (claims correctly dismissed where the NOI did not adequately cover the alleged violations); *New Mexico Citizens for Clean Air v. Espanola Mercantile Co., Inc.,* 72 F.3d 830, 833 (10th Cir. 1996) (dismissing citizen suit by the Pueblo of San Juan for failing to strictly adhere to the CWA notice requirements); *Sierra Club Ohio Ch. v. City of Columbus,* 282 F. Supp. 2d 756, 765 (S.D. Ohio 2003) (holding the alleged violations of the permit were not sufficiently alleged in the NOI, requiring dismissal); *Cal. Sportfishing Prot. All. v. City of W. Sacramento,* 905 F. Supp. 792, 800 (E.D. Cal. 1995) (failure to give proper notice under the CWA will lead to dismissal).

for the defendant and agencies to seek resolution). The CWA pre-suit notice is not a statutory requirement that can be waived. Bottom line, Plaintiff must comply with this process to pursue a claim based on a particular violation in litigation, and failure to comply will lead to the dismissal of any later attempt to pursue that claim.

While Plaintiff identified certain violations in its NOIs, Plaintiff never raised alleged violations related to "secondary containment" areas or "impermeability" in any of its NOIs or in its complaint. From an evidentiary perspective, Plaintiff's corporate representative acknowledged that its NOIs did *not* contain claims based on violations related to secondary containment or impermeability. *See* June 4, 2025 S. Mahoney Dep. at 70:3-72:3 (acknowledging it's a "fair statement" that the NOI does not contain **any** reference to impermeability); *id.* at 75:10-76:16 (same); *id.* at 77:24-81:3 (acknowledging the NOI **does not mention** "permeability of secondary containment"); *id.* at 84:15-86:8 (same regarding stormwater pond liner). As CLF put it (referring to the NOI), "[i]f the words aren't in a document, they are not in the document." *Id*. at 71:21-72:6.[3] The CWA pre-suit NOI requirement was intended to limit the issues considered in a citizen suit to prevent citizen suit enforcement over alleged violations the US EPA and CT DEEP never had a chance to resolve.

Simply put, if a violation or claim was not included in the NOI, then discovery on that violation falls outside the scope of discovery. *See, e.g., Shim-Larkin v. City of N.Y.,* No. 16-cv-6099(AJN), 2018 WL 4636839, at *3-4 (S.D.N.Y. Sept. 27, 2018) (sustaining relevance objections where discovery sought fell outside the scope of any claim or defense in the case). It follows that RFAs aimed at these alleged violations fall outside the permissible scope of discovery, and RFAs 5-7 and 9-17 are aimed at precisely these issues. As a result, Defendants should not be required to admit or deny RFAs 5-7 and 9-17.

In addition to this issue regarding RFAs 5-7 and 9-17, Plaintiff raised the following additional issues in its meet and confer letter:

1. Plaintiff complains that Defendants' responses are too detailed, and it asks Defendants to excise particular portions of their answers. Defendants' responses should stand. As the Court well knows, where a responding party cannot admit or deny part of a request, or where the party is objecting to a request, Rule 36 requires that party to explain **in detail** why. *See, e.g., Shea v. Sieunarine, No. 3:21-cv-00673 (JCH),* 2022 WL 2305554 (D. Conn. June 27, 2022) (this Court stating that "[i]f the responding party answers the request, its answer must either admit the matter, 'specifically deny it,' or 'state **in detail** why the answering party cannot truthfully admit or deny it.'" (quoting Fed. R. Civ. P. 36(a)(4) (emphasis added)). That is precisely what Defendants have done. To selectively delete this explanation would result in misleading and incomplete responses.

2. Plaintiff complains about Defendants' objection that the Requests "attempt to create and introduce new regulatory and legal terms." Plaintiff misconstrues this objection. Defendants' position throughout the case has been that by attempting to hold

---

[3] Defendants are happy to provide copies of the transcripts upon request.

      Defendants liable for violations of unstated permit requirements, Plaintiff is rewriting the permit to add requirements that have never been there.  In other words, Defendants cannot be liable for permit violations when the permit never required what Plaintiff claimed.  *See, e.g.,* ECF 806, 807.  This objection preserves that position and explains why, in certain cases, Defendants object to Plaintiff's RFAs, as the Rule requires.

3. Plaintiff claimed that Defendants may not use "general objections" in responding to Plaintiff's RFAs.  While explaining their responses in detail, Defendants incorporated these general objections by reference to each specific response to avoid duplication and streamline their responses.  There is no reason to strike these objections.

4. Despite never seeking leave to exceed the number of RFAs, Plaintiff demanded that Defendants respond to the extra RFAs Nos. 21-40.  At the parties' meet and confer teleconference on November 21, 2025, Plaintiff withdrew these RFAs, and that issue is now moot.

      Plaintiff did not meet or confer with Defendants on any of the other responses or objections to any of its RFAs.  Defendants accordingly stand on all their responses and objections.

      For the foregoing reasons, the Court should sustain Defendants' objections and deny Plaintiff's requests regarding its RFAs.  If Your Honor has any questions or would like further explanation on any of these issues, please do not hesitate to contact us.

Sincerely,

Douglas Henderson

cc:    Counsel of Record