## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION, INC.,

    *Plaintiff*,

            v.

SHELL OIL COMPANY, EQUILON
ENTERPRISES LLC D/B/A SHELL OIL
PRODUCTS US, SHELL PETROLEUM, INC.,
TRITON TERMINALING LLC, and MOTIVA
ENTERPRISES LLC,

    *Defendants*.

Civil Action No. 3:21-cv-00933-VDO

December 5, 2025

**PLAINTIFF CONSERVATION LAW FOUNDATION'S OPPOSITION
TO DEFENDANTS' MOTION TO SEAL DEFENDANTS' LOCAL RULE 56(A)(2)
OPPOSITION LETTER AND STATEMENT OF FACTS IN OPPOSITION TO
PLAINTIFF'S PREFILING MOTION FOR SUMMARY JUDGMENT (ECF 881)**

## I.    INTRODUCTION

Plaintiff Conservation Law Foundation ("CLF") respectfully submits this Opposition to Defendants' Motion to Seal their Local Rule 56(a)(2) Opposition Letter and Statement of Facts in Opposition to CLF's Prefiling Letter Motion for Summary Judgment.  ECF 881.

Defendants purport to "incorporate by reference" their Response (ECF 880, 880-1, and 880-2) to CLF's Motion to Seal (ECF 809) CLF's Letter Motion and Preliminary Statement. ECF 881 at 3.[1] CLF has already responded to the arguments in Defendants' filings at ECF 880, 880-1, and 880-2 in its Reply (ECF 927), and similarly incorporates those here. The analysis of Defendants' ECF 881 instant Motion to Seal could, in theory, track closely with the information and issues presented by CLF's Motion to Seal its Letter Motion and Preliminary Statement (ECF 809) because Defendants' Local Rule 56(a)(2) Preliminary Statement would repeat and include the facts and statements in CLF's Preliminary Local Rule 56(a)(1) Statement. However, in this instance, Defendants have complicated how these filings relate to each other because Defendants' Local Rule 56(a)(2) Preliminary Statement places on the public docket, without redaction, some of the information that CLF originally redacted from its 56(a)(1) Statement, but which Defendants' Opposition to CLF's Motion to Seal (ECF 880 and 880-1) had just argued in favor of sealing.

As CLF recently explained, see ECF 927, there is a long history in this case of Defendants asserting that their documents and information are confidential and public access would pose serious financial and safety concerns, but then subsequently exposing the exact same information without any explanation or formal withdrawal of confidentiality claims. There is now another chapter in this tale, as Defendants' instant Local Rule 56(a)(2) Preliminary Statement (ECF 879) publicly files, and therefore waives claims to confidentiality over, the very information at issue in

---

[1] Pin cites to docket entries refer to the ECF header page number.

CLF's ECF 809 Motion to Seal CLF's Local Rule 56(a)(1) Preliminary Statement. This means Defendants are simultaneously arguing the facts and information in CLF's Local Rule 56(a)(1) Preliminary Statement are so confidential the Court must spend its time weighing Defendants' sealing argument, and then turning around and exposing the same information in Defendants' Local Rule 56(a)(2) Preliminary Statement. It is hard to imagine a more prejudicial sword and shield use of a protective order and disingenuous demand on the Court's resources to seal information. As argued below, the Court should find Defendants' claims of confidentiality are not credible.

As an initial matter, the excerpts and statements of facts at issue in the Local Rule 56(a)(1) and (2) Preliminary Statements do not meet the Protective Order's definition of "confidential," as they are not the full primary documents—they are limited, contextual references that do not expose competitive business information. If considered under the sealing standard, the disclosure of this information does not pose a risk of competitive harm. As filings related to summary judgment, any confidential information at issue must be weighed against a "strong presumption" of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). It is long settled law in the Second Circuit that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Id.* (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Defendants cannot meet their burden because their claims of confidentiality do not hold up. Defendants continued reliance on the ECF 880-1 "Appendix A," now repeats claims of confidentiality that have been withdrawn by Defendants in response to CLF's requests for de-designation, were waived by Defendants when they previously placed them on the public docket, or were overruled by the Court in the context of past motions to seal. Because Defendants fail to identify truly confidential material, fail to justify sealing under the law, and have

relied on withdrawn or overruled confidentiality claims, the Court should deny Defendants'

Motion to Seal and preserve open access to the information in these judicial documents.

