UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., *Plaintiff*, v. SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, *Defendants*. | Civil Action No. 3:21-cv-00933-VDO December 8, 2025 |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S
<u>OPPOSITION TO DEFENDANT'S MOTION TO SEAL (ECF 908)</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................................... iii

I.   Introduction ................................................................................................................................ 1

II.  Background ................................................................................................................................ 2

III. Legal Standard ........................................................................................................................... 3

IV.  Argument ................................................................................................................................... 4

    A. Defendants Ignore the Heightened Weight Applied to Daubert Filings. ............................. 4

    B. Defendants Fail to Identify the Confidential Information at Issue in the Replies
       and Exhibits. ......................................................................................................................... 5

    C. Defendants Have Not Offered Clear and Compelling Reasons to Seal the Exhibits
       to CLF's Motion. .................................................................................................................. 9

V.   Conclusion ............................................................................................................................... 11

**TABLE OF AUTHORITIES**

*Cases*

*Allegra v. Luxottica Retail N. Am.*, No. 17CV05216-PKC-RLM, 2021 WL 4799032 (E.D.N.Y. Oct. 14, 2021) .................................................................................. 5

*Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859 (D. Conn. Mar. 28, 2013) ................................................................................ 4

*Connecticut Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, No. 3:18-CV-705 (VLB), 2020 WL 13303727 (D. Conn. Aug. 21, 2020) ........................................ 9

*CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701 (D. Conn. July 12, 2017) ............................................................................. 9, 10

*In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13 CIV. 7789 (LGS), 2022 WL 15033005 (S.D.N.Y. Oct. 25, 2022) ............................................................. 5

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, No. 14-MC-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023) .................... 5

*In re Parmalat Sec. Litig.*, 258 F.R.D. 236 (S.D.N.Y. 2009) .............................................. 3, 9, 10

*Jadwalean Int'l Co. For Operations & Mgmt v. United Tech Corp.*, No. CIVA.309-CV-00018JCH, 2009 WL 1064495 (D. Conn. Apr. 17, 2009) ............................ 11

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) .................................... 3, 4, 9

*Negron v. Cigna Corp.*, No. 3:16-cv-01702, (JAM), 2020 WL 13303130 (D. Conn. May 29, 2020) ............................................................................................... 5

*Travelers Indemn. Co. v. Excalibur Reins. Corp.*, No. 3:11–CV–1209 (CSH), 2013 WL 4012772 (D. Conn. Aug. 5, 2013) ............................................................... 5

*Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708 (S.D.N.Y. May 5, 2020) ....................................................................... 11

*Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC*, No. 3:21-CV-659 (JAM), 2023 WL 4746180 (D. Conn. Apr. 27, 2023) ....................................................... 4, 10

*Rules*

D. Conn. L. R. Civ. P. 5(a)(3) ................................................................................................. 3, 9

I.  **INTRODUCTION**

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Opposition to Defendants' Motion to Seal (ECF 908) certain Replies in Support of Defendants' Motions to Exclude, and certain associated exhibits, for the following CLF Expert Witnesses: Wendi Goldsmith (ECF 893 and 893-1), Richard Horner (ECF 904), Edwin Levine (ECF 905), Joshua Macey (ECF 887 and 887-1), Robert Nairn (ECF 907), Naomi Oreskes (ECF 903), Jacqueline Michel (ECF 906 and 906-1), and Bruno Pigott (ECF 890) (collectively, "Replies"). Defendants' Motion to Seal ("Motion") concerns 12 different filings comprised of their Unredacted Replies in Support of Defendants' Motions to Preclude and attached deposition transcript excerpts. *See* Defendants' Motion to Seal (Nov. 17, 2025), ECF 908 at 2–3 ("Mot.").[1] CLF asks the Court to deny Defendants' Motion as Defendants have not identified the specific information across these 12 filings that are purportedly confidential and have not supported the purported harms that could result from public access to this information.

The expert reports were designated confidential due to occasional references to Defendants' documents produced with confidentiality designations under the Standing Protective Order ("SPO"). In turn, some portions of the expert deposition transcripts that reference opinions and materials contained in the reports were also designated confidential. Some expert deposition transcripts were untimely designated or were not designated at all by Defendants. However, Defendants have not supported any of their designations with specific information and thus fail to articulate valid reasons to justify sealing. Even if information has been timely and appropriately designated confidential under the SPO, Defendants must supply specific evidence of the harm of public disclosure to allow the Court to weigh that interest against the sealing standard.

