UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., *Plaintiff*, v. EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, , TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, *Defendants*. | Civil Action No. 3:21-cv-00933-VDO  December 8, 2025 |

**JOINT STATUS REPORT**

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") and Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") file this Joint Discovery Status Report, as directed in the Court's Orders of April 4, 2024, ECF 378, and Sept. 30, 2024, ECF 476 Tr. at 28:18. For the sake of brevity, the Parties incorporate by reference their prior Joint Discovery Status Reports. *See* ECF 383, 387, 402, 417, 421, 424, 427, 436, 443, 447, 455, 457, 458, 463, 477, 479, 483, 493, 500, 503, 511, 521, 532, 539, 544, 558, 564, 578, 589, 602, 635, 643, 651, 657, 677, 684, 686, 699, 704, 793, 814, 870, and 922.

**Discovery Status**

*Confidentiality Designation and Privilege Log Dispute*

As reported in the March 3 and 17 reports (ECF 539 and 544, respectively), the Parties remain at an impasse.

The Parties also wait for the Court to provide guidance on CLF's assertion of the associational privilege, which may result in additional challenges to the sufficiency and contents

1

of CLF's privilege logs.  *See* ECF 469.

*Judge Oliver's Omnibus Ruling*

On June 6, 2025, the Parties appeared before Judge Oliver for oral argument on the following motions: 1) Defendants' Motion to Stay Discovery and Proceedings Related to Plaintiff's "Climate Change" Allegations in Counts I-IX of Complaint (ECF 584); 2) Plaintiff's Partial Objection to the Magistrate Judge's Order No. 582 (ECF 592); 3) Defendants' Motion to Strike Improper Expert Opinions (ECF 601); and 4) Plaintiff's Motion to Seal Plaintiff's Opposition to Defendants' Motion to Stay Discovery and Proceedings Related to Plaintiff's Climate Change" Allegations in Counts I-IX of Complaint.  On June 13, 2025, Judge Oliver issued an omnibus ruling denying Defendants' Motion to Stay and denying Defendants' Motion to Strike. *See* ECF 641.  The Motion to Strike was denied without prejudice to refiling under the proper rules of evidence and civil procedure.  *Id.*  Judge Oliver further vacated the ruling at ECF 582 and referred the motions at ECF Nos. 605, 625, 639, and 640 to the Magistrate Judge to the extent they were not already referred.  *Id.*  The Court granted one of CLF's Motions to Seal (ECF 605) and denied another (ECF 625).  *See* ECFs 656 and 655, respectively.

Defendants' ECF 640 Motion to Seal the filings located at ECF 637 and 637-1, and CLF's ECF 639 objection also remain pending.  On July 25, 2025 Plaintiff filed its Response in support of sealing those materials (ECF 665), and Defendants filed their reply on August 8, 2025.

*Court Mediation with Judge Vatti*

The Parties appeared for an in-person Court mediation with Judge Vatti on October 23, 2025, but the matter did not resolve the matters during that session.  On November 20, 2025, the Parties continued discussions before Judge Vatti on the Connecticut case and the Providence case, but again did not resolve the matters.  There is not currently another mediation session scheduled.

*Scheduling Order and Expert Discovery Completion*

Having reviewed the Parties' prior Joint Request to Amend the Schedule, dated July 24, 2025 (ECF 661), the Court amended the scheduling order and adopted a new scheduling order moving all deadlines by one week. ECF 662. The Parties have now completed all depositions in compliance with the deadline of September 12, 2025. The Parties are resolving issues that arose during the expert depositions and will inform the Court of any issues that reach impasse as needed. The Parties filed their motions to preclude expert testimony by the October 3, 2025 deadline. Responses to those motions were submitted on November 3, 2025. Replies to those responses were filed on November 17, 2025.

In connection with expert depositions, Defendants raised issues on August 4 and September 19 regarding Plaintiff's expert Naomi Oreskes's use of artificial intelligence to review and summarize Defendants' document productions to assist in the preparation of her expert reports. Defendants have requested additional details and explanation regarding Professor Oreskes's use of artificial intelligence, including: 1) all inputs used by Professor Oreskes in conducting searches with artificial intelligence, including search terms, keywords, prompts and other parameters; 2) all outputs generated by the artificial intelligence software, including search results, document sets, and other responsive materials; and 3) the "proprietary list" of "think tank mentions" referenced by Professor Oreskes as part of her artificial intelligence searches.

In addition, Defendants remain concerned about Professor Oreskes's use of artificial intelligence that potentially exposed Defendants' confidential information to the artificial intelligence program, which may constitute a violation of the Standing Protective Order (ECF 7). *See* ECF 870. The Parties held a meet and confer on Friday, November 21, 2025. Defendants still have not received complete responses or documentation clarifying the AI analysis applied in

3

connection with the Oreskes expert report and supplemental expert report. On the meet and confer, Defendants asked additional follow up questions and CLF requested the additional questions in writing. Defendants intend to submit additional questions to clarify prior requests for information from CLF based upon the meet and confer. Defendants reserve the right to seek additional assistance from the Court on these deficiencies.

