UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> Defendants. | Case No: 3:21-cv-00933-VDO <br><br> December 8, 2025 |

**DEFENDANTS' RESPONSE TO PLAINTIFF CONSERVATION LAW FOUNDATION, INC.'S MOTION TO SEAL [ECF 896]**

Pursuant to Local Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and this Court's Standing Protective Order ("SPO"), dated July 7, 2021 [ECF 7], Defendants respectfully submit this Response to Plaintiff Conservation Law Foundation, Inc.'s ("CLF") Motion to Seal portions of its Reply Briefs in Further Support of Motions to Preclude Defendants' Experts and related exhibits [ECF 896] (the "Motion"). For the reasons set forth below, and consistent with the Court's prior rulings and the parties' previous briefing,[1] Defendants request that the Court maintain under seal those portions of the filings that

---

[1] Defendants have filed a series of briefs in support of sealing materials filed by the parties in connection with the parties' respective Rule 702 motions. *See* ECF 745, 825, 836, and 908. Each of these motions to seal concerns the filing of Defendants' confidential, non-public and commercially sensitive business records and should be sealed for the same reasons consistently set forth in Defendants' aforementioned briefing, including this Response.

1

contain or reference Defendants' confidential and commercially sensitive information, as previously designated under the SPO, and as referenced herein.

## I.     INTRODUCTION

On October 3, 2025, Plaintiff filed five motions to preclude Defendants' experts Susan Bodine (ECF 706), Deborah French-McCay (ECF 714), Craig Jones (ECF 722), David Uhlmann (ECF 730), and Renee Bourdeau (ECF 737).  Plaintiff appropriately redacted—and filed under seal—various portions of the aforementioned motions and associated exhibits to reflect information and materials contained in documents, expert reports and deposition transcripts that contain confidential, non-public and commercially sensitive material that was properly designated under the SPO.  In connection with these motions and the redacted information that was initially submitted under seal, Plaintiff also filed formal Motions to Seal, which remain pending.  *See* ECF 707, 715, 723, 731, and 738.  Defendants filed their Response in further support of the Motions to Seal on November 3, 2025, and maintain that the referenced materials should remain confidential as set forth in Defendants' Response.  *See* ECF 825.

On November 17, 2025, Plaintiff filed its Reply Briefs in further support of its five Motions to Preclude the same defense experts.  *See* ECF 888 (Jones), 889 (French-McCay), 891 (Uhlmann), 892 (Bourdeau), and 894 (Bodine).  As before, Plaintiff has similarly cited various information and materials that are properly designated confidential under the SPO, redacted such information, and submitted unredacted versions under seal, together with a formal Motion to Seal.  *See id.*; *see also* ECF 896.  However, unlike Plaintiff's initial briefs in support of its Motions to Preclude, Plaintiff's Reply Briefs at issue on this Motion to Seal do not attach any exhibits for the Court's consideration with respect to confidentiality.

Instead, Plaintiff has moved to seal—which Defendants support—various portions of its Reply Briefs that cite to confidential information and materials discussed in Defendants' experts'

reports and deposition transcripts.  More specifically, Defendants maintain that the following redacted information in Plaintiff's Reply Briefs contains confidential, non-public and commercially sensitive information that should remain confidential as originally designated:[2]

| **Motion** | **Page and Description** | **Defendants' Position** |
|---|---|---|
| **Jones (ECF 888)** | • **Pages 1-2:** Reference to the mere fact that Dr. Jones's opinions include interpreting the Permit. | • Defendants do not contest the unsealing of this specifically redacted information, for purposes of this Motion only.  *See infra,* at 3, n.2. |
| | • **Page 2:** Specific characterization of Dr. Jones's opinions that various irrelevant standards are non-binding in this litigation. | • Defendants do not contest the unsealing of this specifically redacted information, for purposes of this Motion only.  *See infra,* at 3, n.2. |
| | • **Page 6:** Reference to Dr. Jones's use of scientific modeling to reach confidential opinions in this case. | • Defendants maintain that Dr. Jones's properly designated confidential opinions as set forth in his expert report and associated deposition testimony should remain confidential. |
| **French-McCay (ECF 889)** | • **Pages 1-2:** Background section summarizing and characterizing confidential opinions of Dr. French-McCay. | • Defendants maintain that Dr. French-McCay's properly designated confidential opinions as set forth in her expert report and associated deposition testimony should remain confidential. |

---

[2] For the purposes of this Motion only, Defendants do not contest the unsealing of the specifically redacted language contained in Plaintiff's Reply Briefs in Support of its Motions to Preclude Defendants' expert witnesses Renee Bourdeau [ECF 892] or Susan Bodine [ECF 894], and do not contest the unsealing of certain specifically redacted language contained in the portions of Plaintiff's Reply Briefs in Support of its Motions to Preclude Defendants' expert witnesses Jones (ECF 888), French-McCay (ECF 889) or Uhlmann (ECF 891) **except as specifically set forth herein**.  Defendants otherwise maintain the confidentiality of all material contained in the expert reports of each of Defendants' expert witnesses, as well as all previously redacted language and sealed exhibits to Plaintiff's original Motions to Preclude, including—but not limited to—as remains pending in connection with ECF 707, 715, 723, 731, and 738.

