UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00933-VDO |
| v. | |
| SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, | December 22, 2025 |
| *Defendants*. | |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S REPLY TO DEFENDANTS' RESPONSE TO CLF'S MOTION TO SEAL [ECF 896]**

I.     INTRODUCTION

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Reply to Defendants' Response to CLF's Motion to Seal [ECF 896] related to CLF's *Daubert* Reply Briefs.  *See* ECF 933.  The underlying Motion to Seal (ECF 896) covers the Reply Briefs to Preclude Defendants' Experts Dr. Craig Jones (ECF 888), Dr. Deborah French-McCay (ECF 889), Mr. David Uhlmann (ECF 891), Ms. Renee Bourdeau (ECF 892), and Ms. Susan Bodine (ECF 894) ("Replies").  Defendants' Response admits that many portions of the Replies at issue do not need to be sealed.  Resp. at 3–5.  Thus, there is no information in support of sealing those passages and CLF's Reply focuses only on the remaining portions for which Defendants have maintained their claims of confidentiality and argued for sealing:

| CLF Reply | Page and Defendants' ECF 933 Description |
|---|---|
| **Jones (ECF 888)** | **Page 6:** Reference to Dr. Jones's use of scientific modeling to reach confidential opinions in this case. |
| **French-McCay (ECF 889)** | **Pages 1-2:** Background section summarizing and characterizing confidential opinions of Dr. French-McCay.<br>**Pages 2-3:** Block quotes and associated characterizations of Dr. French-McCay's confidential opinions regarding scientific modeling as set forth in her confidential expert report and discussed at deposition.<br>**Page 5 (two related redactions):** Characterizations of expert report and deposition questioning, respectively, of Dr. French-McCay regarding confidential opinions related to scientific modeling.<br>**Page 6:** Characterization of Dr. French-McCay's reliance on confidential scientific modeling.<br>**Pages 6-7:** Characterization of Dr. French-McCay's deposition testimony regarding selection of confidential scientific modeling.<br>**Page 7:** Characterization of Dr. French-McCay's use of confidential scientific modeling.<br>**Pages 8-9:** Characterizations of Dr. French-McCay's use of confidential scientific modeling and ultimate opinions derived therefrom. |
| **Uhlmann (ECF 891)** | **Page 5, n.1:** Reference to the rate of compensation charged by Mr. Uhlmann to serve as expert witness in this litigation. |

CLF requests the Court disregard Defendants' arguments and deny the underlying Motion to Seal resulting in CLF's Replies unsealed and filed without redactions.

1

## II.    LEGAL STANDARD

Local Rule 5(a)(3) allows for a court to seal a filed document upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(a)(3). The party opposing disclosure has the burden of offering a particular and specific demonstration of fact, "distinguished from general, conclusory statements revealing . . . some . . . consequential harm", to justify protection from the court. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Blum v. Schlegel*, 150 F.R.D. 38, 41 (W.D.N.Y. 1993)).

Unlike exhibits to discovery motions, which this Court has noted are only afforded a "presumption of access" of "modest weight," ECF 221 at 4, exhibits to a motion to preclude expert testimony are given a "strong presumption" of public access. *See Castelluccio v. Int'l Bus. Machines Corp.*, No. 3:09CV1145 (DJS), 2013 WL 12319859, at *5 (D. Conn. Mar. 28, 2013) (ruling that exhibits attached to a motion to preclude expert testimony "are used to determine litigants' substantive legal rights," and so are "entitled to a strong presumption of public access) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)); *Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC*, No. 3:21-CV-659 (JAM), 2023 WL 4746180, at *1 (D. Conn. Apr. 27, 2023) ("Briefs and evidence submitted in support of motions for . . . *Daubert* motions are judicial documents, and the presumption of public access to these documents is strong."); *see also Lugosch*, 435 F.3d at 121–23 (noting weight of presumption of access is governed by the nature of a motion not by the ultimate outcome of the motion).

## III.    ARGUMENT

### A. Defendants Ignore the Heightened Weight Applied to *Daubert* Filings.

Defendants' reliance on the Court's prior rulings on motions to seal at ECFs 221, 288, 622, and 656 ignores the legal standard for determining when briefs submitted in conjunction with

2

*Daubert* motions should be sealed. *See* Resp. at 7, 9. Each of those orders pertained to discovery motions and explicitly noted that there is only modest weight afforded to the presumption of public access because the documents placed before the court were provided as exhibits to a discovery motion. Courts across the Second Circuit have found that there is strong presumption of access to documents submitted in support of *Daubert* motions. *See Castelluccio*, 2013 WL 12319859, at *5; *Vanguard Dealer Servs., LLC*, 2023 WL 4746180, at *1; *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *2 (S.D.N.Y. Jan. 17, 2023), *recons. denied*, No. 14-MC-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (noting that the strong presumption of public access afforded to motions for summary judgment extends to filings related to *Daubert* motions); *Allegra v. Luxottica Retail N. Am.*, No. 17CV05216-PKC-RLM, 2021 WL 4799032, at *2 (E.D.N.Y. Oct. 14, 2021). The Court need not engage with Defendants' citations to *Negron v. Cigna Corporation* and *Travelers Indemnity Company v. Excalibur Reinsurance Corporation*, Resp. at 7–8, as the former concerns documents submitted in support of class certification, and the latter concerns discovery motions. *See* No. 3:16-cv-01702 (JAM), 2020 WL 13303130, at *1 (D. Conn. May 29, 2020); No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *2 (D. Conn. Aug. 5, 2013).

