# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br> September 25, 2025 |

**PLAINTIFF CONSERVATION LAW FOUNDATIONS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR ADDITIONAL MATERIALS RELATED TO DR. NAOMI ORESKES DEPOSITION.**

     Plaintiff Conservation Law Foundation, Inc. ("CLF"), objects to Defendants' Request for Additional Materials related to Naomi Oreskes' deposition to the extent they are duplicative, oppressive, and outside the scope of what is discoverable under the Federal Rules. As a courtesy, to the extent we do not object to the requests and can provide additional information, we have responded. It should be noted for the record, that both Dr. Oreskes her employee, Dr. Kaurov, have each signed the Protective Order in this case.

     The Defendants initially requested follow-up information regarding Dr. Oreskes' deposition on Friday, September 19, 2025, at 3:26 p.m.—ten days after the deposition was conducted on September 9, 2025. CLF responded on Monday, September 22, 2025, at 5:41 p.m., indicating that additional time was needed to properly evaluate the requests while providing a partial response to the Defendants' second question. Defendants' counsel, Mr. Henderson, subsequently requested a meet and confer conference on Tuesday, September 23, which resulted in a fifteen-minute meeting held on Wednesday, September 24, 2025, at 9:00 a.m. EST. The parties agreed during this brief conference that CLF would have until Friday to provide complete responses to the Defendants' requests.

| # | Defendants' Requests | CLF's Objection/Response |
|---|---|---|
| 1. | **_Artificial Intelligence (AI) Materials Used by Professor Oreskes in her Expert Report and Rebuttal Report_.** | |
| 1a. | Details on the specific CHAT-GPT program that was used, including provider, the specific model/version/licensing level of the program, deployment mode (cloud/on-prem) date range of use. who holds the license of that program, and the security and access controls applied to the program (Professor Oreskes said it was CHAT-GPT on a "secure" server—we need all identifying information on the actual AI platform used and specific details on the "secure" server). | RESPONSE: Objection. The request exceeds the requirements of FRCP Rule 26(a)(2)(B) and 26(b)(4)(C), which do not require the production of experts' "file" but only of materials that are "considered" or "relied upon." Objection to the extent this has been asked and answered in an email to Defendants dated August 6, 2025 and within Dr. Oreskes deposition taken on September 11, 2025.<br><br>OpenAI's suite of models: GPT-4o and GPT-4.5 was accessed through Microsoft Azure services via the secure Azure API (Application Programming Interface) was used to filter documents.<br><br>See Dr. Oreskes deposition testimony pg. 242, lines 4-11. |
| 1b. | Details of the methodology including the tasks performed by the AI tool (e.g., classification, summarization, retrieval), and the general workflow by which Defendants' documents were loaded and results exported or shared with the expert. | RESPONSE: Objection. The request exceeds the requirements of FRCP Rule 26(a)(2)(B) and 26(b)(4)(C), which do not require the production of experts' "file" but only of materials that are "considered" or "relied upon." Objection to the extent this has been asked and answered in an email to Defendants dated August 6, 2025 and within Dr. Oreskes deposition taken on September 11, 2025.<br><br>After AI-based filtering, Professor Oreskes manually reviewed the resulting subset of documents. This two-stage approach—AI filtering followed by human verification—was designed to completely exclude the risk of AI 'hallucination'. In the worst-case scenario, relevant documents may have been inadvertently excluded, which |

|  |  |  |
|---|---|---|
|  |  | would understate rather than overstate our findings. Not every think tank from the database was found in the corpus, but several were, and the Bates numbers of the resulting, verified documents are already provided in the original report.<br><br>The AI program used by Professor Oreskes did not generate any reports or print outs. The AI was merely used to sift through results. All conclusions were written after manually reviewing the documents sorted by the AI program. As such, no experimental prompts were stored. In addition, we can confirm that no confidential documents were submitted to any open-AI platform. No documents were "ingested." None of the documents were used for training any AI or machine learning tool.<br><br>Search terms including: "Sea Level," "Sea Lever Rise," and "SLR" were utilized to provide a subset of documents that were manually reviewed by Dr. Oreskes.<br><br>See Dr. Oreskes deposition testimony pgs. 225-244 describing the methodology used to review documents in this case. |
| 1c. | A specific list of the names and dates of all public or private documents used by Professor Oreskes or her assistants that were used in connection with the AI platform. | RESPONSE: Objection. The request exceeds the requirements of FRCP Rule 26(a)(2)(B) and 26(b)(4)(C). The "list" requested does not exist and therefore cannot be provided. |
| 1d. | A list of the Bates numbers of all Defendants' produced documents that were uploaded, ingested, or otherwise made available to any AI tool used in connection with Oreskes' analysis, including, if reasonably available, date/time of ingestion and any system- | RESPONSE: Objection to the mischaracterization of Dr. Oreskes' testimony. Objection. Exceeds the requirements of FRCP 26(a)(2)(B). Objection to the extent that this has been asked and answered in the deposition of Dr. Oreskes, pg. 229, lines 4-12. Objection to the extent this has been previously |

