# Exhibit C

**From:** Douglas Henderson <dhenderson@kslaw.com>
**Sent:** Friday, September 19, 2025 3:36 PM
**To:** Jacks, Shalom <sjacks@motleyrice.com>; James Meinert <jmeinert@clf.org>
**Cc:** EXT - James Craven <jcraven@wiggin.com>; Ryan Kearney <RKearney@KSLAW.com>; EXT - Rose Jones <RJones@hilgersgraben.com>; Nicole Bass <nbass@hilgersgraben.com>; Antonio Lewis <ALewis@KSLAW.com>
**Subject:** CLF v. Equilon et al. / Follow Up on Professor Oreskes DEPOSITION and related issues

CAUTION:EXTERNAL

Re:    **Oreskes Deposition Follow-Up and Expert Report / Rebuttal Report Materials**

James and Shalom

In her deposition of Professor Oreskes last week, Professor Oreskes testified to several documents concerning the issues in this lawsuit. I am writing to follow up on those documents and renew my requests that I made on the Record. We ask that you respond to this e-mail on or before Monday, September 22, 2025 by 5:00 PM ET so we can confer in good faith.

1. **Artificial Intelligence (AI) Materials Used by Professor Oreskes in her Expert Report and Rebuttal Report**.

In her deposition, Professor Oreskes testified that **Dr. Sasha Kaurov**, an assistant/post-doctoral scholar to Professor Oreskes, completed various AI searches and analyses on documents related to this case, including documents involving Shell and the Defendants (p. 47). In her deposition, Professor Oreskes also noted that she used AI to identify the cases she cited in her Rebuttal Report (p. 310). As we noted earlier, Professor Oreskes referenced her use of AI in her Initial Expert Report dated May 1, 2025.

Specifically, Professor Oreskes testified on p. 225:

<image005.png>

And on p. 310-311 she testified.

<image006.png>

For example, Professor Oreskes noted that she searched all documents referencing "sea level rise" (p. 228)

We are renewing our request for all materials related to the AI searches/analyses referenced in Professor Oreskes' Expert Report and her Rebuttal Report. Specifically, we are requesting:

   a. Details on the specific CHAT-GPT program that was used, including provider, the specific model/version/licensing level of the program, deployment mode (cloud/on-prem) date range of use. who holds the license of that program, and the security and access controls applied to the program (Professor Oreskes said it was CHAT-GPT on a "secure" server—

      we need all identifying information on the actual AI platform used and specific details on the "secure" server).

   b. Details of the methodology including the tasks performed by the AI tool (e.g., classification, summarization, retrieval), and the general workflow by which Defendants' documents were loaded and results exported or shared with the expert.

   c. A specific list of the names and dates of all public or private documents used by Professor Oreskes or her assistants that were used in connection with the AI platform.

   d. A list of the Bates numbers of all Defendants' produced documents that were uploaded, ingested, or otherwise made available to any AI tool used in connection with Oreskes' analysis, including, if reasonably available, date/time of ingestion and any system-generated tags or classifications. referenced by Oreskes on p. 225.

   e. All AI outputs, reports, dashboards, exports, or result lists that Oreskes considered, reviewed, referenced, or relied upon in forming her opinions (whether or not ultimately cited in her report), including any lists of documents the AI identified as relating to sea-level rise, referenced by Oreskes on p. 225.

   f. Any output generated by the AI used to identify, interpret, analyze, generate information used or considered in the preparation of Professor Oreskes's Expert Report and her Rebuttal Report.

   g. Details on the "body of documents that were provided in this case" that Professor Oreskes says were searched, analyzed or interpreted by the AI program (p. 228). If the list includes documents produced by the Defendants, please provide a list of the Productions (or Bates Numbers) used by Professor Oreskes.

   h. All cases cited in Professor Oreskes's Rebuttal report, including a printout of the cases identified by the specific AI search terms (p. 310).

   i. Professor Oreskes testified that she would determine if she conducted any searches of Triton Terminaling, LLC, Equilon Enterprises, LLC and Motive Enterprises, LLC (p. 238). Please confirm this occurred and provide answers to the questions.

   j. Professor Oreskes also testified that she used a list of "think tanks" developed by the Royal Society (p. 239). Please provide that information relied on by Professor Oreskes.

Professor Oreskes testified that Dr. Kaurov is a "genius" with AI (p. 233), so this information should be easily and quickly produced by Dr. Kaurov.

**Despite our repeated requests, to date Defendants have received no electronic or paper information that provides information on the specific use of AI by Professor Oreskes as noted above. Because Professor Oreskes states she used AI to assist in generating her expert report, Plaintiff is obligated to provide that information to Defendants.**

In addition, please take reasonable steps to preserve AI workspaces, exports, and logs sufficient to identify which Defendants' documents were made available to the tool and which outputs were considered by the expert.

2. **Billing Records for Those Assisting Professor Oreskes**.

In her deposition, Professor Oreskes indicated that various individuals assisted with the preparation of her Expert Report and Rebuttal Report (p. 317). In her deposition, Professor Oreskes said she would be "happy to provide" all billing records for any individual assisting Professor Oreskes

with the research for or the drafting related to her Expert Report and her Rebuttal Report (p. 317). Professor Oreskes references Nina Elkadi (p. 47) and Dr. Kaurov (p. 47). Please confirm if Colleen Lanier-Christensen (p. 112) assisted in any way with the Expert Report or the Rebuttal Report. If any other assistants worked on Professor Oreskes in research related to the preparation of Professor Oreskes's Expert Report, please provide those billing records.

**To date, CLF has not provided Defendants with billing records for the individuals that assisted Professor Oreskes in the work related to her Expert Report and Rebuttal Report. Because Professor Oreskes states she used AI to assist in generating her expert report, Plaintiff is obligated to provide that information to Defendants.**

3. **Documents Related to "Presentations" to Conservation Law Foundation Representatives Involving CLF That Addressed "Climate Change" or Similar Documents.**

In her deposition, when asked if she had completed projects for CLF, Professor Oreskes testified that she had given presentations to CLF before (p. 85). Professor Oreskes testified that she was not retained by CLF to give that presentation (p. 85), and Professor Oreskes did not receive money from CLF (p. 86). And Professor testified that she did not retain CLF as her counsel with respect to this presentation (p. 87). Professor Oreskes said that she "shared confidential" information with CLF (p. 87). Professor Oreskes testified that she believed Mr. Chris Kilian attended the presentation (p. 89).

**We request that CLF produce the information that Professor Oreskes shared with Mr. Kilian regarding climate change, climate denial or other topics in that presentation to CLF. In addition, please produce all correspondence to or from Professor Oreskes from anyone at CLF. To date, CLF has not provided Defendants any documents evidencing communications between Professor Oreskes and anyone from CLF. Defendants request that CLF produce those documents immediately. If you have produced this information, please reference the Production Number and Bates Number.**

**Thank you.**

**Doug**

---

**Douglas Henderson**
*Partner*

T: +1 404 572 2769 | M: +1 404 372 4004 | dhenderson@kslaw.com | Bio | vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
<image007.png>
kslaw.com

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.