# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Conservation Law Foundation, Inc., | |
| Plaintiff, | Civil No. 3:21-cv-00933 (VDO) |
| v. | |
| Shell Oil Co., *et al.*, | February 17, 2026 |
| Defendants. | |

## NOTICE RE: RECUSAL ANALYSIS OF MAGISTRATE JUDGE FARRISH

Circumstances have recently arisen that have caused me to consider whether I should recuse myself from this case. Having carefully considered those circumstances and the law applicable to them, I have concluded that I should not. I am nevertheless providing this notice to counsel, so that each party may perform its own assessment.

### 1.    Factual Background

My daughter, Amanda Farrish, is a corporate lawyer in New York City. She graduated from the University of Connecticut School of Law in May, 2021. She was sworn into the Connecticut bar on November 5, 2021, and after passing the New York bar exam early the next year, she was admitted to that state's bar on June 28, 2022.

After her admission to the bar, Amanda practiced corporate law as an associate attorney at Latham & Watkins LLP in Manhattan. She represented issuers and financial institutions in a variety of capital markets transactions. She also had an active *pro bono* practice, representing asylum applicants and other immigrants in proceedings before administrative agencies, but she did not appear in any court of record while at Latham. Because she neither litigated nor had any plans

1

to do so in the future, she did not pursue admission to this Court, to the United States District Court for the Southern District of New York, or to any other federal court.

On February 13, 2026, Amanda left her position at Latham.  On February 23, 2026, she will begin work as an associate attorney in the corporate practice group at Wiggin and Dana.  She expects to work on capital markets and other transactional matters, and she does not presently expect to work on any litigation matters.  After an initial onboarding session in the firm's New Haven home office, she will work out of the Manhattan office at 437 Madison Avenue.  She will be paid a salary, and while she will be eligible for a bonus, she does not understand her bonus to be contingent upon the outcome of any litigated matter such as this one; in any event, she will not participate in the profits of the firm in the same way that its partners do.  Furthermore, I understand that the firm has screening protocols that will allow her to be screened off from this case and others that have either been assigned or referred to me.

Because Wiggin is one of the firms that represent the defendants in this case, I have considered whether I should recuse myself in light of Amanda's impending employment there. For the following reasons, I conclude that I should not.

## 2.  Analysis

Disqualification of federal judges is principally governed by 28 U.S.C. § 455.  Three provisions of that statute are potentially relevant here.  First, 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Second, 28 U.S.C. § 455(b)(5)(ii) provides that a magistrate judge "shall also disqualify himself" if "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s acting as a lawyer in the proceeding."  Third, 28 U.S.C. § 455(b)(5)(iii) states that a

magistrate judge should recuse himself if he, his spouse, or his relatives within the third degree are "known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." Each of these provisions is incorporated into Canon 3(C) of the Code of Conduct for United States Judges.

With respect to the first provision, courts have "[r]outinely" held "that a District Judge's daughter's employment [does] not provide a reasonable basis to question the judge's impartiality" under circumstances like those presented here. *Alvarez v. United States*, No. 12-20687-CIV., 2012 WL 1453572, at *2 (S.D. Fla. Apr. 26, 2012) (citing, *inter alia*, *N. Am. Co. for Life & Health Ins. v. Hoh*, 334 F. App'x 586, 589 (4th Cir. 2009)). "The test employed to determine whether recusal is required" under Section 455(a) "is an objective one." *United States v. Foley*, No. 3:18-cr-333 (VLB), 2020 WL 137227, at *5 (D. Conn. Jan. 13, 2020) (citing *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008)). "The existence of the appearance of impropriety is determined 'not by considering what a straw poll of the only partly informed man-in-the-street would show, but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." *Id.* (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988)) (brackets omitted).

Applying these principles, federal courts regularly conclude that recusal is not indicated under Section 455(a) when the judge's relative is not and will not be involved with the case, and where there is no reason to suppose that he or she will benefit financially from its outcome. *E.g., In re Gibson*, 950 F.3d 919, 927 (7th Cir. 2019) ("The fact that a relative works at a law firm representing a party is not enough. There would need to be some aggravating circumstance, and there is none here."); *N. Am. Co. for Life & Health Ins.*, 334 F. App'x at 589 (rejecting claim that District Judge should have recused herself on account of her "daughter's prospective employment

