**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>Defendants. | Case No: 3:21-cv-00933-VDO<br><br><br>April 28, 2026 |

**JOINT STATUS REPORT**

Pursuant to the Court's Order entered April 15, 2026 (ECF 961), Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") and Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Motiva Enterprises LLC, and Triton Terminaling LLC, (collectively "Defendants") (together "the Parties") file this joint status report regarding the good faith effort to resolve the remaining discovery disputes.

In compliance with the Court's Order (ECF 961), the Parties met and conferred for a total of four hours on April 22 (1.5 hours, involving Attorneys Jones, Bass, and Bell for Defendants and Attorneys Jacks, Meinert, and Raymond for CLF), April 23 (one hour, involving Attorneys Jones, Bass, and Bell for Defendants and Attorneys Meinert and Raymond for CLF), April 24 (one hour, involving Attorneys Jones, and Bell for Defendants and Attorneys Jacks, Meinert, and Raymond for CLF), and April 28 (30 minutes, involving Attorneys Jones, Bass, and Bell for Defendants and Attorneys Jacks, Meinert, and Raymond for CLF).  Below is a summary of the Parties' efforts to resolve the remaining discovery disputes by issue. The Parties have likely resolved the Motion to

1

Determine the Sufficiency of Defendants' Responses to CLF's Requests for Admission (ECF 926) and Defendants' Supplemental Collections and Productions. The Parties have partially resolved the issue regarding CLF's Use of AI to Review Defendants' Document Productions (ECF 936). The Parties have partially resolved CLF's challenges to confidentiality designations (as reported ECF 544) and propose use of a process agreed to in the pending Rhode Island Matter. (See RI ECF 309) The Parties are at an impasse regarding the Defendants' Privilege Log Disputes and CLF's Requests for Sanctions on its otherwise resolved discovery motions.

**A.** **CLF's Use of AI to Review Defendant's Document Productions (ECFs 473, 922, 936, 940, 941)**

The Parties have resolved their dispute regarding whether CLF's expert, Dr. Naomi Oreskes, violated the Parties' Standing Protective Order (ECF 7) through her use of AI.

The Parties have not resolved, however, their dispute concerning Defendants' request for the prompts Dr. Oreskes used in conducting her AI analysis and outputs.

**B.** **Privilege Log Disputes (ECFs 347, 348, 351, 359, 469, 476, 539, 544, 578, 589, 947)**

The Parties are currently at an impasse regarding Defendants' challenge to CLF's Revised Sixth and Seventh Privilege Logs.

**C.** **Responses to Requests for Admission (ECF 926)**

The Parties have agreed to resolve the pending dispute regarding Defendants' relevancy objections to RFAs 5-7 and 9-17 as follows. Defendants agree to move their objections from the Response to the Specific Objections and to answer RFAs 5-7 and 9-17 to resolve the issue with relevance objections CLF raised as "issue 4" in its brief. In exchange, CLF agrees to treat issue 4 and the rest of the motion as resolved. Defendants represent they will provide the newly amended responses by Monday, May 4. Because CLF has not seen the newly amended responses, CLF reserves its rights to raise issues with the amended responses and will be prepared to raise any such issues in the May 5 hearing.    With the provided reservation, this dispute is resolved.

**D.  Defendants' Confidentiality Designations (ECFs 283, 290, 294, 305, 309, 528, 533, 539, 544)**

The Parties agree to resolve the dispute over CLF's challenges to Defendants' confidentiality designations, as last reported in ECF 539 at 2–4, with Defendants providing additional substantiation for their designations and CLF withdrawing its requests except for any instances of obvious over designation or improper designation.  The Parties propose this Court adopt a process the Parties agreed to use as provided in an order from the related action in the District of Rhode Island (RI ECF 309 & clarified by text order of March 11, 2026).  The Parties have largely agreed on an adapted version of the RI Court's Order and intend to submit a proposed order with an additional provision addressing coordination on the de-designation of documents attached to dispositive motions.  The Parties believe this proposed process will achieve the same goal of the original de-designation challenges to streamline issues surrounding confidentiality and motion to seal practice before dispositive motions and trial. The Parties have been unable to resolve one issue regarding inclusion of language in the RI Order that is currently subject to a pending motion for reconsideration by CLF but have otherwise agreed to submit a proposed order on the issue before the hearing.  Any remaining issues will be raised with the Court for final ruling.

