**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

CONSERVATION LAW FOUNDATION, INC.,

  *Plaintiff*,

     v.

SHELL OIL COMPANY, EQUILON
ENTERPRISES LLC D/B/A SHELL OIL
PRODUCTS US, SHELL PETROLEUM, INC.,
TRITON TERMINALING LLC, and MOTIVA
ENTERPRISES LLC,

  *Defendants*.

Civil Action No. 3:21-cv-00933-VDO

June 1, 2026

**CONSERVATION LAW FOUNDATION INC.'S EMERGENCY MOTION TO STAY
THE MAGISTRATE JUDGE'S ORDER (ECF NO. 970)
<u>PENDING RESOLUTION OF ITS RULE 72(a) OBJECTIONS</u>**

Pursuant to Federal Rule of Civil Procedure 72(a), D. Conn. L.R. 72.2, D. Conn. L.R. 7(a)(6), and the Court's inherent authority to control the disposition of the cases on its docket, Plaintiff Conservation Law Foundation, Inc. ("CLF") respectfully moves to stay Magistrate Judge Thomas O. Farrish's May 18, 2026 Order (ECF No. 970, the "Order") pending the District Court's resolution of CLF's contemporaneously filed Objections to that Order (ECF No. ___). The Order grants Defendants' Motion to Compel Production of Reliance Materials (ECF No. 941) and directs CLF to revise its discovery responses to disclose artificial-intelligence prompts and queries used by CLF's expert, Dr. Naomi Oreskes, and her team—while providing that Rule 37(b) sanctions "may then become available" to Defendants thereafter. Absent a stay, CLF will be compelled to disclose materials it contends are protected, are not available to produce, to respond to discovery requests CLF argues were never validly issued or served, and/or expose itself to sanctions, before this Court can review the Order. The Order directs CLF to provide discovery responses by June 1,

1

2026. CLF requests expedited consideration of this stay of the compliance deadline to ensure the Court has sufficient time to review the contemporaneously filed Objections. CLF has good cause for expedited consideration of this stay of the compliance deadline because the Order's 14-day compliance period overlaps completely with CLF's period to file an objection under Local Rule 72.

## LEGAL STANDARD

The filing of objections under Rule 72(a) does not, by itself, stay a Magistrate Judge's nondispositive order; absent a stay, the order remains in effect and must be obeyed. *See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989). This Court also has the inherent authority and broad discretion to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In deciding whether to grant a stay, courts in this Circuit weigh four factors: (1) the likelihood of success on the merits; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether issuance of a stay will substantially injure the other interested parties; and (4) the public interest. *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (*citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *accord Nken v. Holder*, 556 U.S. 418, 434 (2009). As to the first factor, a movant need not show a probability of success; a "substantial possibility, although less than a likelihood, of success" suffices where the balance of hardships tips decidedly in the movant's favor. *Mohammed*, 309 F.3d at 101. The factors are weighed together on a sliding scale: the stronger the showing of irreparable harm, the less that must be shown on the merits. We have also noted that the degree to which a factor must be present varies with the strength of the other factors, meaning that

" 'more of one [factor] excuses less of the other.' " *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir.2006) (quoting *Mohammed*, 309 F.3d at 101).

## ARGUMENT

### I.    CLF has a substantial likelihood of success on its Rule 72(a) Objections.

CLF's contemporaneously filed Objections demonstrate that the Order is clearly erroneous or contrary to law on multiple independent grounds, any one of which would require that it be set aside in full or in part. Fed. R. Civ. P. 72(a). That CLF has numerous independent grounds that each demonstrate clear error satisfies the "substantial possibility" standard for a stay. As argued fully in CLF's Objections, the Order is clearly erroneous or contrary to law for the following reasons:

### A.  The Order exceeds the scope of expert discovery.

The Order compels production of AI "prompts" that were used only to cull a large document universe and were never "considered by the witness in forming" her opinions within the meaning of Fed. R. Civ. P. 26(a)(2)(B)(ii). Materials an expert did not consider lie beyond the Rule. *See In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 470 (S.D.N.Y. 2016).

### B.  A court cannot compel what does not exist.

CLF has confirmed repeatedly and in good faith—including through the sworn declaration of Dr. Kaurov—that no prompt or output logs were preserved or exist in any form. A producing party's good-faith averment of nonexistence resolves a production dispute. *Menard v. Chrysler Grp. LLC*, No. 14 CV 6325 (VB), 2015 WL 5472724, at *3 (S.D.N.Y. July 2, 2015) (quoting *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978)).

