# EXHIBIT

# A

Case: 3:21-cv-00933-VDO

**Jacks, Shalom**

---

| | |
|---|---|
| **From:** | Williams, Devin |
| **Sent:** | Thursday, August 7, 2025 5:34 PM |
| **To:** | Ryan Kearney; Douglas Henderson; Carmen Toledo; Sydney Weiss; rjones@hilgergraben.com; Nicole Bass; EXT - James Craven |
| **Cc:** | Singer, Linda; Greene, Vincent; krumelt; James Meinert; Pendell, Michael J.; Jacks, Shalom; Smith, Elizabeth; Jenna Settino |
| **Subject:** | RE: CLF v Shell (CT) – Materials Cited and AI Tools Relied Upon in Oreskes Report |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

As noted previously, CLF maintains that the materials and information requested are not within the ambit of reliance materials subject to production. Nevertheless, in good faith, CLF once again inquired with Professor Oreskes and has learned the following:

1. The AI program used by Professor Oreskes did not generate any reports or print outs. The AI was merely used to sift through results. All conclusions were written after manually reviewing the documents sorted by the AI program. As such, no experimental prompts were stored. In addition, we can confirm that no confidential documents were submitted to any open-AI platform. Dr. Oreskes will certainly be available at her deposition for questioning on this issue but, simply put, there is nothing to produce or provide.

2. Moreover, as previously explained, your understanding of "archival documents" noted in Professor Oreskes report is incorrect. It is not reasonable to expect Professor Oreskes to produce every document she may have consulted in gaining her expertise over a 20-year career.

Finally, I would address the purported urgency of defendants' requests. CLF notes that Defendants received Professor Oreskes' report on May 1, 2025: 14 weeks ago. That Defendants have waited until now to convey their requests belly any actual serious need for the albeit unavailable and non-existent materials.

Best,
Devin Williams



**Devin Williams**
Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9628 **c.** 202.924.6739 **f.** 202.232.5513
dwilliams@motleyrice.com

---

**From:** Williams, Devin
**Sent:** Wednesday, August 6, 2025 8:00 PM
**To:** Ryan Kearney <RKearney@KSLAW.com>; Douglas Henderson <dhenderson@kslaw.com>; Carmen Toledo <CToledo@KSLAW.com>; Sydney Weiss <SWeiss@kslaw.com>; rjones@hilgergraben.com; Nicole Bass <nbass@hilgersgraben.com>; EXT - James Craven <jcraven@wiggin.com>
**Cc:** Singer, Linda <lsinger@motleyrice.com>; Greene, Vincent <vgreene@motleyrice.com>; krumelt <krumelt@clf.org>; James Meinert <jmeinert@clf.org>; Pendell, Michael J. <mpendell@motleyrice.com>; Jacks, Shalom

<sjacks@motleyrice.com>; Smith, Elizabeth <esmith@motleyrice.com>; Jenna Settino <jsettino@clf.org>
**Subject:** RE: CLF v Shell (CT) - Materials Cited and AI Tools Relied Upon in Oreskes Report

Ryan,

We do not believe that, in either case, the materials you seek are within the ambit of reliance materials subject to production. Nevertheless, we will address your follow up inquires with Professor Oreskes immediately and will respond to you substantively subsequent to her response.

Best,
Devin

**From:** Ryan Kearney <RKearney@KSLAW.com>
**Sent:** Wednesday, August 6, 2025 5:56 PM
**To:** Williams, Devin <dwilliams@motleyrice.com>; Douglas Henderson <dhenderson@kslaw.com>; Carmen Toledo <CToledo@KSLAW.com>; Sydney Weiss <SWeiss@kslaw.com>; rjones@hilgergraben.com; Nicole Bass <nbass@hilgersgraben.com>; EXT - James Craven <jcraven@wiggin.com>
**Cc:** Singer, Linda <lsinger@motleyrice.com>; Greene, Vincent <vgreene@motleyrice.com>; krumelt <krumelt@clf.org>; James Meinert <jmeinert@clf.org>; Pendell, Michael J. <mpendell@motleyrice.com>; Jacks, Shalom <sjacks@motleyrice.com>; Smith, Elizabeth <esmith@motleyrice.com>; Jenna Settino <jsettino@clf.org>
**Subject:** RE: CLF v Shell (CT) - Materials Cited and AI Tools Relied Upon in Oreskes Report

CAUTION:EXTERNAL

Devin,

Professor Oreskes's report specifically states that she reviewed "archival materials" in preparing her report, including "many of which are not available online." The report makes clear that Professor Oreskes "consulted" and "relied on" these materials in forming her opinions and preparing her report for this case. Defendants are entitled to obtain those documents. Neither Professor Oreskes's report nor Plaintiff's response below identifies any of these documents, which is insufficient to satisfy Plaintiff's production obligation.

Regarding Professor Oreskes's use of artificial intelligence, Defendants again request production of all "searches" or "prompts" submitted by Professor Oreskes to the AI engine/ software, and a copy of all reports, printouts or productions generated as a result of those searches or prompts.

