**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> *Plaintiff*, <br> v. <br><br> SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00933-VDO <br><br><br> June 24, 2026 |

**CONSERVATION LAW FOUNDATION INC.'S REPLY TO DEFENDANTS'
OPPOSITION TO CONSERVATION LAW FOUNDATION INC.'S EMERGENCY
MOTION TO STAY THE MAGISTRATE JUDGE'S ORDER (ECF NO. 970)
PENDING RESOLUTION OF ITS RULE 72(a) OBJECTIONS**

## I.     INTRODUCTION

Conservation Law Foundation ("CLF") submits this reply to correct the legal and factual mischaracterizations and omissions in Defendants' Opposition to CLF's Emergency Motion to Stay the Magistrate Judge's Order (ECF No. 970) Pending Resolution of its Rule 72(a) Objections (ECF 979) ("Defendants' Opposition" or "Opp."). For the reasons set forth in CLF's Motion to Stay (ECF 974) and CLF's Objections to the Magistrate Judge's Order (ECF 976) ("CLF's Objection"), the Court should maintain and uphold its June 3, 2026 Order (ECF 977) staying the Magistrate Judge's Order (ECF 970), and reject Defendants' Opposition in its entirety.

Defendants' Opposition mischaracterizes and misstates facts regarding Dr. Oreskes' expert report, deposition testimony, and the Parties' discussions, representations, and positions. As early as May 2025, Defendants were aware that Dr. Oreskes' used artificial intelligence ("AI") to assist in reviewing Defendants' production of litigation documents, as it is fully disclosed in her report.

1

*See* ECF 741-2 at 76–77. As early as August 2025, Defendants were aware the AI tool used was OpenAI's GPT-4o accessed through Microsoft Azure API. Defendants fully knew the AI tool and the set of documents the tool was used upon going into the September 2025 deposition of Dr. Oreskes, yet Defendants claimed thereafter that they were owed new and additional information, and have periodically reanimated this dispute making it drag on for more than a year with altered and re-casted requests, evidencing a broader fishing expedition as detailed in CLF's Letter Brief (ECF 940). That course of conduct is not consistent with a party genuinely seeking discoverable methodology materials in good faith; it is gamesmanship designed to manufacture a discovery dispute and then use it to discredit CLF and Dr. Oreskes, ultimately before a jury. Defendants' Opposition uses these misrepresentations to claim that CLF has waived arguments, will not succeed on the merits, will not suffer harm, and should be ordered to comply with the Magistrate Judge's ruling while its Motion to Stay and Objections are pending district court review. For the reasons provided in CLF's Motion to Stay and below, the Court should maintain its stay and should not reward Defendants' self-created urgency by dissolving the stay the Court has already granted.

II.     ARGUMENT

A. **Defendants Have Not Carried Their Threshold Burden of Proof for the Discovery Sought and CLF's Objections Are Not Waived.**

Defendants argue that CLF has waived its threshold burden of proof argument regarding the relevance and existence of the discovery material sought by failing to raise it specifically during the Final Discovery Hearing before the Magistrate Judge (the "Hearing"). Opp. at 6, 9. Defendants' contention is both purely semantic and misleading. As more fulsomely explained in CLF's Objection and reflected throughout the record of this discovery dispute, Defendants have repeatedly mischaracterized the AI tool Dr. Oreskes used by comparing it to OpenAI's ChatGPT consumer chatbot generative AI product and speculating about how it functioned. *See* ECF 941 at

6-7; Hr'g Tr., ECF 975-3, at 19-20. CLF objected to those mischaracterizations and speculation numerous times in its written responses and at the Hearing. *See* ECF 940; Hr'g Tr., ECF 975-3, at 27–28, 31. But ultimately and erroneously, in the Order, the Magistrate Judge ruled that "the defendants have an evidence-backed reason for doubting CLF's representation [that the discovery does not exist], because Dr. Oreskes' assistant Dr. Alexander Kaurov, referenced 'prompt[s]' in his declaration." ECF 970 (alteration in original). But, the Magistrate Judge omitted the remainder of Dr. Kaurov's statement in his declaration "I did not export or preserve a complete native 'prompt/output log' as standalone files on my personal systems or in a cloud environment." ECF 941-4 at 3. Dr. Kaurov's Declaration confirms that the requested discovery does not exist as is consistent with what CLF has represented since the beginning of this dispute in August 2025. *Id.* That Declaration, together with CLF's repeated written responses and oral argument at the Hearing that nothing further exists to produce, should have ended the inquiry because a producing party's good-faith averment of nonexistence resolves a production dispute. *Menard v. Chrysler Grp., LLC*, No. 14CV6325(VB), 2015 WL 5472724 at *3 (S.D.N.Y. July 2, 2015) (quoting *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978)).

