King & Spalding

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

August 25, 2026

Hon. Judge Vernon D. Oliver
United States Courthouse, U.S. District Court, District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Dear Judge Oliver:

Defendants Equilon Enterprises, LLC and Triton Terminaling LLC submit this amended letter setting out the arguments they anticipate asserting in their Motion for Summary Judgment on all of Plaintiff's claims. *See* Aug. 10, 2026 Order [ECF 989]. Despite years of litigation and protracted discovery including multiple site visits, the undisputed evidence is that Plaintiff cannot identify any discharges or exceedances in violation of the 2019 Stormwater Permit at issue in this case. Since the suit was filed, CT DEEP has reissued the Terminal's permit multiple times and has not found any violations. Similarly, EPA inspected the Terminal and found it to be fully in compliance. Moreover, Plaintiff has no evidence or expert to rebut Defendants' evidence that the Terminal's ballasting practices (in compliance with EPA best practices) will ensure that no tank will fail (and no discharge will ensue), even if Plaintiff's theoretical storm events occur. Summary judgment is warranted on all claims for the following reasons:

**I. The Court should dismiss Counts I-IX.** Counts I-IX assert claims based on alleged violations of the Clean Water Act due to Defendants' supposed failure to consider "climate change" in their operation of the Terminal and to modify the Terminal to protect against effects of "climate change." **First**, the 2019 Permit did not expressly require consideration of the "climate change" conditions Plaintiff describes at length in the Amended Complaint. Instead, Plaintiff argues that the Permit implied such an analysis in Section 5(b)'s requirement that Defendants implement Best Management Practices ("BMPs") that are "technologically available and economically practicable and achievable in light of best industry practice." CT DEEP never found Defendants violated the 2019 Permit during its effective period, from 2019-2021.

CT DEEP replaced the 2019 Permit in 2021 and again in 2025, never finding that Defendants violated Section 5(b). CT DEEP's 2025 Stormwater Permit (the "New Permit") includes requirements related to "climate change" for the first time. CT DEEP granted permittees six months to meet the new resiliency requirements. This supports that the 2019 Permit never required the "climate change" analysis Plaintiff claims. Other evidence also establishes this. Given constitutional notice requirements, Plaintiff cannot rewrite the Permit.

**Second**, Plaintiff has not come forward with evidence to support its claims that Defendants violated Section 5(b). Plaintiff has no evidence that this standard required Defendants to perform a climate change risk assessment or that there was an objective industry practice to that effect. Indeed, CT DEEP never told anyone or required any facility to consider "climate change" in its SWPPP before the New Permit. Nor is there any evidence that any bulk storage terminal analyzed "climate change" in developing its SWPPP under the 2019 Permit. Beyond the lack of evidence of a "best industry standard to analyze climate change", CLF also has no record evidence that Defendants failed to institute BMPs to "reduce and/or eliminate [discharge of

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

pollutants] to the extent achievable using control measures that are technologically available **and** economically practicable **and** achievable in light of best industry practice." (emphasis added).[1] Plaintiff also did not administratively challenge any of CT DEEP's final actions in approving Permit coverage and approving SWPPPs.

**Third,** Plaintiff cannot bring a CWA citizen suit to enforce conditions that do not violate an express "effluent standard or limitation" in the Permit. Also, run-on flows of water, such as hypothetical flooding from rising sea levels or storm surges, are not "point source" "discharges" of pollutants, which is what the CWA regulates.

**Fourth,** many of Plaintiff's claims concern alleged technical violations of the 2019 Permit that are not material and have not injured Plaintiff or its members at all. Plaintiff lacks standing to pursue these claims as CWA violations.

**Fifth**, Plaintiff's claims violate the Major Questions Doctrine. For Plaintiff's claims to succeed, the Court would have to read requirements into the 2019 Permit that never received congressional approval. A private plaintiff, cannot impose these requirements without statutory authorization from Congress.

**II. Count II fails as a matter of law. First**, Second Circuit authority bars this federal claim (and any counts that depend on alleged violations of state law) Judge Nagala dismissed these analogous claims in the *Pike* case for these reasons.

