King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

August 25, 2026

Hon. Judge Vernon D. Oliver
United States Courthouse, U.S. District Court, District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Dear Judge Oliver:

Defendant Motiva Enterprises LLC ("Motiva") submits this amended letter setting out the arguments it anticipates asserting in its Motion for Summary Judgment on Plaintiff's only remaining claim as to it in Count XIII, which is a Resource Conservation and Recovery Act ("RCRA") claim.[1]

Motiva owned and operated the Terminal between 2000 and 2017. It has not had any involvement with the operation of the Terminal since 2017. It transferred all rights and obligations regarding the Terminal in May 2017. During the entire time Motiva operated the Terminal, Motiva was fully prepared for severe weather events, and it properly managed all of the tanks at the Terminal using Best Management Practices. There were no RCRA violations at the Terminal under Motiva's operation. Nor were there any RCRA violations within the five-year limitations period before Plaintiff filed this lawsuit. Plaintiff has no evidence to dispute any of this.

The primary basis for Motiva's Motion is that Plaintiff has failed to prove that a "waste" at the Terminal constituted a real and immediate risk of harm during Motiva's operation of the Terminal. In Count XIII, Plaintiff claims that the petroleum products stored at the Terminal and distributed for sale are a "solid or hazardous waste" under RCRA, and that they pose an "imminent and substantial endangerment" to Plaintiff's members. Specifically, Plaintiff alleges that "[t]he petroleum products stored at the Terminal qualify as 'solid waste' under RCRA," and that due to risks associated with "severe precipitation, extreme weather, storm surge, and sea level rise," some harm may occur at an unknown future date. Am. Compl. ¶ 491. There is no evidence to support those claims. The storage tanks were regularly inspected and met and exceeded all applicable standards.

The Court should dismiss Count XIII against Motiva for multiple reasons. **First,** the products stored at the Terminal are not regulated by RCRA because they are not a "solid or hazardous waste." RCRA regulates only "solid or hazardous wastes." It does not regulate products, like the products at the Terminal. A product does not become a solid waste under RCRA until it is discarded. *See* 40 C.F.R. § 261.2 (defining "solid waste" as "discarded material"). There is no evidence that the products stored were ever discarded during the relevant time period.

[1] Motiva incorporates the arguments made by Defendants Equilon Enterprises LLC and Triton Terminaling LLC in their Motion for Summary Judgment, to the extent those arguments apply to this Count as well. And Motiva retains right to provide additional arguments in the complete Motion for Summary Judgment.

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

**Second,** summary judgment is warranted because Plaintiff has never identified a "real and immediate threat of future injury" to any of its members. Plaintiff contends that future, hypothetical discharges—which the evidence suggests are unlikely to occur—violate RCRA. While the Court previously denied Defendants' Motion to Dismiss Plaintiff's RCRA claim, it recognized that "imminence" under RCRA is limited to present risks of harm. *See* ECF 111 at 54-55. Discovery has revealed no evidence of any such risks here and Motiva has not owned the facility for almost a decade. Without evidence of such an imminent injury, Plaintiff cannot prove a "real and immediate threat of future injury" to its members. All it has done is allege the existence of general, long-term impacts of "climate change." That is not sufficient.

**Third,** Plaintiff's expert reports barely mention Motiva, let alone what RCRA violations occurred during the time Motiva operated the Terminal. Plaintiff is required to present a genuine issue of material fact based on evidence that there was an imminent and substantial threat of harm during the time Motiva owned and operated the Terminal. Plaintiff has produced no such evidence, and judgment should be entered in favor of Motiva on that claim.

Motiva requests the Court set a briefing schedule for its Motion, and it asks the Court to enter summary judgment in its favor on Count XIII.

Respectfully submitted,

*/s/ Douglas A. Henderson*

Douglas A. Henderson
Counsel for Defendants