clf
conservation law foundation

For a thriving New England
CLF Connecticut
www.clf.org

September 15, 2026

The Honorable Vernon D. Oliver
United States District Court
450 Main Street
Hartford, CT 06103

**RE: *Conservation Law Foundation v. Shell Oil Co., et al.*, No. 3:21-cv-933 (D. Conn.), Plaintiff's Response to Equilon and Triton's ECF 991 Request for a Pre-Filing Conference on their Motions for Summary Judgment**

Dear Judge Oliver,

Plaintiff, Conservation Law Foundation, Inc. ("CLF") respectfully submits this letter brief in response to Defendants Equilon Enterprises, LLC ("Equilon") and Triton Terminaling LLC ("Triton")'s Request for a Pre-Filing Conference on their Motions for Summary Judgment (ECF 991) in accordance with the Court's Pretrial Instructions, and Orders (ECF 790, 797, 989).

**Defendants Equilon and Triton's Purported Bases[1] for Summary Judgment**

*Judge Meyer Held the 2019 Permit Requires Addressing Climate Change Risks if that is the Best Industry Practice*

Judge Meyer ruled that the plain language of the 2019 General Permit ***does require*** *climate change factor analysis* when designing Best Management Practices ("BMPs") to minimize pollutants to the best industry practice if that is indeed a practice in the industry. ECF 305 at 86:8–16. In that ruling, the Court already denied Defendants' legal arguments in ECF 991 Sections I(1), I(2), and I(3). Those arguments were raised in the 2023 briefing where Defendants argued: 1) the 2019 General Permit lacked express requirements for consideration of climate change, ECF 248-01 at 8–13, 2) only the "expressly enumerated" BMPs are required, *id.* at 13–19, and 3) there was no evidence that the Connecticut Department of Energy and Environmental Protection ("CT DEEP") ever required addressing climate change risks in a SWPPP, *id.* at 22–27. CLF responded to these arguments; Judge Meyer denied them in full. ECF 305 at 77:5–8 & 84:3–12. The Court should not allow Defendants to re-litigate these arguments.

*Defendants' 2025 Permit Arguments Overlap with Decided Issues and Rely on Disputed Facts*

CT DEEP's 2025 General Permit does not affect the Court's denial of Defendants' 2023 MPSJ. Judge Meyer ruled that extrinsic evidence of CT DEEP's practices or interpretation was not needed because the plain language of the 2019 General Permit ***is unambiguous*** in its requirement to include climate change factors if it is an industry practice. ECF 305 at 76:24–77:4 & 84:3–12. The Court should not allow Defendants to re-litigate the interpretive argument based solely on its flawed treatment of the 2025 Permit as extrinsic evidence regarding the meaning of

[1] Defendants request summary judgment on 17 different bases. CLF opposes each but has aggregated them into 9 fundamental arguments.

the 2019 Permit.

Judge Meyer also recognized that "the parties seem to dispute, as a factual matter, whether best industry practice requires consideration of climate change for a facility like the Shell facility that sits adjacent to the New Haven Harbor." ECF 305 at 84:17–22 & 86:14–16. While the issuance of the 2025 Permit does not resolve this factual dispute, Defendants' own documents do, albeit in CLF's favor. Defendants' arguments at ECF 991 Sections I(1) and V rely on disputed facts to argue the 2025 Permit's now universal requirement to document "resiliency measures" analysis in SWPPPs is extrinsic evidence that moots CLF's entire suit and claims for relief. CLF disputes 1) Defendants' characterizations that the resiliency measures requirement is a "statement" by CT DEEP that the requirement is "new" and 2) that various interim draft fact sheets are interpretations by CT DEEP of the 2019 permit. The resiliency measures requirement does not change the 2019, 2021, or 2025 General Permits' continuing requirement to evaluate best industry practice when designing and implementing BMPs. CLF's ECF 808 summary judgment letter explains that Defendants are continuously violating the best industry practice requirement, as proven by Defendants' own engineering standards and tools requiring addressing climate change risks.

*Defendants' Claims of Deficient Record Evidence of Violations Are Disputed Issues of Fact*

Defendants' arguments at ECF 991 Sections I(2) and VI that the record lacks evidence of violations or continuing violations are contradicted by the record and at least disputed issues of fact. Judge Nagala's recent findings on record evidence in *CLF v. Pike Fuels Ltd. Pship.*, No. 3:21-cv-00832(SVN) [ECF 432] ("*Pike*"), are inapplicable to this suit, because here there exist party admissions and evidence that Defendants implemented engineering and best industry practices globally and at their other coastal facilities in the United States. That history of implementation, which is heavily discussed across both Parties' expert reports, shows those practices to be technologically available and economically practicable and achievable.

