clf
conservation law foundation

For a thriving New England
CLF Connecticut
www.clf.org

September 15, 2026

The Honorable Vernon D. Oliver
United States District Court
450 Main Street
Hartford, CT 06103

**RE: *Conservation Law Foundation v. Shell Oil Co., et al.*, No. 3:21-cv-933 (D. Conn.), Plaintiff's Response to Motiva's ECF 993 Request for a Pre-Filing Conference on Motion for Summary Judgment**

Dear Judge Oliver,

Plaintiff, Conservation Law Foundation, Inc. ("CLF") respectfully submits this letter brief in response to Defendant Motiva Enterprises LLC's ("Motiva") Request for a Pre-Filing Conference on its Motion for Summary Judgment (ECF 993) in accordance with the Court's Pretrial Instructions, and Orders (ECFs 790, 797, 989).

**Defendant Motiva's Purported Bases for Summary Judgment**

Motiva argues it is entitled to summary judgment on CLF's Resource Conservation and Recovery Act ("RCRA") claims for three reasons, but none of them rest on undisputed issues of fact and Motiva has no argument they are entitled to succeed as a matter of law.

*Motiva's Argument on the RCRA Definitions is Unrelated to Any Issue in this Litigation*

Motiva erroneously argues the products stored at the Terminal are not regulated by RCRA because they are not "solid or hazardous waste." Motiva's argument ignores that any purported useful product "exception" for hazardous substances ceases when the product is discarded. Improper disposal and discard of hazardous products are fully within RCRA's definition of "solid waste," and this issue is presented in CLF's Complaint. The fact that hazardous substances brought to the Terminal can be useful products is irrelevant because Motiva has discarded hazardous substances into the environment. Motiva made these same arguments at the Motion to Dismiss phase, ECF 50-1 at 31–33, which the Court denied, ECF 111 at 46–49. The Court need not authorize a motion on this issue because it is unrelated to Motiva's liability under RCRA, and the Court's ruling would not streamline any issue at trial.

While Motiva additionally claims "[t]here is no evidence that the products stored were ever discarded," this is contradicted by the record. Before, during, and after Motiva's period of ownership, the hazardous substances stored at the Terminal leaked and spilled into the soil and groundwater at the site. Those pollutants remain and cause and contribute to imminent and substantial endangerment.

*Motiva's Request to Re-Litigate the Motion to Dismiss Arguments Ignores the Long History of Contamination and Improper Disposal at the Site*

Motiva's past "disposal" of hazardous substances at the Terminal and failure to prepare the site for climate change risks may present an "imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). Motiva's argument that harms will occur in the future or are hypothetical is irrelevant for determining liability under RCRA and has already been rejected by the Court. ECF 111 at 18-23. As Judge Merriam ruled, that additional damages may occur in the future is not dispositive of a RCRA imminent and substantial endangerment claim. *Id.* Judge Merriam also ruled that RCRA clearly allows claims for Motiva's past failures that contribute to conditions that "may present" a current imminent and substantial endangerment. *See id.*at 48–55. Motiva admits it generated and stored hazardous waste from the Terminal, and the Terminal's soils and groundwater are fully permeated with hazardous pollutants well above Connecticut's remediation thresholds. Despite the widespread contamination on a site that is bordered by residential backyards along its fenceline, Motiva did not take action to remedy or protect against further contamination or catastrophic discharges. Instead, Motiva contributed to past handling, storage, transportation, and disposal of solid and hazardous waste that may present an imminent and substantial endangerment due to deficiencies and failure to prepare against increased risk from climate change at the Terminal that have and continued to allow hazardous pollutants to infiltrate the soils and groundwater. Further, Motiva considered installing walls around the site to prevent flooding and discharge of hazardous substances from the site, decided it was a credible and practicable measure in response to risks from extreme weather, but decided it was too expensive and did not install those walls. Motiva offers no reason why the questions of law already addressed by the Court on Defendants' Motion to Dismiss should be relitigated, and the remaining issues are ones that should be resolved at trial, rather than with disputed material facts at the summary judgment stage.

*Motiva is Not Entitled to Summary Judgment as a Matter of Law Based on CLF's Expert Reports*

Motiva's claim that CLF's experts should have dedicated more pages to RCRA issues in their reports is a misreading and has no bearing on the facts in existence nor on how these matters would be adjudicated against Motiva. Motiva argues that CLF's expert reports "barely mention Motiva." The Court need not allow this as a summary judgment motion as it does not present a matter of law on which Motiva could succeed or otherwise streamline the issues left for trial. It is undisputed that Motiva generated and stored hazardous waste from the Terminal and it is undisputed the site's soils and groundwater are fully permeated with hazardous pollutants well above Connecticut's remediation thresholds. CLF's experts offer opinions about the extensive history of pollution at the Terminal and the migration and transport of that pollution to the already-impaired water quality of the New Haven Harbor. Because of Motiva's failure to address this pollution or act to prevent harm, it is liable for contributing to an imminent and substantial endangerment.

----

Sincerely,

*s/ James Y. Meinert*

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.

62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Kristine S. Tardiff (phv208957)*
Conservation Law Foundation, Inc.
27 North Main Street
Concord, NH 03301
Tel: (603) 573-9144
E-mail: ktardiff@clf.org

Christopher M. Kilian (ct31122)
Anna Tadio (phv208827)*
Conservation Law Foundation
15 East State St., Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 917-3212
E-mail: ckilian@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC

401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com
E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
**Admitted as Visiting Attorney*