**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>*Plaintiff*,<br>v.<br><br>SHELL OIL COMPANY, EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, SHELL PETROLEUM, INC., TRITON TERMINALING LLC, and MOTIVA ENTERPRISES LLC,<br><br>*Defendants*. | Civil Action No. 3:21-cv-00933-VDO<br><br>September 15, 2026 |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S PRELIMINARY LOCAL RULE 56(a)(2) STATEMENT OF FACTS IN OPPOSITION TO MOTIVA ENTERPRISES, LLC'S AMENDED DRAFT MOTION FOR SUMMARY JUDGMENT**

# I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ........ ii

I. Introduction ........ 1

II. Plaintiff's Responses to Motiva's Rule 56(a)(1) Statement ........ 1

III. Plaintiff's Statement of Additional Material Facts ........ 17

## I. INTRODUCTION

Plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") respectfully files this Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment," to Defendant Motiva Enterprises, LLC's Preliminary Statement of Undisputed Material Facts (ECF 992) pursuant to Judge Oliver's Pre-Trial Instructions and Federal Rule of Civil Procedure 56. CLF reserves its rights to amend, add to, and otherwise change its statement of facts in opposition when filing any authorized motions. Depending on the Court's grant of motions for summary judgment, CLF may need to request leave to exceed pages for this opposition statement pursuant to Local Civil Rule 56(a)(2).

## II. PLAINTIFF'S RESPONSES TO MOTIVA'S RULE 56(A)(1) STATEMENT

1. This case concerns an onshore petroleum bulk storage and distribution terminal located at 481 East Shore Parkway, New Haven, Connecticut (the "Terminal"). ECF 47, Plaintiff's Amended Complaint ("Am. Compl.") at ¶ 2.

**<u>Response</u>:** Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F.R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits.

2. Motiva owned and operated the New Haven Terminal between 2000 and May 2017. *Id.*, at ¶ 34.

**<u>Response</u>:** Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v.*

*Ethyl Gasoline Corp.* 2 F.R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits.

3. In May 2017, Motiva ceased ownership and operation of the Terminal. Id. ¶ 35.

**Response:** Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F.R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits.

4. Since May 2017, Triton Terminaling LLC has owned, and Equilon Enterprises LLC has operated the Terminal pursuant to the General Permit for Discharge of Stormwater Associated with Industrial Activity issued by the Connecticut Department of Energy and Environmental Protection ("CT DEEP"). Id. at ¶¶ 29-32.

**Response**: Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F.R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible

at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits.

5. At the time Plaintiff filed this action in July 2021, the permit at issue was the 2019 General Permit No. GSI002800. *Id.* at ¶ 28.

**Response**: Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F.R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits, although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permit.

6. The 2019 Permit expired in September 2021 and was replaced in October 2021 without any substantive changes. Id. at ¶ 175.

**Response:** Plaintiff objects to this fact because Defendants failed to support this fact with citation to admissible evidence. See Fed. R. Civ. P. 56(c)(2); *Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.* 2 F.R. D. 305, 306 (S.D. N.Y. 1942) ("The pleadings are not evidence."). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits in part and denies in part although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permit. Plaintiff admits the agency stated before expiration that the permit would be reissued without modification. Plaintiff

otherwise admits the dates of permit effectiveness. Plaintiff denies any implication that a permit "expired" in any way limits Defendants' liability for ongoing violations.

7. Plaintiffs only remaining count against Motiva is Count XIII in the Amended Complaint. *See* ECF 111, Judge Sarah Merriam's Ruling on Defendants' Motion to Dismiss (dated Sept. 16, 2022) (the "MTD Ruling") at 62.

**Response:** Plaintiff admits.

8. Plaintiffs only remaining count against Motiva, Count XIII, alleges a "violation of the Resource Conservation and Recovery Act ["RCRA"]– Imminent and Substantial Endangerment to Human Health and the Environment." See ECF 47, Plaintiff's Am. Compl. at ¶¶ 486-502.