## II.    ARGUMENT

### A.    The Excerpts and Facts in Defendants' Opposition to CLF's Letter Motion and their Local Rule 56(a)(2) Preliminary Statement Do Not Reveal Confidential Information and Do Not Warrant Sealing.

Defendants assert that redacted information from their Opposition and their Local Rule

56(a)(2) Preliminary Statement should be sealed because public access would reveal proprietary

technical standards and facility-specific operational details, ECF 881 at 1–2, but that

characterization is incorrect. The excerpts and facts in Defendants' Opposition and their Local

Rule 56(a)(2) Preliminary Statement are limited, contextual references or quotes that describe facts

about the New Haven Terminal and Defendants' general assessments of and practices related to

climate change risks. Such references and quotes are not the full primary documents and do not

disclose the engineering specifications or competitive information that could allegedly be at issue

if the full set of exhibits to Defendants' Local Rule 56(a)(2) Preliminary Statement were at issue.

The information in Defendants' Local Rule 56(a)(2) Preliminary Statement paragraphs 1

to 76 are all specific facts and limited quotes from documents about the Defendants' relationship

to the New Haven Terminal and the Terminal's stormwater management system. ECF 879 at 1–

32. Public access to these facts would not expose competitive information or security risks to

Defendants. The information in Defendants' Local Rule 56(a)(2) Preliminary Statement

paragraphs 77 to 139 are also specific facts and limited quotes from Defendants' general group-

wide assessments of climate change risks and practices used to address climate change risks. ECF

879 at 32–55. Public access to these excerpts and facts would not expose the purported business

strategies or research. The information in Defendants' additional material facts only contains three

redactions related to the Stormwater Pollution Prevention Plan ("SWPPP") and the Terminal's secondary containment area. ECF 879 at 57, 63. Public access to those excerpts and facts would not expose any competitive information given this information has long been accessible on the public docket, and in fact are information Defendants have already withdrawn or waived their claims to confidentiality.

For example, Defendants redacted from their Local Rule 56(a)(2) Preliminary Statement information from paragraphs 28 and 29 and their responses thereto. *See* ECF 879 at 11–12. Those redactions and responses relate in a very general sense to the contents and structure of Defendants' Integrated Contingency Plan ("ICP") and the location of any certifications. Defendants' claim that this information is "competitively sensitive and/or proprietary business information regarding site compliance evaluations" and that "[c]ompetitors could use to improve their own manuals/plans." ECF 880-1 at 2. These are gross misrepresentations.  An ICP is an industry standard document that has a common layout as prescribed by federal regulations, and was created by a cross-agency group to foster consistency across emergency response plans to assist first responders and local officials review of plans during emergencies. *See generally*, 51 Fed. Reg. 28642, 28643 (June 5, 1996) (describing the ICP's "adoption of a standard plan format" as an effort to "improve economic efficiency for both the regulated and regulating communities," "eliminate confusion for facility first responders," and "improve coordination between facility response personnel and local, state, and federal emergency response personnel"). Thus, the idea that the way Shell laid out its table of contents will allow competitors to improve their own ICPs is not credible. More importantly, the facts and quotes in Defendants' Local Rule 56(a)(2) Preliminary Statement do not actually expose the structure of the ICP, but only note the contextual relationship between sections within the document. To the extent that redactions are needed to prevent a competitor from seeing the location

4

of certifications in the ICP, Defendants also publicly filed a full block quote from the ICP certification in their Additional Facts. *See* ECF 879 at 57. Regardless, no competitor could use that information to improve the structure of their own plan. Thus, Defendants' assertions of confidentiality are fundamentally disconnected from the actual information at issue in the Motion to Seal.

The Standing Protective Order's ("SPO's") definition of "Confidential" information is narrowly defined as non-public material that the disclosing party reasonably and in good faith believes contains or comprises: (a) trade secrets; (b) proprietary business information; or (c) information implicating an individual's legitimate expectation of privacy. ECF 7 ¶ 3. Because these are factual references and excerpts and do not expose full documents they do not fall within any of these categories—they do not reveal proprietary formulas, confidential business strategies, or private personal information. Defendants' conclusory statements that the confidential designation of entire documents should now automatically translate to the references and excerpts in Defendants' Letter Opposition to CLF's Letter Motion and their Local Rule 56(a)(2) Preliminary Statement should be rejected and the Court need not reach the sealing analysis and should deny the underlying Motion to Seal.