---

[1] Pin cites to docket entries refer to the ECF header page number.

1

## II.  BACKGROUND

On July 7, 2021, this court issued a Standing Protective Order. *See* ECF 7. The Standing Protective Order defines "Confidential" information as:

> information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

*Id.* ¶ 3. Confidential information is considered Designated Material. *Id.* ¶ 2. The Standing Protective Order requires that "if it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." *Id*. ¶ 14.

In their Motion, Defendants requested the following 12 filings be sealed:

**1) Unredacted Reply in Support of Motion to Preclude CLF's Expert Wendi Goldsmith (ECF 909)**

- Exhibit 1 – Excerpts of the Deposition Transcript of Wendi Goldsmith (ECF 910)

**2) Unredacted Reply in Support of Motion to Preclude CLF's Expert Richard Horner (ECF 904)**

**3) Unredacted Reply in Support of Motion to Preclude CLF's Expert Edwin Levine (ECF 905)**

**4) Unredacted Reply in Support of Motion to Preclude CLF's Expert Joshua Macey (ECF 914)**

- Exhibit 1 – Excerpts of the Deposition Transcript of Joshua Macey (ECF 915)

**5) Unredacted Reply in Support of Motion to Preclude CLF's Expert Jacqueline Michel (ECF 917)**

- Exhibit 1 – Excerpts of the Deposition Transcript of Jacqueline Michel (ECF 918)

**6) Unredacted Reply in Support of Motion to Preclude CLF's Expert Robert Nairn (ECF 915)**

- Exhibit 1 – Excerpts of the Deposition Transcript of Robert Nairn (ECF 916)

**7) Unredacted Reply in Support of Motion to Preclude CLF's Expert Naomi Oreskes (ECF 916)**

**8) Unredacted Reply in Support of Motion to Preclude CLF's Expert Bruno Pigott (ECF 919)**

### III.    LEGAL STANDARD

As this Court has noted (ECF 221), courts in the Second Circuit follow a three-step process in determining whether to seal documents that have been placed before them. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court determines whether the document is a "judicial document" to which a presumption of public access attaches. *Id.* at 119. Second, if the document is indeed a judicial document, the court determines the weight to be given to the presumption under the circumstances of the case. *Id.* Third, after determining the weight to be accorded to the presumption, the court "balance[s] the competing considerations against it." *Id.* at 120. Local Rule 5(a)(3) allows for a court to seal a filed document upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(a)(3). While courts may deny access to records that might harm a party's competitive standing, broad allegations of competitive harm unsubstantiated by specific examples are not permitted. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). The party opposing disclosure has the burden of offering a particular and specific demonstration of fact, "distinguished from general, conclusory statements revealing . . . some . . . consequential harm", to justify protection from the court. *Id.* (quoting *Blum v. Schlegel*, 150 F.R.D. 38, 41 (W.D.N.Y. 1993)).

Unlike exhibits to discovery motions, which this Court has noted are only afforded a "presumption of access" of "modest weight," ECF 221 at 4, exhibits to a motion to preclude expert testimony are given a "strong presumption" of public access. *See Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859, at *5 (D. Conn. Mar. 28, 2013) (ruling that exhibits attached to a motion to preclude expert testimony "are used to determine litigants' substantive legal rights," and so are "entitled to a strong presumption of public access) (quoting *Lugosch*, 435 F.3d at 121)); *Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC*, No. 3:21-CV-659 (JAM), 2023 WL 4746180, at *1 (D. Conn. Apr. 27, 2023) ("Briefs and evidence submitted in support of . . . *Daubert* motions are judicial documents, and the presumption of public access to these documents is strong."); *see also Lugosch*, 435 F.3d at 121–23 (noting weight of presumption of access is governed by the nature of a motion not by the ultimate outcome of the motion).