CLF responded to Defendants' above queries on August 5, August 8, September 22, and 25, and the Parties met and conferred on September 24, October 2, October 6, and November 21. In the October 6 meet and confer Defendants stated they would consider CLF's responses and follow-up as needed. On November 4, Defendants reiterated two aspects of their prior inquiries stating they "have a couple of additional requests that I hope will fully resolve this issue." CLF promptly responded on November 5 highlighting the aspects of CLF's prior detailed responses and Dr. Oreskes' testimony that fully answered Defendants' remaining two questions. CLF believes Defendants' questions have been fully resolved or have been raised in their ECF 741 preclusion motion and is unclear why Defendants insist on including these paragraphs in this joint report when they have extensively subjected CLF and Dr. Oreskes to repeated questioning all of which CLF and Dr. Oreskes have fully responded to.

In the November 21, 2025 meet and confer Defendants stated this meet and confer was not following up on any issue regarding an expert's disclosure of the facts and data considered in forming their opinions under Rule 26, but instead were looking for information on which they could confirm there had not been a violation of the SPO.

CLF's position is that confirmation that a violation has not occurred is not a relevant area of inquiry and Defendants have not identified any harm associated with how any of the experts compiled their opinions and reports. The SPO does not grant a party a right to serve discovery

related to compliance with the SPO. The SPO puts obligations on Counsel. CLF has provided Defendants with assurances of counsel, backed up by factual explanations, that no violations of the SPO have occurred. Defendants' refusal to accept CLF's representations is not a disputed issue with expert discovery and CLF does not believe Defendants should continue to include this "issue" in these Joint Status Reports, which are only for reporting disputed discovery issues.

Defendants emailed Plaintiffs on December 4, 2025 to again request information pertaining to the facts or data considered by Dr. Oreskes in connection with her analysis, as well as information to ensure that such uploading did not violate the Court's Protective Order in this case. Defendants requested Plaintiffs provide them with this information by 5:00 PM ET on Monday, December 8, 2025. The parties will contact the Court if they are unable to resolve this issue without Court intervention.

The parties will contact the Court if they are unable to resolve issues without Court intervention.

*Requests for Admission and Summary Judgment Letter Motions*

The Parties served Requests for Admission on September 16 and Responses to RFAs on October 16. CLF sent a two-page deficiency letter and request for amended responses to Defendants on October 28, 2025. On November 20, 2025, Defendants sent a written response supplementing their responses and objections to Plaintiff's RFAs. The Parties met and conferred over Defendants letter on November 21, determined they were at impasse, and then reported the issue to the Court. The Court has ordered letter briefs due on November 26 at 5pm with CLF filing the RFA responses at issue as an exhibit. The parties submitted their respective letter briefs by the court- ordered deadline.

On October 21, 2025, the Parties filed their respective pre-filing statements regarding

anticipated motions for summary judgment. The Parties' respective responses were filed on November 14, 2025 after the Court granted an extension. ECF 875-879.

**Plaintiff's Motion to Amend/ Correct Complaint**

On August 13, 2025, Plaintiff filed a Motion to Amend/Correct its Amended Complaint to assert additional state law causes of action under the Connecticut Environmental Policy Act and Connecticut Coastal Management Act. ECF 683. Defendants filed their opposition brief on September 3, 2025. ECF 689. CLF filed its reply brief of September 18, 2025. ECF 701. CLF filed its Opposition to Defendants' ECF 690 Motion to Seal on September 24, 2025. ECF 702. Defendants filed their Reply in further support of the Motion to Seal on October 15, 2025. ECF 799.

Dated: December 8, 2025

Respectfully submitted,

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna M. Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 779-4621
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)

*/s/ Rose H. Jones* (with permission)
Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
Tel: (678) 229-1983
E-mail: rjones@hilgersgraben.com

Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
Tel: (704) 503-2551
E-mail: alewis@kslaw.com

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-2769

6

Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9625
Tel: (202) 386-9628
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com
Email: mliu@motelyrice.com
Email: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722

E-mail: dhenderson@kslaw.com

Anthony G. Papetti (phv206982)*
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
Tel: (212) 702-5400
Fax: (212) 702-5442
E-mail: apapetti@bdlaw.com

Roy D. Prather III (phv206800)*
Beveridge & Diamond, P.C.
20 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
Tel: (410) 230 -1305
E-mail: rprather@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
E-mail: jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
Tel: (202) 789-6020
Fax: (202) 789-6190
E-mail: jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE & DIAMOND, P.C.
400 West 15th Street, Suite 1410
Austin, TX 78701-1648
Tel: (512) 391-8000
Fax: (202) 789-6190
E-mail: breddy@bdlaw.com

Drew T. Bell (phv208721)*
KING & SPAULTING LLP
500 W. 2nd Street, Suite 1800

Email: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom D. Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
Email: rmazingo@motleyrice.com
Email: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903
Tel: (401) 457-7730
Email: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05605
Tel: (802) 223-1112
Email: david@tarrantgillies.com

*Attorneys for Plaintiff
Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*

Austin, TX 78701
Tel: (512) 457-2000
Email: dbell@kslaw.com

*Counsel for Defendants*