3

| | | |
|---|---|---|
| | • **Pages 2-3:** Block quotes and associated characterizations of Dr. French-McCay's confidential opinions regarding scientific modeling as set forth in her confidential expert report and discussed at deposition. | • Defendants maintain that Dr. French-McCay's properly designated confidential opinions regarding scientific modeling as set forth in her expert report and associated deposition testimony should remain confidential. |
| | • **Page 4:** Characterization of Defendants' briefing regarding Plaintiff's ability to question Dr. French-McCay at deposition. | • Defendants do not contest the unsealing of the majority of this specifically redacted information, for purposes of this Motion only. *See infra,* at 3, n.2. However, Defendant maintain that the specific reference to confidential scientific modeling used by Dr. French-McCay should remain confidential. |
| | • **Pages 5 (two related redactions):** Characterizations of expert report and deposition questioning, respectively, of Dr. French-McCay regarding confidential opinions related to scientific modeling. | • Defendants maintain that Dr. French-McCay's properly designated confidential opinions regarding scientific modeling as set forth in her expert report and associated deposition testimony should remain confidential. |
| | • **Page 6:** Characterization of Dr. French-McCay's reliance on confidential scientific modeling. | • Defendants maintain that Dr. French-McCay's properly designated confidential opinions regarding scientific modeling as set forth in her expert report and associated deposition testimony should remain confidential. |
| | • **Pages 6-7:** Characterization of Dr. French-McCay's deposition testimony regarding selection of confidential scientific modeling. | • Defendants maintain that Dr. French-McCay's properly designated confidential opinions as set forth in her expert report and associated deposition testimony should remain confidential. |
| | • **Page 7:** Characterization of Dr. French-McCay's use of | • Defendants maintain that Dr. French-McCay's properly |

| | | |
|---|---|---|
| | confidential scientific modeling. | designated confidential opinions as set forth in her expert report and associated deposition testimony should remain confidential. |
| | • **Pages 8-9:** Characterizations of Dr. French-McCay's use of confidential scientific modeling and ultimate opinions derived therefrom. | • Defendants maintain that Dr. French-McCay's properly designated confidential opinions as set forth in her expert report and associated deposition testimony should remain confidential. |
| **Uhlmann (ECF 891)** | • **Page 1**: Citation to Mr. Uhlmann's opinions that neither the EPA nor any other federal or state agency has brought an enforcement action for alleged failure to implement a best industry practice involving climate resiliency measures, strongly suggesting there is no enforceable requirement to do so. | • Defendants do not contest the unsealing of this specifically redacted information, for purposes of this Motion only. *See infra,* 3, n.2. |
| | • **Page 5, n.1:** Reference to the rate of compensation charged by Mr. Uhlmann to serve as expert witness in this litigation. | • Defendants maintain that the rate of Mr. Uhlmann's compensation for expert witness services should remain confidential. |
| **Bourdeau (ECF 892)** | Various citations and characterizations of Ms. Bourdeau's expert report and deposition testimony. | Defendants do not contest the unsealing of this specifically redacted information, for purposes of this Motion only. *See infra,* at 3, n.2. |
| **Bodine (ECF 894)** | Various citations and characterizations of Ms. Bodine's expert report and deposition testimony. | Defendants do not contest the unsealing of this specifically redacted information, for purposes of this Motion only. *See infra,* at 3, n.2. |

The above-referenced portions of Plaintiff's Reply Briefs include citations and references to expert reports and deposition testimony that discuss materials which were properly designated confidential and which themselves discuss produced materials that are also properly designated confidential. In addition, these portions of Plaintiff's Reply Briefs reference, and purport to characterize, the confidential underlying scientific modeling and data relied upon by Defendants'

expert witnesses in reaching their ultimate opinions in this case, which are contained in Defendants' expert reports that were properly designated confidential under the terms of the SPO (as Plaintiff likewise designated for its own expert reports). As such, Plaintiff's position seeking the unsealing of these materials is at odds with not only its own position for its expert witnesses, but also the governing standards of confidentiality, the Standing Protective Order ("SPO") entered by the Court, and the Court's prior sealing rulings addressing substantially similar material.

Therefore, consistent with Local Rule 5(e)(3), the SPO, and this Court's prior orders, the Court should maintain sealing of the portions of Plaintiff's Reply Briefs that reveal or describe those confidential materials as referenced herein. *See* ECF Nos. 888, 889, 891, 892, and 894.