    **B. Defendants Have Not Offered Clear and Compelling Reasons to Seal the Remaining Redacted Portions of the Replies at Issue.**

To support sealing, Defendants have an obligation to explain how public access to the few redacted references in CLF's briefs to expert reports and deposition transcripts would reveal proprietary business information, and how a competitor would use that information to cause commercial harm. *See CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *3 (D. Conn. July 12, 2017) ("The party seeking to preclude disclosure . . . has the burden to show that the information in fact constitutes a trade secret, that disclosure would

3

harm [their] competitive position and that the asserted harm outweighs the presumption of public access." (citations and quotations omitted)). Local Rule 5(e)(3) allows for a court to seal a filed document only upon particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. L. R. Civ. P. 5(e)(3). Instead of supplying these reasons for the Courts' particularized findings, Defendants only claim the information was "properly designated" without even attempting to describe what, if any, harm could result from public disclosure. Resp. at 3–5, 8–11. To the extent that Defendants argue that CLF's Motion to Seal is an attempt to "end-run around [] the SPO's de-designation process," Resp. at 10, Defendants fail to note that the Protective Order notes that "Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of such Designated Material." ECF 7 at 11. Defendants have not met their burden to supply justification or reasoning as to why the portions in the passages in CLF's Jones, Uhlmann, and French-McCay Replies must be sealed.

 Defendants' mere claim to have properly designated certain information, not only fails to meet Local Rule 5—which is clear that meeting the standard in a protective order does not qualify information for sealing—but it fails to meet the situations where courts allow business confidential information to be sealed in relationship to motions that adjudicate a party's rights require direct competitive harm akin to actionable commercial information or a trade secret. *See In re Parmalat*, 258 F.R.D. at 245 (describing analysis to "determin[e] whether information is sufficiently valuable and secret to afford an actual or potential economic advantage over others . . . [i]n order to be sufficiently valuable and secret, the information must not be commonly known to the trade in which the putative trade secret owner is engaged." (internal quotations omitted)); *see also CSL*

4

*Silicones, Inc.*, 2017 WL 4750701, at *3 (D. Conn. July 12, 2017) ("[R]epeatedly rely[ing] solely on the fact that the information has been designated as confidential or AEO under the Protective Order. . . alone is not a sufficient justification for sealing the information."). Courts have also indicated, for example, that personal health information, tax information, financial account information, and product prices may be sealed. *Vanguard Dealer Servs., LLC*, 2023 WL 4746180, at *1. There is no information in the Replies that would amount to trade secrets or actionable commercial information and do not contain health, tax, or financial account information.

Defendants have not put forward evidence that any information in the three filings at issue is akin to trade secrets and thus could warrant sealing associated with motions that adjudicate a party's rights. A court will order the sealing of documents for only "limited circumstances and upon a showing of compelling circumstances." *Jadwalean Int'l Co. For Ops. & Mgmt v. United Tech Corp.*, No. CIVA.309-CV-00018JCH, 2009 WL 1064495, at *1 (D. Conn. Apr. 17, 2009). "[A] judge must carefully and skeptically review sealing requests to insure [sic] that there really is an extraordinary circumstance or compelling need" because "this court will not depart from the governing strong presumption of open access" of documents filed in a case. *Id.* (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). While valid business needs may outweigh the presumption of public access, *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020), Defendants must provide a particular and specific demonstration of fact to connect the information in the Replies to such a business need.

1. **CLF's Reply Regarding Dr. Craig Jones Contains No Competitive Proprietary Information**

There is only one redaction at issue in the Jones Reply ("Jones Redaction"), and Defendants do not offer any reasoning as to why it should remain under seal, only noting that "Dr. Jones's properly designated confidential opinions as set forth in his expert report and associated deposition

5

testimony should remain confidential." Resp. at 3. Defendants generally argue that the expert reports were designated confidential because they "incorporate and discuss nonpublic, proprietary materials, including proprietary scientific modeling, underlying data, and confidential opinions," *id.* at 8, however, there is no such discussion in the Jones Redaction. Defendants have already revealed in their Response that Dr. Jones used scientific modeling to reach his opinions in this case. *Id.* at 3. The Jones Redaction is merely a broad, one sentence description of what the model evaluated. It does not reveal any proprietary scientific modeling, underlying confidential business data, or confidential information, nor does it discuss any specific information about Defendants, Defendants' business as an oil company, or even specific information about the Facility. Even if the Court were to find that some aspect of the Jones Redaction involved confidential information, Defendants still have not met their obligation to support their claims of confidentiality with a particularized showing of harm from disclosure.