| | | |
|---|---|---|
| | generated tags or classifications. referenced by Oreskes on p. 225. | provided to Defendants in Dr. Oreskes' citations within her Expert and Rebuttal Reports and in her Materials Considered Lists. A partial list of the Bates numbers is provided in the Second Additional Materials Considered List provided with this response. We reserve the right to supplement this list. |
| 1e. | All AI outputs, reports, dashboards, exports, or result lists that Oreskes considered, reviewed, referenced, or relied upon in forming her opinions (whether or not ultimately cited in her report), including any lists of documents the AI identified as relating to sea-level rise, referenced by Oreskes on p. 225. | RESPONSE: Objection. Exceeds the requirements of FRCP 26(a)(2)(B). Objection to the extent that this has been asked and answered in the deposition of Dr. Oreskes, pg. 229, lines 4-12. Objection to the extent this has been previously provided to Defendants in Dr. Oreskes' citations within her Expert and Rebuttal Reports and in her Materials Considered Lists. |
| 1f. | Any output generated by the AI used to identify, interpret, analyze, generate information used or considered in the preparation of Professor Oreskes's Expert Report and her Rebuttal Report. | RESPONSE: Objection. Exceeds the requirements of FRCP 26(a)(2)(B). Objection to the extent that this has been asked and answered in the deposition of Dr. Oreskes, pg. 229, lines 4-12. Objection to the extent this mischaracterizes Dr. Oreskes' testimony in her Deposition taken on September 9, 2025. Objection to the extent this has been previously provided to Defendants in Dr. Oreskes' citations within her Expert and Rebuttal Reports and in her Materials Considered Lists. |
| 1g. | Details on the "body of documents that were provided in this case" that Professor Oreskes says were searched, analyzed or interpreted by the AI program (p. 228). If the list includes documents produced by the Defendants, please provide a list of the Productions (or Bates Numbers) used by Professor Oreskes. | RESPONSE: Objection to the Mischaracterization of Dr. Oreskes testimony. See Appendix 3 of the Naomi Oreskes' Expert Report listing Bates numbers of Additional Reliance of Materials which were previously provided when the initial Expert Report was emailed to Defendants on May 8, 2025. No confidential documents were submitted to any open-AI platform. No documents were "ingested" in this case. Additional Bates numbers are provided in the Second Materials Considered List. We reserve the right to supplement this list. |
| 1h. | All cases cited in Professor Oreskes's Rebuttal report, including a printout of the cases identified by the specific AI search terms (p. 310). | RESPONSE: Objection. Exceeds the requirements of FRCP 26(a)(2)(B). Citations to the cases relied upon are referenced in Dr. Oreskes Rebuttal Report as previously provided to Defendants on |

| | | |
|---|---|---|
| | | July 22, 2025. See the Second Additional Materials Considered List attached to this email for the electronic links to public references to cases in preparation of her Rebuttal Report. |
| 1i. | Professor Oreskes testified that she would determine if she conducted any searches of Triton Terminaling, LLC, Equilon Enterprises, LLC and Motive Enterprises, LLC (p. 238). Please confirm this occurred and provide answers to the questions. | RESPONSE: Objection to the extent this is asked and answered in the deposition of Dr. Oreskes. As a courtesy, we can confirm that there were no searches of Triton Terminaling, LLC; Equilon Enterprises, LLC; or Motiva Enterprises, LLC. |
| 1j. | Professor Oreskes also testified that she used a list of "think tanks" developed by the Royal Society (p. 239). Please provide that information relied on by Professor Oreskes. | RESPONSE: Objection. The documents referencing "Royal Society" are directly cited throughout Dr. Oreskes' Expert Report and represent the documents that she relied on as a basis for her opinions therein.<br><br>As a courtesy, we have provided the "Royal Society" list referenced by Dr. Oreskes in her deposition, p. 239. The list represents search terms that were used to filter documents within the body of Bates numbered documents as provided in the Second Additional Materials Considered List. We have further provided the names of NGO's which represent additional search terms used to filter the Bates numbered documents provided. Again, all documents relied on in Dr. Oreskes' Expert Report and Rebuttal Reports were cited therein. |
| 2. | **Billing Records for Those Assisting Professor Oreskes**.<br><br>In her deposition, Professor Oreskes indicated that various individuals assisted with the preparation of her Expert Report and Rebuttal Report (p. 317). In her deposition, Professor Oreskes said she would be "happy to provide" all billing records for any individual assisting Professor Oreskes with the research for or the drafting related to her Expert Report and her Rebuttal Report (p. 317). Professor Oreskes references Nina Elkadi (p. 47) and Dr. Kaurov (p. 47). Please confirm if Colleen | RESPONSE: A. The Paralegal referenced in Bates No. NORESKES_000002, previously provided to Defendants on September 5, 2025, is Nina Elkadi. Pages 3 and 4 of the above-referenced invoice represents her time supporting Dr. Oreskes in drafting her expert report. Please be advised that Nina Elkadi did not work on Dr. Oreskes' Rebuttal Report.<br><br>B. Colleen Lanier-Christensen did not assist in any way with either of Dr. Oreskes' Reports. |