with one of the firms representing North American," because that fact did not "provide[] a reasonable basis to question the judge's impartiality"); *Southwestern Bell Tel. Co. v. Fed. Comms. Comm'n*, 153 F.3d 520, 522 (8th Cir. 1998) (citing authority for the proposition that "an employment relationship between a party and a judge's son or daughter does not per se necessitate a judge's disqualification" (internal quotation marks omitted)); *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1364-65 (8th Cir. 1996) (holding that District Judge did not commit an abuse of discretion in failing to recuse himself where his daughter had not been and would not be involved in the litigation, and was "not a partner with substantial interests in the profit margin of the firm," among other reasons); *United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463-64 (5th Cir. 1977) (holding that Section 455(a) did not apply when "the district judge's son did not actively participate in Equifax's defense," and where the son was an associate rather than a partner at the party's law firm); *Riggs v. Bell*, No. 23-00746-CV-W-BP, 2025 WL 3761541, at *2 (W.D. Mo. Oct. 31, 2025) ("[W]hether a family member's connection to a party or a law firm requires the judge's recusal depends on the extent to which the family member is involved in the case (factually or legally) or has a pecuniary interest in the outcome."); *Alvarez*, 2012 WL 1453572, at *2-3 (holding that it was not ineffective assistance of counsel for a defense attorney to fail to move for recusal of a judge whose daughter worked for the Department of Justice, because the daughter "was not at all involved in the prosecution of [the] case" and was a "salaried employee"); *Faith Temple Church v. Town of Brighton*, 348 F. Supp. 2d 18, 21 (W.D.N.Y. 2004) (concluding that Section 455(a) was not implicated where the judge's son had been offered a job "as a salaried associate with no financial stake in the outcome of the case, and with no involvement in the actual litigation of this matter"); *Nobelpharma Ab v. Implant Innovations, Inc.*, 930 F. Supp. 1241, 1266-67 (N.D. Ill. 1996) (declining to recuse because "this judge's daughter is a salary, not an equity,

4

partner at [the party's law firm], and this judge's daughter performed no work on this case and did not represent [the party] in any legal matter").

Having considered these authorities, I conclude that Section 455(a) is not implicated here. Amanda will not work on this case at Wiggin, and indeed she is not even admitted to practice in the Court in which it is pending. After her brief, initial onboarding session, she will not share an office with the Wiggin lawyer who has appeared in this case; her home office will be in New York, but Attorney Craven's principal office address is in New Haven. (*See* ECF No. 23.) I further anticipate that the firm will screen her from this case and from others that have been assigned or referred to me. Moreover, Amanda will be an associate attorney rather than an equity partner, and accordingly she will have no evident pecuniary interest in the outcome of this case. Under these circumstances, I conclude that a reasonable person who is informed of all the facts would not question my partiality.

I also conclude that the second of the three potentially-relevant provisions is not implicated—in other words, that Amanda will not be "acting as a lawyer in the proceeding" within the intendment of Section 455(b)(5)(ii). That section "requires actual participation" in the case by the judge's relative. "That the [relative's] law firm participated in the proceeding does not mean that [she] was 'acting as a lawyer in the proceeding'" for purposes of the statute. *Weinberger*, 557 F.2d at 463 (citing *SCA Servs., Inc. v. Morgan*, 557 F.2d 110 (7th Cir. 1977)); *see also Faith Temple Church*, 348 F. Supp. 2d at 19 (holding that the judge's son was not acting as a lawyer in the proceeding because "he will not be involved in this litigation"); Code of Conduct of U.S. Judges, cmt. to Canon 3C(1)(d)(ii) ("The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge.").

Finally, I conclude that the third of the three potentially-relevant provisions is not satisfied here either—that is, Amanda does not have "an interest that could be substantially affected by the outcome of the proceeding" for purposes of Section 455(b)(5)(iii). "Courts have consistently held that a judge's kin does not have an 'interest that could be substantially affected' when he or she is only an associate, as opposed to a partner, in a law firm representing a party to the action and does not actively participate in the proceeding." *Faith Temple Church*, 348 F. Supp. 2d at 19 (quoting *Cloverdale Equip. Co. v. Manitowoc Eng'g Co.*, 946 F. Supp. 1152, 1155 (E.D. Mich. 1997). As a New Jersey federal court observed, "[i]t appears to be settled that employment as an associate usually will not involve such an interest; the courts reason that a salaried attorney's income will not depend on the fortunes of the firm." *In re Mercedes-Benz Antitrust Litig.*, 226 F. Supp. 2d 552, 555 (D.N.J. 2002). In this case, I am unaware of any way in which Amanda's salary or bonus will or could be affected by the outcome of this matter.

### 3.    Conclusion

For the foregoing reasons, I have concluded after careful consideration that I should not recuse myself. *In re Drexel Burnham Lambert*, 861 F.2d at 1312 ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). I do recognize, however, that one or more of the parties may wish to make their own assessment. Any party wishing to file a motion seeking my recusal should do so by February 24, 2026. Any party wishing to bring to my attention facts that I have overlooked or about which I may be unaware may do so at any time, but should do so as soon as practicable after learning those facts. Upon receipt of any such motion or additional facts, I will consider the question of recusal anew.

So ordered this 17th day of February, 2026, at Hartford, Connecticut.


_/s/ Thomas O. Farrish_

Hon. Thomas O. Farrish
United States Magistrate Judge