**E.  Request for Sanctions (ECFs 309 / 326-1, and ECFs  569, 592)**

CLF raised its pending Motions for Sanctions from the ECF 309 / 326-1 briefing (ruling reserved at ECF 372 at 27) and from the ECF 569 Emergency Motion to Amend the Schedule (denied without prejudice to reconsideration at a later stage in the case at ECF 582), during the meet and confer discussions. Defendants' position is that the Court's order did not contemplate the Parties meeting and conferring on, or the Court hearing, these issues at this time. CLF's position is that the pending sanctions motions are connected to discovery motions and based on conduct and facts from the discovery practice in this matter, and thus the Court did envision the Parties attempt to resolve those issues along with the outstanding discovery motions. The parties made a good faith effort to resolve the

Sanctions issues through discussion of the bases for CLF's motion for discovery sanctions, and CLF provided a requested amount of costs and fees to prepare and argue each motion.  The Parties were not able to resolve this issue.  The Parties respectfully request the Court's guidance in advance of the hearing whether the sanctions issues should be argued.

**F.  <u>Defendants' Supplemental Collections and Productions</u>**

CLF requested specific supplementation of documents by email on April 9, 2026 in response to Defendants' production of a April 1, 2026 SWPPP for the Terminal that was submitted to CT DEEP. The Parties discussed the scope of supplementation under Rule 26(e) and Defendants' agreed to supplement with respect to the following: (i) the recent Stormwater Pollution Prevention Plan ("SWPPP"), including communications with and involvement by All4; and (ii) remediation efforts, including quarterly and annual water sampling.  Accordingly, this issue likely will not come to any dispute given the negotiations over supplementation scope.

CLF requests the Court consider moving the May 5, 2026 hearing to any time on a day later in the week as attorneys prepared to argue the Oreskes issue have unmovable conflicts with the May 5 date.

Dated: April 28, 2026

Respectfully submitted,

/s/ James Y. Meinert
James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1707
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Kristine S. Tardiff (phv208957)*
Conservation Law Foundation, Inc.
27 North Main Street
Concord, NH 03301
Tel: (603) 573-9144
ktardiff@clf.org

Christopher M. Kilian (ct31122)
Anna M. Tadio (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 779-4621
E-mail: ckilian@clf.org
E-mail: atadio@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: 832-671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)
Elizabeth Smith (phv208361)*
Mimi Liu (phv208361)*
Devin Williams (phv208361)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9625

/s/ Rose J. Jones (with permission)
Rose J. Jones
Hilgers PLLC 1372
Peachtree Street, N.E. 19th
Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgerslaw.com

Antonio E. Lewis
King & Spalding, LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2551
alewis@kslaw.com

Douglas A. Henderson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
T: (404) 572-2769
dhenderson@kslaw.com

James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

Drew T. Bell (phv208721)*
KING & SPALDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2000
Email: dbell@kslaw.com

Counsel for Defendants

Tel: (202) 386-9628

Email: lsinger@motleyrice.com
Email: esmith@motleyrice.com
Email: mliu@motleyrice.com
Email: dwilliams@motleyrice.com

Michael Pendell
(ct27656) One Corporate
Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
Email: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
28 Bridgeside Blvd.
Mount Pleasant, SC
29464 Tel: (843) 216-
9620
Email: rmazingo@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903
Tel: 401 457-7730
Email: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05605
Tel: (802) 223-1112
Email: david@tarrantgillies.com

*Attorneys for Plaintiff Conservation Law Foundation, Inc.*

*Admitted as Visiting Attorney*

6