### C.  Defendants failed to carry their threshold burden.

The movant on a motion to compel bears the initial burden of showing the material is relevant and exists within the responding party's control. *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012). Defendants offered only the argument of counsel, which is not evidence. *Roche v. Garland*, No. 20-1537, 2022 WL 14177187, at *2 (2d Cir. Oct. 25, 2022).

### D.  The Order is procedurally improper.

The Order compels responses to Rule 33 interrogatories and Rule 34 requests for production that were never formally served; informal email requests cannot be enforced through Rule 37. *Wells Fargo Bank, N.A. Tr. v. Konover*, No. 3:05CV1924(CFD)(WIG), 2010 WL 11561491, at *4 (D. Conn. June 22, 2010); *Schwartz v. Mktg. Publ'g Co.*, 153 F.R.D. 16, 21 & n.12 (D. Conn. 1994). In any event, Rules 33 and 34 are not the proper vehicle for expert discovery. *Wynne v. Town of E. Hartford*, No. 3:20CV1834(JCH), 2023 WL 1272892, at *2 & n.1 (D. Conn. Jan. 31, 2023). Defendant has already sought separate relief in its *Daubert* motion based on the purported absence of the information at issue. *See* Defs. Mot. to Preclude Dr. Oreskes, ECF 741.

### E.  The Rule 29 stipulation shields the prompts.

The Parties' Rule 29 stipulation contracts around the Rule 26 default by limiting the expert discovery available, including by shielding the expert-report drafting process—drafts, communications, notes, and preliminary discussions among Party-related experts and consultants—from discovery, which encompasses the prompts at issue.

### F.  First impression, and the Order's sole authority is inapposite.

No federal court has held that an expert's AI prompts are discoverable as "facts or data considered" under Rule 26(a)(2)(B)(ii). The Order relied on *Macchia v. ADP*, 711 F. Supp. 3d 162

(E.D.N.Y. 2024), which is a decision that did not involve AI prompts or the scope of expert discovery, and is distinguishable in every material respect. Defendants' motion was also untimely and impermissibly overlaps with the pending *Daubert* briefing.

Each ground independently establishes a substantial likelihood that the Objections will be sustained.

## II.     CLF will suffer irreparable harm absent a stay.

If no stay issues, CLF must comply with the Order before the District Court can rule—and compliance is irreversible. Compelled disclosure of materials that do not exist opens CLF up to the Magistrate Judge's Order's expressly authorized Rule 37(b) sanctions unnecessarily. Even if the materials requested did exist (they do not), CLF is protected by the Rule 29 stipulation and discovery falls outside of what is required for expert discovery under Rule 26(a)(2)(B)(ii). Requiring compliance now would moot the very questions presented to the District Court—the paradigm of irreparable harm—and would do so on an issue of first impression that warrants orderly review before any irrevocable disclosure.

## III.     A stay will not injure or prejudice Defendants.

A stay would preserve the status quo only until the District Court resolves the Objections. Defendants already possess the culled set of documents reviewed by Dr. Oreskes and all of the search terms Dr. Oreskes used, and they have deposed Dr. Oreskes at length about her methodology. Defendants identified no concrete prejudice from the purported withholding of discovery. At the Final Discovery Hearing, Defendants identified their only need for this information was to better cross-examine Dr. Oreskes at trial. Hr'g. Tr. at 24. Any remaining need can be addressed once the District Court rules on the contemporaneously filed Objection to the Magistrate Judge's Order (ECF 970).

**IV.    The public interest favors a stay.**

The public interest lies in the orderly resolution of this discovery dispute through Rule 72(a) review and in preventing the irreversible disclosure of contested expert materials—on a novel question no court has previously resolved—before the District Court has had the opportunity to rule. No public interest is served by compelling immediate compliance. The public interest supports preserving the orderly operation of Rule 72(a) review.

## **CONCLUSION**

For the aforementioned reasons, CLF respectfully requests that this Court grant the Motion to Stay pending review of CLF's Objections to the Magistrate Judge's Order (ECF 970).

Dated: June 1, 2026

Respectfully submitted,

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ Shalom Jacks*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9013
E-mail: sjacks@motleyrice.com

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Kristine S. Tardiff (phv208957)*
Conservation Law Foundation, Inc.
27 North Main Street
Concord, NH 03301
Tel: (603) 573-9144

6

ktardiff@clf.org

Christopher M. Kilian (ct31122)
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004

7

Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
E-mail: rmazingo@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff
Conservation Law Foundation, Inc.*
*Admitted as Visiting Attorney*

8