Plaintiff's response below makes the following clear:

1. Professor Oreskes used certain "keywords" in her AI searches across various categories of documents. Neither those keywords, nor the set of documents that were searched using the keywords, has not been identified by Plaintiff or produced to Defendants.
2. Professor Oreskes used a "proprietary list" of "think tank mentions" to analyze the documents. That "proprietary list" has not been provided to Defendants.
3. Professor Oreskes's AI searches ultimately produced a "subset of documents" that Professor Oreskes then reviewed. Plaintiff has not identified that subset of documents or produced them to Defendants.

The history of Professor Oreskes's AI searches and associated results from the AI engine should be available and easy to produce.  Defendants request that Plaintiff immediately advise whether the history of those searches and results remain available, and whether Plaintiff agrees to produce same.

Defendants also request Plaintiff to confirm that Professor Oreskes did not submit any confidential materials produced in this case through any open-AI platform that would violate Plaintiff's and Professor Oreskes's obligations under the Standing Protective Order.

As set forth herein, and in Defendants' e-mail dated August 4, 2025, Defendants are entitled to obtain these materials and would be prejudiced in their preparation to depose Professor Oreskes if they are not timely produced.  **To that end, please provide Plaintiff's availability for a meet & confer on these issues tomorrow or Friday, in effort to resolve this dispute before Defendants would be compelled to seek unnecessary Court intervention.**

Sincerely,

**Ryan Kearney**
*Senior Associate*

T: +1 404 572 4656 | rkearney@kslaw.com | Bio | vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309



kslaw.com

**From:** Williams, Devin <dwilliams@motleyrice.com>
**Sent:** Wednesday, August 6, 2025 11:21 AM
**To:** Ryan Kearney <RKearney@KSLAW.com>; Douglas Henderson <dhenderson@kslaw.com>; Carmen Toledo <CToledo@KSLAW.com>; Sydney Weiss <SWeiss@kslaw.com>; rjones@hilgergraben.com; Nicole Bass <nbass@hilgersgraben.com>; EXT - James Craven <jcraven@wiggin.com>
**Cc:** lsinger <lsinger@motleyrice.com>; vgreene <vgreene@motleyrice.com>; krumelt <krumelt@clf.org>; James Meinert <jmeinert@clf.org>; mpendell <mpendell@motleyrice.com>; sjacks <sjacks@motleyrice.com>; esmith <esmith@motleyrice.com>; Jenna Settino <jsettino@clf.org>
**Subject:** CLF v Shell (CT) - Materials Cited and AI Tools Relied Upon in Oreskes Report

CAUTION: MAIL FROM OUTSIDE THE FIRM

Counsel,

The archival materials referenced in Professor Oreskes report refer to materials over her 20 years of experience, much of which is specifically referenced in her public works contained in her CV. Professor Oreskes does not have

copies of every document that she has reviewed over her 20 years in the field and as such CLF will not be producing them.

Regarding the artificial intelligence tools that Professor Oreskes used, CLF responds as follows:

### *Analysis of Sea Level Rise and Related Keywords*

Professor Oreskes conducted a keyword-based analysis of references to sea level rise and related terms across IPCC reports (aggregate reports and working group materials). These documents were sourced from both the archive.ipcc.ch site (for historical reports) and ipcc.ch (for more recent materials). The analysis relied on simple keyword matching, while also allowing for minor deviations due to OCR (Optical Character Recognition) errors. OCR refers to the process of converting scanned images of text into machine-readable characters and can occasionally introduce one- or two-character misspellings or recognition errors in scanned documents. The search approach accounted for these minor variations in spelling to ensure robustness.

For Shell-related materials, the keyword analysis was conducted on the full set of Shell documents provided through litigation. This set was not pre-filtered or curated, ensuring that the analysis was performed on the complete collection as received.

### *Analysis of Think Tank Mentions*

To analyze think tank mentions, Professor Oreskes used a proprietary list compiled from both internally known and externally established sources. The same keyword-based approach was applied to the entire unfiltered corpus of Shell documents. To refine the results, Professor Oreskes used a large language model OpenAI's GPT-4o, accessed through Microsoft Azure services via the secure Azure API (Application Programming Interface). This allowed her to filter out documents where think tanks were mentioned only in passing (e.g., in external newsletters or other non-substantive contexts), and to focus on documents with internal Shell relevance or meaningful context.

After AI-based filtering, Professor Oreskes manually reviewed the resulting subset of documents. This two-stage approach—AI filtering followed by human verification—was designed to completely exclude the risk of AI 'hallucination'. In the worst-case scenario, relevant documents may have been inadvertently excluded, which would weaken rather than overstate our findings. Not every think tank from the database was found in the corpus, but several were, and the Bates numbers of the resulting, verified documents are already provided in the original report.

For both searches, Professor Oreskes did not rely on searches or AI for analysis of any document. All documents that were identified through these techniques were then read.

Best,
Devin Williams



**Devin Williams**
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9628 **c.** 202.924.6739 **f.** 202.232.5513
dwilliams@motleyrice.com

Confidential & Privileged

4

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.