**B. CLF Preserved Its Procedural Objections to the Discovery Requests for District Court Review.**

Defendants argue that CLF raised "new" procedural objections, that the discovery requests were improper, in its Motion to Stay and thereby waived district court review. *See* Opp. at 10. Not so. Under the Magistrate Judge's Orders (ECF Nos. 473 and 936), the Parties submitted simultaneous letter briefs addressing their dispute over Dr. Oreskes' use of AI to categorize and sort documents for her expert report. In its letter brief, CLF expressly raised the issue: "It remains unclear what legal basis Defendants are using to seek this information. To the extent that Defendants' Motion uses the requests in the Notice of Deposition or consider any of their emailed

requests as Interrogatories or Request for Production, CLF request the Court sustain CLF's objections or otherwise quash the requests." ECF 940 at 6. That statement made clear that Defendants had served no formal Interrogatories or Requests for Production, only email requests. *Id.* Because CLF preserved the issue in the record, it was not required to repeat the objection at the Final Discovery Hearing ("Hearing"). In any event, the Magistrate Judge confirmed that he had reviewed the record, which included CLF's letter brief, before the Hearing. *See* Hr'g Tr., ECF 975-3, at 9:2–3 ("I've read every word that was put before me.").

Defendants rely on *Murphy v. Maggs* for the proposition that informal email requests may be enforced through an order compelling production. Opp. at 11–12; *see Murphy v. Maggs*, No. 18-CV-6628FPG, 2024 WL 884992 at *2 (W.D.N.Y. Mar. 1, 2024). But in *Murphy*, the court granted the motion to compel without a formal Rule 34 request because the discovery request was clear and the producing party had "consistently indicated that he was willing to comply with Moving Defendants' requests." *Id.* at *3. CLF did the opposite: it consistently objected to Defendants' informal email requests and expressly conditioned its responses as a "courtesy." ECF 941-1; *see also* ECF 940 at 5. Defendants' shifting requests, followed by weeks of silence after CLF responded, also obscured what remained at issue and what specific documents Defendants sought, particularly because, as of August 7, Defendants knew that "the AI program…did not generate any reports or print outs" and that "no experimental prompts were stored" because "[t]he AI was merely used to sift through results." *See* ECF 940 at 3. CLF's courtesy responses did not eliminate Defendants' obligation to serve a formal Request for Production and to seek any attendant leave needed if at a limit or out of time for the request. *See e.g. Schneider on behalf of A.T. v. City of Buffalo*, No. 18-CV-1431V(SR), 2021 WL 5042502 at *4 (W.D.N.Y. Oct. 29, 2021). Defendants' Motion to Compel illustrates why informal document requests should not be enforced

under Fed. R. Civ. P. 37 where the "scope of the request was unclear [] and it was not clear that the request was one to which the [CLF] [was] required to make a formal response or objection." *Wells Fargo Bank, N.A. Tr. v. Konover*, No. 3:05cv1924(CFD)(WIG), 2010 WL 11561491 at *6 (D. Conn. June 22, 2010); *see id.* at *5 ("To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery."). Against this backdrop, Defendants' waiver arguments are particularly prejudicial given the lack of formality in their shifting email requests and the simultaneous letter briefing that required CLF to oppose arguments without reading the moving motion. The Court should find CLF did preserve its objections and argument regarding the form of the discovery requests and reject Defendants' attempt to raise procedural issues to obscure their own procedural deficiencies.

### C.  CLF Did Not Waive Its Challenge to *Macchia* or Its First Impression Posture.

Defendants argue that CLF waived its challenges to the sole authority on which the Magistrate Judge relied, *Macchia*, and to the first-impression nature of this dispute because CLF did not raise those arguments at the Hearing. Opp. at 6, 14-15; *Macchia v. ADP, Inc.*, 711 F. Supp. 3d 162 (E.D.N.Y. 2024). As an initial matter, CLF could not have anticipated the authority the Magistrate Judge would cite, and CLF properly distinguished *Macchia* in its Objection. Furthermore, neither CLF nor Defendants have identified authority holding that an expert witness' AI prompts, queries, system instructions, or chat logs are discoverable as "facts or data considered" under Rule 26(a)(2)(B)(ii), particularly where a Rule 29 non-discovery stipulation covering drafts, notes, and preliminary findings exists. *See* ECF 975-2. The "first impression" posture speaks for itself and does not change why *Macchia* is inapposite. *Macchia* did not involve AI prompts. *See Macchia*, 711 F. Supp. 3d 162 (E.D.N.Y. 2024). It involved search terms used to identify allegedly relevant job advertisements from billions of ads collected by an undisclosed expert vendor

regularly updated from 65,000 online sources. *Id.* at 166–67. This case is materially different: both parties already have the litigation documents and search terms, and Defendants can therefore run their own searches to determine which of their own documents they have already reviewed during production mention any of the disclosed search terms. Accordingly, *Macchia* provides no basis here to compel production of non-existent AI prompts.