**Second,** Plaintiff cannot enforce any provision not included in 33 U.S.C. § 1365(f) in a citizen suit. In Count II, Plaintiff alleges that because the SWPPP does not ensure that petroleum discharges from "climate change" do not occur, Defendants have violated the Permit. However, Section 1365(f) excludes the enforcement of matters related to "oil and hazardous substances." The Terminal has a Spill Response Plan under the CWA, a Facility Response Plan under the Oil Pollution Act, a Risk Management Plan under the CWA, and a Business Continuity Plan specific to the Terminal to address hurricanes, spills, and accidents. Nor can Plaintiff enforce standards from other federal statutes, like the National Highway Traffic Safety Act, in this citizen suit.

**III. The Court should enter judgment for any allegation that is not noticed in Plaintiff's Pre-suit NOI.** A party intending to file a citizen suit under the CWA or RCRA **must** specify in its NOI the "specific" standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons responsible, the location, the date or dates, and the full name, address, and telephone number of the person giving notice. The party must provide notice of all this information to CT DEEP and EPA. Failure to do so renders a claim alleging such issue defective. Many of the alleged violations and opinions in Plaintiff's Expert Reports are not found in the NOI or the Amended Complaint, and the agencies were never notified about these alleged violations, all of which should be precluded.

---

[1] Judge Nagala granted summary judgment on Plaintiff's claims against a different operator in *Conservation Law Found., Inc. v. Pike Fuels Ltd. Pship.*, No. 3:21-CV-00932 (SVN) [ECF 432]. Plaintiff's claims are essentially the same in this case, and Plaintiff's experts (and their opinions) are nearly identical.

King & Spalding

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

**IV. Counts I-IX should be dismissed because Defendants had no fair notice of Plaintiff's interpretation of the Permit.** It would be unconstitutional to impose liability under Plaintiff's theories because Section 5(b) does not provide fair notice of what conduct was required.

**V. Counts I-IX and XIII should be dismissed because the New Permit has further mooted these requests, and the evidence does not support them.** The New Permit, effective November 1, 2025, requires permittees to consider, for the first time, certain climate "resilience" measures. According to CT DEEP, these are "new" and "significant" requirements, and accordingly, permittees had 180 days to bring their facilities into compliance. The New Permit has, in other words, spelled out what the requirements are going forward. Plaintiff's requests for injunctive relief and statutory penalties are therefore moot.

**VI. Counts I-XI should be dismissed because Defendants are not in continuing violation of the CWA.** The CWA's citizen-suit provision allows a private plaintiff to pursue an action **only** "against any person . . . who is alleged **to be in violation of** (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." There is no evidence of any such violation. Plaintiff asserts claims alleging theoretical harms that might occur decades in the future. It is undisputed that the Terminal complies with all benchmark environmental thresholds in the Permit. Without such a violation, Plaintiff lacks standing, and the Court lacks subject matter jurisdiction over the case.

**VII. Summary judgment is warranted on Counts X and XI because there is no evidence that the Terminal discharges into an impaired waterbody.** Counts X and XI allege that Defendants failed to identify and monitor discharges to impaired waters as required by the Permit. However, there is no evidence (expert or otherwise) that the Terminal discharges directly to an impaired water.

**VIII. Count XIII fails because RCRA does not regulate the petroleum products at the Terminal and because Plaintiff has not shown any imminent and substantial threat of harm to its members.**[2]

**IX. Plaintiff's claims for civil penalties are unconstitutional.** The decision of whether to seek civil penalties is a core function of the Executive Branch, and allowing a private plaintiff to exercise that power is an improper delegation of the Executive power. Plaintiff's claim for civil penalties violates (1) the Vesting and Take Care Clauses of Article II, (2) the private nondelegation doctrine, and (3) the Appointments Clause of Article II.

Defendants respectfully request the Court's leave to file a brief with an additional 15 pages beyond the page limit set by the local rules. Defendants also request an additional 9 pages for their Statement of Material Facts, which is filed concurrently with this letter.

[2] Defendants reserve the right to file separate motions for each Defendant. Defendants incorporate Defendant Motiva Enterprises LLC's Motion for Summary Judgment and Motiva's pre-filing letter as if fully recited in this letter.

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

Respectfully submitted,

*/s/ Douglas A. Henderson*

Douglas A. Henderson
Counsel for Defendants