*Defendants' Arguments on Deficient Pre-Suit Notice are Incorrect, Ignore the Plain Language of the NOIs and Complaint, and Overlap with Expert Motions*

This litigation has been pending for five years, including several years of contentious discovery. Defendants' demand (ECF 991, Section III) for dismissal of "[m]ost of Counts I-IV and XIII" is based on the erroneous argument that CLF did not notice or plead some set of violations in any of those specific Counts. CLF's NOIs were more than "sufficient," which is all the Clean Water Act ("CWA") requires, 40 C.F.R § 135.3, and its Complaint more than satisfies the pleading requirements of Fed. R. Civ. P. 8(a). The basis for CLF's claims has been fully explored through fact discovery and Defendants' understanding of those claims is reflected in their response to those claims, including expert disclosures. Further, the Parties had previously briefed a circuit split on NOI defects as jurisdictional, ECFs 601 & 620. Since then, the Second Circuit ruled NOI issues are not jurisdictional. *Mid-N.Y. Env't & Sustainability Promotion Comm. v. Dragon Springs Buddhist, Inc.*, 152 F.4th 413, 422 (2d Cir. 2025). Thus, Defendants' NOI arguments would not entitle them to dismissal. The Court need not allow such a motion. Based on the same arguments, Defendants ask for preclusion of CLF's experts, which is specific relief requested in currently pending motions and need not be addressed again.

*Defendants' Arguments on Enforcement of "Other Federal Statutes" and State Law in Citizen Suit Cases are Irrelevant and/or a Misapplication of* Atlantic States

CLF's Count 2 seeks to enforce the Permit's plain terms, which is fully allowed via CWA

citizen suits and is not inconsistent with *Atlantic States Legal Foundation v. Eastman Kodak Company*, 12 F.3d 353 (2d Cir. 1993). Defendants' contrary arguments in ECF 991 Section II are not supported by *Atlantic States*, as the Connecticut statute's requirements are not greater in scope than the CWA. Judge Nagala's recent *Pike* decision applying *Atlantic States* is distinguishable because of case specific factors including CLF's previous request to merge a state law cause of action into this suit. Defendants also appear to claim Count 2 seeks to enforce requirements from other federal laws beyond the scope of a CWA citizen suit. Count 2 does not refer to the National Highway Traffic Safety Act, or the other statutes, and Defendants would not succeed on their Count 2 arguments even if the Court ruled Defendants are in compliance with those other laws.

*Defendants' Jurisdictional Arguments on Continuing Violation and Fair Notice under the Constitution were Denied by Judges Merriam and Meyer or are Impermissibly Vague*

Defendants' arguments at ECF 991 Sections I(5), IV, VI and IX were presented to the Court in Defendants' first MPSJ, ECF 248-01 at 19–21, 24–27, 37–38, and Motion to Dismiss, ECF 50-1 at 24–29. Those arguments were fully rejected by the Court. *See* ECF 111 at 18–30; ECF 305 at 83:16–84:12. The Court should not allow Defendants to re-litigate these arguments.

The Court need not allow Defendants to file on the separate constitutional issues referenced without explanation in ECF 991 Sections I(5) and IX, as these arguments lack citation to law or identification of specific issues or actions, rendering them so undeveloped and vague as to violate the letter motion instructions. Defendants reference the Major Questions Doctrine without identifying what agency action is at issue; reference the Vesting and Take Care Clauses without explaining what aspect of federal or state law or action is at issue; reference the private nondelegation doctrine without identifying a delegation; and reference the Appointments Clause without identifying an appointment.

*Defendants' Arguments on Plaintiff Injury and Standing*

Defendants' arguments at ECF 991 Sections I(4) and VI regarding injury and standing are vague and unsupported by the record. CLF and its members demonstrated concrete injury and established standing for its claims in this suit. *See* ECF 111 at 27–30. Judge Nagala's recent *Pike* decision on standing has no application in this matter because her decision was based on inapposite case specific factors and findings such as Pike's sale of the facility and cessation of activities.

*Defendants' Arguments on Discharges to Impaired Waters Rely on Contested Evidence*

Defendants' arguments at ECF 991 Section VII attempt to dismiss CLF's Counts 10 and 11 on the claim the Terminal does not discharge to an impaired water. The Terminal discharges to New Haven Harbor, which is an impaired waterbody. Defendants' SWPPP does not identify or monitor for the relevant indicator pollutants. The Court should not allow motions on Counts 10 or 11 as the material facts are disputed, and Defendants would not succeed as a matter of law.

*Defendants Fail to Include a RCRA Motion and their Purported Incorporation is Unintelligible*

The Court need not allow Equilon and Triton a RCRA summary judgment motion. Defendants' ECF 991 Section VIII contains only a subheading for a RCRA-based motion without any accompanying argument and purports to fully incorporate the Motiva letter by reference. The arguments and facts in the Motiva letter are specific to Motiva and are unintelligible if presented on behalf of Triton and Equilon. Triton and Equilon admit they generate and store hazardous waste from the Terminal. The site's soils and groundwater are fully polluted well above Connecticut's remediation thresholds from years of discarding hazardous pollutants at the Terminal.

----

Sincerely,

*s/ James Y. Meinert*

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Kristine S. Tardiff (phv208957)*
Conservation Law Foundation, Inc.
27 North Main Street
Concord, NH 03301
Tel: (603) 573-9144
E-mail: ktardiff@clf.org

Christopher M. Kilian (ct31122)
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381

E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street

Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*