**Response:** Plaintiff admits.

9. RCRA applies only to solid and hazardous "waste" and does not apply to petroleum-containing "products" stored for use and distribution in bulk storage tanks. *See* 42 U.S.C. § 6903 (defining "solid waste" and "hazardous waste"); 40 C.F.R. § 261.2 (same); *Characterization of Remediation Waste Presentation*, CT DEEP, "Characterization of Remediation Waste" Presentation (Oct. 17, 2017), https://portal.ct.gov/-/media/deep/waste_management_and_disposal/hazardous_waste/characterizationofremediationwastepdf.pdf?rev=f5e69d4274b240fa8848d774d49be444&hash=C2DE548FFF026D496AB103DC952531FE (hereafter "Characterization of Remediation Waste Presentation").

**Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to this objection, Plaintiff denies as this is a legal conclusion not a fact and is a mischaracterization and

misquote of 42 U.S.C. § 6903 and the CT DEEP online powerpoint presentation, neither of which contains any reference to petroleum or products.

10. To bring a claim under 42 U.S.C. § 6972(a)(1)(B), Plaintiff must show that (1) a "past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility"; (2) "has contributed" or "is contributing"; (3) "to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste"; and (4) "which may present an imminent and substantial endangerment to health or the environment."

**Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to this objection, Plaintiff admits that the quoted sections can be found in 42 U.S.C. § 6972, Plaintiff denies as this is a legal conclusion not a fact.

11. CT DEEP has explained that: "A waste that is placed into storage or disposal prior to the effective date of RCRA is not a waste until it is removed from storage or disposal. As a result: Environmental media that was contaminated with hazardous waste before the effective date of RCRA is not hazardous waste as long as it is in the ground. Once it is removed from the ground (e.g., dug up or pumped out), it is 'generated' and becomes a waste – and potentially a hazardous waste." Characterization of Remediation Waste Presentation.

**Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving this objection, Plaintiff admits in part, Plaintiff denies in part. Plaintiff admits that this quote is found in an online CT DEEP powerpoint, Plaintiff denies as this is a legal conclusion not

a fact.

12. There is no evidence of any RCRA violations occurring at the Terminal during the relevant time period. *See* EPA, Detailed Facility Report, https://echo.epa.gov/detailed-facility-report?fid=110000491977.

**Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff objects as irrelevant and immaterial to Motiva's Letter, as liability for an imminent and substantial endangerment claim does not require proof of violating RCRA regulations. *Compare* 42 U.S.C. § 6972(a)(1)(A) *with* (a)(1)(B). Subject to and without waiving this objection, Plaintiff denies, the cited CLF expert reports all note the history of hazardous substances improperly disposed into the site soils and groundwater and failure to design the terminal to address increased risks from climate change, which have caused or created an imminent and substantial endangerment. Defendants are allegedly in violation of RCRA at the terminal for causing and contributing to an imminent and substantial endangerment for discarding hazardous substances into the Terminal's soil and groundwater and failing to contain and design the site to account for risks from climate change. *See* NOI, ECF 47-2.

13. None of Plaintiff's experts supply any evidence to support Plaintiff's RCRA claim in Count XIII against a past facility owner like Motiva.

**Response**: Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving this objection, Plaintiff denies, the cited expert reports all note the history of hazardous

substances improperly disposed into the site soils and groundwater and failure to design the terminal to address increased risks from climate change, which have caused or created an imminent and substantial endangerment.

14. Product for sale placed into storage is not waste. *See* 40 C.F.R. § 261.2 (defining "solid waste" as "any discarded material . . . "); EPA Frequent Questions Related to Hazardous Waste Recycling, the Definition of Solid Waste and Other Exemptions and Exclusions ("Under RCRA, unused products do not become ' waste' until they become 'discarded material.' EPA believes that an unused product becomes 'discarded' when an intent to discard the material is demonstrated."), *available at* https://www.epa.gov/hw/frequent-questions-related-hazardous- waste-recycling-definition-solid-waste-and-other-exemptions.

**Response:** Plaintiff objects that this is a legal contention, not a contention of fact. Subject to and without waiving this objection, Plaintiff admits in part and denies in part. Plaintiff admits that the cited regulations and FAQ describe an exemption to the definition of waste for products. Plaintiff denies that a product for sale placed into storage cannot become a waste or otherwise be regulated by RCRA.

15. The product shipped to and stored at the Terminal is product that will be distributed to customers. For example, the Terminal stores gasoline, diesel fuel, biofuel, and ethanol. See Ex. L, Feb. 6, 2025 M. Sullivan Dep. at 12:21-13:21. The Terminal is a storage facility for these products, where they are safely stored and then distributed to customers and end users. Id. at 62:15-25.

**Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Subject to and without waiving this objection, Plaintiff admits in part and denies in part. Plaintiff admits that the Terminal stores gasoline, diesel

fuel, biofuel, and ethanol and other chemicals, and receives and distributes these fuels and chemicals. Plaintiff denies that these fuels and chemicals are stored safely before their distribution. Defendants are allegedly in violation of RCRA at the Terminal for causing and contributing to an imminent and substantial endangerment for discarding hazardous substances into the Terminal's soil and groundwater and failing to contain and design the site to account for risks from climate change. NOI, ECF 47-2.

16. The Terminal was properly engineered, managed, and operated during Motiva's ownership and operation. Ex. D, Pace & Bayles Report at 43-44; Ex. E, Jones Report at 4-7; Ex. F, Zeeb Report at 15-18; Ex. A, Kovich Report at 1-2.

**Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff has also filed Motions to Preclude some of the opinions of Jones, which has not yet been ruled upon. Subject to and without waiving these objections, Plaintiff denies, CLF's expert Horner documents the extensive design failures at the Terminal that caused extensive contamination of the soils and groundwater, do not account for increased risks from climate change, and have caused or created an imminent and substantial endangerment.

17. The storage tanks at the terminal meet or exceed all standards for similar storage tanks. Ex. D, Pace & Bayles Report at 2 ("In our report, we show the tanks at the Terminal were designed appropriately, they have been maintained appropriately, and they have been inspected on a regular basis, in accordance with Best Industry Practice.").

**Response:** Plaintiff objects that this is a legal contention, not a contention of fact. Plaintiff objects that "all standards" is vague. Plaintiff objects that "for similar storage tanks" is vague.

Subject to and without waiving these objections, Plaintiff denies. The Pace and Bayles Report does not purport to evaluate all standards. Whether the storage tanks at the terminal pose an imminent and substantial endangerment is an issue of fact.

18. The Terminal is located 1,500 feet from the nearest shoreline, and its tanks are surrounded by a secondary containment dike wall. Ex. D, Pace & Bayles Report at 43.

**Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits in part and denies in part. Plaintiff admits the Pace & Bayles Report estimates the terminal's location to be approximately 1,500 feet from the nearest shoreline. The Terminal's SWPPP is clear there is no dike wall surrounding the Terminal. *See* ECF 47-7 at 8 & 15–16; Horner Report at 25.

19. There is no evidence in the record that Motiva's operations of the Terminal present an imminent and substantial endangerment to human health and the environment. See Ex. D, Pace & Bayles Report at 44; see also, Ex. A, Kovich Report at 45; Ex. G, Morrison Report at 2-3; Ex. H, Tsuji Report at 35.

**Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff denies. The citations to Defendants' expert reports do not appear to state this fact. CLF's experts Horner, Nairn, and Goldsmith documents the extensive design failures at the Terminal that caused extensive contamination of

the soils and groundwater, do not account for increased risks from climate change, and have caused or created an imminent and substantial endangerment. Horner Report, Nairn Report, Goldsmith Report.

20. Nor is there any evidence that there is an imminent and substantial risk of harm to any of Plaintiff's members due to Motiva's prior ownership of the Terminal. Ex. H, Tsuji Report at 1-5; Ex. G, Morrison Report at 4.

**Response**: Plaintiff objects that this is a legal contention, not a contention of fact. Subject to and without waiving this objection, Plaintiff denies. The Tsuji and Morrison reports do not assess harm to Plaintiff's members due to Motiva's prior ownership of the Terminal. Plaintiff produced sworn declarations from its members describing harms due to Defendants' failure to consider and address climate change impacts on pollution and risks to the environment.

21. The Terminal complies with RCRA and complied during Motiva's ownership and operation. *See* Ex. A, Kovich Report at 45.

**Response:** Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff denies. Page 45 of the Kovich report does not appear to address RCRA or Motiva's ownership. CLF's experts Horner, Nairn, and Goldsmith documents the extensive design failures at the Terminal that caused extensive contamination of the soils and groundwater, do not account for increased risks from climate change, and have caused or created an imminent and substantial endangerment. Horner Report, Nairn Report, Goldsmith Report.