**B. Defendants Ignore the History of Prior De-Designations, Waivers, and Court Rulings**

Defendants' Motion claims the Court has previously recognized the confidentiality of and competitive financial interest in Design and Engineering Practices ("DEPs"), Metocean work, and details of their facility, and communications with consultants and sealed them accordingly. ECF 881 at 4–6. These broad assertions ignore, and are contradicted by, the fact that Defendants themselves de-designated some of these documents; the Court ruled these and similar documents do not warrant full sealing, and Defendants have already exposed much of this information on the

public docket thereby waiving confidentiality over details about the facility and consultant communications. In response to Defendants' arguments they purport to incorporate from ECFs 880, 880-1, and 880-2—also copy and pasted into their instant Motion—CLF noted that: (1) Defendants withdrew designations over documents at issue that have been submitted to the government, (2) there is a long history of waiver of confidential information, (3), Defendants' prior declarations from this case do not cover the materials at issue in this Motion, or already admitted sealing was not warranted and (4) the Court's prior rulings did not endorse full sealing in the context of ruling on past discovery motions. *See* ECF 927 at 4–10. Those prior arguments have new applications to Defendants' instant Motion as Defendants have made additional references to documents where they withdrew or waived confidentiality. And Defendants have now made additional waivers of confidentiality.

       **1.**   **Defendants Withdrew Confidential Designations from Documents Shared with Government Entities after CLF's Challenges.**

Defendants attempt to claim confidentiality on information from documents where they withdrew their confidential designations. As noted in CLF's recent ECF 927 Reply, Defendants withdrew their confidentiality claims from a number of documents in early 2025, these included a 2022 Completion of Investigation ("COI") Report (SHELLNH_SOV_04276), and a 2023 Remedial Action Plan ("RAP") (SOPUS_NHVN00247004). *See* 927 at 5–6. In CLF's Preliminary Statement, information and facts from these documents were used in paragraphs 45–48, 57, and their information in part underlie Dr. Horner's opinions in paragraphs 50, 51, and 56. *See* ECF 808-1; ECF 880-1 at 4–6. Defendants now cite and quote from other sections of the COI and RAP in their responses to those paragraphs, and in their Additional Facts paragraph 43. See ECF 879 at 20–24, 63. For the same reasons as provided in CLF's ECF 927 Reply, the information from these documents should not be redacted and filed under seal as Defendants' withdrew their

confidentiality designation of these documents. *See* ECF 927 at 4–6; ECF 927-1 ¶¶ 6–7.

> ### 2. Defendants Now Make New Waivers that Contradict their Position in Opposition to CLF's Motion to Seal, and Are Prejudicial

Defendants' Local Rule 56(a)(2) Preliminary Statement is replete with instances where Defendants filed information previously designated confidential in public, and where Defendants argue to seal CLF's description of information, while Defendants place their own description of the same information in public without redaction. At the very least, these are new waivers that undercut Defendants' concurrent arguments to seal the information at issue. CLF believes some of these examples are more than waiver and show a fundamentally prejudicial and abusive use of the protective order to hide facts and arguments that Defendants disfavor, while putting Defendants' self-serving counterarguments over the same information in front of public readers. The Court should consider whether Defendants' actions have crossed a line as this District's Standing Protective Order advises parties to "use reasonable care to avoid designating as confidential documents or information that does not need to be designated" and warns parties that "[t]he Court may award sanctions if it finds a party's position was taken without substantial justification." *See* ECF 7 ¶¶ 11–12.