## IV.    ARGUMENT

### A. Defendants Ignore the Heightened Weight Applied to Daubert Filings.

Defendants' reliance on the Court's prior rulings on motions to seal at ECFs 221, 288, 622, and 656 ignores the legal standard for determining when briefs and exhibits submitted in conjunction with *Daubert* motions should be sealed. Each of those orders pertained to discovery motions and explicitly noted that there is only modest weight afforded to the presumption of public access because the documents placed before the court were provided as exhibits to a discovery motion. Courts across the Second Circuit have found that there is strong presumption of access to documents submitted in support of *Daubert* motions. *See Castelluccio*, 2013 WL 12319859, at *5; *Vanguard Dealer Servs., LLC*, 2023 WL 4746180, at *1; *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *2 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, No. 14-MC-2542 (VSB), 2023 WL 3966703

4

(S.D.N.Y. June 13, 2023) (noting that the strong presumption of public access afforded to motions for summary judgment extends to filings related to *Daubert* motions); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13 CIV. 7789 (LGS), 2022 WL 15033005, at *2 (S.D.N.Y. Oct. 25, 2022); *Allegra v. Luxottica Retail N. Am.*, No. 17CV05216-PKC-RLM, 2021 WL 4799032, at *2 (E.D.N.Y. Oct. 14, 2021). The Court need not engage with Defendants' citations to *Negron v. Cigna Corporation* and *Travelers Indemnity Company v. Excalibur Reinsurance Corporation*, mot. at 4-5, as the former concerns documents submitted in support of class certification, and the later concerns discovery motions. *See* No. 3:16-cv-01702 (JAM), 2020 WL 13303130, at *1 (D. Conn. May 29, 2020); No. 3:11–CV–1209 (CSH), 2013 WL 4012772, at *2 (D. Conn. Aug. 5, 2013).

### B. Defendants Fail to Identify the Confidential Information at Issue in the Replies and Exhibits.

Defendants' Motion claims that the expert reports "have been designated as CONFIDENTIAL by the producing parties under the SPO, because the reports reference—and discuss in detail—Defendants' non-public, confidential, and commercially sensitive materials." Mot. at 5. Defendants also argue that because excerpted deposition transcripts reference these reports and confidential materials, they must also be sealed from the public record. *See id.* at 8. However, Defendants completely ignore the fact that their Motion does not seek to seal a single designated document or report. Instead of identifying the specific redacted information at issue across Defendants' Reply Briefs and the short excerpts of expert depositions, Defendants only make broad and irrelevant assertions about the confidentiality of Design and Engineering Practice ("DEPs") documents, documents created by Shell's metocean team, and some unidentified "policies, procedures, and operations" documents that were described in the years-old declarations from Brian Evans and Michael Sullivan. Mot. at 6–7. However, there are no references to these

5

documents across the Replies and their exhibits and therefore Defendants have failed to identify any confidential information at issue for the Court to consider, much less supplied a basis for sealing the filings at issue.

As an initial matter, the following expert reports were never designated under the protective order by any Party: Levine Rebuttal Report (ECF 759), Macey Rebuttal Report (ECF 762), Michel Rebuttal Report (ECF 766), Nairn Rebuttal Report (ECF 772), Oreskes Rebuttal Report (ECF 779), and Pigott Rebuttal Report (ECF 785). CLF has pointed this out to Defendants multiple times and Defendants have never attempted to claim there was a designation, or otherwise cure, based on a claim these reports have confidential information in these documents. *See e.g.*, ECF 832 at 16. Defendants' nevertheless redacted descriptions of opinions from these rebuttal reports and indeed have told the Court these reports were designated confidential. Mot. at 5.

Even if Defendants had designated reports under the Protective Order, it remains the case that the citations and references to the expert reports in the Replies do not discuss *any* confidential business information. The Reply briefs and deposition transcripts are redacted only for descriptions of the expert opinions, and the ones at issue do not involve details from any confidential documents. There are no references to the DEPs or Shell's Metocean team across the 12 filings. Defendants rely on prior declarations submitted by Brian Evans and Michael Sullivan, to support the idea that "information contained in the Shell group of company's internal policies, procedures, and operations" is confidential and should be sealed. Mot. at 7. There are no descriptions, discussions, or references to any of the documents at issue in the Evans and Sullivan declarations. *See* Evans Decl., ECF 174-1; Sullivan Decl., ECF 239-1. The only information about Shell internal policies or procedures that were redacted from the filings at issue is information from Defendants' Second Supplemental Responses to CLF's Interrogatories. *See* ECF 887-1 at