As Defendants have previously raised, CLF has also broadcasted its motivation to publicize these materials based on a desire to solicit fundraising contributions from its donors—not in pursuit of any public need for the documents to be in the public domain. *See* ECF 508, Defendants' Opp. to Plaintiff's Motion to Modify the SPO, at 1-2. Indeed, CLF's fundraising email to its donors explicitly referenced a large document review of confidentially designated documents, and tied the public disclosure of Defendants' materials to CLF's solicitation of donations, raising the question, "What are they hiding?" *Id*. (further suggesting that "Shell is fighting to conceal" documents which CLF believes "the public has a right to know"). That email to CLF's donors reveals its true intentions to de-designate Defendants' confidential documents for its own fundraising purposes, not for any public need or the adjudication of any issues before the Court. CLF's clear intent is flatly inconsistent with the SPO's command that Designated Material be used only for this litigation. Further, as is the case here, where a litigant

6

signals it will leverage court-filed materials for extra-judicial publicity and fundraising, the risk of misuse and competitive harm is heightened.

## II.    LEGAL STANDARD

The public's right to access court documents is not absolute and may be surmounted by a party's showing that sealing will further other substantial interests. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013). Local Rule 5(a)(3) allows for a court to seal a document filed with the Court upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(e)(3).

Courts in the Second Circuit, including this Court in this case, have found that exhibits containing "confidential, proprietary, and commercially sensitive information that would cause significant competitive harm if publicly disclosed" warrant filing under seal. ECF 622. For example, on May 16, 2023, this Court granted in part a similar motion to seal Defendants' confidential documents on the basis that "the Defendants' claims outweigh the relatively low weight that attaches to the presumption of access in this discovery dispute." ECF 221 at 13. Again, on September 23, 2023, this Court granted in part another motion to seal concerning Defendants' confidential materials upon the rationale that "the defendants' security and competitive disadvantage concerns, even if not as weighty as in some other cases, outweigh the low public interest in access to this information." ECF 288 at 2. And most recently on July 11, 2025, this Court granted a similar motion to seal, finding that "the documents contain private, non-public information about Shell's ongoing business activities." ECF 656 at 2. *Negron v. Cigna Corp.*, 2020 WL 13303130, *3 (D. Conn. May 29, 2020); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) (recognizing that the

parties to an action often have "significant interest in protecting such [confidential proprietary] information from public dissemination").

### III.     ARGUMENT

#### A.     The Expert Reports and Related Deposition Testimony Are Properly Designated Confidential and Should Remain Sealed.

As set forth in Defendants' prior briefing (*see, e.g.*, ECF 629, 745, 836), the expert reports at issue on Plaintiff's instant Motion to Seal, as well as the deposition testimony discussing those reports, contain substantial references to—and purported summaries of—documents that Defendants have properly designated as confidential under the SPO. The Parties have marked their respective expert reports "CONFIDENTIAL" under the SPO. Contrary to Plaintiff's assertions, the expert reports at issue (ECF Nos. 709, 718, 719, 720, 721, 727, 728, 735, and 740) were properly designated confidential because they incorporate and discuss non-public, proprietary materials, including proprietary scientific modeling, underlying data, and confidential opinions derived therefrom, as well as facility-specific analyses and sensitive technical parameters. There is no dispute that all these cited materials are marked confidential.

Nor is there any cognizable public interest in disclosing the amount of Mr. Uhlmann's rate of compensation for his expert witness services at this stage of the litigation. Indeed, while Plaintiff may later be permitted to introduce such information during cross-examination at trial, it is not relevant for any purpose now, let alone the Court's resolution of Plaintiff's Motion to Preclude Mr. Uhlmann's testimony pursuant to Fed. R. Evid. 702. There can be no dispute that this information comes from Mr. Uhlmann's expert report which is itself properly designated confidential. In any event, Plaintiff has not even attempted to argue why such information should be made public at this time.

This Court has consistently granted prior motions to seal Defendants' confidential materials. *See e.g.*, ECF 221; ECF 288, and ECF 656. This Court has also already recently granted a similar motion to seal portions of Ms. Goldsmith's expert report and documents and deposition testimony cited therein. See ECF No. 656. Therefore, Defendants respectfully request that these documents also be sealed in accordance with this Court's prior order on the same or similar materials. *Id.*

Plaintiff's Motion to Seal (ECF 896) largely ignores the fact that this Court has already weighed these interests in the context of substantively similar materials and ordered sealing. ECF 702, at 3, and 8-11. Nor does Plaintiff identify any reason to depart from those prior findings now. The presumption of access is not absolute; the Court may and should give determinative weight to the well-substantiated confidentiality interests and the risk of competitive harm.