### 2. CLF's Reply Regarding Dr. French-McCay Contains No Competitive Proprietary Information

Defendants also do not provide any reasoning as to why the redactions in the French-McCay Reply should remain under seal. The French-McCay Reply redactions from the background section on pages 1-2, and the quotes and arguments on pages 2-3, 5, 6, 6-7, 7, and 8-9 are all simple descriptions of Dr. French-McCay's expert opinions, the modeling that was done by her and other experts, as well as comparisons of these model results to past work Dr. French-McCay has done at other sites. *See generally* Resp. at 3–5. These descriptions, discussions, and quotes, do not include a single piece of information about Defendants' business as an oil company, or even specific information about the Facility itself. There is no allegation or declaration that any third party's confidential information is at issue. Even if the Court were to find that some aspect of these opinions and modeling information involved confidential information, Defendants still

have not met their obligation to support their claims of confidentiality with a particularized showing of harm from disclosure.

### 3. CLF's Reply Regarding Mr. Uhlmann's Contains No Competitive Proprietary Information

Defendants' claim that the rate of compensation they have paid Mr. Uhlmann—a lawyer charging a general rate for law firm partners in the District of Columbia market—to serve as their expert witness is both unrelated to any business information of Defendants and is completely unsupported with any particularized showing of harm. Defendants make the circular argument that "Mr. Uhlmann's compensation for expert witness services should remain confidential," because "this information comes from Mr. Uhlmann's expert report which is itself properly designated confidential." Resp. at 5, 8. Once again, just because information can be designated under a Protective Order does not qualify it for sealing. The amount of money Defendants are willing to spend on lawyers and experts in this litigation does not expose any competitive aspect of Defendants' business as an oil company, nor any specific information about the Facility itself. If one of Defendants' competitors would like to know this information, they simply need to call Mr. Uhlmann and ask him what his rate is for giving an expert opinion, and he will quote them the amount—this is not confidential or competitive information that the Court should spend its resources to warrant sealing. Defendants' failure to provide even a conclusory claim this is somehow their proprietary and competitive business information is telling, as there is no basis for them to make such a claim, much less support sealing. Defendants still have not met their obligation to support their claims of confidentiality with a particularized showing of harm from disclosure.

### C. Defendants Misidentify the Public Access Issue.

Defendants again make their speculative and unsupported claim that CLF's "motivation to

publicize these materials [is] based on a desire to solicit fundraising contributions from its donors—not in pursuit of any public need for the documents to be in the public domain" and that CLF has not identified any "public need" for documents to be disclosed. Resp. at 6–7. As CLF has repeatedly noted in the past, CLF does not intend to violate the protective order, has not violated the protective order, and would not violate the protective order, and Defendants routine remarks that CLF has such an intent is disappointing and inappropriate for legal arguments between officers of the court. Regardless, Defendants have misidentified the public access issue in front of the Court on the ECF 896 Motion to Seal. This Court has found that briefs and evidence submitted in support of *Daubert* motions are judicial documents, and the presumption of public access to these documents is strong. *Vanguard Dealer Servs.*, 2023 WL 4746180, at *1. "The common law right of public access to judicial documents is firmly rooted in our nation's history," *Lugosch*, 435 F.3d at 119, and is "a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020). In addition to the common law right of access, "it is well established that the public and the press have a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2d Cir. 2004). It is not CLF's burden to justify the right to public access to judicial documents—this Circuit has long recognized that the right to access judicial documents is not only in the public interest but also embedded in common law and the First Amendment. *See generally* D. Conn. L. R. Civ. P. 5(e)(1)(a) & (b) (noting the judicial authority to seal is only "justified by extraordinary circumstances" because of the public's "First Amendment right to access" to court proceedings). Rather, it is Defendants' burden to put forward "clear and compelling reasons" that justify the Court's "particularized findings demonstrating that sealing" is warranted regarding competitive business interests or

financial harm. *See id.* 5(e)(3).

Moreover, that CLF believes in the Constitutional right to public access and has communicated its belief accordingly to its donors is not indicative of any malicious intent. Defendants' argument that CLF has "signal[ed] it will leverage court-filed materials for extra-judicial publicity and fundraising" attributes false intentions to CLF. Resp. at 6–7. And Defendants' claim that such a "signal" creates a "heightened" consideration or standard is an unsupported and uncited legal argument based on an apparently manufactured legal standard. *Id.* CLF has always complied with and would not violate the Protective Order. The Court should not endorse Defendants' attempts to ascribe CLF some malicious intent, nor Defendants' attempts to shift the burden of justifying why Defendants' purportedly confidential information should remain under seal. That burden is on Defendants.

### IV. CONCLUSION

For the foregoing reasons, CLF asks the Court to grant the relief requested in its Motion.

Dated: December 22, 2025

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4

9

Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
E-mail: atadio@clf.org

Kristine S. Tardiff (phv208957)*
Conservation Law Foundation, Inc.
27 North Main Street
Concord, NH 03301
Tel: (603)573-9144
E-mail: ktardiff@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
E-mail: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*

Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff
Conservation Law Foundation, Inc.*
\**Admitted as Visiting Attorney*