| | | |
|---|---|---|
| | Lanier-Christensen (p. 112) assisted in any way with the Expert Report or the Rebuttal Report. If any other assistants worked on Professor Oreskes in research related to the preparation of Professor Oreskes's Expert Report, please provide those billing records. | C. See Dr. Kaurov's invoice Bates No. NORESKES_000007. |
| 3. | **Documents Related to "Presentations" to Conservation Law Foundation  Representatives Involving CLF That Addressed "Climate Change" or Similar Documents.**<br><br>In her deposition, when asked if she had completed projects for CLF, Professor Oreskes testified that she had given presentations to CLF before (p. 85). Professor Oreskes testified that she was not retained by CLF to give that presentation (p. 85), and Professor Oreskes did not receive money from CLF (p. 86). And Professor testified that she did not retain CLF as her counsel with respect to this presentation (p. 87). Professor Oreskes said that she "shared confidential" information with CLF (p. 87). Professor Oreskes testified that she believed Mr. Chris Kilian attended the presentation (p. 89).<br><br>**We request that CLF produce the information that Professor Oreskes shared with Mr. Kilian regarding climate change, climate denial or other topics in that presentation to CLF. In addition, please produce all correspondence to or from Professor Oreskes from anyone at CLF. To date, CLF has not provided Defendants any documents evidencing communications between Professor Oreskes and anyone from CLF. Defendants request that CLF produce those documents immediately. If you have produced this information, please reference the Production Number and Bates Number.** | RESPONSE: Objection. The request exceeds the requirements of FRCP Rule 26(a)(2)(B), which requires production of the facts and data considered, not the production of other documents discussing those facts or data. Objection to the extent this is in violation of the August 5, 2024 Agreement between the parties stating: ***Non-Discoverability****: Drafts of expert reports and communications between the experts, employees and consultants of Party-related entities on expert opinions or settlement-related issues, including emails, notes, and other correspondence, shall not be subject to discovery. This includes any preliminary findings or informal discussions that have occurred between experts employees or consultants of Party-related entities. See* August 5, 2024 Email from D. Henderson to K. Rumelt.<br><br>See multiple objections to this request throughout Oreskes' deposition: pg. 13, lines 5-25; pg. 85, lines 4-15; pg. 86, lines 1-25; pg. 88, lines 16-25.<br><br>To the extent the request for information or communications exchanged between CLF and Mr. Kilian is a request for production unrelated to Dr. Oreskes Expert Report, these RFPs are grossly out of time, are not relevant to the litigation, and are unduly burdensome and vague. CLF believes the reference in the deposition by Dr. Oreskes related to a single lunch talk given by Dr. Oreskes where CLF staff were present related to one of her books that in no way related to the Shell Oil Corporation or this litigation. |

Dated: September 25, 2025

Respectfully submitted,

CONSERVATION LAW FOUNDATION, Inc., by its attorneys

*/s/ Shalom D. Jacks*

Shalom D. Jacks (phv208834)*
Ridge Mazingo*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Email: rmazingo@motleyrice.com

James Y. Meinert (ct31637)
Zachary Manley (phv207600)*
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
Tel: (617) 850-1707
E-mail: jmeinert@clf.org
E-mail: zmanley@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3020
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org
Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905

Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com


Vincent Greene*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
Email: vgreene@motleyrice.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*