### D. Defendants' Footnote Insinuation That AI May Have "Drafted" Dr. Oreskes' Report Is Baseless, Inflammatory, and Should Be Disregarded.

In a footnote, Defendants state that "it is unclear what role AI may have had in drafting Dr. Oreskes' Report" because the Report once referred to "President Kennedy" concerning PL 85-510 which was enacted in July 1958 when Dwight Eisenhower held that office. Opp. at 8 n.3. That insinuation is baseless, inflammatory, and should be disregarded.

First, the underlying source has since been corrected by Dr. Oreskes. *See* Naomi Oreskes, Colleen Lanier-Christensen, Hannah Conway & R. Ashton Macfarlane, *Climate Change and the Clean Air Act of 1970 Part I: The Scientific Basis*, 50 Ecology L.Q. 811, at 829 (2023) (noting President Eisenhower approved PL 85-510).

Second, a single misattributed presidential reference in a lengthy historical report is not a material error, let alone evidence of AI authorship. Defendants identify none of the hallmark indicia of AI-generated text: no hallucinated citations, no fabricated sources of the kind that has drawn judicial sanction in other cases. *See, e.g.*, *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023) (sanctioning attorneys for submitting a brief citing fabricated, AI-hallucinated case law). A solitary slip of the sort any human author can make[1] while contextualizing decades

---

[1] Defendants' experts are not immune from immaterial mistakes in their expert reports. See, for example, Dr. French-McCay's expert report, ECF 718, Appendix B, 7.1 (ECF 717, French-McCay Dep. at 87:15–88:1-11).

of historical material does not support the inference Defendants ask the Court to draw, and Defendants offer nothing beyond speculation to support it.

Finally, Footnote 3 reflects a broader pattern: rather than substantively engaging with Dr. Oreskes' opinions regarding Defendants' own internal documents reflecting their knowledge of climate change risks, Defendants resort to unsupported insinuation to distract from that record. The Court should decline to credit it.

### E. CLF Will Suffer Irreparable Harm Absent a Continued Stay, While Defendants Identify No Cognizable Harm From a Brief Continuance.

Defendants contend CLF cannot show irreparable harm because compliance with a discovery order is an ordinary litigation burden. Opp. at 15–17 (citing *Nken v. Holder*, 556 U.S. 419 (2009)). That framing mischaracterizes CLF's position. CLF's harm is not the burden of complying with a discovery order it can satisfy; its harm is being forced to submit a sworn response of a diligent search for materials CLF has already represented, through un-rebutted declaration testimony, do not exist, while facing Rule 37(b) sanctions or an adverse-inference instruction premised on a response Defendants will not accept regardless of its content. Defendants have already requested such relief from the Court. *See* ECF 941 at 5-6 ("[S]anctions are the only way to cure the prejudice suffered by Defendants."). "Defendants seek sanctions to include their fees and costs in pursuing this dispute, an adverse jury instruction regarding Dr. Oreskes's lack of support for associated opinion." *Id.* This is not speculative harm and thus the stay should be upheld.

### F.  CLF's Emergency Posture Is Justified.

Defendants' suggestion that there is "no emergency" because CLF purportedly delayed to seek a stay, Opp. at 2–3, is likewise unsupported by the record and, in any event, already resolved by the Court's own action. "A request for a stay of discovery is treated as a request for protective order under Rule 26(c)." *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-cv-1765(CSH),

2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018). Rule 26(c) authorizes district courts, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(b)(1). Provided that the movant demonstrates good cause, "'a district court has considerable discretion to stay discovery' pursuant to Rule 26(c)." *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-cv-509(VLB), 2014 WL 3895923, at *2 (D. Conn. Aug. 8, 2014) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). The Order (ECF 970) compels production of discovery that is not discoverable under the Federal Rules or the Parties' Rule 29 Stipulation, for the reasons fully articulated in CLF's Objection (ECF 975). Defendants' characterization of this dispute as merely a question of whether CLF "failed to preserve discovery," Opp. at 8–9, understates what is actually at stake. The harm is also the immediate and ongoing reputational harm to CLF and to Dr. Oreskes that flows from public characterization of this dispute as a failure to preserve or produce evidence. That harm is not speculative given the level of public attention this particular discovery issue has already generated. *See, e.g.*, Brian Steele, *Expert's AI 'Prompts' Discoverable In Shell Enviro Suit*, Law360 (May 18, 2026); Melissa Weberman and L. Michel Marchand, *Court Rules Expert's AI Prompts Are Fair Game Under Rule 26*, Arnoldporter.com (May 19, 2026); Gina Kim, *Shell Says Enviro Group Can't Delay Handing Over AI Prompts*, Law360 (June 11, 2026). This litigation, and Dr. Oreskes' use of AI in particular, has already drawn sustained coverage in the legal trade press and on law firm analysis blogs characterizing the dispute in terms directly adopted from the Parties' own filings. Continued public characterization of CLF and its testifying expert concerning this dispute, while the underlying legal question remains unresolved, causes harm to professional reputation that cannot be undone by a later, favorable ruling on CLF's Objection.