22. Plaintiff's expert witnesses have also failed to identify any objective evidence that Motiva or any other Defendant violated the 2019 Permit. Indeed, Motiva did not operate the Terminal

after 2017, and Plaintiff's expert reports only mention Motiva as a prior owner. Plaintiff's experts do not offer any substantive opinions about Motiva. *See, e.g.,* Ex. B, Horner Rebuttal Report at 5 ("The current operational status as Shell New Haven Terminal extends from May 2000, when the property was transferred to Motiva, and then to Triton in October 2017.").

**Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects to the phrase "objective evidence" as vague. Subject to and without waiving these objections, Plaintiff denies, although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permit. Whether "legacy contamination" is a violation of the 2018/2021 Permit is a legal conclusion, not a fact. Defendants misrepresent CLF's experts opinions.

23. In December 2022, EPA inspected the Terminal and its SPCC Plan and confirmed it complies with the SPCC regulations and the Clean Water Act. Ex. K, U.S. EPA SPCC Field Inspection and Plan Review Checklist – SOPUS_NHVN00527912.

**Response:** Plaintiff objects as this is a legal conclusion, not a fact. Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits in part and Plaintiff denies in part. Plaintiff admits that EPA performed an inspection of the Terminal in December 2022, but Plaintiff denies that the citation to the evidence confirms that Terminal "was in compliance with SPCC regulations and the CWA."

24. The discharge pollutant concentrations, monitored and reported to CT DEEP, have all been below permit benchmark concentrations in the 5-year period before the filing of this lawsuit, or since the Terminal's implementation of the 2017 SWPPP. See Ex. L, Parkman Report at 46; Ex.

C Horner Dep. at 39:17-22, 116:12-117:5.

**Response**: Plaintiff objects as this is a legal conclusion, not a fact. Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits in part and Plaintiff denies in part. Plaintiff admits as to the set of monitoring reports evaluated in the Parkman Report at 46, which states: "The discharge pollutant concentrations monitored and reported to the CT DEEP according to their permit requirements through Discharge Monitoring Reports (Exhibit 11) have all been below permit benchmark concentrations since implementation of the 2017 SWPPP." Plaintiff denies as to a fact that the Terminal "has not exceeded" in any monitoring at any time. Defendants have exceeded benchmark water quality standards in sampling for nitrogen. *E.g.*, ECF 47-9.

25. The 2019 Permit, the 2025 Permit, and the 2021 MSGP have not incorporated ASCE24-14 or ASCE24-24 or their "critical infrastructure" definition. Ex. I, Goldsmith Depo. at 166:15-167:4; 167:4-9.

**Response:** Plaintiff objects that this is a legal conclusion of law, not a fact. Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects that "have not incorporated" is vague. Subject to and without waiving these objections, Plaintiff denies, although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permits or EPA Multisector General Permit. This fact misrepresents the deposition testimony. Dr. Goldsmith stated that she was "not aware" as to whether EPA has adopted the ASCE Policy 360 as an example of best industry practice". Goldsmith Dep. at 166:4-17. The cited evidence of deposition testimony also does not refer

ASCE24-14, ASCE-24, or "critical infrastructure" definitions, the Permit, the 2025 Permit, or the 2021 MSGP. Therefore, as to these terms, this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3).

26. CT DEEP has never issued a Notice of Violation relating to the Terminal's secondary containment areas, berms, or permeability. See Ex. K U.S. EPA SPCC Field Inspection and Plan Review Checklist – SOPUS_NHVN00527912.

**<u>Response:</u>** Plaintiff objects as this is a legal conclusion, not a fact. Plaintiff objects because this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff admits in part and Plaintiff denies in part. Plaintiff admits that EPA performed an inspection of the Terminal in December 2022, but Plaintiff denies that the citation to the evidence shows that CT DEEP never issued a Notice of Violation relating to the Terminal's secondary containment areas, berms, or permeability.

27. CT DEEP has never issued a Notice of Violation of RCRA to the Terminal. *See* Ex. K U.S. EPA SPCC Field Inspection and Plan Review Checklist- SOPUS_NHVN00527912

**<u>Response:</u>** Plaintiff objects that this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff objects as irrelevant and immaterial to Motiva's Letter, as liability for an imminent and substantial endangerment claim does not require proof of violating RCRA regulations. *Compare* 42 U.S.C. § 6972(a)(1)(A)

*with* (a)(1)(B). Subject to and without waiving these objections, Plaintiff denies. Motiva's history of spills and leaks into the soils and groundwater are well documented. ECF 47-6 at 18.