CLF had filed paragraphs 9 and 10 of its Preliminary Statement redacted and under seal. 808-1 at 4. These paragraphs relate to a Permit Assignment and Assumption Agreement Defendants produced with a confidentiality designation at SOPUS_NHVN00075899. *Id.* Defendants filed those paragraphs and their additional information in response publicly without redactions. ECF 879 at 3. From Defendants' responses claiming the quote CLF provided is not accurate, it is possible Defendants were not looking at the SOPUS_NHVN00075899 "Permit Assignment" document CLF cited, but rather a similar but different document produced in the Rhode Island Matter (which was previously filed as an exhibit to discovery motions in this matter

at ECF 191-7[2]). The Permit Assignment document at SOPUS_NHVN00075899 does contain the exact quote listed in paragraph 10 and was produced with a confidentiality designation. Regardless of Defendants' intent in filing the information in public, the Court should note that this portion of the Motion to Seal (ECF 809) associated with these paragraphs should now be denied. Any apparent confusion on Defendants' behalf should not be excused as CLF and Defendants have discussed these exact two documents for years. *See* ECF 181-25 (email chains from 2023 regarding the SOPUS_NHVN00075899 partial Permit Assignment document, and the similar but different document from the RI matter that was then filed as an exhibit in a Reply to that motion).

CLF filed paragraph 31 of its Preliminary Statement partially redacted and under seal. ECF 808-1 at 9. Defendants claimed that the information in paragraph 31 was confidential and should be sealed stating that the information was "competitively sensitive and/or propriety business information" and that the email chain "discusses the creation of a SWPPP" and "includes confidential information about the site and the creation of this document." ECF 880-1 at 3. But now, in Defendants' response to paragraph 26, they publicly file without redaction the only piece of information in paragraph 31 that CLF had redacted. *See* ECF 879 at 10 ("In 2017, the Terminal switched from one single Integrated Contingency Plan to separate, standalone documents, including the Facility Response Plan and the 2017 SWPPP."). The Court should note that this portion of the ECF 809 Motion to Seal associated with these paragraphs should now be denied.

In response to CLF's paragraphs 50, 51, and 53, where CLF redacted quotes and information from CLF's expert Dr. Horner's report, Defendants both seek sealing of CLF's descriptions and then liberally expose the exact same information in service of their responsive

---

[2] CLF acknowledges that it referred to this ECF docket number in its undisputed fact, and that Rhode Island document was filed publicly as it was not produced as designated. CLF's inclusion of the ECF docket number may have more appropriately been a "see" citation, but any review of the two documents clearly shows them to be similar but different.

arguments and quotes from the same material. CLF redacted paragraphs 50 and 51 due to descriptions in Dr. Horner's opinions about details of the Terminal that were in part based on documents Defendants produced with confidentiality designations. *See* ECF 808-1 at 12. Defendants claimed that the information in paragraphs 50 and 51 was confidential and should be sealed stating that the information "contains detailed information about the terminal" and that exposure of this information "could assist bad actors in causing physical harm to facilities" and "would cause competitive harm." ECF 880-1 at 6. But then in the responses to paragraphs 49, 50, 51, and 53, Defendants make their own characterizations of the Terminals' soil characteristics and discuss the applicability of adding a synthetic liner to the secondary containment area publicly. *See* ECF 879 at 22–23. Furthermore, in these responses, Defendants cite to their Additional Material Facts, which are even more explicit as to Dr. Horner's characterization of soils and deposition testimony that Defendants' have filed under seal and moved to seal. *See* ECF 879 at 63 (quoting and paraphrasing Dr. Horner's testimony from page 114); *see also* ECF 734-4 at 43 (Defendants' Exhibit C to their motion to preclude Dr. Horner filing page 114 of his deposition entirely redacted). By filing their rebuttals to CLF's material facts in public without redaction, Defendants waived their argument that the underlying information is confidential, and the Court should deny the instant Motion to Seal and similarly deny CLF's Motion to Seal (ECF 890) given Defendants' contrary actions to their past argument in favor of sealing that same information.

CLF generally filed its material facts paragraphs 70 through 76 fully redacted and under seal because they contain quotes and characterizations of emails and documents showing calculations of the volume of Defendants' secondary containment area that were designated confidential. *See* ECF 808-1 at 15–17. Defendants argued this information "contains information and specifications for secondary containment areas," and public disclosure "could assist bad actors