11-12. Defendants did not designate these Interrogatory Responses as confidential when serving them (or since). Ex. A, Meinert Decl. ¶¶ 3, 4. Furthermore, both CLF and Defendants have freely discussed, quoted from, and described these Interrogatory Responses on the public docket without redaction. *See* ECF 879 at 5, 6, 55. In other reply briefs, the redacted information covers information like expert opinions about publicly available permits. *See, e.g.*, ECF 890 at 5–6, 10. Defendants' attempt to seal information from never designated documents without explanation through the instant Motion should not be allowed.

Defendants' failure to identify the confidential information at issue in their Motion to Seal was not an oversight, but rather is a result of the fact that there simply is not any confidential information at issue. For example, the redactions on the Macey Reply (ECF 887 & 913) cover descriptions of CLF's expert's conclusions and brief characterization of testimony, none of which include a single detail about any of Defendants' documents. The redactions on page 1 of the Macey Reply cover up an opinion of Professor Macey's that does not expose any confidential information, which is clear from the fact that Defendants already filed this opinion on the public docket using the exact same quote from Mr. Macey's report. ECF 601 at 7 ("'Shell Has a Healthy Balance Sheet and Is Capable of Paying Large Fine.' Prop. Ex. J, Macey Report at 22."). Even the characterization of documents Mr. Macey relied upon does not reveal any information about the contents of these documents. The redactions on pages 8 and 9 of the Macey Reply, and the associated pages of deposition transcript, refer to the existence of documents without any quotes or specific exposure of information in those documents. ECF 887 at 8-9; *see* ECF 887-1 at 5-8. To the extent the mere existence of these documents could reveal confidential information, Defendants have already referenced the existence of these documents on the public docket. *See, e.g.*, ECF 324-3 at 1 (Declaration from Frank Contreras noting "Service Level Agreements"

between Shell group companies).

Similarly, Defendants' Reply in support of their motion to exclude Dr. Goldsmith's testimony only contains a single redaction of one of Dr. Goldsmith's opinions. ECF 893 at 6. However, Defendants filed an excerpt from Dr. Goldsmith's report on the public docket in June and did not redact the list of opinions. Thus, this opinion was already put in public *by Defendants*. ECF 629-4 at 4 (listing Opinion 6 as "The New Haven Oil Terminal's Berms and Containment Areas are Insufficient to Contain the Petroleum in the Event of Oil Spill"). Defendants' redactions in the Reply in support of their motion to exclude Dr. Oreskes' testimony are untethered to any concept of confidentiality as they do not cover a single description or reference to the contents, or information from, Defendants' documents. The redactions on the Oreskes Reply appear to cover discussions of a statement by the American Historical Association and the compensation rate of Defendant's Expert Mr. David Uhlmann. These topics have no relationship to the DEPs, metocean documents, or internal Shell policy documents described in the Motion to Seal. Defendants' redactions over the Reply in support of their motion to exclude Dr. Michel cover general paraphrasing of Dr. Michel's opinions that make no reference to, nor contain information from, any of Defendants' documents. *See* ECF 906 at 7. In fact, these general paraphrases are similar to those Defendants made in their original Motion to Preclude Dr. Michel without redaction, which expose far more details about Dr. Michel's opinions. *See* ECF 712-1 at 8–16, 22–27. The redactions in Defendants' Replies regarding Mr. Pigott, Mr. Levine, Dr. Horner, and Dr. Nairn, similarly cover paraphrases of opinions that do not expose confidential details of Defendants' documents, were largely already exposed in prior filings, and are unrelated to the documents described in Defendants' Motion. Defendants' Motion to Seal has failed to meet its burden as it contains no reference or discussion of the actual information Defendants seek to seal across the

8

Replies and depositions, given that the information under redaction is unrelated to Defendants' confidentially designated documents.