### B. Deposition Testimony Related to Properly Designated Confidential Materials Should Also Remain Sealed.

CLF's Motion to Seal (ECF 896) also invites the Court to disregard the Parties' Standing Protective Order and the Court's prior sealing rulings by seeking the unsealing of expert deposition testimony, notwithstanding that this testimony undisputedly contains, quotes from, and discusses materials properly designated as Confidential under the SPO.

The SPO already resolves how deposition testimony must be treated when covering Designated Material. Specifically, the SPO expressly states that when Designated Material is used as a deposition exhibit, "the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material." ECF 7 at, ¶ 13. In this case, ECF No. 717, Dr. French-McCay's entire deposition transcript, includes and discusses her expert report, which has properly been marked confidential, and other exhibits that were designated Confidential under the SPO because they undisputedly cite and synthesize

9

confidential and non-public, commercially sensitive materials.

Thus, because certain pages of the deposition transcript reveal and quote from those Designated Materials, Plaintiff's citations to—and characterizations of—that testimony must remain sealed. The confidentiality designations flow from the underlying confidential status of the exhibits themselves, and the transcript testimony that describes, quotes, and analyzes them. This is precisely the situation contemplated by the SPO's directive that "the exhibit and related transcript pages receive the same confidentiality designation" as the underlying Designated Material. ECF 7, SPO at, ¶ 13.  That automatic transportation of confidentiality status from the document to the deposition ensures that parties can use confidential exhibits in deposition practice without forfeiting protection over the pages that reveal the substance of those materials. *See Sourgoutsis v. United States Capitol Police*, No. 116CV1096KBJRMM, 2018 WL 4680206, at *3 (D.D.C. Sept. 29, 2018) (rejecting the argument that treating all deposition testimony and exhibits as confidential would constitute an "over designation" recognizing that "some deposition testimony and exhibits may implicate the types of concerns identified" in the Protective Order.) In any event, Defendants have already provided page-line designations of confidential testimony from Dr. French-McCay's deposition, reinforcing the confidential nature of her opinions and testimony.  *See* ECF 825, Ex. 1.  CLF's approach would nullify that safeguard and would defeat the SPO's core function.

Finally, in line with its prior ruling, this Court should reject CLF's attempt to weaponize ordinary motion practice as an end-run around of the SPO's de-designation process. *See* ECF 517, Jan. 2 7, 2025, Court Order (denying CLF's Motion to Amend the SPO and rejecting Plaintiff's modifications on the basis that the proposal would require the Court to "embroil itself in the[] disputes" concerning whether the material "merited the confidentiality designation in the

first place."). As previously recognized by this Court, the SPO provides a specific mechanism for challenging confidentiality designations: 1) a written request to the Designating Person; 2) a good-faith meet-and-confer; and 3) only if necessary, a motion placing the burden on the Designating Person to show the designation is proper. ECF 7 at, ¶ 12. CLF has taken none of those steps with respect to either the transcript designations themselves or the Designated Materials that are embedded in ECF 896. The Court has already rejected efforts to upend the SPO and embroil itself in piecemeal de-designation disputes. *See* ECF 517. It should do so again here by enforcing the SPO and prior sealing rulings.

Accordingly, the Court should respectfully maintain the sealing of the specifically redacted portions of Plaintiff's Replies in Support of its Motions to Preclude that quote, paraphrase and/or characterize Designated Materials (ECF 888, 889, 891, 892, and 894) that reveal Designated Materials.

## IV.   CONCLUSION

For all these reasons, Defendants respectfully request that the seal the properly designated and redacted portions of Plaintiff's Reply Briefs (ECF 888, 889, 891, 892 and 894) that reveals, describes and/or purports to characterize confidential materials as set forth herein.

Dated: December 8, 2025                                Respectfully submitted,

*/s/ Douglas A. Henderson*
Douglas A. Henderson (phv05547)
Carmen R. Toledo (phv20194)
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com
ctoledo@kslaw.com

Antonio E. Lewis (phv03069)

King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Rose H. Jones
Hilgers Graben PLLC
1372 Peachtree Street, N.E.
19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Anthony G. Papetti (phv206982)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
BEVERIDGE &DIAMOND, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648

        T: (512) 391-8000
        F: (202) 789-6190
        breddy@bdlaw.com

        Megan L. Marzec Morgan (phv20623)
        Roy D. Prather III (phv206800)
        Beveridge & Diamond, P.C.
        201 North Charles Street, Suite 2210
        Baltimore, MD 21201-4150
        T: (410) 230-1305
        F: (410) 230-1389
        mmorgan@bdlaw.com
        rprather@bdlaw.com

        ***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will affect service on all counsel of record by sending a Notice of Electronic Filing.

/s/ *Douglas A. Henderson*
Douglas A. Henderson (phv05547)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com