### G. The Rule 29 Stipulation Shields Dr. Oreskes' Preliminary AI-Assisted Process, and *In re Mirena* Does Not Hold Otherwise.

Defendants argue that the Rule 29 Stipulation cannot cover AI prompts because the Stipulation protects "communications between experts, employees and consultants," which "treating a software tool as though it were a human participant in this litigation." Opp. at 13. That argument elevates form over the Stipulation's evident purpose and mischaracterizes the facts. The Stipulation's catch-all language reaches "any preliminary findings or informal discussions," and AI prompts or search terms that Dr. Oreskes used to cull and filter documents before her manual review, comprise informal discussions or communications between an expert witness and her employee which are explicitly protected by the Stipulation. *See* ECF 975-2.

Defendants' presentation of *In re Mirena IUD Products Liability Litigation*, 169 F. Supp. 3d 396 (S.D.N.Y. 2016), is similarly misleading. *See* Opp. at 7–8. CLF stands by its argument that *Mirena*'s "objective test" does not include the expert's AI prompts or search terms that were simply used to narrow a large set of documents to a set manageable for review and as such, were not themselves considered in forming the expert witness' opinions. ECF 975 at 5.

### H. The Balance of Hardships and the Public Interest Favor Maintaining the Stay.

Defendants identify no concrete prejudice from maintaining the stay pending resolution of CLF's Objection. Opp. at 17–18. Any prejudice from continuing the existing stay is outweighed by the harm to CLF from complying with an order it is actively and properly challenging.

Nor does the public interest favor Defendants. Defendants invoke *United States v. Heppner*, 820 F.Supp.3d 292, 299 (S.D.N.Y. 2026), to argue that AI's novelty does not exempt it from settled discovery principles. Opp. at 14. CLF agrees with the general proposition, but that principle favors careful application of those settled discovery principles to a novel record, not immediate enforcement before a district court's review under the clearly erroneous or contrary-to-

law standard is complete. The stay factors are not exclusive, and courts may consider the broader "circumstances and posture of each case." *Alford v. City of N.Y.*, No. CV 2011-622(ERK)(MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012). The public interest is served by a well-reasoned resolution of how Rule 26 applies to AI prompts that were used for expert research to simply reduce the body of litigation documents (in the possession of each party) to those relevant to certain search terms, like "sea-level rise."

That public interest extends beyond this case. Courts are currently examining how AI fits within existing legal frameworks. The Court's ruling on whether and how Rule 26 reaches an expert's AI prompts and what to do if an AI system does not retain prompt histories, will affect how experts use AI tools to review voluminous discovery and may influence whether those tools can reduce litigation costs and burdens. "Courts have emphasized that experts can use 'AI for research purposes' given its 'potential to revolutionize legal practice for the better.'" *Ferlito v. Harbor Freight Tools USA, Inc.*, No. 20-6515(GRB)(SIL), 2025 WL 1181699, at *4 (E.D.N.Y. Apr. 23, 2025) (quoting *Kohls v. Ellison*, No. 24-cv-3754(LMP/DLM), 2025 WL 66514, at *5 (D. Minn. Jan. 10, 2025)). Lifting the stay now risks creating a needlessly burdensome approach to expert discovery and discouraging responsible AI use before district court review is complete. The public interest favors deliberate review.

## III.   CONCLUSION

For the aforementioned reasons, CLF respectfully requests that the Court uphold its Order granting CLF's Motion to Stay (ECF 977) pending review of CLF's Motion to Stay (ECF No. 974) and CLF's Objection (ECF No. 976), and deny Defendants' Opposition in its entirety.


Dated: June 24, 2026                                              Respectfully submitted,


10

CONSERVATION LAW
FOUNDATION, Inc., by its attorneys

*/s/ Shalom Jacks*

Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9013
E-mail: sjacks@motleyrice.com

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Kristine S. Tardiff (phv208957)*
Conservation Law Foundation, Inc.
27 North Main Street
Concord, NH 03301
Tel: (603) 573-9144
ktardiff@clf.org

Christopher M. Kilian (ct31122)
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

11

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620

E-mail: rmazingo@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
*\*Admitted as Visiting Attorney*