28. EPA has never issued a Notice of Violation of RCRA to the Terminal. *See* Ex. K U.S. EPA SPCC Field Inspection and Plan Review Checklist- SOPUS_NHVN00527912

**Response:** Plaintiff objects that this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff objects as irrelevant and immaterial to Motiva's Letter, as liability for an imminent and substantial endangerment claim does not require proof of violating RCRA regulations. *Compare* 42 U.S.C. § 6972(a)(1)(A) *with* (a)(1)(B). Subject to and without waiving these objections, Plaintiff denies. Motiva's history of spills and leaks into the soils and groundwater are well documented. ECF 47-6 at 18.

29. Contrary to Plaintiff's suggestion, a climate change analysis was not required by the 2019 Permit or any earlier stormwater permits. Also, the 2019 Permit and earlier stormwater permits do not mention sea level rise, storm surge, flooding, hurricanes, increasing frequency or severity of storm events, or other adverse weather events, let alone a purported requirement to conduct a climate change risk assessment as alleged by Plaintiff. *See* ECF 1-2, Exhibit A to Plaintiff's Compl.

**Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects that this is not fact, but a legal conclusion. Subject to and without waiving these objections, Plaintiff denies, although immaterial to Motiva's Letter, which contains no reference or concept related to the General Permit. Whether the Permit requires consideration of "climate change" "storm surge," "sea level rise," "increased precipitation," a "100-year" or "500-year" flood standard, or use of secondary containment berms

as flood barriers are included in the 2018 or 2021 Permit is a question of fact. The Permit contains a number of requirements tied to 100-year metrics. Judge Meyer has already ruled on the permit interpretation issue that the Best Industry Practice requirement includes consideration of climate change factors if "the best industry practice is to require consideration of climate change factors." ECF 305, at 86:8–16.

30. Neither Plaintiff nor its experts have come forward with objective evidence that the Terminal tanks are likely to fail under any particular weather event introduced by Plaintiff or by its experts, or identified a mechanism of failure. *See* Ex. D**,** Pace & Bayles Report at 2.

**Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). Plaintiff objects to the phrase "objective evidence" as vague. Plaintiff objects that this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without waiving these objections, Plaintiff denies. Both Parties' expert reports discuss scenarios where tanks at the Terminal may fail and spills and discharges of hazardous substances will occur into the environment.

31. The Terminal is compliant with the Connecticut Transfer Act, which is a program administered by CT DEEP that regulates soil and groundwater investigation corrective action and closure. Ex. F, Zeeb Report at 15-18.

**Response:** Plaintiff objects to Defendants' inclusion of several facts in a single paragraph, in violation of D. Conn. L.R. Civ. P. 56(a)(1). This fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Subject to and without

waiving these objections, Plaintiff denies. The citation to pages 15-18 of the Zeeb Report does not state that the "Terminal is compliant." Page 15 of the Zeeb report states: "Impacts to soils and groundwater at the Terminal are being investigated and remediated under oversight of CT DEEP in compliance with state regulation."

32. Neither Plaintiff nor its experts have come forward with evidence that the Terminal has released "pollutants" in violation of RCRA. *See* Ex. J, Parkman Report at 46; Ex. C Horner Dep. at 39:17-22, 116:12-117:5.

**Response:** Plaintiff objects that this fact is a legal conclusion, not a fact. Plaintiff objects that this fact does not provide a specific citation to: (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial in violation of D. Conn. L.R. Civ. P. 56(a)(3). Plaintiff objects as irrelevant and immaterial to Motiva's Letter, as liability for an imminent and substantial endangerment claim does not require proof of violating RCRA regulations. *Compare* 42 U.S.C. § 6972(a)(1)(A) *with* (a)(1)(B). Plaintiff objects to the phrase "objective evidence" as vague. Subject to and without waiving these objections, Plaintiff denies. Motiva's history of spills and leaks into the soils and groundwater are well documented. ECF 47-6 at 18.