in causing physical harm to facilities," and "would cause competitive harm." *See* ECF 880-1 at 6–8. As CLF pointed out in its recently filed Reply over sealing its Preliminary Statement (ECF 927), this information is already public in the publicly filed SWPPP, Spill Prevention, Control, and Countermeasure ("SPCC") Plan, and in the 30(b)(6) deposition testimony that Defendants filed on the public docket in full without redaction. *See* ECF 927 at 7–10 & n.2. In Defendants' Local Rule 56(a)(2) Preliminary Statement, their responses generally continue to redact the information from these documents, except, stunningly, Defendants chose to file without redaction in their response to paragraph 72 an emphasis-added version of the calculations of the containment volume that are at issue. *See* ECF 879 at 30. Defendants appear to have done this because they think this emphasis-added version of the calculations is helpful for their argument on the merits regarding their permit violations. Defendants apparently want public readers to be left with the impression that a consultant ran the calculation and found Defendants' facility was in compliance with law. Defendants put this emphasis-added calculation in public despite the fact that they are citing to the exact same document that CLF is citing to in these paragraphs. *See* ECF 879 at 29–31 (Defendants citing to SOPUS_NHVN00227849 for their calculation, which is the same document CLF cites and quotes from in paragraphs 73 through 75). Defendants' claim that CLF's citations and quotes from these documents will "assist bad actors," while Defendants' public filing of the same information just because they want their argument in front of a public reader is a prejudicial and disingenuous use of the Protective Order and this Court's authority to seal information. That Defendants placed this emphasis-added calculation on the public docket on the same day as other filings that argued CLF's arguments, made off the same document, must be sealed and would assist bad actors if made public, see ECF 880-1 at 6–7, is a prejudicial and inappropriate use of the protective order and Local Rule 5. Regardless of the prejudice caused, Defendants' filing of the

emphasis-added calculations at ECF 879 at 30 directly undercuts, moots, and waives claims of confidentiality over all the similar information about containment volumes in paragraphs 70 to 75 and the Court should deny the Motion to Seal as to that information.

CLF filed paragraph 109 of its Preliminary Statement redacted and under seal. ECF 808-1 at 24. Defendants claimed that the information in paragraph 109 "contains information and specifications" and should be sealed because "[d]isclosure would cause competitive harm." ECF 880-1 at 9. But now, in Defendants' recitation of, and response to paragraph 109, they publicly filed the block quote from the document primarily without redaction and in public. *See* ECF 879 at 45. The Court should deny the instant Motion to Seal as to this now public information and similarly deny the ECF 809 Motion to Seal as to that information where confidentiality claims have now been waived.

### 3. Defendants' Declarations and the Court's Prior Rulings Do Not Support Blanket Sealing of All Information in Defendants' Documents.

Defendants' Motion to Seal cites five declarations made by their employees and consultants over the years from Michael Sullivan (ECF 239-1), Brian Evans (ECF 239-1), Paul Simonetta (ECF 880-2), Sergio Jaramillo (ECF 630), and Matthew Penny (ECF 629) in support of sealing documents. ECF 881 3–5. As CLF noted in its Reply to CLF's Motion to Seal its Letter Motion and Preliminary Statement (ECF 927), these declarations do not address all documents and information discussed in Defendants' Local Rule 56(a)(2) Preliminary Statement. Furthermore, Defendants ignore that these past declarations admit that full sealing of the documents they do discuss is not warranted. Defendants also ignore that in the discovery motions at issue for past motions to seal, the Court previously found these declarations do not support full sealing of Defendants' documents. *See, e.g.* ECF 221.

Defendants cite to the Jaramillo Declaration to support their argument that their "facility-

specific technical parameters and operations" warrant sealing. ECF 881 at 4. However, that declaration was made regarding metocean analyses and does not reference facility-specific technical parameters. The examples in Defendants' Motion of "non-public plans," ECF 881 at 4, are different from those in the Jaramillo declaration, and are documents that can be requested through Freedom of Information Act ("FOIA") requests and have been filed on the public docket (by CLF and by Defendants) for years. *See* ECF 1-8 (SWPPP); ECF 1-9 (SPCC); ECF 158 (Business Continuity Plan); ECF 248-16 (SWPPP). Defendants use these claims to argue the excerpts and facts from the Integrated Contingency Plan (ICP), "contain[] competitively sensitive and/or proprietary business information," ECF 880-1 at 2, but as detailed in CLF's Preliminary Statement, the ICP is the earlier version of the SWPPP that both CLF and Defendants' publicly filed on the docket. *See* ECFs 1-8 and 248-16.