### C. Defendants Have Not Offered Clear and Compelling Reasons to Seal the Exhibits to CLF's Motion.

Defendants' citation to old declarations about irrelevant documents are only accompanied by a conclusory assertion that "potential publication of the parties' expert reports . . . is likely to cause competitive business harm to Defendants," and that if the filings were made publicly available "Defendants would suffer significant competitive harm, in the form of value erosion or financial loss." Mot. at 5–6. However, Defendants did not make a particularized showing of what information should be sealed and why. Defendants provide only these broad conclusory statements from counsel that information is confidential and could be connected to business harm, which does not meet their burden on the sealing standard. Even if the Court were to find that Defendants' Motion put forward credible facts that some information is confidential, the Court would need to then consider the specific allegations of financial and business harm to Defendants and weigh that against the strong presumption of public access to judicial documents. *Lugosch*, 435 F.3d at 119. The fact that business documents are not shared publicly, or are designated under the SPO, does not by itself warrant sealing. *See In re Parmalat*, 258 F.R.D. at 244; *Connecticut Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, No. 3:18-CV-705 (VLB), 2020 WL 13303727, at *3 (D. Conn. Aug. 21, 2020) ("[T]he fact that business documents are secret . . . does not warrant sealing absent a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection."); *CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *2 (D. Conn. July 12, 2017) (finding that a party's designation of a document as "confidential" under a protective order does not grant a presumption that sealing is appropriate where the order "grant parties 'open-ended and unilateral deference' to protect

whichever discovery materials they choose" (citations omitted)).  Here, Defendants did not support their claims of confidentiality with anything but conclusory statements that there generally exists information that could cause commercial harm without connecting that harm to the snippets of information at issue in Defendants' Motion.  Defendants have an obligation to explain how redacted references from their briefs and deposition transcripts would reveal proprietary business information, and how a competitor would use that information to cause commercial harm.  *See CSL Silicones, Inc*, 2017 WL 4750701, at *3 ("The party seeking to preclude disclosure . . . has the burden to show that the information in fact constitutes a trade secret, that disclosure would harm [their] competitive position and that the asserted harm outweighs the presumption of public access." (citations and quotations omitted)).  Local Rule 5(a)(3) allows for a court to seal a filed document only upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.  D. Conn. L. R. Civ. P. 5(a)(3).  Defendants have not met their burden to supply evidence for the Court's particularized findings.

      Furthermore, situations where courts allow business confidential information to be sealed in relationship to motions that adjudicate a party's rights require direct competitive harm akin to actionable commercial information or a trade secret.  *In re Parmalat*, 258 F.R.D. at 245 (describing analysis to "determin[e] whether information is sufficiently valuable and secret to afford an actual or potential economic advantage over others . . . [i]n order to be sufficiently valuable and secret, the information must not be commonly known to the trade in which the putative trade secret owner is engaged." (internal quotations omitted)).  Courts have also indicated, for example, that personal health information, tax information, financial account information, and product prices may be sealed.  *Vanguard Dealer Servs., LLC*, 2023 WL 4746180, at *1.  There is no information in the Replies or the exhibits that would amount to trade secrets or actionable commercial information and do not contain health, tax, or financial account information.

10

Defendants have not put forward evidence that any information in the 12 filings at issue is akin to trade secrets and thus could warrant sealing associated with motions that adjudicate a party's rights. A court will order the sealing of documents for only "limited circumstances and upon a showing of compelling circumstances." *Jadwalean Int'l Co. For Operations & Mgmt v. United Tech Corp.*, No. CIVA.309-CV-00018JCH, 2009 WL 1064495, at *1 (D. Conn. Apr. 17, 2009). "[A] judge must carefully and skeptically review sealing requests to insure [sic] that there really is an extraordinary circumstance or compelling need" because "this court will not depart from the governing strong presumption of open access" of documents filed in a case. *Id.* (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). While valid business needs may outweigh the presumption of public access, *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020), Defendants must provide a particular and specific demonstration of fact to connect the information in the memoranda and exhibits to such a business need. Here, Defendants' conclusory claims by counsel that information in primary documents, not directly at issue, is commercially sensitive, fails to carry their burden to seal the 12 filings at issue in their Motion.

## V.    CONCLUSION

For the foregoing reasons, CLF asks the Court to deny Defendants' Motion to Seal (ECF 908).

Dated: December 8, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744

11

E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*

12

Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff
Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*

14