## III. PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

33. Motiva admits it generated hazardous waste at the Terminal. Answer, ECF 120 ⁋ 143, 144.

34. Motiva admits it stored hazardous waste at the Terminal. Answer, ECF 120 ⁋ 145.

35. Motiva admits the 2017 Environmental Condition Assessment Form shows a history of spills and contamination during its period of ownership and operation. Answer, ECF 120 ⁋⁋ 149, 151.

36. Motiva's "New Haven Terminal HSE Case" determined that "Construct flood walls around facilities that are located in low lying areas" is a "credible/practicable" measure for addressing weather hazards such as flooding at the Terminal but was not implemented because "disproportionate resources required to implement." New Haven Terminal HSE Case, H-08.1 Weather – High Winds, Flooding (June 2016) (SOPUS_NHVN00249686); Motiva's Response to CLF's Requests for Admission 19 (Oct. 16, 2025).

37. The Terminal's Remedial Action Plan divides the Terminal site into nine AOCs designated: 1, 2, 3, 4/5, 6, 7, 8, 9, 10. Sovereign Consulting, Inc. Remedial Action Plan Shell New Haven Terminal. Prepared for Shell Oil Products US at 7, 64 Fig. 3 (Dec. 18, 2023) ("2023 Remedial Action Plan") (SOPUS_NHVN00247004)

38. Pollutants in soil and groundwater are above remediation thresholds in each AOC. 2023 Remedial Action Plan at 9–13, 15–18.

39. The Terminal's Remedial Action Plan proposes removing contaminated soil in AOC 1 and 2. 2023 Remedial Action Plan at 28–29.

40. The Terminal's Remedial Action Plan proposes to not remove contaminated soil in AOCs 3-10, but instead hold removal "in abeyance until the terminal is decommissioned and all equipment is removed." 2023 Remedial Action Plan at 27–31.

41. The Terminal is abutted by residential backyards containing children's playsets. Deposition Transcript of Defendants' 30(b)(6) Witness Michael Sullivan (Feb. 6, 2025) at 191:1–16.

Dated: September 15, 2026

Respectfully submitted,

CONSERVATION LAW FOUNDATION, Inc., by its attorneys

*/s/ James Y. Meinert*

James Y. Meinert (ct31637)
Conservation Law Foundation, Inc.
62 Summer St
Boston, MA 02110
Tel: (617) 850-1744
E-mail: jmeinert@clf.org

Kristine S. Tardiff (phv208957)*
Conservation Law Foundation, Inc.
27 North Main Street
Concord, NH 03301
Tel: (603) 573-9144
E-mail: ktardiff@clf.org

Christopher M. Kilian (ct31122)
Anna Tadio (phv208827)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 223-5992
Tel: (802) 622-3009
E-mail: ckilian@clf.org
E-mail: atadio@clf.org

Ana McMonigle (ct31370)
Andrea Leshak (phv208945)*
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692

Tel: (203) 902-2157
E-mail: amcmonigle@clf.org
E-mail: aleshak@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Phone: (832) 671-6381
E-mail: chancethelawyer@gmail.com

Linda Singer (phv208339)*
Elizabeth Smith (phv208361)*
Mimi Liu (phv208839)*
Devin Williams (phv208833)*
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9626
Tel: (202) 386-9627
Tel: (202) 386-9628
Tel: (202) 386-9625
E-mail: lsinger@motleyrice.com
E-mail: esmith@motleyrice.com
E-mail: mliu@motleyrice.com
E-mail: dwilliams@motleyrice.com

Michael Pendell (ct27656)
Motley Rice LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Tel: (860) 218-2722
E-mail: mpendell@motleyrice.com

Ridge Mazingo (phv208402)*
Shalom Jacks (phv208834)*
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9620
Tel: (843) 216-9013
E-mail: rmazingo@motleyrice.com

E-mail: sjacks@motleyrice.com

Vincent Greene (phv208487)*
Motley Rice LLC
40 Westminster St., 5th Floor
Providence, RI 02903 US
Tel: (401) 457-7730
E-mail: vgreene@motleyrice.com

David K. Mears (ct208829)
Tarrant, Gillies, & Shems LLP
44 East State Street
Montpelier, VT 05602
Tel: (802) 223-1112
E-mail: david@tarrantgillies.com

*Attorneys for Plaintiff*
*Conservation Law Foundation, Inc.*
**Plaintiff admits as Visiting Attorney*