Defendants cite the Evans Declaration and Parts S and Q of Sullivan's Declaration for the proposition that documents should be sealed because they are commercially sensitive such that competitors could use them to improve their own plans, and information on the number and location of tanks at the Terminal could assist bad actors in causing physical harm to facilities. *See* ECF 881 at 4–5; 880-1 at 6–8. But both the Evans and Sullivan Declarations admit Shell's documents need not be fully sealed. The Evans declaration admits that the Business Continuity Plan contains "general process that is not detailed enough to be considered commercially valuable or competitively sensitive." ECF 174-1 at 4. The Sullivan declaration claims that "information about tank dimensions and volume at the Terminal . . . could assist bad actors." ECF 239-1 at 3. But Defendants then acknowledged that based on Sullivan's declaration, only parts of the documents then at issue would warrant sealing. ECF 239 at 9–11 (acknowledging Exhibits G, I, J, T, Q, S, and Z did not need to be fully filed under seal). While the Court did allow some filing of

Terminal details under seal, the Court did not squarely reach that issue as the Court noted that CLF's underlying discovery motion had not cited to the specific calculations, and therefore the Court's adjudication did not need those aspects of those documents. ECF 288. However, and more importantly, Defendants' claim that exposure of the Terminal's tank locations, dimensions, and piping systems poses a security risk is not credible, as this information has already been public in documents CLF and Defendants have filed on the docket numerous times.  The Terminal's SWPPP states the exact capacity of each tank at the facility. ECF 47-7 at 9–1. the Terminal's SPCC includes additional information on the tank heights and diameters, ECF 47-8 at 55–58, and describes details of the stormwater drainage systems including diameters and flow rates of various pipes in that system, *id.* at 38–39. Further, the secondary containment calculations that Defendants claimed could pose a security risk are contained within the SPCC, which has been on the public docket for years. *See* ECF 47-8 at 63–64.

For the metocean analyses and DEPs at issue, ECFs 881 at 4; 880-1 at 9–11, CLF has repeatedly briefed, *see, e.g.,* ECFs 832, 924, 927, how the Court's prior treatment of these documents in relation to discovery motions found that DEPs did not necessarily warrant sealing, and that Defendants have regularly described and published their metocean work and research in public. *See* ECF 221 at 6–8 (noting that the DEPs make clear on their face "that the Defendants share them with 'other companies'" including contractors and subcontractors, and therefore they do not appear to be business competitive or trade secret); ECF 326-1 at 25-26 (noting information about the Metocean team's analysis is publicly available); *see* ECF 309-11 & 309-12 (research papers by Defendants' metocean scientists and described in their public SEC filings).

For all of these reasons, Defendants' declarations do not provide support sealing the information at issue in the instant Motion. It remains the case that the information at issue in

Defendants' Opposition and their Local Rule 56(a)(2) Preliminary Statement are merely facts about environmental pollution and their management at the Terminal as well as information from climate change risk evaluations and practices. These are not the types of information that Courts seal. The information about the pollution and stormwater management system at the Terminal is not relevant to competing oil companies, and the primary documents describing the environmental compliance are all public. The information related to climate change risk evaluations and practices could be compiled or re-created by any competitor and as CLF has shown, Defendants regularly discuss this information in public and their scientists publish articles about their work. Courts typically seal sensitive financial account information, negotiated product prices, internal market reports, and even decline to seal that information if it is stale and no longer valuable to a competitor. *See Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 376–77 (S.D.N.Y. 2007); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *Vanguard Dealer Svs., LLC v. Bottom Line Driven*, LLC, No. 3:21-cv-659(JAM), 2023 WL 4746180 at *2 (D. Conn. Apr. 27, 2023) ("the Court does not find that sealing is warranted of stale information that does not reflect the current market"). Defendants' claims that factual information about their Terminal or decade-old engineering standards, which have been superseded by more recent updated standards, are highly confidential and competitive are simply not credible. Defendants' point to no case finding that information another company might use to improve its own environmental compliance documents warrants sealing because this is not the type of market sensitive information Courts seal. Defendants' have not met their burden and the Court should decline to seal the information at issue.

### 4. Defendants Waived Confidentiality as to the Communications with Environmental Consultants at Issue.

Defendants' Motion to Seal broadly claims communications with environmental

consultants would expose both entities confidential information and details of the Terminal discussed in those materials would expose security sensitive information. ECF 881 at 5–6; 880-1 at 3, 6–8. In support of these claims, Defendants reference a previously submitted declaration from Paul Simonetta generally stating the documents cited in CLF's Preliminary Statement are commercially sensitive. ECF 880-2. These papers ignore that the same information and material was publicly filed by Defendants when they put Mr. Simonetta's entire deposition testimony, as the Rule 30(b)(6) designee of Triton Environmental, on the public docket, ECF 248-21.[3]

The 2017 Triton email and SWPPP Scope of Work letter, ECF 880-1 at 3, was used as an exhibit in that deposition, *see* ECF 248-21 at 46:14–20, was fully discussed and described in detail, *id.* at 46:14–52:14, and covered the same information in Defendants' Local Rule 56(a)(2) Preliminary Statement. The 2021 Triton letter and email regarding secondary containment and permeability assessments, ECF 880-1 at 6–7, were also discussed, quoted, and described in detail in the public deposition testimony, ECF 248-21 at 117:9–129:9. That Defendants did not take steps to protect this information so they could file their 2023 MPSJ in public, but now use attestations of their same consultant to prevent the information in the Local Rule 56(a)(1) and 56(a)(2) Preliminary Statements from being public is a prejudicial weaponization of the Protective Order. The Court should not tolerate a party weaponizing the SPO by freely ignoring confidentiality designations by third parties when it suits them to have their arguments in public, but then using declarations from the same third party to try to seal their opponent's arguments over the exact same materials. Regardless of the prejudice caused by Defendants' actions, in filing the entire Triton 30(b)(6) deposition transcript on the docket, Defendants have long waived arguments to

---

[3] CLF previously noted that Defendants' filing appeared to be a blatant violation of the Protective Order as Paul Simonetta designated his deposition transcript on behalf of third-party Triton Environmental, ECF 259-4, and then without any Party withdrawing the designation, Defendants filed the full transcript on the public docket. *See* ECF 259 at 11 n.7.

confidentiality over the work and details discussed in the Triton 30(b)(6) deposition transcript, which they now seek to seal through the Simonetta declaration at ECF 880-2.

### C.  The Rhode Island Rulings Are Not Precedential or Persuasive

Defendants' Motion to Seal cites to four text orders from the District of Rhode Island granting prior motions to seal. ECF 881 at 6; *see* ECF 787 at 6; 787-1 to 787-4. CLF responded to those text orders by noting those rulings should not be persuasive in this district because they dealt with different information, and because the First and Second Circuits do not apply the same legal tests to determine whether documents should be sealed. *See* ECF 799 at 2–3. As this Court is aware, the Second Circuit operates under a robust presumption of public access to judicial documents and mandates that courts weigh the public interest and claims of confidentiality for each document and claim of confidentiality when ruling on dispositive or discovery motions. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–23 (2d Cir. 2006). The highest weight of this presumption applies given that the filings at issue relate to the parties' anticipated motions for partial summary judgment. By contrast, the First Circuit has repeatedly said the common law and First Amendment rights of access do not extend to discovery materials. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11–13 (1st Cir. 1986) ("[T]here is no right of public access to documents considered in civil discovery motions . . . . [W]e decline to extend to materials used only in discovery the common law presumption that the public may inspect judicial records."). Furthermore, Defendants' claim that those four rulings are similar to the Court's task here, ECF 880 at 3–4, 7, is incorrect, as that Rhode Island court accepted the parties' representations the materials had been designated without any findings or reasoning, see ECFs 787-1 to 787-4. None of these text orders include any analysis of the confidentiality designation, and some of the Rhode Island court's text orders granting motions to seal are explicitly made "without prejudice to CLF's right to move to unseal specific material at any time." *See* ECF 787-4. Such cursory and

preliminary rulings have no relevance or persuasive value to practice in the District of Connecticut.

## III.    CONCLUSION

For the foregoing reasons, CLF asks the Court deny Defendants' Motion to Seal, ECF 881, and place Defendants' Opposition and Local Rule 56(a)(2) Preliminary Statement on the docket without redactions.

Dated: December 5, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

/s/ James Y. Meinert

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna M. Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street

Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013

E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*